**<u>Exhibit D</u>**

## SITCOMM ARBITRATION ASSOCIATION
## P.O. BOX 41964
## CHARLESTON, SOUTH CAROLINA 29423
## + 1 (877) 631-1722

Website: saalimited.com  Email: support@saalimited.com

**IN THE MATTER OF ARBITRATION BETWEEN THE FOLLOWING PARTIES:**

| | |
|---|---|
| Mark C. Johnson<br><br>CLAIMANT(S),<br><br>v.s.<br><br>Penny Mac Loan Services, LLC ET AL.,<br><br>RESPONDENT(S) | Contract No.: SAAMCJ-A170A-102119-KG<br><br>9 UNITED STATES CODES<br><br>§1, §2, AND §9<br><br>*COMMON LAW*<br><br>SEALED. |

## FINAL ARBITRATION AWARD

Breach or violation of required contract terms:

The parties have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this Title. If no court is specified in the agreement of the parties, then

such application may be made to the United States court in and for the district within which such award was made. Notice of the application shall be served upon the adverse party and thereupon the court shall have jurisdiction of such party as though they had appeared generally in the proceeding. If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or their attorney as prescribed by law for service of notice of motion in an action in the same court. If the adverse party shall be a nonresident, then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court.[1]

Arbitrator's Name:     Kirk Gibbs

Hearing Location:      Lilburn, Georgia

This Arbitrator has considered the Claimant's request for dispute resolution on complaint and finds as follows:

Jurisdictional Allegations:

1.   This Arbitrator has Subject Matter Jurisdiction, SMJ; as acknowledged by 9 U.S. Codes §1, §2, §9; 28 U.S. Code §§ 1346; and the established common law not limited to the following specifics:

a.   That Claimant(s)

i.   Mark C. Johnson, Et Al is a citizen of the state of Virginia; and

b.   The Respondent(s)

   i. Penny Mac Loan Services, LLC ET AL.,

---

[1] July 30, 1947, Ch. 392, 61 Stat. 672.

1. It is uniformly settled that a court's right to vacate or modify an arbitration award is extremely limited. That said, many state arbitration statutes, as well the Federal Arbitration Act and the Uniform Arbitration Act, allow correction or modification for an evident miscalculation in the arbitrator's award. See, e.g., 9 U.S.C. § 11(a).

2. Many state courts have held that an award can be corrected only for "miscalculations" that appear on "the face of the award" and for mathematical errors that are "patently clear."[2]

3. This Arbitrator, Kirk Gibbs; has been appointed in the above referenced matter on behalf of SITCOMM Arbitration Association to settle and resolve any and all disputes arising thereunder by arbitration under the authority of the Federal Arbitration Act.

4. An arbitration hearing was held on Date at which time the Arbitrator reviewed all contractual agreements and documentary evidence submitted by the parties in this matter.

5. This Arbitrator fully considered and granted the Claimant's request for summary disposition and further considered all the evidence in reference to the Contract Item No. 45671-77FGHJK-k23459671-445678904©, its terms, promises, and obligations; as well as the facts in support as presented during the arbitration of this controversy.

6. On or about June 6, 2015 the Claimant and Respondent(s) entered into a written, irrevocable, binding contractual agreement which included an arbitration clause. Both parties entered into a legally binding contractual relationship and this Arbitrator found that no fraud in the inducement to contract or fraud in the factum was present. Thus, Respondent(s) are bound to the terms and obligations agreed upon and imposed on them. To date, the Respondent(s) have failed to respond to the Claimant and this Arbitrator has found that the Respondent(s) were not willing to participate in the hearing.

---

[2] *Fogal v. Stature Const., Inc.*, 294 S.W.3d 708 (Tex. App. 2009); *Jones v. Summit Ltd. P'ship Five*, 635 N.W.2d 267 (Neb. 2001); *Cole v. Hiller*, 715 So. 2d 451 (La. Ct. App. 1998); *Foust v. Aetna Cas. & Ins. Co.*, 786 P.2d 450 (Colo. App. 1989); *Severtson v. Williams Constr. Co.*, 173 Cal. App. 3d 86 (1985); *Morrison-Knudsen Co., Inc. v. Makahuena Corp.*, 675 P.2d 760 (Haw. 1983); *Carolina Virginia Fashion Exhibitors, Inc. v. Gunter*, 255 S.E.2d 414 (N.C. Ct. App. 1979).

