Ronnie-Louis-Marvel: Kahapea
RLK-05271980-HI
A Natural Man
Sui Juris
P.O. Box 875
Volcano, Hawaii 96785
Phone: 808-936-9137
Email: bloodwolf80@gmail.com



## U.S. DISTRICT COURT

## SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| PENNYMAC LOAN SERVICES, LLC<br><br>Plaintiff,<br><br>vs.<br><br>RONNIE LOUIS MARVEL KAHAPEA,<br><br>Defendant | Case No.: 2:19-cv-193-KS-MTP<br><br>AFFIDAVIT, DISCOVERY , DISMISS UPON FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED, COUNTER CLAIM |

### AFFIDAVIT, DISCOVERY
Dated this 24th of December, 2019.

### INTRODUCTION

Notice to the Court is being given to all Attorneys involved and the Plaintiff, that the Defendant is attempting to discover a thorough claim to this case, and cannot respond to the Plaintiffs motions and demands and/or move the Court further until the true documentations from the Plaintiff has been and secured so that the Court can utilize all facts in this case to make a complete judgement in validity which also include a factual collection of Tax Documents since inception, so the Defendant can know what FOIA requests need to be made. If the Plaintiff and Attorneys involved do not comply with their answers to this demand, the Court will Void this Claim and remedy the Defendant, and Defendant will justify the wrongful claims made in this case by the Plaintiff and Attorneys and demand a Confirmation to the Award, Damages, Attorney and Court Fees involved, collected from the Plaintiff.

AFFIDAVIT, DISCOVERY - 1

## AFFIDAVIT

COMES NOW Defendant, Ronnie-Louis-Marvel: Kahapea, hereafter "I", "my", "Me", "Defendant", in my correct private capacity as beneficiary to the Original Jurisdiction, being of majority in age, competent to testify, a self-realized and free sentient man upon the land, my yes be yes, my no be no, do state that the truths and facts herein are of first hand personal knowledge, true, correct, and complete as I am the living human being and man, *sui juris,* and under such authority any jurisdiction which you claim to have over me, or in the making of the alleged DECISION against me, is void unless a proof to a claim for my being an ENTITY in Commerce Law, to be bound in ruling by Judgement, Order or otherwise, by an assumed action whereas I am not a Living Man, exists. You obtained no permission, authority nor consent, in any form, to issue any such decision or order, in any claimed dispute, in which I may have been involved as my silence is to be considered from this point and any point in dealings with which I had or have involvement in, as an action recognized as "in deep thought" and not "admission" in assumption. The order in support of the Plaintiff will be void *ab initio*.

## DEMAND FOR DISCOVERY

The preponderance of this case, as any other, starts with proof, without a doubt, of a true claim to the Bond, Receivables, Payables and Securities involved all without the use of presumptive validity, vapor money theories, or any use of traditional tactics untoward as this is a Tax Issue. The Facts are all that will be sought after. I must, before anything else, acquire the Origination of the Debt Instrument in an attempt to identify the Plaintiff as the Recipient of the Funds and to ensure the original Credits used for the creation of this Debt Instrument, which is how this Civil Claim came to existence, represents a Tax Matter and must be payable to the Original Creditor and NOT payable to Bearer.

    I have prepared a set of questions for the Plaintiff and for every Attorney to fill out and file into the Court on their own with their own 1040 Tax forms for the last three years, to determine their validity in this case and to justify their claim, to be answered truthfully, Notarized and Recorded in an Affidavit, before the Court that demands a response, and further, Documentations that need to be looked over by the Court and the Defendant which will assist in settling the controversy of who is the Creditor-in-Fact, and who is the Debtor-in-Fact, as so, must be affirmed in a point by point questionnaire, and under Oath.

AFFIDAVIT, DISCOVERY - 2

Refusal of this Demand or obfuscation in manner, within thirty (30) days, will result in a Notice to the Court and a Dismissal Order will be sought, Reversal and remedy by Awarded Judgement, Damages, Litigation Officers of the Court fees and Court Fees ordered to be paid for by the Plaintiff and to the Defendant by Order of the Court and within ten (10) days from Order.

