**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**PENNYMAC LOAN SERVICES, LLC**                                                          **PLAINTIFF**

**V.**                                                   **CIVIL ACTION NO. 2:19-cv-193-KS-MTP**

**SITCOMM ARBITRATION ASSOCIATION,**
**MARK MOFFETT, SANDRA GOULETTE,**
**RONNIE KAHAPEA, MARK JOHNSON,**
**KIRK GIBBS, and ALARIC SCOTT**                                                      **DEFENDANTS**

## ORDER

This cause came before the Court on the document filed by Defendant Ronnie Kahapea titled "Affidavit, Discovery, Dismiss Upon Failure to State a Claim Upon Which Relief Can be Granted, Counterclaim." [10].  The Clerk has docketed the document both as a motion [10] and separately as a counterclaim [11]. Even given a particularly generous reading due to Mr. Kahapea being unrepresented, the document is hard to decipher as being a motion requesting any particular relief. If it were, the filing does not comply with Local Uniform Civil Rule 7, which requires that each application for relief be set forth in a separate motion supported by a separate memorandum of law. *See* L.U. Civ. R. 7(b) and 7(b)(2).

As for being construed as a motion to dismiss, it does not appear that Mr. Kahapea is seeking to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* [10] at p. 12. Rather, Mr. Kahapea has requested a multitude of discovery,[1] after which he states, "Any

---

[1] These numerous requests for documents and information appear to have little, if any, relevance to the issues raised in the Complaint in this matter regarding the propriety of the arbitration award. This section of the document goes on to state: "The documents requested, and answers to my questions by all involved titles in Office of the Court, are needed to ensure a fair and accurate picture of events that took place from the inception of the debt, and will sufficiently establish the rightful claimant to the case in this matter, specifically because the Judge has an Oath of Office and Attorneys are Officers of the Court, establishing a conflict of interest." [10] at p. 12.   Despite the nonsensical nature of the statement, the Court must emphasize that this case does not and will not address the merits of any underlying claim relating to any debt.

defects in answers or document and not limited to filings with any or all Tax Forms, will constitute a flaw worthy of a dismissal, being unable to make a claim . . . ." [10] at p. 12.  Thus, it appears he seeks dismissal as a sanction for not complying with these discovery requests, all of which is premature. If any discovery is to be conducted in this matter, it will be done in due course in accordance with Rule 26 and this Court's scheduling orders. In the meantime, the Court is merely addressing the document's status as a motion, which is currently filed improperly.

Therefore, it is ORDERED that any request for relief contained in CM/ECF Doc. No. 10 is hereby denied without prejudice to Defendant Kahapea filing a proper motion in compliance with the Local Rules and articulating precisely the relief he seeks from this Court, with the legal authority for such relief to be set forth in a separate memorandum of law.

SO ORDERED AND ADJUDGED this 9th day of January 2020.

/s/ Keith Starrett  
KEITH STARRETT  
UNITED STATES DISTRICT JUDGE