IN THE UNITED STATES FEDERAL DISTRICT COURT

IN AND FOR THE STATE OF MISSISSIPPI



PENNYMAC, ET AL.,

v.                                                                    CA 2:19-cv-193-RS-MTP

SITCOMM, ET AL.,                                        **MOTION TO DEMURRER**

I.   **Lack of Jurisdiction**

COMES NOW, the Party Eeon into this Court as a party of interest as specifically named in Paragraph 5 and 24(b) of the Complaint. The Complaint as read and presented does not state a specific claim that would lend "subject matter," "In Rem," or "Personum," jurisdiction to this Court and such is hereby challenged.

1. The Plaintiff's have admitted to the receipt of "Notice in Change in Terms and Conditions," or "An Original Contract," and stated on several occasions throughout the Complaint that they intentionally did not respond.

"Plaintiff did not respond to the Kahapea Notice…" (See: Para. 29 of Complaint).

"Plaintiff did not respond to the Johnson Notice…" (Exhibit C; Para. 39 of Complaint).

Established that the Plaintiff(s) had knowledge and made the choice to not respond –

2. "Finding that Plaintiff agreed to mediate (arbitrate) <u>by failing</u> to properly notify (respond) of their lack of acceptance … that the language indicated a change in the terms was an offer… which was accepted by (performance/conduct)…" *Tick-Anen v. Harris & Harris, Ltd.*, 461 F.Supp.2d 863, 867, 868 (E.D. Wis. 2006).

## II. Notification of Controversy

3. The Plaintiff(s) with the aid of counsel after receiving the contract, 'Notice of Default and Opportunity to Cure Fault,' from Defendant(s) stated that "Plaintiff is "in fault of the agreement and has consented..."

4. It is the Plaintiff(s) who admitted that the Defendant(s) sent "Legal Notification – Notice of Fault...," and per the Arbitration Clause of the commercial agreement, the Plaintiff(s) proceeded to act in accordance with the intent provided within the agreement, which clearly documents 'the Arbitrator (neutral) may hear and decide any and all issues arising out or stemming from the agreement:'

5. The Sitcomm Arbitration Association acted not as Arbitrator, but as process server on behalf of the parties and assigner of neutrals whom the Federal Arbitration Act in conjunction with the agreement of the parties, was neither related to the parties, had a vested interest in the outcome of the arbitration proceedings.

6. The general rule (meaning widely accepted, foundational), of arbitral immunity is that the neutral arbitrators are absolutely immune from liability for their arbitral acts in case(s) over which they have jurisdiction.

7. The jurisdiction of the Arbitrator, or of the parties according to the Supreme Court in *Henry Schein v. Archer & White* (2019) is: "that parties to such a contract may agree to have an Arbitrator decide not only the merits of a particular dispute, but also 'gateway questions of arbitrability."

## III. Good Faith

8. The Plaintiff(s) by and through their attorney(s) have stated that they –

   a. Received a copy of the contract;

Page 2 of 8

    b. That there was a prior relationship…

    c. That all parties are adults…

    d. That they received notice of change in terms…

    e. That they were given an opportunity to reject the contract;

    f. That they were notified of hearing…

    g. That they were given an opportunity to appear…

    h. That they received a copy of the award…

    i. That they were knowledgeable of the "90 day" statute of limitations for contesting the award and are time-barred.

9. Bad-faith, fraud, conspiracy – the burden of proof is on the Plaintiff(s) who cannot overcome their own statement and record, whereby they admit that the Defendant(s) communicated, notice after notice, given ample opportunity to Plaintiff(s) to raise issue, challenge and/or object, they admit that they made the conscious choice not to respond. Filing a complaint after time-barrment is bad faith, is an attempt to circumvent the F.A.A., the Agreement, the process.

