Mark Moffett
345 Coon Jeffcoat Road
Soso, Mississippi

IN THE UNITED STATES FEDERAL DISTRICT COURT

IN AND FOR THE STATE OF MISSISSIPPI

SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D
FEB 03 2020
ARTHUR JOHNSTON
BY_____ DEPUTY

PENNYMAC, ET AL.,

v.                                          CA 2:19-cv-193-RS-MTP

SITCOMM, ET AL.,                            ANSWER

JURY TRIAL DEMAND

NO CONSENT TO MAGISTRATE

REQUEST FOR STAY 9 U.S.C. § 3 & 4.

I. IN THE ALTERNATIVE

1. This matter stems from the Federal Arbitration Act, laws and governing are those specified via the intentions of the United States Congress. See: F.A.A. 9 U.S.C. § 1-16; *Henry Schein Inc. v. Archer & White Sales, Inc.*, (2019); *First Options of Chicago v.* ; *Southland Corp. v. Keating; Mitsubishi, et a*l v. *Soler et al; Mitsubishi et al* v. *Zenith, et al; Ferguson v. Countrywide, et al.*

2. "Therefore, absent a clear and unmistakable designated intent that the non-federal arbitrability law applies, "federal law governs the arbitrability question by default because the agreement is covered by the F.A.A." *Brenman v. Opus Bank*, 796 F.3d 1125, 1129 (9th Cir. 2015).

3. The Plaintiff, by and through its (3rd party) attorneys have admitted the following:

Page 1 of 7

Mark Moffett
345 Coon Jeffcoat Road
Soso, Mississippi

a. That the Plaintiff's (Pennymac Loan Services, LLC) had a prior relationship with at least two (2) of the party Defendants (Kahapea & Johnson) (See: Para. 25, 26, 36, 37 of Complaint).

b. That Plaintiffs begin serving loan, whereby the Plaintiff notified Defendants of changes to the original contract.

c. The Plaintiff admitted to receiving a response in the form of a Conditional Acceptance to the offer to re-contract via change in the terms of the original contract. Restatement (Second) of contract, recognizes this principal respecting the valid nature of contract. General Principals of Contract Law.

d. The Plaintiffs were given an opportunity to respond and reject/disaffirm the agreement and by their own admission: "29. Plaintiff did not respond…" "39. Plaintiff did not respond…" (Paragraphs 29 & 30 of Complaint). See: *Jiangsu Changlong Chem. Co., Inc. v. Burlington Bio-Medical & Science Corp.*, 399 F.Supp.2d 165, 168 which sets the principal standard for Federal Arbitration Hearing Notification, "Notice reasonably calculated to inform of the proceedings and an opportunity to be heard."

4. Consistent with this standard, the courts have continuously held that "'Claimant provided Respondent with the opportunity to participate (electronically) in the arbitration in a meaningful manner and the Respondent simply chose (as was admitted by the Plaintiffs) not to participate in the arbitration proceedings." *Tiajin Port Free*, at 4.

II. PERFORMANCE AGREEMENT

5. The contract was timely presented and based on the actual conduct and performance by

Mark Moffett
345 Coon Jeffcoat Road
Soso, Mississippi

the parties which Plaintiff admits to having 1) knowledge of contract, to being 2) competent to enter into such an agreement, that the 3) contract involved consideration, value and was 4) between two (2) or more parties. The conduct or 5) performance contract had an expiration date and was workable, doable, unconsciousable.

6. To lend jurisdiction to the Federal Arbitration Act, the contract contained a commerce clause, as well as an arbitration clause as required via 9 U.S.C. § 1, 2.

7. Challenges to the contract as a whole, per a standard of review as stated, "the issue of whether the underlying contract that is the subject of the arbitrated dispute was… fraudulently induced [is] a matter to be determined exclusively by the arbitrators." *Tianjin Port Free at 5*; See also: *Europcar Italia, S.p.A. v. Maiellano Tours, Inc.*, 156 F.3d 310, 315 (2d. Cir. 1998); See also: *Prima Paint Corp. v. Flood, et al.*, 388 US 395, 403-04 (1967).

### III.   OPPORTUNITY AND CHOICE

8. The law holds that a party must be notified and "that due process requires, at a minimum, that an individual be given a meaningful opportunity to be heard…that thee hearing required by due process is subject to waiver (a party electing to not appear as is the case at present) <u>and is not fixed in form, does not affect its root requirement</u> that an individual be given an opportunity for a hearing…" (Emphasis ours). *Randone v. Appellate Department*, 1971, S.C 3d 536, 550.

9. The Supreme Court has consistently held to this standard and have noted: "'we said that

Mark Moffett
345 Coon Jeffcoat Road
Soso, Mississippi

the right to be heard has little value or worth unless one is informed that a matter is pending and can choose for himself whether to appear or default, acquiesce or contest." 339 US at 304, 306; 395 US 337, 339-40.

