IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**PENNYMAC LOAN SERVICES, LLC**                                **PLAINTIFF**

**V.**                               **CIVIL ACTION NO. 2:19-cv-193-KS-MTP**

**SITCOMM ARBITRATION ASSOCIATION,**
**MARK MOFFETT, SANDRA GOULETTE,**
**RONNIE KAHAPEA, MARK JOHNSON,**
**KIRK GIBBS, and ALARIC SCOTT**                           **DEFENDANTS**

**ORDER**

This cause came before the Court on the document filed by Defendant Ronnie Kahapea titled "Affidavit, Demand to Dismiss Upon Lack of Subject Matter Jurisdiction." [19]. This Court has previously addressed by Order a motion filed by Mr. Kahapea, wherein the Court found the document hard to decipher, which is the case again. Even given a particularly generous reading due to Mr. Kahapea being unrepresented, it is difficult to discern the various arguments made and the relief sought other than dismissal of the action.

To some extent it appears Mr. Kahapea argues that Plaintiff has failed to state a claim in that he denies being a proper defendant and "denies any ties to the SITCOMM ARBITRATION ASSOCIATION et al, other than a service to Arbitrate a contractual issue."[1] However, the Court finds Plaintiff has stated a claim. A review of the Complaint reveals that Plaintiff has sued Mr. Kahapea for his own participation in the allegedly fraudulent arbitration scheme at issue. [1] at ¶¶ 25-35. In addition, Plaintiff seeks to vacate Mr. Kahapea's purported arbitration award pursuant to 9 U.S.C. § 10; thus, he is a proper defendant in this action.

Finally, to the extent Mr. Kahapea argues there is no subject matter jurisdiction, he is incorrect.  It appears from a review of the Complaint that there is diversity jurisdiction under 28

U.S.C. § 1332.  The Plaintiff has alleged that it is completely diverse from all named defendants with regard to their citizenship. [1] at ¶¶ 6-13. Also, the purported arbitration awards exceed the $75,000 jurisdictional limit. [1-3] at p. 10 ¶ 14; [1-5] at p. 6 ¶ 8.[2]  Therefore, the Court finds that there is proper subject matter jurisdiction over this lawsuit.[3]

THEREFORE, it is hereby ORDERED that the motion titled "Affidavit, Demand to Dismiss Upon Lack of Subject Matter Jurisdiction" is denied.

SO ORDERED AND ADJUDGED this 4th day of February 2020.

/s/ Keith Starrett_____
KEITH STARRETT
UNITED STATES DISTRICT JUDGE

---

[1] [19] at p. 1, 3.
[2] There is also federal question jurisdiction pursuant to 28 U.S.C. § 1331, as there is a claim under the civil RICO statute, 18 U.S.C. § 1961, et seq. However, such counts are not pled against Mr. Kahapea. *See* [1] at ¶¶ 72-89.
[3] As for the request that the undersigned District Judge be appointed some sort of "fiduciary trustee" for Mr. Kahapea, *see* [19] at p. 2, 4, the Court is at a loss for the basis of such a non-sensical request. As such, it is also denied.