## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## EASTERN DIVISION

**PENNYMAC LOAN SERVICES, LLC**  PLAINTIFF

V.  CIVIL ACTION NO. 2:19-cv-193-KS-MTP

**SITCOMM ARBITRATION ASSOCIATION,**
**MARK MOFFETT, SANDRA GOULETTE,**
**RONNIE KAHAPEA, MARK JOHNSON,**
**KIRK GIBBS, and ALARIC SCOTT**  DEFENDANTS

### ORDER

This cause is before the Court *sua sponte* regarding the following documents that have been filed in this case:

> Motion to Demurrer filed by Eeon [25];
>
> Motion to Stay Proceedings by filed by Kirk Gibbs [26];
>
> Motion to Stay Proceedings filed by Eeon [27];
>
> Answer to Complaint filed by Mark Moffett [28]; and
>
> Motion to Stay Proceedings filed by Mark Moffett [29].

**1.  Filings by Mark Moffett**

With regard to the Answer and Motions to Stay Proceedings filed by Mark Moffett [28, 29], the Answer will be stricken and the Motion denied as moot. On January 31, 2020, a Clerk's Entry of Default was entered against Mark Moffet, among others. [23]. As such, in order to proceed in this matter, Mr. Moffett must file a proper motion seeking to set aside such default by showing good cause for his failure to timely answer. *See* Fed. R. Civ. P. 55(c); *Lacy v. Sitel Corp.*, 227 F.3d 290, 291-292 (5th Cir. 2000) (setting forth the three factors courts consider when determining whether to set aside default).

### 2. Filings by Eeon

With regard to the Motion to Demurrer filed by Eeon f/k/a Brett Jones, a demurrer challenges the legal sufficiency of a cause of action. In his motion he states that, "[t]he Complaint as read and presented does not state a specific claim that would lend "subject matter," "In Rem," or "Personum" jurisdiction to this Court and such is hereby challenged." [25] at p. 1. In addition, it appears he seeks to raise a counterclaim and seek counter damages in the form of legal costs, filing fees and punitive damages. *Id*. at p. 8.

Whether this document is construed as a demurrer, a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1) or (6), or a counterclaim is of no moment. Eeon is not a named party to this action, and thus, has no standing to bring either a motion challenging the sufficiency of the claims or a counterclaim in this action, and his motion will be denied. The same is true for his Motion to Stay. It will likewise be denied.[1]

### 3. Motion to Stay Proceedings

As for the Motion to Stay Proceedings filed by Kirk Gibbs [26], the title of the motion indicates that the relief is sought pursuant to the Federal Arbitration Act, which statute states:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, ***upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement***, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3 (emphasis added). The very heart of Plaintiff's present lawsuit deals with the validity of the entire arbitration process in this case, as such the Court is ***not*** satisfied that any

---

[1] To the extent Eeon is seeking to intervene in this cause, he must file a proper motion pursuant to Federal Rule of Civil Procedure 24, particularly subsection (c).

issue is referable to arbitration, let alone that there is an enforceable arbitration agreement in the first place. Therefore, the Motion to Stay Proceedings [26] is denied.

THEREFORE, it is hereby ORDERED that the Motion to Demurrer filed by Eeon [25] is DENIED; the Motion to Stay Proceedings by filed by Kirk Gibbs [26] is DENIED; the Motion to Stay Proceedings filed by Eeon [27] is DENIED; the Answer to Complaint filed by Mark Moffett [28] is STRICKEN; and the Motion to Stay Proceedings filed by Mark Moffett [29] is DENIED AS MOOT.

SO ORDERED AND ADJUDGED this 4th day of February 2020.

                                                                   /s/ Keith Starrett_____
                                                                   KEITH STARRETT
                                                                   UNITED STATES DISTRICT JUDGE