# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**PENNYMAC LOAN SERVICES, LLC**                                                          **PLAINTIFF**

**v.**                                                       **CIVIL ACTION NO. 2:19-cv-193-KS-MTP**

**SITCOMM ARBITRATION ASSOCIATION, ET AL.**                              **DEFENDANTS**

## ORDER

THIS MATTER is before the Court on the Motion to Intervene [37] filed by "Eeon fka Brett Jones." Having considered the record and the applicable law, the Court finds that the Motion should be denied.

On December 11, 2019, Plaintiff PennyMac Loan Services, LLC filed this action. *See* Complaint [1]. Plaintiff alleges that Defendant Sitcomm Arbitration Association ("Sittcomm") is an illegitimate arbitration company.[1] Plaintiff specifically alleges that:

> Sitcomm is a sham arbitration organization that uses the guise of legitimacy to market itself as an authorized and legitimate arbitration company to attract paying customers and collect fees. After Sitcomm extracts an arbitration 'fee' from these customers, Sitcomm then issues fake exorbitant final arbitration awards against various entities, despite no arbitration hearing having ever been held, no arbitration provision existing that permits the parties to arbitrate their claims, and without proper notice or an opportunity for any party to be heard.

*See* [1] at 2.

Plaintiff names Sitcomm, Mark Moffett, Sandra Goulette, Ronnie Kahapea, Marck Johnson, Kirk Gibbs, and Alaric Scott as Defendants. Plaintiff alleges that Alaric Scott is the president of Innovated, Sandra Goulette is a director of Sitcomm, and Mark Moffett and Kirk Gibbs are arbitrators with Sitcomm. Plaintiff also alleges that Ronnie Kahapea and Mark

---

[1] According to Plaintiff, Sitcomm is a trade name registered to Innovated Holdings, Inc. ("Innovated").

1

Johnson paid Sitcomm to conduct arbitrations and issue multimillion-dollar arbitration awards against Plaintiff and that these individuals sought to affirm these awards in court. Plaintiff asserts claims for libel and defamation, tortious interference with prospective economic advantage, civil conspiracy, and violations of the Federal RICO statute. Plaintiff also seeks a declaratory judgment holding that the subject arbitration awards are void and seeks preliminary and permanent injunctions prohibiting Defendants from attempting to enforce the arbitration awards.

In its Complaint, Plaintiff mentions an individual known as "EeoN." Plaintiff does not name this individual as a defendant, but alleges as follows:

> Plaintiff is informed and believes that the scheme is promulgated by an individual who goes by the username 'EeoN' on YouTube. In a YouTube video posted on December 4, 2019, Eeon references Sitcomm and attempts to distinguish the acts of individual arbitrators, who he claims are independent contractors of Sitcomm, from the acts of Sitcomm in conducting arbitrations for the sole purpose of avoiding exposing Sitcomm to liability for allegations of collusion or fraud against Sitcomm for these phantom 'arbitrations' and fake 'arbitration awards."

[1] at 3-4.

On February 19, 2020, "Eeon fka Brett Jones" (hereinafter referred to as "Movant") filed the instant Motion seeking to intervene in this action pursuant to Fed. R. Civ. P 24. Rule 24 provides for two types of intervention: intervention of right pursuant to Rule 24(a) and permissive intervention pursuant to Rule 24(b). Rule 24(a) provides as follows:

> On timely motion, the court must permit anyone to intervene who:
>
> . . .
>
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

2

Fed. R. Civ. P. 24(a)(2).  To intervene of right a movant must establish the following:

> (1) The application for intervention must be timely; (2) the application must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair his ability to protect that interest; (4) the applicant's interest must be inadequately represented by the existing parties to the suit.

*Taylor Commc'ns Grp., Inc. v. Southwestern Bell Tel. Co.*, 172 F.3d 385, 387 (5th Cir. 1999).  A movant's "[f]ailure to meet any one of these requirements is fatal to a claim of intervention as of right." *Id*.

