IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

PENNYMAC LOAN SERVICES, LLC                                    PLAINTIFF

V.                                            CIVIL ACTION NO. 2:19-cv-193-KS-MTP

SITCOMM ARBITRATION ASSOCIATION,
MARK MOFFETT, SANDRA GOULETTE,
RONNIE KAHAPEA, MARK JOHNSON,
KIRK GIBBS, and ALARIC SCOTT                                   DEFENDANTS

## ORDER

This cause comes before the Court on the following motions that have been filed in this case and are now ripe for rulings:

1) Motion to Demurrer filed by Kirk Gibbs [32], to which Plaintiff has responded [40], but no reply was filed;

2) Motion to Dismiss by filed by Sandra Goulette [36], to which Plaintiff has responded [42], but no reply was filed;

3) Motion to Strike filed by Plaintiff [44], to which Sandra Goulette responded [46], and Plaintiff replied [47]; and

4) Motion to Dismiss Ronnie Kahapea's Counterclaim, or in the Alternative, Motion for Summary Judgment filed by Plaintiff [48], to which no response has been filed.

## I. BRIEF BACKGROUND

This case arises from arbitration awards issued by the Defendant, Sitcomm Arbitration Association against Plaintiff in favor of two claimants, Defendants Ronnie Kahapea and Mark Johnson. Plaintiff alleges that these awards are a part of a fraudulent scheme and brings this action against the Defendants in their various capacities, seeking declaratory and injunctive relief

and making claims for libel/defamation, tortious interference with prospective economic advantage, civil conspiracy, Federal Civil RICO, conspiracy to violate Federal Civil RICO, and vacation of the arbitration awards.

## II. DISCUSSION

### 1.      Motion to Demurrer

On February 3, 2020, Defendant Kirk Gibbs ("Gibbs") filed an answer to Plaintiff's Complaint [24] that included a request to stay the proceedings (docketed as Doc. No. [26]), which request was previously denied by the Court by Order dated February 4, 2020 [31]. On February 6, 2020, Gibbs filed the instant Motion to Demurrer [32]. To the extent the document is construed a true motion for demurrer, such a motion is procedurally improper as demurrers have been abolished in federal courts. *See* Advisory Committee Notes to Fed. R. Civ. P. 7 for 1937 adoption (explaining that former equity rules abolished technical forms of pleadings). However, the Notes for the 2007 Amendment provide, "If a motion or pleading is described as a demurrer, plea, or exception for insufficiency, the court will treat the paper as if properly captioned."

Accordingly, while a "demurrer" is improper, the Court may construe the motion as one relating to the sufficiency of the pleading, i.e., a motion to dismiss for one of the reasons set forth in Federal Rule of Civil Procedure 12(b). As an initial matter, Gibbs technically cannot file a 12(b) motion because he has already answered the Complaint. *See* Fed. R. Civ. P. 12(b) ("A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed."). However, it appears that Gibbs first argument addresses subject matter jurisdiction, and any party may challenge subject-matter jurisdiction at any time, pursuant to Rule 12(h)(3). *See Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 571 (2004); *Harrell & Sumner Contracting Co. v. Peabody Petersen Co.*, 546 F.2d 1227, 1229 (5th Cir. 1977). Similarly, as to any other arguments, the Court construes Gibbs' motion to dismiss for failure to state a claim as

a Motion for Judgment on the Pleadings made under Rule 12(c), which may be filed after the pleadings are closed. *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999).

### a. Subject Matter Jurisdiction

Unless otherwise provided by statute, federal court jurisdiction requires: (1) a federal question arising under the Constitution, a federal law, or a treaty, *see* 18 U.S.C. § 1331, or (2) complete diversity of citizenship between adverse parties, and the matter in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. In its Complaint, Plaintiff has alleged both. Plaintiff, who is a Delaware limited liability company, alleges diversity jurisdiction in that Plaintiff's citizenship differs from all defendants and the amount in controversy exceeds $75,000.  Plaintiff also alleges a claim under the civil-RICO statute, 18 U.S.C. § 1961, which is a federal law, thereby providing federal question jurisdiction. Therefore, to the extent Gibbs seeks dismissal based on a lack of subject matter jurisdiction, the motion will be denied.

