IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

PENNYMAC LOAN SERVICES, LLC                                           PLAINTIFF

                                                  CIVIL ACTION NO. 2:19cv193-KS-MTP

SITCOMM ARBITRATION ASSOCIATION, *et al.*                          DEFENDANTS

**CASE MANAGEMENT ORDER**

This Order, including the deadlines established herein, having been established with the participation of all parties, can be modified only by order or the court upon a showing of good cause supported with affidavits, other evidentiary materials, or reference to portions of the record.

**IT IS HEREBY ORDERED:**

1. **ESTIMATED DAYS OF TRIAL:** ___3___

   **ESTIMATED TOTAL NUMBER OF WITNESSES:** ___8-10___

   **EXPERT TESTIMONY EXPECTED**: ___No___ **NO. OF EXPERTS** _____

2. **ALTERNATIVE DISPUTE RESOLUTION [ADR].**

   _____  A.  Alternative dispute resolution techniques appear helpful and will be used in this civil action as follows:

   ___X___  B.  At the time this Case Management Order is offered it does not appear that alternative dispute resolution techniques will be used in this civil action.

3. **CONSENT TO TRIAL BY UNITED STATES MAGISTRATE JUDGE.**

   _____  A.  The parties consent to trial by a United States Magistrate Judge.

   ___X___  B.  The parties do not consent to trial by a United States Magistrate Judge.

4. **DISCLOSURE.**

   _____  A.  The pre-discovery disclosure requirements of L.U.Civ.R.26(a)(1) have been complied with fully.

    __X__    B. The following additional disclosure is needed and is hereby ordered:

Pursuant to the Court's Initial Order dated May 7, 2020 ("Initial Order"), the parties were ordered to serve their initial disclosures pursuant to Federal Rules of Civil Procedure Rule 26 at least 7 days prior to the Case Management Conference. The Initial order also required the parties to meet and confer prior to the Case Management Conference. PennyMac scheduled the telephonic conference and sent a letter to all parties with the date, time, and call-in details. None of the defendants called-in for the Rule 26(f) conference. Thus, counsel for PennyMac was unable to discuss the timing of the initial disclosures or this proposed Case Management Order with any of the defendants.

At the case management conference, Plaintiff indicated that it mailed its pre-discovery disclosures to all Defendants on June 11, 2020. Plaintiff was directed to file a Notice of Service of the initial disclosures and to mail another copy of its disclosures to Defendant Kirk Gibbs at the address listed in paragraph 5 below.

None of the Defendants have made their initial disclosures as ordered. Each Defendant is ordered to made initial disclosures on or before July 1, 2020. **Failure to do so may result in the imposition of sanctions or otherwise adversely affect Defendants' rights.**

5. **NOTICE TO DEFENDANTS**

**This Order sets important deadlines which govern the conduct of this case. Failure to meet the deadlines or comply with this or other orders may adversely affect your rights, including entry of a default judgment.**

While parties may obtain counsel at any time, their failure to do so promptly may adversely affect or compromise their rights. The court is obligated to apply the law and the applicable rules of court regardless of whether a party is represented by counsel.

As an unrepresented party, you shall receive pleadings, orders, and other important documents in this case via U.S. Mail. You shall immediately notify the court clerk, in writing, if your mailing address changes. Otherwise, you may miss important case deadlines and your rights may be adversely affected or compromised.

Defendant Kirk Gibbs stated that his address is 4155 Lawrenceville Highway, PMB 8119, Lilburn, GA 30047. The Court advised him to notify the clerk of court, in writing, of his correct address.

Defendants Mark Johnson and Ronnie Kahapea did not participate in the case management conference as ordered, nor did they (or any other defendant) submit their confidential settlement memoranda or participate in a Rule 26(f) conference. As noted above, failure to meet deadlines or follow court orders may result in the imposition of sanctions or have other adverse consequences, including entry of a default judgment.

