**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**



PENNYMAC, ET AL.,

      Plaintiff(s),

v.

SITCOMM ARBITRATION ASSOCIATION, ET AL.,

      Defendant(s).

Civil Action No.:  2:19-cv-000193-KS-MTP

*11ᵗʰ Amendment Immunity,*

*Judicial Act*

## AN AFFIDAVIT

### I.  Arbitral Immunity.

1.  The court, through Magistrate Parker; has issued an "offer to contract, whereby he suggested that if certain acts or performances are not effective by the parties, then these non-compliant parties shall be subject to penalties.  (See: Doc. 5).

2.  We conditionally accept the offer under the terms of the arbitration agreement located at saalimited.com and associated conditions.

3.  The court attempts to get the parties to submit to another alternative dispute resolution, whereby to do so would create confusion and a conflict of interest.

4.  We further note that the claims made by the Plaintiff(s) are mainly against, "arbitrators" and/or "arbitration associations," while performing (a) judicial act(s).  We must note that an act is judicial if it is normally performed by a judge – *Stump v. Sparkman*, 435 US 349 (1978).

5.  'Is the issuance of an arbitration award and/or conducting an arbitration hearing acts normally performed by a judge?'

Note:  One, primary reason for arbitral immunity is preservation of arbitral independence;

Second, is recruitment and decisional finality…

The arbitrator acts as a judge between the parties and is entitled to and receives the full

protection of arbitral immunity – 552 F.2d 778, 781 (1977); 586 F. Supp. 545, 550 (N.D. Ill

1984); 451 F. Supp. 522, 527 (E.D. Pa. 1978); 123 LRRM 2262 (N.D. Ga. 1985).

6.  The Plaintiff(s) are suing the Arbitrator's and the Association, in their judicial capacity

for acts completed while under their FAA and contract sanctioned capacities.  The court

may not waive judicial immunity as:

"[Arbitrator's] of courts of superior or general jurisdiction are not liable to civil actions

for their judicial acts, even when such acts are in excess of their jurisdiction or alleged to

have been done maliciously or corruptly."  80 US (13 WALL) 335, 351 (1871); 386 US

547 (1967); Stump, 435 US 349 (1978).

7.  The court has made a claim that the Plaintiff(s) can, in instances such as this; pierce the

vail of "sovereign immunity, simply because the court has participated in at least seven

(7) hearings which involved "Sitcomm Arbitration Association."  How in each he

reached the same conclusions, that Fed. Civ. 9(b) was not applicable, that 9 U.S.C. §

10(a) and 12 were discretionary, we attach by reference those rulings so as to document

and demonstrate a propensity toward bias and partiality.

8.  Why this court suggested that a responsive motion must be sent the court via "certified

mail," yet no law, rule, ordinance, regulation can be found to support such a conclusion.

In fact, "a letter properly addressed and delivered to the Post-Office is deemed received,"

this is the only presumption permitted at law, yet the court will claim 'I was merely

suggesting …" Legal advice by the court is highly frowned upon.

Page 2 of 4

9. The court must dismiss the complaint against the arbitrators and the association under the 'judicial act,' Immunity Doctrine.

10. The claims against Johnson and Kahapea can not stand as without arbitrator support they can not be accused of either fraud or conspiracy (4 & 5 elements must respectively with particularity), the Plaintiff(s) must bare the burden of proving fraud, proving conspiracy, all the while they are prohibited per the 11th Amendment from taking any civil action against the "arbitrators" or the "association."

11. The court must know that we will not testify, we will plead the 5th and 11th Amendment Protections as we choose to solely rely on Judicial (Supreme Court of the United States) precedent and accept the protections offered thereby.

The aforementioned is based upon actual firsthand knowledge and/or other personal information is wholly accurate and attested as such with God, as a witness, on this 18th day of June 2020.

Sandra Goulette

## CERTIFICATE OF SERVICE

I,    Sandra Goulette, being at or above the age of 18, of the age of the majority and a citizen of the United States of America, did mail the documents to the following:

**Motion to Dismiss – Due to Subject Matter Jurisdiction**

United States District Court
Southern District of Mississippi
701 Main Street
Hattiesburg, MS 39401                    U.S.P.S. Tracking No.: 9405511699000569147263

Upshaw, Williams, Biggers & Beckham, LLP
309 Fulton Street, P.O. Drawer 8230
Greenwood, MS 38935-8230              U.S.P.S. Tracking No.: 9405511699000569151352

Affixing the proper postage and depositing it with the local postal carrier, also being of the age of the majority, and not a party to this action who upon receipt guarantees delivery as addressed and/or local drop box guaranteeing the same as prescribed in law. If called upon I provide this sworn testimony based on firsthand knowledge of the aforementioned events attesting and ascribing to these facts on this day June 18, 2020.

/s/ Sandra Goulette