IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION



PENNYMAC, ET AL.,       Civil Action No.: 2:19-cv-000193-KS-MTP

    Plaintiff(s),

v.      *MOTION TO DISMISS*

     *DUE TO SUBJECT MATTER JURISDICTION*

SITCOMM ARBITRATION ASSOCIATION, ET AL.,

    Defendant(s).

I. **An Affidavit in support of this Motion to Dismiss Due to Subject Matter Jurisdiction:**

1. "This case arises from Arbitration Awards issued by the Defendant(s)" (Court Order dated May 07, 2020, Doc. 52).

2. "These awards are a part of a fraudulent scheme."

3. "Plaintiff … brings this action against the Defendants … seeking declaratory and injunctive relief and making claims for … vacation of the arbitration award (See: I. Brief Background of Doc. 52).

4. "However, these are not proper grounds for dismissal and do not address … Plaintiff(s) allegations themselves …"

5. "Contrary to Gibb's assertion that the "sole jurisdiction of this matter is the Federal Arbitration Act" … and nothing in the complaint alleges a claim under the Act …"

6. The very specific claims by the Plaintiff(s) that 'the awards were procured by fraud (9 U.S.C. § 10(a)) and vacation of arbitration awards (9 U.S.C. § 12), which are held under Title 9 U.S.C. §§ 1-16 and was a proper claim, a proper response to the allegation.

7. There was a counterclaim to have 'the award confirmed.' 'This is a 9 U.S.C. § 9 proper claim as any party to the award may petition the court and the court must grant.'

8. The subject matter is arbitration as identified by the court and is a proper claim statement.

9. The courts, Keith Starrett assumes to ignore the federal procedural standard "the issue of (fraudulent) whether or not the underlying contract was valid or not or the award was procured by fraud, is a matter of 9 U.S.C. §§ 1-16.

## II. There is no Controversy.

10. None of the Defendant(s) have provided a debate, "[40] … [42] … [48] … but no reply was filed … to which no response has been filed …"

11. To give credence to the inappropriately filed Title 28, Title 29, and Title 18 of the United States Codes, as Title 9 is exclusive and remedial.

## III. Conclusion.

12. The court must set aside previous order's, dismissal's and default's due to lack of subject matter jurisdiction.

13. There was a challenge to the purported 'fraudulent arbitration awards' and this is the foundational principle of complaint by the Plaintiff(s). The Plaintiff(s) as acknowledged by the courts Keith Starrett … was 'to vacate the arbitration award.'

14. Per law, 9 U.S.C. § 10 there are very limited provisions for doing so, and none of them are via civil suit.

15. With regard to the issues of injunctive or declaratory relief, the Act provides no such exception, "It's complaint sought injunctive relief," an exception such as this "is inconsistent with the Federal Arbitration Act and this courts precedent … Therefore, when the parties contract delegates the arbitrability question (Plaintiff(s) also raised a claim under Civil RICO statute, 18 U.S.C. § 1961, which is a federal law thereby providing federal question jurisdiction) to an arbitrator, a court may not override a contract, even if the court thinks that the arbitrability claim is wholly groundless. That conclusion follows also from this courts precedent – *See*: *AT&T*, 475 US 643, 649-50; 586 US \_\_\_\_ (2019).

16. The court is attempting to have the Defendant(s) abandon their rights and the contract (compelled performance via assent, act(s), action(s) and/or inaction(s) we are sorry as this is not possible as the provisions of the agreement prohibit and prevent such acts.

17. The burden of proof is on the Plaintiff(s), the Defendant(s) do not believe that they have met the most basic provision of proof of fraud, all elements with particularities, the court stated that they have, however; we feel the court is biased which is why we requested a trial by jury. *See: "Answer to Complaint, Jury Trial Demanded…"*

18. A group of competent men and women will understand 'the subject matter is "arbitration," whether the awards were procured by fraud is a matter for the arbitrator to decide. The Plaintiff(s) admit to intentionally not responding after notification, an act or performance under the agreement, the Plaintiff(s) are estopped from filing any civil action or controversy.' The court refuses to see that the performance agreement, whereby the Plaintiff(s) assent is well documented via conduct/performance grants no jurisdiction

to the court and thus we must object and re-introduce each presentment anew by reference.

The aforementioned is based upon actual firsthand knowledge and/or other personal information is wholly accurate and attested as such with God, as a witness, on this 18th day of June 2020.

/s/ Kirk Gibbs

## CERTIFICATE OF SERVICE

I, Kirk Gibbs, being at or above the age of 18, of the age of the majority and a citizen of the United States of America, did mail the documents to the following:

**Motion to Dismiss – Due to Subject Matter Jurisdiction**

United States District Court
Southern District of Mississippi
701 Main Street
Hattiesburg, MS 39401          U.S.P.S. Tracking No.: 9405511699000569147263

Upshaw, Williams, Biggers & Beckham, LLP
309 Fulton Street, P.O. Drawer 8230
Greenwood, MS 38935-8230       U.S.P.S. Tracking No.: 9405511699000569151352

Affixing the proper postage and depositing it with the local postal carrier, also being of the age of the majority, and not a party to this action who upon receipt guarantees delivery as addressed and/or local drop box guaranteeing the same as prescribed in law. If called upon I provide this sworn testimony based on firsthand knowledge of the aforementioned events attesting and ascribing to these facts on this day June 18, 2020.

/s/ Kirk Gibbs