# Exhibit C

**SITCOMM ARBITRATION ASSOCIATION**
**1001 South White Oak Road**
**White Oak, Texas 75693**
**+ 1 (877) 631-1722**

Website: saalimited.com                           Email: support@saalimited.com

# ALL-PURPOSE PROOF OF SERVICE

I,      SITCOMM ARBITRATION ASSOCIATION, being at or above the age of 18, of the

majority and not a party to the action, a citizen of the United States of America, did mail the

document entitled:              FINAL ARBITRATION AWARD

by placing it in an envelope addressed to: Name and address:

Ronnie Louis Marvel Kahapea
11-2808 Kaleponi Drive
P.O. Box 875
Voclano, Hawaii 96785

Pennymac Loan Services, LLC
P.O. Box 30597
Les Angeles, California 90030

Plaza Home Mortgage, Inc.
P.O. Box 7168
Pasadens, California 91109

Affixing the proper postage and depositing it with the local postal carrier, also being of the age
of the majority, and not a party to this action who upon receipt guarantees delivery as addressed
and/or local dropbox guaranteeing the same as prescribed in law. If called upon I provide this
sworn testimony based on first-hand knowledge of the aforementioned events attesting and
ascribing to these facts on this day June 21, 2019.

THE SITCOMM ARBITRATION ASSOCIATION

# SITCOMM ARBITRATION ASSOCIATION

**1001 South White Oak Road**
**White Oak, Texas 75693**
**+ 1 (877) 631-1722**

Website: www.saalimited.com                    Email: support@saalimited.com

## Office of the Director

This Certification is not valid for use anywhere within the United States of America, its territories or possessions. This Certification does not certify the content of the document for which it is issued.

**I, Sandra Goulette, Director of SITCOMM Arbitration Association**, under and by virtue of the authority vested in me by the Federal Arbitration Act Title 9 Sections 1-9 of the United States Code, Do Hereby Certify that:

### MARK MOFFETT

This Arbitrator has created and executed the attached Arbitration Award, was on the date thereof, the duly qualified Arbitrator for SITCOMM Arbitration Association whose official acts as such should be given full faith and credit in all Courts and Justice and elsewhere.

**In Testimony Whereof**, I hereunto set my hand and have caused to be affixed a director's autograph, on this /2ᵀᴴ day 2019 year of 2ⁿᵈ month, in the year of our Lord.



SANDRA GOULETTE
SITCOMM ARBITRATION ASSOCIATION COMMITTEE MEMBER

No. SAA-191006-RK7652987-8VH389BSY-KAHAPEA

SAA-191006-RK7652987-8VH389BSY

A102A-RK-001

## SITCOMM ARBITRATION ASSOCIATION
1001 South White Oak Road
White Oak, Texas 75693
+ 1 (877) 631-1722

Website: saalimited.com

Email: support@saalimited.com

## FINAL ARBITRATION AWARD

### Sitting in the following composition:

Committee Member:    SANDRA GOULETTE
Laurel, Mississippi

Arbitrator:    MARK MOFFETT
Laurel, Mississippi

In the Matter of the Arbitration Between the Following Parties:

RONNIE LOUIS MARVEL KAHAPEA, ET AL,

CLAIMANT,

v.    Contract No.: SAARK-A102A-061019-MEM

PENNYMAC LOAN SERVICES, LLC, ET AL,

PLAZA HOME MORTGAGE, INC.. ET AL

RESPONDENT(S).

*9 UNITED STATES CODES §1, §2, AND §9*
*THE COMMON LAW*

SEALED.

SAA-191006-RK7652987-8VH389BSY                                    A102A-RK-001

IN THE MATTER OF THE ARBITRATION BETWEEN:

| | § | |
|---|---|---|
| RONNIE LOUIS MARVEL KAHAPEA, ET AL, | § | |
| | § | |
| | § | **Contract No.: SAARK-A102A-061019-MFM** |
| **CLAIMANT(S),** | § | |
| v. | § | |
| | § | **9 UNITED STATES CODES** |
| PENNYMAC LOAN SERVICES, LLC., ET AL.. | § | **§1, §2, AND §9** |
| | § | |
| PLAZA HOME MORTGAGE INC, ET AL | § | |
| | § | |
| **RESPONDENT(S).** | § | |
| | § | SEALED. |

### FINAL ARBITRATION AWARD

Breach or violation of required contract terms:

The parties have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this Title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made. Notice of the application shall be served upon the adverse party and thereupon the court shall have jurisdiction of such party as though they had appeared generally in the proceeding. If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or their attorney as prescribed by law for service of notice of motion in an action in the same court. If the adverse party shall be a nonresident, then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court.[1]

Arbitrator's Name:      Mark Moffett

Hearing Location:      Laurel, Mississippi

This Arbitrator, Mark Moffett; having considered the Claimant's request for dispute resolution on complaint, finds the following:

Jurisdictional Allegations:

- This Arbitrator has Subject Matter Jurisdiction, SMJ: as acknowledged by 9 U.S. Codes §1, §2, §9; 28 U.S. Code §§ 1346; and the established common law not limited to the following specifics:

a.    That Ronnie Louis Marvel Kahapea is a citizen of the state of Hawaii;

b.    That the Respondent(s)

     i. PENNYMAC LOAN SERVICES, LLC, ET AL,

---

[1] July 30, 1947, Ch. 392, 61 Stat. 672

SAA-191006-RK7652987-8VH389BSY                                A102A-RK-001

## II. PLAZA HOME MORTGAGE, INC., ET AL

... Have entered into an agreement whereby they knowingly and intentionally agreed to the following "... Failure and or refusal to respond and provide the requested and necessary Proof of Claims shall be held and noted as agreed to by all parties, that a general response, a nonspecific response, or a failure to respond with specificities and facts and conclusions of common law, and/or to provide the requested information and documentation that is necessary and in support of the agreement shall constitute a failure and a deliberate and intentional refusal to respond and as a result thereby and/or therein, expressing the defaulting party's consent and agreement to said facts and as a result of the self-executing agreement, the following is contingent upon their failure to respond in good faith, with specificity, with facts and conclusions of common-law to each and every averment, condition, and/or claim raised; as they operate in favor of the Claimant, through "tacit acquiescence." Respondent(s) NOT ONLY expressly affirm the truth and validity of said facts set, established, and agreed upon between the parties to the Conditional Acceptance for Value and counter offer/claim for Proof of Claim, also Respondent(s); have agreed and consented to Respondent(s) having a duty and obligation to provide the requested and necessary Proof of Claims which has created and established for Respondent(s) an estoppel in this matter(s), and ALL matter(s) relating hereto; and arising necessarily therefrom; and

