**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**PENNYMAC LOAN SERVICES, LLC**                                 **PLAINTIFF**

**V.**                                             **CIVIL ACTION NO. 2:19-cv-193-KS-MTP**

**SITCOMM ARBITRATION ASSOCIATION,
MARK MOFFETT, SANDRA GOULETTE,
RONNIE KAHAPEA, MARK JOHNSON,
KIRK GIBBS, and ALARIC SCOTT**                             **DEFENDANTS**

## ORDER

This cause comes before the Court on the following motions that have been filed in this case and are now ripe for rulings:

1) Motion to Dismiss Due to Subject Matter Jurisdiction filed by Sandra Goulette [58], to which Plaintiff has responded [68], [69], but no reply was filed;

2) Motion to Dismiss Due to Subject Matter Jurisdiction filed by Kirk Gibbs [62], to which Plaintiff has responded [72] [73], but no reply was filed;

3) Motion to Strike filed by Plaintiff [70], to which there has been no response; and

4) Affidavit, Notice to the Court of Challenge to the Jurisdiction of this Case, Mandatory Counterclaim filed by Ronnie Kahapea [75], to which Plaintiff has responded [78], [79].

**I. BRIEF BACKGROUND**

This case arises from arbitration awards issued by the Defendant, Sitcomm Arbitration Association against Plaintiff in favor of two claimants, Defendants Ronnie Kahapea and Mark Johnson. Plaintiff alleges that these awards are a part of a fraudulent scheme and brings this action against the Defendants in their various capacities, seeking declaratory and injunctive relief and making claims for libel/defamation, tortious interference with prospective economic

advantage, civil conspiracy, Federal Civil RICO, conspiracy to violate Federal Civil RICO, and vacation of the arbitration awards.

## II. DISCUSSION

### A. Motions to Dismiss

Because the Motions to Dismiss filed by Defendants Goulette and Gibbs are identical, they will be considered simultaneously. Both Goulette and Gibbs have challenged subject matter jurisdiction in the past. [32], [36]. The prior motions were ruled on by Order dated May 7, 2020, in which the Court explained:

> Unless otherwise provided by statute, federal court jurisdiction requires: (1) a federal question arising under the Constitution, a federal law, or a treaty, see 18 U.S.C. § 1331, or (2) complete diversity of citizenship between adverse parties, and the matter in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. In its Complaint, Plaintiff has alleged both. Plaintiff, who is a Delaware limited liability company, alleges diversity jurisdiction in that Plaintiff's citizenship differs from all defendants and the amount in controversy exceeds $75,000. Plaintiff also alleges a claim under the civil-RICO statute, 18 U.S.C. § 1961, which is a federal law, thereby providing federal question jurisdiction. Therefore, to the extent Gibbs seeks dismissal based on a lack of subject matter jurisdiction, the motion will be denied.

[52] at p. 3.[1] Goulette and Gibbs have now submitted, in affidavit form, another motion to dismiss based on subject matter jurisdiction. Although difficult to decipher, upon careful reading, the Court has determined that the basis for the motion on this occasion appears to be that because the case involves an arbitration, the Federal Arbitration Act ("FAA") is the exclusive means of jurisdiction and because the Plaintiff seeks to vacate the arbitration award, they cannot do so by civil suit. Also, Defendants argue that the FAA does not provide for the injunctive or declaratory relief that Plaintiff seeks. Even further, Defendants seem to argue that all of the issues raised in this lawsuit, or the arbitrability of such, should have been submitted to an arbitrator.

2

The problem with Defendants' arguments is that they misapprehend the gravamen of Plaintiff's Complaint. Defendants seem to start from the premise that there was a valid arbitration agreement and that this case simply involves either the confirmation or vacation of that award, but this is not a valid premise for these two Defendants for a couple of reasons. First, the fundamental allegation is that the entire arbitration scheme here is fraudulent. Also, particularly as to Goulette and Gibbs, they are not the holder of any award but alleged participants in a fraudulent conspiracy. Therefore, the FAA has no relevance to the claims against them. As the Court previously ruled, there is both diversity and federal question jurisdiction in this case, so again, the Court denies both motions to dismiss for lack of subject matter jurisdiction.

**B. Motion to Strike**

On June 22, 2020, Defendant Sandra Goulette filed an Affidavit [59]. Plaintiff filed a Motion to Strike on the grounds that there is no specific relief requested and it contains immaterial and impertinent matter. Defendant responded in an abundance of caution should the Court construe the filing as a "motion." The Court finds, for the reasons set forth below, that Plaintiff's motion to strike will be granted in part and denied in part.

The Court wishes to first remind all parties that should particular relief be requested that the party title the document "Motion" and whatever relief is requested in accordance with Local Uniform Civil Rule 7(b). However, in this document titled Affidavit, the Court is not so sure that any particular relief is requested. The first few paragraphs of the Affidavit that refer to U.S. Magistrate Judge Michael Parker issuing "an offer to contract," which Goulette, speaking in third-person plural, conditionally accepts "under the terms of the arbitration agreement located at

---

[1] Goulette's motion, which was also identical in that instance, was denied on the same grounds. [52] at p. 7.

saalimited.com." The Court can make no sense of such statements, and to the extent Goulette is attempting to speak on behalf of other Defendants in this matter, she may not do so. *See* 28 U.S.C. § 1654; *Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978).

