# EXHIBIT E

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**Eastern Division**

**PENNYMAC LOAN SERVICES, LLC**,                                            **Plaintiff,**

      **-vs-**                          **Case No: 2:19-cv-00193-KS-MTP**

**SITCOMM ARBITRATION ASSOCIATION,**
**MARK MOFFETT, SANDRA GOULETTE,**
**RONNIE KAHAPEA, MARK JOHNSON, KIRK**
**GIBBS, and ALARIC SCOTT**,

                                              **Defendants.**

## PLAINTIFF PENNYMAC LOAN SERVICES, LLC'S FIRST SET OF REQUESTS FOR ADMISSIONS, INTERROGATORY REQUESTS, AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT MARK MOFFETT

Pursuant to Fed. R. Civ. P. 33, 34, and 36, plaintiff, PennyMac Loan Services, LLC ("PennyMac"), by its attorneys, Blank Rome LLP, propounds upon Defendant Mark Moffett ("Moffett") the following First Set of Written Interrogatories, Requests for Admission, and Requests for the Production of Documents (hereinafter collectively referred to as the "Discovery Requests"). These Discovery Requests are to be answered in writing, under oath, and mailed to Blank Rome LLP, 2029 Century Park East, 6th Floor, Los Angeles, California 90067-2907, within thirty (30) days from the date of service of such.

Dated:         October 8, 2020

                                   Respectfully submitted,

                                */s/ Nicole Bartz Metral* _____
                                Cheryl S. Chang (admitted *pro hac vice*)
                                Nicole Bartz Metral (admitted *pro hac vice*)
                                Jessica A. McElroy (admitted *pro hac vice*)

BLANK ROME LLP
2029 Century Park East, 6th Floor
Los Angeles, California 90067-2907
Telephone: 424.239.3400
Facsimile:  424.239.3434
Email:  Chang@BlankRome.com
NBMetral@BlankRome.com
JMcElroy@BlankRome.com

Harris F. Powers III
Steven C. Cookston

Upshaw, Williams, Biggers & Beckham, LLP
309 Fulton Street
Post Office Drawer 8230
Greenwood, MS 38935-8230
Telephone No.: 662-455-1613
Facsimile No.:  662-453-9245
Email: hpowers@upshawwilliams.com
Scookston@upshawwilliams.com

*Counsel for Plaintiff*

## I.    DEFINITIONS

The following definitions apply to these requests, as well as to any other discovery requests that incorporate these definitions.  In the event of any ambiguity with one or more of the following definitions, common usage and reference to any cited rules, statutes, or regulations should be used to provide the broadest interpretation of the term in question.

1.    The term "document" or "documents" means the original and all copies, regardless of origin or location, of any writing or records of any type or description, whether official or unofficial, including, but not limited to, the original and any copy of any book, pamphlet, periodical, e-mail, letter, memorandum, report, record, study, inter- or intra-office communication, handwritten or other note, working paper, publication, permit, ledger, and/or journal, whether general or special, disk, data sheet, photograph, or any other written, recorded, transcribed, filed, or graphic matter, however produced or reproduced, to which Plaintiffs had access or now have access.

2

2.      "Communication" means any document, contact, or act, oral or written, formal or informal, manually, mechanically, or electronically generated, in which information of any nature is transmitted, transferred, stored, or conveyed between two or more persons and shall include written contact by such means as letters, memoranda, telegrams, telex, facsimile, e-mail, or by any document, and oral contact by such means as face-to-face meetings and telephone conversations. A request for Documents relating to communications is also a specific request for e-mail and all attachments thereto.

3.      "You" and "Your" means Defendant, Mark Moffett ("Moffett"), his agents, representatives, legal counsel or any persons acting or purporting to act on his behalf.

