# EXHIBIT C

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

## Eastern Division

| | |
|---|---|
| PENNYMAC LOAN SERVICES, LLC, | CIVIL ACTION<br>**Case No: 2:19-cv-00193-KS-MTP** |
| Plaintiff, | |
| -vs- | |
| SITCOMM ARBITRATION ASSOCIATION, MARK MOFFETT, SANDRA GOULETTE, RONNIE KAHAPEA, MARK JOHNSON, KIRK GIBBS, and ALARIC SCOTT, | |
| Defendants. | |

**PLAINTIFF PENNYMAC LOAN SERVICES, LLC'S NOTICE OF DEPOSITION OF DEFENDANT MARK JOHNSON PURSUANT TO FED. R. CIV. P. 26 AND 30**

TO:            ALL PARTIES AND THEIR ATTORNEYS OF RECORD

DEPONENT:      MARK JOHNSON

DATE:          November 24, 2020

TIME:          11:00 a.m. Central Standard Time

LOCATION:      Remote by videoconference.  See Exhibit A.  Contact Veritext's calendar team at calendar-LA@Veritext.com to retrieve the necessary credentials to access the remote deposition.

1

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

Please take notice that pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, plaintiff PennyMac Loan Services, LLC ("PennyMac") will take the deposition by oral examination of defendant Mark Johnson ("Deponent") on November 24, 2020 at 11:00 a.m. Central Standard Time via remote video conference pursuant to Exhibit A.

The remote deposition will be coordinated by Veritext Legal Solutions, with a business address of 707 Wilshire Boulevard, Suite 3500, Los Angeles, CA 90017.  Contact Veritext's calendar team at calendar-LA@Veritext.com to retrieve the necessary credentials to access the remote deposition, as well as information related to any technical assistance you may require to assist with carrying out the virtual deposition.  We encourage you to access www.veritext.com/remote for additional remote deposition information.

The deposition will be taken, via remote means, before an officer authorized to administer the oath to the Deponent.  If the deposition is not completed on the above date, the deposition will continue from day to day, weekends and holiday excluded, until completed.  Pursuant to Rule 30(b)(3)(A) of the Federal Rules of Civil Procedure, PennyMac reserves the right to record the deposition by audio or audiovisual means in addition to the stenographic method.  PennyMac further reserves the right to utilize software to generate the instant visual display of testimony.  Further, PennyMac reserves the right to conduct this deposition utilizing the secure web-based deposition option afforded by Veritext or in the alternative video teleconferencing (VTC) services or telephonically to provide remote/virtual access for those parties wishing to participate in the deposition via the internet and/or telephone.  Take note that the deposition officer may also be remote and out of the presence of the deponent via one of the options above for the

purposes of providing the oath/affirmation to the deponent and capturing the proceeding.  We further reserve the right to utilize the following: (1) Exhibit Capture (picture-in-picture) technology in which any exhibit reviewed by the deponent during the deposition can be captured visually; and (2) To conduct this deposition utilizing a paperless exhibit display process called Exhibit Share or a similar paperless virtual display platform. The parties are advised that in lieu of a paper set of exhibits they may be provided and displayed digitally to the deposition officer, deponent, parties and counsel.  The exhibits will be compiled by the deposition officer for the purposes of exhibit stamping, and ultimate production of the final certified transcript.

     Please contact the noticing attorney at least three (3) calendar days prior to the deposition to advise that it is your desire to appear via these remote participating means so that the necessary credentials, call-in numbers, email address, services, testing and information, if necessary, can be arranged and provided to you prior to the proceeding(s).

 Dated: November 11, 2020

                                                 Respectfully submitted,

                                                 */s/ Nicole Bartz Metral*
                                                 Cheryl S. Chang (admitted *pro hac vice*)
                                                 Nicole Bartz Metral (admitted *pro hac vice*)
                                                 Jessica A. McElroy (admitted *pro hac vice*)

                                                 BLANK ROME LLP
                                                 2029 Century Park East, 6th Floor
                                                 Los Angeles, California 90067-2907
                                                 Telephone: 424.239.3400
                                                 Facsimile:  424.239.3434
                                                 Chang@blankrome.com

Nbmetral@blankrome.com
Jmcelroy@blankrome.com


Harris F. Powers III
Steven C. Cookston

Upshaw, Williams, Biggers & Beckham, LLP
309 Fulton Street
Post Office Drawer 8230
Greenwood, MS 38935-8230
Telephone No.: 662-455-1613
Fax No. 662-453-9245
hpowers@upshawwilliams.com
scookston@upshawwilliams.com

*Counsel for Plaintiff*

EXHIBIT A

1. <u>Physical Presence Prohibited</u>.  The witness will be made available for deposition by video, with no attendees physically in the presence of the deponent. Witnesses may not use any communication devices other than those to facilitate the deposition during questioning and may not consult in any fashion with anyone other than with representing counsel during questioning.  Witnesses may not privately confer with counsel at all during questioning except as to questions of privilege.

2. <u>Participant List</u>.  At least three calendar days prior to the noticed deposition date, each individual planning to participate in the deposition must notify the party noticing the deposition of his/her intent to participate and provide the following information to the noticing party: (a) name, (b) email address, (c) phone number.  The noticing party will share this information with the vendor arranging the deposition for the limited purpose of facilitating each participating party's access to the video web portal for the deposition.

3. <u>Technology Requirements</u>.  All video depositions will be stenographically recorded by a court reporter with real-time feed capabilities. Each individual participating in a deposition conducted by video must have a webcam-equipped device (such as a desktop, laptop, or tablet), and a device with audio-capabilities or access to a telephone for calling into the deposition.  Other than this equipment, the witness shall not be permitted to have access to any other devices (such as a cellphone) while on the record.

