## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

### Eastern Division

| | |
|---|---|
| PENNYMAC LOAN SERVICES, LLC,<br><br>Plaintiff,<br><br>-vs-<br><br>SITCOMM ARBITRATION ASSOCIATION, MARK MOFFETT, SANDRA GOULETTE, RONNIE KAHAPEA, MARK JOHNSON, KIRK GIBBS, and ALARIC SCOTT,<br><br>Defendants. | CIVIL ACTION<br>**Case No: 2:19-cv-00193-TBM-MTP**<br><br><br>**PLAINTIFF PENNYMAC LOAN SERVICES, LLC'S MOTION TO COMPEL DISCLOSURES AND DISCOVERY RESPONSES FROM DEFENDANT MARK JOHNSON AND REQUEST FOR SANCTIONS** |

**PLAINTIFF PENNYMAC LOAN SERVICES, LLC'S MOTION TO COMPEL DISCLOSURES AND DISCOVERY RESPONSES FROM DEFENDANT MARK JOHNSON AND REQUEST FOR SANCTIONS**

COMES NOW plaintiff, PennyMac Loan Services, LLC ("PennyMac") to file its Motion to Compel Disclosures and Discovery Responses from defendant Mark Johnson ("Johnson") and Request for Sanctions pursuant to Federal Rules of Civil Procedure Rule 37(a), showing unto the Court the following:

1. On May 7, 2020, the Court issued its Rule 16(a) Initial Order (Docket 53) setting a Telephonic Case Management Conference ("CMC") for June 18, 2020.  The Rule 16(a) Initial Order states: "The parties shall

1

serve their initial disclosures as required by Fed.R.Civ.P.26(a) seven (7) days prior to the case management conference."

2. Johnson did not provide any initial disclosures prior to the CMC. Declaration of Nicole Metral filed concurrently herewith ("Metral Dec."), ¶ 2.

3. Following the CMC and on June 18, 2020, the Court issued a Case Management Order ("CMO").  (Docket 57.)  In the CMO, the Court noted that "Defendants Mark Johnson and Ronnie Kahapea did not participate in the management conference as ordered, nor did they (or any other defendant) submit their confidential settlement memoranda or participate in a Rule 26(f) conference." *Id*.  The CMO also states "None of the Defendants have made their initial disclosures as ordered.  Each Defendant is ordered to made[sic] initial disclosures on or before July 1, 2020.  **Failure to do so may result in the imposition of sanctions or otherwise adversely affect Defendants' rights.**" *Id*.

4. Johnson did not provide any initial disclosures on or before July 1, 2020 and as of the date of this filing, still has not provided any. Metral Dec., ¶ 2.

2

5.  On October 8, 2020 PennyMac served Interrogatories, Requests for
    Production, and Requests for Admission (collectively, the
    "Discovery") on Johnson via FedEx.  On November 19, 2020,
    PennyMac filed a Proof of Service of Discovery Requests Propounded
    to Defendants.  (Docket 96.)  The Discovery propounded to Johnson
    was attached thereto as Exhibit A and proof of delivery of the
    Discovery to Johnson's address was attached thereto as Exhibit B.
    Both of these documents are attached hereto as Exhibit 1.

6.  Responses to the Discovery were due on November 12, 2020.  As of
    the date of this filing, Johnson has not produced any responses to any
    of the Discovery or any responsive documents.  Metral Dec., ¶ 4.

7.  Pursuant to Federal Rules of Civil Procedure Rule 36(a)(3), all of the
    Requests for Admission have been admitted.

8.  On November 30, 2020, counsel for PennyMac sent a meet and confer
    letter to Johnson regarding the Discovery.  Metral Dec., ¶ 5; Exh. 2
    attached hereto.  In the letter, counsel for PennyMac stated:

    > "Pursuant to Local Uniform Civil Rule 37(a) and Federal
    > Rules of Civil Procedure Rule 37(a), we are reaching out
    > to you and requesting that you provide written responses
    > to the Discovery and produce documents **on or before**

3

**December 9, 2020**. Or, if you wish to meet and confer regarding the Discovery, we request that you contact our office at nbmetral@blankrome.com or (424) 239-3483 **on or before December 4, 2020**. If we do not hear from you or receive your responses by December 9, 2020, we will file a Motion to Compel with the Court and seek sanctions, including reasonable expenses incurred and attorneys' fees incurred in connection with the Motion to Compel."

*Id*.

9. On December 15, 2020, Johnson filed a handwritten letter to the Court stating that he "do not have any documents to submit to PennyMac or their hired group. There is no discovery to be had as there is/are no records that I keep regarding PennyMac or any communication with them." (Docket 102.) However, Johnson has not provided any responses to each question in the Discovery propounded. Metral Dec., ¶ 4.

