# EXHIBIT A

```
 1                 IN THE UNITED STATES DISTRICT COURT

 2              FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

 3                          Eastern Division

 4

 5    PENNYMAC LOAN SERVICES,     ) Case No. 2:19-cv-00193-KS-MTP
      LLC,                        )
 6                                )
              Plaintiff,          )
 7                                )
         vs.                      )
 8                                )
      SITCOMM ARBITRATION         )
 9    ASSOCIATION, MARK MOFFETT,  )
      SANDRA GOULETTE, RONNIE     )
10    KAHAPEA, MARK JOHNSON, KIRK )
      GIBBS, and ALARIC SCOTT,    )
11                                )
              Defendants.         )
12    _____ )

13

14

15        CERTIFICATE OF NONAPPEARANCE OF RONNIE KAHAPEA

16           MONDAY, NOVEMBER 30, 2020, 1:44 P.M., CST

17                  VIA REMOTE VIDEOCONFERENCE

18

19

20

21

22

23           Reported by Michelle D. Hernandez

24                  CSR No. 13960

25                  Job No. 4340342
```

Page 1

```
 1              IN THE UNITED STATES DISTRICT COURT
 2           FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
 3                        Eastern Division
 4
 5      PENNYMAC LOAN SERVICES,)  Case No. 2:19-cv-00193-KS-MTP
        LLC,                   )
 6                             )
             Plaintiff,        )
 7                             )
          vs.                  )
 8                             )
        SITCOMM ARBITRATION    )
 9      ASSOCIATION, MARK      )
        MOFFETT, SANDRA        )
10      GOULETTE, RONNIE       )
        KAHAPEA, MARK JOHNSON, )
11      KIRK GIBBS, and ALARIC )
        SCOTT,                 )
12                             )
             Defendants.       )
13      _____)
14
15
16
17
18
19
20           CERTIFICATE OF NONAPPEARANCE OF RONNIE KAHAPEA,
21      scheduled to have been taken via remote
22      videoconference, on Monday, November, 30, 2020, at
23      1:00 p.m., Central Standard Time, before Michelle D.
24      Hernandez, Certified Shorthand Reporter, in and for the
25      State of California.
```

                                              Page 2

```
 1          APPEARANCES:
 2       For the Plaintiff:
 3               BLANK ROME
                 BY:  CHERYL S. CHANG, ESQ.
 4                   (PRO HAC VICE, VIA VIDEOCONFERENCE)
                 2029 Century Park East, 6th Floor
 5               Los Angeles, California  90067
                 Telephone:  (424) 239-3400
 6               Facsimile:  (424) 239-3434
                 E-mail:  chang@blankrome.com
 7
 8       For the Plaintiff:
 9               UPSHAW, WILLIAMS, BIGGERS & BECKHAM
                 BY:  HARRIS F. POWERS III, ESQ.
10                   (VIA VIDEOCONFERENCE)
                 309 Fulton Street
11               Post Office Drawer 8230
                 Greenwood, Mississippi  38935
12               Telephone:  (662) 455-1613
                 Facsimile:  (662) 453-9245
13               E-mail:  hpowers@upshawwilliams.com
14
15       Also Present:
16               Matthew Hausle, Videographer
17
18
19
20
21
22
23
24
25
```

Page  3

```
 1                           I N D E X
 2     STATEMENT ON THE RECORD                        Page
 3     By Mr. Powers                                     5
 4     By Ms. Chang                                      8
 5
 6                        E X H I B I T S
 7     Plaintiff's                                    Page
       Exhibit       Description                    Marked
 8
       Exhibit 1     Notice of Deposition               5
 9
       Exhibit 2     Letter dated 11/17/2020            6
10                   re-serving notice of
                     deposition for the 11/30/2020
11                   deposition of Ronnie Kahapea
12     Exhibit 3     Documents collectively marked      7
13     Exhibit 4     E-mail chain between Ronnie         9
                     Kahapea Nicole Metral dated
14                   November 26, 2020, 7:55 p.m
15     Exhibit 5     E-mail dated November 28,           9
                     2020, at 9:15 p.m. from Blood
16                   Wolf to Nicole Metral
17     Exhibit 6     E-mail dated November 30,          10
                     2020, 11:16 a.m. from Nicole
18                   Metral to Blood Wolf
19
20
21
22
23
24
25
                                               Page  4
```

```
 1              MONDAY, NOVEMBER 30, 2020, 1:44 P.M., CST
 2                    VIA REMOTE VIDEOCONFERENCE
 3
 4              MR. POWERS:  This is Harris Powers of the
 5    Upshaw, Williams, Biggers & Beckham law firm in
 6    Greenwood, Mississippi.  I am local counsel for the
 7    plaintiff PennyMac Loan Services, LLC, in Case
 8    Number 2:19-cv-00193 pending in the United States
 9    District Court for the Southern District of
10    Mississippi.
11              And I am on record to make a declaration
12    pursuant to Federal Rule of Civil Procedure 30 and 37
13    and to request a certificate of nonappearance for the
14    deponent Ronnie Kahapea, who is a defendant in the
15    case.  Mr. Kahapea was served a notice of deposition in
16    the form of Exhibit 1 on November 11, 2020.
17              Madam Court Reporter, do you have a copy of
18    the notice of deposition as Exhibit 1?
19              THE REPORTER:  (Responds affirmatively.)
20              MR. POWERS:  That will be made as an exhibit.
21              (Plaintiff's Exhibit 1 was marked for
22              identification.)
23              MR. POWERS:  And he was served that notice of
24    deposition by U.S. mail to his P.O. Box address on file
25    with the court.  Defendant Kahapea was served the
```

Page 5

1    notice of deposition a second time on November 17,

2    2020, consistent with the letter which would be

3    attached as Exhibit 2.

4           Madam Court Reporter, do you have a copy of

5    the November 17, 2020, letter before you that would be

6    made Exhibit 2?

7           THE REPORTER:  (Responds affirmatively.)

8           MR. POWERS:  Thank you.

9           I would submit that the Exhibit 2 was a letter

10   served by my co-counsel Nicole Metral on all parties,

11   again re-serving the notice of deposition for today.

12          (Plaintiff's Exhibit 2 was marked for

13          identification.)

14          MR. POWERS:  Going back to last week,

15   Mr. Kahapea has been in touch with the Blank Rome law

16   firm by e-mail dated November 28, 2020, acknowledging

17   the deposition and advising that he would not appear

18   unless certain conditions were met.

19          He was advised that his conditions, none of

20   which are required by the Federal Rules of Civil

21   Procedure or the Uniform Local Rules of the Southern

22   District of Mississippi, require compliance with his

23   conditions for appearance.

24          And he was advised, at that point in time,

25   that his nonappearance at the deposition would be met

1  with a motion for attorneys' fees, costs, and sanctions

2  available under the Federal Rules of Civil Procedure

3  including Rule 30 and 37.

4        That would be Exhibit 3, I believe, which

5  would be a composite exhibit of e-mails dated

6  November 24, November 26, and November 28; is that

7  correct?

8        MS. CHANG:  That's correct.

9        MR. POWERS:  Thank you very much for the

10  clarification on that point.

11        (Plaintiff's Exhibit 3 was marked for

12        identification.)

13        MS. CHANG:  And since I haven't announced

14  myself, I'll just announce myself now for the record.

15  This is Cheryl Chang, also counsel for PennyMac Loan

16  Services, the plaintiff in this case, and I'm from the

17  law firm of Blank Rome in their Los Angeles office.

18        MR. POWERS:  And we are both here consistent

19  with the requirements of the Uniform Local Rules of the

20  Southern District of Mississippi as Ms. Chang is

21  pro hac vice counsel.

22        I would like the record to reflect that

23  Mr. Kahapea was served all relevant notices.  He is

24  aware of the deposition and was provided access

25  credentials to this Zoom meeting -- Zoom deposition.

Page 7

1            And on this record, the plaintiff, PennyMac
2    Loan Services, LLC, requests the court reporter to
3    enter a certificate of nonappearance for the deponent,
4    defendant Ronnie Kahapea, who has failed to attend this
5    deposition, which was properly noticed for
6    1:00 o'clock p.m. Central time, and it is approximately
7    1:48 p.m. Central time.
8            This declaration may be submitted in support
9    of a motion for sanctions or any other purpose
10   permitted by the Federal Rules of Civil Procedure.
11           Ms. Chang, do you have anything to add or to
12   clarify to that statement on the record?
13           MS. CHANG:  Yes.  Just to note that it is
14   11:49 in California, Pacific time, and I believe 9:49
15   Hawaii time, and the depo notice did provide for a
16   9:00 a.m. start time in Hawaii and 11:00 a.m. start
17   time in California.
18           Madam Court Reporter, did we mark 4, 5, and 6?
19           THE REPORTER:  (Responds negatively.)
20           MS. CHANG:  Okay.  I can do that.  I can go
21   ahead and do that.
22           So we will mark as Exhibit 4 an e-mail chain
23   between Ronnie Kahapea, the witness, and Nicole Metral,
24   my co-counsel at Blank Rome, which is dated
25   November 26, 2020, at 7:55 p.m.

Page 8

```
 1              And in that e-mail, Mr. Kahapea indicates that
 2     he will again only accept the invitation under
 3     certain --
 4              MR. POWERS:  All right.
 5              MS. CHANG:  -- invitation to the deposition
 6     under certain conditions.  And he attaches a document.
 7              (Plaintiff's Exhibit 4 was marked for
 8              identification.)
 9              MS. CHANG:  And I think that Mr. Powers was
10     marking this as one exhibit.  But I'll just break them
11     up so that we can include all the final exhibits.  And
12     then we'll also mark as Exhibit 5 another e-mail from
13     Mr. Kahapea.
14              His e-mail address is bloodwolf80@gmail.com,
15     and this e-mail is dated November 28, 2020, at
16     9:15 p.m. and is again addressed to Nicole Metral, my
17     co-counsel.  And it again indicates that Mr. Kahapea
18     will not be attending the deposition but not because
19     he's unavailable or because he's unavailable to attend
20     by Zoom or for any other reason but simply because he
21     doesn't want to attend.
22              (Plaintiff's Exhibit 5 was marked for
23              identification.)
24              MS. CHANG:  And then the final exhibit that we
25     will mark is Exhibit 6, and it is an e-mail from this
```

Page 9

```
 1   morning, November 30, 2020.  And it's timestamped
 2   11:16 a.m.
 3             (Plaintiff's Exhibit 6 was marked for
 4             identification.)
 5             MS. CHANG:  And it's from my co-counsel Nicole
 6   Metral and is addressed to Mr. Kahapea.  And Mr. Powers
 7   and myself are copied on that e-mail.  And it was to
 8   alert Mr. Kahapea to a change in the Zoom calendar
 9   invite and to let him know that we would wait another
10   20 minutes for him to appear.
11             But it has now been more than 20 minutes since
12   that e-mail.  It's been almost 40 minutes since that
13   e-mail, and Mr. Kahapea is still not in attendance in
14   this deposition by Zoom.  And with that, I have nothing
15   else.
16             MR. POWERS:  Nothing else on my end either.
17   Thank you.
18             MS. CHANG:  Thank you very much.
19             (Whereupon the proceedings concluded
20             at 1:51 P.M., CST.)
21
22
23
24
25
```

Page 10

```
 1                    REPORTER'S CERTIFICATE

 2

 3      I, Michelle D. Hernandez,  Certified Shorthand Reporter

 4   in and for the State of California, do hereby certify:

 5

 6      That the foregoing proceedings were reported by me

 7   stenographically and later transcribed into typewriting

 8   under my direction; that the foregoing is a true record

 9   of the proceedings taken at that time.

10

11      IN WITNESS WHEREOF, I have subscribed my name

12   this 10th day of December, 2020, at Fontana, California.

13

14

15

16            MICHELLE D. HERNANDEZ, CSR No. 13960

17

18

19

20

21

22

23

24

25
```

Page 11

[& - counsel]

**&**

**&** 3:9 5:5

**0**

**00193** 1:5 2:5 5:8

**1**

**1** 4:8 5:16,18,21
**10** 4:17
**10th** 11:12
**11** 5:16
**11/17/2020** 4:9
**11/30/2020** 4:10
**11:00** 8:16
**11:16** 4:17 10:2
**11:49** 8:14
**13960** 1:24 11:16
**15015** 11:15
**17** 6:1,5
**1:00** 2:23 8:6
**1:44** 1:16 5:1
**1:48** 8:7
**1:51** 10:20

**2**

**2** 4:9 6:3,6,9,12
**20** 10:10,11
**2020** 1:16 2:22
  4:14,15,17 5:1,16
  6:2,5,16 8:25 9:15
  10:1 11:12
**2029** 3:4
**239-3400** 3:5
**239-3434** 3:6
**24** 7:6
**26** 4:14 7:6 8:25
**28** 4:15 6:16 7:6
  9:15
**2:19** 1:5 2:5 5:8

**3**

**3** 4:12 7:4,11

**30** 1:16 2:22 4:17
  5:1,12 7:3 10:1
**309** 3:10
**37** 5:12 7:3
**38935** 3:11

**4**

**4** 4:13 8:18,22 9:7
**40** 10:12
**424** 3:5,6
**4340342** 1:25
**453-9245** 3:12
**455-1613** 3:12

**5**

**5** 4:3,8,15 8:18
  9:12,22

**6**

**6** 4:9,17 8:18 9:25
  10:3
**662** 3:12,12
**6th** 3:4

**7**

**7** 4:12
**7:55** 4:14 8:25

**8**

**8** 4:4
**8230** 3:11

**9**

**9** 4:13,15
**90067** 3:5
**9:00** 8:16
**9:15** 4:15 9:16

**a**

**a.m.** 4:17 8:16,16
  10:2
**accept** 9:2
**access** 7:24
**acknowledging**
  6:16

**add** 8:11
**address** 5:24 9:14
**addressed** 9:16
  10:6
**advised** 6:19,24
**advising** 6:17
**affirmatively** 5:19
  6:7
**ahead** 8:21
**alaric** 1:10 2:11
**alert** 10:8
**angeles** 3:5 7:17
**announce** 7:14
**announced** 7:13
**appear** 6:17 10:10
**appearance** 6:23
**appearances** 3:1
**approximately** 8:6
**arbitration** 1:8 2:8
**association** 1:9 2:9
**attached** 6:3
**attaches** 9:6
**attend** 8:4 9:19,21
**attendance** 10:13
**attending** 9:18
**attorneys** 7:1
**available** 7:2
**aware** 7:24

**b**

**b** 4:6
**back** 6:14
**beckham** 3:9 5:5
**believe** 7:4 8:14
**biggers** 3:9 5:5
**blank** 3:3 6:15
  7:17 8:24
**blankrome.com**
  3:6
**blood** 4:15,18
**bloodwolf80** 9:14

**box** 5:24
**break** 9:10

**c**

**calendar** 10:8
**california** 2:25 3:5
  8:14,17 11:4,12
**case** 1:5 2:5 5:7,15
  7:16
**central** 2:23 8:6,7
**century** 3:4
**certain** 6:18 9:3,6
**certificate** 1:15
  2:20 5:13 8:3 11:1
**certified** 2:24 11:3
**certify** 11:4
**chain** 4:13 8:22
**chang** 3:3,6 4:4
  7:8,13,15,20 8:11
  8:13,20 9:5,9,24
  10:5,18
**change** 10:8
**cheryl** 3:3 7:15
**civil** 5:12 6:20 7:2
  8:10
**clarification** 7:10
**clarify** 8:12
**collectively** 4:12
**compliance** 6:22
**composite** 7:5
**concluded** 10:19
**conditions** 6:18,19
  6:23 9:6
**consistent** 6:2 7:18
**copied** 10:7
**copy** 5:17 6:4
**correct** 7:7,8
**costs** 7:1
**counsel** 5:6 6:10
  7:15,21 8:24 9:17
  10:5

Page 1

**[court - nonappearance]**

**court**  1:1 2:1 5:9
  5:17,25 6:4 8:2,18
**credentials**  7:25
**csr**  1:24 11:16
**cst**  1:16 5:1 10:20
**cv**  1:5 2:5 5:8

**d**

**d**  1:23 2:23 4:1
  11:3,16
**dated**  4:9,13,15,17
  6:16 7:5 8:24 9:15
**day**  11:12
**december**  11:12
**declaration**  5:11
  8:8
**defendant**  5:14,25
  8:4
**defendants**  1:11
  2:12
**depo**  8:15
**deponent**  5:14 8:3
**deposition**  4:8,10
  4:11 5:15,18,24
  6:1,11,17,25 7:24
  7:25 8:5 9:5,18
  10:14
**description**  4:7
**direction**  11:8
**district**  1:1,2 2:1,2
  5:9,9 6:22 7:20
**division**  1:3 2:3
**document**  9:6
**documents**  4:12
**drawer**  3:11

**e**

**e**  3:6,13 4:1,6,13
  4:15,17 6:16 7:5
  8:22 9:1,12,14,15
  9:25 10:7,12,13

**east**  3:4
**eastern**  1:3 2:3
**either**  10:16
**enter**  8:3
**esq**  3:3,9
**exhibit**  4:7,8,9,12
  4:13,15,17 5:16,18
  5:20,21 6:3,6,9,12
  7:4,5,11 8:22 9:7
  9:10,12,22,24,25
  10:3
**exhibits**  9:11

**f**

**f**  3:9
**facsimile**  3:6,12
**failed**  8:4
**federal**  5:12 6:20
  7:2 8:10
**fees**  7:1
**file**  5:24
**final**  9:11,24
**firm**  5:5 6:16 7:17
**floor**  3:4
**fontana**  11:12
**foregoing**  11:6,8
**form**  5:16
**fulton**  3:10

**g**

**gibbs**  1:10 2:11
**gmail.com**  9:14
**go**  8:20
**going**  6:14
**goulette**  1:9 2:10
**greenwood**  3:11
  5:6

**h**

**h**  4:6
**hac**  3:4 7:21
**harris**  3:9 5:4

**hausle**  3:16
**hawaii**  8:15,16
**hernandez**  1:23
  2:24 11:3,16
**hpowers**  3:13

**i**

**identification**  5:22
  6:13 7:12 9:8,23
  10:4
**iii**  3:9
**include**  9:11
**including**  7:3
**indicates**  9:1,17
**invitation**  9:2,5
**invite**  10:9

**j**

**job**  1:25
**johnson**  1:10 2:10

**k**

**kahapea**  1:10,15
  2:10,20 4:11,13
  5:14,15,25 6:15
  7:23 8:4,23 9:1,13
  9:17 10:6,8,13
**kirk**  1:10 2:11
**know**  10:9
**ks**  1:5 2:5

**l**

**law**  5:5 6:15 7:17
**letter**  4:9 6:2,5,9
**llc**  1:5 2:5 5:7 8:2
**loan**  1:5 2:5 5:7
  7:15 8:2
**local**  5:6 6:21 7:19
**los**  3:5 7:17

**m**

**madam**  5:17 6:4
  8:18

**mail**  3:6,13 4:13
  4:15,17 5:24 6:16
  8:22 9:1,12,14,15
  9:25 10:7,12,13
**mails**  7:5
**mark**  1:9,10 2:9
  2:10 8:18,22 9:12
  9:25
**marked**  4:7,12
  5:21 6:12 7:11 9:7
  9:22 10:3
**marking**  9:10
**matthew**  3:16
**meeting**  7:25
**met**  6:18,25
**metral**  4:13,16,18
  6:10 8:23 9:16
  10:6
**michelle**  1:23 2:23
  11:3,16
**minutes**  10:10,11
  10:12
**mississippi**  1:2 2:2
  3:11 5:6,10 6:22
  7:20
**moffett**  1:9 2:9
**monday**  1:16 2:22
  5:1
**morning**  10:1
**motion**  7:1 8:9
**mtp**  1:5 2:5

**n**

**n**  4:1
**name**  11:11
**negatively**  8:19
**nicole**  4:13,16,17
  6:10 8:23 9:16
  10:5
**nonappearance**
  1:15 2:20 5:13
  6:25 8:3

Veritext Legal Solutions
866 299-5127

**[note - x]**

**note**  8:13
**notice**  4:8,10 5:15
  5:18,23 6:1,11
  8:15
**noticed**  8:5
**notices**  7:23
**november**  1:16
  2:22 4:14,15,17
  5:1,16 6:1,5,16
  7:6,6,6 8:25 9:15
  10:1
**number**  5:8

**o**

**o'clock**  8:6
**office**  3:11 7:17
**okay**  8:20

**p**

**p.m**  4:14
**p.m.**  1:16 2:23
  4:15 5:1 8:6,7,25
  9:16 10:20
**p.o.**  5:24
**pacific**  8:14
**page**  4:2,7
**park**  3:4
**parties**  6:10
**pending**  5:8
**pennymac**  1:5 2:5
  5:7 7:15 8:1
**permitted**  8:10
**plaintiff**  1:6 2:6
  3:2,8 5:7 7:16 8:1
**plaintiff's**  4:7 5:21
  6:12 7:11 9:7,22
  10:3
**point**  6:24 7:10
**post**  3:11
**powers**  3:9 4:3 5:4
  5:4,20,23 6:8,14
  7:9,18 9:4,9 10:6

10:16
**present**  3:15
**pro**  3:4 7:21
**procedure**  5:12
  6:21 7:2 8:10
**proceedings**  10:19
  11:6,9
**properly**  8:5
**provide**  8:15
**provided**  7:24
**purpose**  8:9
**pursuant**  5:12

**r**

**reason**  9:20
**record**  4:2 5:11
  7:14,22 8:1,12
  11:8
**reflect**  7:22
**relevant**  7:23
**remote**  1:17 2:21
  5:2
**reported**  1:23 11:6
**reporter**  2:24 5:17
  5:19 6:4,7 8:2,18
  8:19 11:3
**reporter's**  11:1
**request**  5:13
**requests**  8:2
**require**  6:22
**required**  6:20
**requirements**  7:19
**responds**  5:19 6:7
  8:19
**right**  9:4
**rome**  3:3 6:15 7:17
  8:24
**ronnie**  1:9,15 2:10
  2:20 4:11,13 5:14
  8:4,23
**rule**  5:12 7:3

**rules**  6:20,21 7:2
  7:19 8:10

**s**

**s**  3:3 4:6
**sanctions**  7:1 8:9
**sandra**  1:9 2:9
**scheduled**  2:21
**scott**  1:10 2:11
**second**  6:1
**served**  5:15,23,25
  6:10 7:23
**services**  1:5 2:5
  5:7 7:16 8:2
**serving**  4:10 6:11
**shorthand**  2:24
  11:3
**signature**  11:15
**simply**  9:20
**sitcomm**  1:8 2:8
**southern**  1:2 2:2
  5:9 6:21 7:20
**standard**  2:23
**start**  8:16,16
**state**  2:25 11:4
**statement**  4:2 8:12
**states**  1:1 2:1 5:8
**stenographically**
  11:7
**street**  3:10
**submit**  6:9
**submitted**  8:8
**subscribed**  11:11
**support**  8:8

**t**

**t**  4:6
**taken**  2:21 11:9
**telephone**  3:5,12
**thank**  6:8 7:9
  10:17,18

**think**  9:9
**time**  2:23 6:1,24
  8:6,7,14,15,16,17
  11:9
**timestamped**  10:1
**today**  6:11
**touch**  6:15
**transcribed**  11:7
**true**  11:8
**typewriting**  11:7

**u**

**u.s.**  5:24
**unavailable**  9:19
  9:19
**uniform**  6:21 7:19
**united**  1:1 2:1 5:8
**upshaw**  3:9 5:5
**upshawwilliams...**
  3:13

**v**

**vice**  3:4 7:21
**videoconference**
  1:17 2:22 3:4,10
  5:2
**videographer**  3:16
**vs**  1:7 2:7

**w**

**wait**  10:9
**want**  9:21
**week**  6:14
**whereof**  11:11
**williams**  3:9 5:5
**witness**  8:23 11:11
**wolf**  4:16,18

**x**

**x**  4:1,6

Page 3

**[zoom - zoom]**

| z |
|---|
| **zoom**   7:25,25 9:20 10:8,14 |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

**Eastern Division**

PENNYMAC LOAN SERVICES, LLC,     CIVIL ACTION
                               **Case No: 2:19-cv-00193-KS-MTP**

               Plaintiff,

     -vs-

SITCOMM ARBITRATION
ASSOCIATION, MARK MOFFETT,
SANDRA GOULETTE, RONNIE
KAHAPEA, MARK JOHNSON, KIRK
GIBBS, and ALARIC SCOTT,

               Defendants.

**PLAINTIFF PENNYMAC LOAN SERVICES, LLC'S NOTICE OF
DEPOSITION OF DEFENDANT RONNIE KAHAPEA PURSUANT TO
FED. R. CIV. P. 26 AND 30**

TO:           ALL PARTIES AND THEIR ATTORNEYS OF RECORD

DEPONENT:    RONNIE KAHAPEA

DATE:       November 30, 2020

TIME:       1:00 p.m. Central Standard Time

LOCATION:   Remote by videoconference.  See Exhibit A.  Contact Veritext's
                calendar team at calendar-LA@Veritext.com to retrieve the
                necessary credentials to access the remote deposition.

1

**EXHIBIT**

**1**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

Please take notice that pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, plaintiff PennyMac Loan Services, LLC ("PennyMac") will take the deposition by oral examination of defendant Ronnie Kahapea ("Deponent") on November 30, 2020 at 1:00 p.m. Central Standard Time via remote video conference pursuant to Exhibit A.

The remote deposition will be coordinated by Veritext Legal Solutions, with a business address of 707 Wilshire Boulevard, Suite 3500, Los Angeles, CA 90017.  Contact Veritext's calendar team at calendar-LA@Veritext.com to retrieve the necessary credentials to access the remote deposition, as well as information related to any technical assistance you may require to assist with carrying out the virtual deposition.  We encourage you to access www.veritext.com/remote for additional remote deposition information.

The deposition will be taken, via remote means, before an officer authorized to administer the oath to the Deponent.  If the deposition is not completed on the above date, the deposition will continue from day to day, weekends and holiday excluded, until completed.  Pursuant to Rule 30(b)(3)(A) of the Federal Rules of Civil Procedure, PennyMac reserves the right to record the deposition by audio or audiovisual means in addition to the stenographic method.  PennyMac further reserves the right to utilize software to generate the instant visual display of testimony.  Further, PennyMac reserves the right to conduct this deposition utilizing the secure web-based deposition option afforded by Veritext or in the alternative video teleconferencing (VTC) services or telephonically to provide remote/virtual access for those parties wishing to participate in the deposition via the internet and/or telephone.  Take note that the deposition officer may also be remote and out of the presence of the deponent via one of the options above for the

2

purposes of providing the oath/affirmation to the deponent and capturing the proceeding.  We further reserve the right to utilize the following: (1) Exhibit Capture (picture-in-picture) technology in which any exhibit reviewed by the deponent during the deposition can be captured visually; and (2) To conduct this deposition utilizing a paperless exhibit display process called Exhibit Share or a similar paperless virtual display platform. The parties are advised that in lieu of a paper set of exhibits they may be provided and displayed digitally to the deposition officer, deponent, parties and counsel.  The exhibits will be compiled by the deposition officer for the purposes of exhibit stamping, and ultimate production of the final certified transcript.

Please contact the noticing attorney at least three (3) calendar days prior to the deposition to advise that it is your desire to appear via these remote participating means so that the necessary credentials, call-in numbers, email address, services, testing and information, if necessary, can be arranged and provided to you prior to the proceeding(s).

Dated: November 11, 2020

Respectfully submitted,

*/s/ Nicole Bartz Metral*
Cheryl S. Chang (admitted *pro hac vice*)
Nicole Bartz Metral (admitted *pro hac vice*)
Jessica A. McElroy (admitted *pro hac vice*)

BLANK ROME LLP
2029 Century Park East, 6th Floor
Los Angeles, California 90067-2907
Telephone: 424.239.3400
Facsimile:  424.239.3434
Chang@blankrome.com

3

Nbmetral@blankrome.com
Jmcelroy@blankrome.com


Harris F. Powers III
Steven C. Cookston

Upshaw, Williams, Biggers & Beckham, LLP
309 Fulton Street
Post Office Drawer 8230
Greenwood, MS 38935-8230
Telephone No.: 662-455-1613
Fax No. 662-453-9245
hpowers@upshawwilliams.com
scookston@upshawwilliams.com

*Counsel for Plaintiff*

4

EXHIBIT A

1.    <u>Physical Presence Prohibited</u>.  The witness will be made available for deposition by video, with no attendees physically in the presence of the deponent. Witnesses may not use any communication devices other than those to facilitate the deposition during questioning and may not consult in any fashion with anyone other than with representing counsel during questioning.  Witnesses may not privately confer with counsel at all during questioning except as to questions of privilege.

2.    <u>Participant List</u>.  At least three calendar days prior to the noticed deposition date, each individual planning to participate in the deposition must notify the party noticing the deposition of his/her intent to participate and provide the following information to the noticing party: (a) name, (b) email address, (c) phone number.  The noticing party will share this information with the vendor arranging the deposition for the limited purpose of facilitating each participating party's access to the video web portal for the deposition.

3.    <u>Technology Requirements</u>.  All video depositions will be stenographically recorded by a court reporter with real-time feed capabilities. Each individual participating in a deposition conducted by video must have a webcam-equipped device (such as a desktop, laptop, or tablet), and a device with audio-capabilities or access to a telephone for calling into the deposition.  Other than this equipment, the witness shall not be permitted to have access to any other devices (such as a cellphone) while on the record.

Noticing counsel are not responsible for the quality or functionality of the video and audio stream for the witness, observers, or other participants.  Attendees agree to work in good faith to facilitate remote participation.

4.    <u>Identification of Individuals in Attendance</u>.  Each witness, attorney, and other person attending the deposition shall be identified on the record at the commencement of the deposition.  Under no circumstances may a person attend the deposition remotely in any manner without identifying themselves on the record at the commencement of the deposition.

5.    <u>Conduct by Participants Appearing Remotely</u>.  Each individual participating in the deposition (including counsel for the deponent) must do so remotely and must have an active video stream and audio line for the duration of the deposition.  Each participant should attend from a quiet, private location.

5

6.    <u>Deponent Communication During a Video Deposition</u>.  During the deposition, Deponent shall not communicate with anyone at all outside of the video/audio stream.  This includes, but is not limited to, instant messaging, text messaging, or any equivalent.  In the event any such communications occur, the parties agree that the communications are discoverable.

7.    <u>Disruptions</u>.  In the event a participant's video feed is interrupted or otherwise becomes hidden from view, the deposition will be suspended, and the parties will go back on the record only when the participant's video stream functionality has been restored.  Disruptions due to video streaming, phone line interruptions, or other technical problems shall not be counted against record time.  If a party believes that the transmission and/or recording was disrupted in bad faith, including but not limited to for purposes of delay, it may request that an additional videographer record other participants and may seek further appropriate relief from the Court.

8.    <u>Court Reporter and Videographer</u>.  The parties will stipulate, in accordance with Federal Rule of Civil Procedure 30(b)(5), that the court reporter or videographer may participate in the deposition by remote means, and that the deposition will be deemed to have been conducted "before" that officer, even though the officer is not physically present with the deponent, so long as that officer is able to identify the deponent.

9.    <u>Official Record</u>.  The court reporter's transcript, and the videographer's recording (if any), shall constitute the official record of the deposition for all purposes.

10.    <u>Other Recording</u>.  No participant other than the court reporter and videographer (if any) may record or photograph any of the proceedings.  This shall include recording using any form of remote transmitting device, computer recording device, laptops, camera, and personal device, including smart phones, tablets, iPads, Androids, iPhones, Blackberries, or other PDAs.  Nothing in this provision prevents or limits the taking of notes by those identified on the record.

11.    <u>Use of Remote Depositions at Trial</u>.  Remote depositions conducted in accordance with this Protocol may be admitted at trial with the same effect as a deposition conducted inperson.

12.    <u>Instant Visual Display Technology</u>.  In the event the noticing party utilizes instant visual display technology such that the court reporter's writing of

6

the proceeding will be displayed in real-time, the witness shall not have access to the instant visual display.

13.    <u>Applicable Authority</u>.  Unless otherwise set forth herein, the Federal Rules of Civil Procedure, Federal Rules of Evidence, and other applicable authority shall govern as though the deposition was conducted in-person.

14.    <u>Duration</u>.  Nothing herein prevents a noticing party from conducting an in-person deposition once COVID-19 related preventative measures are lifted in the states where the parties and counsel reside.  If, however, a noticing party elects to conduct a deposition by remote means even after such measures are lifted, the terms of this Protocol shall continue to govern.

136044.01923/124015928v.1

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is **BLANK ROME LLP**, 2029 Century Park East, 6th Floor, Los Angeles, California 90067.

On **November 11, 2020**, I served the foregoing document(s):

**PLAINTIFF PENNYMAC LOAN SERVICES, LLC'S NOTICE OF DEPOSITION OF DEFENDANT RONNIE KAHAPEA PURSUANT TO FED. R. CIV. P. 26 AND 30**

**on the interested parties in this action addressed and sent as follows:**

**SEE ATTACHED SERVICE LIST**

☒ **BY ENVELOPE:** by placing ☐ the original ☒ a true copy thereof enclosed in sealed envelope(s) addressed as indicated and delivering such envelope(s):

☒ **BY MAIL:** I caused such envelope(s) to be deposited in the mail at Los Angeles, California with postage thereon fully prepaid to the office or home of the addressee(s) as indicated. I am "readily familiar" with this firm's practice of collection and processing documents for mailing. It is deposited with the U.S. Postal Service on that same day, with postage fully prepaid, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

☒ **BY FEDEX:** I caused such envelope(s) to be deposited in a box or other facility regularly maintained by FedEx, an express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents in an envelope designated by the said express service carrier, addressed as indicated, with delivery fees paid or provided for, to be transmitted by FedEx.

8

☒ **FEDERAL:** I declare that I am employed in the office of a member of the bar of this court at whose direction service was made.

Executed on **November 11, 2020** at Los Angeles, California.

/s/*Charman S. Bee*
Charman S. Bee

136044.01923/124015928v.1

## SERVICE LIST

*Pennymac Loan Services, LLC v. Sitcomm Arbitration Association, et al.*;
Case No. 2:19-cv-00193-KS-MTP

**BY U.S. MAIL**
Ronnie Kahapea                    Defendant
P.O. Box 875
Volcano, HI 96785

**BY FED EX**
Mark Johnson                      Defendant
451 May Lane
Louisa, VA 23093

**BY FED EX**
Kirk Gibbs                        Defendant
3115 Lawrenceville Rd.
PMB 8119
Lilburn, GA 30047

**BY FED EX**
Sandra Goulette                   Defendant
3007 Crescent Hill Drive
Laurel, MS 39440

**BY FED EX**
Mark Moffett                      Defendant
345 Coon Jeffcoat Road
Soso, MS 39480

10

# BLANKROME

2029 Century Park East | 6th Floor | Los Angeles, CA 90067

*Phone:*     (424) 239-3483
*Fax:*       (424) 239-3845
*Email:*     nbmetral@blankrome.com

November 17, 2020

**<u>TO DEFENDANTS</u>**

SEE CERTIFICATE OF SERVICE AND SERVICE LIST

Re:   *PennyMac Loan Services, LLC v. Sitcomm Arbitration Association, et al.*
      Case No. 2:19-cv-00193-KS-MTP (Southern District of Mississippi)

Dear Defendants:

As you know, Blank Rome LLP and Upshaw, Williams, Biggers & Beckham, LLP represent plaintiff PennyMac Loan Services, LLC ("PennyMac") in the above-referenced matter.

We wanted to provide each of you with the enclosed five notices of deposition for Mark Johnson, Ronnie Kahapea, Kirk Gibbs, Sandra Goulette, and Mark Moffett. Each of these deposition notices were previously served to the corresponding deponent on November 11, 2020. We also wanted you to be aware that each of you may attend the other depositions. The deposition schedule is as follows:

- November 24, 2020 at 11:00 a.m. Central Time - Mark Johnson

- November 30, 2020 at 1:00 p.m. Central Time – Ronnie Kahapea

- December 4, 2020 at 11:00 a.m. Central Time – Kirk Gibbs

- December 7, 2020 at 11:00 a.m. Central Time – Sandra Goulette

- December 9, 2020 at 11:00 a.m. Central Time - Mark Moffett

As stated in each of the notices of deposition, the depositions will take place remotely by video conference. Please contact Veritext's calendar team at calendar-LA@Veritext.com to retrieve the necessary credentials to access the remote deposition. Please also contact my office at least three (3) calendar days prior to the deposition to advise that it is your desire to appear via these remote participating means so that the necessary credentials, call-in numbers, email address, services, testing and information, if necessary, can be arranged and provided to you prior to the proceeding(s). The following webpage - www.veritext.com/remote may also be accessed for additional remote deposition information.

136044.01923/124073674v.1

**EXHIBIT**

**2**

# BLANKROME

ALL DEFENDANTS
November 17, 2020
Page 2

      Please feel free to contact the undersigned if you have any additional questions.

                          Sincerely,

                          Nicole B. Metral

NBM
Enclosures (Five Notices of Deposition)

cc:     Harris Powers, Esq. (e-mail only)
        Steven Cookston, Esq. (e-mail only)
        Cheryl Chang, Esq. (e-mail only)
        Jessica McElroy (e-mail only)

## **CERTIFICATE OF SERVICE**

I, Nicole B. Metral, hereby certify that I have this day caused to be served true and correct copies of the following: (1) LETTER DATED NOVEMBER 17, 2020; (2) PLAINTIFF PENNYMAC LOAN SERVICES, LLC'S NOTICE OF DEPOSITION OF DEFENDANT MARK JOHNSON PURSUANT TO FED. R. CIV. P. 26 AND 30; (3) PLAINTIFF PENNYMAC LOAN SERVICES, LLC'S NOTICE OF DEPOSITION OF DEFENDANT RONNIE KAHAPEA PURSUANT TO FED. R. CIV. P. 26 AND 30; (4) PLAINTIFF PENNYMAC LOAN SERVICES, LLC'S NOTICE OF DEPOSITION OF DEFENDANT KIRK GIBBS PURSUANT TO FED. R. CIV. P. 26 AND 30; (5) PLAINTIFF PENNYMAC LOAN SERVICES, LLC'S NOTICE OF DEPOSITION OF DEFENDANT SANDRA GOULETTE PURSUANT TO FED. R. CIV. P. 26 AND 30; AND (6) PLAINTIFF PENNYMAC LOAN SERVICES, LLC'S NOTICE OF DEPOSITION OF DEFENDANT MARK MOFFETT PURSUANT TO FED. R. CIV. P. 26 AND 30 **via Federal Express** to:

Mark Johnson
451 May Lane
Louisa, VA 23093
Defendant
Federal Express Tracking No. 3990 5981 2115

Kirk Gibbs
4155 Lawrenceville Rd.
PMB 8119
Lilburn, GA 30047
Defendant
Federal Express Tracking No. 3990 6012 3963

Kirk Gibbs
525 Arlington Circle NW
Lenoir, NC 28645
Defendant
Federal Express Tracking No. 3990 6030 0913

BLANKROME

ALL DEFENDANTS
November 17, 2020
Page 4

> Sandra Goulette
> 3007 Crescent Hill Drive
> Laurel, MS 39440
> Defendant
> Federal Express Tracking No. 3990 6063 5879

> Mark Moffett
> 345 Coon Jefcoat Road
> Soso, MS 39480
> Defendant
> Federal Express Tracking No. 3990 6076 6984

And **via United States Postal Service Priority Mail** to:

> Ronnie Kahapea
> P.O. Box 875
> Volcano, HI 96785
> Defendant
> United Stated Postal Service Priority Mail Tracking No. 9114902307224670949779

SO CERTIFIED this the 17th day of November, 2020.

*/s/ Nicole B. Metral*
NICOLE B. METRAL

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

### Eastern Division

PENNYMAC LOAN SERVICES, LLC,

                              Plaintiff,

     -vs-

SITCOMM ARBITRATION
ASSOCIATION, MARK MOFFETT,
SANDRA GOULETTE, RONNIE
KAHAPEA, MARK JOHNSON, KIRK
GIBBS, and ALARIC SCOTT,

                        Defendants.

CIVIL ACTION
**Case No: 2:19-cv-00193-KS-MTP**

**PLAINTIFF PENNYMAC LOAN SERVICES, LLC'S NOTICE OF DEPOSITION OF DEFENDANT MARK JOHNSON PURSUANT TO FED. R. CIV. P. 26 AND 30**

TO:               ALL PARTIES AND THEIR ATTORNEYS OF RECORD

DEPONENT:     MARK JOHNSON

DATE:          November 24, 2020

TIME:          11:00 a.m. Central Standard Time

LOCATION:     Remote by videoconference.  See Exhibit A.  Contact Veritext's calendar team at calendar-LA@Veritext.com to retrieve the necessary credentials to access the remote deposition.

1

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

Please take notice that pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, plaintiff PennyMac Loan Services, LLC ("PennyMac") will take the deposition by oral examination of defendant Mark Johnson ("Deponent") on November 24, 2020 at 11:00 a.m. Central Standard Time via remote video conference pursuant to Exhibit A.

The remote deposition will be coordinated by Veritext Legal Solutions, with a business address of 707 Wilshire Boulevard, Suite 3500, Los Angeles, CA 90017.  Contact Veritext's calendar team at calendar-LA@Veritext.com to retrieve the necessary credentials to access the remote deposition, as well as information related to any technical assistance you may require to assist with carrying out the virtual deposition.  We encourage you to access www.veritext.com/remote for additional remote deposition information.

The deposition will be taken, via remote means, before an officer authorized to administer the oath to the Deponent.  If the deposition is not completed on the above date, the deposition will continue from day to day, weekends and holiday excluded, until completed.  Pursuant to Rule 30(b)(3)(A) of the Federal Rules of Civil Procedure, PennyMac reserves the right to record the deposition by audio or audiovisual means in addition to the stenographic method.  PennyMac further reserves the right to utilize software to generate the instant visual display of testimony.  Further, PennyMac reserves the right to conduct this deposition utilizing the secure web-based deposition option afforded by Veritext or in the alternative video teleconferencing (VTC) services or telephonically to provide remote/virtual access for those parties wishing to participate in the deposition via the internet and/or telephone.  Take note that the deposition officer may also be remote and out of the presence of the deponent via one of the options above for the

2

purposes of providing the oath/affirmation to the deponent and capturing the proceeding. We further reserve the right to utilize the following: (1) Exhibit Capture (picture-in-picture) technology in which any exhibit reviewed by the deponent during the deposition can be captured visually; and (2) To conduct this deposition utilizing a paperless exhibit display process called Exhibit Share or a similar paperless virtual display platform. The parties are advised that in lieu of a paper set of exhibits they may be provided and displayed digitally to the deposition officer, deponent, parties and counsel. The exhibits will be compiled by the deposition officer for the purposes of exhibit stamping, and ultimate production of the final certified transcript.

Please contact the noticing attorney at least three (3) calendar days prior to the deposition to advise that it is your desire to appear via these remote participating means so that the necessary credentials, call-in numbers, email address, services, testing and information, if necessary, can be arranged and provided to you prior to the proceeding(s).

Dated: November 11, 2020

Respectfully submitted,

*/s/ Nicole Bartz Metral*
Cheryl S. Chang (admitted *pro hac vice*)
Nicole Bartz Metral (admitted *pro hac vice*)
Jessica A. McElroy (admitted *pro hac vice*)

BLANK ROME LLP
2029 Century Park East, 6th Floor
Los Angeles, California 90067-2907
Telephone: 424.239.3400
Facsimile: 424.239.3434
Chang@blankrome.com

3

Nbmetral@blankrome.com
Jmcelroy@blankrome.com


Harris F. Powers III
Steven C. Cookston

Upshaw, Williams, Biggers & Beckham,
LLP
309 Fulton Street
Post Office Drawer 8230
Greenwood, MS 38935-8230
Telephone No.: 662-455-1613
Fax No. 662-453-9245
hpowers@upshawwilliams.com
scookston@upshawwilliams.com

*Counsel for Plaintiff*

4

## EXHIBIT A

1.    <u>Physical Presence Prohibited</u>.  The witness will be made available for deposition by video, with no attendees physically in the presence of the deponent. Witnesses may not use any communication devices other than those to facilitate the deposition during questioning and may not consult in any fashion with anyone other than with representing counsel during questioning.  Witnesses may not privately confer with counsel at all during questioning except as to questions of privilege.

2.    <u>Participant List</u>.  At least three calendar days prior to the noticed deposition date, each individual planning to participate in the deposition must notify the party noticing the deposition of his/her intent to participate and provide the following information to the noticing party: (a) name, (b) email address, (c) phone number.  The noticing party will share this information with the vendor arranging the deposition for the limited purpose of facilitating each participating party's access to the video web portal for the deposition.

3.    <u>Technology Requirements</u>.  All video depositions will be stenographically recorded by a court reporter with real-time feed capabilities. Each individual participating in a deposition conducted by video must have a webcam-equipped device (such as a desktop, laptop, or tablet), and a device with audio-capabilities or access to a telephone for calling into the deposition.  Other than this equipment, the witness shall not be permitted to have access to any other devices (such as a cellphone) while on the record.

Noticing counsel are not responsible for the quality or functionality of the video and audio stream for the witness, observers, or other participants.  Attendees agree to work in good faith to facilitate remote participation.

4.    <u>Identification of Individuals in Attendance</u>.  Each witness, attorney, and other person attending the deposition shall be identified on the record at the commencement of the deposition.  Under no circumstances may a person attend the deposition remotely in any manner without identifying themselves on the record at the commencement of the deposition.

5.    <u>Conduct by Participants Appearing Remotely</u>.  Each individual participating in the deposition (including counsel for the deponent) must do so remotely and must have an active video stream and audio line for the duration of the deposition.  Each participant should attend from a quiet, private location.

6. <u>Deponent Communication During a Video Deposition</u>. During the deposition, Deponent shall not communicate with anyone at all outside of the video/audio stream. This includes, but is not limited to, instant messaging, text messaging, or any equivalent. In the event any such communications occur, the parties agree that the communications are discoverable.

7. <u>Disruptions</u>. In the event a participant's video feed is interrupted or otherwise becomes hidden from view, the deposition will be suspended, and the parties will go back on the record only when the participant's video stream functionality has been restored. Disruptions due to video streaming, phone line interruptions, or other technical problems shall not be counted against record time. If a party believes that the transmission and/or recording was disrupted in bad faith, including but not limited to for purposes of delay, it may request that an additional videographer record other participants and may seek further appropriate relief from the Court.

8. <u>Court Reporter and Videographer</u>. The parties will stipulate, in accordance with Federal Rule of Civil Procedure 30(b)(5), that the court reporter or videographer may participate in the deposition by remote means, and that the deposition will be deemed to have been conducted "before" that officer, even though the officer is not physically present with the deponent, so long as that officer is able to identify the deponent.

9. <u>Official Record</u>. The court reporter's transcript, and the videographer's recording (if any), shall constitute the official record of the deposition for all purposes.

10. <u>Other Recording</u>. No participant other than the court reporter and videographer (if any) may record or photograph any of the proceedings. This shall include recording using any form of remote transmitting device, computer recording device, laptops, camera, and personal device, including smart phones, tablets, iPads, Androids, iPhones, Blackberries, or other PDAs. Nothing in this provision prevents or limits the taking of notes by those identified on the record.

11. <u>Use of Remote Depositions at Trial</u>. Remote depositions conducted in accordance with this Protocol may be admitted at trial with the same effect as a deposition conducted inperson.

12. <u>Instant Visual Display Technology</u>. In the event the noticing party utilizes instant visual display technology such that the court reporter's writing of

6

the proceeding will be displayed in real-time, the witness shall not have access to the instant visual display.

13.     <u>Applicable Authority</u>.  Unless otherwise set forth herein, the Federal Rules of Civil Procedure, Federal Rules of Evidence, and other applicable authority shall govern as though the deposition was conducted in-person.

14.     <u>Duration</u>.  Nothing herein prevents a noticing party from conducting an in-person deposition once COVID-19 related preventative measures are lifted in the states where the parties and counsel reside.  If, however, a noticing party elects to conduct a deposition by remote means even after such measures are lifted, the terms of this Protocol shall continue to govern.

7

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

**Eastern Division**

PENNYMAC LOAN SERVICES, LLC,

                      Plaintiff,

    -vs-

SITCOMM ARBITRATION
ASSOCIATION, MARK MOFFETT,
SANDRA GOULETTE, RONNIE
KAHAPEA, MARK JOHNSON, KIRK
GIBBS, and ALARIC SCOTT,

                 Defendants.

CIVIL ACTION
**Case No: 2:19-cv-00193-KS-MTP**

**PLAINTIFF PENNYMAC LOAN SERVICES, LLC'S NOTICE OF
DEPOSITION OF DEFENDANT RONNIE KAHAPEA PURSUANT TO
FED. R. CIV. P. 26 AND 30**

| | |
|---|---|
| TO: | ALL PARTIES AND THEIR ATTORNEYS OF RECORD |
| DEPONENT: | RONNIE KAHAPEA |
| DATE: | November 30, 2020 |
| TIME: | 1:00 p.m. Central Standard Time |
| LOCATION: | Remote by videoconference.  See Exhibit A.  Contact Veritext's calendar team at calendar-LA@Veritext.com to retrieve the necessary credentials to access the remote deposition. |

1

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

Please take notice that pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, plaintiff PennyMac Loan Services, LLC ("PennyMac") will take the deposition by oral examination of defendant Ronnie Kahapea ("Deponent") on November 30, 2020 at 1:00 p.m. Central Standard Time via remote video conference pursuant to Exhibit A.

The remote deposition will be coordinated by Veritext Legal Solutions, with a business address of 707 Wilshire Boulevard, Suite 3500, Los Angeles, CA 90017.  Contact Veritext's calendar team at calendar-LA@Veritext.com to retrieve the necessary credentials to access the remote deposition, as well as information related to any technical assistance you may require to assist with carrying out the virtual deposition.  We encourage you to access www.veritext.com/remote for additional remote deposition information.

The deposition will be taken, via remote means, before an officer authorized to administer the oath to the Deponent.  If the deposition is not completed on the above date, the deposition will continue from day to day, weekends and holiday excluded, until completed.  Pursuant to Rule 30(b)(3)(A) of the Federal Rules of Civil Procedure, PennyMac reserves the right to record the deposition by audio or audiovisual means in addition to the stenographic method.  PennyMac further reserves the right to utilize software to generate the instant visual display of testimony.  Further, PennyMac reserves the right to conduct this deposition utilizing the secure web-based deposition option afforded by Veritext or in the alternative video teleconferencing (VTC) services or telephonically to provide remote/virtual access for those parties wishing to participate in the deposition via the internet and/or telephone.  Take note that the deposition officer may also be remote and out of the presence of the deponent via one of the options above for the

2

purposes of providing the oath/affirmation to the deponent and capturing the proceeding.  We further reserve the right to utilize the following: (1) Exhibit Capture (picture-in-picture) technology in which any exhibit reviewed by the deponent during the deposition can be captured visually; and (2) To conduct this deposition utilizing a paperless exhibit display process called Exhibit Share or a similar paperless virtual display platform. The parties are advised that in lieu of a paper set of exhibits they may be provided and displayed digitally to the deposition officer, deponent, parties and counsel.  The exhibits will be compiled by the deposition officer for the purposes of exhibit stamping, and ultimate production of the final certified transcript.

Please contact the noticing attorney at least three (3) calendar days prior to the deposition to advise that it is your desire to appear via these remote participating means so that the necessary credentials, call-in numbers, email address, services, testing and information, if necessary, can be arranged and provided to you prior to the proceeding(s).

Dated: November 11, 2020

Respectfully submitted,

*/s/ Nicole Bartz Metral*
Cheryl S. Chang (admitted *pro hac vice*)
Nicole Bartz Metral (admitted *pro hac vice*)
Jessica A. McElroy (admitted *pro hac vice*)

BLANK ROME LLP
2029 Century Park East, 6th Floor
Los Angeles, California 90067-2907
Telephone: 424.239.3400
Facsimile:  424.239.3434
Chang@blankrome.com

3

Nbmetral@blankrome.com
Jmcelroy@blankrome.com


Harris F. Powers III
Steven C. Cookston

Upshaw, Williams, Biggers & Beckham,
LLP
309 Fulton Street
Post Office Drawer 8230
Greenwood, MS 38935-8230
Telephone No.: 662-455-1613
Fax No. 662-453-9245
hpowers@upshawwilliams.com
scookston@upshawwilliams.com

*Counsel for Plaintiff*

4

## EXHIBIT A

1.     <u>Physical Presence Prohibited</u>.  The witness will be made available for deposition by video, with no attendees physically in the presence of the deponent. Witnesses may not use any communication devices other than those to facilitate the deposition during questioning and may not consult in any fashion with anyone other than with representing counsel during questioning.  Witnesses may not privately confer with counsel at all during questioning except as to questions of privilege.

2.     <u>Participant List</u>.  At least three calendar days prior to the noticed deposition date, each individual planning to participate in the deposition must notify the party noticing the deposition of his/her intent to participate and provide the following information to the noticing party: (a) name, (b) email address, (c) phone number.  The noticing party will share this information with the vendor arranging the deposition for the limited purpose of facilitating each participating party's access to the video web portal for the deposition.

3.     <u>Technology Requirements</u>.  All video depositions will be stenographically recorded by a court reporter with real-time feed capabilities. Each individual participating in a deposition conducted by video must have a webcam-equipped device (such as a desktop, laptop, or tablet), and a device with audio-capabilities or access to a telephone for calling into the deposition.  Other than this equipment, the witness shall not be permitted to have access to any other devices (such as a cellphone) while on the record.

Noticing counsel are not responsible for the quality or functionality of the video and audio stream for the witness, observers, or other participants.  Attendees agree to work in good faith to facilitate remote participation.

4.     <u>Identification of Individuals in Attendance</u>.  Each witness, attorney, and other person attending the deposition shall be identified on the record at the commencement of the deposition.  Under no circumstances may a person attend the deposition remotely in any manner without identifying themselves on the record at the commencement of the deposition.

5.     <u>Conduct by Participants Appearing Remotely</u>.  Each individual participating in the deposition (including counsel for the deponent) must do so remotely and must have an active video stream and audio line for the duration of the deposition.  Each participant should attend from a quiet, private location.

5

6.　　Deponent Communication During a Video Deposition.  During the deposition, Deponent shall not communicate with anyone at all outside of the video/audio stream.  This includes, but is not limited to, instant messaging, text messaging, or any equivalent.  In the event any such communications occur, the parties agree that the communications are discoverable.

7.　　Disruptions.  In the event a participant's video feed is interrupted or otherwise becomes hidden from view, the deposition will be suspended, and the parties will go back on the record only when the participant's video stream functionality has been restored.  Disruptions due to video streaming, phone line interruptions, or other technical problems shall not be counted against record time. If a party believes that the transmission and/or recording was disrupted in bad faith, including but not limited to for purposes of delay, it may request that an additional videographer record other participants and may seek further appropriate relief from the Court.

8.　　Court Reporter and Videographer.  The parties will stipulate, in accordance with Federal Rule of Civil Procedure 30(b)(5), that the court reporter or videographer may participate in the deposition by remote means, and that the deposition will be deemed to have been conducted "before" that officer, even though the officer is not physically present with the deponent, so long as that officer is able to identify the deponent.

9.　　Official Record.  The court reporter's transcript, and the videographer's recording (if any), shall constitute the official record of the deposition for all purposes.

10.　　Other Recording.  No participant other than the court reporter and videographer (if any) may record or photograph any of the proceedings.  This shall include recording using any form of remote transmitting device, computer recording device, laptops, camera, and personal device, including smart phones, tablets, iPads, Androids, iPhones, Blackberries, or other PDAs.  Nothing in this provision prevents or limits the taking of notes by those identified on the record.

11.　　Use of Remote Depositions at Trial.  Remote depositions conducted in accordance with this Protocol may be admitted at trial with the same effect as a deposition conducted inperson.

12.　　Instant Visual Display Technology.  In the event the noticing party utilizes instant visual display technology such that the court reporter's writing of

6

the proceeding will be displayed in real-time, the witness shall not have access to the instant visual display.

13.    <u>Applicable Authority</u>.  Unless otherwise set forth herein, the Federal Rules of Civil Procedure, Federal Rules of Evidence, and other applicable authority shall govern as though the deposition was conducted in-person.

14.    <u>Duration</u>.  Nothing herein prevents a noticing party from conducting an in-person deposition once COVID-19 related preventative measures are lifted in the states where the parties and counsel reside.  If, however, a noticing party elects to conduct a deposition by remote means even after such measures are lifted, the terms of this Protocol shall continue to govern.

7

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

## Eastern Division

PENNYMAC LOAN SERVICES, LLC,

                      Plaintiff,

    -vs-

SITCOMM ARBITRATION
ASSOCIATION, MARK MOFFETT,
SANDRA GOULETTE, RONNIE
KAHAPEA, MARK JOHNSON, KIRK
GIBBS, and ALARIC SCOTT,

                      Defendants.

CIVIL ACTION
**Case No: 2:19-cv-00193-KS-MTP**

**PLAINTIFF PENNYMAC LOAN SERVICES, LLC'S NOTICE OF
DEPOSITION OF DEFENDANT KIRK GIBBS PURSUANT TO FED. R.
CIV. P. 26 AND 30**

TO:              ALL PARTIES AND THEIR ATTORNEYS OF RECORD

DEPONENT:     KIRK GIBBS

DATE:         December 4, 2020

TIME:         11:00 a.m. Central Standard Time

LOCATION:     Remote by videoconference.  See Exhibit A.  Contact Veritext's
                    calendar team at calendar-LA@Veritext.com to retrieve the
                    necessary credentials to access the remote deposition.

1

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

Please take notice that pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, plaintiff PennyMac Loan Services, LLC ("PennyMac") will take the deposition by oral examination of defendant Kirk Gibbs ("Deponent") on December 4, 2020 at 11:00 a.m. Central Standard Time via remote video conference pursuant to Exhibit A.

The remote deposition will be coordinated by Veritext Legal Solutions, with a business address of 707 Wilshire Boulevard, Suite 3500, Los Angeles, CA 90017.  Contact Veritext's calendar team at calendar-LA@Veritext.com to retrieve the necessary credentials to access the remote deposition, as well as information related to any technical assistance you may require to assist with carrying out the virtual deposition.  We encourage you to access www.veritext.com/remote for additional remote deposition information.

The deposition will be taken, via remote means, before an officer authorized to administer the oath to the Deponent.  If the deposition is not completed on the above date, the deposition will continue from day to day, weekends and holiday excluded, until completed.  Pursuant to Rule 30(b)(3)(A) of the Federal Rules of Civil Procedure, PennyMac reserves the right to record the deposition by audio or audiovisual means in addition to the stenographic method.  PennyMac further reserves the right to utilize software to generate the instant visual display of testimony.  Further, PennyMac reserves the right to conduct this deposition utilizing the secure web-based deposition option afforded by Veritext or in the alternative video teleconferencing (VTC) services or telephonically to provide remote/virtual access for those parties wishing to participate in the deposition via the internet and/or telephone.  Take note that the deposition officer may also be remote and out of the presence of the deponent via one of the options above for the

2

purposes of providing the oath/affirmation to the deponent and capturing the proceeding.  We further reserve the right to utilize the following: (1) Exhibit Capture (picture-in-picture) technology in which any exhibit reviewed by the deponent during the deposition can be captured visually; and (2) To conduct this deposition utilizing a paperless exhibit display process called Exhibit Share or a similar paperless virtual display platform. The parties are advised that in lieu of a paper set of exhibits they may be provided and displayed digitally to the deposition officer, deponent, parties and counsel.  The exhibits will be compiled by the deposition officer for the purposes of exhibit stamping, and ultimate production of the final certified transcript.

Please contact the noticing attorney at least three (3) calendar days prior to the deposition to advise that it is your desire to appear via these remote participating means so that the necessary credentials, call-in numbers, email address, services, testing and information, if necessary, can be arranged and provided to you prior to the proceeding(s).

Dated: November 11, 2020

Respectfully submitted,

*/s/ Nicole Bartz Metral*
Cheryl S. Chang (admitted *pro hac vice*)
Nicole Bartz Metral (admitted *pro hac vice*)
Jessica A. McElroy (admitted *pro hac vice*)

BLANK ROME LLP
2029 Century Park East, 6th Floor
Los Angeles, California 90067-2907
Telephone: 424.239.3400
Facsimile:  424.239.3434
Chang@blankrome.com

3

Nbmetral@blankrome.com
Jmcelroy@blankrome.com


Harris F. Powers III
Steven C. Cookston

Upshaw, Williams, Biggers & Beckham,
LLP
309 Fulton Street
Post Office Drawer 8230
Greenwood, MS 38935-8230
Telephone No.: 662-455-1613
Fax No. 662-453-9245
hpowers@upshawwilliams.com
scookston@upshawwilliams.com

*Counsel for Plaintiff*

4

EXHIBIT A

1.      <u>Physical Presence Prohibited</u>.  The witness will be made available for deposition by video, with no attendees physically in the presence of the deponent. Witnesses may not use any communication devices other than those to facilitate the deposition during questioning and may not consult in any fashion with anyone other than with representing counsel during questioning.  Witnesses may not privately confer with counsel at all during questioning except as to questions of privilege.

2.      <u>Participant List</u>.  At least three calendar days prior to the noticed deposition date, each individual planning to participate in the deposition must notify the party noticing the deposition of his/her intent to participate and provide the following information to the noticing party: (a) name, (b) email address, (c) phone number.  The noticing party will share this information with the vendor arranging the deposition for the limited purpose of facilitating each participating party's access to the video web portal for the deposition.

3.      <u>Technology Requirements</u>.  All video depositions will be stenographically recorded by a court reporter with real-time feed capabilities. Each individual participating in a deposition conducted by video must have a webcam-equipped device (such as a desktop, laptop, or tablet), and a device with audio-capabilities or access to a telephone for calling into the deposition.  Other than this equipment, the witness shall not be permitted to have access to any other devices (such as a cellphone) while on the record.

Noticing counsel are not responsible for the quality or functionality of the video and audio stream for the witness, observers, or other participants.  Attendees agree to work in good faith to facilitate remote participation.

4.      <u>Identification of Individuals in Attendance</u>.  Each witness, attorney, and other person attending the deposition shall be identified on the record at the commencement of the deposition.  Under no circumstances may a person attend the deposition remotely in any manner without identifying themselves on the record at the commencement of the deposition.

5.      <u>Conduct by Participants Appearing Remotely</u>.  Each individual participating in the deposition (including counsel for the deponent) must do so remotely and must have an active video stream and audio line for the duration of the deposition.  Each participant should attend from a quiet, private location.

136044.01923/124015928v.1

6.      <u>Deponent Communication During a Video Deposition</u>.  During the deposition, Deponent shall not communicate with anyone at all outside of the video/audio stream.  This includes, but is not limited to, instant messaging, text messaging, or any equivalent.  In the event any such communications occur, the parties agree that the communications are discoverable.

7.      <u>Disruptions</u>.  In the event a participant's video feed is interrupted or otherwise becomes hidden from view, the deposition will be suspended, and the parties will go back on the record only when the participant's video stream functionality has been restored.  Disruptions due to video streaming, phone line interruptions, or other technical problems shall not be counted against record time. If a party believes that the transmission and/or recording was disrupted in bad faith, including but not limited to for purposes of delay, it may request that an additional videographer record other participants and may seek further appropriate relief from the Court.

8.      <u>Court Reporter and Videographer</u>.  The parties will stipulate, in accordance with Federal Rule of Civil Procedure 30(b)(5), that the court reporter or videographer may participate in the deposition by remote means, and that the deposition will be deemed to have been conducted "before" that officer, even though the officer is not physically present with the deponent, so long as that officer is able to identify the deponent.

9.      <u>Official Record</u>.  The court reporter's transcript, and the videographer's recording (if any), shall constitute the official record of the deposition for all purposes.

10.     <u>Other Recording</u>.  No participant other than the court reporter and videographer (if any) may record or photograph any of the proceedings.  This shall include recording using any form of remote transmitting device, computer recording device, laptops, camera, and personal device, including smart phones, tablets, iPads, Androids, iPhones, Blackberries, or other PDAs.  Nothing in this provision prevents or limits the taking of notes by those identified on the record.

11.     <u>Use of Remote Depositions at Trial</u>.  Remote depositions conducted in accordance with this Protocol may be admitted at trial with the same effect as a deposition conducted inperson.

12.     <u>Instant Visual Display Technology</u>.  In the event the noticing party utilizes instant visual display technology such that the court reporter's writing of

6

the proceeding will be displayed in real-time, the witness shall not have access to the instant visual display.

13. <u>Applicable Authority</u>.  Unless otherwise set forth herein, the Federal Rules of Civil Procedure, Federal Rules of Evidence, and other applicable authority shall govern as though the deposition was conducted in-person.

14. <u>Duration</u>.  Nothing herein prevents a noticing party from conducting an in-person deposition once COVID-19 related preventative measures are lifted in the states where the parties and counsel reside.  If, however, a noticing party elects to conduct a deposition by remote means even after such measures are lifted, the terms of this Protocol shall continue to govern.

136044.01923/124015928v.1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

## Eastern Division

PENNYMAC LOAN SERVICES, LLC,

                            Plaintiff,

-vs-

SITCOMM ARBITRATION
ASSOCIATION, MARK MOFFETT,
SANDRA GOULETTE, RONNIE
KAHAPEA, MARK JOHNSON, KIRK
GIBBS, and ALARIC SCOTT,

                            Defendants.

CIVIL ACTION
**Case No: 2:19-cv-00193-KS-MTP**

---

**PLAINTIFF PENNYMAC LOAN SERVICES, LLC'S NOTICE OF
DEPOSITION OF DEFENDANT SANDRA GOULETTE PURSUANT TO
FED. R. CIV. P. 26 AND 30**

TO:                ALL PARTIES AND THEIR ATTORNEYS OF RECORD

DEPONENT:      SANDRA GOULETTE

DATE:            December 7, 2020

TIME:             11:00 a.m. Central Standard Time

LOCATION:      Remote by videoconference.  See Exhibit A.  Contact Veritext's
calendar team at calendar-LA@Veritext.com to retrieve the
necessary credentials to access the remote deposition.

1

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

Please take notice that pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, plaintiff PennyMac Loan Services, LLC ("PennyMac") will take the deposition by oral examination of defendant Sandra Goulette ("Deponent") on December 7, 2020 at 11:00 a.m. Central Standard Time via remote video conference pursuant to Exhibit A.

The remote deposition will be coordinated by Veritext Legal Solutions, with a business address of 707 Wilshire Boulevard, Suite 3500, Los Angeles, CA 90017.  Contact Veritext's calendar team at calendar-LA@Veritext.com to retrieve the necessary credentials to access the remote deposition, as well as information related to any technical assistance you may require to assist with carrying out the virtual deposition.  We encourage you to access www.veritext.com/remote for additional remote deposition information.

The deposition will be taken, via remote means, before an officer authorized to administer the oath to the Deponent.  If the deposition is not completed on the above date, the deposition will continue from day to day, weekends and holiday excluded, until completed.  Pursuant to Rule 30(b)(3)(A) of the Federal Rules of Civil Procedure, PennyMac reserves the right to record the deposition by audio or audiovisual means in addition to the stenographic method.  PennyMac further reserves the right to utilize software to generate the instant visual display of testimony.  Further, PennyMac reserves the right to conduct this deposition utilizing the secure web-based deposition option afforded by Veritext or in the alternative video teleconferencing (VTC) services or telephonically to provide remote/virtual access for those parties wishing to participate in the deposition via the internet and/or telephone.  Take note that the deposition officer may also be remote and out of the presence of the deponent via one of the options above for the

2

purposes of providing the oath/affirmation to the deponent and capturing the proceeding.  We further reserve the right to utilize the following: (1) Exhibit Capture (picture-in-picture) technology in which any exhibit reviewed by the deponent during the deposition can be captured visually; and (2) To conduct this deposition utilizing a paperless exhibit display process called Exhibit Share or a similar paperless virtual display platform. The parties are advised that in lieu of a paper set of exhibits they may be provided and displayed digitally to the deposition officer, deponent, parties and counsel.  The exhibits will be compiled by the deposition officer for the purposes of exhibit stamping, and ultimate production of the final certified transcript.

Please contact the noticing attorney at least three (3) calendar days prior to the deposition to advise that it is your desire to appear via these remote participating means so that the necessary credentials, call-in numbers, email address, services, testing and information, if necessary, can be arranged and provided to you prior to the proceeding(s).

Dated: November 11, 2020

Respectfully submitted,

*/s/ Nicole Bartz Metral*
Cheryl S. Chang (admitted *pro hac vice*)
Nicole Bartz Metral (admitted *pro hac vice*)
Jessica A. McElroy (admitted *pro hac vice*)

BLANK ROME LLP
2029 Century Park East, 6th Floor
Los Angeles, California 90067-2907
Telephone: 424.239.3400
Facsimile:  424.239.3434
Chang@blankrome.com

3

Nbmetral@blankrome.com
Jmcelroy@blankrome.com


Harris F. Powers III
Steven C. Cookston

Upshaw, Williams, Biggers & Beckham, LLP
309 Fulton Street
Post Office Drawer 8230
Greenwood, MS 38935-8230
Telephone No.: 662-455-1613
Fax No. 662-453-9245
hpowers@upshawwilliams.com
scookston@upshawwilliams.com

*Counsel for Plaintiff*

4

EXHIBIT A

1.      <u>Physical Presence Prohibited</u>.  The witness will be made available for deposition by video, with no attendees physically in the presence of the deponent. Witnesses may not use any communication devices other than those to facilitate the deposition during questioning and may not consult in any fashion with anyone other than with representing counsel during questioning.  Witnesses may not privately confer with counsel at all during questioning except as to questions of privilege.

2.      <u>Participant List</u>.  At least three calendar days prior to the noticed deposition date, each individual planning to participate in the deposition must notify the party noticing the deposition of his/her intent to participate and provide the following information to the noticing party: (a) name, (b) email address, (c) phone number.  The noticing party will share this information with the vendor arranging the deposition for the limited purpose of facilitating each participating party's access to the video web portal for the deposition.

3.      <u>Technology Requirements</u>.  All video depositions will be stenographically recorded by a court reporter with real-time feed capabilities. Each individual participating in a deposition conducted by video must have a webcam-equipped device (such as a desktop, laptop, or tablet), and a device with audio-capabilities or access to a telephone for calling into the deposition.  Other than this equipment, the witness shall not be permitted to have access to any other devices (such as a cellphone) while on the record.

Noticing counsel are not responsible for the quality or functionality of the video and audio stream for the witness, observers, or other participants.  Attendees agree to work in good faith to facilitate remote participation.

4.      <u>Identification of Individuals in Attendance</u>.  Each witness, attorney, and other person attending the deposition shall be identified on the record at the commencement of the deposition.  Under no circumstances may a person attend the deposition remotely in any manner without identifying themselves on the record at the commencement of the deposition.

5.      <u>Conduct by Participants Appearing Remotely</u>.  Each individual participating in the deposition (including counsel for the deponent) must do so remotely and must have an active video stream and audio line for the duration of the deposition.  Each participant should attend from a quiet, private location.

5

6. <u>Deponent Communication During a Video Deposition</u>. During the deposition, Deponent shall not communicate with anyone at all outside of the video/audio stream. This includes, but is not limited to, instant messaging, text messaging, or any equivalent. In the event any such communications occur, the parties agree that the communications are discoverable.

7. <u>Disruptions</u>. In the event a participant's video feed is interrupted or otherwise becomes hidden from view, the deposition will be suspended, and the parties will go back on the record only when the participant's video stream functionality has been restored. Disruptions due to video streaming, phone line interruptions, or other technical problems shall not be counted against record time. If a party believes that the transmission and/or recording was disrupted in bad faith, including but not limited to for purposes of delay, it may request that an additional videographer record other participants and may seek further appropriate relief from the Court.

8. <u>Court Reporter and Videographer</u>. The parties will stipulate, in accordance with Federal Rule of Civil Procedure 30(b)(5), that the court reporter or videographer may participate in the deposition by remote means, and that the deposition will be deemed to have been conducted "before" that officer, even though the officer is not physically present with the deponent, so long as that officer is able to identify the deponent.

9. <u>Official Record</u>. The court reporter's transcript, and the videographer's recording (if any), shall constitute the official record of the deposition for all purposes.

10. <u>Other Recording</u>. No participant other than the court reporter and videographer (if any) may record or photograph any of the proceedings. This shall include recording using any form of remote transmitting device, computer recording device, laptops, camera, and personal device, including smart phones, tablets, iPads, Androids, iPhones, Blackberries, or other PDAs. Nothing in this provision prevents or limits the taking of notes by those identified on the record.

11. <u>Use of Remote Depositions at Trial</u>. Remote depositions conducted in accordance with this Protocol may be admitted at trial with the same effect as a deposition conducted inperson.

12. <u>Instant Visual Display Technology</u>. In the event the noticing party utilizes instant visual display technology such that the court reporter's writing of

6

the proceeding will be displayed in real-time, the witness shall not have access to the instant visual display.

13.    <u>Applicable Authority</u>.  Unless otherwise set forth herein, the Federal Rules of Civil Procedure, Federal Rules of Evidence, and other applicable authority shall govern as though the deposition was conducted in-person.

14.    <u>Duration</u>.  Nothing herein prevents a noticing party from conducting an in-person deposition once COVID-19 related preventative measures are lifted in the states where the parties and counsel reside.  If, however, a noticing party elects to conduct a deposition by remote means even after such measures are lifted, the terms of this Protocol shall continue to govern.

7

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

**Eastern Division**

PENNYMAC LOAN SERVICES, LLC,

                    Plaintiff,

      -vs-

SITCOMM ARBITRATION
ASSOCIATION, MARK MOFFETT,
SANDRA GOULETTE, RONNIE
KAHAPEA, MARK JOHNSON, KIRK
GIBBS, and ALARIC SCOTT,

                Defendants.

CIVIL ACTION
**Case No: 2:19-cv-00193-KS-MTP**

**PLAINTIFF PENNYMAC LOAN SERVICES, LLC'S NOTICE OF
DEPOSITION OF DEFENDANT MARK MOFFETT PURSUANT TO FED.
R. CIV. P. 26 AND 30**

| | |
|---|---|
| TO: | ALL PARTIES AND THEIR ATTORNEYS OF RECORD |
| DEPONENT: | MARK MOFFETT |
| DATE: | December 9, 2020 |
| TIME: | 11:00 a.m. Central Standard Time |
| LOCATION: | Remote by videoconference.  See Exhibit A.  Contact Veritext's calendar team at calendar-LA@Veritext.com to retrieve the necessary credentials to access the remote deposition. |

1

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

Please take notice that pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure, plaintiff PennyMac Loan Services, LLC ("PennyMac") will take the deposition by oral examination of defendant Mark Moffett ("Deponent") on December 9, 2020 at 11:00 a.m. Central Standard Time via remote video conference pursuant to Exhibit A.

The remote deposition will be coordinated by Veritext Legal Solutions, with a business address of 707 Wilshire Boulevard, Suite 3500, Los Angeles, CA 90017. Contact Veritext's calendar team at calendar-LA@Veritext.com to retrieve the necessary credentials to access the remote deposition, as well as information related to any technical assistance you may require to assist with carrying out the virtual deposition. We encourage you to access www.veritext.com/remote for additional remote deposition information.

The deposition will be taken, via remote means, before an officer authorized to administer the oath to the Deponent. If the deposition is not completed on the above date, the deposition will continue from day to day, weekends and holiday excluded, until completed. Pursuant to Rule 30(b)(3)(A) of the Federal Rules of Civil Procedure, PennyMac reserves the right to record the deposition by audio or audiovisual means in addition to the stenographic method. PennyMac further reserves the right to utilize software to generate the instant visual display of testimony. Further, PennyMac reserves the right to conduct this deposition utilizing the secure web-based deposition option afforded by Veritext or in the alternative video teleconferencing (VTC) services or telephonically to provide remote/virtual access for those parties wishing to participate in the deposition via the internet and/or telephone. Take note that the deposition officer may also be remote and out of the presence of the deponent via one of the options above for the

2

purposes of providing the oath/affirmation to the deponent and capturing the proceeding.  We further reserve the right to utilize the following: (1) Exhibit Capture (picture-in-picture) technology in which any exhibit reviewed by the deponent during the deposition can be captured visually; and (2) To conduct this deposition utilizing a paperless exhibit display process called Exhibit Share or a similar paperless virtual display platform. The parties are advised that in lieu of a paper set of exhibits they may be provided and displayed digitally to the deposition officer, deponent, parties and counsel.  The exhibits will be compiled by the deposition officer for the purposes of exhibit stamping, and ultimate production of the final certified transcript.

Please contact the noticing attorney at least three (3) calendar days prior to the deposition to advise that it is your desire to appear via these remote participating means so that the necessary credentials, call-in numbers, email address, services, testing and information, if necessary, can be arranged and provided to you prior to the proceeding(s).

Dated: November 11, 2020

Respectfully submitted,

*/s/ Nicole Bartz Metral*
Cheryl S. Chang (admitted *pro hac vice*)
Nicole Bartz Metral (admitted *pro hac vice*)
Jessica A. McElroy (admitted *pro hac vice*)

BLANK ROME LLP
2029 Century Park East, 6th Floor
Los Angeles, California 90067-2907
Telephone: 424.239.3400
Facsimile:  424.239.3434
Chang@blankrome.com

3

136044.01923/124015928v.1

Nbmetral@blankrome.com
Jmcelroy@blankrome.com


Harris F. Powers III
Steven C. Cookston

Upshaw, Williams, Biggers & Beckham,
LLP
309 Fulton Street
Post Office Drawer 8230
Greenwood, MS 38935-8230
Telephone No.: 662-455-1613
Fax No. 662-453-9245
hpowers@upshawwilliams.com
scookston@upshawwilliams.com

*Counsel for Plaintiff*

4

EXHIBIT A

1.    <u>Physical Presence Prohibited</u>.  The witness will be made available for deposition by video, with no attendees physically in the presence of the deponent. Witnesses may not use any communication devices other than those to facilitate the deposition during questioning and may not consult in any fashion with anyone other than with representing counsel during questioning.  Witnesses may not privately confer with counsel at all during questioning except as to questions of privilege.

2.    <u>Participant List</u>.  At least three calendar days prior to the noticed deposition date, each individual planning to participate in the deposition must notify the party noticing the deposition of his/her intent to participate and provide the following information to the noticing party: (a) name, (b) email address, (c) phone number.  The noticing party will share this information with the vendor arranging the deposition for the limited purpose of facilitating each participating party's access to the video web portal for the deposition.

3.    <u>Technology Requirements</u>.  All video depositions will be stenographically recorded by a court reporter with real-time feed capabilities. Each individual participating in a deposition conducted by video must have a webcam-equipped device (such as a desktop, laptop, or tablet), and a device with audio-capabilities or access to a telephone for calling into the deposition.  Other than this equipment, the witness shall not be permitted to have access to any other devices (such as a cellphone) while on the record.

Noticing counsel are not responsible for the quality or functionality of the video and audio stream for the witness, observers, or other participants.  Attendees agree to work in good faith to facilitate remote participation.

4.    <u>Identification of Individuals in Attendance</u>.  Each witness, attorney, and other person attending the deposition shall be identified on the record at the commencement of the deposition.  Under no circumstances may a person attend the deposition remotely in any manner without identifying themselves on the record at the commencement of the deposition.

5.    <u>Conduct by Participants Appearing Remotely</u>.  Each individual participating in the deposition (including counsel for the deponent) must do so remotely and must have an active video stream and audio line for the duration of the deposition.  Each participant should attend from a quiet, private location.

5

6.      <u>Deponent Communication During a Video Deposition</u>.  During the deposition, Deponent shall not communicate with anyone at all outside of the video/audio stream.  This includes, but is not limited to, instant messaging, text messaging, or any equivalent.  In the event any such communications occur, the parties agree that the communications are discoverable.

7.      <u>Disruptions</u>.  In the event a participant's video feed is interrupted or otherwise becomes hidden from view, the deposition will be suspended, and the parties will go back on the record only when the participant's video stream functionality has been restored.  Disruptions due to video streaming, phone line interruptions, or other technical problems shall not be counted against record time. If a party believes that the transmission and/or recording was disrupted in bad faith, including but not limited to for purposes of delay, it may request that an additional videographer record other participants and may seek further appropriate relief from the Court.

8.      <u>Court Reporter and Videographer</u>.  The parties will stipulate, in accordance with Federal Rule of Civil Procedure 30(b)(5), that the court reporter or videographer may participate in the deposition by remote means, and that the deposition will be deemed to have been conducted "before" that officer, even though the officer is not physically present with the deponent, so long as that officer is able to identify the deponent.

9.      <u>Official Record</u>.  The court reporter's transcript, and the videographer's recording (if any), shall constitute the official record of the deposition for all purposes.

10.      <u>Other Recording</u>.  No participant other than the court reporter and videographer (if any) may record or photograph any of the proceedings.  This shall include recording using any form of remote transmitting device, computer recording device, laptops, camera, and personal device, including smart phones, tablets, iPads, Androids, iPhones, Blackberries, or other PDAs.  Nothing in this provision prevents or limits the taking of notes by those identified on the record.

11.      <u>Use of Remote Depositions at Trial</u>.  Remote depositions conducted in accordance with this Protocol may be admitted at trial with the same effect as a deposition conducted inperson.

12.      <u>Instant Visual Display Technology</u>.  In the event the noticing party utilizes instant visual display technology such that the court reporter's writing of

6

the proceeding will be displayed in real-time, the witness shall not have access to the instant visual display.

13. <u>Applicable Authority</u>.  Unless otherwise set forth herein, the Federal Rules of Civil Procedure, Federal Rules of Evidence, and other applicable authority shall govern as though the deposition was conducted in-person.

14. <u>Duration</u>.  Nothing herein prevents a noticing party from conducting an in-person deposition once COVID-19 related preventative measures are lifted in the states where the parties and counsel reside.  If, however, a noticing party elects to conduct a deposition by remote means even after such measures are lifted, the terms of this Protocol shall continue to govern.

7

# USPS Tracking®

FAQs >

## Track Another Package +

**Tracking Number:** 9114902307224670949779

Remove ✕

Your item was delivered at 1:40 pm on November 27, 2020 in VOLCANO, HI 96785.

## ⊘ Delivered

November 27, 2020 at 1:40 pm
Delivered
VOLCANO, HI 96785

**Get Updates** ⌄

Feedback

**Text & Email Updates**       ⌄

**Tracking History**       ⌃

**November 27, 2020, 1:40 pm**
Delivered
VOLCANO, HI 96785
Your item was delivered at 1:40 pm on November 27, 2020 in VOLCANO, HI 96785.

Reminder to Schedule Redelivery of your item

**November 21, 2020**
In Transit to Next Facility

**November 21, 2020, 12:04 pm**
Available for Pickup
VOLCANO, HI 96785

**November 21, 2020, 11:50 am**
Arrived at Post Office
VOLCANO, HI 96785

**November 20, 2020, 6:54 am**
Arrived at USPS Regional Facility
HONOLULU HI DISTRIBUTION CENTER

**November 17, 2020, 10:15 pm**
Arrived at USPS Regional Facility
LOS ANGELES CA DISTRIBUTION CENTER

**Product Information** ⌄

Feedback

See Less ⌃

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

**Bee, Charman**

| | |
|---|---|
| **From:** | Bee, Charman |
| **Sent:** | Tuesday, November 24, 2020 10:56 AM |
| **To:** | 'bloodwolf80@gmail.com' |
| **Cc:** | Chang, Cheryl S.; Metral, Nicole |
| **Subject:** | Pennymac Loan Services, LLC v. Sitcomm Arbitration Association, et al. - Notice of Deposition of Ronnie Kahapea |
| **Attachments:** | 2020-11-17 Letter to All Defendants Enclosing Deposition Notices.pdf; Notice of Deposition of Ronnie Kahapea.pdf |

Mr. Kahapea,

The attached two documents were previously mailed to you and we wanted to provide you with courtesy copies via email.

As stated in the Notice of Deposition and November 17, 2020 letter, please contact Veritext's calendar team at calendar-LA@Veritext.com to retrieve the necessary credentials to access the remote deposition. Please also contact my office at least three (3) calendar days prior to your deposition so that the necessary credentials, call-in numbers, email address, services, testing and information, if necessary, can be arranged and provided to you prior to the proceeding.

Thank you.

**Charman Bee** | **ARC Resource Specialist** | BLANKROME
2029 Century Park East | 6th Floor | Los Angeles, CA 90067
O: 424.239.3849 | F: 424.239.3434 | cbee@blankrome.com

1

**EXHIBIT**

**3**

**From:** Ronnie <bloodwolf80@gmail.com>
**Sent:** Thursday, November 26, 2020 7:55 PM
**To:** Metral, Nicole
**Subject:** response and acceptance
**Attachments:** Mississipppi Nov 2020.pdf

Hi,

Please note that this transmission will be your notification that under the terms in the conditional acceptance, being fulfilled upon performance as stipulated in the Judicial Notice as attached- I accept the invitation to the Deposition appointment. Please remedy your side of the agreement so that I may be present. I must remind you that I have to gather the information necessary before appearing, so please respond a.s.a.p.

Further, You and your employees are performing in communication with me under contract, and this will be tallied within the fee schedule you were provided. Thank you

THIS EMAIL TRANSMISSION IS INTENDED FOR THE EXCLUSIVE USE OF THE INDIVIDUAL OR ENTITY TO WHOM IT IS ADDRESSED, AND MAY CONTAIN PRIVILEGED AND CONFIDENTIAL INFORMATION THAT IS COVERED BY THE ELECTRONIC COMMUNICATIONS PRIVACY ACT (18 USC §§ 2510-2521). IF YOU ARE NOT THE INTENDED RECIPIENT OR AGENT RESPONSIBLE TO DELIVER THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED.. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR; PLEASE NOTIFY BY EMAIL AND DELETE THE ORIGINAL MESSAGE.  ALL RIGHTS RESERVED AND THANK YOU
**********PUBLIC NOTICE***********
Not Legal or Tax Advice - seek competent counsel where needed. Opinions expressed are just options, not advice.

PRIVATE: This is Not A Public Communication! This is Private!

This private email message, and any attachment(s) is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521, and is for the sole use of the intended recipient and contains privileged and/or confidential information. To all public servants, including but not limited to Federal, State, or Local corporate government(s): I accept your oath of office as your firm and binding contract between you and me, one of the People, whereby you have promised to serve, protect, and defend me, guarantee all of my unalienable rights, and defend the Constitution for the united States of America. Any/all political, private, or public entities, International, Federal, State, or Local corporate government(s), private International Organization(s), Municipality(ies), Corporate agent(s), informant(s), investigator(s) et. al., and/or third party(ies) working in collusion by monitoring My (this email) email(s), and any other means of communication without My express written permission are barred from any review, use, disclosure, or distribution. With explicit reservation of all My rights, without prejudice and without recourse to any of My rights. Any omission does not constitute a waiver of any and/or all intellectual property rights or reserved rights.

Notice to Principal is Notice to Agent / Notice to Agent is Notice to Principal.

1  Ronnie-Louis-Marvel: Kahapea
   RLK-05271980-HI
2  A Natural Man
   Sui Juris
3  P.O. Box 875
   Volcano, Hawaii 96785
4  Phone: 808-936-9137
   Email: bloodwolf80@gmail.com
5
                          **U.S. DISTRICT COURT**
6
                    **SOUTHERN DISTRICT OF MISSISSIPPI**
7
8  PENNYMAC LOAN SERVICES, LLC          Case No.: 2:19-cv-193-KS-MTP

9           Plaintiff,

10 vs.                                   **JUDICIAL NOTICE OF CONDITIONAL**
                                        **ACCEPTANCE TO THE APPEARANCE TO THE**
11 RONNIE LOUIS MARVEL KAHAPEA,          **DEPOSITION PRECEEDINGS**

12          Defendant
                                        **EXHIBIT I**
13

14     **JUDICIAL NOTICE OF CONDITIONAL ACCEPTANCE TO THE APPEARANCE TO THE**
                          **DEPOSITION PRECEEDINGS**
15

16 Dated this 25th of November, 2020.

17

18

19

20

21     **INTRODUCTION**

22          Notice to the Court is now being given that although there is still no evidence of

23 proven Jurisdiction in the court record for this case, *see 18 U.S.C. §175.20* and no Personam

24 Jurisdiction has been established and recorded into the court for this matter to proceed being that

25 this is a Tax issue that needs to be adjudged in a Tax Court, with a dispute to the rightful Payor

26

27 and Payee to the Bond for this case, without a Judge/Magistrate evidencing to not having any

28 JUDICIAL NOTICE OF CONDITIONAL ACCEPTANCE TO THE APPEARANCE TO THE DEPOSITION
   PRECEEDINGS - 1

financial interest in the process, an authority to the validity of the use of the name RONNIE

LOUIS MARVEL KAHAPEA has not been established, nor the authority to use the name

RONNIE LOUIS MARVEL KAHAPEA as a means to identify a Living Man; Ronnie-Louis-

Marvel: Kahapea, the sole directing principal of the Defendant RONNIE LOUIS MARVEL

KAHAPEA, agrees to make an appearance to the November 30, 2020 invitation to depose

substantial information regarding this court proceedings pursuant to Rule 30(b)(3)(A) of the

Federal Rules of Civil Procedure, if the parties moving this case, by Sworn Affidavit, signed and

Notarized, under the penalty of perjury, holding themselves jointly and severally, corporately

and personally liable, answers the five provisions I have prepared below, point by point;

- Provide the proof that supports PENNYMAC LOAN SERVICES, LLC
  incurred a loss, physical injury or physical harm by providing the full,
  whole and complete accounting of Account No.: 1437829748; and

- Provide the list of witnesses that can either confirm or contest upon first
  hand knowledge the acts or actions within the dispute where there are
  claims of fraud, scams etc.; and

- Provide an acknowledgement to contract with Ronnie-Louis-Marvel:
  Kahapea, agreeing to the terms listed in the Fee Schedule from the
  November 3rd 2020 CONSTRUCTIVE NOTICE OF CONDITIONAL
  ACCEPTANCE (EXHIBIT 1) private contractual agreement for my time
  used in this deposition invitation; and

JUDICIAL NOTICE OF CONDITIONAL ACCEPTANCE TO THE APPEARANCE TO THE DEPOSITION
PRECEEDINGS - 2

- Provide an acknowledgement to make the initial $10,000.00 according to the Pre-determined rate of $10,000.00 /hearing as stipulated BEFORE the required three(3) days until November 30; and

- Provide an agreement to dissolve any existing or current court fees, attorney fees etc. that may be assumed to being due and owed by the defendant.

The execution of any action without first providing proof and the required rebuttal of the affidavit herein, constitutes injury and harm and does make the parties jointly and severally, commercially and personally liable on a claim that may be liquidated against your public hazard bond, wages, earnings, rents, accounts, properties, assets and income from every source.

Further, the record of the court will reflect a disregard in procedure with the Attorneys acting as agents for the Plaintiff, by not providing as evidence, the authority to litigate in a foreign status as BAR Attorneys. It has been stated on the record that they all are licensed, but have not provided any proof on the record to that matter.

X _____     DATE: November 25, 2020
JUDICIAL NOTICE OF CONDITIONAL ACCEPTANCE TO THE APPEARANCE TO THE DEPOSITION
PRECEEDINGS - 3





## CONSTRUCTIVE NOTICE OF CONDITIONAL ACCEPTANCE
### Notice to Agent is Notice to Principal
### Notice to Principal is Notice to Agent

**Claimant**
Ronnie-Louis-Marvel: Kahapea, a living man and Authorized
Agent and Sole Beneficiary of the trust known as
RONNIE LOUIS MARVEL KAHAPEA, A PRIVATE TRUST
C/O Ronnie-Louis-Marvel: Kahapea
Volcano [96785] Hawaii

November 3, 2020

**Respondents:**

Nicole B. Metral, Acting as NICOLE B. METRAL ATTORNEY, of the BLANKROME, LLP Law Firm and Agent
for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In care of 2029 Century
Park East, 6th Floor Los Angeles California [90067]; and

Cheryl S. Chang, Acting as CHERYL S. CHANG ATTORNEY, of the BLANKROME, LLP Law Firm and Agent
for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In care of 2029 Century
Park East, 6th Floor Los Angeles California [90067]; and

Louise B. Marencik, Acting as LOUISE B. MARENCIK ATTORNEY, of the BLANKROME, LLP Law Firm and
Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In care of 2029
Century Park East, 6th Floor Los Angeles California [90067]; and

Jessica McElroy, Acting as JESSICA MCELROY ATTORNEY, of the BLANKROME, LLP Law Firm and Agent
for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In care of 2029 Century
Park East, 6th Floor Los Angeles California [90067]; and

Johnathan W.Y. Lai, Acting as JOHNATHAN W.Y. LAI ATTORNEY, of the WATANABE, ING LLP Law Firm
and/or Agents, Successors, and/or Assigns, In care of First Hawaiian Center 999 Bishop Street, Suite 1250
Honolulu, Hawaii [96813]; and

Jeff N. Miyashiro, Acting as JEFF N. MIYASHIRO ATTORNEY, of the WATANABE, ING LLP Law Firm and/or
Agents, Successors, and/or Assigns, In care of First Hawaiian Center 999 Bishop Street, Suite 1250 Honolulu,
Hawaii [96813]; and

Elizabeth Dranttel, Acting as ELIZABETH DRANTTEL ATTORNEY, of the ROSE L. BRAND & ASSOCIATES,
P.C., Law Firm and Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns,
In care of 7430 Washington Street, NE, Albuquerque, New Mexico [87109]; and

Mark T. Baker, Acting as MARK T. BAKER ATTORNEY, of the PEIFER, HANSON & MULLINS, P.A. Law
Firm and Agent for PLAZA HOME MORTGAGE, INC and/or Agents, Successors, and/or Assigns, In care of Post
Office Box 25245 Albuquerque, New Mexico [87125]; and

Johnny Morton, Acting as JOHNNY MORTON EMPLOYEE, Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In care of 2285 Corporate Circle, Unit 160, Henderson, Nevada [89074]; and

David A. Spector, Acting as DAVID A. SPECTOR, PRESIDENT and C.E.O. for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In Care of 3043 Townsgate Rd, Suite 200, Westlake Village, California [91361]; and

Derek W. Stark, Acting as DEREK W. STARK, SENIOR MANAGING DIRECTOR AND CHIEF LEGAL OFFICER AND SECRETARY and Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In Care of 3043 Townsgate Rd, Suite 200, Westlake Village, California [91361]; and

Veronica Hauck, Acting as VERONICA HAUCK, RECEPTIONIST and Employee for PLAZA HOME MORTGAGE, INC and/or Agents, Successors, and/or Assigns, In Care of P.O. Box 7168, Pasadena, California [91109]; and

Michael R. Fontaine, Acting as MICHAEL R. FONTAINE, CHIEF OPERATING OFFICER and CHIEF FINANCIAL OFFICER for PLAZA HOME MORTGAGE, INC and/or Agents, Successors, and/or Assigns, , In Care of P.O. Box 7168, Pasadena, California [91109]; and

ALL AGENTS FOR PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In Care of 3043 Townsgate Rd, Suite 200, Westlake Village, California [91361]; and

EQUIFAX CORPORATION; AND

EXPERIAN CORPORATION; AND

TRANSUNION CORPORATION; AND

JOHN OR JANE DOES 1-50;

JOINTLY AND SEVERALLY, CORPORATELY AND PERSONALLY;

Nicole B. Metral, and/or Agents, Assigns, and/or Successors AND  Johnathan W.Y. Lai, and/or Agents, Assigns, and/or Successors AND Johnny Morton, and/or Agents, Assigns, and/or Successors AND Elizabeth Dranttel, and/or Agents, Assigns, and/or Successors AND Mark T. Baker, and/or Agents, Assigns, and/or Successors are charged with delivering a true copy to ALL RESPONDENTS of their Firm and/or Commercial Entity.

Re: IN THE MATTER OF THE ARBITRATION FINAL AWARD SO AWARDED TO THE CLAIMANT, also known as CASE NO.: SAARK-A102A-061019, also known as SAA-191006-RK7652987-8VH389BSY as Documented, also in direct reference to CASE NO. 1:19-mc-00028-MV as recorded IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO as a claim in the amount of One-million two-hundred Thousand DOLLARS and zero CENTS ($1,200,000.00US). IN THE MATTER OF PENNYMAC LOAN SERVICES, LLC LOAN Document No. T-9590158 as found being the Deed of Trust in the State of Hawaii, as well as IN THE MATTER OF PENNYMAC LOAN SERVICES, LLC LOAN Document No. T-10861314 as found being the Assignment of Mortgage in the State of Hawaii. IN THE MATTER of court-filed Document 5-2, page 4 of 14 of CASE NO.: 1:19-mc-00028-MV as recorded IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO also known as the CONDITIONAL ACCEPTANCE FOR VALUE AND COUNTER OFFER/CLAIM FOR PROOF OF CLAIM and TENDER OF PAYMENT OFFERING also known as the Binding agreement between RONNIE LOUIS MARVEL KAHAPEA v. PENNYMAC LOAN SERVICES, LLC

and PLAZA HOME MORTGAGE, INC.. IN THE MATTER of the LETTER ROGATORY FOR
RELIEF/ACCEPTANCE OF OFFICIAL OATH OF MARTHA VASQUEZ via Certified mail No.: 7019 0700 0000
6907 1034. IN THE MATTER of the ORDER granting the unspecified specie amount of Fifty thousand Six hundred
thirty-three purported dollars and Eighty-three purported cents (\$50,633.83) in attorneys' fees and costs, also known
as the Case NO.: 3CSP-20-0000061 IN THE CIRCUIT COURT OF THE THIRD CIRCUIT STATE OF HAWAII
and IN THE CIRCUIT COURT OF THE SECOND CIRCUIT STATE OF HAWAII.

TO: Nicole B. Metral, Acting as NICOLE B. METRAL ATTORNEY, of the BLANKROME, LLP Law Firm and
Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In care of 2029
Century Park East, 6th Floor Los Angeles California [90067]; and Cheryl S. Chang, Acting as CHERYL S. CHANG
ATTORNEY, of the BLANKROME, LLP Law Firm and Agent for PENNYMAC LOAN SERVICES, LLC and/or
Agents, Successors, and/or Assigns, In care of 2029 Century Park East, 6th Floor Los Angeles California [90067];
and Louise B. Marencik, Acting as LOUISE B. MARENCIK ATTORNEY, of the BLANKROME, LLP Law Firm
and Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In care of 2029
Century Park East, 6th Floor Los Angeles California [90067]; and Jessica McElroy, Acting as JESSICA MCELROY
ATTORNEY, of the BLANKROME, LLP Law Firm and Agent for PENNYMAC LOAN SERVICES, LLC and/or
Agents, Successors, and/or Assigns, In care of 2029 Century Park East, 6th Floor Los Angeles California [90067];
and Johnathan W.Y. Lai, Acting as JOHNATHAN W.Y. LAI ATTORNEY, of the WATANABE, ING LLP Law
Firm and/or Agents, Successors, and/or Assigns, In care of First Hawaiian Center 999 Bishop Street, Suite 1250
Honolulu, Hawaii [96813]; and Jeff N. Miyashiro, Acting as JEFF N. MIYASHIRO ATTORNEY, of the
WATANABE, ING LLP Law Firm and/or Agents, Successors, and/or Assigns, In care of First Hawaiian Center 999
Bishop Street, Suite 1250 Honolulu, Hawaii [96813]; and Elizabeth Dranttel, Acting as ELIZABETH DRANTTEL
ATTORNEY, of the ROSE L. BRAND & ASSOCIATES, P.C., Law Firm and Agent for PENNYMAC LOAN
SERVICES, LLC and/or Agents, Successors, and/or Assigns, In care of 7430 Washington Street, NE, Albuquerque,
New Mexico [87109]; and Mark T. Baker, Acting as MARK T. BAKER ATTORNEY, of the PEIFER, HANSON &
MULLINS, P.A. Law Firm and Agent for PLAZA HOME MORTGAGE, INC and/or Agents, Successors, and/or
Assigns, In care of Post Office Box 25245 Albuquerque, New Mexico [87125]; and Johnny Morton, Acting as
JOHNNY MORTON EMPLOYEE, Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors,
and/or Assigns, In care of 2285 Corporate Circle, Unit 160, Henderson, Nevada [89074]; and David A. Spector,
Acting as DAVID A. SPECTOR, PRESIDENT and C.E.O. for PENNYMAC LOAN SERVICES, LLC and/or
Agents, Successors, and/or Assigns, In Care of 3043 Townsgate Rd, Suite 200, Westlake Village, California
[91361]; and Derek W. Stark, Acting as DEREK W. STARK, SENIOR MANAGING DIRECTOR AND CHIEF
LEGAL OFFICER AND SECRETARY and Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents,
Successors, and/or Assigns, In Care of 3043 Townsgate Rd, Suite 200, Westlake Village, California [91361]; and
ALL AGENTS FOR PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In Care of
3043 Townsgate Rd, Suite 200, Westlake Village, California [91361]; and Veronica Hauck, Acting as VERONICA
HAUCK, RECEPTIONIST and Employee for PLAZA HOME MORTGAGE, INC and/or Agents, Successors,
and/or Assigns, In Care of P.O. Box 7168, Pasadena, California [91109]; and Michael R. Fontaine, Acting as
MICHAEL R. FONTAINE, CHIEF OPERATING OFFICER and CHIEF FINANCIAL OFFICER for PLAZA
HOME MORTGAGE, INC and/or Agents, Successors, and/or Assigns, , In Care of P.O. Box 7168, Pasadena,
California [91109]; and EQUIFAX CORPORATION, and EXPERIAN CORPORATION, and TRANSUNION
CORPORATION, and JOHN DOES 1-50, JOINTLY AND SEVERALLY, CORPORATELY AND
PERSONALLY, hereinafter Respondent, singularly, Respondents, collectively:

Claimant is in receipt of Respondent's ORDER of Obligation granting the unspecified specie amount of Fifty
thousand Six hundred thirty-three purported dollars and Eighty-three purported cents (\$50,633.83) in attorneys' fees
and costs, also known as the Case NO.: 3CSP-20-0000061 IN THE CIRCUIT COURT OF THE THIRD CIRCUIT
STATE OF HAWAII. Claimant is accepting Respondent's order of obligation, granting the courts authority by way
of Jurisdiction over a living, breathing Man, consent to the order and claim for the fees and services of the Attorneys

for which relief can be granted upon the condition that Respondents provide the following proof to support Respondent's claim via sworn affidavit, under penalty of perjury, with full and complete commercial liability:

1. Provide the verified proof and full, whole, and complete accounting, that supports Respondent's position that a :real-party-in-interest: among the Respondents who is injured, wronged, harmed, or suffered a loss due by the Claimant; and
2. Provide the proof that supports Respondent's position that the instrument of tender provided in the CONDITIONAL ACCEPTANCE FOR VALUE AND COUNTER OFFER/CLAIM FOR PROOF OF CLAIM and TENDER OF PAYMENT OFFERING dated March 29, 2019 is Not Negotiable; and
3. Provide the proof that supports Respondents did NOT agree to a Notice of Default upon offer of tender of payment to satisfy the amounts due and owing as that of the EQUITABLE REMITTANCE COUPON valued at $600,000.00 on subject account No.: 1437829748, dated March 29, 2019 for which a pay and pledge to the order of PENNYMAC LOAN SERVICES, LLC WITHOUT RECOURSE remedy had been established; and
4. Provide the proof that supports Respondents sent back/or responded to said credits and challenged the Notice of Default upon offer of tender of payment to satisfy the amounts due and owing as that of the EQUITABLE REMITTANCE COUPON valued at $600,000.00 on subject account No.: 1437829748, dated March 29, 2019 for which a pay and pledge to the order of PENNYMAC LOAN SERVICES, LLC WITHOUT RECOURSE remedy had been established; and
5. Provide the proof that supports Respondent's did NOT receive a CONDITIONAL ACCEPTANCE FOR VALUE AND COUNTER OFFER/CLAIM FOR PROOF OF CLAIM and TENDER OF PAYMENT OFFERING dated March 29, 2019, Notice of Fault and Opportunity to Cure and Default and Consent to arbitration per the Arbitration Clause of the contractual agreement as stipulated in its entirety within the CONDITIONAL ACCEPTANCE FOR VALUE AND COUNTER OFFER/CLAIM FOR PROOF OF CLAIM and TENDER OF PAYMENT OFFERING dated March 29, 2019 whereas in section 23134. Page 4, states clearly that "Should the Respondent(s) Fail or otherwise refuse to provide the requested and necessary Proof of Claims raised herein above within the expressed period of time established and set herein above, Respondent(s) agree that they will have failed to state a claim upon which relief can be granted" . and delivered by The United States Postal Service, hereinafter Delivery Agent; and
6. Provide the proof that supports Respondent's position that Instruments of Tender in the amount of Six Hundred-thousand DOLLARS and Zero CENTS in credit were NOT placed into the custody of the Delivery Agent for settlement, setoff, and discharge of the Account on March 29, 2019.; and
7. Provide the proof that supports Respondent's are NOT subject to the Uniform Commercial Code Article 3 Section 603, Tender of Payment Laws, which states whether Tender is accepted or rejected, there is discharge of debt; and
8. Provide the proof that supports Respondent's position that the instrument of tender is NOT in accordance with the terms of the contract agreement with the CONDITIONAL ACCEPTANCE FOR VALUE AND COUNTER OFFER/CLAIM FOR PROOF OF CLAIM and TENDER OF PAYMENT OFFERING dated March 29, 2019 also known as the Contract,; and
9. Provide the proof that supports Respondent's position that by contract, PENNYMAC LOAN SERVICES, LLC was unable to accept tender from the Claimant and that the Claimant is an unauthorized party under law to settle this original alleged debt; and
10. Provide the proof that supports Respondent's position that the original "loan" was an actual loan, where evidentiary proof to a ledger reports a negative balance and another ledger reports a positive balance of equal amounts, to confirm a debt being owed to the ledger of said negative balance, and not credits created out of "thin air", as recorded in the AFFIDAVIT OF WALKER TODD and the publication MODERN MONEY MECHANICS,; and
11. Provide the proof that supports Respondent's position that the Attorneys in this matter are NOT Foreign Agents, requiring a duty to register as such by way of the F.A.R. Act; and
12. Provide the proof that supports Respondent's position that the instruments of tender tendered do not, in fact, provide defense of amounts allegedly owed by Claimant; and
13. Provide the proof that supports Respondent's position that the arbitration award in this matter is fraudulent; and
14. Provide the proof that supports Respondent's position that the instruments of tender will not eliminate indebtedness; and

15. Provide the proof that supports Respondent's position that the attorneys in this matter have NOT caused harm and loss to the living Man, Ronnie-Louis-Marvel: Kahapea under threat, duress and coercion; and

16. Provide the proof that supports Respondent's position that the instrument of tender is NOT in accordance and compliance with UCC 3-104; Title IV, Sec 401 (FRA); USC Title 12; USC Title 28, §§1631, 3002; and the Foreign Sovereign Immunity Act under necessity; and

17. Provide the proof that supports Respondent's position that the instrument of tender is NOT in full accord with HJR-192 (June 5, 1933), Public Law 73-10, UCC 3-419, 1-104 and 10-104; and

18. Provide the proof that supports Respondent's position that pursuant to 'State and Federal' TENDER OF PAYMENT statutes; that Respondents may refuse payment of any property, money, or instrument, while NOT discharging the debt; and

19. Provide the proof that the Treasury of The United States Department of Internal Revenue has returned the instruments of TENDER and that they are not holding or withholding an instrument valued at Six Hundred-thousand DOLLARS and Zero CENTS ($600,000.00US); and

20. Provide the proof that the U.S. Bankruptcy is NOT verified in Senate Report No. 93-549 93rd Congress, 1st Session (1973), "Summary of Emergency Power Statutes," Executive Orders 6073, 6102, 6111 and by Executive Order 6260 on March 9, 1933, under the "Trading With The Enemy Act (Sixty-Fifth Congress, Session I, Chapters 105, 106, October 6, 1917), and as further codified at 12 U.S.C.A. 95(a) and (b) as amended; and

21. Provide the proof that the Claimant has not been estopped from using or that he has access to 'lawful constitutional money of exchange' (See U.S. Constitution – Art. I § X) to 'PAY DEBTS AT LAW', and pursuant to HJR-192, can only discharge fines, fees, debts, and judgments 'dollar for dollar' via commercial paper or upon Affiant's exemption; and

22. Provide the proof that Ronnie-Louis-Marvel: Kahapea, Secured Party Creditor, a living man and Authorized Agent and Sole Beneficiary of the trust known as RONNIE LOUIS MARVEL KAHAPEA FAMILY TRUST is NOT "Holder in Due Course" of the Preferred Stock of the federal Corporation (United States – February 21, 1871; 16 Stat l. 419): and holds a prior, superior, security interest and claim on the alleged DEBTOR and Debtor's property nunc pro tunc; AND

23. Provide the proof that prior to this document, Claimant accepted Respondent's ORDER of Obligation granting the unspecified specie amount of Fifty thousand Six hundred thirty-three purported dollars and Eighty-three purported cents ($50,633.83) in attorneys' fees and costs, also known as the Case NO.: 3CSP-20-0000061; and

24. Provide the proof that the Claimant intentionally created a falsified and/or fraudulent claim where Respondent(s) should be compensated in a monetary amount; and

25. Provide the proof that Respondent's provided Claimant oaths of all parties, title, and statutes, written and recorded in this matter pursuant 18 USC 1001 and 1002, and 18 USC 1341 and 1342 for the voidance of perjury; and

26. Provide Respondent's evidence that ALL law is based upon :adverb-verb:, descriptive or rhetorical verses factual, and that Respondents are NOT using deceptive practices for the voidance of perjury, while being paid is not a violation of 18 USC 1001 and 1002, and 18 USC 1341 and 1342; and

27. Provide Respondent's evidence that Respondents are NOT using the NOM DE GURERRE names pursuant to 18 USC 1001 and 1002, and 18 USC 1341 and 1342; and

28. Provide Respondent's evidence that Respondents are NOT using false advertising, fictitious use of language, pertaining to Title 18, 1001 Fraud Act by the use of closed brackets and vectors violating the four corner rules, pursuant to Black's Law Dictionary 5th ed, Page 591; and

29. Provide Respondent's evidence that Respondents are NOT using fraudulent conveyance of language to force the Claimant to appear IN THE CIRCUIT COURT OF THE THIRD CIRCUIT STATE OF HAWAII to appear and pay funds; and

30. Provide Respondent's evidence with a Justice of the Peace under penalty of perjury that Respondents are NOT using Fictitious Conveyance of Language as a device for unjust gain against the Claimant; and

31. Provide Respondent's evidence as to what specie Respondents will accept or lawfully require as payment of the alleged debt known as Respondent's ORDER of Obligation granting the unspecified specie amount of Fifty thousand Six hundred thirty-three purported dollars and Eighty-three purported cents ($50,633.83) in attorneys' fees and costs, also known as the Case NO.: 3CSP-20-0000061, and that Respondents are NOT forcing Claimant to break the law if Respondents are demanding Federal Reserve Notes: and

32. Provide Respondent's evidence as to which dictionary or styles manual Respondents are writing from in their Offers of Obligation, whereby Claimant can easily refer to and understand the referenced Offers of Obligation; and

33. Provide Respondent's evidence that Respondents have a copy-right release from the Post-Master-General to copy Post-Master-General's 1st class-postage stamps and/or 2nd class-postage stamps and/or metered stamps; and

34. Provide Respondent's evidence that Respondent's are NOT using false conveyance of language and violating The Deceptive Trade Practices Act for ill-gotten-gain against the Claimant; and

35. Provide Respondent's evidence that Respondents are NOT violating The Americans With Disabilities Act and the Antitrust with the Federal Trade Commission and the Fair Debt Collection Practices Act and 18 USC 1001 and 18 USC 1341 and 18 USC 1342 for Respondent's profit without the expressed written authorization of the Claimant; and

36. Provide Respondent's evidence that Respondents provided Claimant an interpreter to the conveyance of language, knowing that Claimant is not proficient with the policies and procedures of the court, pursuant to the 1964 Discrimination Act; and

37. Provide Respondent's evidence of all parties receiving this Constructive Notice of Conditional Acceptance and Commercial Affidavit and Fee Schedule of Respondent's full given names using no abbreviations nor all capitalized names nor fictitious titles; and

38. Provide Respondent's evidence of Respondent's qualifications and/or official capacities along with letters of appointments and/or letters of delegation of authorities; and

39. Provide Respondent's evidence and proof of Respondent's mandate or authority and bond and actual state license and not merely a BAR Union Membership Card as an attorney; and

40. Provide Respondent's evidence of Respondent's Oaths of Office true copies along with the proper autographs whereby the Respondents are accepting full commercial liability; and

41. Provide Respondent's evidence of Respondent's Anti Bribery statement as directed by the Foreign Corrupt Practices Act – Anti-Bribery Provisions, as was required when Respondent's took their oath, and require Respondents foreign registration statement which must be on file, as all those who take oaths become foreign at the time of the oath, per Title 22 USC Code 612; and

42. Provide Respondent's evidence to exercise any delegative authority as Agents or Attorneys or otherwise to operate outside of Washington D.C., aside from a contract serving as nexus and the commercial bonds Respondents provide, including definitions and sources of words used, to protect and indemnify Claimant in the event of a harm by those parties and their sworn evidence that Respondents are acting within their official capacity, including personal addresses of those parties who are found to be acting outside their authority plus their sworn evidence that they are acting within their official; and

43. Provide Respondent's evidence by copies of all tax forms for all named Respondents resulting from profits derived from the securities generated from the original purported "loan" made to RONNIE LOUIS MARVEL KAHAPEA, also known as the Assignment of Mortgage and the Deed of Trust to prevent suspicious activity of unreported tax liabilities; and

44. Respondents provide evidence that the alleged obligation/claim known as the original purported "loan" made to RONNIE LOUIS MARVEL KAHAPEA, also known as the Assignment of Mortgage and the Deed of Trust does not constitute a false and deceptive and misleading representation in connection with the collection of any debt including the false representation of the character or legal status of any debt and further makes a threat to take any action that cannot legal be taken a deceptive practice congruent with 15 U.S.C. § 1692 (e); and

45. Respondents provide evidence that there does not already exist a private agreement between the parties of a settlement with an unrebutted affidavit of a positive balance thus making any further action vexatious litigation and a waste of taxpayer dollars; and

46. Respondents provide evidence that any and all named Respondents have a letter of delegation of authority to attack the trust known as The RONNIE LOUIS MARVEL KAHAPEA FAMILY TRUST, which is duly recorded with the Internal Revenue; and

47. Respondents provide evidence that by Respondents, and their attorneys, in their complaint is NOT void of perjury and is NOT a valid claim.

48. Respondents provide evidence and/or proof that there is NO conflict of interest between the Magistrate/Judge and the Attorneys, both of which are BAR agents, also known as a conspiracy under the RICO act, of any or all court cases.; and

49. Respondents provide any available first-hand knowledge of a conspiracy to defraud a corporation/commercial entity that the Claimant is, or has been, a part of, that can determine the true nature and intent of the Claimant.; and
50. Respondents provide evidence to the claim that the Respondents in this matter DOES NOT wish/expect the Claimant to suffer greatly, as the intent is provided by and through the actions of the Agents and/or successors, representatives and/or assigns, as well as the dishonor by seeking claims over the claimants unrebutted affidavits, and Instruments, whether it is an offer of tender (Respondents remedy) or an arbitration award (Claimants remedy); and
51. Respondents provide evidence to the Claimants acts in dishonor, with intent.
52. Respondents provide evidence to the claim that the arbitration award is a scam/sham.
53. Respondents provide evidence to the claim that the arbitration award has been challenged within the specified time to vacate, modify or correct pursuant to 9 U.S Code of the Federal Arbitration Act.
54. Respondents provide Proof to the claim that a Magistrate/Judge can Order sanctions, ruling over a valid contract, rendering contract law powerless- deeming a contract as void.
55. Respondents provide proof to the claim that PENNYMAC LOAN SERVICES, LLC did NOT perform to the sections 23130, 23131,23132, 23133 and 23134 of the CONDITIONAL ACCEPTANCE FOR VALUE AND COUNTER OFFER/CLAIM FOR PROOF OF CLAIM and TENDER OF PAYMENT OFFERING dated March 29, 2019.
56. Respondents provide proof to the claim that PENNYMAC LOAN SERVICES, LLC challenged the CONDITIONAL ACCEPTANCE FOR VALUE AND COUNTER OFFER/CLAIM FOR PROOF OF CLAIM and TENDER OF PAYMENT OFFERING dated March 29, 2019 in whole, or in part, at any time before the arbitrator adjudged the breach of contract dispute between parties.

Respondents have fifteen (15) days from receipt of this Constructive Notice of Conditional Acceptance and the enclosed Commercial Affidavit to respond on a point-by-point basis, via sworn affidavit, under Respondent's full commercial liability, signing under penalty of perjury, that the facts contained therein are true, correct, complete and not misleading. Mere declarations are an insufficient response. All responses that are not sent to :Claimant-and-Affiant:, as required by this agreement, shall be deemed an insufficient response. If an extension of time is needed to properly answer, please request it in writing. Failure to respond will be deemed agreement with the facts stated in the enclosed Commercial Affidavit and an inability to prove Respondent's claim, upon which any liabilities incurred pursuant the enclosed 'Fee Schedule' regarding any further action in this matter, shall be deemed accepted by the parties, Nicole B. Metral, Acting as NICOLE B. METRAL ATTORNEY, of the BLANKROME, LLP Law Firm and Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In care of 2029 Century Park East, 6th Floor Los Angeles California [90067]; and Cheryl S. Chang, Acting as CHERYL S. CHANG ATTORNEY, of the BLANKROME, LLP Law Firm and Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In care of 2029 Century Park East, 6th Floor Los Angeles California [90067]; and Louise B. Marencik, Acting as LOUISE B. MARENCIK ATTORNEY, of the BLANKROME, LLP Law Firm and Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In care of 2029 Century Park East, 6th Floor Los Angeles California [90067]; and Jessica McElroy, Acting as JESSICA MCELROY ATTORNEY, of the BLANKROME, LLP Law Firm and Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In care of 2029 Century Park East, 6th Floor Los Angeles California [90067]; and Johnathan W.Y. Lai, Acting as JOHNATHAN W.Y. LAI ATTORNEY, of the WATANABE, ING LLP Law Firm and/or Agents, Successors, and/or Assigns, In care of First Hawaiian Center 999 Bishop Street, Suite 1250 Honolulu, Hawaii [96813]; and Jeff N. Miyashiro, Acting as JEFF N. MIYASHIRO ATTORNEY, of the WATANABE, ING LLP Law Firm and/or Agents, Successors, and/or Assigns, In care of First Hawaiian Center 999 Bishop Street, Suite 1250 Honolulu, Hawaii [96813]; and Elizabeth Dranttel, Acting as ELIZABETH DRANTTEL ATTORNEY, of the ROSE L. BRAND & ASSOCIATES, P.C., Law Firm and Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In care of 7430 Washington Street, NE, Albuquerque, New Mexico [87109]; and Mark T. Baker, Acting as MARK T. BAKER ATTORNEY, of the PEIFER, HANSON & MULLINS, P.A. Law Firm and Agent for PLAZA HOME MORTGAGE, INC and/or Agents, Successors, and/or Assigns, In care of Post Office Box 25245 Albuquerque, New Mexico [87125]; and Johnny Morton, Acting as JOHNNY MORTON EMPLOYEE, Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In care of 2285 Corporate Circle, Unit 160, Henderson, Nevada [89074]; and David A. Spector, Acting as DAVID A. SPECTOR, PRESIDENT and C.E.O. for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In Care of 3043 Townsgate Rd, Suite 200, Westlake Village, California [91361]; and Derek W. Stark, Acting as DEREK W. STARK, SENIOR MANAGING DIRECTOR AND CHIEF

LEGAL OFFICER AND SECRETARY and Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In Care of 3043 Townsgate Rd, Suite 200, Westlake Village, California [91361]; and ALL AGENTS FOR PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In Care of 3043 Townsgate Rd, Suite 200, Westlake Village, California [91361]; and Veronica Hauck, Acting as VERONICA HAUCK, RECEPTIONIST and Employee for PLAZA HOME MORTGAGE, INC and/or Agents, Successors, and/or Assigns, In Care of P.O. Box 7168, Pasadena, California [91109]; and Michael R. Fontaine, Acting as MICHAEL R. FONTAINE, CHIEF OPERATING OFFICER and CHIEF FINANCIAL OFFICER for PLAZA HOME MORTGAGE, INC and/or Agents, Successors, and/or Assigns, , In Care of P.O. Box 7168, Pasadena, California [91109]; and EQUIFAX CORPORATION, and EXPERIAN CORPORATION, and TRANSUNION CORPORATION, and JOHN DOES 1-50, JOINTLY AND SEVERALLY, CORPORATELY AND PERSONALLY, and any agents or assigns thereof, jointly and severally.

### Demand

Claimant hereby demands that all actions cease until the required proof has been provided by Nicole B. Metral, Acting as NICOLE B. METRAL ATTORNEY, of the BLANKROME, LLP Law Firm and Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In care of 2029 Century Park East, 6th Floor Los Angeles California [90067]; and Cheryl S. Chang, Acting as CHERYL S. CHANG ATTORNEY, of the BLANKROME, LLP Law Firm and Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In care of 2029 Century Park East, 6th Floor Los Angeles California [90067]; and Louise B. Marencik, Acting as LOUISE B. MARENCIK ATTORNEY, of the BLANKROME, LLP Law Firm and Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In care of 2029 Century Park East, 6th Floor Los Angeles California [90067]; and Jessica McElroy, Acting as JESSICA MCELROY ATTORNEY, of the BLANKROME, LLP Law Firm and Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In care of 2029 Century Park East, 6th Floor Los Angeles California [90067]; and Johnathan W.Y. Lai, Acting as JOHNATHAN W.Y. LAI ATTORNEY, of the WATANABE, ING LLP Law Firm and/or Agents, Successors, and/or Assigns, In care of First Hawaiian Center 999 Bishop Street, Suite 1250 Honolulu, Hawaii [96813]; and Jeff N. Miyashiro, Acting as JEFF N. MIYASHIRO ATTORNEY, of the WATANABE, ING LLP Law Firm and/or Agents, Successors, and/or Assigns, In care of First Hawaiian Center 999 Bishop Street, Suite 1250 Honolulu, Hawaii [96813]; and Elizabeth Dranttel, Acting as ELIZABETH DRANTTEL ATTORNEY, of the ROSE L. BRAND & ASSOCIATES, P.C., Law Firm and Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In care of 7430 Washington Street, NE, Albuquerque, New Mexico [87109]; and Mark T. Baker, Acting as MARK T. BAKER ATTORNEY, of the PEIFER, HANSON & MULLINS, P.A. Law Firm and Agent for PLAZA HOME MORTGAGE, INC and/or Agents, Successors, and/or Assigns, In care of Post Office Box 25245 Albuquerque, New Mexico [87125]; and Johnny Morton, Acting as JOHNNY MORTON EMPLOYEE, Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In care of 2285 Corporate Circle, Unit 160, Henderson, Nevada [89074]; and David A. Spector, Acting as DAVID A. SPECTOR, PRESIDENT and C.E.O. for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In Care of 3043 Townsgate Rd, Suite 200, Westlake Village, California [91361]; and Derek W. Stark, Acting as DEREK W. STARK, SENIOR MANAGING DIRECTOR AND CHIEF LEGAL OFFICER AND SECRETARY and Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In Care of 3043 Townsgate Rd, Suite 200, Westlake Village, California [91361]; and ALL AGENTS FOR PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In Care of 3043 Townsgate Rd, Suite 200, Westlake Village, California [91361]; and Veronica Hauck, Acting as VERONICA HAUCK, RECEPTIONIST and Employee for PLAZA HOME MORTGAGE, INC and/or Agents, Successors, and/or Assigns, In Care of P.O. Box 7168, Pasadena, California [91109]; and Michael R. Fontaine, Acting as MICHAEL R. FONTAINE, CHIEF OPERATING OFFICER and CHIEF FINANCIAL OFFICER for PLAZA HOME MORTGAGE, INC and/or Agents, Successors, and/or Assigns, , In Care of P.O. Box 7168, Pasadena, California [91109]; and EQUIFAX CORPORATION, and EXPERIAN CORPORATION, and TRANSUNION CORPORATION, and JOHN DOES 1-50, JOINTLY AND SEVERALLY, CORPORATELY AND PERSONALLY, and any agents or assigns thereof, jointly and severally.  Respondent(s) proceeding in this matter constitutes Respondent's waiver of any and all immunities from all sources.

Tacit Acquiescence by non-response within fifteen (15) days of receipt of this presentment with any contract allegedly-signed by Claimant's hand as required above shall hereby verify Respondent's claim of debt is invalid, and that Respondents shall owe Claimant Twenty-five Thousand DOLLARS and Zero CENTS ($25,000.00US) per

respondent attempting to collect for presentment to Claimant of claim(s) made in gross negligence; Failure to speak now to present a claim upon which relief can be granted within the time specified shall hereby establish agreement to this res judicata; stare decisis; and permanent estoppel thereby barring any further actions in the matter and establish judgment against all such false; invalid claims.

Failure to establish as required the proofs by contract shall further agree that Ronnie-Louis-Marvel: Kahapea, a living man is the heir to a private trust, to which the private american national is beneficiary, and by no means any Enemy; and shall never be tried for such claims in any Open Adversarial Public Court; and if any claim is sought by any party, that it shall be seen through the eye of exclusive-equity to view only that cause that is fair; just; equal; noble; and righteous, as hereby stipulated by this express intent to create special trust; govern yourselves therefore with peace, and in accord with the highest trust and treaty in the land.

## SILENCE IS ACQUIESCENCE-SPEAK NOW OR FOREVER HOLD YOUR PEACE

Failure to respond or responding with other than the demanded verified proof and full, whole and complete accounting, via sworn affidavit, under Respondent's full and complete commercial liability, signing under penalty of perjury, will be documented with an Affidavit of Non-Response and an Affidavit of Non-Performance and constitutes an agreement between ALL Respondents and The Claimant that:

1. PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, were not harmed, injured, nor incurred a loss as a result of any alleged Order of Obligations, or disputes therefore having no past, present or future claim against Claimant; and

2. PLAZA HOME MORTGAGE, INC, and/or Agents, Successors, and/or Assigns, were not harmed, injured, nor incurred a loss as a result of any alleged Orders of Obligations, or disputes therefore having no past, present or future claim against Claimant; and

3. ALL Law Firms in this matter and/or their Agents, Successors, and/or Assigns agree, under penalty of perjury that any/all alleged RONNIE KAHAPEA or RONNIE LOUIS KAHAPEA or RONNIE LM KAHAPEA or any derivative of the named accounts and any/all alleged accounts affiliated with alleged Offer of Obligation or any disputes, its Agents, Successors, and/or Assigns have a zero dollar balance, leaving Ronnie Kahapea, a living man and Authorized Agent and Sole Beneficiary for the RONNIE LOUIS MARVEL KAHAPEA, A PRIVATE TRUST unencumbered, resulting in full and complete settlement, past, present and future between all parties.

4. PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns as well as PLAZA HOME MORTGAGE, INC, and/or Agents, Successors, and/or Assigns will accept the court fees, attorney fees and service costs to this matter.

### Ledgering:

The execution of any action without first providing proof and the required rebuttal of the affidavit herein, constitutes injury and harm and does make you, Nicole B. Metral, Acting as NICOLE B. METRAL ATTORNEY, of the BLANKROME, LLP Law Firm and Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In care of 2029 Century Park East, 6th Floor Los Angeles California [90067]; and Cheryl S. Chang, Acting as CHERYL S. CHANG ATTORNEY, of the BLANKROME, LLP Law Firm and Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In care of 2029 Century Park East, 6th Floor Los Angeles California [90067]; and Louise B. Marencik, Acting as LOUISE B. MARENCIK ATTORNEY, of the BLANKROME, LLP Law Firm and Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In care of 2029 Century Park East, 6th Floor Los Angeles California [90067]; and Jessica McElroy, Acting as JESSICA MCELROY ATTORNEY, of the BLANKROME, LLP Law Firm and Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In care of 2029 Century Park East, 6th Floor Los Angeles California [90067]; and Johnathan W.Y. Lai, Acting as JOHNATHAN W.Y. LAI ATTORNEY, of the WATANABE, ING LLP Law Firm and/or Agents, Successors, and/or Assigns, In care of First Hawaiian Center 999 Bishop Street, Suite 1250 Honolulu, Hawaii [96813]; and Jeff N. Miyashiro, Acting as JEFF N. MIYASHIRO ATTORNEY, of the WATANABE, ING LLP Law Firm and/or Agents, Successors, and/or Assigns, In care of First Hawaiian Center 999 Bishop Street, Suite 1250 Honolulu, Hawaii [96813]; and Elizabeth Dranttel, Acting as ELIZABETH DRANTTEL ATTORNEY, of the ROSE L. BRAND & ASSOCIATES, P.C., Law Firm and Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In care of 7430 Washington Street, NE, Albuquerque, New Mexico [87109]; and Mark T. Baker, Acting as MARK T. BAKER ATTORNEY, of

the PEIFER, HANSON & MULLINS, P.A. Law Firm and Agent for PLAZA HOME MORTGAGE, INC and/or Agents, Successors, and/or Assigns, In care of Post Office Box 25245 Albuquerque, New Mexico [87125]; and Johnny Morton, Acting as JOHNNY MORTON EMPLOYEE, Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In care of 2285 Corporate Circle, Unit 160, Henderson, Nevada [89074]; and David A. Spector, Acting as DAVID A. SPECTOR, PRESIDENT and C.E.O. for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In Care of 3043 Townsgate Rd, Suite 200, Westlake Village, California [91361]; and Derek W. Stark, Acting as DEREK W. STARK, SENIOR MANAGING DIRECTOR AND CHIEF LEGAL OFFICER AND SECRETARY and Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In Care of 3043 Townsgate Rd, Suite 200, Westlake Village, California [91361]; and ALL AGENTS FOR PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In Care of 3043 Townsgate Rd, Suite 200, Westlake Village, California [91361]; and Veronica Hauck, Acting as VERONICA HAUCK and Employee for PLAZA HOME MORTGAGE, INC and/or Agents, Successors, and/or Assigns, In Care of P.O. Box 7168, Pasadena, California [91109]; and Michael R. Fontaine, Acting as MICHAEL R. FONTAINE, CHIEF OPERATING OFFICER and CHIEF FINANCIAL OFFICER for PLAZA HOME MORTGAGE, INC and/or Agents, Successors, and/or Assigns, , In Care of P.O. Box 7168, Pasadena, California [91109]; and EQUIFAX CORPORATION, and EXPERIAN CORPORATION, and  TRANSUNION CORPORATION, and JOHN DOES 1-50, JOINTLY AND SEVERALLY, CORPORATELY AND PERSONALLY, and any agents or assigns thereof, jointly and severally, personally liable on a claim that may be liquidated against your public hazard bond, wages, earnings, rents, accounts, property, assets, and income from every source.  Any insufficient response shall incur a liability payable to Claimant upon demand for Twenty-five Thousand DOLLARS and Zero CENTS ($25,000.00US) per count. Failure to comply or willfully ignoring this notice by your action(s) does constitute harm, injury, and infringes upon Claimant's Rights. The execution of any action thereby causing injury or harm without first providing the required proof or response makes you liable for Twenty-five Thousand DOLLARS and Zero CENTS ($25,000.00US) for each provision that was not satisfied including but not limited to each and every negative credit reporting with Credit Bureaus, including but not limited to EXPERIAN, EQUIFAX, and TRANSUNION.

**WARNING:**

If you are doing business as a lawyer, law firm, collection agency, and bank in the United States, your ignorance of the LAW is not an excuse. You are required to rebut the statements in this affidavit with your own affidavit on a point by point basis certified by your signature under the penalty of perjury.

This letter constitutes constructive notice to the recipient(s).

Sincerely,

Ronnie Louis Martel Kahapea, American Freeman
Private Citizen of the United States: American National
Private Citizen of the State of Hawaii
Special and Private Resident of the County of Hawaii
All Rights Reserved Without Prejudice

**Please direct responses to:**
Ronnie-Louis-Marvel: Kahapea, Sole Beneficiary and Authorized Agent for
RONNIE LOUIS MARVEL KAHAPEA FAMILY TRUST
c/o Ronnie-Louis-Marvel: Kahapea P.O. Box 875 Volcano, Hawaii [near 96785]

Enclosure(s):
    (1)  Commercial Affidavit dated November 3 (9 pages); and
    (2)  Fee Schedule dated November 3 (6 pages); and

**Copies to:**
**The Honorable Governor, David Y. Ige, in care of State of Hawaii Executive Chambers State Capitol Honolulu, Hawaii 96813, and**

**The Honorable Attorney General of Hawaii, Clare E. Connors, in care of 425 Queen Street, Honolulu, Hawaii 96813; and**

**The Honorable Governor, Gavin Newsom, in care of 1303 10th Street, Suite 1173 Sacramento, California 95814; and**

**The Honorable Attorney General of California, Xavier Becerra, in care of 1300 I Street, Suite 1740, Sacramento, California 95814.**

**Notice to Agent is notice to Principal. Notice to Principal is notice to Agent.**

# COMMERCIAL   AFFIDAVIT

**COMMERCIAL AFFIDAVIT**

The undersigned Affiant, Ronnie Louis Marvel Kahapea, hereinafter "Affiant," does solemnly swear, declare and state as follows:

1.     Affiant is competent to state the matters set forth herein.

2.     Affiant has knowledge of the facts stated herein.

3.     All the facts herein are true, correct and complete, admissible as evidence and if called upon as a witness, Affiant will testify to their veracity.

**Plain Statement of Facts**

5.     There is no evidence that PENNYMAC LOAN SERVICES, LLC, hereinafter Respondents, have provided verified proof and full, whole, and complete accounting, via sworn affidavit, under penalty of perjury, with full and complete commercial liability, that supports Respondent's position that a :real-party-in-interest: among the Respondents is injured, wronged, harmed, or suffered a loss due by the Affiant, and the Affiant believes no such evidence exists; and

6.     There is no evidence that PLAZA HOME MORTGAGE, INC, hereinafter included in the title of Respondents, have provided verified proof and full, whole, and complete accounting, via sworn affidavit, under penalty of perjury, with full and complete commercial liability, that supports Respondent's position that a :real-party-in-interest: among the Respondents is injured, wronged, harmed, or suffered a loss due by the Affiant, and the Affiant believes no such evidence exists; and

7.     There is no evidence that Respondents have provided proof that supports that the Respondents did NOT agree to a Notice of Default and Consent to contract with a tender of payment offer implementing a positive balance on subject account No. 1437829748, dated March 29, 2019, and the Affiant believes no such evidence exists; and

8.     There is no evidence that Respondent's did NOT receive Notice of Default and Consent to contract with a tender of payment offer implementing a positive balance on subject account No. 1437829748, dated March 29, 2019, and the Affiant believes no such evidence exists; and

9.     There is no evidence that the Instruments of Tender in the amount of Six Hundred Thousand DOLLARS and Zero CENTS were NOT placed into the custody of the Delivery Agent for settlement, setoff, and discharge of the subject Account on March 29, 2019 and the Affiant believes no such evidence exists; and

10.    There is no evidence that Defendants are NOT subject to the Uniform Commercial Code Article 3 Section 603, Tender of Payment Laws, which state whether Tender is accepted or rejected, there is discharge of debt, and the Affiant believes no such evidence exists; and

11.    There is no evidence that Respondents are NOT subject to the Uniform Commercial Code Article 3 Section 603, Tender of Payment Laws, which state whether Tender is accepted or rejected, there is discharge of debt, and the Affiant believes no such evidence exists; and

12.    There is no evidence that the arbitration award also known as SAA-191006-RK7652987-8VH389BSY is NOT in accordance with the terms of the contract agreement with the CONDITIONAL ACCEPTANCE FOR VALUE AND COUNTER OFFER/CLAIM FOR PROOF OF CLAIM and TENDER OF PAYMENT OFFERING also known as the Binding agreement between RONNIE LOUIS MARVEL KAHAPEA v. PENNYMAC LOAN SERVICES, LLC), and the Affiant believes no such evidence exists; and

13.    There is no evidence that the Defendants by contract, are unable to accept tender from the Claimant and that the Claimant is an unauthorized party under law to settle this alleged debt, and the Affiant believes no such evidence exists; and

14.    There is no evidence that the instruments of tender are merely an attempt to satisfy the account No. 1437829748 and actually do not pay or otherwise affect the alleged loan obligation for PENNYMAC LOAN SERVICES, LLC and the Affiant believes no such evidence exists; and

15.    There is no evidence that the instruments of tender are Not Negotiable, and the Affiant believes no such evidence exists; and

16.    There is no evidence that the instruments of tender tendered do not, in fact, provide defense of amounts allegedly owed by Claimant, and the Affiant believes no such evidence exists; and

1

17. There is no evidence that the instruments of tender do not affect PENNYMAC LOAN SERVICES, LLC's defense in the dishonor of the presentment of tender and the arbitration award, and the Affiant believes no such evidence exists; and

18. There is no evidence that the instruments of tender and the arbitration award and will not eliminate indebtedness, and the Affiant believes no such evidence exists; and

19. There is no evidence that the instruments of tender will result in default and a judgment of garnishment for an account which has been settled, setoff and discharged, and the Affiant believes no such evidence exists; and

20. There is no evidence that the instruments of tender are NOT in accordance and compliance with UCC 3-104; Title IV, Sec 401 (FRA); USC Title 12; USC Title 28, §§1631, 3002; and the Foreign Sovereign Immunity Act under necessity, and the Affiant believes no such evidence exists; and

21. There is no evidence that the instruments of tender are NOT in full accord with HJR-192 (June 5, 1933), Public Law 73-10, UCC 3-419, 1-104 and 10-104, and the Affiant believes no such evidence exists; and

22. There is no evidence that pursuant to 'State and Federal' TENDER OF PAYMENT statutes; that Respondents may refuse payment of any property, money, or instrument, while NOT discharging the debt, and the Affiant believes no such evidence exists; and

23. There is no evidence that the Treasury of The United States Department of Internal Revenue has returned the instruments of TENDER and that they are not holding or withholding an instrument valued at Six-hundred thousand DOLLARS and Zero CENTS ($600,000.00US) in credit, and the Affiant believes no such evidence exists; and

24. There is no evidence that the U.S. Bankruptcy is NOT verified in Senate Report No. 93-549 93rd Congress, 1st Session (1973), "Summary of Emergency Power Statutes," Executive Orders 6073, 6102, 6111 and by Executive Order 6260 on March 9, 1933, under the "Trading With The Enemy Act (Sixty-Fifth Congress, Session l, Chapters 105, 106, October 6, 1917), and as further codified at 12 U.S.C.A. 95(a) and (b) as amended, and the Affiant believes no such evidence exists; and

25. There is no evidence that the Claimant has not been estopped from using or that Claimant has access to 'lawful constitutional money of exchange' (See U.S. Constitution – Art. l § X) to 'PAY DEBTS AT LAW', and pursuant to HJR-192, can only discharge fines, fees, debts, and judgments 'dollar for dollar' via commercial paper or upon Affiant's exemption, and the Affiant believes no such evidence exists; and

26. There is no evidence that Ronnie-Louis-Marvel: Kahapea, Secured Party Creditor, a living man and Authorized Agent and Sole Beneficiary of the trust known as RONNIE LOUIS MARVEL KAHAPEA TRUST is NOT "Holder in Due Course" of the Preferred Stock of the federal Corporation (United States – February 21, 1871; 16 Stat l. 419): and holds a prior, superior, security interest and claim on the alleged DEBTOR and Debtor's property, and the Affiant believes no such evidence exists; AND

27. There is no evidence that a CONDITIONAL ACCEPTANCE FOR VALUE AND COUNTER OFFER/CLAIM FOR PROOF OF CLAIM and TENDER OF PAYMENT OFFERING dated March 29, 2019 also known as the Contract was NOT received by Respondents through the Delivery Agent, and the Affiant believes no such evidence exists; and

28. There is no evidence that the arbitration award awarded to the Claimant has been disputed within the time allowed to perform and the Affiant believes no such evidence exists; and

29. There is no evidence of the production of the Respondent's and/or their Agents, Successors, and/or Assigns of Respondent's oaths of all parties, title, and statutes, written and recorded to the Claimant pursuant to 18 USC 1001 and 1002, and 18 USC 1341 and 1342 for the voidance of perjury, and the Affiant believes no such evidence exists; and

30. There is no evidence that ALL law is based upon :adverb-verb:, descriptive or rhetorical verses factual, and that Respondents are NOT using deceptive practices for the voidance of perjury, while being paid is not a violation of 18 USC 1001 and 1002, and 18 USC 1341 and 1342, and the Affiant believes no such evidence exists; and

31. There is no evidence that Respondents are NOT using the NOM DE GURERRE names pursuant to 18 USC 1001 and 1002, and 18 USC 1341 and 1342, and the Affiant believes no such evidence exists; and

32. There is no evidence that Respondents are NOT using false advertising, fictitious use of language, pertaining to Title 18, 1001 Fraud Act by the use of closed brackets and vectors violating the four corner rules, pursuant to Black's Law Dictionary 5th ed, Page 591, and the Affiant believes no such evidence exists; and

33. There is no evidence that Respondents are NOT using fraudulent conveyance of language to force the Claimant to appear IN THE MATTER OF THE ARBITRATION FINAL AWARD SO AWARDED TO THE CLAIMANT, also known as CASE NO.: SAARK-A102A-061019, also known as SAA-191006-RK7652987-8VH389BSY as Documented, also in direct reference to CASE NO. 1:19-mc-00028-MV as recorded IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO as a claim in the amount of One-million two-hundred Thousand DOLLARS and zero CENTS ($1,200,000.00US). IN THE MATTER OF PENNYMAC LOAN SERVICES, LLC LOAN Document No. T-9590158 as found being the Deed of Trust in the State of Hawaii, as well as IN THE MATTER OF PENNYMAC LOAN SERVICES, LLC LOAN Document No. T-10861314 as found being the Assignment of Mortgage in the State of Hawaii. IN THE MATTER of court-filed Document 5-2, page 4 of 14 of CASE NO.: 1:19-mc-00028-MV as recorded IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO also known as the CONDITIONAL ACCEPTANCE FOR VALUE AND COUNTER OFFER/CLAIM FOR PROOF OF CLAIM and TENDER OF PAYMENT OFFERING also known as the Binding agreement between RONNIE LOUIS MARVEL KAHAPEA v. PENNYMAC LOAN SERVICES, LLC and PLAZA HOME MORTGAGE, INC.. IN THE MATTER of the LETTER ROGATORY FOR RELIEF/ACCEPTANCE OF OFFICIAL OATH OF MARTHA VASQUEZ via Certified mail No.: 7019 0700 0000 6907 1034. IN THE MATTER of the ORDER granting the unspecified specie amount of Fifty thousand Six hundred thirty-three purported dollars and Eighty-three purported cents ($50,633.83) in attorneys' fees and costs, also known as the Case NO.: 3CSP-20-0000061 IN THE CIRCUIT COURT OF THE THIRD CIRCUIT STATE OF HAWAII and IN THE CIRCUIT COURT OF THE SECOND CIRCUIT STATE OF HAWAII to appear and pay funds, and the Affiant believes no such evidence exists; and

34. There is no evidence with a Justice of the Peace under penalty of perjury that Respondents are NOT using Fictitious Conveyance of Language as a device for unjust gain against the Claimant, and the Affiant believes no such evidence exists; and

35. There is no evidence as to what specie Respondents will accept or lawfully require as payment of the alleged debt(s) known IN THE MATTER OF THE ARBITRATION FINAL AWARD SO AWARDED TO THE CLAIMANT, also known as CASE NO.: SAARK-A102A-061019, also known as SAA-191006-RK7652987-8VH389BSY as Documented, also in direct reference to CASE NO. 1:19-mc-00028-MV as recorded IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO as a claim in the amount of One-million two-hundred Thousand DOLLARS and zero CENTS ($1,200,000.00US). IN THE MATTER OF PENNYMAC LOAN SERVICES, LLC LOAN Document No. T-9590158 as found being the Deed of Trust in the State of Hawaii, as well as IN THE MATTER OF PENNYMAC LOAN SERVICES, LLC LOAN Document No. T-10861314 as found being the Assignment of Mortgage in the State of Hawaii. IN THE MATTER of court-filed Document 5-2, page 4 of 14 of CASE NO.: 1:19-mc-00028-MV as recorded IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO also known as the CONDITIONAL ACCEPTANCE FOR VALUE AND COUNTER OFFER/CLAIM FOR PROOF OF CLAIM and TENDER OF PAYMENT OFFERING also known as the Binding agreement between RONNIE LOUIS MARVEL KAHAPEA v. PENNYMAC LOAN SERVICES, LLC and PLAZA HOME MORTGAGE, INC.. IN THE MATTER of the LETTER ROGATORY FOR RELIEF/ACCEPTANCE OF OFFICIAL OATH OF MARTHA VASQUEZ via Certified mail No.: 7019 0700 0000 6907 1034. IN THE MATTER of the ORDER granting the unspecified specie amount of Fifty thousand Six hundred thirty-three purported dollars and Eighty-three purported cents ($50,633.83) in attorneys' fees and costs, also known as the Case NO.: 3CSP-20-0000061 IN THE CIRCUIT COURT OF THE THIRD CIRCUIT STATE OF HAWAII and IN THE CIRCUIT COURT OF THE SECOND CIRCUIT STATE OF HAWAII. and pursuant to 18 USC § 8 and then 31 USC § 3124 and Attachment A, Respondents are NOT forcing Claimant to break the law if Respondents are demanding Federal Reserve Notes, and the Affiant believes no such evidence exists: and

36. There is no evidence as to which dictionary or styles manual Respondents are writing from in their Offers of Obligation, whereby Claimant can easily refer to and understand the referenced Offers of Obligation, and the Affiant believes no such evidence exists; and

37. There is no evidence that Respondents have a copy-right release from the Post-Master-General to copy Post-Master-General's 1st class-postage stamps and/or 2nd class-postage stamps and/or metered stamps, and the Affiant believes no such evidence exists; and

38. There is no evidence that Respondents are NOT using false conveyance of language and violating The Deceptive Trade Practices Act for ill-gotten-gain against the Claimant, and the Affiant believes no such evidence exists; and

39. There is no evidence that Respondents are NOT violating The Americans With Disabilities Act and the Antitrust with the Federal Trade Commission and the Fair Debt Collection Practices Act and 18 USC 1001 and 18 USC 1341 and 18 USC 1342 for Respondent's profit without the expressed written authorization of the Claimant, and the Affiant believes no such evidence exists; and

40. There is no evidence that Respondents provided Claimant an interpreter to the conveyance of language, Correct-Sentence-Structure-Communication-Parse-Syntax-Grammar, pursuant to the 1964 Discrimination Act, and the Affiant believes no such evidence exists; and

41. There is no evidence of all parties receiving this Constructive Notice of Conditional Acceptance and Commercial Affidavit and Fee Schedule of Respondent's full given names using no abbreviations nor all capitalized names nor fictitious titles, and the Affiant believes no such evidence exists; and

42. There is no evidence of Respondent's qualifications and/or capacities along with letters of appointments and/or letters of delegation of authorities, and the Affiant believes no such evidence exists; and

43. There is no evidence and proof of Respondent's mandate or authority and bond and actual state license and not merely a BAR Union Membership Card as an attorney, and the Affiant believes no such evidence exists; and

44. There is no evidence of Respondent's Oaths of Office true copies along with the proper autographs whereby the Respondents are accepting full commercial liability, and the Affiant believes no such evidence exists; and

45. There is no evidence of Respondent's Anti Bribery statement as directed by the Foreign Corrupt Practices Act – Anti-Bribery Provisions, as was required when Respondent's took their oath, and require Respondents foreign registration statement which must be on file, as all those who take oaths become foreign at the time of the oath, per Title 22 USC Code 612, and the Affiant believes no such evidence exists; and

46. There is no evidence of the documentation from all parties participating IN THE MATTER OF THE ARBITRATION FINAL AWARD SO AWARDED TO THE CLAIMANT, also known as CASE NO.: SAARK-A102A-061019, also known as SAA-191006-RK7652987-8VH389BSY as Documented, also in direct reference to CASE NO. 1:19-mc-00028-MV as recorded IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO as a claim in the amount of One-million two-hundred Thousand DOLLARS and zero CENTS ($1,200,000.00US). IN THE MATTER OF PENNYMAC LOAN SERVICES, LLC LOAN Document No. T-9590158 as found being the Deed of Trust in the State of Hawaii, as well as IN THE MATTER OF PENNYMAC LOAN SERVICES, LLC LOAN Document No. T-10861314 as found being the Assignment of Mortgage in the State of Hawaii. IN THE MATTER of court-filed Document 5-2, page 4 of 14 of CASE NO.: 1:19-mc-00028-MV as recorded IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO also known as the CONDITIONAL ACCEPTANCE FOR VALUE AND COUNTER OFFER/CLAIM FOR PROOF OF CLAIM and TENDER OF PAYMENT OFFERING also known as the Binding agreement between RONNIE LOUIS MARVEL KAHAPEA v. PENNYMAC LOAN SERVICES, LLC and PLAZA HOME MORTGAGE, INC.. IN THE MATTER of the LETTER ROGATORY FOR RELIEF/ACCEPTANCE OF OFFICIAL OATH OF MARTHA VASQUEZ via Certified mail No.: 7019 0700 0000 6907 1034. IN THE MATTER of the ORDER granting the unspecified specie amount of Fifty thousand Six hundred thirty-three purported dollars and Eighty-three purported cents ($50,633.83) in attorneys' fees and costs, also known as the Case NO.: 3CSP-20-0000061 IN THE CIRCUIT COURT OF THE THIRD CIRCUIT STATE OF HAWAII and IN THE CIRCUIT COURT OF THE SECOND CIRCUIT STATE OF HAWAII and the bonds Respondents provided, including definitions and sources of words used, to protect and indemnify Claimant in the event of a harm by those parties and their sworn evidence that Respondents are acting within their official capacity, including personal addresses of those parties who are found to be acting outside their authority plus their sworn evidence that they are acting within their official, and the Affiant believes no such evidence exists; and

47. There is no evidence of Respondent's copies of all tax forms for all named Respondents resulting from profits derived from the securities generated IN THE MATTER OF THE ARBITRATION FINAL AWARD SO AWARDED TO THE CLAIMANT, also known as CASE NO.: SAARK-A102A-061019,

also known as SAA-191006-RK7652987-8VH389BSY as Documented, also in direct reference to CASE NO. 1:19-mc-00028-MV as recorded IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO as a claim in the amount of One-million two-hundred Thousand DOLLARS and zero CENTS ($1,200,000.00US). IN THE MATTER OF PENNYMAC LOAN SERVICES, LLC LOAN Document No. T-9590158 as found being the Deed of Trust in the State of Hawaii, as well as IN THE MATTER OF PENNYMAC LOAN SERVICES, LLC LOAN Document No. T-10861314 as found being the Assignment of Mortgage in the State of Hawaii. IN THE MATTER of court-filed Document 5-2, page 4 of 14 of CASE NO.: 1:19-mc-00028-MV as recorded IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO also known as the CONDITIONAL ACCEPTANCE FOR VALUE AND COUNTER OFFER/CLAIM FOR PROOF OF CLAIM and TENDER OF PAYMENT OFFERING also known as the Binding agreement between RONNIE LOUIS MARVEL KAHAPEA v. PENNYMAC LOAN SERVICES, LLC and PLAZA HOME MORTGAGE, INC.. IN THE MATTER of the LETTER ROGATORY FOR RELIEF/ACCEPTANCE OF OFFICIAL OATH OF MARTHA VASQUEZ via Certified mail No.: 7019 0700 0000 6907 1034. IN THE MATTER of the ORDER granting the unspecified specie amount of Fifty thousand Six hundred thirty-three purported dollars and Eighty-three purported cents ($50,633.83) in attorneys' fees and costs, also known as the Case NO.: 3CSP-20-0000061 IN THE CIRCUIT COURT OF THE THIRD CIRCUIT STATE OF HAWAII and IN THE CIRCUIT COURT OF THE SECOND CIRCUIT STATE OF HAWAII to prevent suspicious activity of unreported tax liabilities, and the Affiant believes no such evidence exists; and

48. There is no evidence that the alleged obligation/claim known IN THE MATTER OF THE ARBITRATION FINAL AWARD SO AWARDED TO THE CLAIMANT, also known as CASE NO.: SAARK-A102A-061019, also known as SAA-191006-RK7652987-8VH389BSY as Documented, also in direct reference to CASE NO. 1:19-mc-00028-MV as recorded IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO as a claim in the amount of One-million two-hundred Thousand DOLLARS and zero CENTS ($1,200,000.00US). IN THE MATTER OF PENNYMAC LOAN SERVICES, LLC LOAN Document No. T-9590158 as found being the Deed of Trust in the State of Hawaii, as well as IN THE MATTER OF PENNYMAC LOAN SERVICES, LLC LOAN Document No. T-10861314 as found being the Assignment of Mortgage in the State of Hawaii. IN THE MATTER of court-filed Document 5-2, page 4 of 14 of CASE NO.: 1:19-mc-00028-MV as recorded IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO also known as the CONDITIONAL ACCEPTANCE FOR VALUE AND COUNTER OFFER/CLAIM FOR PROOF OF CLAIM and TENDER OF PAYMENT OFFERING also known as the Binding agreement between RONNIE LOUIS MARVEL KAHAPEA v. PENNYMAC LOAN SERVICES, LLC and PLAZA HOME MORTGAGE, INC.. IN THE MATTER of the LETTER ROGATORY FOR RELIEF/ACCEPTANCE OF OFFICIAL OATH OF MARTHA VASQUEZ via Certified mail No.: 7019 0700 0000 6907 1034. IN THE MATTER of the ORDER granting the unspecified specie amount of Fifty thousand Six hundred thirty-three purported dollars and Eighty-three purported cents ($50,633.83) in attorneys' fees and costs, also known as the Case NO.: 3CSP-20-0000061 IN THE CIRCUIT COURT OF THE THIRD CIRCUIT STATE OF HAWAII and IN THE CIRCUIT COURT OF THE SECOND CIRCUIT STATE OF HAWAII does not constitute a false and deceptive and misleading representation in connection with the collection of any debt including the false representation of the character or legal status of any debt and further makes a threat to take any action that cannot legally be taken a deceptive practice congruent with 15 U.S.C. § 1692 (e), and the Affiant believes no such evidence exists; and

49. There is no evidence that the Respondents can prove that there does not already exist a private agreement between the parties of a settlement with an unrebutted affidavit of zero balance or any derivative thereof thus making any further action vexatious litigation and a waste of taxpayer dollars, and the Affiant believes no such evidence exists; and

50. There is no evidence that any and all named Respondents have a letter of delegation of authority to attack the trust known as the RONNIE LOUIS MARVEL KAHAPEA TRUST, which is duly recorded in the public record, and the Affiant believes no such evidence exists; and

51. There is no evidence that Nicole B. Metral, Acting as NICOLE B. METRAL ATTORNEY, of the BLANKROME, LLP Law Firm and Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In care of 2029 Century Park East, 6th Floor Los Angeles California [90067]; and Cheryl S. Chang, Acting as CHERYL S. CHANG ATTORNEY, of the BLANKROME, LLP Law

Firm and Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In care of 2029 Century Park East, 6th Floor Los Angeles California [90067]; and Louise B. Marencik, Acting as LOUISE B. MARENCIK ATTORNEY, of the BLANKROME, LLP Law Firm and Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In care of 2029 Century Park East, 6th Floor Los Angeles California [90067]; and Jessica McElroy, Acting as JESSICA MCELROY ATTORNEY, of the BLANKROME, LLP Law Firm and Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In care of 2029 Century Park East, 6th Floor Los Angeles California [90067]; and Johnathan W.Y. Lai, Acting as JOHNATHAN W.Y. LAI ATTORNEY, of the WATANABE, ING LLP Law Firm and/or Agents, Successors, and/or Assigns, In care of First Hawaiian Center 999 Bishop Street, Suite 1250 Honolulu, Hawaii [96813]; and Jeff N. Miyashiro, Acting as JEFF N. MIYASHIRO ATTORNEY, of the WATANABE, ING LLP Law Firm and/or Agents, Successors, and/or Assigns, In care of First Hawaiian Center 999 Bishop Street, Suite 1250 Honolulu, Hawaii [96813]; and Elizabeth Dranttel, Acting as ELIZABETH DRANTTEL ATTORNEY, of the ROSE L. BRAND & ASSOCIATES, P.C., Law Firm and Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In care of 7430 Washington Street, NE, Albuquerque, New Mexico [87109]; and Mark T. Baker, Acting as MARK T. BAKER ATTORNEY, of the PEIFER, HANSON & MULLINS, P.A. Law Firm and Agent for PLAZA HOME MORTGAGE, INC and/or Agents, Successors, and/or Assigns, In care of Post Office Box 25245 Albuquerque, New Mexico [87125]; and Johnny Morton, Acting as JOHNNY MORTON EMPLOYEE, Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In care of 2285 Corporate Circle, Unit 160, Henderson, Nevada [89074]; and David A. Spector, Acting as DAVID A. SPECTOR, PRESIDENT and C.E.O. for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In Care of 3043 Townsgate Rd, Suite 200, Westlake Village, California [91361]; and Derek W. Stark, Acting as DEREK W. STARK, SENIOR MANAGING DIRECTOR AND CHIEF LEGAL OFFICER AND SECRETARY and Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In Care of 3043 Townsgate Rd, Suite 200, Westlake Village, California [91361]; and ALL AGENTS FOR PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In Care of 3043 Townsgate Rd, Suite 200, Westlake Village, California [91361]; and Veronica Hauck, Acting as VERONICA HAUCK, RECEPTIONIST and Employee for PLAZA HOME MORTGAGE, INC and/or Agents, Successors, and/or Assigns, In Care of P.O. Box 7168, Pasadena, California [91109]; and Michael R. Fontaine, Acting as MICHAEL R. FONTAINE, CHIEF OPERATING OFFICER and CHIEF FINANCIAL OFFICER for PLAZA HOME MORTGAGE, INC and/or Agents, Successors, and/or Assigns, , In Care of P.O. Box 7168, Pasadena, California [91109]; and EQUIFAX CORPORATION, and EXPERIAN CORPORATION, and TRANSUNION CORPORATION, and JOHN DOES 1-50, JOINTLY AND SEVERALLY, CORPORATELY AND PERSONALLY failure to timely and sufficiently respond on a point-by-point basis, via sworn affidavit, under their full commercial liability, signing under penalty of perjury that the facts contained therein are true, correct, complete and not misleading, within fifteen (15) days of receipt of this Commercial Affidavit does not constitute acceptance of any liabilities incurred pursuant to the Fee Schedule, enclosed herewith and incorporated herein in its entirety by this reference, regarding any further action in this matter and the Affiant believes that no such evidence exists; AND

52. There is no evidence that Nicole B. Metral, Acting as NICOLE B. METRAL ATTORNEY, of the BLANKROME, LLP Law Firm and Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In care of 2029 Century Park East, 6th Floor Los Angeles California [90067]; and Cheryl S. Chang, Acting as CHERYL S. CHANG ATTORNEY, of the BLANKROME, LLP Law Firm and Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In care of 2029 Century Park East, 6th Floor Los Angeles California [90067]; and Louise B. Marencik, Acting as LOUISE B. MARENCIK ATTORNEY, of the BLANKROME, LLP Law Firm and Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In care of 2029 Century Park East, 6th Floor Los Angeles California [90067]; and Jessica McElroy, Acting as JESSICA MCELROY ATTORNEY, of the BLANKROME, LLP Law Firm and Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In care of 2029 Century Park East, 6th Floor Los Angeles California [90067]; and Johnathan W.Y. Lai, Acting as JOHNATHAN W.Y. LAI ATTORNEY, of the WATANABE, ING LLP Law Firm and/or Agents, Successors, and/or Assigns, In care of First Hawaiian Center 999 Bishop Street, Suite 1250 Honolulu, Hawaii [96813]; and Jeff N. Miyashiro, Acting as JEFF N. MIYASHIRO ATTORNEY, of the WATANABE, ING LLP Law Firm and/or Agents,

Successors, and/or Assigns, In care of First Hawaiian Center 999 Bishop Street, Suite 1250 Honolulu, Hawaii [96813]; and Elizabeth Dranttel, Acting as ELIZABETH DRANTTEL ATTORNEY, of the ROSE L. BRAND & ASSOCIATES, P.C., Law Firm and Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In care of 7430 Washington Street, NE, Albuquerque, New Mexico [87109]; and Mark T. Baker, Acting as MARK T. BAKER ATTORNEY, of the PEIFER, HANSON & MULLINS, P.A. Law Firm and Agent for PLAZA HOME MORTGAGE, INC and/or Agents, Successors, and/or Assigns, In care of Post Office Box 25245 Albuquerque, New Mexico [87125]; and Johnny Morton, Acting as JOHNNY MORTON EMPLOYEE, Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In care of 2285 Corporate Circle, Unit 160, Henderson, Nevada [89074]; and David A. Spector, Acting as DAVID A. SPECTOR, PRESIDENT and C.E.O. for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In Care of 3043 Townsgate Rd, Suite 200, Westlake Village, California [91361]; and Derek W. Stark, Acting as DEREK W. STARK, SENIOR MANAGING DIRECTOR AND CHIEF LEGAL OFFICER AND SECRETARY and Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In Care of 3043 Townsgate Rd, Suite 200, Westlake Village, California [91361]; and ALL AGENTS FOR PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In Care of 3043 Townsgate Rd, Suite 200, Westlake Village, California [91361]; and Veronica Hauck, Acting as VERONICA HAUCK, RECEPTIONIST and Employee for PLAZA HOME MORTGAGE, INC and/or Agents, Successors, and/or Assigns, In Care of P.O. Box 7168, Pasadena, California [91109]; and Michael R. Fontaine, Acting as MICHAEL R. FONTAINE, CHIEF OPERATING OFFICER and CHIEF FINANCIAL OFFICER for PLAZA HOME MORTGAGE, INC and/or Agents, Successors, and/or Assigns, , In Care of P.O. Box 7168, Pasadena, California [91109]; and EQUIFAX CORPORATION, and EXPERIAN CORPORATION, and TRANSUNION CORPORATION, and JOHN DOES 1-50, JOINTLY AND SEVERALLY, CORPORATELY AND PERSONALLY failure to timely and sufficiently respond on a point-by-point basis, via sworn affidavit, under his full commercial liability, signing under penalty of perjury that the facts contained therein are true, correct, complete and not misleading, within fifteen (15) days of receipt of this Commercial Affidavit does not constitute acceptance for himself/herself and for FIRST NATIONAL BANK OF OMAHA, also known as CITIZENS BANK AND TRUST DISCOVER CARD ACCOUNT NUMBER of any liabilities incurred pursuant to the Fee Schedule regarding any further action in this matter and the Affiant believes that no such evidence exists; AND

53. There is no evidence that Nicole B. Metral, Acting as NICOLE B. METRAL ATTORNEY, of the BLANKROME, LLP Law Firm and Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In care of 2029 Century Park East, 6ᵗʰ Floor Los Angeles California [90067]; and Cheryl S. Chang, Acting as CHERYL S. CHANG ATTORNEY, of the BLANKROME, LLP Law Firm and Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In care of 2029 Century Park East, 6ᵗʰ Floor Los Angeles California [90067]; and Louise B. Marencik, Acting as LOUISE B. MARENCIK ATTORNEY, of the BLANKROME, LLP Law Firm and Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In care of 2029 Century Park East, 6ᵗʰ Floor Los Angeles California [90067]; and Jessica McElroy, Acting as JESSICA MCELROY ATTORNEY, of the BLANKROME, LLP Law Firm and Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In care of 2029 Century Park East, 6ᵗʰ Floor Los Angeles California [90067]; and Johnathan W.Y. Lai, Acting as JOHNATHAN W.Y. LAI ATTORNEY, of the WATANABE, ING LLP Law Firm and/or Agents, Successors, and/or Assigns, In care of First Hawaiian Center 999 Bishop Street, Suite 1250 Honolulu, Hawaii [96813]; and Jeff N. Miyashiro, Acting as JEFF N. MIYASHIRO ATTORNEY, of the WATANABE, ING LLP Law Firm and/or Agents, Successors, and/or Assigns, In care of First Hawaiian Center 999 Bishop Street, Suite 1250 Honolulu, Hawaii [96813]; and Elizabeth Dranttel, Acting as ELIZABETH DRANTTEL ATTORNEY, of the ROSE L. BRAND & ASSOCIATES, P.C., Law Firm and Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In care of 7430 Washington Street, NE, Albuquerque, New Mexico [87109]; and Mark T. Baker, Acting as MARK T. BAKER ATTORNEY, of the PEIFER, HANSON & MULLINS, P.A. Law Firm and Agent for PLAZA HOME MORTGAGE, INC and/or Agents, Successors, and/or Assigns, In care of Post Office Box 25245 Albuquerque, New Mexico [87125]; and Johnny Morton, Acting as JOHNNY MORTON EMPLOYEE, Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In care of 2285 Corporate Circle, Unit 160, Henderson, Nevada [89074]; and David A. Spector, Acting as DAVID A. SPECTOR, PRESIDENT and

C.E.O. for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In Care of 3043 Townsgate Rd, Suite 200, Westlake Village, California [91361]; and Derek W. Stark, Acting as DEREK W. STARK, SENIOR MANAGING DIRECTOR AND CHIEF LEGAL OFFICER AND SECRETARY and Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In Care of 3043 Townsgate Rd, Suite 200, Westlake Village, California [91361]; and ALL AGENTS FOR PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In Care of 3043 Townsgate Rd, Suite 200, Westlake Village, California [91361]; and Veronica Hauck, Acting as VERONICA HAUCK, RECEPTIONIST and Employee for PLAZA HOME MORTGAGE, INC and/or Agents, Successors, and/or Assigns, In Care of P.O. Box 7168, Pasadena, California [91109]; and Michael R. Fontaine, Acting as MICHAEL R. FONTAINE, CHIEF OPERATING OFFICER and CHIEF FINANCIAL OFFICER for PLAZA HOME MORTGAGE, INC and/or Agents, Successors, and/or Assigns, , In Care of P.O. Box 7168, Pasadena, California [91109]; and EQUIFAX CORPORATION, and EXPERIAN CORPORATION, and  TRANSUNION CORPORATION, and JOHN DOES 1-50, JOINTLY AND SEVERALLY, CORPORATELY AND PERSONALLY failure to timely and sufficiently respond on a point-by-point basis, via sworn affidavit, under his full commercial liability, signing under penalty of perjury that the facts contained therein are true, correct, complete and not misleading, within fifteen (15) days of receipt of this Commercial Affidavit does not constitute acceptance for himself/herself and for Nicole B. Metral, Acting as NICOLE B. METRAL ATTORNEY, of the BLANKROME, LLP Law Firm and Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In care of 2029 Century Park East, 6th Floor Los Angeles California [90067] of any liabilities incurred pursuant to the Fee Schedule regarding any further action in this matter and the Affiant believes that no such evidence exists.

IN WITNESS WHEREOF I hereunto set my hand and seal on this 3rd day of November, 2020 and hereby certify all the statements made above are true, correct and complete.

Ronnie Louis Marvel Kahapea, American Freeman
Private Citizen of the United States: American National
Private Citizen of the State of Hawaii
Special and Private Resident of the County of Hawaii
All Rights Reserved Without Prejudice

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document, to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

NOTARY NOTICE: Notaries, in reference to this Document, are Prohibited from: Giving Legal Advice, analyzing, critiquing, offering an opinion, making a legal determination or Altering anything, in whole or in part, within the above document. Liability may incur Bond Damages for Trespass and/or harm upon a private Man.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

# JURAT

## NOTARY CERTIFICATION

**STATE OF** HAWAII
**COUNTY OF** HAWAII

**Waynette-Anne K. Schubert-Sumiki**

On **Nov 3** ,2020 before me _____ Notary Public, personally stood **Ronnie Louis Marvel Kahapea**, a natural man, who proved to me on the basis of satisfactory evidence to be the living soul whose name is subscribed to the within instrument described/ Titled: Commercial Affidavit

of **3rd** Circuit, with **9** pages, dated **11 3 2020** , acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument pursuant to Chapter 456, Hawaii Revised Statutes and Hawaii Administration Rules § 5-11-8.
My commission will expire **10-02-2021**

## I certify under PENALTY OF PERJURY under the laws of the State of Hawaii that the foregoing paragraph is true and correct.

Witness my hand and the official seal of my office.

Signature *Waynette anne K Schubert Sumiki*
Notary Public    **Waynette-Anne K. Schubert-Sumiki**
State of Hawaii , County of Hawaii



# FEE SCHEDULE

**FEE SCHEDULE**

Claimant:     Ronnie-Louis-Marvel: Kahapea, a living man and Authorized
              Agent and Sole Beneficiary of the trust known as
              RONNIE LOUIS MARVEL KAHAPEA, A PRIVATE TRUST
              C/O Ronnie-Louis-Marvel: Kahapea
              Volcano [96785] Hawaii

**Respondents:**

Nicole B. Metral, Acting AS NICOLE B. METRAL ATTORNEY, of the BLANKROME, LLP Law Firm and Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In care of 2029 Century Park East, 6th Floor Los Angeles California [90067]; and

Cheryl S. Chang, Acting as CHERYL S. CHANG ATTORNEY, of the BLANKROME, LLP Law Firm and Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In care of 2029 Century Park East, 6th Floor Los Angeles California [90067]; and

Louise B. Marencik, Acting as LOUISE B. MARENCIK ATTORNEY, of the BLANKROME, LLP Law Firm and Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In care of 2029 Century Park East, 6th Floor Los Angeles California [90067]; and

Jessica McElroy, Acting as JESSICA MCELROY ATTORNEY, of the BLANKROME, LLP Law Firm and Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In care of 2029 Century Park East, 6th Floor Los Angeles California [90067]; and

Johnathan W.Y. Lai, Acting as JOHNATHAN W.Y. LAI ATTORNEY, of the WATANABE, ING LLP Law Firm and/or Agents, Successors, and/or Assigns, In care of First Hawaiian Center 999 Bishop Street, Suite 1250 Honolulu, Hawaii [96813]; and

Jeff N. Miyashiro, Acting as JEFF N. MIYASHIRO ATTORNEY, of the WATANABE, ING LLP Law Firm and/or Agents, Successors, and/or Assigns, In care of First Hawaiian Center 999 Bishop Street, Suite 1250 Honolulu, Hawaii [96813]; and

Elizabeth Dranttel, Acting as ELIZABETH DRANTTEL ATTORNEY, of the ROSE L. BRAND & ASSOCIATES, P.C., Law Firm and Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In care of 7430 Washington Street, NE, Albuquerque, New Mexico [87109]; and

Mark T. Baker, Acting as MARK T. BAKER ATTORNEY, of the PEIFER, HANSON & MULLINS, P.A. Law Firm and Agent for PLAZA HOME MORTGAGE, INC and/or Agents, Successors, and/or Assigns, In care of Post Office Box 25245 Albuquerque, New Mexico [87125]; and
Johnny Morton, Acting as JOHNNY MORTON EMPLOYEE, Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In care of 2285 Corporate Circle, Unit 160, Henderson, Nevada [89074]; and

David A. Spector, Acting as DAVID A. SPECTOR, PRESIDENT and C.E.O. for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In Care of 3043 Townsgate Rd, Suite 200, Westlake Village, California [91361]; and

Derek W. Stark, Acting as DEREK W. STARK, SENIOR MANAGING DIRECTOR AND CHIEF LEGAL OFFICER AND SECRETARY and Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In Care of 3043 Townsgate Rd, Suite 200, Westlake Village, California [91361]; and

Veronica Hauck, Acting as VERONICA HAUCK, RECEPTIONIST and Employee for PLAZA HOME MORTGAGE, INC and/or Agents, Successors, and/or Assigns, In Care of P.O. Box 7168, Pasadena, California [91109]; and

Michael R. Fontaine, Acting as MICHAEL R. FONTAINE, CHIEF OPERATING OFFICER and CHIEF FINANCIAL OFFICER for PLAZA HOME MORTGAGE, INC and/or Agents, Successors, and/or Assigns, , In Care of P.O. Box 7168, Pasadena, California [91109]; and

ALL AGENTS FOR PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In Care of 3043 Townsgate Rd, Suite 200, Westlake Village, California [91361]; and

EQUIFAX CORPORATION; AND

EXPERIAN CORPORATION; AND

TRANSUNION CORPORATION; AND

JOHN OR JANE DOES 1-50;

JOINTLY AND SEVERALLY, CORPORATELY AND PERSONALLY.

November 3, 2020

The following schedule of fees is effective November 3, 2020; These fees are subject to change upon written notice by the Claimant to the Respondent(s) :

**Section 1**

Notice: Section 1 is a schedule of fees that are to be prepaid by the Respondent(s) to the Claimant before the execution of any of the following acts by the Claimant or the Claimant's agents, or assigns; and

| Description | Rate |
|---|---|
| Arbitration hearing(s) re: Offer of Obligation IN THE MATTER OF THE ARBITRATION FINAL AWARD SO AWARDED TO THE CLAIMANT, also known as CASE NO.: SAARK-A102A-061019, also known as SAA-191006-RK7652987-8VH389BSY as Documented, also in direct reference to CASE NO. 1:19-mc-00028-MV as recorded IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO as a claim in the amount of One-million two-hundred Thousand DOLLARS and zero CENTS ($1,200,000.00US). IN THE MATTER OF PENNYMAC LOAN SERVICES, LLC LOAN Document No. T-9590158 as found being the Deed of Trust in the State of Hawaii, as well as IN THE MATTER OF PENNYMAC LOAN SERVICES, LLC LOAN Document No. T-10861314 as found being the Assignment of Mortgage in the State of Hawaii. IN THE MATTER of court-filed Document 5-2, page 4 of 14 of CASE NO.: 1:19-mc-00028-MV as recorded IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO also known as the CONDITIONAL ACCEPTANCE FOR VALUE AND COUNTER OFFER/CLAIM FOR PROOF OF CLAIM and TENDER OF PAYMENT OFFERING also known as the Binding agreement between RONNIE LOUIS MARVEL KAHAPEA v. PENNYMAC LOAN SERVICES, LLC and PLAZA HOME MORTGAGE, INC.. IN THE MATTER of the LETTER ROGATORY FOR RELIEF/ACCEPTANCE OF OFFICIAL OATH OF MARTHA VASQUEZ via Certified mail No.: 7019 0700 0000 6907 1034. IN THE MATTER of the ORDER granting the unspecified specie amount of Fifty thousand Six hundred thirty-three purported dollars and Eighty-three purported cents | $10,000/hearing* |

| | |
|---|---|
| ($50,633.83) in attorneys' fees and costs, also known as the Case NO.: 3CSP-20-0000061 IN THE CIRCUIT COURT OF THE THIRD CIRCUIT STATE OF HAWAII and IN THE CIRCUIT COURT OF THE SECOND CIRCUIT STATE OF HAWAII. | |
| Arbitration hearing(s) re: IN THE MATTER OF THE ARBITRATION FINAL AWARD SO AWARDED TO THE CLAIMANT, also known as CASE NO.: SAARK-A102A-061019, also known as SAA-191006-RK7652987-8VH389BSY as Documented, also in direct reference to CASE NO. 1:19-mc-00028-MV as recorded IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO as a claim in the amount of One-million two-hundred Thousand DOLLARS and zero CENTS ($1,200,000.00US). IN THE MATTER OF PENNYMAC LOAN SERVICES, LLC LOAN Document No. T-9590158 as found being the Deed of Trust in the State of Hawaii, as well as IN THE MATTER OF PENNYMAC LOAN SERVICES, LLC LOAN Document No. T-10861314 as found being the Assignment of Mortgage in the State of Hawaii. IN THE MATTER of court-filed Document 5-2, page 4 of 14 of CASE NO.: 1:19-mc-00028-MV as recorded IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO also known as the CONDITIONAL ACCEPTANCE FOR VALUE AND COUNTER OFFER/CLAIM FOR PROOF OF CLAIM and TENDER OF PAYMENT OFFERING also known as the Binding agreement between RONNIE LOUIS MARVEL KAHAPEA v. PENNYMAC LOAN SERVICES, LLC and PLAZA HOME MORTGAGE, INC.. IN THE MATTER of the LETTER ROGATORY FOR RELIEF/ACCEPTANCE OF OFFICIAL OATH OF MARTHA VASQUEZ via Certified mail No.: 7019 0700 0000 6907 1034. IN THE MATTER of the ORDER granting the unspecified specie amount of Fifty thousand Six hundred thirty-three purported dollars and Eighty-three purported cents ($50,633.83) in attorneys' fees and costs, also known as the Case NO.: 3CSP-20-0000061 IN THE CIRCUIT COURT OF THE THIRD CIRCUIT STATE OF HAWAII and IN THE CIRCUIT COURT OF THE SECOND CIRCUIT STATE OF HAWAII. | $20,000/hearing* |
| Arbitration hearing(s) re: IN THE MATTER OF THE ARBITRATION FINAL AWARD SO AWARDED TO THE CLAIMANT, also known as CASE NO.: SAARK-A102A-061019, also known as SAA-191006-RK7652987-8VH389BSY as Documented, also in direct reference to CASE NO. 1:19-mc-00028-MV as recorded IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO as a claim in the amount of One-million two-hundred Thousand DOLLARS and zero CENTS ($1,200,000.00US). IN THE MATTER OF PENNYMAC LOAN SERVICES, LLC LOAN Document No. T-9590158 as found being the Deed of Trust in the State of Hawaii, as well as IN THE MATTER OF PENNYMAC LOAN SERVICES, LLC LOAN Document No. T-10861314 as found being the Assignment of Mortgage in the State of Hawaii. IN THE MATTER of court-filed Document 5-2, page 4 of 14 of CASE NO.: 1:19-mc-00028-MV as recorded IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO also known as the CONDITIONAL ACCEPTANCE FOR VALUE AND COUNTER OFFER/CLAIM FOR PROOF OF CLAIM and TENDER OF PAYMENT OFFERING also known as the Binding agreement between RONNIE LOUIS MARVEL KAHAPEA v. PENNYMAC LOAN SERVICES, LLC and PLAZA HOME MORTGAGE, INC.. IN THE MATTER of the LETTER ROGATORY FOR RELIEF/ACCEPTANCE OF OFFICIAL OATH OF MARTHA VASQUEZ via Certified mail No.: 7019 0700 0000 6907 1034. IN THE MATTER of the ORDER granting the unspecified specie amount of Fifty thousand Six hundred thirty-three purported dollars and Eighty-three purported cents ($50,633.83) in attorneys' fees and costs, also known as the Case NO.: 3CSP-20-0000061 IN THE CIRCUIT COURT OF THE THIRD CIRCUIT STATE OF HAWAII and IN THE CIRCUIT COURT OF THE SECOND CIRCUIT STATE OF HAWAII. | $10,000/hearing* |
| Arbitration hearing(s) re: Offer of Obligation IN THE MATTER OF THE ARBITRATION FINAL AWARD SO AWARDED TO THE CLAIMANT, also known as CASE NO.: SAARK-A102A-061019, also known as SAA-191006-RK7652987-8VH389BSY as Documented, also in direct reference to CASE NO. 1:19-mc-00028-MV as recorded IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO as a claim | $10,000/meeting* |

3

in the amount of One-million two-hundred Thousand DOLLARS and zero CENTS ($1,200,000.00US). IN THE MATTER OF PENNYMAC LOAN SERVICES, LLC LOAN Document No. T-9590158 as found being the Deed of Trust in the State of Hawaii, as well as IN THE MATTER OF PENNYMAC LOAN SERVICES, LLC LOAN Document No. T-10861314 as found being the Assignment of Mortgage in the State of Hawaii. IN THE MATTER of court-filed Document 5-2, page 4 of 14 of CASE NO.: 1:19-mc-00028-MV as recorded IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO also known as the CONDITIONAL ACCEPTANCE FOR VALUE AND COUNTER OFFER/CLAIM FOR PROOF OF CLAIM and TENDER OF PAYMENT OFFERING also known as the Binding agreement between RONNIE LOUIS MARVEL KAHAPEA v. PENNYMAC LOAN SERVICES, LLC and PLAZA HOME MORTGAGE, INC.. IN THE MATTER of the LETTER ROGATORY FOR RELIEF/ACCEPTANCE OF OFFICIAL OATH OF MARTHA VASQUEZ via Certified mail No.: 7019 0700 0000 6907 1034. IN THE MATTER of the ORDER granting the unspecified specie amount of Fifty thousand Six hundred thirty-three purported dollars and Eighty-three purported cents ($50,633.83) in attorneys' fees and costs, also known as the Case NO.: 3CSP-20-0000061 IN THE CIRCUIT COURT OF THE THIRD CIRCUIT STATE OF HAWAII and IN THE CIRCUIT COURT OF THE SECOND CIRCUIT STATE OF HAWAII.

## Section 2

Notice: Section 2 is a schedule of fees that are to be paid by the Recipient(s) within three (3) days from receipt of any invoices issued by the Principal to the Recipient(s) for the execution of any of the following acts by the Principal or the Principal's agents or assigns.

| Description | Rate |
|---|---|
| Arbitration hearing(s) re: Offer of Obligation IN THE MATTER OF THE ARBITRATION FINAL AWARD SO AWARDED TO THE CLAIMANT, also known as CASE NO.: SAARK-A102A-061019, also known as SAA-191006-RK7652987-8VH389BSY as Documented, also in direct reference to CASE NO. 1:19-mc-00028-MV as recorded IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO as a claim in the amount of One-million two-hundred Thousand DOLLARS and zero CENTS ($1,200,000.00US). IN THE MATTER OF PENNYMAC LOAN SERVICES, LLC LOAN Document No. T-9590158 as found being the Deed of Trust in the State of Hawaii, as well as IN THE MATTER OF PENNYMAC LOAN SERVICES, LLC LOAN Document No. T-10861314 as found being the Assignment of Mortgage in the State of Hawaii. IN THE MATTER of court-filed Document 5-2, page 4 of 14 of CASE NO.: 1:19-mc-00028-MV as recorded IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO also known as the CONDITIONAL ACCEPTANCE FOR VALUE AND COUNTER OFFER/CLAIM FOR PROOF OF CLAIM and TENDER OF PAYMENT OFFERING also known as the Binding agreement between RONNIE LOUIS MARVEL KAHAPEA v. PENNYMAC LOAN SERVICES, LLC and PLAZA HOME MORTGAGE, INC.. IN THE MATTER of the LETTER ROGATORY FOR RELIEF/ACCEPTANCE OF OFFICIAL OATH OF MARTHA VASQUEZ via Certified mail No.: 7019 0700 0000 6907 1034. IN THE MATTER of the ORDER granting the unspecified specie amount of Fifty thousand Six hundred thirty-three purported dollars and Eighty-three purported cents ($50,633.83) in attorneys' fees and costs, also known as the Case NO.: 3CSP-20-0000061 IN THE CIRCUIT COURT OF THE THIRD CIRCUIT STATE OF HAWAII and IN THE CIRCUIT COURT OF THE SECOND CIRCUIT STATE OF HAWAII. | $2,000/page* |
| Arbitration hearing(s) re: Offer of Obligation IN THE MATTER OF THE ARBITRATION FINAL AWARD SO AWARDED TO THE CLAIMANT, also known as CASE NO.: SAARK-A102A-061019, also known as SAA-191006-RK7652987-8VH389BSY as Documented, also in direct reference to CASE NO. 1:19-mc-00028-MV as recorded IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO as a claim in the amount of One-million two-hundred Thousand DOLLARS and zero CENTS ($1,200,000.00US). IN THE MATTER OF PENNYMAC LOAN SERVICES, LLC LOAN | $200/minute |

| | |
|---|---|
| Document No. T-9590158 as found being the Deed of Trust in the State of Hawaii, as well as IN THE MATTER OF PENNYMAC LOAN SERVICES, LLC LOAN Document No. T-10861314 as found being the Assignment of Mortgage in the State of Hawaii. IN THE MATTER of court-filed Document 5-2, page 4 of 14 of CASE NO.: 1:19-mc-00028-MV as recorded IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO also known as the CONDITIONAL ACCEPTANCE FOR VALUE AND COUNTER OFFER/CLAIM FOR PROOF OF CLAIM and TENDER OF PAYMENT OFFERING also known as the Binding agreement between RONNIE LOUIS MARVEL KAHAPEA v. PENNYMAC LOAN SERVICES, LLC and PLAZA HOME MORTGAGE, INC.. IN THE MATTER of the LETTER ROGATORY FOR RELIEF/ACCEPTANCE OF OFFICIAL OATH OF MARTHA VASQUEZ via Certified mail No.: 7019 0700 0000 6907 1034. IN THE MATTER of the ORDER granting the unspecified specie amount of Fifty thousand Six hundred thirty-three purported dollars and Eighty-three purported cents ($50,633.83) in attorneys' fees and costs, also known as the Case NO.: 3CSP-20-0000061 IN THE CIRCUIT COURT OF THE THIRD CIRCUIT STATE OF HAWAII and IN THE CIRCUIT COURT OF THE SECOND CIRCUIT STATE OF HAWAII. | |
| Arbitration hearing(s) re: Offer of Obligation IN THE MATTER OF THE ARBITRATION FINAL AWARD SO AWARDED TO THE CLAIMANT, also known as CASE NO.: SAARK-A102A-061019, also known as SAA-191006-RK7652987-8VH389BSY as Documented, also in direct reference to CASE NO. 1:19-mc-00028-MV as recorded IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO as a claim in the amount of One-million two-hundred Thousand DOLLARS and zero CENTS ($1,200,000.00US). IN THE MATTER OF PENNYMAC LOAN SERVICES, LLC LOAN Document No. T-9590158 as found being the Deed of Trust in the State of Hawaii, as well as IN THE MATTER OF PENNYMAC LOAN SERVICES, LLC LOAN Document No. T-10861314 as found being the Assignment of Mortgage in the State of Hawaii. IN THE MATTER of court-filed Document 5-2, page 4 of 14 of CASE NO.: 1:19-mc-00028-MV as recorded IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO also known as the CONDITIONAL ACCEPTANCE FOR VALUE AND COUNTER OFFER/CLAIM FOR PROOF OF CLAIM and TENDER OF PAYMENT OFFERING also known as the Binding agreement between RONNIE LOUIS MARVEL KAHAPEA v. PENNYMAC LOAN SERVICES, LLC and PLAZA HOME MORTGAGE, INC.. IN THE MATTER of the LETTER ROGATORY FOR RELIEF/ACCEPTANCE OF OFFICIAL OATH OF MARTHA VASQUEZ via Certified mail No.: 7019 0700 0000 6907 1034. IN THE MATTER of the ORDER granting the unspecified specie amount of Fifty thousand Six hundred thirty-three purported dollars and Eighty-three purported cents ($50,633.83) in attorneys' fees and costs, also known as the Case NO.: 3CSP-20-0000061 IN THE CIRCUIT COURT OF THE THIRD CIRCUIT STATE OF HAWAII and IN THE CIRCUIT COURT OF THE SECOND CIRCUIT STATE OF HAWAII. | $4,000/transmission* |
| Arbitration hearing(s) re: Offer of Obligation IN THE MATTER OF THE ARBITRATION FINAL AWARD SO AWARDED TO THE CLAIMANT, also known as CASE NO.: SAARK-A102A-061019, also known as SAA-191006-RK7652987-8VH389BSY as Documented, also in direct reference to CASE NO. 1:19-mc-00028-MV as recorded IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO as a claim in the amount of One-million two-hundred Thousand DOLLARS and zero CENTS ($1,200,000.00US). IN THE MATTER OF PENNYMAC LOAN SERVICES, LLC LOAN Document No. T-9590158 as found being the Deed of Trust in the State of Hawaii, as well as IN THE MATTER OF PENNYMAC LOAN SERVICES, LLC LOAN Document No. T-10861314 as found being the Assignment of Mortgage in the State of Hawaii. IN THE MATTER of court-filed Document 5-2, page 4 of 14 of CASE NO.: 1:19-mc-00028-MV as recorded IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO also known as the CONDITIONAL ACCEPTANCE FOR VALUE AND COUNTER OFFER/CLAIM FOR PROOF OF CLAIM and TENDER OF PAYMENT OFFERING also known as the Binding agreement between RONNIE LOUIS MARVEL KAHAPEA v. PENNYMAC LOAN SERVICES, LLC and PLAZA HOME MORTGAGE, | $5,000/hour |

INC.. IN THE MATTER of the LETTER ROGATORY FOR RELIEF/ACCEPTANCE OF
OFFICIAL OATH OF MARTHA VASQUEZ via Certified mail No.: 7019 0700 0000 6907
1034. IN THE MATTER of the ORDER granting the unspecified specie amount of Fifty
thousand Six hundred thirty-three purported dollars and Eighty-three purported cents
($50,633.83) in attorneys' fees and costs, also known as the Case NO.: 3CSP-20-0000061
IN THE CIRCUIT COURT OF THE THIRD CIRCUIT STATE OF HAWAII and IN THE
CIRCUIT COURT OF THE SECOND CIRCUIT STATE OF HAWAII.

\*     The fees for the acts described accrue in addition to the hourly rate for time expended...

**From:** Blood Wolf <bloodwolf80@gmail.com>
**Sent:** Saturday, November 28, 2020 9:15 PM
**To:** Metral, Nicole
**Subject:** Re: response and acceptance

Im terribly sorry you feel that way, but i am not in a position to show you any form of legal direction. I emplore you to perform upon your part, so that I may attend the deposition, but you are entitled to do what you feel is best.

Further, please keep in mind that as an unrebutted affidavit stands as truth and ignorance of law is no excuse, you still have an opportunity to cure your fault. Thank you and Aloha.

~~~~~~~~~~~~~~~~~~~~~~~~

THIS EMAIL TRANSMISSION IS INTENDED FOR THE EXCLUSIVE USE OF THE INDIVIDUAL OR ENTITY TO WHOM IT IS ADDRESSED, AND MAY CONTAIN PRIVILEGED AND CONFIDENTIAL INFORMATION THAT IS COVERED BY THE ELECTRONIC COMMUNICATIONS PRIVACY ACT (18 USC §§ 2510-2521). IF YOU ARE NOT THE INTENDED RECIPIENT OR AGENT RESPONSIBLE TO DELIVER THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED.. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR; PLEASE NOTIFY BY EMAIL AND DELETE THE ORIGINAL MESSAGE.  ALL RIGHTS RESERVED AND THANK YOU

**********PUBLIC NOTICE***********

Not Legal or Tax Advice - seek competent counsel where needed. Opinions expressed are just options, not advice.

PRIVATE: This is Not A Public Communication! This is Private!

This private email message, and any attachment(s) is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521, and is for the sole use of the intended recipient and contains privileged and/or confidential information. To all public servants, including but not limited to Federal, State, or Local corporate government(s): I accept your oath of office as your firm and binding contract between you and me, one of the People, whereby you have promised to serve, protect, and defend me, guarantee all of my unalienable rights, and defend the Constitution for the united States of America. Any/all political, private, or public entities, International, Federal, State, or Local corporate government(s), private International Organization(s), Municipality(ies), Corporate agent(s), informant(s), investigator(s) et. al., and/or third party(ies) working in collusion by monitoring My (this email) email(s), and any other means of communication without My express written permission are barred from any review, use, disclosure, or distribution. With explicit reservation of all My rights, without prejudice and without recourse to any of My rights. Any omission does not constitute a waiver of any and/or all intellectual property rights or reserved rights.

Notice to Principal is Notice to Agent / Notice to Agent is Notice to Principal.

On Sat, Nov 28, 2020, 1:57 PM Metral, Nicole <NBMetral@blankrome.com> wrote:

1

Mr. Kahapea,

We are in receipt of your email from November 26 and the attachment to your email. It appears that you are only agreeing to attend your deposition that plaintiff PennyMac Loan Services, LLC ("PennyMac") noticed for November 30, 2020 if we provide you with a sworn affidavit. You ask that the affidavit include proof that PennyMac incurred a loss, a list of witnesses, an agreement to contract with you pursuant to a purported fee schedule for your time at the deposition, an acknowledgment to pay you $10,000, and an agreement to dissolve any current court fees or attorney fees. There is nothing in the Federal Rules of Civil Procedure or Local Uniform Civil Rules that require us to do any of the foregoing in order to depose you. Therefore, we will not be submitting any affidavit, do not agree to any "contract" with you, and will not be paying you anything.

The link to attend your deposition on November 30, 2020 at 1:00 p.m. Central Time is  https://veritext.zoom.us/j/92904962331?pwd=WXV6RVZUUndLK2w1ckVKTFp0OENOZz09.

Please note that if you do not attend your deposition on November 30, 2020, we will be filing a Motion to Compel with the Court pursuant to Federal Rules of Civil Procedure Rule 37, and we will seek sanctions, including attorneys' fees and costs.

**Nicole Bartz Metral** | BLANK**ROME**
2029 Century Park East | 6th Floor | Los Angeles, CA 90067
Office: 424.239.3483 | Cell: 310.902.3937 | Fax: 424.239.3845 | nbmetral@blankrome.com

---

**From:** Ronnie <bloodwolf80@gmail.com>
**Sent:** Thursday, November 26, 2020 4:55 PM
**To:** Metral, Nicole <NBMetral@BlankRome.com>
**Subject:** response and acceptance

Hi,

Please note that this transmission will be your notification that under the terms in the conditional acceptance, being fulfilled upon performance as stipulated in the Judicial Notice as attached- I accept the invitation to the Deposition appointment. Please remedy your side of the agreement so that I may be present. I must remind you that I have to gather the information necessary before appearing, so please respond a.s.a.p.

Further, You and your employees are performing in communication with me under contract, and this will be tallied within the fee schedule you were provided. Thank you

2

THIS EMAIL TRANSMISSION IS INTENDED FOR THE EXCLUSIVE USE OF THE INDIVIDUAL OR ENTITY TO WHOM IT IS ADDRESSED, AND MAY CONTAIN PRIVILEGED AND CONFIDENTIAL INFORMATION THAT IS COVERED BY THE ELECTRONIC COMMUNICATIONS PRIVACY ACT (18 USC §§ 2510-2521). IF YOU ARE NOT THE INTENDED RECIPIENT OR AGENT RESPONSIBLE TO DELIVER THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED.. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR; PLEASE NOTIFY BY EMAIL AND DELETE THE ORIGINAL MESSAGE.  ALL RIGHTS RESERVED AND THANK YOU

**********PUBLIC NOTICE***********

Not Legal or Tax Advice - seek competent counsel where needed. Opinions expressed are just options, not advice.

PRIVATE: This is Not A Public Communication! This is Private!

This private email message, and any attachment(s) is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521, and is for the sole use of the intended recipient and contains privileged and/or confidential information. To all public servants, including but not limited to Federal, State, or Local corporate government(s): I accept your oath of office as your firm and binding contract between you and me, one of the People, whereby you have promised to serve, protect, and defend me, guarantee all of my unalienable rights, and defend the Constitution for the united States of America. Any/all political, private, or public entities, International, Federal, State, or Local corporate government(s), private International Organization(s), Municipality(ies), Corporate agent(s), informant(s), investigator(s) et. al., and/or third party(ies) working in collusion by monitoring My (this email) email(s), and any other means of communication without My express written permission are barred from any review, use, disclosure, or distribution. With explicit reservation of all My rights, without prejudice and without recourse to any of My rights. Any omission does not constitute a waiver of any and/or all intellectual property rights or reserved rights.

Notice to Principal is Notice to Agent / Notice to Agent is Notice to Principal.

*************************************************************************************************

This message and any attachments may contain confidential or privileged information and are only for the use of the intended recipient of this message. If you are not the intended recipient, please notify the Blank Rome LLP or Blank Rome Government Relations LLC sender by return email, and delete or destroy this and all copies of this message and all attachments. Any unauthorized disclosure, use, distribution, or reproduction of this message or any attachments is prohibited and may be unlawful.

*************************************************************************************************

| | |
|---|---|
| **From:** | Ronnie <bloodwolf80@gmail.com> |
| **Sent:** | Thursday, November 26, 2020 7:55 PM |
| **To:** | Metral, Nicole |
| **Subject:** | response and acceptance |
| **Attachments:** | Mississipppi Nov 2020.pdf |

Hi,

Please note that this transmission will be your notification that under the terms in the conditional acceptance, being fulfilled upon performance as stipulated in the Judicial Notice as attached- I accept the invitation to the Deposition appointment. Please remedy your side of the agreement so that I may be present. I must remind you that I have to gather the information necessary before appearing, so please respond a.s.a.p.

Further, You and your employees are performing in communication with me under contract, and this will be tallied within the fee schedule you were provided. Thank you

THIS EMAIL TRANSMISSION IS INTENDED FOR THE EXCLUSIVE USE OF THE INDIVIDUAL OR ENTITY TO WHOM IT IS ADDRESSED, AND MAY CONTAIN PRIVILEGED AND CONFIDENTIAL INFORMATION THAT IS COVERED BY THE ELECTRONIC COMMUNICATIONS PRIVACY ACT (18 USC §§ 2510-2521). IF YOU ARE NOT THE INTENDED RECIPIENT OR AGENT RESPONSIBLE TO DELIVER THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED.. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR; PLEASE NOTIFY BY EMAIL AND DELETE THE ORIGINAL MESSAGE.  ALL RIGHTS RESERVED AND THANK YOU
**********PUBLIC NOTICE***********
Not Legal or Tax Advice - seek competent counsel where needed. Opinions expressed are just options, not advice.

PRIVATE: This is Not A Public Communication! This is Private!

This private email message, and any attachment(s) is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521, and is for the sole use of the intended recipient and contains privileged and/or confidential information. To all public servants, including but not limited to Federal, State, or Local corporate government(s): I accept your oath of office as your firm and binding contract between you and me, one of the People, whereby you have promised to serve, protect, and defend me, guarantee all of my unalienable rights, and defend the Constitution for the united States of America. Any/all political, private, or public entities, International, Federal, State, or Local corporate government(s), private International Organization(s), Municipality(ies), Corporate agent(s), informant(s), investigator(s) et. al., and/or third party(ies) working in collusion by monitoring My (this email) email(s), and any other means of communication without My express written permission are barred from any review, use, disclosure, or distribution. With explicit reservation of all My rights, without prejudice and without recourse to any of My rights. Any omission does not constitute a waiver of any and/or all intellectual property rights or reserved rights.

Notice to Principal is Notice to Agent / Notice to Agent is Notice to Principal.

**EXHIBIT 4**

1 | Ronnie-Louis-Marvel: Kahapea
  | RLK-05271980-HI
2 | A Natural Man
  | Sui Juris
3 | P.O. Box 875
  | Volcano, Hawaii 96785
4 | Phone: 808-936-9137
  | Email: bloodwolf80@gmail.com
5

## U.S. DISTRICT COURT

## SOUTHERN DISTRICT OF MISSISSIPPI

| PENNYMAC LOAN SERVICES, LLC | Case No.: 2:19-cv-193-KS-MTP |
|---|---|
| Plaintiff, | |
| vs. | **JUDICIAL NOTICE OF CONDITIONAL ACCEPTANCE TO THE APPEARANCE TO THE DEPOSITION PRECEEDINGS** |
| RONNIE LOUIS MARVEL KAHAPEA, | |
| Defendant | |
| | **EXHIBIT I** |

## JUDICIAL NOTICE OF CONDITIONAL ACCEPTANCE TO THE APPEARANCE TO THE DEPOSITION PRECEEDINGS

Dated this 25th of November, 2020.

#### **INTRODUCTION**

Notice to the Court is now being given that although there is still no evidence of

proven Jurisdiction in the court record for this case, *see 18 U.S.C. §175.20* and no Personam

Jurisdiction has been established and recorded into the court for this matter to proceed being that

this is a Tax issue that needs to be adjudged in a Tax Court, with a dispute to the rightful Payor

and Payee to the Bond for this case, without a Judge/Magistrate evidencing to not having any

JUDICIAL NOTICE OF CONDITIONAL ACCEPTANCE TO THE APPEARANCE TO THE DEPOSITION
PRECEEDINGS - 1

financial interest in the process, an authority to the validity of the use of the name RONNIE

LOUIS MARVEL KAHAPEA has not been established, nor the authority to use the name

RONNIE LOUIS MARVEL KAHAPEA as a means to identify a Living Man; Ronnie-Louis-

Marvel: Kahapea, the sole directing principal of the Defendant RONNIE LOUIS MARVEL

KAHAPEA, agrees to make an appearance to the November 30, 2020 invitation to depose

substantial information regarding this court proceedings pursuant to Rule 30(b)(3)(A) of the

Federal Rules of Civil Procedure, if the parties moving this case, by Sworn Affidavit, signed and

Notarized, under the penalty of perjury, holding themselves jointly and severally, corporately

and personally liable, answers the five provisions I have prepared below, point by point;

- Provide the proof that supports PENNYMAC LOAN SERVICES, LLC incurred a loss, physical injury or physical harm by providing the full, whole and complete accounting of Account No.: 1437829748; and

- Provide the list of witnesses that can either confirm or contest upon first hand knowledge the acts or actions within the dispute where there are claims of fraud, scams etc.; and

- Provide an acknowledgement to contract with Ronnie-Louis-Marvel: Kahapea, agreeing to the terms listed in the Fee Schedule from the November 3rd 2020 CONSTRUCTIVE NOTICE OF CONDITIONAL ACCEPTANCE (EXHIBIT 1) private contractual agreement for my time used in this deposition invitation; and

JUDICIAL NOTICE OF CONDITIONAL ACCEPTANCE TO THE APPEARANCE TO THE DEPOSITION PRECEEDINGS - 2

- Provide an acknowledgement to make the initial $10,000.00 according to the Pre-determined rate of $10,000.00 /hearing as stipulated BEFORE the required three(3) days until November 30; and

- Provide an agreement to dissolve any existing or current court fees, attorney fees etc. that may be assumed to being due and owed by the defendant.

The execution of any action without first providing proof and the required rebuttal of the affidavit herein, constitutes injury and harm and does make the parties jointly and severally, commercially and personally liable on a claim that may be liquidated against your public hazard bond, wages, earnings, rents, accounts, properties, assets and income from every source.

Further, the record of the court will reflect a disregard in procedure with the Attorneys acting as agents for the Plaintiff, by not providing as evidence, the authority to litigate in a foreign status as BAR Attorneys. It has been stated on the record that they all are licensed, but have not provided any proof on the record to that matter.

X _____                    DATE:  November 25, 2020
JUDICIAL NOTICE OF CONDITIONAL ACCEPTANCE TO THE APPEARANCE TO THE DEPOSITION
PRECEEDINGS - 3





# CONSTRUCTIVE NOTICE OF CONDITIONAL ACCEPTANCE
### Notice to Agent is Notice to Principal
### Notice to Principal is Notice to Agent

**Claimant**
Ronnie-Louis-Marvel: Kahapea, a living man and Authorized
Agent and Sole Beneficiary of the trust known as
RONNIE LOUIS MARVEL KAHAPEA, A PRIVATE TRUST
C/O Ronnie-Louis-Marvel: Kahapea
Volcano [96785] Hawaii

November 3,2020

**Respondents:**

Nicole B. Metral, Acting as NICOLE B. METRAL ATTORNEY, of the BLANKROME, LLP Law Firm and Agent
for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In care of 2029 Century
Park East, 6th Floor Los Angeles California [90067]; and

Cheryl S. Chang, Acting as CHERYL S. CHANG ATTORNEY, of the BLANKROME, LLP Law Firm and Agent
for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In care of 2029 Century
Park East, 6th Floor Los Angeles California [90067]; and

Louise B. Marencik, Acting as LOUISE B. MARENCIK ATTORNEY, of the BLANKROME, LLP Law Firm and
Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In care of 2029
Century Park East, 6th Floor Los Angeles California [90067]; and

Jessica McElroy, Acting as JESSICA MCELROY ATTORNEY, of the BLANKROME, LLP Law Firm and Agent
for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In care of 2029 Century
Park East, 6th Floor Los Angeles California [90067]; and

Johnathan W.Y. Lai, Acting as JOHNATHAN W.Y. LAI ATTORNEY, of the WATANABE, ING LLP Law Firm
and/or Agents, Successors, and/or Assigns, In care of First Hawaiian Center 999 Bishop Street, Suite 1250
Honolulu, Hawaii [96813]; and

Jeff N. Miyashiro, Acting as JEFF N. MIYASHIRO ATTORNEY, of the WATANABE, ING LLP Law Firm and/or
Agents, Successors, and/or Assigns, In care of First Hawaiian Center 999 Bishop Street, Suite 1250 Honolulu,
Hawaii [96813]; and

Elizabeth Dranttel, Acting as ELIZABETH DRANTTEL ATTORNEY, of the ROSE L. BRAND & ASSOCIATES,
P.C., Law Firm and Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns,
In care of 7430 Washington Street, NE, Albuquerque, New Mexico [87109]; and

Mark T. Baker, Acting as MARK T. BAKER ATTORNEY, of the PEIFER, HANSON & MULLINS, P.A. Law
Firm and Agent for PLAZA HOME MORTGAGE, INC and/or Agents, Successors, and/or Assigns, In care of Post
Office Box 25245 Albuquerque, New Mexico [87125]; and

Johnny Morton, Acting as JOHNNY MORTON EMPLOYEE, Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In care of 2285 Corporate Circle, Unit 160, Henderson, Nevada [89074]; and

David A. Spector, Acting as DAVID A. SPECTOR, PRESIDENT and C.E.O. for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In Care of 3043 Townsgate Rd, Suite 200, Westlake Village, California [91361]; and

Derek W. Stark, Acting as DEREK W. STARK, SENIOR MANAGING DIRECTOR AND CHIEF LEGAL OFFICER and SECRETARY and Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In Care of 3043 Townsgate Rd, Suite 200, Westlake Village, California [91361]; and

Veronica Hauck, Acting as VERONICA HAUCK, RECEPTIONIST and Employee for PLAZA HOME MORTGAGE, INC and/or Agents, Successors, and/or Assigns, In Care of P.O. Box 7168, Pasadena, California [91109]; and

Michael R. Fontaine, Acting as MICHAEL R. FONTAINE, CHIEF OPERATING OFFICER and CHIEF FINANCIAL OFFICER for PLAZA HOME MORTGAGE, INC and/or Agents, Successors, and/or Assigns, , In Care of P.O. Box 7168, Pasadena, California [91109]; and

ALL AGENTS FOR PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In Care of 3043 Townsgate Rd, Suite 200, Westlake Village, California [91361]; and

EQUIFAX CORPORATION; AND

EXPERIAN CORPORATION; AND

TRANSUNION CORPORATION; AND

JOHN OR JANE DOES 1-50;

JOINTLY AND SEVERALLY, CORPORATELY AND PERSONALLY;

Nicole B. Metral, and/or Agents, Assigns, and/or Successors AND  Johnathan W.Y. Lai, and/or Agents, Assigns, and/or Successors AND Johnny Morton, and/or Agents, Assigns, and/or Successors AND Elizabeth Dranttel, and/or Agents, Assigns, and/or Successors AND Mark T. Baker, and/or Agents, Assigns, and/or Successors are charged with delivering a true copy to ALL RESPONDENTS of their Firm and/or Commercial Entity.

Re: IN THE MATTER OF THE ARBITRATION FINAL AWARD SO AWARDED TO THE CLAIMANT, also known as CASE NO.: SAARK-A102A-061019, also known as SAA-191006-RK7652987-8VH389BSY as Documented, also in direct reference to CASE NO. 1:19-mc-00028-MV as recorded IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO as a claim in the amount of One-million two-hundred Thousand DOLLARS and zero CENTS ($1,200,000.00US). IN THE MATTER OF PENNYMAC LOAN SERVICES, LLC LOAN Document No. T-9590158 as found being the Deed of Trust in the State of Hawaii, as well as IN THE MATTER OF PENNYMAC LOAN SERVICES, LLC LOAN Document No. T-10861314 as found being the Assignment of Mortgage in the State of Hawaii. IN THE MATTER of court-filed Document 5-2, page 4 of 14 of CASE NO.: 1:19-mc-00028-MV as recorded IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO also known as the  CONDITIONAL ACCEPTANCE FOR VALUE AND COUNTER OFFER/CLAIM FOR PROOF OF CLAIM and TENDER OF PAYMENT OFFERING also known as the Binding agreement between RONNIE LOUIS MARVEL KAHAPEA v. PENNYMAC LOAN SERVICES, LLC

and PLAZA HOME MORTGAGE, INC.. IN THE MATTER of the LETTER ROGATORY FOR RELIEF/ACCEPTANCE OF OFFICIAL OATH OF MARTHA VASQUEZ via Certified mail No.: 7019 0700 0000 6907 1034. IN THE MATTER of the ORDER granting the unspecified specie amount of Fifty thousand Six hundred thirty-three purported dollars and Eighty-three purported cents ($50,633.83) in attorneys' fees and costs, also known as the Case NO.: 3CSP-20-0000061 IN THE CIRCUIT COURT OF THE THIRD CIRCUIT STATE OF HAWAII and IN THE CIRCUIT COURT OF THE SECOND CIRCUIT STATE OF HAWAII.

TO: Nicole B. Metral, Acting as NICOLE B. METRAL ATTORNEY, of the BLANKROME, LLP Law Firm and Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In care of 2029 Century Park East, 6th Floor Los Angeles California [90067]; and Cheryl S. Chang, Acting as CHERYL S. CHANG ATTORNEY, of the BLANKROME, LLP Law Firm and Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In care of 2029 Century Park East, 6th Floor Los Angeles California [90067]; and Louise B. Marencik, Acting as LOUISE B. MARENCIK ATTORNEY, of the BLANKROME, LLP Law Firm and Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In care of 2029 Century Park East, 6th Floor Los Angeles California [90067]; and Jessica McElroy, Acting as JESSICA MCELROY ATTORNEY, of the BLANKROME, LLP Law Firm and Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In care of 2029 Century Park East, 6th Floor Los Angeles California [90067]; and Johnathan W.Y. Lai, Acting as JOHNATHAN W.Y. LAI ATTORNEY, of the WATANABE, ING LLP Law Firm and/or Agents, Successors, and/or Assigns, In care of First Hawaiian Center 999 Bishop Street, Suite 1250 Honolulu, Hawaii [96813]; and Jeff N. Miyashiro, Acting as JEFF N. MIYASHIRO ATTORNEY, of the WATANABE, ING LLP Law Firm and/or Agents, Successors, and/or Assigns, In care of First Hawaiian Center 999 Bishop Street, Suite 1250 Honolulu, Hawaii [96813]; and Elizabeth Dranttel, Acting as ELIZABETH DRANTTEL ATTORNEY, of the ROSE L. BRAND & ASSOCIATES, P.C., Law Firm and Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In care of 7430 Washington Street, NE, Albuquerque, New Mexico [87109]; and Mark T. Baker, Acting as MARK T. BAKER ATTORNEY, of the PEIFER, HANSON & MULLINS, P.A. Law Firm and Agent for PLAZA HOME MORTGAGE, INC and/or Agents, Successors, and/or Assigns, In care of Post Office Box 25245 Albuquerque, New Mexico [87125]; and Johnny Morton, Acting as JOHNNY MORTON EMPLOYEE, Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In care of 2285 Corporate Circle, Unit 160, Henderson, Nevada [89074]; and David A. Spector, Acting as DAVID A. SPECTOR, PRESIDENT and C.E.O. for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In Care of 3043 Townsgate Rd, Suite 200, Westlake Village, California [91361]; and Derek W. Stark, Acting as DEREK W. STARK, SENIOR MANAGING DIRECTOR AND CHIEF LEGAL OFFICER AND SECRETARY and Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In Care of 3043 Townsgate Rd, Suite 200, Westlake Village, California [91361]; and ALL AGENTS FOR PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In Care of 3043 Townsgate Rd, Suite 200, Westlake Village, California [91361]; and Veronica Hauck, Acting as VERONICA HAUCK, RECEPTIONIST and Employee for PLAZA HOME MORTGAGE, INC and/or Agents, Successors, and/or Assigns, In Care of P.O. Box 7168, Pasadena, California [91109]; and Michael R. Fontaine, Acting as MICHAEL R. FONTAINE, CHIEF OPERATING OFFICER and CHIEF FINANCIAL OFFICER for PLAZA HOME MORTGAGE, INC and/or Agents, Successors, and/or Assigns, , In Care of P.O. Box 7168, Pasadena, California [91109]; and EQUIFAX CORPORATION, and EXPERIAN CORPORATION, and TRANSUNION CORPORATION, and JOHN DOES 1-50, JOINTLY AND SEVERALLY, CORPORATELY AND PERSONALLY, hereinafter Respondent, singularly, Respondents, collectively:

Claimant is in receipt of Respondent's ORDER of Obligation granting the unspecified specie amount of Fifty thousand Six hundred thirty-three purported dollars and Eighty-three purported cents ($50,633.83) in attorneys' fees and costs, also known as the Case NO.: 3CSP-20-0000061 IN THE CIRCUIT COURT OF THE THIRD CIRCUIT STATE OF HAWAII. Claimant is accepting Respondent's order of obligation, granting the courts authority by way of Jurisdiction over a living, breathing Man, consent to the order and claim for the fees and services of the Attorneys

for which relief can be granted upon the condition that Respondents provide the following proof to support Respondent's claim via sworn affidavit, under penalty of perjury, with full and complete commercial liability:

1. Provide the verified proof and full, whole, and complete accounting, that supports Respondent's position that a :real-party-in-interest: among the Respondents who is injured, wronged, harmed, or suffered a loss due by the Claimant; and

2. Provide the proof that supports Respondent's position that the instrument of tender provided in the CONDITIONAL ACCEPTANCE FOR VALUE AND COUNTER OFFER/CLAIM FOR PROOF OF CLAIM and TENDER OF PAYMENT OFFERING dated March 29, 2019 is Not Negotiable; and

3. Provide the proof that supports Respondents did NOT agree to a Notice of Default upon offer of tender of payment to satisfy the amounts due and owing as that of the EQUITABLE REMITTANCE COUPON valued at $600,000.00 on subject account No.: 1437829748, dated March 29, 2019 for which a pay and pledge to the order of PENNYMAC LOAN SERVICES, LLC WITHOUT RECOURSE remedy had been established; and

4. Provide the proof that supports Respondents sent back/or responded to said credits and challenged the Notice of Default upon offer of tender of payment to satisfy the amounts due and owing as that of the EQUITABLE REMITTANCE COUPON valued at $600,000.00 on subject account No.: 1437829748, dated March 29, 2019 for which a pay and pledge to the order of PENNYMAC LOAN SERVICES, LLC WITHOUT RECOURSE remedy had been established; and

5. Provide the proof that supports Respondent's did NOT receive a CONDITIONAL ACCEPTANCE FOR VALUE AND COUNTER OFFER/CLAIM FOR PROOF OF CLAIM and TENDER OF PAYMENT OFFERING dated March 29, 2019, Notice of Fault and Opportunity to Cure and Default and Consent to arbitration per the Arbitration Clause of the contractual agreement as stipulated in its entirety within the CONDITIONAL ACCEPTANCE FOR VALUE AND COUNTER OFFER/CLAIM FOR PROOF OF CLAIM and TENDER OF PAYMENT OFFERING dated March 29, 2019 whereas in section 23134. Page 4, states clearly that "Should the Respondent(s) Fail or otherwise refuse to provide the requested and necessary Proof of Claims raised herein above within the expressed period of time established and set herein above, Respondent(s) agree that they will have failed to state a claim upon which relief can be granted" . and delivered by The United States Postal Service, hereinafter Delivery Agent; and

6. Provide the proof that supports Respondent's position that Instruments of Tender in the amount of Six Hundred-thousand DOLLARS and Zero CENTS in credit were NOT placed into the custody of the Delivery Agent for settlement, setoff, and discharge of the Account on March 29, 2019.; and

7. Provide the proof that supports Respondent's are NOT subject to the Uniform Commercial Code Article 3 Section 603, Tender of Payment Laws, which states whether Tender is accepted or rejected, there is discharge of debt; and

8. Provide the proof that supports Respondent's position that the instrument of tender is NOT in accordance with the terms of the contract agreement with the CONDITIONAL ACCEPTANCE FOR VALUE AND COUNTER OFFER/CLAIM FOR PROOF OF CLAIM and TENDER OF PAYMENT OFFERING dated March 29, 2019 also known as the Contract,; and

9. Provide the proof that supports Respondent's position that by contract, PENNYMAC LOAN SERVICES, LLC was unable to accept tender from the Claimant and that the Claimant is an unauthorized party under law to settle this original alleged debt; and

10. Provide the proof that supports Respondent's position that the original "loan" was an actual loan, where evidentiary proof to a ledger reports a negative balance and another ledger reports a positive balance of equal amounts, to confirm a debt being owed to the ledger of said negative balance, and not credits created out of "thin air", as recorded in the AFFIDAVIT OF WALKER TODD and the publication MODERN MONEY MECHANICS,; and

11. Provide the proof that supports Respondent's position that the Attorneys in this matter are NOT Foreign Agents, requiring a duty to register as such by way of the F.A.R. Act; and

12. Provide the proof that supports Respondent's position that the instruments of tender tendered do not, in fact, provide defense of amounts allegedly owed by Claimant; and

13. Provide the proof that supports Respondent's position that the arbitration award in this matter is fraudulent; and

14. Provide the proof that supports Respondent's position that the instruments of tender will not eliminate indebtedness; and

15. Provide the proof that supports Respondent's position that the attorneys in this matter have NOT caused harm and loss to the living Man, Ronnie-Louis-Marvel: Kahapea under threat, duress and coercion; and

16. Provide the proof that supports Respondent's position that the instrument of tender is NOT in accordance and compliance with UCC 3-104; Title IV, Sec 401 (FRA); USC Title 12; USC Title 28, §§1631, 3002; and the Foreign Sovereign Immunity Act under necessity; and

17. Provide the proof that supports Respondent's position that the instrument of tender is NOT in full accord with HJR-192 (June 5, 1933), Public Law 73-10, UCC 3-419, 1-104 and 10-104; and

18. Provide the proof that supports Respondent's position that pursuant to 'State and Federal' TENDER OF PAYMENT statutes; that Respondents may refuse payment of any property, money, or instrument, while NOT discharging the debt; and

19. Provide the proof that the Treasury of The United States Department of Internal Revenue has returned the instruments of TENDER and that they are not holding or withholding an instrument valued at Six Hundred-thousand DOLLARS and Zero CENTS ($600,000.00US); and

20. Provide the proof that the U.S. Bankruptcy is NOT verified in Senate Report No. 93-549 93rd Congress, 1st Session (1973), "Summary of Emergency Power Statutes," Executive Orders 6073, 6102, 6111 and by Executive Order 6260 on March 9, 1933, under the "Trading With The Enemy Act (Sixty-Fifth Congress, Session I, Chapters 105, 106, October 6, 1917), and as further codified at 12 U.S.C.A. 95(a) and (b) as amended; and

21. Provide the proof that the Claimant has not been estopped from using or that he has access to 'lawful constitutional money of exchange' (See U.S. Constitution – Art. 1 § X) to 'PAY DEBTS AT LAW', and pursuant to HJR-192, can only discharge fines, fees, debts, and judgments 'dollar for dollar' via commercial paper or upon Affiant's exemption; and

22. Provide the proof that Ronnie-Louis-Marvel: Kahapea, Secured Party Creditor, a living man and Authorized Agent and Sole Beneficiary of the trust known as RONNIE LOUIS MARVEL KAHAPEA FAMILY TRUST is NOT "Holder in Due Course" of the Preferred Stock of the federal Corporation (United States – February 21, 1871; 16 Stat I. 419): and holds a prior, superior, security interest and claim on the alleged DEBTOR and Debtor's property nunc pro tunc; AND

23. Provide the proof that prior to this document, Claimant accepted Respondent's ORDER of Obligation granting the unspecified specie amount of Fifty thousand Six hundred thirty-three purported dollars and Eighty-three purported cents ($50,633.83) in attorneys' fees and costs, also known as the Case NO.: 3CSP-20-0000061; and

24. Provide the proof that the Claimant intentionally created a falsified and/or fraudulent claim where Respondent(s) should be compensated in a monetary amount; and

25. Provide the proof that Respondent's provided Claimant oaths of all parties, title, and statutes, written and recorded in this matter pursuant 18 USC 1001 and 1002, and 18 USC 1341 and 1342 for the voidance of perjury; and

26. Provide Respondent's evidence that ALL law is based upon :adverb-verb:, descriptive or rhetorical verses factual, and that Respondents are NOT using deceptive practices for the voidance of perjury, while being paid is not a violation of 18 USC 1001 and 1002, and 18 USC 1341 and 1342; and

27. Provide Respondent's evidence that Respondents are NOT using the NOM DE GURERRE names pursuant to 18 USC 1001 and 1002, and 18 USC 1341 and 1342; and

28. Provide Respondent's evidence that Respondents are NOT using false advertising, fictitious use of language, pertaining to Title 18, 1001 Fraud Act by the use of closed brackets and vectors violating the four corner rules, pursuant to Black's Law Dictionary 5th ed, Page 591; and

29. Provide Respondent's evidence that Respondents are NOT using fraudulent conveyance of language to force the Claimant to appear IN THE CIRCUIT COURT OF THE THIRD CIRCUIT STATE OF HAWAII to appear and pay funds; and

30. Provide Respondent's evidence with a Justice of the Peace under penalty of perjury that Respondents are NOT using Fictitious Conveyance of Language as a device for unjust gain against the Claimant; and

31. Provide Respondent's evidence as to what specie Respondents will accept or lawfully require as payment of the alleged debt known as Respondent's ORDER of Obligation granting the unspecified specie amount of Fifty thousand Six hundred thirty-three purported dollars and Eighty-three purported cents ($50,633.83) in attorneys' fees and costs, also known as the Case NO.: 3CSP-20-0000061, and that Respondents are NOT forcing Claimant to break the law if Respondents are demanding Federal Reserve Notes: and

32. Provide Respondent's evidence as to which dictionary or styles manual Respondents are writing from in their Offers of Obligation, whereby Claimant can easily refer to and understand the referenced Offers of Obligation; and

33. Provide Respondent's evidence that Respondents have a copy-right release from the Post-Master-General to copy Post-Master-General's 1$^{st}$ class-postage stamps and/or 2$^{nd}$ class-postage stamps and/or metered stamps; and

34. Provide Respondent's evidence that Respondent's are NOT using false conveyance of language and violating The Deceptive Trade Practices Act for ill-gotten-gain against the Claimant; and

35. Provide Respondent's evidence that Respondents are NOT violating The Americans With Disabilities Act and the Antitrust with the Federal Trade Commission and the Fair Debt Collection Practices Act and 18 USC 1001 and 18 USC 1341 and 18 USC 1342 for Respondent's profit without the expressed written authorization of the Claimant; and

36. Provide Respondent's evidence that Respondents provided Claimant an interpreter to the conveyance of language, knowing that Claimant is not proficient with the policies and procedures of the court, pursuant to the 1964 Discrimination Act; and

37. Provide Respondent's evidence of all parties receiving this Constructive Notice of Conditional Acceptance and Commercial Affidavit and Fee Schedule of Respondent's full given names using no abbreviations nor all capitalized names nor fictitious titles; and

38. Provide Respondent's evidence of Respondent's qualifications and/or official capacities along with letters of appointments and/or letters of delegation of authorities; and

39. Provide Respondent's evidence and proof of Respondent's mandate or authority and bond and actual state license and not merely a BAR Union Membership Card as an attorney; and

40. Provide Respondent's evidence of Respondent's Oaths of Office true copies along with the proper autographs whereby the Respondents are accepting full commercial liability; and

41. Provide Respondent's evidence of Respondent's Anti Bribery statement as directed by the Foreign Corrupt Practices Act – Anti-Bribery Provisions, as was required when Respondent's took their oath, and require Respondents foreign registration statement which must be on file, as all those who take oaths become foreign at the time of the oath, per Title 22 USC Code 612; and

42. Provide Respondent's evidence to exercise any delegative authority as Agents or Attorneys or otherwise to operate outside of Washington D.C., aside from a contract serving as nexus and the commercial bonds Respondents provide, including definitions and sources of words used, to protect and indemnify Claimant in the event of a harm by those parties and their sworn evidence that Respondents are acting within their official capacity, including personal addresses of those parties who are found to be acting outside their authority plus their sworn evidence that they are acting within their official; and

43. Provide Respondent's evidence by copies of all tax forms for all named Respondents resulting from profits derived from the securities generated from the original purported "loan" made to RONNIE LOUIS MARVEL KAHAPEA, also known as the Assignment of Mortgage and the Deed of Trust to prevent suspicious activity of unreported tax liabilities; and

44. Respondents provide evidence that the alleged obligation/claim known as the original purported "loan" made to RONNIE LOUIS MARVEL KAHAPEA, also known as the Assignment of Mortgage and the Deed of Trust does not constitute a false and deceptive and misleading representation in connection with the collection of any debt including the false representation of the character or legal status of any debt and further makes a threat to take any action that cannot legal be taken a deceptive practice congruent with 15 U.S.C. § 1692 (e); and

45. Respondents provide evidence that there does not already exist a private agreement between the parties of a settlement with an unrebutted affidavit with a positive balance thus making any further action vexatious litigation and a waste of taxpayer dollars; and

46. Respondents provide evidence that any and all named Respondents have a letter of delegation of authority to attack the trust known as The RONNIE LOUIS MARVEL KAHAPEA FAMILY TRUST, which is duly recorded with the Internal Revenue; and

47. Respondents provide evidence that by Respondents, and their attorneys, in their complaint is NOT void of perjury and is NOT a valid claim.

48. Respondents provide evidence and/or proof that there is NO conflict of interest between the Magistrate/Judge and the Attorneys, both of which are BAR agents, also known as a conspiracy under the RICO act, of any or all court cases.; and

49. Respondents provide any available first-hand knowledge of a conspiracy to defraud a corporation/commercial entity that the Claimant is, or has been, a part of, that can determine the true nature and intent of the Claimant.; and
50. Respondents provide evidence to the claim that the Respondents in this matter DOES NOT wish/expect the Claimant to suffer greatly, as the intent is provided by and through the actions of the Agents and/or successors, representatives and/or assigns, as well as the dishonor by seeking claims over the claimants unrebutted affidavits, and Instruments, whether it is an offer of tender (Respondents remedy) or an arbitration award (Claimants remedy); and
51. Respondents provide evidence to the Claimants acts in dishonor, with intent.
52. Respondents provide evidence to the claim that the arbitration award is a scam/sham.
53. Respondents provide evidence to the claim that the arbitration award has been challenged within the specified time to vacate, modify or correct pursuant to 9 U.S Code of the Federal Arbitration Act.
54. Respondents provide Proof to the claim that a Magistrate/Judge can Order sanctions, ruling over a valid contract, rendering contract law powerless- deeming a contract as void.
55. Respondents provide proof to the claim that PENNYMAC LOAN SERVICES, LLC did NOT perform to the sections 23130, 23131,23132, 23133 and 23134 of the CONDITIONAL ACCEPTANCE FOR VALUE AND COUNTER OFFER/CLAIM FOR PROOF OF CLAIM and TENDER OF PAYMENT OFFERING dated March 29, 2019.
56. Respondents provide proof to the claim that PENNYMAC LOAN SERVICES, LLC challenged the CONDITIONAL ACCEPTANCE FOR VALUE AND COUNTER OFFER/CLAIM FOR PROOF OF CLAIM and TENDER OF PAYMENT OFFERING dated March 29, 2019 in whole, or in part, at any time before the arbitrator adjudged the breach of contract dispute between parties.

Respondents have fifteen (15) days from receipt of this Constructive Notice of Conditional Acceptance and the enclosed Commercial Affidavit to respond on a point-by-point basis, via sworn affidavit, under Respondent's full commercial liability, signing under penalty of perjury, that the facts contained therein are true, correct, complete and not misleading. Mere declarations are an insufficient response. All responses that are not sent to :Claimant-and-Affiant:, as required by this agreement, shall be deemed an insufficient response.  If an extension of time is needed to properly answer, please request it in writing. Failure to respond will be deemed agreement with the facts stated in the enclosed Commercial Affidavit and an inability to prove Respondent's claim, upon which any liabilities incurred pursuant the enclosed 'Fee Schedule' regarding any further action in this matter, shall be deemed accepted by the parties, Nicole B. Metral, Acting as NICOLE B. METRAL ATTORNEY, of the BLANKROME, LLP Law Firm and Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In care of 2029 Century Park East, 6th Floor Los Angeles California [90067]; and Cheryl S. Chang, Acting as CHERYL S. CHANG ATTORNEY, of the BLANKROME, LLP Law Firm and Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In care of 2029 Century Park East, 6th Floor Los Angeles California [90067]; and Louise B. Marencik, Acting as LOUISE B. MARENCIK ATTORNEY, of the BLANKROME, LLP Law Firm and Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In care of 2029 Century Park East, 6th Floor Los Angeles California [90067]; and Jessica McElroy, Acting as JESSICA MCELROY ATTORNEY, of the BLANKROME, LLP Law Firm and Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In care of 2029 Century Park East, 6th Floor Los Angeles California [90067]; and Johnathan W.Y. Lai, Acting as JOHNATHAN W.Y. LAI ATTORNEY, of the WATANABE, ING LLP Law Firm and/or Agents, Successors, and/or Assigns, In care of First Hawaiian Center 999 Bishop Street, Suite 1250 Honolulu, Hawaii [96813]; and Jeff N. Miyashiro, Acting as JEFF N. MIYASHIRO ATTORNEY, of the WATANABE, ING LLP Law Firm and/or Agents, Successors, and/or Assigns, In care of First Hawaiian Center 999 Bishop Street, Suite 1250 Honolulu, Hawaii [96813]; and Elizabeth Dranttel, Acting as ELIZABETH DRANTTEL ATTORNEY, of the ROSE L. BRAND & ASSOCIATES, P.C., Law Firm and Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In care of 7430 Washington Street, NE, Albuquerque, New Mexico [87109]; and Mark T. Baker, Acting as MARK T. BAKER ATTORNEY, of the PEIFER, HANSON & MULLINS, P.A. Law Firm and Agent for PLAZA HOME MORTGAGE, INC and/or Agents, Successors, and/or Assigns, In care of Post Office Box 25245 Albuquerque, New Mexico [87125]; and Johnny Morton, Acting as JOHNNY MORTON EMPLOYEE, Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In care of 2285 Corporate Circle, Unit 160, Henderson, Nevada [89074]; and David A. Spector, Acting as DAVID A. SPECTOR, PRESIDENT and C.E.O. for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In Care of 3043 Townsgate Rd, Suite 200, Westlake Village, California [91361]; and Derek W. Stark, Acting as DEREK W. STARK, SENIOR MANAGING DIRECTOR AND CHIEF

LEGAL OFFICER AND SECRETARY and Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In Care of 3043 Townsgate Rd, Suite 200, Westlake Village, California [91361]; and ALL AGENTS FOR PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In Care of 3043 Townsgate Rd, Suite 200, Westlake Village, California [91361]; and Veronica Hauck, Acting as VERONICA HAUCK, RECEPTIONIST and Employee for PLAZA HOME MORTGAGE, INC and/or Agents, Successors, and/or Assigns, In Care of P.O. Box 7168, Pasadena, California [91109]; and Michael R. Fontaine, Acting as MICHAEL R. FONTAINE, CHIEF OPERATING OFFICER and CHIEF FINANCIAL OFFICER for PLAZA HOME MORTGAGE, INC and/or Agents, Successors, and/or Assigns, , In Care of P.O. Box 7168, Pasadena, California [91109]; and EQUIFAX CORPORATION, and EXPERIAN CORPORATION, and TRANSUNION CORPORATION, and JOHN DOES 1-50, JOINTLY AND SEVERALLY, CORPORATELY AND PERSONALLY, and any agents or assigns thereof, jointly and severally.

### Demand

Claimant hereby demands that all actions cease until the required proof has been provided by Nicole B. Metral, Acting as NICOLE B. METRAL ATTORNEY, of the BLANKROME, LLP Law Firm and Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In care of 2029 Century Park East, 6th Floor Los Angeles California [90067]; and Cheryl S. Chang, Acting as CHERYL S. CHANG ATTORNEY, of the BLANKROME, LLP Law Firm and Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In care of 2029 Century Park East, 6th Floor Los Angeles California [90067]; and Louise B. Marencik, Acting as LOUISE B. MARENCIK ATTORNEY, of the BLANKROME, LLP Law Firm and Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In care of 2029 Century Park East, 6th Floor Los Angeles California [90067]; and Jessica McElroy, Acting as JESSICA MCELROY ATTORNEY, of the BLANKROME, LLP Law Firm and Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In care of 2029 Century Park East, 6th Floor Los Angeles California [90067]; and Johnathan W.Y. Lai, Acting as JOHNATHAN W.Y. LAI ATTORNEY, of the WATANABE, ING LLP Law Firm and/or Agents, Successors, and/or Assigns, In care of First Hawaiian Center 999 Bishop Street, Suite 1250 Honolulu, Hawaii [96813]; and Jeff N. Miyashiro, Acting as JEFF N. MIYASHIRO ATTORNEY, of the WATANABE, ING LLP Law Firm and/or Agents, Successors, and/or Assigns, In care of First Hawaiian Center 999 Bishop Street, Suite 1250 Honolulu, Hawaii [96813]; and Elizabeth Dranttel, Acting as ELIZABETH DRANTTEL ATTORNEY, of the ROSE L. BRAND & ASSOCIATES, P.C., Law Firm and Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In care of 7430 Washington Street, NE, Albuquerque, New Mexico [87109]; and Mark T. Baker, Acting as MARK T. BAKER ATTORNEY, of the PEIFER, HANSON & MULLINS, P.A. Law Firm and Agent for PLAZA HOME MORTGAGE, INC and/or Agents, Successors, and/or Assigns, In care of Post Office Box 25245 Albuquerque, New Mexico [87125]; and Johnny Morton, Acting as JOHNNY MORTON EMPLOYEE, Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In care of 2285 Corporate Circle, Unit 160, Henderson, Nevada [89074]; and David A. Spector, Acting as DAVID A. SPECTOR, PRESIDENT and C.E.O. for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In Care of 3043 Townsgate Rd, Suite 200, Westlake Village, California [91361]; and Derek W. Stark, Acting as DEREK W. STARK, SENIOR MANAGING DIRECTOR AND CHIEF LEGAL OFFICER AND SECRETARY and Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In Care of 3043 Townsgate Rd, Suite 200, Westlake Village, California [91361]; and ALL AGENTS FOR PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In Care of 3043 Townsgate Rd, Suite 200, Westlake Village, California [91361]; and Veronica Hauck, Acting as VERONICA HAUCK, RECEPTIONIST and Employee for PLAZA HOME MORTGAGE, INC and/or Agents, Successors, and/or Assigns, In Care of P.O. Box 7168, Pasadena, California [91109]; and Michael R. Fontaine, Acting as MICHAEL R. FONTAINE, CHIEF OPERATING OFFICER and CHIEF FINANCIAL OFFICER for PLAZA HOME MORTGAGE, INC and/or Agents, Successors, and/or Assigns, , In Care of P.O. Box 7168, Pasadena, California [91109]; and EQUIFAX CORPORATION, and EXPERIAN CORPORATION, and TRANSUNION CORPORATION, and JOHN DOES 1-50, JOINTLY AND SEVERALLY, CORPORATELY AND PERSONALLY, and any agents or assigns thereof, jointly and severally. Respondent(s) proceeding in this matter constitutes Respondent's waiver of any and all immunities from all sources.

Tacit Acquiescence by non-response within fifteen (15) days of receipt of this presentment with any contract allegedly-signed by Claimant's hand as required above shall hereby verify Respondent's claim of debt is invalid, and that Respondents shall owe Claimant Twenty-five Thousand DOLLARS and Zero CENTS ($25,000.00US) per

respondent attempting to collect for presentment to Claimant of claim(s) made in gross negligence;  Failure to speak now to present a claim upon which relief can be granted within the time specified shall hereby establish agreement to this res judicata; stare decisis; and permanent estoppel thereby barring any further actions in the matter and establish judgment against all such false; invalid claims.

Failure to establish as required the proofs by contract shall further agree that Ronnie-Louis-Marvel: Kahapea, a living man is the heir to a private trust, to which the private american national is beneficiary, and by no means any Enemy; and shall never be tried for such claims in any Open Adversarial Public Court; and if any claim is sought by any party, that it shall be seen through the eye of exclusive-equity to view only that cause that is fair; just; equal; noble; and righteous, as hereby stipulated by this express intent to create special trust; govern yourselves therefore with peace, and in accord with the highest trust and treaty in the land.

## SILENCE IS ACQUIESCENCE-SPEAK NOW OR FOREVER HOLD YOUR PEACE
Failure to respond or responding with other than the demanded verified proof and full, whole and complete accounting, via sworn affidavit, under Respondent's full and complete commercial liability, signing under penalty of perjury, will be documented with an Affidavit of Non-Response and an Affidavit of Non-Performance and constitutes an agreement between ALL Respondents and The Claimant that:

1. PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, were not harmed, injured, nor incurred a loss as a result of any alleged Order of Obligations, or disputes therefore having no past, present or future claim against Claimant; and
2. PLAZA HOME MORTGAGE, INC, and/or Agents, Successors, and/or Assigns, were not harmed, injured, nor incurred a loss as a result of any alleged Orders of Obligations, or disputes therefore having no past, present or future claim against Claimant; and
3. ALL Law Firms in this matter and/or their Agents, Successors, and/or Assigns agree, under penalty of perjury that any/all alleged RONNIE KAHAPEA or RONNIE LOUIS KAHAPEA or RONNIE LM KAHAPEA or any derivative of the named accounts and any/all alleged accounts affiliated with alleged Offer of Obligation or any disputes, its Agents, Successors, and/or Assigns have a zero dollar balance, leaving Ronnie Kahapea, a living man and Authorized Agent and Sole Beneficiary for the RONNIE LOUIS MARVEL KAHAPEA, A PRIVATE TRUST unencumbered, resulting in full and complete settlement, past, present and future between all parties.
4. PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns as well as PLAZA HOME MORTGAGE, INC, and/or Agents, Successors, and/or Assigns will accept the court fees, attorney fees and service costs to this matter.

## Ledgering:
The execution of any action without first providing proof and the required rebuttal of the affidavit herein, constitutes injury and harm and does make you, Nicole B. Metral, Acting as NICOLE B. METRAL ATTORNEY, of the BLANKROME, LLP Law Firm and Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In care of 2029 Century Park East, 6th Floor Los Angeles California [90067]; and Cheryl S. Chang, Acting as CHERYL S. CHANG ATTORNEY, of the BLANKROME, LLP Law Firm and Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In care of 2029 Century Park East, 6th Floor Los Angeles California [90067]; and Louise B. Marencik, Acting as LOUISE B. MARENCIK ATTORNEY, of the BLANKROME, LLP Law Firm and Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In care of 2029 Century Park East, 6th Floor Los Angeles California [90067]; and Jessica McElroy, Acting as JESSICA MCELROY ATTORNEY, of the BLANKROME, LLP Law Firm and Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In care of 2029 Century Park East, 6th Floor Los Angeles California [90067]; and Johnathan W.Y. Lai, Acting as JOHNATHAN W.Y. LAI ATTORNEY, of the WATANABE, ING LLP Law Firm and/or Agents, Successors, and/or Assigns, In care of First Hawaiian Center 999 Bishop Street, Suite 1250 Honolulu, Hawaii [96813]; and Jeff N. Miyashiro, Acting as JEFF N. MIYASHIRO ATTORNEY, of the WATANABE, ING LLP Law Firm and/or Agents, Successors, and/or Assigns, In care of First Hawaiian Center 999 Bishop Street, Suite 1250 Honolulu, Hawaii [96813]; and Elizabeth Dranttel, Acting as ELIZABETH DRANTTEL ATTORNEY, of the ROSE L. BRAND & ASSOCIATES, P.C., Law Firm and Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In care of 7430 Washington Street, NE, Albuquerque, New Mexico [87109]; and Mark T. Baker, Acting as MARK T. BAKER ATTORNEY, of

the PEIFER, HANSON & MULLINS, P.A. Law Firm and Agent for PLAZA HOME MORTGAGE, INC and/or Agents, Successors, and/or Assigns, In care of Post Office Box 25245 Albuquerque, New Mexico [87125]; and Johnny Morton, Acting as JOHNNY MORTON EMPLOYEE, Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In care of 2285 Corporate Circle, Unit 160, Henderson, Nevada [89074]; and David A. Spector, Acting as DAVID A. SPECTOR, PRESIDENT and C.E.O. for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In Care of 3043 Townsgate Rd, Suite 200, Westlake Village, California [91361]; and Derek W. Stark, Acting as DEREK W. STARK, SENIOR MANAGING DIRECTOR AND CHIEF LEGAL OFFICER AND SECRETARY and Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In Care of 3043 Townsgate Rd, Suite 200, Westlake Village, California [91361]; and ALL AGENTS FOR PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In Care of 3043 Townsgate Rd, Suite 200, Westlake Village, California [91361]; and Veronica Hauck, Acting as VERONICA HAUCK, RECEPTIONIST and Employee for PLAZA HOME MORTGAGE, INC and/or Agents, Successors, and/or Assigns, In Care of P.O. Box 7168, Pasadena, California [91109]; and Michael R. Fontaine, Acting as MICHAEL R. FONTAINE, CHIEF OPERATING OFFICER and CHIEF FINANCIAL OFFICER for PLAZA HOME MORTGAGE, INC and/or Agents, Successors, and/or Assigns, , In Care of P.O. Box 7168, Pasadena, California [91109]; and EQUIFAX CORPORATION, and EXPERIAN CORPORATION, and TRANSUNION CORPORATION, and JOHN DOES 1-50, JOINTLY AND SEVERALLY, CORPORATELY AND PERSONALLY, and any agents or assigns thereof, jointly and severally, personally liable on a claim that may be liquidated against your public hazard bond, wages, earnings, rents, accounts, property, assets, and income from every source. Any insufficient response shall incur a liability payable to Claimant upon demand for Twenty-five Thousand DOLLARS and Zero CENTS ($25,000.00US) per count. Failure to comply or willfully ignoring this notice by your action(s) does constitute harm, injury, and infringes upon Claimant's Rights. The execution of any action thereby causing injury or harm without first providing the required proof or response makes you liable for Twenty-five Thousand DOLLARS and Zero CENTS ($25,000.00US) for each provision that was not satisfied including but not limited to each and every negative credit reporting with Credit Bureaus, including but not limited to EXPERIAN, EQUIFAX, and TRANSUNION.

**WARNING:**

If you are doing business as a lawyer, law firm, collection agency, and bank in the United States, your ignorance of the LAW is not an excuse. You are required to rebut the statements in this affidavit with your own affidavit on a point by point basis certified by your signature under the penalty of perjury.

This letter constitutes constructive notice to the recipient(s).

Sincerely,

Ronnie Louis Martel Kahapea, American Freeman
Private Citizen of the United States: American National
Private Citizen of the State of Hawaii
Special and Private Resident of the County of Hawaii
All Rights Reserved Without Prejudice

**Please direct responses to:**
Ronnie-Louis-Marvel: Kahapea, Sole Beneficiary and Authorized Agent for
RONNIE LOUIS MARVEL KAHAPEA FAMILY TRUST
c/o Ronnie-Louis-Marvel: Kahapea P.O. Box 875 Volcano, Hawaii [near 96785]

Enclosure(s):
 (1) Commercial Affidavit dated November 3 (9 pages); and
 (2) Fee Schedule dated November 3 (6 pages); and

**Copies to:**
**The Honorable Governor, David Y. Ige, in care of State of Hawaii Executive Chambers State Capitol Honolulu, Hawaii 96813, and**

**The Honorable Attorney General of Hawaii, Clare E. Connors, in care of 425 Queen Street,  Honolulu, Hawaii 96813; and**

**The Honorable Governor, Gavin Newsom, in care of 1303 10th Street, Suite 1173 Sacramento, California 95814; and**

**The Honorable Attorney General of California, Xavier Becerra, in care of 1300 I Street, Suite 1740, Sacramento, California 95814.**

**Notice to Agent is notice to Principal. Notice to Principal is notice to Agent.**

# COMMERCIAL AFFIDAVIT

**COMMERCIAL AFFIDAVIT**

The undersigned Affiant, Ronnie Louis Marvel Kahapea, hereinafter "Affiant," does solemnly swear, declare and state as follows:

1.     Affiant is competent to state the matters set forth herein.

2.     Affiant has knowledge of the facts stated herein.

3.     All the facts herein are true, correct and complete, admissible as evidence and if called upon as a witness, Affiant will testify to their veracity.

**Plain Statement of Facts**

5.   There is no evidence that PENNYMAC LOAN SERVICES, LLC, hereinafter Respondents, have provided verified proof and full, whole, and complete accounting, via sworn affidavit, under penalty of perjury, with full and complete commercial liability, that supports Respondent's position that a :real-party-in-interest: among the Respondents is injured, wronged, harmed, or suffered a loss due by the Affiant, and the Affiant believes no such evidence exists; and

6.   There is no evidence that PLAZA HOME MORTGAGE, INC, hereinafter included in the title of Respondents, have provided verified proof and full, whole, and complete accounting, via sworn affidavit, under penalty of perjury, with full and complete commercial liability, that supports Respondent's position that a :real-party-in-interest: among the Respondents is injured, wronged, harmed, or suffered a loss due by the Affiant, and the Affiant believes no such evidence exists; and

7.   There is no evidence that Respondents have provided proof that supports that the Respondents did NOT agree to a Notice of Default and Consent to contract with a tender of payment offer implementing a positive balance on subject account No. 1437829748, dated March 29, 2019, and the Affiant believes no such evidence exists; and

8.   There is no evidence that Respondent's did NOT receive Notice of Default and Consent to contract with a tender of payment offer implementing a positive balance on subject account No. 1437829748, dated March 29, 2019, and the Affiant believes no such evidence exists; and

9.   There is no evidence that the Instruments of Tender in the amount of Six Hundred Thousand DOLLARS and Zero CENTS were NOT placed into the custody of the Delivery Agent for settlement, setoff, and discharge of the subject Account on March 29, 2019 and the Affiant believes no such evidence exists; and

10.   There is no evidence that Defendants are NOT subject to the Uniform Commercial Code Article 3 Section 603, Tender of Payment Laws, which state whether Tender is accepted or rejected, there is discharge of debt, and the Affiant believes no such evidence exists; and

11.   There is no evidence that Respondents are NOT subject to the Uniform Commercial Code Article 3 Section 603, Tender of Payment Laws, which state whether Tender is accepted or rejected, there is discharge of debt, and the Affiant believes no such evidence exists; and

12.   There is no evidence that the arbitration award also known as SAA-191006-RK7652987-8VH389BSY is NOT in accordance with the terms of the contract agreement with the CONDITIONAL ACCEPTANCE FOR VALUE AND COUNTER OFFER/CLAIM FOR PROOF OF CLAIM and TENDER OF PAYMENT OFFERING also known as the Binding agreement between RONNIE LOUIS MARVEL KAHAPEA v. PENNYMAC LOAN SERVICES, LLC), and the Affiant believes no such evidence exists; and

13.   There is no evidence that the Defendants by contract, are unable to accept tender from the Claimant and that the Claimant is an unauthorized party under law to settle this alleged debt, and the Affiant believes no such evidence exists; and

14.   There is no evidence that the instruments of tender are merely an attempt to satisfy the account No. 1437829748 and actually do not pay or otherwise affect the alleged loan obligation for PENNYMAC LOAN SERVICES, LLC and the Affiant believes no such evidence exists; and

15.   There is no evidence that the instruments of tender are Not Negotiable, and the Affiant believes no such evidence exists; and

16.   There is no evidence that the instruments of tender tendered do not, in fact, provide defense of amounts allegedly owed by Claimant, and the Affiant believes no such evidence exists; and

1

17. There is no evidence that the instruments of tender do not affect PENNYMAC LOAN SERVICES, LLC's defense in the dishonor of the presentment of tender and the arbitration award, and the Affiant believes no such evidence exists; and

18. There is no evidence that the instruments of tender and the arbitration award and will not eliminate indebtedness, and the Affiant believes no such evidence exists; and

19. There is no evidence that the instruments of tender will result in default and a judgment of garnishment for an account which has been settled, setoff and discharged, and the Affiant believes no such evidence exists; and

20. There is no evidence that the instruments of tender are NOT in accordance and compliance with UCC 3-104; Title IV, Sec 401 (FRA); USC Title 12; USC Title 28, §§1631, 3002; and the Foreign Sovereign Immunity Act under necessity, and the Affiant believes no such evidence exists; and

21. There is no evidence that the instruments of tender are NOT in full accord with HJR-192 (June 5, 1933), Public Law 73-10, UCC 3-419, 1-104 and 10-104, and the Affiant believes no such evidence exists; and

22. There is no evidence that pursuant to 'State and Federal' TENDER OF PAYMENT statutes; that Respondents may refuse payment of any property, money, or instrument, while NOT discharging the debt, and the Affiant believes no such evidence exists; and

23. There is no evidence that the Treasury of The United States Department of Internal Revenue has returned the instruments of TENDER and that they are not holding or withholding an instrument valued at Six-hundred thousand DOLLARS and Zero CENTS ($600,000.00US) in credit, and the Affiant believes no such evidence exists; and

24. There is no evidence that the U.S. Bankruptcy is NOT verified in Senate Report No. 93-549 93rd Congress, 1st Session (1973), "Summary of Emergency Power Statutes," Executive Orders 6073, 6102, 6111 and by Executive Order 6260 on March 9, 1933, under the "Trading With The Enemy Act (Sixty-Fifth Congress, Session l, Chapters 105, 106, October 6, 1917), and as further codified at 12 U.S.C.A. 95(a) and (b) as amended, and the Affiant believes no such evidence exists; and

25. There is no evidence that the Claimant has not been estopped from using or that Claimant has access to 'lawful constitutional money of exchange' (See U.S. Constitution – Art. 1 § X) to 'PAY DEBTS AT LAW', and pursuant to HJR-192, can only discharge fines, fees, debts, and judgments 'dollar for dollar' via commercial paper or upon Affiant's exemption, and the Affiant believes no such evidence exists; and

26. There is no evidence that Ronnie-Louis-Marvel: Kahapea, Secured Party Creditor, a living man and Authorized Agent and Sole Beneficiary of the trust known as RONNIE LOUIS MARVEL KAHAPEA TRUST is NOT "Holder in Due Course" of the Preferred Stock of the federal Corporation (United States – February 21, 1871; 16 Stat l. 419): and holds a prior, superior, security interest and claim on the alleged DEBTOR and Debtor's property, and the Affiant believes no such evidence exists; AND

27. There is no evidence that a CONDITIONAL ACCEPTANCE FOR VALUE AND COUNTER OFFER/CLAIM FOR PROOF OF CLAIM and TENDER OF PAYMENT OFFERING dated March 29, 2019 also known as the Contract was NOT received by Respondents through the Delivery Agent, and the Affiant believes no such evidence exists; and

28. There is no evidence that the arbitration award awarded to the Claimant has been disputed within the time allowed to perform and the Affiant believes no such evidence exists; and

29. There is no evidence of the production of the Respondent's and/or their Agents, Successors, and/or Assigns of Respondent's oaths of all parties, title, and statutes, written and recorded to the Claimant pursuant to 18 USC 1001 and 1002, and 18 USC 1341 and 1342 for the voidance of perjury, and the Affiant believes no such evidence exists; and

30. There is no evidence that ALL law is based upon :adverb-verb:, descriptive or rhetorical verses factual, and that Respondents are NOT using deceptive practices for the voidance of perjury, while being paid is not a violation of 18 USC 1001 and 1002, and 18 USC 1341 and 1342, and the Affiant believes no such evidence exists; and

31. There is no evidence that Respondents are NOT using the NOM DE GURERRE names pursuant to 18 USC 1001 and 1002, and 18 USC 1341 and 1342, and the Affiant believes no such evidence exists; and

32. There is no evidence that Respondents are NOT using false advertising, fictitious use of language, pertaining to Title 18, 1001 Fraud Act by the use of closed brackets and vectors violating the four corner rules, pursuant to Black's Law Dictionary 5th ed, Page 591, and the Affiant believes no such evidence exists; and

33. There is no evidence that Respondents are NOT using fraudulent conveyance of language to force the Claimant to appear IN THE MATTER OF THE ARBITRATION FINAL AWARD SO AWARDED TO THE CLAIMANT, also known as CASE NO.: SAARK-A102A-061019, also known as SAA-191006-RK7652987-8VH389BSY as Documented, also in direct reference to CASE NO. 1:19-mc-00028-MV as recorded IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO as a claim in the amount of One-million two-hundred Thousand DOLLARS and zero CENTS ($1,200,000.00US). IN THE MATTER OF PENNYMAC LOAN SERVICES, LLC LOAN Document No. T-9590158 as found being the Deed of Trust in the State of Hawaii, as well as IN THE MATTER OF PENNYMAC LOAN SERVICES, LLC LOAN Document No. T-10861314 as found being the Assignment of Mortgage in the State of Hawaii. IN THE MATTER of court-filed Document 5-2, page 4 of 14 of CASE NO.: 1:19-mc-00028-MV as recorded IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO also known as the CONDITIONAL ACCEPTANCE FOR VALUE AND COUNTER OFFER/CLAIM FOR PROOF OF CLAIM and TENDER OF PAYMENT OFFERING also known as the Binding agreement between RONNIE LOUIS MARVEL KAHAPEA v. PENNYMAC LOAN SERVICES, LLC and PLAZA HOME MORTGAGE, INC.. IN THE MATTER of the LETTER ROGATORY FOR RELIEF/ACCEPTANCE OF OFFICIAL OATH OF MARTHA VASQUEZ via Certified mail No.: 7019 0700 0000 6907 1034. IN THE MATTER of the ORDER granting the unspecified specie amount of Fifty thousand Six hundred thirty-three purported dollars and Eighty-three purported cents ($50,633.83) in attorneys' fees and costs, also known as the Case NO.: 3CSP-20-0000061 IN THE CIRCUIT COURT OF THE THIRD CIRCUIT STATE OF HAWAII and IN THE CIRCUIT COURT OF THE SECOND CIRCUIT STATE OF HAWAII to appear and pay funds, and the Affiant believes no such evidence exists; and

34. There is no evidence with a Justice of the Peace under penalty of perjury that Respondents are NOT using Fictitious Conveyance of Language as a device for unjust gain against the Claimant, and the Affiant believes no such evidence exists; and

35. There is no evidence as to what specie Respondents will accept or lawfully require as payment of the alleged debt(s) known IN THE MATTER OF THE ARBITRATION FINAL AWARD SO AWARDED TO THE CLAIMANT, also known as CASE NO.: SAARK-A102A-061019, also known as SAA-191006-RK7652987-8VH389BSY as Documented, also in direct reference to CASE NO. 1:19-mc-00028-MV as recorded IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO as a claim in the amount of One-million two-hundred Thousand DOLLARS and zero CENTS ($1,200,000.00US). IN THE MATTER OF PENNYMAC LOAN SERVICES, LLC LOAN Document No. T-9590158 as found being the Deed of Trust in the State of Hawaii, as well as IN THE MATTER OF PENNYMAC LOAN SERVICES, LLC LOAN Document No. T-10861314 as found being the Assignment of Mortgage in the State of Hawaii. IN THE MATTER of court-filed Document 5-2, page 4 of 14 of CASE NO.: 1:19-mc-00028-MV as recorded IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO also known as the CONDITIONAL ACCEPTANCE FOR VALUE AND COUNTER OFFER/CLAIM FOR PROOF OF CLAIM and TENDER OF PAYMENT OFFERING also known as the Binding agreement between RONNIE LOUIS MARVEL KAHAPEA v. PENNYMAC LOAN SERVICES, LLC and PLAZA HOME MORTGAGE, INC.. IN THE MATTER of the LETTER ROGATORY FOR RELIEF/ACCEPTANCE OF OFFICIAL OATH OF MARTHA VASQUEZ via Certified mail No.: 7019 0700 0000 6907 1034. IN THE MATTER of the ORDER granting the unspecified specie amount of Fifty thousand Six hundred thirty-three purported dollars and Eighty-three purported cents ($50,633.83) in attorneys' fees and costs, also known as the Case NO.: 3CSP-20-0000061 IN THE CIRCUIT COURT OF THE THIRD CIRCUIT STATE OF HAWAII and IN THE CIRCUIT COURT OF THE SECOND CIRCUIT STATE OF HAWAII. and pursuant to 18 USC § 8 and then 31 USC § 3124 and Attachment A, Respondents are NOT forcing Claimant to break the law if Respondents are demanding Federal Reserve Notes, and the Affiant believes no such evidence exists: and

36. There is no evidence as to which dictionary or styles manual Respondents are writing from in their Offers of Obligation, whereby Claimant can easily refer to and understand the referenced Offers of Obligation, and the Affiant believes no such evidence exists; and

37. There is no evidence that Respondents have a copy-right release from the Post-Master-General to copy Post-Master-General's 1st class-postage stamps and/or 2nd class-postage stamps and/or metered stamps, and the Affiant believes no such evidence exists; and

38. There is no evidence that Respondents are NOT using false conveyance of language and violating The Deceptive Trade Practices Act for ill-gotten-gain against the Claimant, and the Affiant believes no such evidence exists; and

39. There is no evidence that Respondents are NOT violating The Americans With Disabilities Act and the Antitrust with the Federal Trade Commission and the Fair Debt Collection Practices Act and 18 USC 1001 and 18 USC 1341 and 18 USC 1342 for Respondent's profit without the expressed written authorization of the Claimant, and the Affiant believes no such evidence exists; and

40. There is no evidence that Respondents provided Claimant an interpreter to the conveyance of language, Correct-Sentence-Structure-Communication-Parse-Syntax-Grammar, pursuant to the 1964 Discrimination Act, and the Affiant believes no such evidence exists; and

41. There is no evidence of all parties receiving this Constructive Notice of Conditional Acceptance and Commercial Affidavit and Fee Schedule of Respondent's full given names using no abbreviations nor all capitalized names nor fictitious titles, and the Affiant believes no such evidence exists; and

42. There is no evidence of Respondent's qualifications and/or official capacities along with letters of appointments and/or letters of delegation of authorities, and the Affiant believes no such evidence exists; and

43. There is no evidence and proof of Respondent's mandate or authority and bond and actual state license and not merely a BAR Union Membership Card as an attorney, and the Affiant believes no such evidence exists; and

44. There is no evidence of Respondent's Oaths of Office true copies along with the proper autographs whereby the Respondents are accepting full commercial liability, and the Affiant believes no such evidence exists; and

45. There is no evidence of Respondent's Anti Bribery statement as directed by the Foreign Corrupt Practices Act – Anti-Bribery Provisions, as was required when Respondent's took their oath, and require Respondents foreign registration statement which must be on file, as all those who take oaths become foreign at the time of the oath, per Title 22 USC Code 612, and the Affiant believes no such evidence exists; and

46. There is no evidence of the documentation from all parties participating IN THE MATTER OF THE ARBITRATION FINAL AWARD SO AWARDED TO THE CLAIMANT, also known as CASE NO.: SAARK-A102A-061019, also known as SAA-191006-RK7652987-8VH389BSY as Documented, also in direct reference to CASE NO. 1:19-mc-00028-MV as recorded IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO as a claim in the amount of One-million two-hundred Thousand DOLLARS and zero CENTS ($1,200,000.00US). IN THE MATTER OF PENNYMAC LOAN SERVICES, LLC LOAN Document No. T-9590158 as found being the Deed of Trust in the State of Hawaii, as well as IN THE MATTER OF PENNYMAC LOAN SERVICES, LLC LOAN Document No. T-10861314 as found being the Assignment of Mortgage in the State of Hawaii. IN THE MATTER of court-filed Document 5-2, page 4 of 14 of CASE NO.: 1:19-mc-00028-MV as recorded IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO also known as the CONDITIONAL ACCEPTANCE FOR VALUE AND COUNTER OFFER/CLAIM FOR PROOF OF CLAIM AND TENDER OF PAYMENT OFFERING also known as the Binding agreement between RONNIE LOUIS MARVEL KAHAPEA v. PENNYMAC LOAN SERVICES, LLC and PLAZA HOME MORTGAGE, INC.. IN THE MATTER of the LETTER ROGATORY FOR RELIEF/ACCEPTANCE OF OFFICIAL OATH OF MARTHA VASQUEZ via Certified mail No.: 7019 0700 0000 6907 1034. IN THE MATTER of the ORDER granting the unspecified specie amount of Fifty thousand Six hundred thirty-three purported dollars and Eighty-three purported cents ($50,633.83) in attorneys' fees and costs, also known as the Case NO.: 3CSP-20-0000061 IN THE CIRCUIT COURT OF THE THIRD CIRCUIT STATE OF HAWAII and IN THE CIRCUIT COURT OF THE SECOND CIRCUIT STATE OF HAWAII and the bonds Respondents provided, including definitions and sources of words used, to protect and indemnify Claimant in the event of a harm by those parties and their sworn evidence that Respondents are acting within their official capacity, including personal addresses of those parties who are found to be acting outside their authority plus their sworn evidence that they are acting within their official, and the Affiant believes no such evidence exists; and

47. There is no evidence of Respondent's copies of all tax forms for all named Respondents resulting from profits derived from the securities generated IN THE MATTER OF THE ARBITRATION FINAL AWARD SO AWARDED TO THE CLAIMANT, also known as CASE NO.: SAARK-A102A-061019,

also known as SAA-191006-RK7652987-8VH389BSY as Documented, also in direct reference to CASE NO. 1:19-mc-00028-MV as recorded IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO as a claim in the amount of One-million two-hundred Thousand DOLLARS and zero CENTS ($1,200,000.00US). IN THE MATTER OF PENNYMAC LOAN SERVICES, LLC LOAN Document No. T-9590158 as found being the Deed of Trust in the State of Hawaii, as well as IN THE MATTER OF PENNYMAC LOAN SERVICES, LLC LOAN Document No. T-10861314 as found being the Assignment of Mortgage in the State of Hawaii. IN THE MATTER of court-filed Document 5-2, page 4 of 14 of CASE NO.: 1:19-mc-00028-MV as recorded IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO also known as the CONDITIONAL ACCEPTANCE FOR VALUE AND COUNTER OFFER/CLAIM FOR PROOF OF CLAIM and TENDER OF PAYMENT OFFERING also known as the Binding agreement between RONNIE LOUIS MARVEL KAHAPEA v. PENNYMAC LOAN SERVICES, LLC and PLAZA HOME MORTGAGE, INC.. IN THE MATTER of the LETTER ROGATORY FOR RELIEF/ACCEPTANCE OF OFFICIAL OATH OF MARTHA VASQUEZ via Certified mail No.: 7019 0700 0000 6907 1034. IN THE MATTER of the ORDER granting the unspecified specie amount of Fifty thousand Six hundred thirty-three purported dollars and Eighty-three purported cents ($50,633.83) in attorneys' fees and costs, also known as the Case NO.: 3CSP-20-0000061 IN THE CIRCUIT COURT OF THE THIRD CIRCUIT STATE OF HAWAII and IN THE CIRCUIT COURT OF THE SECOND CIRCUIT STATE OF HAWAII to prevent suspicious activity of unreported tax liabilities, and the Affiant believes no such evidence exists; and

48. There is no evidence that the alleged obligation/claim known IN THE MATTER OF THE ARBITRATION FINAL AWARD SO AWARDED TO THE CLAIMANT, also known as CASE NO.: SAARK-A102A-061019, also known as SAA-191006-RK7652987-8VH389BSY as Documented, also in direct reference to CASE NO. 1:19-mc-00028-MV as recorded IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO as a claim in the amount of One-million two-hundred Thousand DOLLARS and zero CENTS ($1,200,000.00US). IN THE MATTER OF PENNYMAC LOAN SERVICES, LLC LOAN Document No. T-9590158 as found being the Deed of Trust in the State of Hawaii, as well as IN THE MATTER OF PENNYMAC LOAN SERVICES, LLC LOAN Document No. T-10861314 as found being the Assignment of Mortgage in the State of Hawaii. IN THE MATTER of court-filed Document 5-2, page 4 of 14 of CASE NO.: 1:19-mc-00028-MV as recorded IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO also known as the CONDITIONAL ACCEPTANCE FOR VALUE AND COUNTER OFFER/CLAIM FOR PROOF OF CLAIM and TENDER OF PAYMENT OFFERING also known as the Binding agreement between RONNIE LOUIS MARVEL KAHAPEA v. PENNYMAC LOAN SERVICES, LLC and PLAZA HOME MORTGAGE, INC.. IN THE MATTER of the LETTER ROGATORY FOR RELIEF/ACCEPTANCE OF OFFICIAL OATH OF MARTHA VASQUEZ via Certified mail No.: 7019 0700 0000 6907 1034. IN THE MATTER of the ORDER granting the unspecified specie amount of Fifty thousand Six hundred thirty-three purported dollars and Eighty-three purported cents ($50,633.83) in attorneys' fees and costs, also known as the Case NO.: 3CSP-20-0000061 IN THE CIRCUIT COURT OF THE THIRD CIRCUIT STATE OF HAWAII and IN THE CIRCUIT COURT OF THE SECOND CIRCUIT STATE OF HAWAII does not constitute a false and deceptive and misleading representation in connection with the collection of any debt including the false representation of the character or legal status of any debt and further makes a threat to take any action that cannot legally be taken a deceptive practice congruent with 15 U.S.C. § 1692 (e), and the Affiant believes no such evidence exists; and

49. There is no evidence that the Respondents can prove that there does not already exist a private agreement between the parties of a settlement with an unrebutted affidavit of zero balance or any derivative thereof thus making any further action vexatious litigation and a waste of taxpayer dollars, and the Affiant believes no such evidence exists; and

50. There is no evidence that any and all named Respondents have a letter of delegation of authority to attack the trust known as the RONNIE LOUIS MARVEL KAHAPEA TRUST, which is duly recorded in the public record, and the Affiant believes no such evidence exists; and

51. There is no evidence that Nicole B. Metral, Acting as NICOLE B. METRAL ATTORNEY, of the BLANKROME, LLP Law Firm and Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In care of 2029 Century Park East, 6th Floor Los Angeles California [90067]; and Cheryl S. Chang, Acting as CHERYL S. CHANG ATTORNEY, of the BLANKROME, LLP Law

Firm and Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In care of 2029 Century Park East, 6th Floor Los Angeles California [90067]; and Louise B. Marencik, Acting as LOUISE B. MARENCIK ATTORNEY, of the BLANKROME, LLP Law Firm and Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In care of 2029 Century Park East, 6th Floor Los Angeles California [90067]; and Jessica McElroy, Acting as JESSICA MCELROY ATTORNEY, of the BLANKROME, LLP Law Firm and Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In care of 2029 Century Park East, 6th Floor Los Angeles California [90067]; and Johnathan W.Y. Lai, Acting as JOHNATHAN W.Y. LAI ATTORNEY, of the WATANABE, ING LLP Law Firm and/or Agents, Successors, and/or Assigns, In care of First Hawaiian Center 999 Bishop Street, Suite 1250 Honolulu, Hawaii [96813]; and Jeff N. Miyashiro, Acting as JEFF N. MIYASHIRO ATTORNEY, of the WATANABE, ING LLP Law Firm and/or Agents, Successors, and/or Assigns, In care of First Hawaiian Center 999 Bishop Street, Suite 1250 Honolulu, Hawaii [96813]; and Elizabeth Dranttel, Acting as ELIZABETH DRANTTEL ATTORNEY, of the ROSE L. BRAND & ASSOCIATES, P.C., Law Firm and Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In care of 7430 Washington Street, NE, Albuquerque, New Mexico [87109]; and Mark T. Baker, Acting as MARK T. BAKER ATTORNEY, of the PEIFER, HANSON & MULLINS, P.A. Law Firm and Agent for PLAZA HOME MORTGAGE, INC and/or Agents, Successors, and/or Assigns, In care of Post Office Box 25245 Albuquerque, New Mexico [87125]; and Johnny Morton, Acting as JOHNNY MORTON EMPLOYEE, Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In care of 2285 Corporate Circle, Unit 160, Henderson, Nevada [89074]; and David A. Spector, Acting as DAVID A. SPECTOR, PRESIDENT and C.E.O. for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In Care of 3043 Townsgate Rd, Suite 200, Westlake Village, California [91361]; and Derek W. Stark, Acting as DEREK W. STARK, SENIOR MANAGING DIRECTOR AND CHIEF LEGAL OFFICER AND SECRETARY and Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In Care of 3043 Townsgate Rd, Suite 200, Westlake Village, California [91361]; and ALL AGENTS FOR PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In Care of 3043 Townsgate Rd, Suite 200, Westlake Village, California [91361]; and Veronica Hauck, Acting as VERONICA HAUCK, RECEPTIONIST and Employee for PLAZA HOME MORTGAGE, INC and/or Agents, Successors, and/or Assigns, In Care of P.O. Box 7168, Pasadena, California [91109]; and Michael R. Fontaine, Acting as MICHAEL R. FONTAINE, CHIEF OPERATING OFFICER and CHIEF FINANCIAL OFFICER for PLAZA HOME MORTGAGE, INC and/or Agents, Successors, and/or Assigns, , In Care of P.O. Box 7168, Pasadena, California [91109]; and EQUIFAX CORPORATION, and EXPERIAN CORPORATION, and  TRANSUNION CORPORATION, and JOHN DOES 1-50, JOINTLY AND SEVERALLY, CORPORATELY AND PERSONALLY failure to timely and sufficiently respond on a point-by-point basis, via sworn affidavit, under their full commercial liability, signing under penalty of perjury that the facts contained therein are true, correct, complete and not misleading, within fifteen (15) days of receipt of this Commercial Affidavit does not constitute acceptance of any liabilities incurred pursuant to the Fee Schedule, enclosed herewith and incorporated herein in its entirety by this reference, regarding any further action in this matter and the Affiant believes that no such evidence exists; AND

52. There is no evidence that Nicole B. Metral, Acting as NICOLE B. METRAL ATTORNEY, of the BLANKROME, LLP Law Firm and Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In care of 2029 Century Park East, 6th Floor Los Angeles California [90067]; and Cheryl S. Chang, Acting as CHERYL S. CHANG ATTORNEY, of the BLANKROME, LLP Law Firm and Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In care of 2029 Century Park East, 6th Floor Los Angeles California [90067]; and Louise B. Marencik, Acting as LOUISE B. MARENCIK ATTORNEY, of the BLANKROME, LLP Law Firm and Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In care of 2029 Century Park East, 6th Floor Los Angeles California [90067]; and Jessica McElroy, Acting as JESSICA MCELROY ATTORNEY, of the BLANKROME, LLP Law Firm and Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In care of 2029 Century Park East, 6th Floor Los Angeles California [90067]; and Johnathan W.Y. Lai, Acting as JOHNATHAN W.Y. LAI ATTORNEY, of the WATANABE, ING LLP Law Firm and/or Agents, Successors, and/or Assigns, In care of First Hawaiian Center 999 Bishop Street, Suite 1250 Honolulu, Hawaii [96813]; and Jeff N. Miyashiro, Acting as JEFF N. MIYASHIRO ATTORNEY, of the WATANABE, ING LLP Law Firm and/or Agents,

Successors, and/or Assigns, In care of First Hawaiian Center 999 Bishop Street, Suite 1250 Honolulu, Hawaii [96813]; and Elizabeth Dranttel, Acting as ELIZABETH DRANTTEL ATTORNEY, of the ROSE L. BRAND & ASSOCIATES, P.C., Law Firm and Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In care of 7430 Washington Street, NE, Albuquerque, New Mexico [87109]; and Mark T. Baker, Acting as MARK T. BAKER ATTORNEY, of the PEIFER, HANSON & MULLINS, P.A. Law Firm and Agent for PLAZA HOME MORTGAGE, INC and/or Agents, Successors, and/or Assigns, In care of Post Office Box 25245 Albuquerque, New Mexico [87125]; and Johnny Morton, Acting as JOHNNY MORTON EMPLOYEE, Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In care of 2285 Corporate Circle, Unit 160, Henderson, Nevada [89074]; and David A. Spector, Acting as DAVID A. SPECTOR, PRESIDENT and C.E.O. for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In Care of 3043 Townsgate Rd, Suite 200, Westlake Village, California [91361]; and Derek W. Stark, Acting as DEREK W. STARK, SENIOR MANAGING DIRECTOR AND CHIEF LEGAL OFFICER AND SECRETARY and Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In Care of 3043 Townsgate Rd, Suite 200, Westlake Village, California [91361]; and ALL AGENTS FOR PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In Care of 3043 Townsgate Rd, Suite 200, Westlake Village, California [91361]; and Veronica Hauck, Acting as VERONICA HAUCK, RECEPTIONIST and Employee for PLAZA HOME MORTGAGE, INC and/or Agents, Successors, and/or Assigns, In Care of P.O. Box 7168, Pasadena, California [91109]; and Michael R. Fontaine, Acting as MICHAEL R. FONTAINE, CHIEF OPERATING OFFICER and CHIEF FINANCIAL OFFICER for PLAZA HOME MORTGAGE, INC and/or Agents, Successors, and/or Assigns, , In Care of P.O. Box 7168, Pasadena, California [91109]; and EQUIFAX CORPORATION, and EXPERIAN CORPORATION, and TRANSUNION CORPORATION, and JOHN DOES 1-50, JOINTLY AND SEVERALLY, CORPORATELY AND PERSONALLY failure to timely and sufficiently respond on a point-by-point basis, via sworn affidavit, under his full commercial liability, signing under penalty of perjury that the facts contained therein are true, correct, complete and not misleading, within fifteen (15) days of receipt of this Commercial Affidavit does not constitute acceptance for himself/herself and for FIRST NATIONAL BANK OF OMAHA, also known as CITIZENS BANK AND TRUST DISCOVER CARD ACCOUNT NUMBER of any liabilities incurred pursuant to the Fee Schedule regarding any further action in this matter and the Affiant believes that no such evidence exists; AND

53. There is no evidence that Nicole B. Metral, Acting as NICOLE B. METRAL ATTORNEY, of the BLANKROME, LLP Law Firm and Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In care of 2029 Century Park East, 6th Floor Los Angeles California [90067]; and Cheryl S. Chang, Acting as CHERYL S. CHANG ATTORNEY, of the BLANKROME, LLP Law Firm and Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In care of 2029 Century Park East, 6th Floor Los Angeles California [90067]; and Louise B. Marencik, Acting as LOUISE B. MARENCIK ATTORNEY, of the BLANKROME, LLP Law Firm and Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In care of 2029 Century Park East, 6th Floor Los Angeles California [90067]; and Jessica McElroy, Acting as JESSICA MCELROY ATTORNEY, of the BLANKROME, LLP Law Firm and Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In care of 2029 Century Park East, 6th Floor Los Angeles California [90067]; and Johnathan W.Y. Lai, Acting as JOHNATHAN W.Y. LAI ATTORNEY, of the WATANABE, ING LLP Law Firm and/or Agents, Successors, and/or Assigns, In care of First Hawaiian Center 999 Bishop Street, Suite 1250 Honolulu, Hawaii [96813]; and Jeff N. Miyashiro, Acting as JEFF N. MIYASHIRO ATTORNEY, of the WATANABE, ING LLP Law Firm and/or Agents, Successors, and/or Assigns, In care of First Hawaiian Center 999 Bishop Street, Suite 1250 Honolulu, Hawaii [96813]; and Elizabeth Dranttel, Acting as ELIZABETH DRANTTEL ATTORNEY, of the ROSE L. BRAND & ASSOCIATES, P.C., Law Firm and Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In care of 7430 Washington Street, NE, Albuquerque, New Mexico [87109]; and Mark T. Baker, Acting as MARK T. BAKER ATTORNEY, of the PEIFER, HANSON & MULLINS, P.A. Law Firm and Agent for PLAZA HOME MORTGAGE, INC and/or Agents, Successors, and/or Assigns, In care of Post Office Box 25245 Albuquerque, New Mexico [87125]; and Johnny Morton, Acting as JOHNNY MORTON EMPLOYEE, Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In care of 2285 Corporate Circle, Unit 160, Henderson, Nevada [89074]; and David A. Spector, Acting as DAVID A. SPECTOR, PRESIDENT and

C.E.O. for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In Care of 3043 Townsgate Rd, Suite 200, Westlake Village, California [91361]; and Derek W. Stark, Acting as DEREK W. STARK, SENIOR MANAGING DIRECTOR AND CHIEF LEGAL OFFICER AND SECRETARY and Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In Care of 3043 Townsgate Rd, Suite 200, Westlake Village, California [91361]; and ALL AGENTS FOR PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In Care of 3043 Townsgate Rd, Suite 200, Westlake Village, California [91361]; and Veronica Hauck, Acting as VERONICA HAUCK, RECEPTIONIST and Employee for PLAZA HOME MORTGAGE, INC and/or Agents, Successors, and/or Assigns, In Care of P.O. Box 7168, Pasadena, California [91109]; and Michael R. Fontaine, Acting as MICHAEL R. FONTAINE, CHIEF OPERATING OFFICER and CHIEF FINANCIAL OFFICER for PLAZA HOME MORTGAGE, INC and/or Agents, Successors, and/or Assigns, , In Care of P.O. Box 7168, Pasadena, California [91109]; and EQUIFAX CORPORATION, and EXPERIAN CORPORATION, and  TRANSUNION CORPORATION, and JOHN DOES 1-50, JOINTLY AND SEVERALLY, CORPORATELY AND PERSONALLY failure to timely and sufficiently respond on a point-by-point basis, via sworn affidavit, under his full commercial liability, signing under penalty of perjury that the facts contained therein are true, correct, complete and not misleading, within fifteen (15) days of receipt of this Commercial Affidavit does not constitute acceptance for himself/herself and for Nicole B. Metral, Acting as NICOLE B. METRAL ATTORNEY, of the BLANKROME, LLP Law Firm and Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In care of 2029 Century Park East, 6th Floor Los Angeles California [90067] of any liabilities incurred pursuant to the Fee Schedule regarding any further action in this matter and the Affiant believes that no such evidence exists.

IN WITNESS WHEREOF I hereunto set my hand and seal on this 3rd day of November, 2020 and hereby certify all the statements made above are true, correct and complete.

Ronnie Louis Marvel Kahapea, American Freeman
Private Citizen of the United States: American National
Private Citizen of the State of Hawaii
Special and Private Resident of the County of Hawaii
All Rights Reserved Without Prejudice

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document, to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

NOTARY NOTICE: Notaries, in reference to this Document, are Prohibited from: Giving Legal Advice, analyzing, critiquing, offering an opinion, making a legal determination or Altering anything, in whole or in part, within the above document. Liability may incur Bond Damages for Trespass and/or harm upon a private Man.

**************************************************************************

# JURAT

### NOTARY CERTIFICATION

**STATE OF** HAWAII
**COUNTY OF** HAWAII

**Waynette-Anne K. Schubert-Sumiki**

On _Nov 3_ ,2020 before me _____ Notary Public, personally stood **Ronnie Louis Marvel Kahapea**, a natural man, who proved to me on the basis of satisfactory evidence to be the living soul whose name is subscribed to the within instrument described/ Titled: _Commercial   Affidavit_
of _3rd_ Circuit, with _9_ pages, dated _11 3 2020_ , acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument pursuant to Chapter 456, Hawaii Revised Statutes and Hawaii Administration Rules § 5-11-8.
My commission will expire _10-02-2021_

## I certify under PENALTY OF PERJURY under the laws of the State of Hawaii that the foregoing paragraph is true and correct.

Witness my hand and the official seal of my office.

Signature _Waynette-anne K Schubert Sumiki_
Notary Public   **Waynette-Anne K. Schubert-Sumiki**
State of Hawaii , County of Hawaii

*SEAL*

9

# FEE SCHEDULE

**FEE SCHEDULE**

Claimant:     Ronnie-Louis-Marvel: Kahapea, a living man and Authorized
              Agent and Sole Beneficiary of the trust known as
              RONNIE LOUIS MARVEL KAHAPEA, A PRIVATE TRUST
              C/O Ronnie-Louis-Marvel: Kahapea
              Volcano [96785] Hawaii

**Respondents:**

Nicole B. Metral, Acting as NICOLE B. METRAL ATTORNEY, of the BLANKROME, LLP Law Firm and Agent for
PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In care of 2029 Century Park East, 6th Floor
Los Angeles California [90067]; and

Cheryl S. Chang, Acting as CHERYL S. CHANG ATTORNEY, of the BLANKROME, LLP Law Firm and Agent for
PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In care of 2029 Century Park East, 6th Floor
Los Angeles California [90067]; and

Louise B. Marencik, Acting as LOUISE B. MARENCIK ATTORNEY, of the BLANKROME, LLP Law Firm and Agent for
PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In care of 2029 Century Park East, 6th Floor
Los Angeles California [90067]; and

Jessica McElroy, Acting as JESSICA MCELROY ATTORNEY, of the BLANKROME, LLP Law Firm and Agent for
PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In care of 2029 Century Park East, 6th Floor
Los Angeles California [90067]; and

Johnathan W.Y. Lai, Acting as JOHNATHAN W.Y. LAI ATTORNEY, of the WATANABE, ING LLP Law Firm and/or Agents,
Successors, and/or Assigns, In care of First Hawaiian Center 999 Bishop Street, Suite 1250 Honolulu, Hawaii [96813]; and

Jeff N. Miyashiro, Acting as JEFF N. MIYASHIRO ATTORNEY, of the WATANABE, ING LLP Law Firm and/or Agents,
Successors, and/or Assigns, In care of First Hawaiian Center 999 Bishop Street, Suite 1250 Honolulu, Hawaii [96813]; and

Elizabeth Dranttel, Acting as ELIZABETH DRANTTEL ATTORNEY, of the ROSE L. BRAND & ASSOCIATES, P.C., Law
Firm and Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In care of 7430
Washington Street, NE, Albuquerque, New Mexico [87109]; and

Mark T. Baker, Acting as MARK T. BAKER ATTORNEY, of the PEIFER, HANSON & MULLINS, P.A. Law Firm and Agent
for PLAZA HOME MORTGAGE, INC and/or Agents, Successors, and/or Assigns, In care of Post Office Box 25245
Albuquerque, New Mexico [87125]; and
Johnny Morton, Acting as JOHNNY MORTON EMPLOYEE, Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents,
Successors, and/or Assigns, In care of 2285 Corporate Circle, Unit 160, Henderson, Nevada [89074]; and

David A. Spector, Acting as DAVID A. SPECTOR, PRESIDENT and C.E.O. for PENNYMAC LOAN SERVICES, LLC and/or
Agents, Successors, and/or Assigns, In Care of 3043 Townsgate Rd, Suite 200, Westlake Village, California [91361]; and

Derek W. Stark, Acting as DEREK W. STARK, SENIOR MANAGING DIRECTOR AND CHIEF LEGAL OFFICER AND
SECRETARY and Agent for PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In Care of 3043
Townsgate Rd, Suite 200, Westlake Village, California [91361]; and

Veronica Hauck, Acting as VERONICA HAUCK, RECEPTIONIST and Employee for PLAZA HOME MORTGAGE, INC and/or Agents, Successors, and/or Assigns, In Care of P.O. Box 7168, Pasadena, California [91109]; and

Michael R. Fontaine, Acting as MICHAEL R. FONTAINE, CHIEF OPERATING OFFICER and CHIEF FINANCIAL OFFICER for PLAZA HOME MORTGAGE, INC and/or Agents, Successors, and/or Assigns, , In Care of P.O. Box 7168, Pasadena, California [91109]; and

ALL AGENTS FOR PENNYMAC LOAN SERVICES, LLC and/or Agents, Successors, and/or Assigns, In Care of 3043 Townsgate Rd, Suite 200, Westlake Village, California [91361]; and

EQUIFAX CORPORATION; AND

EXPERIAN CORPORATION; AND

TRANSUNION CORPORATION; AND

JOHN OR JANE DOES 1-50;

JOINTLY AND SEVERALLY, CORPORATELY AND PERSONALLY.

November 3, 2020

The following schedule of fees is effective November 3, 2020; These fees are subject to change upon written notice by the Claimant to the Respondent(s) :
**Section I**
Notice: Section I is a schedule of fees that are to be prepaid by the Respondent(s) to the Claimant before the execution of any of the following acts by the Claimant or the Claimant's agents, or assigns; and

| Description | Rate |
|---|---|
| Arbitration hearing(s) re: Offer of Obligation IN THE MATTER OF THE ARBITRATION FINAL AWARD SO AWARDED TO THE CLAIMANT, also known as CASE NO.: SAARK-A102A-061019, also known as SAA-191006-RK7652987-8VH389BSY as Documented, also in direct reference to CASE NO. 1:19-mc-00028-MV as recorded IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO as a claim in the amount of One-million two-hundred Thousand DOLLARS and zero CENTS ($1,200,000.00US). IN THE MATTER OF PENNYMAC LOAN SERVICES, LLC LOAN Document No. T-9590158 as found being the Deed of Trust in the State of Hawaii, as well as IN THE MATTER OF PENNYMAC LOAN SERVICES, LLC LOAN Document No. T-10861314 as found being the Assignment of Mortgage in the State of Hawaii. IN THE MATTER of court-filed Document 5-2, page 4 of 14 of CASE NO.: 1:19-mc-00028-MV as recorded IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO also known as the CONDITIONAL ACCEPTANCE FOR VALUE AND COUNTER OFFER/CLAIM FOR PROOF OF CLAIM and TENDER OF PAYMENT OFFERING also known as the Binding agreement between RONNIE LOUIS MARVEL KAHAPEA v. PENNYMAC LOAN SERVICES, LLC and PLAZA HOME MORTGAGE, INC.. IN THE MATTER of the LETTER ROGATORY FOR RELIEF/ACCEPTANCE OF OFFICIAL OATH of MARTHA VASQUEZ via Certified mail No.: 7019 0700 0000 6907 1034. IN THE MATTER of the ORDER granting the unspecified specie amount of Fifty thousand Six hundred thirty-three purported dollars and Eighty-three purported cents | $10,000/hearing* |

| | |
|---|---|
| ($50,633.83) in attorneys' fees and costs, also known as the Case NO.: 3CSP-20-0000061 IN THE CIRCUIT COURT OF THE THIRD CIRCUIT STATE OF HAWAII and IN THE CIRCUIT COURT OF THE SECOND CIRCUIT STATE OF HAWAII. | |
| Arbitration hearing(s) re: IN THE MATTER OF THE ARBITRATION FINAL AWARD SO AWARDED TO THE CLAIMANT, also known as CASE NO.: SAARK-A102A-061019, also known as SAA-191006-RK7652987-8VH389BSY as Documented, also in direct reference to CASE NO. 1:19-mc-00028-MV as recorded IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO as a claim in the amount of One-million two-hundred Thousand DOLLARS and zero CENTS ($1,200,000.00US). IN THE MATTER OF PENNYMAC LOAN SERVICES, LLC LOAN Document No. T-9590158 as found being the Deed of Trust in the State of Hawaii, as well as IN THE MATTER OF PENNYMAC LOAN SERVICES, LLC LOAN Document No. T-10861314 as found being the Assignment of Mortgage in the State of Hawaii. IN THE MATTER of court-filed Document 5-2, page 4 of 14 of CASE NO.: 1:19-mc-00028-MV as recorded IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO also known as the CONDITIONAL ACCEPTANCE FOR VALUE AND COUNTER OFFER/CLAIM FOR PROOF OF CLAIM and TENDER OF PAYMENT OFFERING also known as the Binding agreement between RONNIE LOUIS MARVEL KAHAPEA v. PENNYMAC LOAN SERVICES, LLC and PLAZA HOME MORTGAGE, INC.. IN THE MATTER of the LETTER ROGATORY FOR RELIEF/ACCEPTANCE OF OFFICIAL OATH OF MARTHA VASQUEZ via Certified mail No.: 7019 0700 0000 6907 1034. IN THE MATTER of the ORDER granting the unspecified specie amount of Fifty thousand Six hundred thirty-three purported dollars and Eighty-three purported cents ($50,633.83) in attorneys' fees and costs, also known as the Case NO.: 3CSP-20-0000061 IN THE CIRCUIT COURT OF THE THIRD CIRCUIT STATE OF HAWAII and IN THE CIRCUIT COURT OF THE SECOND CIRCUIT STATE OF HAWAII. | $20,000/hearing* |
| Arbitration hearing(s) re: IN THE MATTER OF THE ARBITRATION FINAL AWARD SO AWARDED TO THE CLAIMANT, also known as CASE NO.: SAARK-A102A-061019, also known as SAA-191006-RK7652987-8VH389BSY as Documented, also in direct reference to CASE NO. 1:19-mc-00028-MV as recorded IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO as a claim in the amount of One-million two-hundred Thousand DOLLARS and zero CENTS ($1,200,000.00US). IN THE MATTER OF PENNYMAC LOAN SERVICES, LLC LOAN Document No. T-9590158 as found being the Deed of Trust in the State of Hawaii, as well as IN THE MATTER OF PENNYMAC LOAN SERVICES, LLC LOAN Document No. T-10861314 as found being the Assignment of Mortgage in the State of Hawaii. IN THE MATTER of court-filed Document 5-2, page 4 of 14 of CASE NO.: 1:19-mc-00028-MV as recorded IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO also known as the CONDITIONAL ACCEPTANCE FOR VALUE AND COUNTER OFFER/CLAIM FOR PROOF OF CLAIM and TENDER OF PAYMENT OFFERING also known as the Binding agreement between RONNIE LOUIS MARVEL KAHAPEA v. PENNYMAC LOAN SERVICES, LLC and PLAZA HOME MORTGAGE, INC.. IN THE MATTER of the LETTER ROGATORY FOR RELIEF/ACCEPTANCE OF OFFICIAL OATH OF MARTHA VASQUEZ via Certified mail No.: 7019 0700 0000 6907 1034. IN THE MATTER of the ORDER granting the unspecified specie amount of Fifty thousand Six hundred thirty-three purported dollars and Eighty-three purported cents ($50,633.83) in attorneys' fees and costs, also known as the Case NO.: 3CSP-20-0000061 IN THE CIRCUIT COURT OF THE THIRD CIRCUIT STATE OF HAWAII and IN THE CIRCUIT COURT OF THE SECOND CIRCUIT STATE OF HAWAII. | $10,000/hearing* |
| Arbitration hearing(s) re: Offer of Obligation IN THE MATTER OF THE ARBITRATION FINAL AWARD SO AWARDED TO THE CLAIMANT, also known as CASE NO.: SAARK-A102A-061019, also known as SAA-191006-RK7652987-8VH389BSY as Documented, also in direct reference to CASE NO. 1:19-mc-00028-MV as recorded IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO as a claim | $10,000/meeting* |

in the amount of One-million two-hundred Thousand DOLLARS and zero CENTS ($1,200,000.00US). IN THE MATTER OF PENNYMAC LOAN SERVICES, LLC LOAN Document No. T-9590158 as found being the Deed of Trust in the State of Hawaii, as well as IN THE MATTER OF PENNYMAC LOAN SERVICES, LLC LOAN Document No. T-10861314 as found being the Assignment of Mortgage in the State of Hawaii. IN THE MATTER of court-filed Document 5-2, page 4 of 14 of CASE NO.: 1:19-mc-00028-MV as recorded IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO also known as the CONDITIONAL ACCEPTANCE FOR VALUE AND COUNTER OFFER/CLAIM FOR PROOF OF CLAIM and TENDER OF PAYMENT OFFERING also known as the Binding agreement between RONNIE LOUIS MARVEL KAHAPEA v. PENNYMAC LOAN SERVICES, LLC and PLAZA HOME MORTGAGE, INC.. IN THE MATTER of the LETTER ROGATORY FOR RELIEF/ACCEPTANCE OF OFFICIAL OATH OF MARTHA VASQUEZ via Certified mail No.: 7019 0700 0000 6907 1034. IN THE MATTER of the ORDER granting the unspecified specie amount of Fifty thousand Six hundred thirty-three purported dollars and Eighty-three purported cents ($50,633.83) in attorneys' fees and costs, also known as the Case NO.: 3CSP-20-0000061 IN THE CIRCUIT COURT OF THE THIRD CIRCUIT STATE OF HAWAII and IN THE CIRCUIT COURT OF THE SECOND CIRCUIT STATE OF HAWAII.

**Section 2**

Notice: Section 2 is a schedule of fees that are to be paid by the Recipient(s) within three (3) days from receipt of any invoices issued by the Principal to the Recipient(s) for the execution of any of the following acts by the Principal or the Principal's agents or assigns.

| Description | Rate |
| --- | --- |
| Arbitration hearing(s) re: Offer of Obligation IN THE MATTER OF THE ARBITRATION FINAL AWARD SO AWARDED TO THE CLAIMANT, also known as CASE NO.: SAARK-A102A-061019, also known as SAA-191006-RK7652987-8VH389BSY as Documented, also in direct reference to CASE NO. 1:19-mc-00028-MV as recorded IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO as a claim in the amount of One-million two-hundred Thousand DOLLARS and zero CENTS ($1,200,000.00US). IN THE MATTER OF PENNYMAC LOAN SERVICES, LLC LOAN Document No. T-9590158 as found being the Deed of Trust in the State of Hawaii, as well as IN THE MATTER OF PENNYMAC LOAN SERVICES, LLC LOAN Document No. T-10861314 as found being the Assignment of Mortgage in the State of Hawaii. IN THE MATTER of court-filed Document 5-2, page 4 of 14 of CASE NO.: 1:19-mc-00028-MV as recorded IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO also known as the CONDITIONAL ACCEPTANCE FOR VALUE AND COUNTER OFFER/CLAIM FOR PROOF OF CLAIM and TENDER OF PAYMENT OFFERING also known as the Binding agreement between RONNIE LOUIS MARVEL KAHAPEA v. PENNYMAC LOAN SERVICES, LLC and PLAZA HOME MORTGAGE, INC.. IN THE MATTER of the LETTER ROGATORY FOR RELIEF/ACCEPTANCE OF OFFICIAL OATH OF MARTHA VASQUEZ via Certified mail No.: 7019 0700 0000 6907 1034. IN THE MATTER of the ORDER granting the unspecified specie amount of Fifty thousand Six hundred thirty-three purported dollars and Eighty-three purported cents ($50,633.83) in attorneys' fees and costs, also known as the Case NO.: 3CSP-20-0000061 IN THE CIRCUIT COURT OF THE THIRD CIRCUIT STATE OF HAWAII and IN THE CIRCUIT COURT OF THE SECOND CIRCUIT STATE OF HAWAII. | $2,000/page* |
| Arbitration hearing(s) re: Offer of Obligation IN THE MATTER OF THE ARBITRATION FINAL AWARD SO AWARDED TO THE CLAIMANT, also known as CASE NO.: SAARK-A102A-061019, also known as SAA-191006-RK7652987-8VH389BSY as Documented, also in direct reference to CASE NO. 1:19-mc-00028-MV as recorded IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO as a claim in the amount of One-million two-hundred Thousand DOLLARS and zero CENTS ($1,200,000.00US). IN THE MATTER OF PENNYMAC LOAN SERVICES, LLC LOAN | $200/minute |

| | |
|---|---|
| Document No. T-9590158 as found being the Deed of Trust in the State of Hawaii, as well as IN THE MATTER OF PENNYMAC LOAN SERVICES, LLC LOAN Document No. T-10861314 as found being the Assignment of Mortgage in the State of Hawaii. IN THE MATTER of court-filed Document 5-2, page 4 of 14 of CASE NO.: 1:19-mc-00028-MV as recorded IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO also known as the CONDITIONAL ACCEPTANCE FOR VALUE AND COUNTER OFFER/CLAIM FOR PROOF OF CLAIM and TENDER OF PAYMENT OFFERING also known as the Binding agreement between RONNIE LOUIS MARVEL KAHAPEA v. PENNYMAC LOAN SERVICES, LLC and PLAZA HOME MORTGAGE, INC.. IN THE MATTER of the LETTER ROGATORY FOR RELIEF/ACCEPTANCE OF OFFICIAL OATH OF MARTHA VASQUEZ via Certified mail No.: 7019 0700 0000 6907 1034. IN THE MATTER of the ORDER granting the unspecified specie amount of Fifty thousand Six hundred thirty-three purported dollars and Eighty-three purported cents ($50,633.83) in attorneys' fees and costs, also known as the Case NO.: 3CSP-20-0000061 IN THE CIRCUIT COURT OF THE THIRD CIRCUIT STATE OF HAWAII and IN THE CIRCUIT COURT OF THE SECOND CIRCUIT STATE OF HAWAII. | |
| Arbitration hearing(s) re: Offer of Obligation IN THE MATTER OF THE ARBITRATION FINAL AWARD SO AWARDED TO THE CLAIMANT, also known as CASE NO.: SAARK-A102A-061019, also known as SAA-191006-RK7652987-8VH389BSY as Documented, also in direct reference to CASE NO. 1:19-mc-00028-MV as recorded IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO as a claim in the amount of One-million two-hundred Thousand DOLLARS and zero CENTS ($1,200,000.00US). IN THE MATTER OF PENNYMAC LOAN SERVICES, LLC LOAN Document No. T-9590158 as found being the Deed of Trust in the State of Hawaii, as well as IN THE MATTER OF PENNYMAC LOAN SERVICES, LLC LOAN Document No. T-10861314 as found being the Assignment of Mortgage in the State of Hawaii. IN THE MATTER of court-filed Document 5-2, page 4 of 14 of CASE NO.: 1:19-mc-00028-MV as recorded IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO also known as the CONDITIONAL ACCEPTANCE FOR VALUE AND COUNTER OFFER/CLAIM FOR PROOF OF CLAIM and TENDER OF PAYMENT OFFERING also known as the Binding agreement between RONNIE LOUIS MARVEL KAHAPEA v. PENNYMAC LOAN SERVICES, LLC and PLAZA HOME MORTGAGE, INC.. IN THE MATTER of the LETTER ROGATORY FOR RELIEF/ACCEPTANCE OF OFFICIAL OATH OF MARTHA VASQUEZ via Certified mail No.: 7019 0700 0000 6907 1034. IN THE MATTER of the ORDER granting the unspecified specie amount of Fifty thousand Six hundred thirty-three purported dollars and Eighty-three purported cents ($50,633.83) in attorneys' fees and costs, also known as the Case NO.: 3CSP-20-0000061 IN THE CIRCUIT COURT OF THE THIRD CIRCUIT STATE OF HAWAII and IN THE CIRCUIT COURT OF THE SECOND CIRCUIT STATE OF HAWAII. | $4,000/transmission* |
| Arbitration hearing(s) re: Offer of Obligation IN THE MATTER OF THE ARBITRATION FINAL AWARD SO AWARDED TO THE CLAIMANT, also known as CASE NO.: SAARK-A102A-061019, also known as SAA-191006-RK7652987-8VH389BSY as Documented, also in direct reference to CASE NO. 1:19-mc-00028-MV as recorded IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO as a claim in the amount of One-million two-hundred Thousand DOLLARS and zero CENTS ($1,200,000.00US). IN THE MATTER OF PENNYMAC LOAN SERVICES, LLC LOAN Document No. T-9590158 as found being the Deed of Trust in the State of Hawaii, as well as IN THE MATTER OF PENNYMAC LOAN SERVICES, LLC LOAN Document No. T-10861314 as found being the Assignment of Mortgage in the State of Hawaii. IN THE MATTER of court-filed Document 5-2, page 4 of 14 of CASE NO.: 1:19-mc-00028-MV as recorded IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO also known as the CONDITIONAL ACCEPTANCE FOR VALUE AND COUNTER OFFER/CLAIM FOR PROOF OF CLAIM and TENDER OF PAYMENT OFFERING also known as the Binding agreement between RONNIE LOUIS MARVEL KAHAPEA v. PENNYMAC LOAN SERVICES, LLC and PLAZA HOME MORTGAGE, | $5,000/hour |

INC.. IN THE MATTER of the LETTER ROGATORY FOR RELIEF/ACCEPTANCE OF OFFICIAL OATH OF MARTHA VASQUEZ via Certified mail No.: 7019 0700 0000 6907 1034. IN THE MATTER of the ORDER granting the unspecified specie amount of Fifty thousand Six hundred thirty-three purported dollars and Eighty-three purported cents ($50,633.83) in attorneys' fees and costs, also known as the Case NO.: 3CSP-20-0000061 IN THE CIRCUIT COURT OF THE THIRD CIRCUIT STATE OF HAWAII and IN THE CIRCUIT COURT OF THE SECOND CIRCUIT STATE OF HAWAII.

\*    The fees for the acts described accrue in addition to the hourly rate for time expended...

**From:**       Blood Wolf <bloodwolf80@gmail.com>
**Sent:**       Saturday, November 28, 2020 9:15 PM
**To:**         Metral, Nicole
**Subject:**    Re: response and acceptance

Im terribly sorry you feel that way, but i am not in a position to show you any form of legal direction. I emplore you to perform upon your part, so that I may attend the deposition, but you are entitled to do what you feel is best.

Further, please keep in mind that as an unrebutted affidavit stands as truth and ignorance of law is no excuse, you still have an opportunity to cure your fault. Thank you and Aloha.

~~~~~~~~~~~~~~~~~~~~~~~~~

THIS EMAIL TRANSMISSION IS INTENDED FOR THE EXCLUSIVE USE OF THE INDIVIDUAL OR ENTITY TO WHOM IT IS ADDRESSED, AND MAY CONTAIN PRIVILEGED AND CONFIDENTIAL INFORMATION THAT IS COVERED BY THE ELECTRONIC COMMUNICATIONS PRIVACY ACT (18 USC §§ 2510-2521). IF YOU ARE NOT THE INTENDED RECIPIENT OR AGENT RESPONSIBLE TO DELIVER THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED.. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR; PLEASE NOTIFY BY EMAIL AND DELETE THE ORIGINAL MESSAGE.  ALL RIGHTS RESERVED AND THANK YOU

**********PUBLIC NOTICE***********

Not Legal or Tax Advice - seek competent counsel where needed. Opinions expressed are just options, not advice.

PRIVATE: This is Not A Public Communication! This is Private!

This private email message, and any attachment(s) is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521, and is for the sole use of the intended recipient and contains privileged and/or confidential information. To all public servants, including but not limited to Federal, State, or Local corporate government(s): I accept your oath of office as your firm and binding contract between you and me, one of the People, whereby you have promised to serve, protect, and defend me, guarantee all of my unalienable rights, and defend the Constitution for the united States of America. Any/all political, private, or public entities, International, Federal, State, or Local corporate government(s), private International Organization(s), Municipality(ies), Corporate agent(s), informant(s), investigator(s) et. al., and/or third party(ies) working in collusion by monitoring My (this email) email(s), and any other means of communication without My express written permission are barred from any review, use, disclosure, or distribution. With explicit reservation of all My rights, without prejudice and without recourse to any of My rights. Any omission does not constitute a waiver of any and/or all intellectual property rights or reserved rights.

Notice to Principal is Notice to Agent / Notice to Agent is Notice to Principal.

On Sat, Nov 28, 2020, 1:57 PM Metral, Nicole <NBMetral@blankrome.com> wrote:

1

EXHIBIT

5

Mr. Kahapea,

We are in receipt of your email from November 26 and the attachment to your email.  It appears that you are only agreeing to attend your deposition that plaintiff PennyMac Loan Services, LLC ("PennyMac") noticed for November 30, 2020 if we provide you with a sworn affidavit.  You ask that the affidavit include proof that PennyMac incurred a loss, a list of witnesses, an agreement to contract with you pursuant to a purported fee schedule for your time at the deposition, an acknowledgement to pay you $10,000, and an agreement to dissolve any current court fees or attorney fees.  There is nothing in the Federal Rules of Civil Procedure or Local Uniform Civil Rules that require us to do any of the foregoing in order to depose you.  Therefore, we will not be submitting any affidavit, do not agree to any "contract" with you, and will not be paying you anything.

The link to attend your deposition on November 30, 2020 at 1:00 p.m. Central Time is  https://veritext.zoom.us/j/92904962331?pwd=WXV6RVZUUndLK2w1ckVKTFp0OENOZz09.

Please note that if you do not attend your deposition on November 30, 2020, we will be filing a Motion to Compel with the Court pursuant to Federal Rules of Civil Procedure Rule 37, and we will seek sanctions, including attorneys' fees and costs.

**Nicole Bartz Metral** | BLANK**ROME**
2029 Century Park East | 6th Floor | Los Angeles, CA 90067
Office: 424.239.3483 | Cell: 310.902.3937 | Fax: 424.239.3845 | nbmetral@blankrome.com

---

**From:** Ronnie <bloodwolf80@gmail.com>
**Sent:** Thursday, November 26, 2020 4:55 PM
**To:** Metral, Nicole <NBMetral@BlankRome.com>
**Subject:** response and acceptance

Hi,

Please note that this transmission will be your notification that under the terms in the conditional acceptance, being fulfilled upon performance as stipulated in the Judicial Notice as attached- I accept the invitation to the Deposition appointment. Please remedy your side of the agreement so that I may be present. I must remind you that I have to gather the information necessary before appearing, so please respond a.s.a.p.

Further, You and your employees are performing in communication with me under contract, and this will be tallied within the fee schedule you were provided. Thank you

THIS EMAIL TRANSMISSION IS INTENDED FOR THE EXCLUSIVE USE OF THE INDIVIDUAL OR ENTITY TO WHOM IT IS ADDRESSED, AND MAY CONTAIN PRIVILEGED AND CONFIDENTIAL INFORMATION THAT IS COVERED BY THE ELECTRONIC COMMUNICATIONS PRIVACY ACT (18 USC §§ 2510-2521). IF YOU ARE NOT THE INTENDED RECIPIENT OR AGENT RESPONSIBLE TO DELIVER THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED.. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR; PLEASE NOTIFY BY EMAIL AND DELETE THE ORIGINAL MESSAGE.  ALL RIGHTS RESERVED AND THANK YOU

**********PUBLIC NOTICE***********

Not Legal or Tax Advice - seek competent counsel where needed. Opinions expressed are just options, not advice.

PRIVATE: This is Not A Public Communication! This is Private!

This private email message, and any attachment(s) is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521, and is for the sole use of the intended recipient and contains privileged and/or confidential information. To all public servants, including but not limited to Federal, State, or Local corporate government(s): I accept your oath of office as your firm and binding contract between you and me, one of the People, whereby you have promised to serve, protect, and defend me, guarantee all of my unalienable rights, and defend the Constitution for the united States of America. Any/all political, private, or public entities, International, Federal, State, or Local corporate government(s), private International Organization(s), Municipality(ies), Corporate agent(s), informant(s), investigator(s) et. al., and/or third party(ies) working in collusion by monitoring My (this email) email(s), and any other means of communication without My express written permission are barred from any review, use, disclosure, or distribution. With explicit reservation of all My rights, without prejudice and without recourse to any of My rights. Any omission does not constitute a waiver of any and/or all intellectual property rights or reserved rights.

Notice to Principal is Notice to Agent / Notice to Agent is Notice to Principal.

*********************************************************************************************************

This message and any attachments may contain confidential or privileged information and are only for the use of the intended recipient of this message. If you are not the intended recipient, please notify the Blank Rome LLP or Blank Rome Government Relations LLC sender by return email, and delete or destroy this and all copies of this message and all attachments. Any unauthorized disclosure, use, distribution, or reproduction of this message or any attachments is prohibited and may be unlawful.

*********************************************************************************************************

**Chang, Cheryl S.**

| | |
|---|---|
| **From:** | Metral, Nicole |
| **Sent:** | Monday, November 30, 2020 11:16 AM |
| **To:** | Blood Wolf |
| **Cc:** | Chang, Cheryl S.; Harris Powers |
| **Subject:** | RE: response and acceptance |

Mr. Kahapea,

There was an issue with the link for the deposition previously circulated to you.  The updated link to access your deposition is https://veritext.zoom.us/j/99919354997?pwd=aS9HbXhpTFQ0ZGFBdHZLN01LWUZ1QT09

The court reporter, videographer, and attorneys for PennyMac are on the deposition right now waiting for you to appear for your deposition.  They will wait for another 20 minutes.

Please note that if you do not attend your deposition, which was noticed for today, November 30, 2020 at 1:00 p.m. Central Time, we will be filing a Motion to Compel with the Court pursuant to Federal Rules of Civil Procedure Rule 37, and we will seek sanctions, including attorneys' fees and costs.

Thank you.

**Nicole Bartz Metral** | BLANKROME
2029 Century Park East | 6th Floor | Los Angeles, CA 90067
Office: 424.239.3483 | Cell: 310.902.3937 | Fax: 424.239.3845 | nbmetral@blankrome.com

**From:** Blood Wolf <bloodwolf80@gmail.com>
**Sent:** Saturday, November 28, 2020 6:15 PM
**To:** Metral, Nicole <NBMetral@BlankRome.com>
**Subject:** Re: response and acceptance

Im terribly sorry you feel that way, but i am not in a position to show you any form of legal direction. I emplore you to perform upon your part, so that I may attend the deposition, but you are entitled to do what you feel is best.

Further, please keep in mind that as an unrebutted affidavit stands as truth and ignorance of law is no excuse, you still have an opportunity to cure your fault. Thank you and Aloha.

~~~~~~~~~~~~~~~~~~~~~~~~~

THIS EMAIL TRANSMISSION IS INTENDED FOR THE EXCLUSIVE USE OF THE INDIVIDUAL OR ENTITY TO WHOM IT IS ADDRESSED, AND MAY CONTAIN PRIVILEGED AND CONFIDENTIAL INFORMATION THAT IS COVERED BY THE ELECTRONIC COMMUNICATIONS PRIVACY ACT (18 USC §§ 2510-2521). IF YOU ARE NOT THE INTENDED RECIPIENT OR AGENT RESPONSIBLE TO DELIVER THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED.. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR; PLEASE NOTIFY BY EMAIL AND DELETE THE ORIGINAL MESSAGE.  ALL RIGHTS RESERVED AND THANK YOU

**EXHIBIT**

**6**

**********PUBLIC NOTICE***********

Not Legal or Tax Advice - seek competent counsel where needed. Opinions expressed are just options, not advice.

PRIVATE: This is Not A Public Communication! This is Private!

This private email message, and any attachment(s) is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521, and is for the sole use of the intended recipient and contains privileged and/or confidential information. To all public servants, including but not limited to Federal, State, or Local corporate government(s): I accept your oath of office as your firm and binding contract between you and me, one of the People, whereby you have promised to serve, protect, and defend me, guarantee all of my unalienable rights, and defend the Constitution for the united States of America. Any/all political, private, or public entities, International, Federal, State, or Local corporate government(s), private International Organization(s), Municipality(ies), Corporate agent(s), informant(s), investigator(s) et. al., and/or third party(ies) working in collusion by monitoring My (this email) email(s), and any other means of communication without My express written permission are barred from any review, use, disclosure, or distribution. With explicit reservation of all My rights, without prejudice and without recourse to any of My rights. Any omission does not constitute a waiver of any and/or all intellectual property rights or reserved rights.

Notice to Principal is Notice to Agent / Notice to Agent is Notice to Principal.

On Sat, Nov 28, 2020, 1:57 PM Metral, Nicole <NBMetral@blankrome.com> wrote:

> Mr. Kahapea,
>
> We are in receipt of your email from November 26 and the attachment to your email.  It appears that you are only agreeing to attend your deposition that plaintiff PennyMac Loan Services, LLC ("PennyMac") noticed for November 30, 2020 if we provide you with a sworn affidavit.  You ask that the affidavit include proof that PennyMac incurred a loss, a list of witnesses, an agreement to contract with you pursuant to a purported fee schedule for your time at the deposition, an acknowledgment to pay you $10,000, and an agreement to dissolve any current court fees or attorney fees.  There is nothing in the Federal Rules of Civil Procedure or Local Uniform Civil Rules that require us to do any of the foregoing in order to depose you.  Therefore, we will not be submitting any affidavit, do not agree to any "contract" with you, and will not be paying you anything.
>
> The link to attend your deposition on November 30, 2020 at 1:00 p.m. Central Time is  https://veritext.zoom.us/j/92904962331?pwd=WXV6RVZUUndLK2w1ckVKTFp0OENOZz09.
>
> Please note that if you do not attend your deposition on November 30, 2020, we will be filing a Motion to Compel with the Court pursuant to Federal Rules of Civil Procedure Rule 37, and we will seek sanctions, including attorneys' fees and costs.
>
> **Nicole Bartz Metral** | BLANK**ROME**

2029 Century Park East | 6th Floor | Los Angeles, CA 90067
Office: 424.239.3483 | Cell: 310.902.3937 | Fax: 424.239.3845 | nbmetral@blankrome.com

**From:** Ronnie <bloodwolf80@gmail.com>
**Sent:** Thursday, November 26, 2020 4:55 PM
**To:** Metral, Nicole <NBMetral@BlankRome.com>
**Subject:** response and acceptance

Hi,

Please note that this transmission will be your notification that under the terms in the conditional acceptance, being fulfilled upon performance as stipulated in the Judicial Notice as attached- I accept the invitation to the Deposition appointment. Please remedy your side of the agreement so that I may be present. I must remind you that I have to gather the information necessary before appearing, so please respond a.s.a.p.

Further, You and your employees are performing in communication with me under contract, and this will be tallied within the fee schedule you were provided. Thank you

THIS EMAIL TRANSMISSION IS INTENDED FOR THE EXCLUSIVE USE OF THE INDIVIDUAL OR ENTITY TO WHOM IT IS ADDRESSED, AND MAY CONTAIN PRIVILEGED AND CONFIDENTIAL INFORMATION THAT IS COVERED BY THE ELECTRONIC COMMUNICATIONS PRIVACY ACT (18 USC §§ 2510-2521). IF YOU ARE NOT THE INTENDED RECIPIENT OR AGENT RESPONSIBLE TO DELIVER THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED.. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR; PLEASE NOTIFY BY EMAIL AND DELETE THE ORIGINAL MESSAGE.  ALL RIGHTS RESERVED AND THANK YOU

**********PUBLIC NOTICE***********

Not Legal or Tax Advice - seek competent counsel where needed. Opinions expressed are just options, not advice.

PRIVATE: This is Not A Public Communication! This is Private!

This private email message, and any attachment(s) is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521, and is for the sole use of the intended recipient and contains privileged and/or confidential information. To all public servants, including but not limited to Federal, State, or Local corporate government(s): I accept your oath of office as your firm and binding contract between you and me, one of the People, whereby you have promised to serve, protect, and defend me, guarantee all of my unalienable rights, and defend the Constitution for the united States of America. Any/all political, private, or public entities, International, Federal, State, or Local corporate government(s), private International Organization(s), Municipality(ies), Corporate

agent(s), informant(s), investigator(s) et. al., and/or third party(ies) working in collusion by monitoring My (this email) email(s), and any other means of communication without My express written permission are barred from any review, use, disclosure, or distribution. With explicit reservation of all My rights, without prejudice and without recourse to any of My rights. Any omission does not constitute a waiver of any and/or all intellectual property rights or reserved rights.

Notice to Principal is Notice to Agent / Notice to Agent is Notice to Principal.

**************************************************************************************************

This message and any attachments may contain confidential or privileged information and are only for the use of the intended recipient of this message. If you are not the intended recipient, please notify the Blank Rome LLP or Blank Rome Government Relations LLC sender by return email, and delete or destroy this and all copies of this message and all attachments. Any unauthorized disclosure, use, distribution, or reproduction of this message or any attachments is prohibited and may be unlawful.

**************************************************************************************************