7. Therefore, after careful consideration of the evidence presented[3], this Arbitrator finds as follows:

  i. The Claimant as well as the Respondent(s) are consenting adults, having attained the age of the majority; not a minor, not an infant, not a delinquent, and/or a decedent. All parties are fully capable of entering into and negotiating contracts; and

  ii. I do not find any of the parties to be suffering from a mental disease and/or defect that would have prevented and/or interfered with their knowing and intentional entering into the binding contractual agreement; and

  iii. The arbitration hearing was held on October 21,$^{st}$ 2019 at which time this Arbitrator reviewed all contractual agreements and documentary evidence submitted by the parties in this matter.

  iv. This Arbitrator fully considered and grated the Claimant's request of October 21st, 2019 for summary disposition and further considered all the evidence in reference to the contractual agreement.

  v. This Arbitrator finds that the Respondent(s) have failed to fully perform to the terms of the agreement and that the Claimant is entitled to immediate and unconditional remedy as prescribed within the terms of the contractual agreement; and

  vi. A prior relationship did not exist between the parties and the Respondent(s) had an obligation to respond to the reasonable request of the Claimant; and

  vii. This arbitrator finds that the contractual agreement is binding on all parties, remains irrevocable and that the contractual agreement remains in effect as stipulated within the agreement until all the obligations are satisfied by the defaulting party. As of this day,

---

[3] *Singh v. Raymond James Fin. Servs., Inc.*, No. 13-cv-1323, 2014 WL 11370123, (S.D.N.Y. March 28, 2014). "[T]ypically, 'arbitrators need not explain their rationale for an award'" (quoting *Barbier v. Shearson Lehman Hutton Inc.*, 948 F.2d 117, 121 (2d Cir. 1991)).

       those obligations have not been satisfied and I hereby order the Respondent(s) to satisfy the obligations according to the terms of the contractual agreement, which is not inconsistent with this order; and

viii.   Retaliation or any sort of back lash will result in the claimant recovering retaliation damages equivalent to five (5) times the amount of actual damages, if any further injury is inflicted.

ix.   The Respondent(s) failed to provide proof that they have not received and/or been notified of the existence of the contractual agreement and of their right to waiver; and

x.   The Respondent(s) failed to respond to the contractual agreement mailed with proof of service by the Claimant on April 1, 2015 which constituted an act of "tacit acquiescence;" and

xi.   The Respondent(s) have failed to fully perform to the terms of the agreement and the Claimant is entitled to immediate and unconditional remedy as prescribed within the terms of the contractual agreement; and

8. **Furthermore, this Arbitrator finds that the amount stipulated to be paid to the Claimant is $2,250,000.00 (Two Million Two Hundred Fifty Thousand U.S. Dollars and No Cents) from Respondent Penny Mac Loan Services, LLC ET AL., as stipulated according to the terms of the contractual agreement as agreed to by the parties; and**

9. **The total combined award amount is $2,250,000.00 (Two Million Two Hundred Fifty Thousand U.S. Dollars and No Cents) as stipulated according to the terms of the contractual agreement as agreed to by the parties.**

10. **The award amounts determined by the contract amount(s) (x3) Times Three.**

11. The Respondent(s) have thirty (30) days from receipt of this Award to comply with the decision of this Arbitrator. In the event that the Respondent(s) fail to comply with the decision of this Award, this Arbitrator may revisit this matter upon request of the Claimant and according to

the terms and conditions of the contractual agreement; to modify this Award in an amount equivalent to two times the determination of this Arbitrator for each Respondent.