I additionally demand that the Plaintiff conduct their own audit of my account, since its inception to the present, to validate the debt the Plaintiff currently claims I owe. Please do not rely on previous servicers or originators records, assurances, or indemnity agreements, or otherwise refuse to conduct a full audit of my account.

I understand that potential errors could have wrongfully resulted in one or all of the following:
1. Increased the amounts of my purported monthly payments;
2. Increased the principal balance I purportedly owe;
3. Increased my purported escrow payments;
4. Increased the purported amounts applied and attributed toward interest on my account;
5. Decreased the purported proper amounts applied and attributed toward principal on my account; and/or
6. Purportedly assessed, charged, and/or collected fees, expenses, and other charges I am not legally obligated to pay under my mortgage, note, loan and/or deed of trust.

I have authorized an audit of my mortgage by consumer advocates with expertise in mortgage auditing and predatory lending. This audit of my mortgage loan file from the date of my initial contact, application, and the origination of my loan to the present.

As such, please treat this as a "Qualified Written Request" under the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605, and Reg. X, 24 CFR § 3500.21 of the United States Code. As you likely know, these laws provide substantial penalties and fines for non-compliance or failure to answer my questions provided in this demand within thirty (30) days of its receipt.

In order to completely and properly conduct the audit of my loan, I need to have full and immediate disclosures, including copies of all pertinent information regarding my loan. Please affix Documents and Answers to ALL questions that apply to this case, and keep in mind that there may be questions or concerns you may feel do not pertain to this case and I will use a non-response to any number not responded to as a "Not Applicable" response, which is also evidentiary information.

All questions posed to be answered by the Plaintiff, Attorney or Agent is henceforth expressed by using "you" or "your" and will mean one and the same. Any defects in answers or documents will constitute a flaw worthy of a defect and Dismissal and brought to the attention of the Court. The documents requested, and answers to my questions, are needed to ensure that my loan:

1. Was originated in lawful compliance with all federal and state laws, regulations including, without limitation, RESPA, TILA, Fair Debt Collection Act, and HOEPA;  .

AFFIDAVIT, DISCOVERY - 3

2. That any sale or transfer of my loan was conducted in accordance with law and was a true sale of my note;

3. That the claimed holder in due course of my promissory note and/or deed of trust is holding such note in compliance with all laws and is entitled to the benefits of my payments;

4. That all appropriate disclosures of terms, costs, commissions, rebates, kickbacks, and other fees were properly disclosed to me at the inception of my loan;

5. That each servicer and/or sub-servicer of my mortgage or loan has serviced my mortgage or loan in accordance with the terms of my mortgage, loan, promissory note, and/or deed of trust;

6. That each servicer and sub-servicer of my mortgage or loan has serviced my mortgage or loan in compliance with all laws;

7. That my mortgage loan and/or loan has properly been credited, debited, adjusted, amortized, and charged;

8. That interest and principal have been properly calculated and applied to my loan;

9. That my principal balance has been properly calculated, amortized, and accounted for; and

10. That charges, fees, and expenses for which I am not obligated by any agreement, have not been charged, assessed, or collected from my account.

In order to validate my debt and audit my account, I need copies of pertinent documents to be provided to me. I also need answers, in writing, to various servicing questions. For each record in electronic format, please provide a paper copy of all such information. Please send all of these items to me at the address or Email above as soon as possible upon notarizing and recording into the Court.

1. All data, information, notations, text, figures, and information contained in your mortgage servicing and accounting computer systems including, without limitation, Alltel or Fidelity CPI system or any other similar mortgage servicing software used by you, any servicers or sub-servicer of my mortgage account from the inception of my loan to the present.

2. All descriptions and legends of all codes used in your mortgage servicing and accounting system so that the examiners retained to audit my mortgage account may complete their work.

3. All assignments, transfers, allonges, or other document evidencing a transfer, sale, or assignment of my mortgage, deed of trust, promissory note, or other document that secures payment of my obligation from the inception of my loan to the present, including any such assignments on Mortgage Electronic Registration System (MERS).

4. All records, electronic or otherwise, of assignments of my mortgage, promissory note, or servicing rights to my mortgage, including any such assignments on MERS.