10. The Plaintiff(s) seem to be under the mistaken impression that the Arbitrator must be a lawyer, or a retired judge. "Arbitration is a matter of contract," the F.A.A. applies to contracts with both an arbitration and commerce clause, that the parties choose or agree whom will act as Arbitrator, the Respondent(s) can not prove corruption, obvious miscalculation or fraud (elements not present), the grounds for vacating an award are extremely limited, restrictive, the Plaintiff(s) knew that they had 90 days from the date of receipt of the award to contest, Kahapea's Award issued June 10, 2019. On November 18, 2019 Kahapea initiated an action against Plaintiff(s) "Motion to Confirm," yet no challenge by the Plaintiff(s) only the bad-faith

evidencing "forum shopping." This Court has Plaintiff(s) admitting that a related matter was filed in the district court at New Mexico. The contract allows the parties to seek confirmation in any district court of original jurisdiction. Pennymac is a member of the Federal Reserve by assignment and association and Pennymac conducts business in the State of New Mexico.

11. With reference to the Johnson'(s), the Plaintiff(s) admit to sending a monthly mortgage statement (the original contract states nothing about "unverified/unsigned statement), which Johnson notified Pennymac that he was changing the terms of the agreement, subsequently sending a "Conditional Acceptance for Value and Counter Offer," (as is a practice) the Plaintiff(s) sent Johnson on several statements. Again Johnson responded to Plaintiff(s) they document no objection, rejection and/or other response.

12. Johnson's arbitration hearing was set for October 21, 2019 which makes a challenge proper when brought within the strict limitations of the F.A.A. However, once again they are by their own admission estopped as they admit to knowledge of the arbitration hearing and document, they were notified that "if a response is not received… Arbitrator will presume…"

13. Plaintiff(s) were notified of electronic hearing which the court may recognize as de novo hearing, 'and that the hearing need not be fixed in form, as long as a party is given Notice and an opportunity to respond, and to appear.

14. The court often receives electronically filed documents and proceeds to hear a matter based on such filings, under the course of argument by the Plaintiff(s) the court is conducting illegitimate "de novo" hearings.

15. The Arbitrator functions in a way comparable to a judge and the Arbitrator's immunity will extend at least as far as a judge's would.

**IV.   Complaint lacking Misconduct**

16. Arbitral misconduct must stem from the Arbitrator's impartiality, failing to stick to the confides of the F.A.A. to the contract from which their delegation of authority is derived. Each time the Arbitrator issued an award the Plaintiff(s) says and admit that that is what the Arbitrator did, "as stipulated according to the terms of the contractual agreement as agreed to by the parties," (Para. 31 & 40, Exhibits B & D respectively).

17. The United States Constitution allows for the charging of fees for services rendered. The Plaintiff(s) claim that because the parties tendered on average $ 500.00 (plus tax) with the remainder of $ 2,000.00 being deferred until after the award and/or debt is paid, somehow this is taking advantage. Other like organizations charge $ 2,000.00 per hour, requiring these funds upfront with a minimum of two (2) hour payment being tendered, does the court not defer payment of filing fee's?

18. The awards issued appear to be in line with the F.A.A., within the confides of the agreement, the treble damage limits are cognizable by the courts and the 200 million judgment against the tobacco company, or the 2 Billion against Johnson & Johnson, how is it possible that the Plaintiff(s) can object to $ 600,000.00, $ 1,200,000.00, $ 2,250,000.00 now and not during the arbitration hearing?

19. "...There is no defense offered to the confirmation of an arbitration award and subsequent entry of judgment. An opposing party cannot challenge an arbitration award decided after proper hearing and notice. The Supreme Court has held throughout precedent, that 'courts are required to confirm an arbitration award readily" *Dean Witter, et al v. Byed*, 470 US 213, 220 (1985).

20. "The Federal Arbitration Act...The standard of review of an arbitrator's decision by the

court is very narrow. The scope of review is very limited." *Doctor's Associations, Inc. v. Casarotto*, 116 S.Ct. 1652, 1657 (1996); "the appropriate scope of judicial review is whether the award is an honest decision of the arbitrator, made within the scope of the arbitrator's power, and that the court will not otherwise set aside an award for error, either in law or in fact." *Southland, Corp., v. Keating*, 465 US 1, 15-16 (1984); *Burchell v. Marsh*, 58 US 344, 349 (1854); *Coast Trading Co. v. Pacific Molasses*, Ca., 681 F.2d 1195, 1197-1198 (9th Cir. 1982).