10. By the Plaintiff's own admission's "the Plaintiff did not respond, this was by said admissions deliberate, they are foreclosed, they whether or not they recognized illegitimately or not, if they valued their interests should have responded.

11. They say, arbitration notice (which was on also on a disc and contained a copy of notices, request for arbitration disposition, notice of fault and opportunity to cure and notice of default) did not document or provide details of the issues, however; Paragraph 31 documented the evidence and claims by Claimants. The notice of hearing included the statement "the arbitrator will presume your acceptance and may proceed to review the supporting documentation <u>electronically</u> and issue a binding decision." The Sitcomm Arbitration Association did not conduct the arbitration but assigned the arbitration to an independent neutral. Sitcomm Arbitration Association only acted as certifier of the original final award issuance and process server and had no direct input upon the hearing (electronic) and/or the deliberation. The power to arbitrate to arbitrate originates from the contract, the contract allows for appointment and/or assignment of an independent neutral.

12. The Plaintiffs assert they were deceived, misled, defrauded, yet they bear the burden of providing proof, yet they list indirect quotes, "the Plaintiff is informed and believes that..." On over ten (10) different occasions they offer/proffer this vague statement, no firsthand account, or

Mark Moffett
345 Coon Jeffcoat Road
Soso, Mississippi

documentation of actual damage suffered and thus failed to state a claim whereby the F.A.A. offers relief.

13. This is a civil complaint, a lawsuit, and per the Constitution, a controversy; affording us <u>THE RIGHT TO BE FEFORE AN ARTICLE 3 JUDGE, WE DO NOT CONSENT TO A MAGISTRATE.</u>

14. We have the right to a jury trial, civil RICO without evidence, claim of defaming, in 2008 the country and world experienced a financial MELTDDOWN, a Global Crisis, as these financial institutions admitted to the fraudulent "Toxic Mortgage Asset," "credit default schemes," several executives pled guilty, some went to jail, et they settled for 23 billion dollars, received 798 billion in bailouts and yet the Plaintiffs state that they are being defrauded, damaged, economically injured, if this matter is to proceed we choose to seek a stay pending arbitration, as this complaint violates the "Estoppel Clause," the "Arbitration Clause," the "F.A.A.," and the Due Process Rights (along with equal protection rights of the Defendant(s).

## IV.   ARBITRAL IMMUNITY

15. "Arbitration is a mater of contract," The United States has adopted the "Restatement (Second) of contract" Lets also highlight U.C.C. 2 208-209 which references performance/conduct contracts. In doing so, any issues of arbitrator misconduct must be based on the contract and the F.A.A.

16. The general rule of arbitral immunity "is that neutral arbitrators (Goulette, Moffett &

Mark Moffett
345 Coon Jeffcoat Road
Soso, Mississippi

Gibbs) are absolutely immune from arbitral acts in cases over which they have jurisdiction. As the Arbitrator functions in a way comparable to a judge, the Arbitrator's immunity will extent at least as far as a judge would.

17. In commercial arbitrations (F.A.A. applicable) all arbitrators, however chosen; are supposed to act as neutrals. Accordingly, party-appointed commercial arbitrators are entitled to and have received the full protection of arbitral immunity. One of the primary reasons for arbitral immunity, preservation of arbitral independence, secondary is recruitment and decisional finality. See: 552 F.2d 778, 781 (1977); 586 F. Supp. 545, 550 (N.D. 111 1984); 451 F. Supp. 522, 527 (E.D. Pa. 1978); 123 LRRM 2262 (N.D. Ga. 1985).

18. Each claim and/or reference evidences the arbitrator acting only when engaged to act and only within the limits of the F.A.A. and the contract between the parties. The award amount is agreed upon by the parties within the contract per the terms of the contract. The Arbitrators are not being accused of an obvious miscalculation by the Plaintiff(s) thus the F.A.A. renders such a claim Moot.

The aforementioned is true and wholly accurate and presented this 15th day of January 2020 as such, so help me God.

/s/ Mark Moffett

Mark Moffett
345 Coon Jeffcoat Road
Soso, Mississippi

## CERTIFICATE OF SERVICE

I, Mark Moffett, being at or above the age of 18, of the majority and a citizen of the United States of America, did mail the documents to the following:

United States District Court
Southern District of Mississippi
701 Main Street
Hattiesburg, MS 39401

Upshaw, Williams, Biggers & Beckham, LLP
309 Fulton Street, P.O. Drawer 8230
Greenwood, MS 38935-8230

Affixing the proper postage and depositing it with the local postal carrier, also being of the age of the majority, and not a party to this action who upon receipt guarantees delivery as addressed and/or local drop box guaranteeing the same as prescribed in law. If called upon I provide this sworn testimony based on first-hand knowledge of the aforementioned events attesting and ascribing to these facts on this day January 15, 2020.

/s/Mark Moffett