Assuming that the Motion to Intervene [37] is timely, Movant has failed to satisfy the last three requirements.  To meet the second requirement, Movant must show that he has a "direct, substantial, legally protectable interest in the proceedings." *Diaz v. Southern Drilling Corp.*, 427 F.2d 1118, 1124 (5th Cir 1970) (citations and quotations omitted).  The interest asserted by Movant must be "one which the *substantive* law recognizes as belonging to or being owned by the applicant." *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 470-71 (5th Cir. 1984).  The asserted interest is insufficient to justify intervention if it is "too contingent, speculative, or remote from the subject of the case." *Bear Ranch, LLC v. Heartbrand Beef, Inc.*, 286 F.R.D. 313, 316 (S.D. Tex. 2012).

Movant states that Plaintiff "indirectly named [him] in this matter, claimed that he is somehow involved in a conspiracy and fraud and placed such information contained in their Complaint on the public record."  Movant does not clearly explain what claims or defenses he wishes to assert in this action, but he argues that he should be able to "defend his stance" and that Plaintiff "failed to prove any of the elements of fraud or conspiracy and [he] has a right to defend himself in a manner consistent with his moral convictions."  Plaintiff, however, does not

demonstrate that he has a "direct, substantial, legally protectable interest in the proceedings." *Diaz*, 427 F.2d at 1124.

Citing a case from the Ninth Circuit,[2] Movant argues that granting intervention is particularly appropriate where the injunctive relief sought by plaintiff would have a direct, immediate, and harmful effect upon the movant's legally protectable interests.[3] The injunctive relief Plaintiff seeks in this action would void the subject arbitration awards and prevent the Defendants from attempting to enforce the awards. Movant does not explain how this would harm any of his legally protectable interests. Movant has not asserted an economic—or other direct, substantial, legally protectable—interest in the outcome of this action, and the fact that he was mentioned in the Complaint does not give rise to a substantial or direct interest in this action. *See New York News, Inc. v. Kheel*, 972 F.2d 482 (2d Cir. 1992) (denying intervention where a nonparty mentioned in a complaint as participating in an alleged conspiracy, but not named as a defendant, moved to intervene in order to seek Rule 11 sanctions). At best, Movant has a limited, contingent, and indirect interest in this litigation. As the Movant has failed to meet the second requirement for intervention as a right, the Motion to Intervene based on Rule 24(a) is denied.[4]

As for permissive intervention, Rule 24(b) provides that "[o]n timely motion, the court may permit anyone to intervene who: . . . has a claim or defense that shares with the main action

---

[2] *Southwest Cir. for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001).

[3] Other than this argument, Movant simply recites the standard for intervention of right and makes the conclusory argument that he satisfies all of the requirements for intervention.

[4] Movant has also failed to demonstrate that the disposition of this action will impair his ability to protect any interest and has failed to demonstrate that any interest is inadequately represented by the existing parties.

a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).  "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).  Even if the requirements of Rule (24)(b)(1)(B) are met, permissive intervention is wholly discretionary with the court. *New Orleans Pub. Serv., Inc.*, 732 F.2d at 470-71.

In seeking permissive intervention, Movant argues that he can provide the Court "with a perspective it might not otherwise hear, thereby aiding in the disposition of the case."  The Court finds that the Movant's "perspective" does not justify intervention.[5]  In exercising its discretion, the Court finds that permissive intervention should be denied.

IT IS, THEREFORE, ORDERED that the Motion to Intervene [37] is DENIED.

SO ORDERED this the 26th day of March, 2020.

                                                                                        s/Michael T. Parker
                                                                                        UNITED STATES MAGISTRATE JUDGE

---

[5] If the parties determine that Movant has relevant information that would serve their interests in this action, they may seek to obtain it during the discovery process and/or call him as a witness at trial.