### b. Failure to State a Claim

To the extent Gibbs' motion may be construed as a Motion for Judgment on the Pleadings under Rule 12(c), the standard for Rule 12(b)(6) motions applies. *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). "[T]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Id.* (quoting *Hughes v. The Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir.2001)). In assessing Gibbs' arguments, the Court finds that Gibbs ignores the allegations of the Complaint and appears to argue the merits of the case, or at least his arguments as to the validity of the underlying arbitration awards, which perhaps go to the merits of his defenses. However, these are not proper grounds for dismissal and do not address the sufficiency of Plaintiff's allegations themselves. Contrary to Gibb's assertion that the "sole jurisdiction of this matter is the Federal Arbitration Act," it is the Plaintiff's

Complaint that steers the inquiry of subject matter jurisdiction, and nothing in the Complaint alleges a claim under the FAA.

Without having mounted any specific attack on the sufficiency of allegations in the Complaint for failure to state a valid claim, Gibb has failed to provide the Court with any means by which to dismiss the Complaint. Therefore, the Court denies the Motion in its entirety.

**2.      Plaintiff's Motion to Strike**

In order to address these motions, a recap of the procedural posture of this case in relation to Goulette is in order. A return of service for Goulette was filed on January 8, 2020, indicating that Goulette was served on January 3, 2020. [13] at p. 2. Accordingly, an answer was due on January 24, 2020. On January 31, 2020, upon Plaintiff's motion citing a lack of a responsive pleading, a Clerk's Entry of Default was docketed. [23]. Thereafter, on February 10, 2020, Goulette filed an Opposition to Plaintiff's Application to Clerk for Entry of Default [34], an Answer [35], and the instant Motion to Dismiss [36].

Plaintiff argues both in its response to the Motion to Dismiss and in its Motion to Strike that the Motion and the Answer are wholly improper as there is a default entered against Goulette from which she must first obtain relief prior to appearing further in this matter. Goulette did not file a reply in response to Plaintiff's opposition to the motion, but she did respond to Plaintiff's Motion to Strike, where she argues, as she did in her Opposition to Plaintiff's Application to Clerk for Entry of Default, that she did timely respond to the Complaint. She claims that she provided Certificates of Service to the Court and to counsel on two separate occasions.[1]

The Court notes that attached to Goulette's Motion to Dismiss is an Answer that appears to be signed on January 21, 2020, and a certificate of service, stating that the documents were

---

[1] Goulette also takes issue with the affidavit filed in support of the Clerk's default; however, because the affidavit is not the subject of any proper motion, the Court will refrain from addressing Goulette's complaints in that regard.

mailed to the Court on January 22, 2020. [36-1], [36-2]. She also attaches a prior Motion to Dismiss signed on January 21, 2020 and a certificate of service, which states that the motion was mailed to the Court on January 22, 2020. However, none of these pleadings were docketed, and the time to respond had expired by the time Goulette filed these three documents on February 10, 2020. Plaintiff does not indicate that she mailed her original Answer and Motion to Dismiss via certified mail with tracking so that the Court could determine whether the documents were ever received by the Court.[2] Plaintiff seeks to have all three filings stricken due to the default.

Based on Goulette's arguments, it is clear that she is desirous of proceeding on the merits in this case, and the Court is cognizant that Goulette is proceeding *pro se*. As such, although no such specific motion has been made, the Court will construe Goulette's response to the Motion to Strike and her Plaintiff's Application to Clerk for Entry of Default [34] as a request to set aside the Clerk's Default.