**6. MOTIONS; ISSUE BIFURCATION/OTHER.**

    __X__    A. The court finds and orders that staged resolution, bifurcation, or consolidation of the issues for trial in accordance with Fed.R. Civ. P. 42(b),

    _____    (1) Will assist in the prompt resolution of this action.

    __X___    (2) Will not assist in the prompt resolution of this action.

    __X__    B. The court finds and orders that filing of the following motion(s) might significantly affect the scope of discovery or otherwise expedite the resolution of this action:

PennyMac may file a Motion for Default Judgment as to the defaulted defendants and a Motion for Summary Judgment.

PennyMac may also move to enjoin Defendants Ronnie Kahapea and/or Mark Johnson from filing further lawsuits to enforce their arbitration awards.

PennyMac may also seek injunctive relief against Defendant SITCOMM Arbitration Association.

PennyMac may also move to vacate the arbitration awards.

**7. DISCOVERY PROVISIONS AND LIMITATIONS.**

    **A.** Interrogatories are limited to __30__ succinct questions.

    **B.** Requests for Production are limited to __30__ succinct questions.

    **C.** Requests for Admissions are limited to __30__ succinct questions.

    **D.** Depositions are limited to the parties, experts, and no more than __5__ fact witnesses per party without additional approval of the court.

**E.** The parties have complied with the requirements of Local Rule 26(f)(2) and (3)(C) regarding discovery of electronically stored information and have concluded as follows:

As to its own documents, PennyMac does not foresee any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.

However, none of the Defendants participated in the Rule 26 telephonic conference and therefore, this issue was not discussed. PennyMac is unsure whether all of the Defendants are appropriately preserving electronically stored information.

The individual Defendants indicated that they may have relevant electronically stored information on their personal computers.

By the Court: All parties are ordered to retain any relevant ESI.

**F.** The court imposes the following discovery provisions or limitations:

Pursuant to Rule 502(d) of the Federal Rules of Evidence, the attorney-client privilege and the work-product protections are not waived by any disclosure connected within this litigation pending before this Court. Further, the disclosures are not waived in any other federal or state proceeding.

The court desires to avoid the necessity of filing written discovery motions where court participation in an informal discussion of the issue might resolve it, even after the parties have been unsuccessful in a good faith attempt to do so. Consequently, before a party may serve any discovery motion, counsel must first confer in good faith as required by F.R.Civ.P. 37(a)(1). If the attorney conference does not resolve the dispute, counsel must contact the chambers of the magistrate judge to request a telephonic conference to discuss the issue as contemplated by F.R.Civ.P. 16(b)(3)(v). Only if the telephonic conference with the judge is unsuccessful in resolving the issue may a party file a discovery motion.

**8. Scheduling Deadlines.**

**A. Trial.**

1. This matter is set for trial during a two week trial calendar: June 7-18, 2021 before Senior District Judge Keith Starrett.

ANY CONFLICTS WITH THIS TRIAL DATE MUST BE SUBMITTED IN WRITING TO THE TRIAL JUDGE IMMEDIATELY UPON RECEIPT OF THIS CASE MANAGEMENT ORDER.

2. This is a  \_\_\_\_\_ Jury Trial     \_\_X\_\_ Non-Jury Trial

**B. Pretrial.** The pretrial conference is set on: May 20, 2021 before Senior District Judge Keith Starrett.

**C. Discovery.** All discovery shall be completed by January 11, 2021.

**D. Amendments.** Motions for joinders of the parties or amendments to the pleadings must be filed by: July 17, 2020.

**E. Experts.** The parties' experts shall be designated by the following dates:

1. Plaintiff(s): October 1, 2020
2. Defendant(s): November 2, 2020

**F. Motions.** All dispositive motions and *Daubert*-type motions challenging another party's expert must be filed by: January 25, 2021. The deadline for motions *in limine* is twenty-one days before the pretrial conference; the deadline for responses is fourteen days before the pretrial conference.

**G. Settlement Conference.** Not scheduled at this time.

**H. Report Regarding ADR.** On or before May 13, 2021 (7 days before the final pre-trial conference), the parties must report to the undersigned all ADR efforts they have taken to comply with the Local Rules or provide sufficient facts to support a finding of just cause for failure to comply. *See* L.U.Civ.R. 83.7(f)(3).

**SO ORDERED** this the 18th day of June, 2020.

                                                      s/Michael T. Parker
                                                      UNITED STATES MAGISTRATE JUDGE