2.      The above-captioned matter was set for arbitration after the receipt of the application and dispute resolution complaint on May 23, 2019; and

3.      This Arbitrator has notified all parties listed above (a copy of proof of notification is permanently affixed to this record by reference) granting each party the opportunity to submit documentation, records, proofs, evidence, exhibits, affidavits related to the instant matter, the contract SEQ3OP-53719IUXZA95-PMKL1º, its terms, premises, promises, and obligations on or about March 29, 2019; and

4.      The Respondent(s) in a related action have made a claim against the Claimant of this instant matter related to the Claimant's interests and/or properties. There exists a matter in dispute and/or controversy associated with the contractual agreement, thereby extending jurisdiction to this body to proceed as per the terms of the agreement, as well as relevant laws and facts in support as presented during the arbitration of this controversy; and

5.      The parties entered into a legally binding contractual relationship with each other and this Arbitrator finds that there is no fraud and/or any attempt to induce fraud and/or to commit fraud, and/or inducement of contract, and/or fraud in the factum respecting the instant matter and contract. Thus, the parties are bound by the terms and obligations agreed upon and imposed upon them as a direct result of the contractual agreement; and

6.      This Arbitrator finds that all the elements that form a contractual agreement and a legally commercial binding obligatory relationship are present; and

7.      The contract clearly expresses the method of settlement and resolution of all disputes arising thereunder shall be settled by arbitration under the authority of the standards of common law arbitration, the Federal Arbitration Act, and further stipulated and appointed this Arbitrator listed herein as agreed upon as the Arbitrator of record. Neither party has objected, protested, and/or attempted to amend any portion and/or provision at any time of the contract; the contract status that all final and binding arbitration awards may be confirmed by any court in America having original jurisdiction pursuant to Title 9 United States Codes §9 and §13; and

8.      It has been alleged and thoroughly proven that the Respondent(s) listed above have by their own accord agreed to all the terms of the contract, that they have committed the offenses claimed in the contract and have acted against the interests of the Claimant's, depriving them of their right to property, their right to contract, the right to The Pursuit of Happiness and the enjoyment of life. They have admitted and agreed that they have violated the Claimant's constitutional and common law rights, that they had intentionally, knowingly and deliberately failed to perform as agreed, have forsook their obligatory duty of care and thus created a dispute that requires a resolution by SITCOMM ARBITRATION ASSOCIATION (Hereinafter "SAA") and/or any subsequent award; and

9.      The parties stipulated and agreed that the related matters including any judgments associated thereto, any claims, and any collateral attacks; by the Respondent(s) are null and void of any effect and shall not be binding on the Claimant retroactively and henceforth; and

10.     The contract stated that punitive damages can be optionally assessed, however; the contract remains silent as to any case that would direct the Arbitrator to direct a formula to determine punitive damages. It is deemed that punitive damages may be warranted if the Respondent(s) do not voluntarily comply with this award. In such an event, this Arbitrator may impose punitive damages at a rate of three times the amount of the actual damages in addition to other remedies awarded.[2]

11.     The parties did have a prior relationship and the Respondent(s) had an obligation to respond to the reasonable requests of the Claimant. One of those requests being that the Respondent(s) provide an accounting and that such accounting be truthful and certified as being wholly accurate. As the custodian of record, a position for which the Respondent(s) volunteered, accepted such responsibility and have yet to rebut such a presumption. This Arbitrator finds that they were duty-bound and have breached their fiduciary duty of care, supporting their willful and intentional as well as deliberate default respecting the irrevocable binding contractual agreement that is coupled with interests; and

---

[2] *Pacific Mutual Life Insurance Company vs. Haslip*, 499 US 1 (1991).

12.     Further, this Arbitrator finds that the contractual agreement does highlight and note a settlement offer whereby the parties stipulate within the body and framework of the agreement ("Contract" "Agreement") in line with the Tucker Act and have agreed to certain and specific terms under and in line with the contractual agreement; and

13.     There is complete diversity of citizenship between the parties; and

14.     The amount in controversy exceeds the sum of $75,000.00, exclusive of interest, costs, fees and assessments; and

This Arbitrator awards Claimant, Ronnie Louis Marvel Kahapea the sum of $ 600,000 Dollars (Six Hundred Thousand U.S. Dollars) from Respondents PENNEYMAC LOAN SERVICES, LLC and PLAZA HOME MORTGAGE, INC, ET AL; each bearing a 50% share of the burden for their breach of the contractual agreement of the parties; AND, this Arbitrator awards Claimant, Ronnie Louis Marvel Kahapea  $ 1,200,000.00 (One Million Two Hundred Thousand U.S. Dollars) from Respondents PENNEYMAC LOAN SERVICES, LLC, ET AL and PLAZA HOME MORTGAGE, INC, ET AL  as punitive damages under the treble damages provision of the agreement for their admitted deceptive and fraudulent business practices inherent in the loan and foreclosure racket and their breach of terms agreed upon.

The total amount of award to the Claimant is $ 1,800,000.00 (One Million Eight Hundred Thousand U.S. Dollars) according to the terms of the contractual agreements including treble damages and punitive damages, .

Each Respondent has thirty (30) days from receipt of this Award to comply with its terms and each Respondent is liable for 50% (Fifty per cent).  In the event that either Respondent fails to comply with the decision of this Award, this Arbitrator may re-visit this matter to double the amount awarded to the defaulting party or parties as additional punitive damages.

15.     That the venue is proper in any court of original jurisdiction wherein either the Arbitrator resides or chosen by the Claimant as stipulated in the contractual agreement and that any orders compelling witness attendance, provisional remedies, equitable relief, interim awards are to be issued and enforced according to the terms of the contract as stipulated in the agreement; and

16.     That the parties have agreed that all pre-existing as well as existing contractual Agreements between the parties, no matter their scope, subject matter, and/or detail are superseded and extinguished by the contractual agreement referenced and related hereto; and

Should the Claimant elect, that jurisdiction for the final award may be had under the Tucker Act in the United States Court of Federal claims as the exclusive jurisdiction for said Court of Claims for damages against the United States under contract in excess of $10,000.00.  Since this matter is against an institution registered and licensed with the United States, during the time of its conduct is construed as one and the same as a matter of law; the Federal Court of Claims would be at the

election of the Claimant, a chosen proper jurisdiction to have the matter determined under common-law and/or as stipulated in the contract at any court of original jurisdiction.