Next it appears that Goulette may be attempting to raise the defense of arbitral immunity, asserting that Plaintiff's claims are against "arbitrators" or "'arbitration associations' while performing (a) judicial act(s)." [59] at ¶ 4. However, that is not what Plaintiff's claims entail.[2] Plaintiff's claims arise from these individual's alleged participation in a scheme involving a purported arbitration association that issues allegedly fraudulent arbitration awards when, as Plaintiff contends, there was never a valid arbitration agreement between the parties in the first place. Based on the Court's careful reading, Plaintiff's claims do not pertain to any decision or function as an "arbitrator" such that any arbitral immunity would apply. For these reasons, the case of *Tamari v. Conrad*, 552 F.2d 778 (7th Cir. 1977), cited by Goulette,[3] is not applicable.

In the *Conrad* case, the Court explained that the Third Circuit had held that immunity from suit exists for all acts that an arbitrator performs in his capacity as an arbitrator, which is analogous to judicial immunity because an arbitrator performs a quasi-judicial function. *Id*. at 780 (addressing *Cahn v. International Ladies' Garment Union*, 311 F.2d 113, 114-15 (3rd Cir. 1962)). Again, that is not what is at issue in this case. In *Conrad*, the plaintiff "contended that the selection and composition of the arbitration panel violated the terms of the agreement to arbitrate as well as the rules of the Chicago Board of Trade [and] asked the court to declare that the panel was illegally constituted and any award made by it void." *Id*. The court ultimately held that

---

[2] "If the court determines the defenses to be insufficient as a matter of law, immaterial, or impertinent the granting of a motion to strike is appropriate." *Conn v. United States*, 823 F. Supp. 2d 441, 444 (S.D. Miss. 2011) (quoting *F.D.I.C. v. Butcher*, 660 F.Supp. 1274, 1277 (E.D.Tenn.1987)). To the extent this is a defense, it was not raised in Goulette's Answer, nor has she sought leave to amend her answer. Notwithstanding, the Court will address this *pro se* Defendant's filing as a properly plead defense.

[3] As Defendant points out, Goulette provided incomplete case citations; thus, the Court assumes that this is the proper case citation.

arbitral immunity should be extended to cases where the authority of an arbitrator to resolve a dispute is challenged. *Id*. Again, that is not the gravamen Plaintiff's allegations in this case, and because of that all other cases cited by Goulette are distinguishable as they all involve apparently legitimate arbitrations; they are simply challenged on technical grounds. Therefore, based on the foregoing, the Court finds that arbitral immunity is insufficient as a matter of law and grants Defendant's motion to strike in that regard. Accordingly, the Affidavit shall not be construed as raising or containing any affirmative defense. In all other aspects, because the Affidavit seeks no particular relief, and Plaintiff fails to show any prejudice from the document, the motion to strike is denied.

### C. Kahapea Affidavit

Finally, the Court addresses the Affidavit, Notice to the Court of Challenge to the Jurisdiction of this Case, Mandatory Counterclaim filed by Ronnie Kahapea [75], to which Plaintiff responded in opposition [78]. As Plaintiff points out, this is Kahapea's third time filing essentially incoherent documents with the Court seeking unspecified relief. To the extent Kahapea is again challenging this Court's jurisdiction, the document, if it is indeed a motion, for the reasons stated above and in prior Orders is denied.[4]

To the extent Kahapea is challenging personal jurisdiction, the Court denies any relief. Kahapea has submitted to the jurisdiction of this Court by initiating an arbitration in the state of Mississippi, which is at the heart of this litigation. In addition, Kahapea has a section in the document titled "Dismiss Upon Failure to State a Claim Upon Which Relief Can be Granted, Counterclaim." It appears to be worded in a similar vein as the statements made in a prior document filed on January 3, 2020 [10], which the Court denied [15]. Thus, any request to

---

[4] On January 28, 2020, Kahapea filed an Affidavit, Demand to Dismiss Upon Lack of Subject Matter Jurisdiction [19]. The Court denied the request to dismiss, finding, as it has time and again, that the Court has subject matter jurisdiction over this action [30].

dismiss for failure to state a claim is denied for the same reasons. To the extent Kahapea attempts to assert a counterclaim, his assertion fails for the same reason it did before. *See* [52] at pp. 8-9. The only possible interpretation that would make sense is that he seeks to confirm his arbitration award. To that extent, the validity of any award will be addressed in due time, as a separate case in which Kahapea seeks to confirm his arbitration award is currently pending before this Court. *See* Case No. 2:20-cv-151KS-MTP (transferred in August 13, 2020 [26]). Having addressed all of the apparent issues raised therein, the Court concludes that any relief sought therein is denied. The Court advises Kahapea, who is proceeding *pro se*, that generally an Affidavit is an inappropriate means to raise particular issues to the Court and urges Kahapea to familiarize himself with Local Uniform Civil Rule 7.

### III. CONCLUSION

In accordance with the foregoing, it is hereby ORDERED as follows:

1) Motion to Dismiss Due to Subject Matter Jurisdiction by filed by Sandra Goulette [58] is DENIED;

2) Motion to Dismiss Due to Subject Matter Jurisdiction filed by Kirk Gibbs [62] is DENIED.

3) Motion to Strike the Affidavit of Goulette filed by Plaintiff [70] is GRANTED in so far as arbitral immunity is not a valid defense and is stricken, but in all other aspects is DENIED.

4) Affidavit, Notice to the Court of Challenge to the Jurisdiction of this Case, Mandatory Counterclaim filed by Ronnie Kahapea [75], to the extent it is construed as a motion, is DENIED.

SO ORDERED AND ADJUDGED this 26th day of October 2020.

/s/ Keith Starrett_____
KEITH STARRETT
UNITED STATES DISTRICT JUDGE