4.      "Identify," "identity," "identification" or "describe" means:

    a.      When used with reference to a document, with respect to the original and each copy thereof, the following:

        i.      Information sufficient to identify the document, such as its date, the name and addressee or addressees, the name of the signer or signers, the title or heading of the document and its approximate number of pages. Form documents may be identified by title of the form, a description of the method or preparation and disposition of all copies;

        ii.      The identity and address or addresses of the person or persons to whom copies were sent;

        iii.      The present or last known location of the possessor of the original document (or, if that is unavailable, the most legible copy);

        iv.      If any document was, but is no longer, in your possession, custody or control, state what disposition was made of it and the reason for such disposition; or

        v.      In lieu of specifically identifying documents as requested in paragraphs (a)-(d), documents may be generally described (with enough particularity to identify which documents are responsive to the document request) and produced for inspection and copying. Provided, however, that all documents not produced must be identified and if there are no documents responsive to a particular interrogatory, that must be indicated in the answer to the interrogatory. Provided further, if any document is withheld or not identified under a claim or privilege, you must (a) identify each such document with sufficient particularity as to author(s), addressees), or recipient(s) and a description sufficient to allow the matter to be brought before the court; (b) state the nature of the privilege(s)

3

asserted; and (c) state in detail the factual basis for the claim or privilege.

b. When used with reference to a person who is an individual, to state his or her full name, present (or last known) address, present or last known employer, and the present (or last known) address of each employer, and the present or last position held.

c. When used with reference to a person other than an individual person, to state its full name, its principal business address, the nature of the organization, if known, and the identify of its owner(s), operator(s), officer(s), partner(s) or other managing personnel.

d. When used with respect to an (including an alleged) offense, occurrence, contract, transaction, decision, statement, communication or conduct (hereinafter collectively call "act"), or relationship, operation or activity, to describe in substance the event or events constituting such act, or what transpired, the place, the date; and to identify all persons involved, present or having knowledge thereof, stating the subject matter of their knowledge and the manner in which such knowledge was acquired and to identify the documents referring or relating thereto.

e. Whenever you are requested to identify an agreement or communication, and such agreement or communication was oral, state the substance and date thereof, the identity of the persons between whom it was made, the identity of each person present when it was made, and identify each document in which each such agreement or communication was recorded or described.

5. "Relating" means concerning, referring, or pertaining, directly or indirectly, to the subject matter of the request.

6. "Litigation" refers to this lawsuit, case 2:19-cv-00193-KS-MTP, filed in the Southern District of Mississippi.

7. "Sitcomm" means Defendant, Innovated Holdings, Inc. dba Sitcomm Arbitration Association, its agents, representatives, legal counsel or any persons acting or purporting to act on its behalf.

8. "Consumer", "Customer", or "Sitcomm's clients", or any variation thereof, shall refer to the individual persons who are indebted to a lender, creditor, or debt collector and seek your or Sitcomm's assistance in arbitrating against said lender, creditor, or debt collector.

9. Any capitalized terms not specifically defined above shall have the meaning assigned to them in the Plaintiffs' Amended Complaint.

## INTERROGATORIES REQUESTS

### I.    INSTRUCTIONS FOR ANSWERING

1.    To the extent any interrogatory is objected to, set forth all reasons for the objection. If you object, and refuse to answer in part to any interrogatory, respond to the balance of the interrogatory.

2.    If you object to fully identifying a document or oral communication because of a privilege, you should nevertheless provide the following information:

   a.    the nature of the privilege claimed (including work product);

   b.    the privilege rule being invoked;

   c.    the date of the document or oral communication;

   d.    if a document: its type (correspondence, memorandum, facsimile etc.), custodian, location, and such other information sufficient to identify the document for a subpoena duces tecum or a document request, including where appropriate the author, the addressee, and, if not apparent, the relationship between the author and addressee;

   e.    if an oral communication: the place where it was made, the names of the persons present while it was made, and, if not apparent, the relationship of the persons present to the declarant; and

   f.    the general subject matter of the document or oral communication.

3.    These interrogatories seek information that now is or ever was in your knowledge or that of your present or former employees, representatives, agents, and persons consulted concerning any factual matters or opinions, or is otherwise available to you as either a practical matter or as a matter of law.

4.    For the purposes of reading, interpreting, or construing the scope of these interrogatories, the terms used shall be given their most expansive and inclusive interpretation. This includes, without limitation, the following:

   a.    Construing the terms "and" and "or" in the disjunctive or conjunctive, as necessary, to make the interrogatory more inclusive;

   b.    Construing the singular form of any word to include the plural and the plural form to include the singular;

   c.    Construing the past tense of the verb to include the present tense and the present tense to include the past tense;

   d.    Construing "including" to mean "including without limitation."