Noticing counsel are not responsible for the quality or functionality of the video and audio stream for the witness, observers, or other participants.  Attendees agree to work in good faith to facilitate remote participation.

4. <u>Identification of lndividuals in Attendance</u>.  Each witness, attorney, and other person attending the deposition shall be identified on the record at the commencement of the deposition.  Under no circumstances may a person attend the deposition remotely in any manner without identifying themselves on the record at the commencement of the deposition.

5. <u>Conduct by Participants Appearing Remotely</u>.  Each individual participating in the deposition (including counsel for the deponent) must do so remotely and must have an active video stream and audio line for the duration of the deposition.  Each participant should attend from a quiet, private location.

6. <u>Deponent Communication During a Video Deposition</u>.  During the deposition, Deponent shall not communicate with anyone at all outside of the video/audio stream.  This includes, but is not limited to, instant messaging, text messaging, or any equivalent.  In the event any such communications occur, the parties agree that the communications are discoverable.

7. <u>Disruptions</u>.  In the event a participant's video feed is interrupted or otherwise becomes hidden from view, the deposition will be suspended, and the parties will go back on the record only when the participant's video stream functionality has been restored.  Disruptions due to video streaming, phone line interruptions, or other technical problems shall not be counted against record time.  If a party believes that the transmission and/or recording was disrupted in bad faith, including but not limited to for purposes of delay, it may request that an additional videographer record other participants and may seek further appropriate relief from the Court.

8. <u>Court Reporter and Videographer</u>.  The parties will stipulate, in accordance with Federal Rule of Civil Procedure 30(b)(5), that the court reporter or videographer may participate in the deposition by remote means, and that the deposition will be deemed to have been conducted "before" that officer, even though the officer is not physically present with the deponent, so long as that officer is able to identify the deponent.

9. <u>Official Record</u>.  The court reporter's transcript, and the videographer's recording (if any), shall constitute the official record of the deposition for all purposes.

10. <u>Other Recording</u>.  No participant other than the court reporter and videographer (if any) may record or photograph any of the proceedings.  This shall include recording using any form of remote transmitting device, computer recording device, laptops, camera, and personal device, including smart phones, tablets, iPads, Androids, iPhones, Blackberries, or other PDAs.  Nothing in this provision prevents or limits the taking of notes by those identified on the record.

11. <u>Use of Remote Depositions at Trial</u>.  Remote depositions conducted in accordance with this Protocol may be admitted at trial with the same effect as a deposition conducted inperson.

12. <u>Instant Visual Display Technology</u>.  In the event the noticing party utilizes instant visual display technology such that the court reporter's writing of

the proceeding will be displayed in real-time, the witness shall not have access to the instant visual display.

    13.    <u>Applicable Authority</u>.  Unless otherwise set forth herein, the Federal Rules of Civil Procedure, Federal Rules of Evidence, and other applicable authority shall govern as though the deposition was conducted in-person.

    14.    <u>Duration</u>.  Nothing herein prevents a noticing party from conducting an in-person deposition once COVID-19 related preventative measures are lifted in the states where the parties and counsel reside.  If, however, a noticing party elects to conduct a deposition by remote means even after such measures are lifted, the terms of this Protocol shall continue to govern.

136044.01923/124015928v.1

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is **BLANK ROME LLP**, 2029 Century Park East, 6th Floor, Los Angeles, California 90067.

On **November 11, 2020**, I served the foregoing document(s):

**PLAINTIFF PENNYMAC LOAN SERVICES, LLC'S NOTICE OF DEPOSITION OF DEFENDANT MARK JOHNSON PURSUANT TO FED. R. CIV. P. 26 AND 30**

**on the interested parties in this action addressed and sent as follows:**

**SEE ATTACHED SERVICE LIST**

☒ **BY ENVELOPE:** by placing ☐ the original ☒ a true copy thereof enclosed in sealed envelope(s) addressed as indicated and delivering such envelope(s):

☒ **BY MAIL:** I caused such envelope(s) to be deposited in the mail at Los Angeles, California with postage thereon fully prepaid to the office or home of the addressee(s) as indicated. I am "readily familiar" with this firm's practice of collection and processing documents for mailing. It is deposited with the U.S. Postal Service on that same day, with postage fully prepaid, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

☒ **BY FEDEX:** I caused such envelope(s) to be deposited in a box or other facility regularly maintained by FedEx, an express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents in an envelope designated by the said express service carrier, addressed as indicated, with delivery fees paid or provided for, to be transmitted by FedEx.

☒ **FEDERAL:** I declare that I am employed in the office of a member of the bar of this court at whose direction service was made.

Executed on **November 11, 2020** at Los Angeles, California.

                                                */s/Charman S. Bee*
                                                Charman S. Bee

136044.01923/124015928v.1

## SERVICE LIST

*Pennymac Loan Services, LLC v. Sitcomm Arbitration Association, et al.*;
Case No. 2:19-cv-00193-KS-MTP

**BY U.S. MAIL**
Ronnie Kahapea                              Defendant
P.O. Box 875
Volcano, HI 96785

**BY FED EX**
Mark Johnson                                Defendant
451 May Lane
Louisa, VA 23093

**BY FED EX**
Kirk Gibbs                                  Defendant
3115 Lawrenceville Rd.
PMB 8119
Lilburn, GA 30047

**BY FED EX**
Sandra Goulette                             Defendant
3007 Crescent Hill Drive
Laurel, MS 39440

**BY FED EX**
Mark Moffett                                Defendant
345 Coon Jeffcoat Road
Soso, MS 39480

136044.01923/124015928v.1