10. As states in the Declarations of Nicole Metral and Harris Powers, PennyMac has incurred $1,732.50 in attorneys' fees and costs in

4

connection with meeting and conferring with Johnson and bringing this Motion.

11. Given Johnson's (and the other defendants) failure to comply with their discovery obligations, PennyMac is requesting the CMO be modified to extend the deadline to complete fact discovery and the deadline to file dispositive motions.  Alternatively, PennyMac requests a status conference with the Court so these scheduling issues can be further addressed.

12. PennyMac is filing concurrently herewith a memorandum of law supporting the positions outlined above and relies on the additional documents appended hereto and described below:

- Exhibit 1 – Interrogatories, Requests for Production, and Requests for Admission propounded on Johnson and proof of delivery of the Discovery.

- Exhibit 2 – November 30, 2020 meet and confer letter from PennyMac and proof of delivery.

13. As set forth in this Motion to Compel and the Memorandum in Support, PennyMac submits that its Motion is well-taken and requests that Johnson be compelled to provide disclosures, compelled to provide responses to the Discovery and produce documents, and that

5

an award of sanctions in the amount of $1,732.50 be awarded in favor of PennyMac and against Johnson.

Dated:        December 29, 2020

Respectfully submitted,

*/s/ Nicole Bartz Metral*
Cheryl S. Chang (admitted *pro hac vice*)
chang@blankrome.com
Nicole Bartz Metral (admitted *pro hac vice*)
nbmetral@blankrome.com
Jessica A. McElroy (admitted *pro hac vice*)
jmcelroy@blankrome.com

BLANK ROME LLP
2029 Century Park East, 6th Floor
Los Angeles, California 90067-2907
Telephone: 424.239.3400
Facsimile:  424.239.3434

Harris F. Powers III
hpowers@upshawwilliams.com
Steven C. Cookston
scookston@upshawwilliams.com

Upshaw, Williams, Biggers & Beckham, LLP
309 Fulton Street
Post Office Drawer 8230
Greenwood, MS 38935-8230
Telephone: 662.455.1613
Facsimile: 662.453.9245

*Counsel for Plaintiff*

6

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is **BLANK ROME LLP**, 2029 Century Park East, 6th Floor, Los Angeles, California 90067.

On **December 29, 2020**, I served the foregoing document(s):

**PLAINTIFF PENNYMAC LOAN SERVICES, LLC'S MOTION TO COMPEL DISCLOSURES AND DISCOVERY RESPONSES FROM DEFENDANT MARK JOHNSON AND REQUEST FOR SANCTIONS**

on the interested parties in this action addressed and sent as follows:

### SEE ATTACHED SERVICE LIST

☒ **BY ENVELOPE:** by placing ☐ the original ☒ a true copy thereof enclosed in sealed envelope(s) addressed as indicated and delivering such envelope(s):

☒ **BY CERTIFIED MAIL:** I caused such envelope(s) to be deposited in the mail at Los Angeles, California with postage thereon fully prepaid to the office or home of the addressee(s) as indicated.  I am "readily familiar" with this firm's practice of collection and processing documents for mailing.  It is deposited with the U.S. Postal Service on that same day, with postage fully prepaid, in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

☒ **BY FEDEX:** I caused such envelope(s) to be deposited in a box or other facility regularly maintained by FedEx, an express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents in an envelope designated by the said express service carrier, addressed as indicated, with delivery fees paid or provided for, to be transmitted by FedEx.

☒ **FEDERAL:** I declare that I am employed in the office of a member of the bar of this court at whose direction service was made.

Executed on **December 29, 2020**, at Los Angeles, California.

_____
Michelle Grams

## SERVICE LIST

*Pennymac Loan Services, LLC v. Sitcomm Arbitration Association, et al.*;
Case No. 2:19-cv-00193-KS-MTP

### BY CERTIFIED MAIL:

Ronnie Kahapea                                          Defendant
P.O. Box 875
Volcano, HI 96785

Brett "Eeon" Jones                                      Defendant
c/o California Institution for Men
Post Box 3100
Chino, CA 91708

### BY FEDEX:

Mark Johnson                                            Defendant
451 May Lane
Louisa, VA 23093

Kirk Gibbs                                              Defendant
4115 Lawrenceville Rd.
PMB 8119
Lilburn, GA 30047

Sandra Goulette                                         Defendant
3007 Crescent Hill Drive
Laurel, MS 39440

Mark Moffett                                            Defendant
345 Coon Jeffcoat Road
Soso, MS 39480

Rance Magee                                             Defendant
11294 Rose Road
Emmett, MI 48022

Innovated Holdings, Inc. dba                            Defendant
Sitcomm Arbitration Association
C/O Registered Agents, Inc.
30 N. Gould Street, Suite R
Sheridan, WY 82801