12. The contract stated that any final and binding arbitration award may be confirmed in any United States District Court, pursuant to Title 9 of the United States Code §9 and §13. The Supreme Court has explained, "[t]here is nothing malleable about 'must grant,' which unequivocally tells courts to grant confirmation in all cases, except when one of the 'prescribed' exceptions applies."[4] A Judicial review of an arbitrator's award is extremely limited, and the court must accept the arbitrator's credibility determinations, even where there is conflicting evidence and room for choice exists.[5] "An arbitrator's award should not be vacated for errors of law and fact committed by the arbitrator and the courts should not attempt to mold the award to conform to their sense of justice."[6]

13. Claimant may seek confirmation of this arbitration Award in a United States District Court. Confirmation of an award is generally a "summary proceeding that merely makes what is already a final arbitration award a judgment of the court."[7]

14. This Award is final and binding between the Claimant and the Respondent(s) in the above referenced matter upon issuance and execution of this Arbitrator's signature below and full force and effect take place immediately upon issuance.

(REMAINDER OF PAGE LEFT INTENTIONALLY BLANK)

---

[4] *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 587 (2008).
[5] *Matter of Long Is. Ins. Co. v. Motor Vehicle Accident Indemnification Corp.*, 57 AD3d 670, 869 NYS2d 195 (2nd Dept., 2008). *White v. Roosevelt Union Free School District Board of Educ.*, 147 AD3d 1071, 48 NYS3d 220 (2nd Dept., 2017).
[6] *Aftor v. Geico Insurance Co.*, 110 AD3d 1062, 974 NYS2d 95 (2nd Dept., 2013).
[7] *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984).

## NOTICE OF THE ISSUANCE OF THIS AWARD TO BE DELIVERED TO:

ORIGINAL:                                   COPY:

CLAIMANT:                                   RESPONDENT(S):

| Mark C. Johnson<br>451 May lane<br>Louisa County, VA. 23093<br><br><br><br>EMAIL: potentateinname@protonmail.com | Penny Mac Loan Services, LLC.<br>P.O. Box 660929<br>Dallas, TX 75266-0929 |

## SO, AWARDED.
**Be it so this 21, day of October 2019.**

Arbitration Hearing Conducted by: Kirk Gibbs

Hearing Site: Lilburn, Georgia

/s/ *Kirk Gibbs*
ARBITRATOR

_____
COMMITTEE MEMBER

IMPORTANT NOTICE: Certification of services rendered. The Original Arbitration Award is given to the Claimant to be retained as private property. No Trespass. Certified Copies of the Original can only be issued with permission of SITCOMM ARBITRATION ASSOCIATION.

SITCOMM ARBITRATION ASSOCIATION
P.O. Box 41964
Charleston, South Carolina
+ 1 (877) 631-1722

Website: saalimited.com                              Email: support@saalimited.com          Page | 2

## ALL-PURPOSE PROOF OF SERVICE

    I, SITCOMM ARBITRATION ASSOCIATION, being at or above the age of 18, of the majority and not a party to the action, a citizen of the United States of America, did mail the document entitled:
CERTIFIED COPY OF ARBITRATION AWARD
by placing it in an envelope addressed to: Name and address:

Mark C. Johnson
451 May lane
Louisa County, VA. 23093         USPS Tracking 9114 9023 0722 469 4715 23

Penny Mac Loan Services, LLC.
P.O. Box 660929
Dallas, TX 75266-0929            USPS Tracking  9114 9023 0722 4679 4715 16

    Affixing the proper postage and depositing it with the local postal carrier, also being of the age of the majority, and not a party to this action who upon receipt guarantees delivery as addressed and/or local dropbox guaranteeing the same as prescribed in law. If called upon I provide this sworn testimony based on first-hand knowledge of the aforementioned events attesting and ascribing to these facts on this day October 31, 2019.

                                                     THE SITCOMM ARBITRATION ASSOCIATION



UNITED STATES POSTAL SERVICE®

PRIORITY MAIL

Sitcomm Arbitration Association
P.O. Box 41694
Charleston, SC 29423

RECEIVED NOV 12 2019



USPS TRACKING #

9114 9023 0722 4679 4715 16

* Domestic only



To schedule free Package Pickup, scan the QR code.

TO:
Pennymac Loan Serv
PO Box 640929
Dallas Tx 75264