5. All modifications to my mortgage, promissory note, or deed of trust from the inception of my loan to the present.

AFFIDAVIT, DISCOVERY - 4

6. The front and back of each canceled check, money order, draft, debit, or credit notice issued to any servicer of my account for payment of any monthly payment, other payment, escrow charge, fee, or expense on my account.

7. All escrow analyses conducted on my account from the inception of my loan to the present.

8. The front and back of each canceled check, draft, debit notice issued for payment of closing costs, fees, and expenses listed on my disclosure statement, including, without limitation, appraisal fees, inspection fees, title searches, title insurance fees, credit life insurance premiums, hazard insurance premiums, commissions, attorney fees, points, and similar fees.

9. The front and back of each payment, receipt, check, money order, draft, debit, and written evidence of payments made by me or others on my account.

10. All letters, statements, and documents sent to me by your company.

11. All letters, statements, and documents sent to me by any affiliate, parent company, agent, sub-servicer, servicer, attorney, or other representative of your company.

12. All letters, statements, and documents sent to me by previous servicers, sub-servicers, or others, or are otherwise contained in my loan file or in your control or possession or in the control or possession of any affiliate, parent company, agent, sub-servicer, servicer, attorney, or other representative of your company.

13. All electronic transfers, assignments, sales of my note, mortgage, deed of trust or other security
instrument.

14. All copies of property inspection reports, appraisals, BPOs and reports done on my property.

15. All invoices for each charge such as inspection fees, BPOs, appraisal fees, attorney fees, insurance, taxes, assessments, or any expense which has been charged to my mortgage account from the inception of my loan to the present.

16. All checks used to pay invoices for each charged such as inspection fees, BPOs, appraisal fees, attorney fees, insurance, taxes, assessments, or any expense which has been charged to my mortgage account from the inception of my loan to the present.

17. All agreements, contracts, and understandings with vendors that have been paid for any charge on my account from the inception of my loan to the present.

18. All loan servicing records, payment payoffs, payoff calculations, ARM audits, interest rate adjustments, payment records, transaction histories, loan histories, accounting records, ledgers, and documents that relate to the accounting of my loan from the inception of my loan to present.

All loan servicing transaction records, ledgers, registers, and similar items detailing how my loan has been serviced from the inception of my loan to present. To further conduct the audit of my account, and to determine all proper amounts due, I also need the following answers to questions concerning the servicing and accounting of my mortgage from its inception to the present.

AFFIDAVIT, DISCOVERY - 5

Accordingly, please provide written responses to the following:

## LOAN ACCOUNTING & SERVICING SYSTEMS

1. Please provide documents I have requested and a detailed answer to each question. Please identify each loan accounting and servicing system used by you and any sub-servicer or previous servicer from the inception of my loan to the present so that my experts can decipher the data provided.

2. For each loan accounting and servicing system identified by you and any sub-servicer or previous servicer from the inception of my loan to the present, please provide the name and address of the company or party that designed and sold the system.

3. For each loan accounting and servicing system used by you and any sub-servicer or previous servicer from the inception of my loan to the present, please provide the complete transaction code list for each system so that my experts can adequately audit my account.

## DEBITS & CREDITS

4. In a spreadsheet form or in letter form in a columnar format, please detail each credit on my account and the date such credit was posted to my account, as well as the date any credit was received.

5. In a spreadsheet form or in letter form in a columnar format, please detail each debit on my account and the date debit was posted to my account as well as the date any debit was received.

6. For each debit or credit listed, please provide the definition for each corresponding transaction code you utilize.

7. For each transaction code, please provide the master transaction code list used by you or previous servicers.

## MORTGAGE & ASSIGNMENTS

8. Has each sale, transfer, or assignment of my mortgage, promissory note, deed of trust, or any other instrument I executed to secure my debt been recorded in the county property records in the county and state in which my property is located from the inception of my loan to the present? If not, why?

9. Is your company the servicer of my mortgage loan or the holder in due course and beneficial owner of my mortgage, promissory note, and/or deed of trust?

10. Have any sales, transfers, or assignments of my mortgage, promissory note, deed of trust, or any other instrument I executed to secure my debt been recorded in any electronic fashion such as MERS or other internal or external recording system from the inception of my loan to the present?