V.   **Conclusion**

21. The Respondent(s) assume the challenge to the arbitration awards to be subject to the Rules of Civil Procedure, whereby the Rules of Evidence, bringing forth a claim, documenting a controversy is governed thereby.

22. The sole jurisdiction of this matter is the Federal Arbitration Act (See: 9 U.S.C. § 1-16) and the contract between the parties (See: Schein v. Archer, 2019). The Responding Plaintiff(s) will respond to the Motion, Presentments of the Defendant(s), only documenting that they are capable of responding. They choose not to respond, they are subject to the F.A.A., the contract, and the consequences of such actions, which they admit were consciously and intentionally made.

23. By stating that I, Eeon was somehow involved in a alleged criminal act (Title 18 is the Federal Criminal Code), I am a party and must seek dismissal of the matter in its entirety.

24. The Plaintiff(s) further assert that they were economically harmed, "89. Plaintiff seeks an award for damages…An award of three times the damages sustained…" This documenting knowledge of the right of a party to seek an award, in this instance (9 U.S.C. § 9) award issued not by the court, but as was the intent of Congress, by an "Arbitrator," yet the

Plaintiff(s) document no economic damages, losses, proof of such injury. They do however; document knowledge of the Rules for Challenges to an Arbitration Award in Paragraph(s) 90, 91, The Applicable Rules for Arbitration Controversies is the F.A.A., not the courts as the claims and allegations of the Plaintiff(s) are not rounded in the 'gateway question of arbitrability,' which is solely within the jurisdiction of the Arbitrator (Archer). The Claim that there is no contract is a challenge to the contract as a whole, in light of the admissions of having received and actual knowledge of the contracts in question (See: Para. 27 &37 of Complaint). Challenges to the contract as a whole are to be determined by the Arbitrator.

25. U.C.C. § 9-208 "Performance Contracts," are cognizable by this body, the Arbitrator has determined that the continuous conduct/performance by the Plaintiff(s) was with full knowledge and intent and the Arbitrator although no law requires they document their reasoning, the Arbitrator's findings were in line with the agreement's Arbitration Clause and the F.A.A.

26. I accept service of this matter as per the contract I am now an interested third (3rd) party and must exercise my right to defend my reputation. The Plaintiff(s) were parties to the 2008 financial crisis whereby the Plaintiff(s) admitted to playing a role in the defrauding of the American homeowner, settling for 23 billion. Admitted to the Mortgage Credit Default Swaps, the termed it toxic assets, Pennymac and other financial institutions were complacent in mortgage fraud, RICO Acts, conspiracy to defraud, being a party to settlement, an admission. The contract has Pennymac agreeing to this, by their admission they had knowledge of these facts and raised no objection, nor challenged, nowhere do we have documented that anyone deliberately attempted to operate outside contract law or the F.A.A. or the contract.

27. The court, per the National Policy Favoring Arbitration; and the F.A.A. is without jurisdiction to entertain the complaint due to subject matter and must refer matter to the Arbitrator, as Pennymac appears to be in further breach of the agreements.

28. We ask for fee's, cost's, assessment and services be levied against the Plaintiff(s) in the amount of:

1. Legal cost $ 17,298.18

2. Filing fee/process service $ 2,468.11 and

3. Punitive damages $60,000.00 for liable and defamation.

The aforementioned is true and accurate and presented this 30th day of December 2019 as such, so help me God.

_____ Eeon

### CERTIFICATE OF SERVICE

I, Eeon f.k.a. Brett Jones, on behalf of SATCOMM, being at or above the age of 18, of the majority and a citizen of the United States of America, did mail the documents to the following:

United States District Court
Southern District of Mississippi
701 Main Street
Hattiesburg, MS 39401

Upshaw, Williams, Biggers & Beckham, LLP
309 Fulton Street, P.O. Drawer 8230
Greenwood, MS 38935-8230

Affixing the proper postage and depositing it with the local postal carrier, also being of the age of the majority, and not a party to this action who upon receipt guarantees delivery as addressed and/or local drop box guaranteeing the same as prescribed in law. If called upon I provide this sworn testimony based on first-hand knowledge of the aforementioned events attesting and ascribing to these facts on this day January 01, 2020.

/s/Eeon f.k.a. Brett Jones