In construing the verbiage in Goulette's filings as a request to set aside the default, the Court feels compelled to explain its inclination to do so despite that Plaintiff has not had an opportunity to directly object to such construction. The next step after a default has been entered under Federal Rule of Civil Procedure 55(a) is for a plaintiff to move for a default judgment under Rule 55(b), which Plaintiff has not yet done. Nonetheless, as the Fifth Circuit has explained, default judgments are "generally disfavored in the law," and should Plaintiff seek one, it "should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement." *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000) (quoting *Mason & Hanger—Silas Mason Co. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir.1984)). Thus, "where there are no intervening equities any doubt should, as a general proposition, be resolved in favor of the movant to the end of securing a trial upon the merits." *Id*. Because

---

[2] Goulette did send her Opposition to Plaintiff's Application to Clerk for Entry of Default [34] via certified mail. [34] at p. 2.

5

Plaintiff's only argument in its Motion to Strike is that a default has been entered and the filings are, therefore, untimely, the Court finds it proper to circumvent what it finds will be an eventual denial on any motion for default judgment and proceed to determine whether leave of Court should be granted to set aside the default and proceed to the merits.

Under the Rules, this Court may set aside the entry of default for good cause. *See* Fed. R. Civ. P. 55(c).

> To determine whether good cause to set aside a default exists—a decision necessarily ... informed by equitable principles—we have found it useful to consider three factors ... whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented. Other factors may also be considered, including whether the defendant acted expeditiously to correct the default. A finding of willful default ends the inquiry, for when the court finds an intentional failure of responsive pleadings there need be no other finding.

*Lacy*, 227 F.3d at 292.

It is clear from the timing of the filings and the content of Goulette's filing that there was no willfulness on her part, and she acted timely to attempt to rectify the default. The Clerk's default was entered on January 31, 2020, and within two weeks she sought to oppose the application, and indicated that she did timely answer. Although the Answer dated January 21, 2020 that Goulette filed as an attachment to her February 10th Motion to Dismiss was not originally sent via certified mail, and thus apparently not trackable, there is no basis for the Court to find Goulette is being untruthful when she assets that they were mailed. Thus, the Court finds it prudent to err on the side of caution, give Goulette the benefit of the doubt, and assume that either, for some reason, the Court did not receive it or there was an inadvertent mix-up.

Next, the Court finds that there will be no prejudice to Plaintiff to set aside the default against Goulette. The case is still in its infancy. No Case Management Order has been entered in the case, and no discovery has been conducted. Thus, there appears to be no potential for unfair

prejudice in the record. As for the third consideration, and any meritorious defense, the Court has reviewed the Answer, and although finding it a bit difficult to decipher, again, the Court is cognizant that Goulette is proceeding *pro se*, and will allow the case to proceed in order to determine the sufficiency of any defenses.

Based on the foregoing, the Court, *sua sponte*, will set aside the default and allow leave for Goulette to respond to the Complaint. Accordingly, Plaintiff's Motion to Strike [44] will be denied. Goulette's Answer filed on February 10, 2020 [35] will not be stricken and shall be deemed her responsive pleading. We now briefly address Goulette's Motion to Dismiss.

### 3.      Goulette' Motion to Dismiss

With regard to Goulette's Motion to Dismiss [36], the Court first notes that the motion is virtually identical to Gibbs' Motion to Demurrer addressed above, and, for that reason, suffers the same infirmities. For the reasons previously stated, the motion will be denied.

### 4.      Plaintiff's Motion to Dismiss Ronnie Kahapea's Counterclaim, or in the Alternative, Motion for Summary Judgment

On January 3, 2020, Defendant Ronnie Kahapea filed a document titled "Affidavit, Discovery, Dismiss Upon Failure to State a Claim Upon Which Relief Can Be Granted, Counterclaim." The document was docketed twice—once as a Motion to Dismiss [10] and also as an Affidavit/Counterclaim [11]. On January 9, 2020, the Court issued an Order *sua sponte* denying the Motion to Dismiss. Plaintiff now seeks to dismiss any alleged counterclaim. Kahapea has not responded to Plaintiff's motion. Plaintiff argues that dismissal is proper because there are no allegations or claims asserted against Plaintiff in the document. The Court agrees.