## BASIS FOR ARBITRATION:

17.     On or about March 29, 2019, the Claimant and the Respondent(s) entered into a written, self-executing, binding, irrevocable, contractual agreement coupled with interests, for the complete resolution of their misconvictions and other conflicts respecting their previous relationship. The Respondent(s) made an attempt to change the terms of that contractual agreement and the Claimant presented a counter offer or conditional acceptance of the offer to the Respondent(s). The record clearly documents that the Respondent(s) have failed to properly respond after they received the counter offer, whereby such nonresponse would equate to tacit acquiescence thereby creating an estoppel respecting the Respondent(s) and any future claims and/or prior claims and/or present claims associated with this instant matter.

18.     It appears that a dispute has arisen under the agreement between the parties and it is the subject matter at bar. The Claimant contends that after agreeing to the terms of the contract, the Respondent(s) have failed to fully perform to the terms of the agreement and that the Claimant is entitled to immediate and unconditional remedy as prescribed within the terms of the contractual agreement. The Claimant has demanded liquidation of the estate/trust and the Respondent(s) have failed to act.

19.     The contractual agreement stipulates that the Arbitrator may adjust the amount of the award to include fees, adjustments, costs, and other expenses.

20.     The contractual agreement provided for arbitration of disputes at SITCOMM ARBITRATION ASSOCIATION, which stated in relevant part:

That the arbitration process is binding on all parties and is the sole and exclusive remedy for redressing any issue associated with this agreement. That this agreement supersedes and predates as well as replaces any and all prior agreements between the parties, and is binding on all parties and irrevocable, and the parties agreed to the terms and conditions of this agreement upon default of the defaulting party as of the date of the default...

## ARBITRATION- AN ADMINISTRATIVE REMEDY COGNIZABLE AT COMMON-LAW

21.     ADDITIONALLY, it is exigent and of consequence for the Claimant to inform Respondent(s), in accordance with and pursuant to the principles and doctrines of "clean hands" and "good faith," that by Respondent(s) failure and/or refusal to respond and provide the requested and necessary Proof of Claims; it shall be held and noted and agreed to by all parties, that a general response, a nonspecific response, or a failure to respond with specificities and facts and conclusions of common law, and/or to provide the requested information and documentation that is necessary and in support of the agreement shall constitute a failure and a deliberate and intentional refusal to respond and as a result thereby and/or therein, expressing the defaulting party's consent and agreement to said

SAA·191006·RK7652987·8VH389BSY                                    A102A-RK·001

facts and as a result of the self-executing agreement, the following is contingent upon their failure to

respond in good faith, with specificity, with facts and conclusions of common·law to each and every

averment, condition, and/or claim raised; as they operate in favor of the Claimant, through "tacit

acquiescence." Respondent(s) NOT ONLY expressly affirm the truth and validity of said facts set,

established, and agreed upon between the parties to the Conditional Acceptance for Value and

counter offer/claim for Proof of Claim and Respondent(s); have agreed and consented to

Respondent(s) having a duty and obligation to provide the requested and necessary Proof of Claims

which will create and establish for Respondent(s) an estoppel in this matter(s), and ALL matters

relating hereto; and arising necessarily therefrom;

and,

22.     In accordance with and pursuant to this agreement; a contractually (consensual) binding

agreement between the parties to the Conditional Acceptance for Value and counter offer/claim for

Proof of Claim to include the corporate Government Agency/Department construct(s) whom

Respondent(s) represents/serves; as well as, ALL officers, agents, employees, assigns, and the like in

service to Respondent(s) will not argue, controvert, oppose, or otherwise protest ANY of the facts

already agreed upon by the parties set and established herein; and necessarily and of consequence

arising therefrom, in ANY future remedial proceeding(s)/action(s), including binding arbitration and

confirmation of the award in the District Court of the United States at any competent court under

original jurisdiction, in accordance with the general principles of non·statutory Arbitration, wherein

the Conditional Acceptance for the Value/Agreement/Contract no. SEQ3OP·53719IUXZA95·PMKL1©

constitutes an agreement of all interested parties in the event of a default and acceptance through

silence/failure to respond when a request for summary disposition of any claims or particular issue

may be requested and decided by the Arbitrator, whereas a designated Arbitrator was chosen at

random, who is duly authorized, and in the event of any physical or mental incapacity to act as

Arbitrator, the Claimant shall retain the authority to select any neutral(s)/Arbitrator(s) that qualify

pursuant to the common law right to arbitration, as the arbitration process is a private remedy

decided upon between the parties and with respect to this contractual agreement; the defaulting

party waives any and all rights, services, notices, and consents to the Claimant and or the

Claimant's representative selection of the Arbitrator thereby constituting agreement and any

controversy or claim arising out of or relating in any way to this Agreement or with regard to its

formation, interpretation or breach, and any issues of substantive or procedural arbitrability shall be

settled by arbitration, and the Arbitrator may hear and decide the controversy upon evidence

produced although a party who was duly notified of the arbitration proceeding did not appear; that

the Claimant deems necessary to enforce the "good faith" of ALL parties hereto within without

respect to venue, jurisdiction, law, and forum the Claimant deems appropriate. "An arbitrator's

SAA-191006-RK7652987-8VH389BSY

A102A-RK-001

award should not be vacated for errors of law and fact committed by the arbitrator and the courts should not attempt to mold the award to conform to their sense of justice."[3]

22.    Further, Respondent(s) agree that the Claimant can secure damages via financial lien on assets, properties held by them or on their behalf for ALL injuries sustained and inflicted upon the Claimant for the moral wrongs committed against the Claimant as set, established, agreed and consented to herein by the parties hereto, to include but not limited to: constitutional impermissible misapplication of statute(s)/law(s) in the above referenced alleged Commercial/Civil/Cause; fraud, conspiracy (two or more involved); trespass of title, property, and the like; and, ALL other known and unknown trespasses and moral wrongs committed through ultra vires act(s) of ALL involved herein; whether by commission or omission.  Final amount of damages to be calculated prior to submission of Tort Claim and/or the filing of lien and the perfection of a security interest via a Uniform Commercial Code Financing One (1) Statement; estimated in excess of TEN (10) Million dollars (USD; or other lawful money or currency generally accepted with or by the financial markets in America) and notice to Respondent(s) by invoice. Per Respondent(s) failure and/or refusal to provide the requested and necessary Proof of Claims and thereby; and therein consenting and agreeing to ALL the facts set, established, and agreed upon between the parties hereto, shall constitute a self-executing binding irrevocable durable general power of attorney coupled with interests.  This Conditional Acceptance for Value and counter offer/claim for Proof of Claim becomes the security agreement under commercial law whereby only the non-defaulting party becomes the secured party, the holder in due course, the creditor in and at commerce. It is deemed and shall always and forever be held that the Claimant and all property, interest, assets, estates, trusts commercial or otherwise shall be deemed consumer and household goods not-for-profit and or gain, private property, and exempt, not for commercial use, nontaxable as defined by the Uniform Commercial Code Article 9 §102 and Article 9 §109 and shall not in any point and/or manner, past, present and/or future be construed otherwise· see the Uniform Commercial Code Articles 3, 8, and 9.