5

e.      Construing the masculine form to include the feminine form.

f.      Construing the term "Date" to mean the exact day, month and year if ascertainable; if not, the closest approximation that can be made by means of relationship to other events, locations, or matters;

g.      Construing negative terms to include the positive and vice versa.  For example, the word "communication" should be construed to mean enforcement or lack of communication;

h.      Construing the terms "relate to" and "regarding" to mean to constitute, discuss, identify, describe, mention, analyze, review, comment upon, admit, deny, support, criticize, refute, reflect, refer to directly or indirectly, or in any way pertain to, in whole or in part;

i.      Construing the terms "all," "each," or "every" as all, each and every; and

j.      Construing "you" and "your" to mean the party to whom these interrogatories are directed and any person associated or affiliated with the above named parties, including, but not limited to, staff, advisors, consultants, internal or external experts, and all others providing research, advice, analysis, or information relating to the actions and transactions of this case and/or the events addressed herein.

5.      These requests shall be deemed continuing in nature and are to be supplemented as additional information pertinent to any request is obtained, including, but not limited to, additional information which adds to a previous response and/or clarifies a previous response.

## II.   **Interrogatories**

1.     What is the name and address of the person answering these interrogatories and, if applicable, the person's official position or relationship with the party to whom the interrogatories are directed.

2.     Identify any and all persons you may call as an expert witness at the trial of this matter and briefly state the subject matter on which each expert witness will testify.

3.     Identify any and all persons you may call as a fact witness at the trial of this matter and briefly state the subject matter on which each fact witness will testify.

4.     Identify any and all documents you may offer as evidence at the trial of this matter or use at any deposition.

5.     Please provide your full name, your address, telephone number, date of birth, and all addresses where you have lived for the past ten (10) years, including the dates you lived at each address.

6.     Please state if you have ever been a party, either a plaintiff, defendant, or claimant, in a lawsuit or proceeding other than the present Litigation, and if so, state whether you were a plaintiff, defendant, or claimant, the nature of the action, and the date and court or administrative body in which such suit or claim was filed.

7.     List the names and addresses of all persons who are believed or known by you, your agents or your attorneys to have knowledge concerning issues raised by the pleadings in the Litigation and specify the subject matter about which the witness has knowledge.

8.     Please list all arbitrations conducted by you, the name of the parties to the arbitration, the date of the arbitration, and the nature of each action which was arbitrated.

136044.01923/123925798v.1

9.     Please list all arbitrations conducted by you for which a party to the arbitration, either a plaintiff, defendant, or other claimant, filed a lawsuit or action to enforce the arbitration award, and the date and court or administrative body in which such suit or action was filed.

10.     Please list all steps taken by you in the life cycle of conducting an arbitration, including, but not limited to, receiving an assignment from Sitcomm, generating the arbitration agreement, sending the pre-arbitration notice to the parties, holding of the arbitration, and creating the post-arbitration decision.

11.     Please list all arbitration contracts in which <u>all</u> parties to the arbitration provided written, signed authorization for you to conduct the arbitration.

12.     Please list all actions taken by you to verify that the parties to an arbitration contract have consented to your authority to conduct the arbitration.

13.     Please list and describe all arbitration hearings conducted by you between 2016-2020 for which a party to the arbitration physically appeared before you during the arbitration hearing.

14.     Please list all advertising methods, media outlets, locations, or internet sites by which you advertise your services as an arbitration provider.

15.     Please describe when you first learned about Sitcomm and how you obtained this knowledge.

16.     Please describe your employment status vis-à-vis Sitcomm, such as whether you are a salaried employee, commissioned employee, consultant, or independent contractor.

17.     Please state the date on which you first started working with Sitcomm, including any dates on which you entered into any agreements with Sitcomm.

8

18.     Please list any and all training manuals, written guidance, or informal methods provided by Sitcomm to you by which you were educated on how to determine the exact amount to award to a consumer in an arbitration against a lending institution.

19.     Please describe your training to act as a mediator in the matters referred to you by Sitcomm.

20.     Please describe the process by which Sitcomm located, retained, hired, contracted, or authorized you to handle arbitrations for Sitcomm.