11. If yes, please detail the names of each seller, purchaser, assignor, assignee, or any holder in due course to any right or obligation of any note, mortgage, deed, or security instrument I executed securing the obligation on my account that was not recorded in the county records where my property is located whether they be mortgage servicing rights

AFFIDAVIT, DISCOVERY - 6

or the beneficial interest in my principal and interest payments.

**ATTORNEY FEES**

12. For purposes of my questions below dealing with attorney fees, please consider the terms attorney fees and legal fees to be one in the same.
13. Please fill out a 1040 Tax Form for the bond in this case. If access to a 1040 is unavailable, I am willing to fill it out for you.
14. Have attorney fees ever been assessed, charged, and/or collected to or from my account from the inception of my loan to the present?
15. If yes, please detail each separate assessment, charge, and collection of attorney fees to or from my account from the inception of my loan to the present and the date of such assessment to my account?
16. Please provide the name and address of each attorney that has been paid any fees or expenses related to my account from the inception of my loan to the present.
17. Please identify the provision of any note, mortgage, deed of trust, or any agreement I signed, which authorized the assessment, charge, or collection of attorney fees.
18. Please detail and list any adjustments in attorney fees assessed, charged, and/or collected, and on what date such activities were made and the reasons for such adjustment.
19. Has interest been charged on any attorney fee assessed or charged to my account?
20. Is interest allowed to be assessed or charged on attorney fees charged or assessed to my account?
21. Please send copies of all invoices and detailed billing statements from any attorney that has billed fees that have been assessed or collected from my account.

**SUSPENSE/UNAPPLIED ACCOUNTS**

(For purposes of this section please treat the term "suspense account" and "unapplied account" as one in the same.)

22. Has there been any suspense account transactions on my account from the inception of my loan to present? If yes, please explain the reason for each suspense account transaction.
23. In a spreadsheet or in letter form in a columnar format, please detail each suspense account transaction, both debits and credits, that has occurred on my account from the inception of my loan to the present.

**LATE FEES**

24. For purposes of my questions below dealing with late fees, please consider the terms "late fees" and "late charges" to be one in the same.
25. Have you reported the collection of late fees on my account as interest in any statement to me or to the IRS?

AFFIDAVIT, DISCOVERY - 7

26. Has any previous servicer or sub-servicer of my mortgage reported the collection of late fees on my account as interest in any statement to me or to the IRS?

27. Do you consider the payment of late fees as liquidated damages to you for not receiving my payment on time?

28. Are late fees considered interest?

29. Please detail what expenses and damages you or others incurred for any payment I made that was late.

30. Were any of these expenses or damages charged or assessed to my account in any other way? If yes, please describe what expenses or charges were charged or assessed to my account.

31. Please identify the provision of any note, mortgage, deed of trust, or any agreement I signed which authorized the assessment or collection of late fees.

32. Please detail and list any adjustments in late fees assessed, charged, or collected, and on what date such adjustment was made and the reasons for such adjustment.

33. Has interest been charged on any late fee assessed, charged, or collected to my account?

34. Is interest allowed to be assessed or charged on late fees charged or assessed to my account? If yes, identify the provision of any document I signed which authorizes same.

35. Please provide the payment dates you or other previous servicers of my account claim I have made a late payment.

**PROPERTY INSPECTIONS**

(For purposes of this section "property inspection" and "inspection fee" refer to any inspection of my property by any source and any related fee or expense charged, assessed, or collected for such inspection.)

36. Have any property inspections been conducted on my property from the inception of my loan to the present? (If no, please skip the rest of these questions in this section concerning property inspections.)