As Plaintiff points out, in this action, Plaintiff has alleged that Kahapea participated in a fraudulent scheme by initiating an arbitration against Plaintiff without giving proper notice of his claims and then seeking to confirm an allegedly invalid arbitration award in an action filed in

New Mexico. In response to the Complaint, Kahapea filed the document at issue that was docketed twice. While a party is certainly permitted to assert a counterclaim pursuant to Federal Rule of Civil Procedure 13(a) if arising out of the same transaction or occurrence, it is not clear from Kahapea's document that he is truly and presently asserting a counterclaim.[3] Nonetheless, to the extent he is attempting to assert a counterclaim, the Court will review the claim under the standard established for Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

When deciding a Rule 12(b)(6) motion to dismiss, the Court is limited to the allegations set forth in the Counterclaim and any documents attached thereto. *Walker v. Webco Indus., Inc.*, 562 F. App'x 215, 216–17 (5th Cir. 2014) (per curiam) (citing *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F. 3d 833, 839 (5th Cir. 2004)). Like a Complaint, a Counterclaim "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Phillips v. City of Dallas, Tex.*, 781 F. 3d 772, 775–76 (5th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

Having reviewed the document at issue filed by Kahapea, although it is captioned as a Counterclaim, there are no allegations of any misconduct on the part of Plaintiff. Rather the document contains a plethora of discovery requests, as the Court pointed out in its prior Order denying Kahapea's Motion to Dismiss and Request for Discovery. *See* [15]. There are simply no allegations particularly pertaining to Plaintiff nor any alleged past wrongdoing upon which to premise any form of liability. Finding no basis for relief against Plaintiff in any of the statements

---

[3] As Plaintiff points out, other than the title of the document and a heading, the only mention of a claim is when Kahapea states, apparently in reference to a demand for discovery, "If the Plaintiff and Attorneys involved do not comply with their answers to this demand, the Court will Dismiss this Claim and remedy the Defendant in a Counterclaim, and Defendant will justify the wrongful claims made in this case by the Plaintiff and Attorneys and demand a Confirmation and payment to the Award, Damages, Attorney and Court Fees involved, collected from the Plaintiff." [11] at p. 12.

or allegations set forth in the "Counterclaim," and to the extent a perceived Counterclaim remains pending, the Court finds dismissal for failure to state a claim is warranted.

## III. CONCLUSION

In accordance with the foregoing, it is hereby ORDERED as follows:

1) The Motion to Demurrer filed by Kirk Gibbs [32] is DENIED.

2) The Motion to Dismiss by filed by Sandra Goulette [36] is DENIED.

3) The Motion to Strike filed by Plaintiff [44] is DENIED. The Court, having construed Goulette's filings as a request to set aside the Clerk's default [23] entered against her, hereby sets aside such default, solely as to Goulette, and grants her leave to respond to Plaintiff's Complaint. Goulette's Answer filed on February 10, 2020 [35] is deemed her responsive pleading.

4) The Motion to Dismiss Ronnie Kahapea's Counterclaim, or in the Alternative, Motion for Summary Judgment filed by Plaintiff [48] is GRANTED. Any counterclaim attempted to be set forth in CM/ECF Doc. No. [11] is hereby dismissed. The alternative request for summary judgment is denied as moot.

With the pleadings now being closed, the parties are directed to proceed with a Case Management Conference.

SO ORDERED AND ADJUDGED this 7th day of May 2020.


/s/ Keith Starrett_____
KEITH STARRETT
UNITED STATES DISTRICT JUDGE