23.    Respondent(s) have allowed the ten (10) Calendar days or twenty (20) Calendar days total if request was made by signed written application for the additional ten (10) Calendar days to elapse without providing the requested and necessary Proof of Claims for which Respondent(s) have entered into fault and the Claimant has transmitted a Notice of Fault and Opportunity to Cure and Contest Acceptance to the Respondent(s); wherein Respondent(s) were given an additional three (3) days (72 hours) to cure Respondent(s) fault. Respondent(s) failed or otherwise refused to cure Respondent(s) fault and Respondent(s) are found in default and thereby; and therein, Respondent(s) have established Respondent(s) consent and agreement to the facts contained within the Conditional Acceptance for Value and counter offer/claim for Proof of Claim as said facts operate in favor of the Claimant; e.g., that the judgment of alleged "court of record" within the above referenced alleged

---

[3] *Altor v. Geico Insurance Co.*, 110 AD3d 1062, 974 NYS2d 95 (2nd Dept., 2013).

SAA·191006·RK7652987·8VH389BSY                                              A102A-RK-001

Commercial/Civil/Cause is VOID AB INITIO for want of subject·matter jurisdiction of said venue; insufficient document (Information) and affidavits in support thereof for want of establishing a claim of debt; want of Relationship with the "source of authority" for said statute(s)/law(s) for want of privity of contract, or contract itself; improperly identified parties to said judgment, as well as said dispute/matter; and,

24.     Respondent(s) agreed and consented that Respondent(s) do have a duty and obligation to Claimant; as well as the corporate Government Department/agency construct(s) Respondent(s) represents/serves, to correct the record in the alleged Commercial/Civil/Cause and thereby; and therein, release the indenture (however termed/styled) upon the Claimant and cause the Claimant to be restored to liberty and release the Claimant's property rights, as well as ALL property held under a storage contract in the "name" of the all·capital·letter "named" defendant within the alleged Commercial/Civil/Cause within the alleged commercially "bonded" warehousing agency d.b.a., for the commercial corporate Government construct d.b.a. the United States. That this arbitration award is to be construed contextually and not otherwise and that if any portion and/or provision contained within this arbitration award, the self·executing binding irrevocable contractual agreement coupled with interests; is deemed non·binding it shall in no way affect any other portion of this arbitration award. That this Arbitrator is permitted and allowed to adjust the arbitration award to no less than two times the original value of the properties associated with this agreement, plus the addition of fines, penalties, and other assessments that are deemed reasonable to the Arbitrator upon presentment of such claim, supported by prima facie evidence of the claim.

24.     The defaulting party will be estopped from maintaining or enforcing the original offer/presentment; i.e., the above referenced alleged Commercial/Civil/Cause as well as ALL commercial paper (negotiable instruments) therein, within any court or administrative tribunal/unit within any venue, jurisdiction, and forum the Claimant may deem appropriate to proceed within in the event of ANY and ALL breach(s) of this contractual agreement by Respondent(s) to compel specific performance and or damages arising from injuries therefrom. The defaulting party will be foreclosed by laches and/or estoppel from maintaining or enforcing the original offer/presentment in any mode or manner whatsoever, at any time, within any proceeding/action.

25.     Furthermore, the Respondent(s) are foreclosed against the enforcement, retaliation, assault, infringement, imprisonment, trespass upon the rights, properties, estate, person whether legal, natural or otherwise of the presenter/petitioner and/or his interest and/or his estate retroactively, at present, post·actively, forever under any circumstances, guise, and/or presumption.

### NOTICE OF COMMON·LAW ARBITRATION:

26.     Please be advised that in·as·much as the Claimant has "secured" the "interest" in the "name" of the all·capital·letter "named" defendant as employed/used upon the face; and within, ALL documents/instruments/records within the alleged Commercial/Civil/Cause, to include any and all

SAA-191006-RK7652987-8VH389BSY                                    A102A-RK-001

derivatives and variations in the spelling of said "name" except the "true name" of the Claimant, through a Common-Law Copyright, filed for record within the Office of the Secretary of State and having "perfected said interest" in same through incorporation within a Financing (and all amendments and transcending filings thereto), by reference therein, the Claimant hereby and herein, waives the Claimant's rights as set, established, and the like therein, and as "perfected" within said Financing Statement acting/operating to "register" said Copyright, to allow for the Respondent(s) to enter the record of the alleged "court of record" within the alleged Commercial/Civil/Cause for the SOLE purpose to correct said record and comply with Respondent(s) agreed upon duty/obligation to write the "order" and cause same to be transmitted to restore and release the Claimant, the Claimant's corpus and ALL property currently under a "storage contract" under the Claimant's Common-Law Copyrighted trade name; i.e., the all-capital-letter "named" defendant within the above referenced alleged Commercial/Civil/Cause, within the alleged commercially "bonded" warehousing agency d.b.a. the commercial corporate Government juridical construct d.b.a. the United States. Please take special note, that the copyright is with reference to the name and its direct association and/or correlation to the presenter.

27.     NOTICE: The Arbitrators, "Must not necessarily judge according to the strict law but as a general rule ought chiefly to consider the principles of practical business."[4]

•       "Internationally accepted principles of law governing contractual relations."[5]

•       If the contract (valid or otherwise) contains an arbitration clause, then the proper forum to determine whether the contract is void or not, is the arbitration tribunal.[6]

•       That any determination by the Arbitrator is binding upon all parties, and that all parties agree to abide by the decision of the Arbitrator. The Arbitrator is to render a decision based upon the facts and conclusions as presented within the terms and conditions of the contract. Any default by any party must be supported by proof and evidence of said default, that default shall serve as tacit acquiescence on behalf of the party who defaulted as having agreed to the terms and conditions associated with the self-executing binding irrevocable contract coupled with interests. That the Arbitrator is prohibited from considering and/or relying on statutory law, as it has been held that any time any party relies on or enforces a statute, they possess no judicial power.