21.     Please set forth the manner, and amount, which you are paid to act as an arbitrator for Sitcomm matters. Please include any increased or decreased payments based on the size of the award or the party in whose favor the award is generated.

22.     Please identify and set forth your total revenue for the years 2016-2020, specifically itemizing the income attributable to arbitration contracts, arbitration hearings, or other compensation received for Sitcomm arbitrations.

23.     Please list and set forth all arbitration decisions in which you decided against a customer of Sitcomm and instead found in favor of the opposing party.

24.     Do you receive a monetary benefit, payment, kickback, or other benefit if Sitcomm's customers are successful in enforcing their arbitration awards against their opponents?

25.     Please list and describe all facts and evidence which influenced your decision to award $1,800,000 against Plaintiff as part of the Kahapea Arbitration Award (Exhibit C to the Amended Complaint).

26.     Please list all the persons that appeared before you during the Kahapea Arbitration on June 10, 2019, as referenced in the Kahapea Arbitration Award (Exhibit C to the Amended Complaint).

9

27.     Please provide a range of dates in which you are available for a deposition under Fed.R.Civ.P. 30.

136044.01923/123925798v.1

## REQUESTS FOR PRODUCTION

## I.      INSTRUCTIONS

1.      All Documents shall be produced in the order they are kept in the ordinary course of business, and shall be produced in their original folders, binders, covers or containers, or facsimile thereof.

2.      These requests relate to all Documents that are in your possession, custody or control, or that are in the possession, custody or control of your current or former predecessors, successors, parents, subsidiaries, divisions, or affiliates. Unless otherwise indicated, the temporal scope for each request is limited to January 1, 2010, through the present.

3.      If you contend or believe that a privilege or other protection enables you to withhold any Document sought by a request, you must: (a) state the nature of the privilege or protection claimed; (b) state the nature and identity of the attorney (or other appropriate party) with respect to whom the privilege or protection is claimed; (c) state the basis for claiming the privilege or protection as to the specific information or Document involved; (d) state the author, all addressees, all persons to whom carbon or blind copies were furnished, the date, and a description of the subject matter of the Document; and (e) identify each person who has knowledge of such information or to whom such information has been communicated in any way at any time.

4.      If any Document is not produced in full or is produced in redacted form, you must so indicate on the Document itself and state with particularity the reason or reasons that it is not being produced in full. If the reason for the redaction is a privilege or protection, you must comply with the requirements of the foregoing paragraph.

5.      Whenever objection is made to any portion of any request, a response shall be furnished to as much of the request as to which there is no objection.

6.      If you object to any request on the ground of over-breadth, you are instructed to respond to the request as narrowed to conform to your objection within the time period allowed for a response.

7.      In no event should any response be left blank. If the response to any request is, for example, "none" or "not applicable," such statement should be written as a response. If you do not possess one or more of the requested Documents, you should so state and describe all efforts made by you to search for the Documents necessary to respond to the request.

8.      If you claim that any Document requested was in existence at one time but has been lost, discarded or destroyed, identify such Document or thing as completely as possible including:

(a) an explanation of the type of Document or thing it was; (b) when and how it was lost, discarded or destroyed; (c) why it was disposed of, discarded or destroyed; (d) all persons who know or knew of its existence; (e) the person or persons who lost, discarded or destroyed it; and (f) all persons who know of its contents.

9.      If you encounter any ambiguity in construing a request, or the definition or instruction relevant to the request, set forth the matter deemed "ambiguous" and set forth the construction chosen or used in responding.

10.     For each Document requested, produce the entire Document, along with all appendices, exhibits, or other attachments.

11.     Produce all non-identical copies of a Document. Any alteration of a Document, including any marginal notes, handwritten notes, underlining, date stamps, received stamps, endorsed or filed stamps, drafts, revisions, modifications and other versions of a final Document is deemed a separate and distinct Document and must be produced.

12.     All Documents and electronically stored information ("ESI") must be produced as they are kept in the ordinary course of business or you must label all Documents and ESI to correspond to the specific request that seeks such information. All Documents shall be produced in their original folders, binders, covers, containers, or facsimile thereof.

13.     If you object to any of the definitions or instructions applicable to these requests, state your objection in your response and clearly indicate whether you are complying with the direction or instruction notwithstanding your objection. If your objection only goes to part of a definition or instruction, produce all Documents which do not fall within the scope of your objection.