37. Please list the date of each property inspection.

38. Please list the price charged for each property inspection.

39. Please list the name and address of each company or person who conducted each property inspection.

40. Please explain why property inspections were conducted on my property.

41. Please explain how property inspections are beneficial to me.

42. Please explain how property inspections are protective of my property.

43. Please explain your policy on property inspections.

44. Do you consider the payment of inspection fees as a cost of collection? If yes, why?

45. Do you use property inspections to collect debts?

AFFIDAVIT, DISCOVERY - 8

46. Have you used any portion of the property inspection process to collect a debt or inform me of a debt, payment or obligation I owe? If yes, please answer when and why?
47. Please identify the provision of any note, mortgage, deed of trust, or any agreement I signed that authorized the assessment or collection of property inspection fees?
48. Have you labeled in any record or document sent to me a property inspection as a miscellaneous advance? If yes, why?
49. Have you labeled in any record or document sent to me as a property inspection a legal fee or attorney fee? If yes, why?
50. Please detail and list any adjustments in inspection fees assessed, charged, and/or collected, on what date such adjustment was made, and the reasons for such adjustment.
51. Has interest been charged on any inspection fees assessed or charged to my account? If yes, when and how much was charged?
52. Is interest allowed to be assessed or charged on inspection fees charged or assessed to my account?
53. Please forward copies of all property inspections made on my property in my mortgage loan file.
54. Has any fee charged or assessed for property inspections been placed into my escrow account?

**BPO FEES**

55. Have any Broker Price Opinions (BPO or BPOs) been conducted on my property?
56. If yes, please list the date of each BPO.
57. Please explain the price of each BPO?
58. Please explain who conducted each BPO?
59. Please explain why BPOs were conducted on my property.
60. Please explain how BPOs are beneficial to me.
61. Please explain how BPOs are protective of my property.
62. Please explain your policy on BPOs.
63. Have any BPO fees been assessed, charged, and/or collected to my account?
64. Please explain specifically what provision in my note, mortgage, deed of trust, or any agreement I have executed allows you to assess, charge, or collect a BPO fee from me.
65. Please send copies of all BPO reports that have been done on my property.
66. Has any fee charged or assessed for a BPO been placed into my escrow account?

**FORCED-PLACED INSURANCE**

67. Have you placed or ordered any forced-placed insurance polices on my property?

AFFIDAVIT, DISCOVERY - 9

68. If yes, please list the date of each policy ordered or placed on my property.

69. Please list the price of each policy?

70. Please list the agent for each policy?

71. Please explain why each policy was placed on my property

72. Please explain how such policies are beneficial to me.

73. Please explain how such policies are protective of my property.

74. Please explain your policy on such policies.

75. Have any forced-placed insurance fees been assessed, charged, and/or collected to my mortgage or escrow account?

76. Please explain specifically what provision in my note, mortgage, deed of trust, or any agreement I have executed allows you to assess, charge, or collect forced-placed insurance fees from me.

77. Do you have any relationship with the agent or agency that placed any policies on my property? If yes, please describe.

78. Do you have any relationship with the carrier that issued any policies on my property? If yes, please describe.

79. Has the agency or carrier you used to place a forced-placed insurance policy on my property provided you any service, computer system, discount on policies, commissions, rebates, or other form of consideration? If yes, please describe.

80. Do you maintain a blanket insurance policy to protect your properties when customer policies have expired?

81. Please send copies of all forced-placed insurance policies ordered on my property.

**SERVICING RELATED QUESTIONS**

(I need the following answers to questions concerning the servicing of my mortgage account for the inception of my mortgage account to the present.)

82. Did the originator or previous servicer of my loan have any financing agreements or other contracts with your company or an affiliate of your company?

83. Did the originator or previous servicer of my loan have a warehouse loan agreement or contract with your company?

84. Did the originator or previous servicer of my loan receive any compensation, fee, commission, payment, rebate, or other consideration from your company or any affiliate of your company for handling, processing, originating, or administering my loan? If yes, please describe and itemize each form of consideration paid to the originator of my loan by your company or any such affiliate.

85. Please identify where the original promissory note or mortgage I signed is located and how they are being stored and protected.

AFFIDAVIT, DISCOVERY - 10

86. Please identify its physical address and the name of anyone holding this note as a custodian or trustee, if applicable.

87. Since the inception of my loan, has there been any assignment of my promissory note or mortgage to any other party? If yes, identify the names and addresses of each and every individual or entity that has received such assignment.

88. Since the inception of my loan, has there been any sale or assignment of servicing rights to my mortgage loan to any other party? If yes, identify the names and addresses of each and every individual or entity that has received such assignment or sale.

89. Since the inception of my loan, has any sub-servicer serviced any portion of my mortgage loan? If yes, identify the names and addresses of each individual or entity that has sub-serviced my mortgage loan.

90. Has my mortgage loan been made a part of any mortgage pool since the inception of my loan? If yes, identify each such loan mortgage pool that my mortgage has been a part of from the inception of my loan to the present?