•       "A judge ceases to set as a judicial officer because the governing principals of administrative law provides that courts are prohibited from substituting their evidence, testimony, record, arguments and rationale for that of the agency. Additionally, courts are prohibited from their substituting their judgments for that of the agency."[7]

[4] *Norske Atlas Insurance Co v London General Insurance Co* (1927) 28 Lloyds List Rep 104.
[5] *Deutsche Schachtbau v R'As al-Khamah National Oil Co* (1990) 1 AC 295.
[6] *Heyman v Darwins Ltd.* (1942) AC 356.
[7] *AISI v US*, 568 F2d 284.

SAA-191006-RK7652987-8VH389BSY   A102A-RK-001

- "...Judges who become involved in enforcement of mere statutes (civil or criminal in nature and otherwise), act as mere "clerks" of the involved agency..."[8]

- "...Their supposed 'court' becoming thus a court of limited jurisdiction' as a mere extension of the involved agency for mere superior reviewing purposes."[9] "When acting to enforce a statute, the judge of the municipal court is acting an administrative officer and not as a judicial capacity; courts in administrating or enforcing statutes do not act judicially, but, merely administerially."[10]

- "It is basic in our law that an administrative agency may act only within the area of jurisdiction marked out for it by law. If an individual does not come within the coverage of the particular agency's enabling legislation the agency is without power to take any action which affects him."[11]

  "It is not every act, legislative in form, that is law. Law is something more than mere will be exerted as an act of power...Arbitrary power, enforcing its edicts to the injury of the person and property of its subjects is not law." [12]

- Some of the aforementioned cases are not published, however; these are still fundamental principles of law, and one of the fundamental principles of arbitration is that the Arbitrator sits as judge over the facts, and as such to preserve the sanctity of the process and Arbitrator receives the same immunity as a judge and is exempt from prosecution and or review, unless they can be proved that the Arbitrator intentionally ignored the evidence and acted in conspiracy to defraud the parties.

28.     As the Claimant has no desire NOR wish to tie the hands of Respondent(s) in performing Respondent(s) agreed upon duty/obligation as set, established, and agreed upon within this Conditional Acceptance for Value and counter offer/claim for Proof of Claim and thereby create/cause a "breach" of said contractually binding agreement on the part of the Respondent(s), Respondent(s) is hereby; and herein, NOTICED that if this waiver of said Copyright is not liberal, NOR extensive enough, to allow for the Respondent(s) to specifically perform all duties/obligations as set, established, and agreed upon within the Conditional Acceptance for Value and counter offer/claim for Proof of Claim; Respondent(s) may; in "good faith" and NOT in fraud of the Claimant, take all needed and required liberties with said Copyright and this waiver in order to fulfill and accomplish Respondent(s) duties/obligations set, established, and agreed upon between the parties to this agreement.

29.     If Respondent(s) has any questions and or concerns regarding said Copyright and or the waiver, Respondent(s) is invited to address such questions and or concerns to the Claimant in

[8] K.C. Davis, ADMIN. LAW, Ch. 1 (CTP West's 1965 Ed.)
[9] K.C. Davis, ADMIN. LAW, P. 95, (CTP, 6 Ed. West's 1977) *FRC v G.E.* 281 US 464, *Keller v PE*, 261 US 428.
[10] *Thompson v Smith*, 155 Va. 376 154 SE 583, 71 ALR 604.
[11] *Endicott v Perkins*, 317 US 501
[12] *Hurtado v California* (1884) 110 US 515 (1984)

SAA-191006-RK7652987-8VH389BSY                                         A102A-RK-001

writing and causing said communiqués to be transmitted to the Claimant and below named
Notary/Third Party. The respondents have acted as if the contract quasi-or otherwise does not place
a binding obligation upon their persons, upon their organizations, upon their institutions, upon their
job qualifications, and breaching that obligation breaches the contract, for which they cannot address
due to the direct conflict of interest. It is as a result of that conflict of interest that binding
arbitration shall be instituted.

30.     Your failure to respond, and this would include each of the Respondent(s) by their
representative, and if represented by the Attorney General, such representation must be responsive
for each State and/or State organization/department/agency, separately and severally to each of the
points of averment, failure to respond to a single point of averment will constitute acquiescence,
forfeiture, and a waiver of all rights with respects all of the points raised in this presentment.

31.     Pursuant to the terms of the contractual agreement the Claimant has provided proof that
they have attempted to communicate with the Respondent(s) for compliance of the contractual
agreement and have exhausted the requirements of the contractual agreement in that regard.

32.     The Respondent(s) have agreed and consented to binding arbitration under the terms
of the contractual agreement and have waived all rights to vacate, modify, appeal, contest, or
collaterally attack the decision, rulings, orders, remedies, and/or award (both interim and final) of
this Arbitrator.

**THE FEDERAL ARBITRATION ACT Application:**

33.     Pursuant to the contractual agreement's arbitration clause, the agreement evidences a
transaction involving or affecting "commerce," within the meaning of Article 9 United States Code
Subsection 1, and that the facts attributable to the claimant's in the underlying associated
matters/cause/actions are associated with the use of instrumentalities as described in the foreign
sovereign immunities act or otherwise affected "commerce among the several states" within the
meaning of the statute and Article 9 United States Code § 1.

34.     DUE TO THE FACT THAT THE CONTRACTUAL AGREEMENT IS A BINDING
IRREVOCABLE CONTRACT WHICH AFFECTS "COMMERCE," THE ARBITRATION
PROVISIONS CONTAINED WITHIN IT ARE "VALID, IRREVOCABLE AND ENFORCEABLE
WITHIN THE MEANING OF 9 UNITED STATESS CODE SUBSECTION 2.

35.     "Valid, Irrevocable and Enforceable" arbitration agreements and the orders, rulings,
decisions, remedies, and award made therefrom may be enforced in the United States courts by way
of confirmation and entry of a judgment of the court within the meaning of the statute and Article 9
United States Codes § 9 and §13.  The supreme court has explained, "[t]here is nothing malleable
about 'must grant,' which unequivocally tells courts to grant confirmation in all cases, except when

SAA-191006-RK7652987-8VH389BSY                                                    A102A-RK-001

one of the 'prescribed' exceptions applies."[13]  Confirmation of an award is generally a "summary

proceeding that merely makes what is already a final arbitration award a judgment of the court."[14]

36.     It was held by the supreme court that "the 'wholly groundless'[15] exception to

arbitrability is inconsistent with the federal arbitration act and this court's precedent. Under the act,

arbitration is a matter of contract, and courts must enforce arbitration contracts according to their

terms.[16] The parties to such a contract may agree to have an arbitrator decide not only the merits of

a particular dispute, but also "'gateway' questions of 'arbitrability.'" Therefore, when the parties'

contract delegates the arbitrability question to an arbitrator, a court may not override the contract,

even if the court thinks that the arbitrability claim is wholly groundless."[17]

## PROCEDURES ON ARBITRATION PROCEEDINGS:

37.     The Claimant is seeking equitable relief and monetary damage relief from the Respondent(s)

and that the parties have agreed that arbitration proceedings should be bifurcated into separate

phases: Phase One (1) should address the claims for monetary damages; and Phase Two (2) should

address the claims for equitable relief.