14.     Unless given a specific definition in these requests, each word or term used shall be given its usual and customary dictionary definition, except where such words have a specific custom and usage definition in your trade or industry, in which case they shall be interpreted in accordance with such usual custom and usage definition of which you are aware. In construing the following requests: (a) the singular shall include the plural and the plural shall include the singular; (b) a masculine, feminine, or neuter pronoun shall not exclude the other genders; (c) the past tense includes the present tense; (d) the terms "any" or "all" shall be understood to mean "any and all"; and (e) the terms "and" and "or" shall be read in the conjunctive or disjunctive or both, such that the request is understood in the most expansive manner.

## II.     DOCUMENTS REQUESTED

1.      All notes, memoranda, accounts, narratives, diaries or other documents which refer in any way to any of the claims or defenses in the Litigation.

2.      All documents that you intend to use in any way at the trial of this matter.

3.      All documents that refer or relate to any other litigation involving an arbitration contract with Sitcomm.

4.      All documents customarily provided to a Sitcomm customer who signs up for an arbitration with you.

5.      All documents that support, refute or otherwise relate to any award of damages from each Sitcomm arbitration matter you handled.

6.      All documents that refer or relate to fees, expenses, or charges for your arbitration services and other services.

7.      All documents, checklists, aids, or illustrations sent to Sitcomm's customers that discuss or describe the arbitration process with you.

8.      All documents, checklists, aids, or illustrations sent to Sitcomm's customers which discuss or describe the documents that Sitcomm's customers are required to submit to you in preparation for an arbitration hearing.

9.      All of your annual federal and state tax returns for the years 2016, 2017, 2018, 2019, and 2020.

10.     All documents reflecting payment(s) that you received for conducting arbitration hearings, whether for Sitcomm or any other entity, from 2016-2020, including, but not limited to, all canceled checks and/or bank records reflecting such payments, notes, memoranda, accounts, narratives and diaries or other documents.

13

11.     All documents reflecting your total income and financial status from January 1, 2016 through June 1, 2020, including, but not limited to, tax returns for 2016-2020, W-2 statements, 1099 statements, and bank account statements.

12.     All documents which support, refute or otherwise relate to your authority to act as an arbitrator.

13.     All documents which reference or establish the arbitration agreement used by Sitcomm's customers to submit a matter to you for arbitration.

14.     All documents, contracts, or retainer agreements authorizing you to arbitrate cases for Sitcomm.

15.     All advertising materials used during 2016-2020 to advertise your services as an arbitrator.

16.     All evidence and submissions presented to you for consideration at the Kahapea Arbitration on June 10, 2019.

17.     All communications, in any medium, between you and co-defendant Goulette.

18.     All communications, in any medium, between you and co-defendant Gibbs.

19.     All communications, in any medium, between you and co-defendant Kahapea.

20.     All communications, in any medium, between you and co-defendant Johnson.

21.     All communications, in any medium, between you and co-defendant Scott.

22.     All communications, in any medium, between you and co-defendant Magee.

23.     All communications, in any medium, between you and co-defendant Jones aka Eeon.

## REQUESTS FOR ADMISSIONS

### I.    INSTRUCTIONS

1.    Each request for admission shall be deemed admitted unless you serve a written answer or objection addressed to the matter signed by you or your attorney.

2.    The answer to each request for admission shall specifically deny the matter or set forth in detail the reason why you cannot truthfully admit or deny the matter.

3.    When good faith requires that you qualify an answer or deny only a part of the matter of which an admission is requested, you shall specify so much of it as true and qualify or deny the remainder.

4.    If objection is made, the reasons therefor shall be stated. The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify his or her answer, or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder. An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny. A party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not, on that ground alone, object to the request; the party may, subject to the provisions of Civ.R. 37(c), deny the matter or set forth reasons why the party cannot admit or deny it.

5.    Should you discover that any response to the request for admissions was incorrect when made you shall, upon such discovery or determination, amend such response.

15

## II.       REQUESTS FOR ADMISSION

1.       Admit that you conducted arbitrations hearings at the request of Sitcomm or Sitcomm's customers.

2.       Admit that you offered arbitration services for sale to individual consumers.

3.       Admit that you encouraged individual consumers to seek an arbitration judgment against their lenders and creditors.