91. Has there been any electronic assignment of my mortgage with MERS or any other computer mortgage registry service or computer program? If yes, identify the name and address of each individual and entity that has been assigned the mortgage servicing rights to my loan as well as the beneficial interest to the payments of principal and interest on my loan.

92. Have there been any investors, as defined in your industry, who have participated in any mortgage-backed security, collateral mortgage obligation, or other mortgage security instrument that my mortgage loan has ever been a part of from the inception of my mortgage to the present? If yes, identify the name and address of each individual or entity.

93. Please identify the parties and their addresses to all sales contracts, servicing agreements, assignments, allonges, transfers, indemnification agreements, recourse agreements, and any agreement related to my loan from its inception to the present.

94. Please provide copies of all sales contracts, servicing agreements, assignments, allonges, transfers, indemnification agreements, recourse agreements, and any agreement related to my loan from its inception to the present.

95. If part of a mortgage pool, what was the principal balance used by you to determine payment for my mortgage.

96. If part of a mortgage pool, what was the percentage paid by you of the principal balance above used to determine purchase of my mortgage?

97. Who did you issue a check or payment to for my mortgage? Please provide a copy of the front and back of canceled checks.

98. Did any investor approve the foreclosure of my property? If so, identify all investors who approved the foreclosure.

99. Please provide the 1099 Original Issue Tax Form(s) and the 1040 Tax Form(s) that should accompany this Debt Instrument.

AFFIDAVIT, DISCOVERY - 11

Please provide documents I have requested and a detailed answer to each question within the time frame required by law. Upon receipt of your response, an audit will be conducted that may lead to a further request under an additional Qualified Written Request.

### NOTICE

In the event a complete response is not received within the lawful time frame, it is my intention to send copies of this record to the FTC, HUD, CID, IRS and all other relevant state and federal Agencies that may apply in a specific attempt to obtain the information demanded, and without any ill intentions and in a manner of good-faith to the Court and with the Plaintiff, if the laws allow such an act with a FOIA Request.

### DISMISS UPON FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED, COUNTERCLAIM

I, Ronnie-Louis-Marvel: Kahapea, in honor, state, and affirm within the jurisdiction of Sui Juris, Any defects in answers or documents and not limited to filings with any or all Tax Forms, will constitute a flaw worthy of a dismissal, being unable to make a claim, and brought to the attention of the Court. The documents requested, and answers to my questions by all involved titles in Office of the Court, are needed to ensure a fair and accurate picture of events that took place from the inception of the debt, and will sufficiently establish the rightful claimant to the case in this matter, specifically because the Judge has an Oath of Office and Attorneys are Officers of the Court, establishing a conflict of interest.

When this collection of questions and documents are completely answered in satisfaction, the Defendant will follow up with a full examination of the required attention to any claims made by the Plaintiff, moving the Court to proceed and may result in the acceptance of the debt to be set off following a True Bill garnished by Plaintiff. . If the Plaintiff and Attorneys involved do not comply with their answers to this demand, the Court will Dismiss this Claim and remedy the Defendant in a Counterclaim, and Defendant will justify the wrongful claims made in this case by the Plaintiff and Attorneys and demand a Confirmation and payment to the Award, Damages, Attorney and Court Fees involved, collected from the Plaintiff.

AFFIDAVIT, DISCOVERY - 12

_signature_
Ronnie-Louis-Marvel: Kahapea
808.936.9137

State of Hawaii       )

County of Hawaii     )

Subscribed and sworn to (or affirmed) before me on this ~~20th~~ 26th day of December, 2019 A.D., by Ronnie Louis Marvel Kahapea, proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Signature

_signature_

My commission expires: 3/23/2023

Doc. Date: 12/26/2019    # Pages: 13
Notary Name: Tammy J.K. Kagawa    3rd Circuit
Doc. Description: Affidavit, Discovery, Dismiss upon Failure to State A claim upon which Relief Can Be granted, Counter Claim

_signature_    12/26/2019
Notary Signature    Date

[Notary Seal: Tammy J.K. Kagawa, Notary Public, No 03-156, State of Hawaii]

AFFIDAVIT, DISCOVERY - 13