38.     The parties have stipulated that any court of original jurisdiction may enforce the

provisions of Phase Two (2) equitable relief awarded by the Arbitrator.

39.     The Arbitrator shall have the exclusive jurisdiction for the enforcement of any and all

matters associated with Phase One (1) monetary damage relief.

40.     Due to time constraints and the paramount danger affecting the public interest,

justice, and due process; the parties' consented and applied for the arbitration proceedings to

commence without delay.

41.     First set of claims' (due to the extensive nature of the claims, each of the claims by the

Claimant is incorporated herein by reference) ...

☐     The record shall reflect and note that the Claimant has attached a copy of the original

contract which list all the claims within the form of stipulation, that the parties have all agreed to,

and that they have incorporated each of those claims by reference. This Arbitrator finds that such

incorporation is appropriate and accepts that incorporation as a matter of record.

☐     As noted above, the Claimant has alleged that the Respondent(s) have breached the

contractual agreement and because the agreement is binding on all parties and was irrevocable; the

Respondent(s) have acted in bad faith, with unclean hands, and have breached their fiduciary duty of

care, responsibilities and are liable to the Claimant for the amount of the contractual agreement,

plus additional costs, fees, assessments, penalties, and other equitable relief remedies.

☐     That the Respondent(s) have agreed to discontinue all use of the Claimant's

---

[13] *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 587 (2008)
[14] *Florasynth, Inc. v. Pickholz,* 750 F.2d 171, 176 (2d Cir. 1984).
[15] *Henry Schein, Inc., et al. v. Archer & White Sales, Inc.* (2019).
[16] *Rent-A-Center, West, Inc. v. Jackson,* 561 US 63, 67
[17] Ibid.

personal information, assets, properties, within its publication, its databases, its system of record keeping, and to have surrendered all records associated with this matter to the Claimant and have failed to do as agreed.

☐      That the Respondent(s) have agreed to compensate the Claimant for their gross misrepresentation of facts and other information pertinent to the welfare and well-being of the Claimant. Respondent(s) have failed to provide such compensation as agreed and have failed to provide any documentation which would substantiate their having complied with this requirement of the contractual agreement.

☐      That the Claimant has agreed and accepted the fact that the United States has declared a national banking emergency which is supported by the "EMERGENCY ECONOMIC BANKING RELIEF ACT," "PROCLAMATION 2038, 2039, and 2040," and the "NATIONAL EMERGENCIES ACT," which resulted in the suspension of all normal banking activities and have agreed that any claim of debt by the Respondent(s) is fraudulent, and that they willfully attempted and committed fraud against the Claimant.

☐      That the Respondent(s) have agreed that THE NATIONAL BANKING HOLIDAY permits them to issue what's known as emergency script as prescribed by the March 9, 1933 Act (the reference notes of Congress lend to this conclusion), have agreed to issue book keeping entry credit and/or tax credits to the Claimant in the amount of the initial claim and owe Claimant as much as treble damages associated with the initial claim.

☐      The Respondent(s) have further agreed to turn over any and all properties, assets, securities, documents, accounting records to the claimant's upon demand/default and have failed and/or refused to do so, thus putting them in further breach in violation of the contractual agreement, entitling the Claimant to equitable relief.

The findings and determination of THIS ARBITRATOR:

41.      It is the determination of this Arbitrator that the following are facts that are undisputed and uncontroverted:

a.      That there is a binding irrevocable contractual agreement that has been coupled with interests that exist between the parties.

b.      That the parties had a pre-established relationship which placed an obligation on each to communicate with the other.

c.      That the Respondent(s) have made changes to the original agreement which permitted and allowed the Claimant to present a counter offer and/or conditional acceptance of the offer to change the agreement to the Respondent(s).

d.      That the self-executing binding contract coupled with interests stands as irrevocable.

e.      That the Respondent(s) have agreed to the contract, agreed to all the terms and

SAA-191006-RK7652987-8VH389BSY    A102A-RK-001

conditions of the contract by their acceptance of the waiver which was included as part of the contractual agreement; that waiver being the right not to respond as highlighted by the Supreme Court of the United States.

42.    "Due process requires, at a minimum; that an individual be given a meaningful opportunity to be heard prior to being subjected by force of law to a significant deprivation. . . . That the hearing required by due process is subject to waiver and is not fixed in form does not affect its root requirement that an individual be given an opportunity for a hearing before he is deprived of any significant property interest . . ."[18]

43.    "In the latter case[19] we said that the right to be heard 'has little reality or worth unless one is informed that the matter is pending and can choose for himself whether to appear or default, acquiesce or contest.'[20] The Respondent(s) have failed to provide proof that they have not received and/or been notified of the existence of the contract and of their right to waiver.

44.    The Respondent(s) failure to respond constituted an act of "tacit acquiescence."

45.    Respondent(s) have failed and/or refused to respond and provide the requested and necessary Proof of Claims as requested by the Claimant. Therefore, it shall be held, noted and agreed to by all the parties; that a general response, a nonspecific response, or a failure to respond with specificities and facts and conclusions of common law, and/or to provide the requested information and documentation that is necessary and in support of the agreement shall constitute a failure and a deliberate and intentional refusal to respond and as a result thereby and/or therein, expressing the defaulting party's consent and agreement to said facts and as a result of the self-executing agreement, the following is contingent upon their failure to respond in good faith, with specificity, with facts and conclusions of common-law to each and every averment, condition, and/or claim raised, as they operate in favor of the Claimant, through "tacit acquiescence." Respondent(s) NOT ONLY expressly affirm the truth and validity of said facts set, established, and agreed upon between the parties to the Conditional Acceptance for Value and counter offer/claim for Proof of Claim, but also Respondent(s) have agreed and consented to Respondent(s) having a duty and obligation to provide the requested and necessary Proof of Claims which will create and establish for Respondent(s) an estoppel in this matter(s). and ALL matters relating hereto; and arising necessarily therefrom...

and

46.    Respondent(s) have waived all rights, claims, defenses, and/or standing respecting the matter and is estopped from any collateral attacks and/or seeking disposition from any other venue as a result of the knowing, intentional and deliberate consent to the contractual agreement.