4.       Admit that you cooperated with Sitcomm to supply consumers with forms, contracts, and instructions for sending arbitration agreements to the consumer's lenders and creditors.

5.       Admit that you rely on the tacit acceptance, or non-response, of a consumer's lenders and creditors as the authority for you to conduct a binding arbitration against that lender or creditor.

6.       Admit that you never received any signed agreements from a consumer's lenders and creditors agreeing to arbitrate their claims with you.

7.       Admit that no valid and enforceable contract or consent to arbitrate exists between consumers and their opposing party in the arbitration.

8.       Admit that consumers do not supply you with any information, documents, or facts upon which to arbitrate the consumer's claims against their lenders and creditors.

9.       Admit that you do not conduct an actual hearing in which the parties to the arbitration contract appear before you to arbitrate their claims.

10.       Admit that no lender or creditor has ever attended an arbitration held by you.

11.       Admit that you use no independent standards to decide who should be the prevailing party in an arbitration.

12.     Admit that you use no independent standards to decide the amount to award to the prevailing party in an arbitration.

13.     Admit that you have no basis upon which to issue an arbitration award in favor of a consumer.

14.     Admit that you have never issued an unfavorable arbitration decision against a consumer.

15.     Admit that you have never issued a favorable arbitration decision in favor of a consumer's lenders or creditors.

16.     Admit that you encourage consumers to enforce their arbitration agreements in a state or federal court under the Federal Arbitration Act.

17.     Admit that you used the U.S. Postal service to mail arbitration contracts, arbitrations notices, arbitration awards, and other documents related to your business operations.

18.     Admit you have published false and derogatory factual statements about PennyMac by way of the arbitration awards issued by you.

19.     Admit that the false and derogatory factual statements referenced in Admission #17 were made to third persons with the purpose of inflicting harm upon PennyMac.

20.     Admit that the false and derogatory factual statements referenced in Admission #17 were made maliciously, knowingly, willfully and in conscious disregard of PennyMac's rights, with specific intent to cause damage to PennyMac's reputation.

21.     Admit that you knowingly cooperated with Sitcomm, and the arbitrators hired by Sitcomm, including co-defendants Gibbs, Goulette, EeoN, and Magee, to commit the wrongful actions outlined in Claims I through V of PennyMac's Amended Complaint in this Litigation.

136044.01923/123925798v.1

22.     Admit that the arbitration decisions issued by you, with the knowing assistance of Sitcomm and the other co-defendants, were designed to defraud PennyMac and have money judgments filed against PennyMac.

18

## <u>VERIFICATION</u>

WITNESS my hand and official seal, this ___ day of _____, 20___.

Signature: _____

Name: _____

STATE OF _____

COUNTY OF_____

BEFORE ME personally appeared _____, known to me to be the person described in and who executed the foregoing instrument, and who is personally known to me or has produced _____ as identification and who did take an oath, and now deposes and states that he/she has reviewed the foregoing responses and objections to <u>PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION, WRITTEN INTERROGATORIES, AND REQUESTS FOR THE PRODUCTION OF DOCUMENTS PROPOUNDED UPON DEFENDANT</u>, and that they represent true and accurate answers to those requests as s/he verily believes.

Sworn to and subscribed before me and in my presence this __ day of _____, 20__.

_____
Notary Public
Notary Public, State of _____
Printed Name: _____

19

## <u>CERTIFICATE OF SERVICE</u>

I, Nicole B. Metral, hereby certify that I have this day cause to be served a true and correct copy of the above foregoing by Federal Express to the following:

Sandra Goulette
3007 Crescent Hill Drive
Laurel, MS 39440

Kirk Gibbs
4155 Lawrenceville HWY
PMB 8119
Lilburn, GA 30047

Mark Johnson
451 May Ln.
Louisa, VA 23093

Mark Moffett
345 Coon Jeffcoat Rd.
Soso, MS 39480

<u>U.S. MAIL ONLY</u>
Ronnie Kahapea
P.O. Box 875
Volano, HI 96785

SO CERTIFIED this the 8th day of October, 2020.

*/s/ Nicole B. Metral*
Nicole B. Metral

136044.01923/123925798v.1