[18]   *Bandone* v. *Appellate Department*, 1971, 5 C3d 536, 550.
[19]   *Mulliane* v. *Central Hanover Trust Co.*, 339 U.S. 306
[20]   *Sniadach* v. *Family Finance Corp.*, 395 U.S. 337, 339, 340

SAA-191006-RK7662987-8VH389BSY                                    A102A-RK-001

a.  This Arbitrator finds that the pre-existing relationship with a change of terms opened the door for the conditional acceptance of an offer to re-contract and tender of payment was made. All the necessary elements that form a contractual agreement and a legally binding obligatory commercial relationship are present and dates of documents and proofs of service are within appropriate limits.

b.  Claimant served adequate notice in the agreement of the change of terms, cancellation of the debt, and cancellation of all pre-existing conditions and Respondents willfully chose to ignore the notice at their own peril.

c.  Since the property backing the alleged debt is under the class of "government obligations," payment in like kind to the money loaned when tendered is deemed sufficient to discharge the debt under the dictates of statute. The contractual agreement gives instruction for processing the payment through Federal Reserve Banks and is not left to discretionary interpretation by Respondents and their representative employees and agents.

d.  The contractual agreement clearly expresses the method of settlement and resolution of all disputes to be by arbitration under the authority of the standards of common-law arbitration and the Federal Arbitration Act. The agreement stipulates and appoints this Arbitrator and Sitcom Arbitration Association to resolve the dispute which arises from Respondents refusal to provide an accurate accounting that shows credit entry bookkeeping as an acceptable form of credit. Neither party has objected, protested, and/or attempted to amend any portion and/or provision at any time of the contractual agreement. The contractual agreement stated that all final and binding arbitration awards may be confirmed by any court in America having original jurisdiction pursuant to Title 9 United States Codes §9 and §13.

e.  The contract states that punitive damages can be optionally assessed, however; the contractual agreement remains silent as to any case that would direct the Arbitrator to a formula to determine punitive damages. It is deemed that punitive damages may be warranted if the Respondent(s) do not voluntarily comply with this award. In such an event, the Arbitrator imposes punitive damages at a rate of three times the amount of the actual damages in addition to other remedies awarded.

f.  The Claimants contend that after agreeing to the terms of the contract, the Respondent(s) have failed to fully perform to the terms of the contractual agreement and that the Claimants are entitled to immediate and unconditional remedy as prescribed within the terms of the contractual agreement.

47.    The Respondent(S) have thirty (30) days from receipt of this Award to comply with the decision of this Arbitrator. In the event that the Respondent(s) fails to comply with the decision of this Award, this Arbitrator may re-visit this matter to award the Claimant with punitive damages.

48.    The Supreme Court has explained, "[t]here is nothing malleable about 'must grant,'

SAA-191006-RK7652987-8VH389BSY                                        A102A-RK-001

which unequivocally tells courts to grant confirmation in all cases, except when one of the 'prescribed' exceptions applies."[21]  A Judicial review of an arbitrator's award is extremely limited, and the court must accept the arbitrator's credibility determinations, even where there is conflicting evidence and room for choice exists.[22]  "An arbitrator's award should not be vacated for errors of law and fact committed by the arbitrator and the courts should not attempt to mold the award to conform to their sense of justice."[23]

49.      This order shall be binding on all the parties, in all jurisdictions, and shall take precedent over all collateral and/or related matters heretofore, at present and forthwith until the agreement is fully satisfied. The Respondent(s) are estopped from maintaining and/or bringing forth any action against the Claimant, the Claimant's heirs, and/or the Claimant's properties permanently. This order shall constitute a permanent injunction against the Respondent(s) respecting the Claimant's and the Claimant's interest comprised and embodied within the contractual agreement.

50.      The Respondent(s) are hereby ordered to release the demanded information of the Claimant which includes a full review and audit of all revenue for the estate/trust over the past ten (10) years, any tax credits and/or deductions associated with the estate/trust, a copy of any insurance polices associated with the estate/trust and a copy of any bonds held in respect to the estate/trust. The purpose of this information shall be for the Claimant to liquidate any and all assets of the estate/trust; and

51.      The Respondent(s) are hereby ordered to release any and all claims against any and all properties of the Claimant's, to return any and all properties held in any manner, to include records, documents, audiotapes, discoveries, exculpatory or otherwise, and that this order/mandate shall not be construed other than its intent and its contextual rendering.

52.      Accordingly, Justice Kavanaugh of the Supreme Court expressed his opinion as "We must interpret the Act as written, and the Act in turn requires that we interpret the contract as written. When the parties' contract delegates the arbitrability question to an arbitrator, a court may not override the contract. In those circumstances, a court possesses no power to decide the arbitrability issue. That is true even if the court thinks that the argument that the arbitration agreement applies to a particular dispute is wholly groundless."[24]

53.      Further, Kavanaugh continued: "That conclusion follows not only from the text of the Act but also from precedent. We have held that a court may not "rule on the potential merits of the underlying" claim that is assigned by contract to an arbitrator, "even if it appears to the court to be frivolous."[25] A court has "'no business weighing the merits of the grievance'" because the "'agreement

[21] *Hall St. Assocs., LLC v. Mattel, Inc.*, 552 U.S. 576, 587 (2008).
[22] *Matter of Long Is. Ins. Co. v. Motor Vehicle Accident Indemnification Corp.*, 57 AD3d 670, 869 NYS2d 195 (2nd Dept. 2008)  *White v. Roosevelt Union Free School District Board of Educ.*, 147 AD3d 1071, 48 NYS3d 220 (2nd Dept., 2017).
[23] *Allor v. Geico Insurance Co.*, 110 AD3d 1062, 974 NYS2d 95 (2nd Dept., 2013).
[24] *Henry Schein, Inc., et al. v. Archer & White Sales, Inc.* (2019).
[25] *AT&T Technologies, Inc. v. Communications Workers*, 475 U. S. 643, 649–650 (1986).

SAA 191006-RK7652887-8VH389BSY                                    A102A-RK-001

is to submit all grievances to arbitration, not merely those which the court will deem meritorious.'"[26]

AT&T Technologies principle applies with equal force to the threshold issue of arbitrability. Just as a

court may not decide a merits question that the parties have delegated to an arbitrator, a court may

not decide an arbitrability question that the parties have delegated to an arbitrator.

**This award is consistent with the following:**

54.     5 U.S. Code § 572 · General authority

(a) An agency may use a dispute resolution proceeding for the resolution of an issue in controversy

that relates to an administrative program, if the parties agree to such proceeding.

(b)An agency shall consider not using a dispute resolution proceeding if—

(1) A definitive or authoritative resolution of the matter is required for precedential value, and such

a proceeding is not likely to be accepted generally as an authoritative precedent;

(2) The matter involves or may bear upon significant questions of Government policy that require

additional procedures before a final resolution may be made, and such a proceeding would not likely

serve to develop a recommended policy for the agency;

(3) Maintaining established policies is of special importance, so that variations among individual

decisions are not increased and such a proceeding would not likely reach consistent results among

individual decisions;

(4) The matter significantly affects persons or organizations who are not parties to the proceeding;

(5) A full public record of the proceeding is important, and a dispute resolution proceeding cannot

provide such a record; and

(6) The agency must maintain continuing jurisdiction over the matter with authority to alter the

disposition of the matter in the light of changed circumstances, and a dispute resolution proceeding

would interfere with the agency's fulfilling that requirement.

(7) Alternative means of dispute resolution authorized under this subchapter are voluntary

procedures which supplement rather than limit other available agency dispute resolution

techniques.[27]

55.     The Claimant and Respondent(s) have agreed that this private contractual agreement

involving private parties has no bearing on the public and/or the SITCOMM ARBITRATION

ASSOCIATION'S policies and/or procedures, and that the award is consistent with the terms of the

agreement and the general principles of arbitration that have been delineated through the annuals a

time.

56.     That the contractual agreement between the parties was specific to the parties only and did

not involve any nonrelated party and/or entity, does not affect government and/or its abilities to

carry out its functions, policies, and/or procedures. That the parties saw arbitration as an alternative

---

[26] *Steelworkers v. American Mfg. Co.*, 363 U. S. 564, 568 (1960).
[27] Added Pub. L. 101-552, § 4(b), Nov. 15, 1990, 104 Stat. 2739, § 582, renumbered § 572, Pub. L. 102-354, § 3(b)(2), Aug. 26, 1992, 106 Stat 944.

remedy and agree to the alternative remedy within the construct of the binding irrevocable

contractual agreement that remains coupled with interests.

57.      That the term and/or phrase agency as defined by the statute does not apply to the parties

and their private contractual matters. · (1)"agency" means each authority of the Government of the

United States, whether or not it is within or subject to review by another agency, but does not

include— (A) the Congress; (B) the courts of the United States; (C) the governments of the territories

or possessions of the United States; (D) the government of the District of Columbia; (E) agencies

composed of representatives of the parties or of representatives of organizations of the parties to the

disputes determined by them; (F) courts martial and military commissions; (G) military authority

exercised in the field in time of war or in occupied territory; or (H) functions conferred by: subchapter

II of; or sections 1884, 1891–1902, and former appendix; 1.

        (a) that none of the following cases apply wherein the award may be vacated—

(1) As this Arbitrator relied upon the facts and evidence[28] presented and that the award was not

procured by corruption, fraud, or undue means; and/or

(2) That no aspect of the parties political affiliation, sexual orientation, gender, religious Association,

and/or otherwise partiality or corruption are present in the Arbitrators, or and/or the issuance of this

award; and/or

(3) The Arbitrator is not guilty of misconduct in refusing to postpone the hearing, as each party was

given an opportunity to have such a hearing postponed whether or not they provided sufficient

cause, or and that there was in no case a refusal to hear evidence pertinent and material to the

controversy; or any misbehavior by which the rights of any party could be perceived as having been

prejudiced; and/or

(4) That the Arbitrator operated only within the powers delegated by the contractual agreement,

powers that were detailed in the agreement, and to the best of the Arbitrator's ability have perfectly

executed those powers to the extent that a mutual, final, and definite award upon the subject matter

submitted has been rendered.  Title 5 §572 has been complied with by this Arbitrator and SITCOMM

ARBITRATION ASSOCIATION.

58.      That this award may only be modified under the following circumstances —

(a) Where there was an evident material miscalculation of figures or an evident material mistake in

the description of any person, thing, or property referred to in the award, the Arbitrator relied on the

contract and the amount specified within the agreement; and

(b) Where the Arbitrators may have awarded upon a matter not submitted to them, unless it is a

matter not affecting the merits of the decision upon the matter submitted, the Arbitrator has relied

upon the evidence presented and the contractual agreement and terms specified therein; and

---

[28] *Singh v. Raymond James Fin. Servs., Inc.*, No. 13-cv-1323, 2014 WL 1137023, (S.D.N.Y. March 28, 2014)  "[T]ypically, 'arbitrators need not explain their rationale for an award'" (quoting *Barbur v. Shearson Lehman Hutton Inc.*, 948 F.2d 117, 121 (2d Cir. 1991)).

SAA-191006-RK7652987-8VH389BSY                                    A102A-RK-001

(c) Where the award is imperfect in matter of form not affecting the merits of the controversy. This Arbitrator may modify and correct the award, so as to affect the intent thereof and promote justice between the parties, the Arbitrator has intended to promote justice, fairness, and render due process between the parties irrespective of the Arbitrator's personal opinion, rationale, arguments and/or disposition.

59.     It shall be forever known and stated, that this Arbitrator relied on the evidence presented and the intentions of the contract; and not otherwise. That I am duly appointed by the parties as stipulated in the agreement and as per the law this order is binding on all parties and I have come to the conclusions stated herein based on the facts and the evidence presented at the time of this arbitration award. This decision and/or rendering is not interim, that this is a final decree and judgment by this Arbitrator shall remain in effect and enforced as un-amendable immediately upon issuance.

NOTICE OF THE ISSUANCE OF THE AWARD TO BE DELIVERED TO:

ORIGINAL:                               COPIES:

CLAIMANT                                RESPONDENT(S)

Ronnie Louis Marvel Kahapea            PENNYMAC LOAN SERVICES, LLC, ET AL
11-2808 Kaleponi Drive                 P.O.Box 30597
P.O. Box 875                           Los Angeles, CA 90030-0597
Voclano, Hawaii 96785
                                       PLAZA HOME MORTGAGE, INC, ET AL
                                       P.O. Box 7168
                                       Pasadena, CA 91109-7168

Email: bloodwolf80@gmail.com

SO, AWARDED.

Be it so this 10th day June 2019.

At:  Laurel, Mississippi

                               Printed Arbitrators Name:  MARK MOFFETT

                               Arbitrator's Signature:

                               Printed Name of Committee Member:  SANDRA GOULETTE

                               Committee Member's Signature:

IMPORTANT NOTICE:  Certification of services rendered.  The Original Arbitration Award is given to the Claimant to be retained as private property.  No Trespass.  Certified Copies of the Original can only be issued with permission of SITCOMM ARBITRATION ASSOCIATION.