# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

### Eastern Division

PENNYMAC LOAN SERVICES, LLC,

Plaintiff,

-vs-

SITCOMM ARBITRATION
ASSOCIATION, MARK MOFFETT,
SANDRA GOULETTE, RONNIE
KAHAPEA, MARK JOHNSON, KIRK
GIBBS, and ALARIC SCOTT,

Defendants.

CIVIL ACTION
**Case No: 2:19-cv-00193-TBM-MTP**

**PLAINTIFF PENNYMAC
LOAN SERVICES, LLC'S
MOTION TO COMPEL
DISCLOSURES AND
DISCOVERY RESPONSES
FROM DEFENDANT MARK
MOFFETT AND REQUEST
FOR SANCTIONS**

## PLAINTIFF PENNYMAC LOAN SERVICES, LLC'S MOTION TO COMPEL DISCLOSURES AND DISCOVERY RESPONSES FROM DEFENDANT MARK MOFFETT AND REQUEST FOR SANCTIONS

COMES NOW plaintiff, PennyMac Loan Services, LLC ("PennyMac") to file its Motion to Compel Disclosures and Discovery Responses from defendant Mark Moffett ("Moffett") and Request for Sanctions pursuant to Federal Rules of Civil Procedure Rule 37(a), showing unto the Court the following:

1. On May 7, 2020, the Court issued its Rule 16(a) Initial Order (Docket 53) setting a Telephonic Case Management Conference ("CMC") for June 18, 2020. The Rule 16(a) Initial Order states: "The parties shall

1

serve their initial disclosures as required by Fed.R.Civ.P.26(a) seven (7) days prior to the case management conference."

2. Moffett did not provide any initial disclosures prior to the CMC. Declaration of Nicole Metral filed concurrently herewith ("Metral Dec."), ¶ 2.

3. Following the CMC and on June 18, 2020, the Court issued a Case Management Order ("CMO"). (Docket 57.) In the CMO, the Court states "None of the Defendants have made their initial disclosures as ordered. Each Defendant is ordered to made[sic] initial disclosures on or before July 1, 2020. **Failure to do so may result in the imposition of sanctions or otherwise adversely affect Defendants' rights.**" *Id.*

4. Moffett did not provide any initial disclosures on or before July 1, 2020 and as of the date of this filing, still has not provided any. Metral Dec., ¶ 2.

5. On October 8, 2020 PennyMac served Interrogatories, Requests for Production, and Requests for Admission (collectively, the "Discovery") on Moffett via FedEx. On November 19, 2020, PennyMac filed a Proof of Service of Discovery Requests Propounded to Defendants. (Docket 96.) The Discovery propounded to Moffett

was attached thereto as Exhibit E and proof of delivery of the

Discovery to Moffett's address was attached thereto as Exhibit F.

Both of these documents are attached hereto as Exhibit 1.

6.   Responses to the Discovery were due on November 12, 2020.  As of

the date of this filing, Moffett has not produced any responses to any

of the Discovery or any responsive documents.  Metral Dec., ¶ 4.

7.   Pursuant to Federal Rules of Civil Procedure Rule 36(a)(3), all of the

Requests for Admission have been admitted.

8.   On November 30, 2020, counsel for PennyMac sent a meet and confer

letter to Moffett regarding the Discovery.  Metral Dec., ¶ 5; Exh. 2

attached hereto.  In the letter, counsel for PennyMac stated:

> "Pursuant to Local Uniform Civil Rule 37(a) and Federal
>
> Rules of Civil Procedure Rule 37(a), we are reaching out
>
> to you and requesting that you provide written responses
>
> to the Discovery and produce documents **on or before**
>
> **December 9, 2020**. Or, if you wish to meet and confer
>
> regarding the Discovery, we request that you contact our
>
> office at nbmetral@blankrome.com or (424) 239-3483
>
> **on or before December 4, 2020**. If we do not hear from
>
> you or receive your responses by December 9, 2020, we

3

will file a Motion to Compel with the Court and seek

sanctions, including reasonable expenses incurred and

attorneys' fees incurred in connection with the Motion to

Compel."

*Id.*

9. As stated in the Declarations of Nicole Metral and Harris Powers,

PennyMac has incurred $1,732.50 in attorneys' fees and costs in

connection with meeting and conferring with Moffett and bringing

this Motion.

10. Given Moffett's (and the other defendants) failure to comply with

their discovery obligations, PennyMac is requesting the CMO be

modified to extend the deadline to complete fact discovery and the

deadline to file dispositive motions.  Alternatively, PennyMac

requests a status conference with the Court so these scheduling issues

can be further addressed.

11. PennyMac is filing concurrently herewith a memorandum of law

supporting the positions outlined above and relies on the additional

documents appended hereto and described below:

- Exhibit 1 – Interrogatories, Requests for Production, and Requests for Admission propounded on Moffett and proof of delivery of the Discovery.

- Exhibit 2 – November 30, 2020 meet and confer letter from PennyMac and proof of delivery.

12. As set forth in this Motion to Compel and the Memorandum in Support, PennyMac submits that its Motion is well-taken and requests that Moffett be compelled to provide disclosures, compelled to provide responses to the Discovery and produce documents, and that an award of sanctions in the amount of $1,732.50 be awarded in favor of PennyMac and against Moffett.


Dated:        December 29, 2020

Respectfully submitted,

*/s/ Nicole Bartz Metral*
Cheryl S. Chang (admitted *pro hac vice*)
chang@blankrome.com
Nicole Bartz Metral (admitted *pro hac vice*)
nbmetral@blankrome.com
Jessica A. McElroy (admitted *pro hac vice*)
jmcelroy@blankrome.com

BLANK ROME LLP
2029 Century Park East, 6th Floor
Los Angeles, California 90067-2907

Telephone: 424.239.3400
Facsimile:  424.239.3434

Harris F. Powers III
hpowers@upshawwilliams.com
Steven C. Cookston
scookston@upshawwilliams.com

Upshaw, Williams, Biggers & Beckham, LLP
309 Fulton Street
Post Office Drawer 8230
Greenwood, MS 38935-8230
Telephone: 662.455.1613
Facsimile: 662.453.9245

*Counsel for Plaintiff*

# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**Eastern Division**

**PENNYMAC LOAN SERVICES, LLC**,                                    **Plaintiff,**

          **-vs-**                                    **Case No: 2:19-cv-00193-KS-MTP**

**SITCOMM ARBITRATION ASSOCIATION,**
**MARK MOFFETT, SANDRA GOULETTE,**
**RONNIE KAHAPEA, MARK JOHNSON, KIRK**
**GIBBS, and ALARIC SCOTT**,

                                                      **Defendants.**

## PLAINTIFF PENNYMAC LOAN SERVICES, LLC'S FIRST SET OF REQUESTS FOR ADMISSIONS, INTERROGATORY REQUESTS, AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT MARK MOFFETT

Pursuant to Fed. R. Civ. P. 33, 34, and 36, plaintiff, PennyMac Loan Services, LLC ("PennyMac"), by its attorneys, Blank Rome LLP, propounds upon Defendant Mark Moffett ("Moffett") the following First Set of Written Interrogatories, Requests for Admission, and Requests for the Production of Documents (hereinafter collectively referred to as the "Discovery Requests"). These Discovery Requests are to be answered in writing, under oath, and mailed to Blank Rome LLP, 2029 Century Park East, 6th Floor, Los Angeles, California 90067-2907, within thirty (30) days from the date of service of such.

Dated:          October 8, 2020

                              Respectfully submitted,

                              */s/ Nicole Bartz Metral*
                              Cheryl S. Chang (admitted *pro hac vice*)
                              Nicole Bartz Metral (admitted *pro hac vice*)
                              Jessica A. McElroy (admitted *pro hac vice*)

1

BLANK ROME LLP
2029 Century Park East, 6th Floor
Los Angeles, California 90067-2907
Telephone: 424.239.3400
Facsimile:  424.239.3434
Email:  Chang@BlankRome.com
NBMetral@BlankRome.com
JMcElroy@BlankRome.com

Harris F. Powers III
Steven C. Cookston

Upshaw, Williams, Biggers & Beckham, LLP
309 Fulton Street
Post Office Drawer 8230
Greenwood, MS 38935-8230
Telephone No.: 662-455-1613
Facsimile No.:  662-453-9245
Email: hpowers@upshawwilliams.com
Scookston@upshawwilliams.com


*Counsel for Plaintiff*

## I.    DEFINITIONS

The following definitions apply to these requests, as well as to any other discovery requests that incorporate these definitions.  In the event of any ambiguity with one or more of the following definitions, common usage and reference to any cited rules, statutes, or regulations should be used to provide the broadest interpretation of the term in question.

1.    The term "document" or "documents" means the original and all copies, regardless of origin or location, of any writing or records of any type or description, whether official or unofficial, including, but not limited to, the original and any copy of any book, pamphlet, periodical, e-mail, letter, memorandum, report, record, study, inter- or intra-office communication, handwritten or other note, working paper, publication, permit, ledger, and/or journal, whether general or special, disk, data sheet, photograph, or any other written, recorded, transcribed, filed, or graphic matter, however produced or reproduced, to which Plaintiffs had access or now have access.

2

2.      "Communication" means any document, contact, or act, oral or written, formal or informal, manually, mechanically, or electronically generated, in which information of any nature is transmitted, transferred, stored, or conveyed between two or more persons and shall include written contact by such means as letters, memoranda, telegrams, telex, facsimile, e-mail, or by any document, and oral contact by such means as face-to-face meetings and telephone conversations. A request for Documents relating to communications is also a specific request for e-mail and all attachments thereto.

3.      "You" and "Your" means Defendant, Mark Moffett ("Moffett"), his agents, representatives, legal counsel or any persons acting or purporting to act on his behalf.

4.      "Identify," "identity," "identification" or "describe" means:

a.      When used with reference to a document, with respect to the original and each copy thereof, the following:

i.      Information sufficient to identify the document, such as its date, the name and addressee or addressees, the name of the signer or signers, the title or heading of the document and its approximate number of pages. Form documents may be identified by title of the form, a description of the method or preparation and disposition of all copies;

ii.     The identity and address or addresses of the person or persons to whom copies were sent;

iii.    The present or last known location of the possessor of the original document (or, if that is unavailable, the most legible copy);

iv.     If any document was, but is no longer, in your possession, custody or control, state what disposition was made of it and the reason for such disposition; or

v.      In lieu of specifically identifying documents as requested in paragraphs (a)-(d), documents may be generally described (with enough particularity to identify which documents are responsive to the document request) and produced for inspection and copying. Provided, however, that all documents not produced must be identified and if there are no documents responsive to a particular interrogatory, that must be indicated in the answer to the interrogatory. Provided further, if any document is withheld or not identified under a claim or privilege, you must (a) identify each such document with sufficient particularity as to author(s), addressees(s), or recipient(s) and a description sufficient to allow the matter to be brought before the court; (b) state the nature of the privilege(s)

3

asserted; and (c) state in detail the factual basis for the claim or privilege.

    b.    When used with reference to a person who is an individual, to state his or her full name, present (or last known) address, present or last known employer, and the present (or last known) address of each employer, and the present or last position held.

    c.    When used with reference to a person other than an individual person, to state its full name, its principal business address, the nature of the organization, if known, and the identify of its owner(s), operator(s), officer(s), partner(s) or other managing personnel.

    d.    When used with respect to an (including an alleged) offense, occurrence, contract, transaction, decision, statement, communication or conduct (hereinafter collectively call "act"), or relationship, operation or activity, to describe in substance the event or events constituting such act, or what transpired, the place, the date; and to identify all persons involved, present or having knowledge thereof, stating the subject matter of their knowledge and the manner in which such knowledge was acquired and to identify the documents referring or relating thereto.

    e.    Whenever you are requested to identify an agreement or communication, and such agreement or communication was oral, state the substance and date thereof, the identity of the persons between whom it was made, the identity of each person present when it was made, and identify each document in which each such agreement or communication was recorded or described.

5.    "Relating" means concerning, referring, or pertaining, directly or indirectly, to the subject matter of the request.

6.    "Litigation" refers to this lawsuit, case 2:19-cv-00193-KS-MTP, filed in the Southern District of Mississippi.

7.    "Sitcomm" means Defendant, Innovated Holdings, Inc. dba Sitcomm Arbitration Association, its agents, representatives, legal counsel or any persons acting or purporting to act on its behalf.

8.    "Consumer", "Customer", or "Sitcomm's clients", or any variation thereof, shall refer to the individual persons who are indebted to a lender, creditor, or debt collector and seek your or Sitcomm's assistance in arbitrating against said lender, creditor, or debt collector.

9.    Any capitalized terms not specifically defined above shall have the meaning assigned to them in the Plaintiffs' Amended Complaint.

4

## INTERROGATORIES REQUESTS

### I.  INSTRUCTIONS FOR ANSWERING

1.  To the extent any interrogatory is objected to, set forth all reasons for the objection. If you object, and refuse to answer in part to any interrogatory, respond to the balance of the interrogatory.

2.  If you object to fully identifying a document or oral communication because of a privilege, you should nevertheless provide the following information:

   a.  the nature of the privilege claimed (including work product);

   b.  the privilege rule being invoked;

   c.  the date of the document or oral communication;

   d.  if a document: its type (correspondence, memorandum, facsimile etc.), custodian, location, and such other information sufficient to identify the document for a subpoena duces tecum or a document request, including where appropriate the author, the addressee, and, if not apparent, the relationship between the author and addressee;

   e.  if an oral communication: the place where it was made, the names of the persons present while it was made, and, if not apparent, the relationship of the persons present to the declarant; and

   f.  the general subject matter of the document or oral communication.

3.  These interrogatories seek information that now is or ever was in your knowledge or that of your present or former employees, representatives, agents, and persons consulted concerning any factual matters or opinions, or is otherwise available to you as either a practical matter or as a matter of law.

4.  For the purposes of reading, interpreting, or construing the scope of these interrogatories, the terms used shall be given their most expansive and inclusive interpretation. This includes, without limitation, the following:

   a.  Construing the terms "and" and "or" in the disjunctive or conjunctive, as necessary, to make the interrogatory more inclusive;

   b.  Construing the singular form of any word to include the plural and the plural form to include the singular;

   c.  Construing the past tense of the verb to include the present tense and the present tense to include the past tense;

   d.  Construing "including" to mean "including without limitation."

e.   Construing the masculine form to include the feminine form.

f.   Construing the term "Date" to mean the exact day, month and year if ascertainable; if not, the closest approximation that can be made by means of relationship to other events, locations, or matters;

g.   Construing negative terms to include the positive and vice versa.  For example, the word "communication" should be construed to mean enforcement or lack of communication;

h.   Construing the terms "relate to" and "regarding" to mean to constitute, discuss, identify, describe, mention, analyze, review, comment upon, admit, deny, support, criticize, refute, reflect, refer to directly or indirectly, or in any way pertain to, in whole or in part;

i.   Construing the terms "all," "each," or "every" as all, each and every; and

j.   Construing "you" and "your" to mean the party to whom these interrogatories are directed and any person associated or affiliated with the above named parties, including, but not limited to, staff, advisors, consultants, internal or external experts, and all others providing research, advice, analysis, or information relating to the actions and transactions of this case and/or the events addressed herein.

5.   These requests shall be deemed continuing in nature and are to be supplemented as additional information pertinent to any request is obtained, including, but not limited to, additional information which adds to a previous response and/or clarifies a previous response.

## II.   **Interrogatories**

1.     What is the name and address of the person answering these interrogatories and, if applicable, the person's official position or relationship with the party to whom the interrogatories are directed.

2.     Identify any and all persons you may call as an expert witness at the trial of this matter and briefly state the subject matter on which each expert witness will testify.

3.     Identify any and all persons you may call as a fact witness at the trial of this matter and briefly state the subject matter on which each fact witness will testify.

4.     Identify any and all documents you may offer as evidence at the trial of this matter or use at any deposition.

5.     Please provide your full name, your address, telephone number, date of birth, and all addresses where you have lived for the past ten (10) years, including the dates you lived at each address.

6.     Please state if you have ever been a party, either a plaintiff, defendant, or claimant, in a lawsuit or proceeding other than the present Litigation, and if so, state whether you were a plaintiff, defendant, or claimant, the nature of the action, and the date and court or administrative body in which such suit or claim was filed.

7.     List the names and addresses of all persons who are believed or known by you, your agents or your attorneys to have knowledge concerning issues raised by the pleadings in the Litigation and specify the subject matter about which the witness has knowledge.

8.     Please list all arbitrations conducted by you, the name of the parties to the arbitration, the date of the arbitration, and the nature of each action which was arbitrated.

7

9.      Please list all arbitrations conducted by you for which a party to the arbitration, either a plaintiff, defendant, or other claimant, filed a lawsuit or action to enforce the arbitration award, and the date and court or administrative body in which such suit or action was filed.

10.      Please list all steps taken by you in the life cycle of conducting an arbitration, including, but not limited to, receiving an assignment from Sitcomm, generating the arbitration agreement, sending the pre-arbitration notice to the parties, holding of the arbitration, and creating the post-arbitration decision.

11.      Please list all arbitration contracts in which <u>all</u> parties to the arbitration provided written, signed authorization for you to conduct the arbitration.

12.      Please list all actions taken by you to verify that the parties to an arbitration contract have consented to your authority to conduct the arbitration.

13.      Please list and describe all arbitration hearings conducted by you between 2016-2020 for which a party to the arbitration physically appeared before you during the arbitration hearing.

14.      Please list all advertising methods, media outlets, locations, or internet sites by which you advertise your services as an arbitration provider.

15.      Please describe when you first learned about Sitcomm and how you obtained this knowledge.

16.      Please describe your employment status vis-à-vis Sitcomm, such as whether you are a salaried employee, commissioned employee, consultant, or independent contractor.

17.      Please state the date on which you first started working with Sitcomm, including any dates on which you entered into any agreements with Sitcomm.

18.    Please list any and all training manuals, written guidance, or informal methods provided by Sitcomm to you by which you were educated on how to determine the exact amount to award to a consumer in an arbitration against a lending institution.

19.    Please describe your training to act as a mediator in the matters referred to you by Sitcomm.

20.    Please describe the process by which Sitcomm located, retained, hired, contracted, or authorized you to handle arbitrations for Sitcomm.

21.    Please set forth the manner, and amount, which you are paid to act as an arbitrator for Sitcomm matters. Please include any increased or decreased payments based on the size of the award or the party in whose favor the award is generated.

22.    Please identify and set forth your total revenue for the years 2016-2020, specifically itemizing the income attributable to arbitration contracts, arbitration hearings, or other compensation received for Sitcomm arbitrations.

23.    Please list and set forth all arbitration decisions in which you decided against a customer of Sitcomm and instead found in favor of the opposing party.

24.    Do you receive a monetary benefit, payment, kickback, or other benefit if Sitcomm's customers are successful in enforcing their arbitration awards against their opponents?

25.    Please list and describe all facts and evidence which influenced your decision to award $1,800,000 against Plaintiff as part of the Kahapea Arbitration Award (Exhibit C to the Amended Complaint).

26.    Please list all the persons that appeared before you during the Kahapea Arbitration on June 10, 2019, as referenced in the Kahapea Arbitration Award (Exhibit C to the Amended Complaint).

136044.01923/123925798v.1

27.     Please provide a range of dates in which you are available for a deposition under Fed.R.Civ.P. 30.

136044.01923/123925798v.1

# REQUESTS FOR PRODUCTION

## I.      INSTRUCTIONS

1.      All Documents shall be produced in the order they are kept in the ordinary course of business, and shall be produced in their original folders, binders, covers or containers, or facsimile thereof.

2.      These requests relate to all Documents that are in your possession, custody or control, or that are in the possession, custody or control of your current or former predecessors, successors, parents, subsidiaries, divisions, or affiliates. Unless otherwise indicated, the temporal scope for each request is limited to January 1, 2010, through the present.

3.      If you contend or believe that a privilege or other protection enables you to withhold any Document sought by a request, you must: (a) state the nature of the privilege or protection claimed; (b) state the nature and identity of the attorney (or other appropriate party) with respect to whom the privilege or protection is claimed; (c) state the basis for claiming the privilege or protection as to the specific information or Document involved; (d) state the author, all addressees, all persons to whom carbon or blind copies were furnished, the date, and a description of the subject matter of the Document; and (e) identify each person who has knowledge of such information or to whom such information has been communicated in any way at any time.

4.      If any Document is not produced in full or is produced in redacted form, you must so indicate on the Document itself and state with particularity the reason or reasons that it is not being produced in full. If the reason for the redaction is a privilege or protection, you must comply with the requirements of the foregoing paragraph.

5.      Whenever objection is made to any portion of any request, a response shall be furnished to as much of the request as to which there is no objection.

6.      If you object to any request on the ground of over-breadth, you are instructed to respond to the request as narrowed to conform to your objection within the time period allowed for a response.

7.      In no event should any response be left blank. If the response to any request is, for example, "none" or "not applicable," such statement should be written as a response. If you do not possess one or more of the requested Documents, you should so state and describe all efforts made by you to search for the Documents necessary to respond to the request.

8.      If you claim that any Document requested was in existence at one time but has been lost, discarded or destroyed, identify such Document or thing as completely as possible including:

11

(a) an explanation of the type of Document or thing it was; (b) when and how it was lost, discarded or destroyed; (c) why it was disposed of, discarded or destroyed; (d) all persons who know or knew of its existence; (e) the person or persons who lost, discarded or destroyed it; and (f) all persons who know of its contents.

9.     If you encounter any ambiguity in construing a request, or the definition or instruction relevant to the request, set forth the matter deemed "ambiguous" and set forth the construction chosen or used in responding.

10.     For each Document requested, produce the entire Document, along with all appendices, exhibits, or other attachments.

11.     Produce all non-identical copies of a Document. Any alteration of a Document, including any marginal notes, handwritten notes, underlining, date stamps, received stamps, endorsed or filed stamps, drafts, revisions, modifications and other versions of a final Document is deemed a separate and distinct Document and must be produced.

12.     All Documents and electronically stored information ("ESI") must be produced as they are kept in the ordinary course of business or you must label all Documents and ESI to correspond to the specific request that seeks such information. All Documents shall be produced in their original folders, binders, covers, containers, or facsimile thereof.

13.     If you object to any of the definitions or instructions applicable to these requests, state your objection in your response and clearly indicate whether you are complying with the direction or instruction notwithstanding your objection. If your objection only goes to part of a definition or instruction, produce all Documents which do not fall within the scope of your objection.

14.     Unless given a specific definition in these requests, each word or term used shall be given its usual and customary dictionary definition, except where such words have a specific custom and usage definition in your trade or industry, in which case they shall be interpreted in accordance with such usual custom and usage definition of which you are aware. In construing the following requests: (a) the singular shall include the plural and the plural shall include the singular; (b) a masculine, feminine, or neuter pronoun shall not exclude the other genders; (c) the past tense includes the present tense; (d) the terms "any" or "all" shall be understood to mean "any and all"; and (e) the terms "and" and "or" shall be read in the conjunctive or disjunctive or both, such that the request is understood in the most expansive manner.

## II.     DOCUMENTS REQUESTED

1.      All notes, memoranda, accounts, narratives, diaries or other documents which refer in any way to any of the claims or defenses in the Litigation.

2.      All documents that you intend to use in any way at the trial of this matter.

3.      All documents that refer or relate to any other litigation involving an arbitration contract with Sitcomm.

4.      All documents customarily provided to a Sitcomm customer who signs up for an arbitration with you.

5.      All documents that support, refute or otherwise relate to any award of damages from each Sitcomm arbitration matter you handled.

6.      All documents that refer or relate to fees, expenses, or charges for your arbitration services and other services.

7.      All documents, checklists, aids, or illustrations sent to Sitcomm's customers that discuss or describe the arbitration process with you.

8.      All documents, checklists, aids, or illustrations sent to Sitcomm's customers which discuss or describe the documents that Sitcomm's customers are required to submit to you in preparation for an arbitration hearing.

9.      All of your annual federal and state tax returns for the years 2016, 2017, 2018, 2019, and 2020.

10.      All documents reflecting payment(s) that you received for conducting arbitration hearings, whether for Sitcomm or any other entity, from 2016-2020, including, but not limited to, all canceled checks and/or bank records reflecting such payments, notes, memoranda, accounts, narratives and diaries or other documents.

11.     All documents reflecting your total income and financial status from January 1, 2016 through June 1, 2020, including, but not limited to, tax returns for 2016-2020, W-2 statements, 1099 statements, and bank account statements.

12.     All documents which support, refute or otherwise relate to your authority to act as an arbitrator.

13.     All documents which reference or establish the arbitration agreement used by Sitcomm's customers to submit a matter to you for arbitration.

14.     All documents, contracts, or retainer agreements authorizing you to arbitrate cases for Sitcomm.

15.     All advertising materials used during 2016-2020 to advertise your services as an arbitrator.

16.     All evidence and submissions presented to you for consideration at the Kahapea Arbitration on June 10, 2019.

17.     All communications, in any medium, between you and co-defendant Goulette.

18.     All communications, in any medium, between you and co-defendant Gibbs.

19.     All communications, in any medium, between you and co-defendant Kahapea.

20.     All communications, in any medium, between you and co-defendant Johnson.

21.     All communications, in any medium, between you and co-defendant Scott.

22.     All communications, in any medium, between you and co-defendant Magee.

23.     All communications, in any medium, between you and co-defendant Jones aka Eeon.

14

## REQUESTS FOR ADMISSIONS

### I.      INSTRUCTIONS

1.       Each request for admission shall be deemed admitted unless you serve a written answer or objection addressed to the matter signed by you or your attorney.

2.       The answer to each request for admission shall specifically deny the matter or set forth in detail the reason why you cannot truthfully admit or deny the matter.

3.       When good faith requires that you qualify an answer or deny only a part of the matter of which an admission is requested, you shall specify so much of it as true and qualify or deny the remainder.

4.       If objection is made, the reasons therefor shall be stated. The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify his or her answer, or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder. An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny. A party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not, on that ground alone, object to the request; the party may, subject to the provisions of Civ.R. 37(c), deny the matter or set forth reasons why the party cannot admit or deny it.

5.       Should you discover that any response to the request for admissions was incorrect when made you shall, upon such discovery or determination, amend such response.

15

## II.    REQUESTS FOR ADMISSION

1.    Admit that you conducted arbitrations hearings at the request of Sitcomm or Sitcomm's customers.

2.    Admit that you offered arbitration services for sale to individual consumers.

3.    Admit that you encouraged individual consumers to seek an arbitration judgment against their lenders and creditors.

4.    Admit that you cooperated with Sitcomm to supply consumers with forms, contracts, and instructions for sending arbitration agreements to the consumer's lenders and creditors.

5.    Admit that you rely on the tacit acceptance, or non-response, of a consumer's lenders and creditors as the authority for you to conduct a binding arbitration against that lender or creditor.

6.    Admit that you never received any signed agreements from a consumer's lenders and creditors agreeing to arbitrate their claims with you.

7.    Admit that no valid and enforceable contract or consent to arbitrate exists between consumers and their opposing party in the arbitration.

8.    Admit that consumers do not supply you with any information, documents, or facts upon which to arbitrate the consumer's claims against their lenders and creditors.

9.    Admit that you do not conduct an actual hearing in which the parties to the arbitration contract appear before you to arbitrate their claims.

10.    Admit that no lender or creditor has ever attended an arbitration held by you.

11.    Admit that you use no independent standards to decide who should be the prevailing party in an arbitration.

16

12.     Admit that you use no independent standards to decide the amount to award to the prevailing party in an arbitration.

13.     Admit that you have no basis upon which to issue an arbitration award in favor of a consumer.

14.     Admit that you have never issued an unfavorable arbitration decision against a consumer.

15.     Admit that you have never issued a favorable arbitration decision in favor of a consumer's lenders or creditors.

16.     Admit that you encourage consumers to enforce their arbitration agreements in a state or federal court under the Federal Arbitration Act.

17.     Admit that you used the U.S. Postal service to mail arbitration contracts, arbitrations notices, arbitration awards, and other documents related to your business operations.

18.     Admit you have published false and derogatory factual statements about PennyMac by way of the arbitration awards issued by you.

19.     Admit that the false and derogatory factual statements referenced in Admission #17 were made to third persons with the purpose of inflicting harm upon PennyMac.

20.     Admit that the false and derogatory factual statements referenced in Admission #17 were made maliciously, knowingly, willfully and in conscious disregard of PennyMac's rights, with specific intent to cause damage to PennyMac's reputation.

21.     Admit that you knowingly cooperated with Sitcomm, and the arbitrators hired by Sitcomm, including co-defendants Gibbs, Goulette, EeoN, and Magee, to commit the wrongful actions outlined in Claims I through V of PennyMac's Amended Complaint in this Litigation.

136044.01923/123925798v.1

22.     Admit that the arbitration decisions issued by you, with the knowing assistance of Sitcomm and the other co-defendants, were designed to defraud PennyMac and have money judgments filed against PennyMac.

## <u>VERIFICATION</u>

WITNESS my hand and official seal, this ___ day of _____, 20___.


Signature: **_____**

Name: **_____**

STATE OF _____

COUNTY OF_____

BEFORE ME personally appeared _____, known to me to be the person described in and who executed the foregoing instrument, and who is personally known to me or has produced _____ as identification and who did take an oath, and now deposes and states that he/she has reviewed the foregoing responses and objections to <u>PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION, WRITTEN INTERROGATORIES, AND REQUESTS FOR THE PRODUCTION OF DOCUMENTS PROPOUNDED UPON DEFENDANT</u>, and that they represent true and accurate answers to those requests as s/he verily believes.

Sworn to and subscribed before me and in my presence this __ day of _____, 20__.


**_____**
Notary Public
Notary Public, State of _____
Printed Name: _____

19

## <u>CERTIFICATE OF SERVICE</u>

I, Nicole B. Metral, hereby certify that I have this day cause to be served a true and correct copy of the above foregoing by Federal Express to the following:

Sandra Goulette
3007 Crescent Hill Drive
Laurel, MS 39440

Kirk Gibbs
4155 Lawrenceville HWY
PMB 8119
Lilburn, GA 30047

Mark Johnson
451 May Ln.
Louisa, VA 23093

Mark Moffett
345 Coon Jeffcoat Rd.
Soso, MS 39480

<u>U.S. MAIL ONLY</u>
Ronnie Kahapea
P.O. Box 875
Volano, HI 96785

SO CERTIFIED this the 8th day of October, 2020.

_/s/ Nicole B. Metral_
Nicole B. Metral

20

**Melendez, Tina**

_____

**From:**          TrackingUpdates@fedex.com
**Sent:**          Friday, October 9, 2020 8:33 AM
**To:**            Metral, Nicole
**Subject:**       FedEx Shipment 397648291815 Delivered

_____

This tracking update has been requested by:

Company Name:        Blank Rome LLP
Name:                Tina Melendez
E-mail:              tmelendez@blankrome.com

Message:             PSShip eMail Notification
_____

Our records indicate that the following shipment has been delivered:

Reference:                136044.01923-92354
Ship date:                Oct 8, 2020
Signed for by:             Signature not required
Delivery location:        SOSO, MS
Delivered to:             Residence
Delivery date:             Fri, 10/9/2020 10:31 am
Service type:             FedEx Priority Overnight®
Packaging type:           FedEx® Envelope
Number of pieces:         1
Weight:                   2.00 lb.
Special handling/Services      Deliver Weekday
                          No Signature Required
                          Residential Delivery
Standard transit:            10/9/2020 by 12:00 pm

Tracking number:          397648291815

Shipper Information           Recipient Information
Tina Melendez              Mark Moffett
Blank Rome LLP             345 COON JEFCOAT RD
2029 Century Park East          SOSO
6th Floor            MS
Los Angeles          US
CA               39480
US
90067

1

Please do not respond to this message. This email was sent from an unattended mailbox. This report was generated at approximately 10:33 AM CDT on 10/09/2020.

All weights are estimated.

The shipment is scheduled for delivery on or before the scheduled delivery displayed above. FedEx does not determine money-back guarantee or delay claim requests based on the scheduled delivery. Please see the FedEx Service Guide for terms and
conditions of service, including the FedEx Money-Back Guarantee, or contact your FedEx customer support representative.

To track the status of this shipment online, please use the following:
https://urldefense.com/v3/__https://www.fedex.com/apps/fedextrack/?action=track&tracknumbers=397648291815&l
anguage=en&opco=FX&clienttype=ivother__;!!BzMsqVLNNjU!a4gJccO8h0Vp2brw7G-
W5DUXSo40SPNjaRehB7oic_fTzyhZHTIPan6SJrRjZsYOww$

This tracking update has been sent to you by FedEx on behalf of the Requestor tmelendez@blankrome.com. FedEx does not validate the authenticity of the requestor and does not validate, guarantee or warrant the authenticity of the request, the requestor's message, or the accuracy of this tracking update.

Standard transit is the date and time the package is scheduled to be delivered by, based on the selected service, destination and ship date. Limitations and exceptions may apply. Please see the FedEx Service Guide for terms and conditions of service, including the FedEx Money-Back Guarantee, or contact your FedEx Customer Support representative.

© 2020 Federal Express Corporation. The content of this message is protected by copyright and trademark laws under U.S. and international law. You can access our privacy policy by searching the term on fedex.com. All rights reserved.

Thank you for your business.

# EXHIBIT 2



**FOLD on this line and place in shipping pouch with bar code and delivery address visible**

1. Fold the first printed page in half and use as the shipping label.
2. Place the label in a waybill pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.
3. Keep the second page as a receipt for your records. The receipt contains the terms and conditions of shipping and information useful for tracking your package.

*Legal Terms and Conditions*

Tendering packages by using this system constitutes your agreement to the service conditions for the transportation of your shipments as found in the applicable FedEx Service Guide, available upon request. FedEx will not be responsible for any claim in excess of the applicable declared value, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the applicable FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of 100 USD or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is 500 USD, e.g. jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits, see applicable FedEx Service Guide. FedEx will not be liable for loss or damage to prohibited items in any event or for your acts or omissions, including, without limitation, improper or insufficient packaging, securing, marking or addressing, or the acts or omissions of the recipient or anyone else with an interest in the package. See the applicable FedEx Service Guide for complete terms and conditions. To obtain information regarding how to file a claim or to obtain a Service Guide, please call 1-800-GO-FEDEX (1-800-463-3339).

# BLANKROME

2029 Century Park East | 6th Floor | Los Angeles, CA 90067

*Phone:*     (424) 239-3483

*Fax:*        (424) 239-3845

*Email:*      nbmetral@blankrome.com


November 30, 2020


**VIA FEDEX**

Mark Moffett
345 Coon Jefcoat Road
Soso, MS 39480
Federal Express Tracking No. 3996 1745 4121

> Re:     *PennyMac Loan Services, LLC v. Sitcomm Arbitration Association, et al.*
>          Case No. 2:19-cv-00193-KS-MTP (Southern District of Mississippi)

Dear Mr. Moffett:

As you know, Blank Rome LLP and Upshaw, Williams, Biggers & Beckham, LLP represent plaintiff PennyMac Loan Services, LLC ("PennyMac") in the above-referenced matter. PennyMac previously propounded the following written discovery to you on October 8, 2020: Interrogatories, Requests for Admission, and Requests for Production ("Discovery"). My office served the Discovery to you via FedEx on October 8, 2020. A true and correct copy of the Discovery that was served with the proof of delivery affixed is enclosed herewith for your ease of reference. Your responses to the Discovery and document production were due on November 12, 2020. As of the date of this letter, neither my office nor Upshaw, Williams, Biggers & Beckham, LLP have received any written responses or documents from you in response to the Discovery.

Pursuant to Local Uniform Civil Rule 37(a) and Federal Rules of Civil Procedure Rule 37(a), we are reaching out to you and requesting that you provide written responses to the Discovery and produce documents **on or before December 9, 2020**. Or, if you wish to meet and confer regarding the Discovery, we request that you contact our office at nbmetral@blankrome.com or (424) 239-3483 **on or before December 4, 2020**. If we do not hear from you or receive your responses by December 9, 2020, we will file a Motion to Compel with the Court and seek sanctions, including reasonable expenses incurred and attorneys' fees incurred in connection with the Motion to Compel.

We also wanted to notify you that you have failed to serve your Initial Disclosures pursuant to Federal Rules of Civil Procedure Rule 26(a) and Local Uniform Civil Rule 26. Pursuant to the Court's Case Management Order dated June 18, 2020, these were due on or before July 1, 2020.

**BLANKROME**

Mark Moffett
November 30, 2020
Page 2

Please contact the undersigned if you wish to further discuss.

Sincerely,

Nicole B. Metral

NBM
Enclosure

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**Eastern Division**

**PENNYMAC LOAN SERVICES, LLC**,                                        **Plaintiff,**


        **-vs-**                                        **Case No: 2:19-cv-00193-KS-MTP**

**SITCOMM ARBITRATION ASSOCIATION,**
**MARK MOFFETT, SANDRA GOULETTE,**
**RONNIE KAHAPEA, MARK JOHNSON, KIRK**
**GIBBS, and ALARIC SCOTT**,

                                                        **Defendants.**


## PLAINTIFF PENNYMAC LOAN SERVICES, LLC'S FIRST SET OF REQUESTS FOR ADMISSIONS, INTERROGATORY REQUESTS, AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT MARK MOFFETT

Pursuant to Fed. R. Civ. P. 33, 34, and 36, plaintiff, PennyMac Loan Services, LLC ("PennyMac"), by its attorneys, Blank Rome LLP, propounds upon Defendant Mark Moffett ("Moffett") the following First Set of Written Interrogatories, Requests for Admission, and Requests for the Production of Documents (hereinafter collectively referred to as the "Discovery Requests"). These Discovery Requests are to be answered in writing, under oath, and mailed to Blank Rome LLP, 2029 Century Park East, 6th Floor, Los Angeles, California 90067-2907, within thirty (30) days from the date of service of such.


 Dated:        October 8, 2020

                                Respectfully submitted,


                                /s/ Nicole Bartz Metral
                                Cheryl S. Chang (admitted *pro hac vice*)
                                Nicole Bartz Metral (admitted *pro hac vice*)
                                Jessica A. McElroy (admitted *pro hac vice*)

BLANK ROME LLP
2029 Century Park East, 6th Floor
Los Angeles, California 90067-2907
Telephone: 424.239.3400
Facsimile:  424.239.3434
Email:  Chang@BlankRome.com
NBMetral@BlankRome.com
JMcElroy@BlankRome.com

Harris F. Powers III
Steven C. Cookston

Upshaw, Williams, Biggers & Beckham, LLP
309 Fulton Street
Post Office Drawer 8230
Greenwood, MS 38935-8230
Telephone No.: 662-455-1613
Facsimile No.:  662-453-9245
Email: hpowers@upshawwilliams.com
Scookston@upshawwilliams.com

*Counsel for Plaintiff*

## I.    DEFINITIONS

The following definitions apply to these requests, as well as to any other discovery requests that incorporate these definitions.  In the event of any ambiguity with one or more of the following definitions, common usage and reference to any cited rules, statutes, or regulations should be used to provide the broadest interpretation of the term in question.

1.    The term "document" or "documents" means the original and all copies, regardless of origin or location, of any writing or records of any type or description, whether official or unofficial, including, but not limited to, the original and any copy of any book, pamphlet, periodical, e-mail, letter, memorandum, report, record, study, inter- or intra-office communication, handwritten or other note, working paper, publication, permit, ledger, and/or journal, whether general or special, disk, data sheet, photograph, or any other written, recorded, transcribed, filed, or graphic matter, however produced or reproduced, to which Plaintiffs had access or now have access.

2

2.       "Communication" means any document, contact, or act, oral or written, formal or informal, manually, mechanically, or electronically generated, in which information of any nature is transmitted, transferred, stored, or conveyed between two or more persons and shall include written contact by such means as letters, memoranda, telegrams, telex, facsimile, e-mail, or by any document, and oral contact by such means as face-to-face meetings and telephone conversations. A request for Documents relating to communications is also a specific request for e-mail and all attachments thereto.

3.       "You" and "Your" means Defendant, Mark Moffett ("Moffett"), his agents, representatives, legal counsel or any persons acting or purporting to act on his behalf.

4.       "Identify," "identity," "identification" or "describe" means:

    a.       When used with reference to a document, with respect to the original and each copy thereof, the following:

        i.       Information sufficient to identify the document, such as its date, the name and addressee or addressees, the name of the signer or signers, the title or heading of the document and its approximate number of pages. Form documents may be identified by title of the form, a description of the method or preparation and disposition of all copies;

        ii.      The identity and address or addresses of the person or persons to whom copies were sent;

        iii.     The present or last known location of the possessor of the original document (or, if that is unavailable, the most legible copy);

        iv.      If any document was, but is no longer, in your possession, custody or control, state what disposition was made of it and the reason for such disposition; or

        v.       In lieu of specifically identifying documents as requested in paragraphs (a)-(d), documents may be generally described (with enough particularity to identify which documents are responsive to the document request) and produced for inspection and copying. Provided, however, that all documents not produced must be identified and if there are no documents responsive to a particular interrogatory, that must be indicated in the answer to the interrogatory. Provided further, if any document is withheld or not identified under a claim or privilege, you must (a) identify each such document with sufficient particularity as to author(s), addressees), or recipient(s) and a description sufficient to allow the matter to be brought before the court; (b) state the nature of the privilege(s)

3

asserted; and (c) state in detail the factual basis for the claim or privilege.

b.    When used with reference to a person who is an individual, to state his or her full name, present (or last known) address, present or last known employer, and the present (or last known) address of each employer, and the present or last position held.

c.    When used with reference to a person other than an individual person, to state its full name, its principal business address, the nature of the organization, if known, and the identify of its owner(s), operator(s), officer(s), partner(s) or other managing personnel.

d.    When used with respect to an (including an alleged) offense, occurrence, contract, transaction, decision, statement, communication or conduct (hereinafter collectively call "act"), or relationship, operation or activity, to describe in substance the event or events constituting such act, or what transpired, the place, the date; and to identify all persons involved, present or having knowledge thereof, stating the subject matter of their knowledge and the manner in which such knowledge was acquired and to identify the documents referring or relating thereto.

e.    Whenever you are requested to identify an agreement or communication, and such agreement or communication was oral, state the substance and date thereof, the identity of the persons between whom it was made, the identity of each person present when it was made, and identify each document in which each such agreement or communication was recorded or described.

5.    "Relating" means concerning, referring, or pertaining, directly or indirectly, to the subject matter of the request.

6.    "Litigation" refers to this lawsuit, case 2:19-cv-00193-KS-MTP, filed in the Southern District of Mississippi.

7.    "Sitcomm" means Defendant, Innovated Holdings, Inc. dba Sitcomm Arbitration Association, its agents, representatives, legal counsel or any persons acting or purporting to act on its behalf.

8.    "Consumer", "Customer", or "Sitcomm's clients", or any variation thereof, shall refer to the individual persons who are indebted to a lender, creditor, or debt collector and seek your or Sitcomm's assistance in arbitrating against said lender, creditor, or debt collector.

9.    Any capitalized terms not specifically defined above shall have the meaning assigned to them in the Plaintiffs' Amended Complaint.

4

## INTERROGATORIES REQUESTS

### I.     INSTRUCTIONS FOR ANSWERING

1.     To the extent any interrogatory is objected to, set forth all reasons for the objection. If you object, and refuse to answer in part to any interrogatory, respond to the balance of the interrogatory.

2.     If you object to fully identifying a document or oral communication because of a privilege, you should nevertheless provide the following information:

      a.     the nature of the privilege claimed (including work product);

      b.     the privilege rule being invoked;

      c.     the date of the document or oral communication;

      d.     if a document: its type (correspondence, memorandum, facsimile etc.), custodian, location, and such other information sufficient to identify the document for a subpoena duces tecum or a document request, including where appropriate the author, the addressee, and, if not apparent, the relationship between the author and addressee;

      e.     if an oral communication: the place where it was made, the names of the persons present while it was made, and, if not apparent, the relationship of the persons present to the declarant; and

      f.     the general subject matter of the document or oral communication.

3.     These interrogatories seek information that now is or ever was in your knowledge or that of your present or former employees, representatives, agents, and persons consulted concerning any factual matters or opinions, or is otherwise available to you as either a practical matter or as a matter of law.

4.     For the purposes of reading, interpreting, or construing the scope of these interrogatories, the terms used shall be given their most expansive and inclusive interpretation. This includes, without limitation, the following:

      a.     Construing the terms "and" and "or" in the disjunctive or conjunctive, as necessary, to make the interrogatory more inclusive;

      b.     Construing the singular form of any word to include the plural and the plural form to include the singular;

      c.     Construing the past tense of the verb to include the present tense and the present tense to include the past tense;

      d.     Construing "including" to mean "including without limitation."

5

e.     Construing the masculine form to include the feminine form.

f.     Construing the term "Date" to mean the exact day, month and year if ascertainable; if not, the closest approximation that can be made by means of relationship to other events, locations, or matters;

g.     Construing negative terms to include the positive and vice versa.  For example, the word "communication" should be construed to mean enforcement or lack of communication;

h.     Construing the terms "relate to" and "regarding" to mean to constitute, discuss, identify, describe, mention, analyze, review, comment upon, admit, deny, support, criticize, refute, reflect, refer to directly or indirectly, or in any way pertain to, in whole or in part;

i.     Construing the terms "all," "each," or "every" as all, each and every; and

j.     Construing "you" and "your" to mean the party to whom these interrogatories are directed and any person associated or affiliated with the above named parties, including, but not limited to, staff, advisors, consultants, internal or external experts, and all others providing research, advice, analysis, or information relating to the actions and transactions of this case and/or the events addressed herein.

5.     These requests shall be deemed continuing in nature and are to be supplemented as additional information pertinent to any request is obtained, including, but not limited to, additional information which adds to a previous response and/or clarifies a previous response.

6

## II.   <u>Interrogatories</u>

1.     What is the name and address of the person answering these interrogatories and, if applicable, the person's official position or relationship with the party to whom the interrogatories are directed.

2.     Identify any and all persons you may call as an expert witness at the trial of this matter and briefly state the subject matter on which each expert witness will testify.

3.     Identify any and all persons you may call as a fact witness at the trial of this matter and briefly state the subject matter on which each fact witness will testify.

4.     Identify any and all documents you may offer as evidence at the trial of this matter or use at any deposition.

5.     Please provide your full name, your address, telephone number, date of birth, and all addresses where you have lived for the past ten (10) years, including the dates you lived at each address.

6.     Please state if you have ever been a party, either a plaintiff, defendant, or claimant, in a lawsuit or proceeding other than the present Litigation, and if so, state whether you were a plaintiff, defendant, or claimant, the nature of the action, and the date and court or administrative body in which such suit or claim was filed.

7.     List the names and addresses of all persons who are believed or known by you, your agents or your attorneys to have knowledge concerning issues raised by the pleadings in the Litigation and specify the subject matter about which the witness has knowledge.

8.     Please list all arbitrations conducted by you, the name of the parties to the arbitration, the date of the arbitration, and the nature of each action which was arbitrated.

136044.01923/123925798v.1

9.      Please list all arbitrations conducted by you for which a party to the arbitration, either a plaintiff, defendant, or other claimant, filed a lawsuit or action to enforce the arbitration award, and the date and court or administrative body in which such suit or action was filed.

10.     Please list all steps taken by you in the life cycle of conducting an arbitration, including, but not limited to, receiving an assignment from Sitcomm, generating the arbitration agreement, sending the pre-arbitration notice to the parties, holding of the arbitration, and creating the post-arbitration decision.

11.     Please list all arbitration contracts in which all parties to the arbitration provided written, signed authorization for you to conduct the arbitration.

12.     Please list all actions taken by you to verify that the parties to an arbitration contract have consented to your authority to conduct the arbitration.

13.     Please list and describe all arbitration hearings conducted by you between 2016-2020 for which a party to the arbitration physically appeared before you during the arbitration hearing.

14.     Please list all advertising methods, media outlets, locations, or internet sites by which you advertise your services as an arbitration provider.

15.     Please describe when you first learned about Sitcomm and how you obtained this knowledge.

16.     Please describe your employment status vis-à-vis Sitcomm, such as whether you are a salaried employee, commissioned employee, consultant, or independent contractor.

17.     Please state the date on which you first started working with Sitcomm, including any dates on which you entered into any agreements with Sitcomm.

8

18.     Please list any and all training manuals, written guidance, or informal methods provided by Sitcomm to you by which you were educated on how to determine the exact amount to award to a consumer in an arbitration against a lending institution.

19.     Please describe your training to act as a mediator in the matters referred to you by Sitcomm.

20.     Please describe the process by which Sitcomm located, retained, hired, contracted, or authorized you to handle arbitrations for Sitcomm.

21.     Please set forth the manner, and amount, which you are paid to act as an arbitrator for Sitcomm matters. Please include any increased or decreased payments based on the size of the award or the party in whose favor the award is generated.

22.     Please identify and set forth your total revenue for the years 2016-2020, specifically itemizing the income attributable to arbitration contracts, arbitration hearings, or other compensation received for Sitcomm arbitrations.

23.     Please list and set forth all arbitration decisions in which you decided against a customer of Sitcomm and instead found in favor of the opposing party.

24.     Do you receive a monetary benefit, payment, kickback, or other benefit if Sitcomm's customers are successful in enforcing their arbitration awards against their opponents?

25.     Please list and describe all facts and evidence which influenced your decision to award $1,800,000 against Plaintiff as part of the Kahapea Arbitration Award (Exhibit C to the Amended Complaint).

26.     Please list all the persons that appeared before you during the Kahapea Arbitration on June 10, 2019, as referenced in the Kahapea Arbitration Award (Exhibit C to the Amended Complaint).

9

27.     Please provide a range of dates in which you are available for a deposition under

Fed.R.Civ.P. 30.

**REQUESTS FOR PRODUCTION**

## I.      INSTRUCTIONS

1.      All Documents shall be produced in the order they are kept in the ordinary course of business, and shall be produced in their original folders, binders, covers or containers, or facsimile thereof.

2.      These requests relate to all Documents that are in your possession, custody or control, or that are in the possession, custody or control of your current or former predecessors, successors, parents, subsidiaries, divisions, or affiliates. Unless otherwise indicated, the temporal scope for each request is limited to January 1, 2010, through the present.

3.      If you contend or believe that a privilege or other protection enables you to withhold any Document sought by a request, you must: (a) state the nature of the privilege or protection claimed; (b) state the nature and identity of the attorney (or other appropriate party) with respect to whom the privilege or protection is claimed; (c) state the basis for claiming the privilege or protection as to the specific information or Document involved; (d) state the author, all addressees, all persons to whom carbon or blind copies were furnished, the date, and a description of the subject matter of the Document; and (e) identify each person who has knowledge of such information or to whom such information has been communicated in any way at any time.

4.      If any Document is not produced in full or is produced in redacted form, you must so indicate on the Document itself and state with particularity the reason or reasons that it is not being produced in full. If the reason for the redaction is a privilege or protection, you must comply with the requirements of the foregoing paragraph.

5.      Whenever objection is made to any portion of any request, a response shall be furnished to as much of the request as to which there is no objection.

6.      If you object to any request on the ground of over-breadth, you are instructed to respond to the request as narrowed to conform to your objection within the time period allowed for a response.

7.      In no event should any response be left blank. If the response to any request is, for example, "none" or "not applicable," such statement should be written as a response. If you do not possess one or more of the requested Documents, you should so state and describe all efforts made by you to search for the Documents necessary to respond to the request.

8.      If you claim that any Document requested was in existence at one time but has been lost, discarded or destroyed, identify such Document or thing as completely as possible including:

11

(a) an explanation of the type of Document or thing it was; (b) when and how it was lost, discarded or destroyed; (c) why it was disposed of, discarded or destroyed; (d) all persons who know or knew of its existence; (e) the person or persons who lost, discarded or destroyed it; and (f) all persons who know of its contents.

9.      If you encounter any ambiguity in construing a request, or the definition or instruction relevant to the request, set forth the matter deemed "ambiguous" and set forth the construction chosen or used in responding.

10.     For each Document requested, produce the entire Document, along with all appendices, exhibits, or other attachments.

11.     Produce all non-identical copies of a Document. Any alteration of a Document, including any marginal notes, handwritten notes, underlining, date stamps, received stamps, endorsed or filed stamps, drafts, revisions, modifications and other versions of a final Document is deemed a separate and distinct Document and must be produced.

12.     All Documents and electronically stored information ("ESI") must be produced as they are kept in the ordinary course of business or you must label all Documents and ESI to correspond to the specific request that seeks such information. All Documents shall be produced in their original folders, binders, covers, containers, or facsimile thereof.

13.     If you object to any of the definitions or instructions applicable to these requests, state your objection in your response and clearly indicate whether you are complying with the direction or instruction notwithstanding your objection. If your objection only goes to part of a definition or instruction, produce all Documents which do not fall within the scope of your objection.

14.     Unless given a specific definition in these requests, each word or term used shall be given its usual and customary dictionary definition, except where such words have a specific custom and usage definition in your trade or industry, in which case they shall be interpreted in accordance with such usual custom and usage definition of which you are aware. In construing the following requests: (a) the singular shall include the plural and the plural shall include the singular; (b) a masculine, feminine, or neuter pronoun shall not exclude the other genders; (c) the past tense includes the present tense; (d) the terms "any" or "all" shall be understood to mean "any and all"; and (e) the terms "and" and "or" shall be read in the conjunctive or disjunctive or both, such that the request is understood in the most expansive manner.

## II.      DOCUMENTS REQUESTED

1.     All notes, memoranda, accounts, narratives, diaries or other documents which refer in any way to any of the claims or defenses in the Litigation.

2.     All documents that you intend to use in any way at the trial of this matter.

3.     All documents that refer or relate to any other litigation involving an arbitration contract with Sitcomm.

4.     All documents customarily provided to a Sitcomm customer who signs up for an arbitration with you.

5.     All documents that support, refute or otherwise relate to any award of damages from each Sitcomm arbitration matter you handled.

6.     All documents that refer or relate to fees, expenses, or charges for your arbitration services and other services.

7.     All documents, checklists, aids, or illustrations sent to Sitcomm's customers that discuss or describe the arbitration process with you.

8.     All documents, checklists, aids, or illustrations sent to Sitcomm's customers which discuss or describe the documents that Sitcomm's customers are required to submit to you in preparation for an arbitration hearing.

9.     All of your annual federal and state tax returns for the years 2016, 2017, 2018, 2019, and 2020.

10.     All documents reflecting payment(s) that you received for conducting arbitration hearings, whether for Sitcomm or any other entity, from 2016-2020, including, but not limited to, all canceled checks and/or bank records reflecting such payments, notes, memoranda, accounts, narratives and diaries or other documents.

13

11.     All documents reflecting your total income and financial status from January 1, 2016 through June 1, 2020, including, but not limited to, tax returns for 2016-2020, W-2 statements, 1099 statements, and bank account statements.

12.     All documents which support, refute or otherwise relate to your authority to act as an arbitrator.

13.     All documents which reference or establish the arbitration agreement used by Sitcomm's customers to submit a matter to you for arbitration.

14.     All documents, contracts, or retainer agreements authorizing you to arbitrate cases for Sitcomm.

15.     All advertising materials used during 2016-2020 to advertise your services as an arbitrator.

16.     All evidence and submissions presented to you for consideration at the Kahapea Arbitration on June 10, 2019.

17.     All communications, in any medium, between you and co-defendant Goulette.

18.     All communications, in any medium, between you and co-defendant Gibbs.

19.     All communications, in any medium, between you and co-defendant Kahapea.

20.     All communications, in any medium, between you and co-defendant Johnson.

21.     All communications, in any medium, between you and co-defendant Scott.

22.     All communications, in any medium, between you and co-defendant Magee.

23.     All communications, in any medium, between you and co-defendant Jones aka Eeon.

## REQUESTS FOR ADMISSIONS

**I.      INSTRUCTIONS**

1.      Each request for admission shall be deemed admitted unless you serve a written answer or objection addressed to the matter signed by you or your attorney.

2.      The answer to each request for admission shall specifically deny the matter or set forth in detail the reason why you cannot truthfully admit or deny the matter.

3.      When good faith requires that you qualify an answer or deny only a part of the matter of which an admission is requested, you shall specify so much of it as true and qualify or deny the remainder.

4.      If objection is made, the reasons therefor shall be stated. The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify his or her answer, or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder. An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny. A party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not, on that ground alone, object to the request; the party may, subject to the provisions of Civ.R. 37(c), deny the matter or set forth reasons why the party cannot admit or deny it.

5.      Should you discover that any response to the request for admissions was incorrect when made you shall, upon such discovery or determination, amend such response.

15

## II.    REQUESTS FOR ADMISSION

1.    Admit that you conducted arbitrations hearings at the request of Sitcomm or Sitcomm's customers.

2.    Admit that you offered arbitration services for sale to individual consumers.

3.    Admit that you encouraged individual consumers to seek an arbitration judgment against their lenders and creditors.

4.    Admit that you cooperated with Sitcomm to supply consumers with forms, contracts, and instructions for sending arbitration agreements to the consumer's lenders and creditors.

5.    Admit that you rely on the tacit acceptance, or non-response, of a consumer's lenders and creditors as the authority for you to conduct a binding arbitration against that lender or creditor.

6.    Admit that you never received any signed agreements from a consumer's lenders and creditors agreeing to arbitrate their claims with you.

7.    Admit that no valid and enforceable contract or consent to arbitrate exists between consumers and their opposing party in the arbitration.

8.    Admit that consumers do not supply you with any information, documents, or facts upon which to arbitrate the consumer's claims against their lenders and creditors.

9.    Admit that you do not conduct an actual hearing in which the parties to the arbitration contract appear before you to arbitrate their claims.

10.    Admit that no lender or creditor has ever attended an arbitration held by you.

11.    Admit that you use no independent standards to decide who should be the prevailing party in an arbitration.

16

12.     Admit that you use no independent standards to decide the amount to award to the prevailing party in an arbitration.

13.     Admit that you have no basis upon which to issue an arbitration award in favor of a consumer.

14.     Admit that you have never issued an unfavorable arbitration decision against a consumer.

15.     Admit that you have never issued a favorable arbitration decision in favor of a consumer's lenders or creditors.

16.     Admit that you encourage consumers to enforce their arbitration agreements in a state or federal court under the Federal Arbitration Act.

17.     Admit that you used the U.S. Postal service to mail arbitration contracts, arbitrations notices, arbitration awards, and other documents related to your business operations.

18.     Admit you have published false and derogatory factual statements about PennyMac by way of the arbitration awards issued by you.

19.     Admit that the false and derogatory factual statements referenced in Admission #17 were made to third persons with the purpose of inflicting harm upon PennyMac.

20.     Admit that the false and derogatory factual statements referenced in Admission #17 were made maliciously, knowingly, willfully and in conscious disregard of PennyMac's rights, with specific intent to cause damage to PennyMac's reputation.

21.     Admit that you knowingly cooperated with Sitcomm, and the arbitrators hired by Sitcomm, including co-defendants Gibbs, Goulette, EeoN, and Magee, to commit the wrongful actions outlined in Claims I through V of PennyMac's Amended Complaint in this Litigation.

136044.01923/123925798v.1

**22.**     Admit that the arbitration decisions issued by you, with the knowing assistance of Sitcomm and the other co-defendants, were designed to defraud PennyMac and have money judgments filed against PennyMac.

## **VERIFICATION**

WITNESS my hand and official seal, this ___ day of _____, 20___.

Signature: _____

Name: _____

STATE OF _____

COUNTY OF_____

BEFORE ME personally appeared _____, known to me to be the person described in and who executed the foregoing instrument, and who is personally known to me or has produced _____ as identification and who did take an oath, and now deposes and states that he/she has reviewed the foregoing responses and objections to PLAINTIFF'S   FIRST   SET   OF   REQUESTS   FOR   ADMISSION,   WRITTEN INTERROGATORIES,  AND  REQUESTS  FOR  THE  PRODUCTION  OF  DOCUMENTS PROPOUNDED UPON DEFENDANT, and that they represent true and accurate answers to those requests as s/he verily believes.

Sworn to and subscribed before me and in my presence this __ day of _____, 20__.

_____
Notary Public
Notary Public, State of _____
Printed Name: _____

136044.01923/123925798v.1

## CERTIFICATE OF SERVICE

I, Nicole B. Metral, hereby certify that I have this day cause to be served a true and correct copy of the above foregoing by Federal Express to the following:

Sandra Goulette
3007 Crescent Hill Drive
Laurel, MS 39440

Kirk Gibbs
4155 Lawrenceville HWY
PMB 8119
Lilburn, GA 30047

Mark Johnson
451 May Ln.
Louisa, VA 23093

Mark Moffett
345 Coon Jeffcoat Rd.
Soso, MS 39480

**U.S. MAIL ONLY**
Ronnie Kahapea
P.O. Box 875
Volano, HI 96785

SO CERTIFIED this the 8th day of October, 2020.

*/s/ Nicole B. Metral*
Nicole B. Metral

20

136044.01923/123925798v.1

**Bee, Charman**

_____

| | |
|---|---|
| **From:** | TrackingUpdates@fedex.com |
| **Sent:** | Friday, October 9, 2020 8:33 AM |
| **To:** | Metral, Nicole |
| **Subject:** | FedEx Shipment 397648291815 Delivered |

_____

This tracking update has been requested by:

Company Name:        Blank Rome LLP
Name:                Tina Melendez
E-mail:              tmelendez@blankrome.com

Message:             PSShip eMail Notification

_____

Our records indicate that the following  shipment has been delivered:

Reference:                136044.01923-92354
Ship date:                Oct 8,  2020
Signed for by:            Signature  not required
Delivery location:        SOSO,  MS
Delivered to:             Residence
Delivery date:            Fri,  10/9/2020 10:31 am
Service type:             FedEx  Priority Overnight®
Packaging type:           FedEx®  Envelope
Number of pieces:         1
Weight:                   2.00  lb.
Special handling/Services         Deliver  Weekday
                          No Signature  Required
                          Residential  Delivery
Standard transit:         10/9/2020  by 12:00 pm

Tracking number:          397648291815

Shipper Information              Recipient Information
Tina Melendez            Mark Moffett
Blank Rome LLP           345 COON JEFCOAT RD
2029 Century Park East           SOSO
6th Floor                MS
Los Angeles              US
CA                39480
US
90067

1

Please do not respond to this message. This email was sent from an unattended  mailbox. This report was generated at approximately 10:33 AM  CDT  on 10/09/2020.

All weights are estimated.

The shipment is scheduled for delivery on or before the scheduled delivery  displayed above. FedEx does not determine money-back guarantee or  delay  claim requests based on the scheduled delivery. Please see the FedEx  Service Guide for terms  and
conditions of service, including the FedEx Money-Back Guarantee,  or contact  your FedEx customer support representative.

To track the status of this shipment online, please use the following:
https://urldefense.com/v3/__https://www.fedex.com/apps/fedextrack/?action=track&tracknumbers=397648291815&language=en&opco=FX&clientype=ivother__;!!BzMsqVLNNjU!a4gJccO8h0Vp2brw7G-W5DUXSo40SPNjaRehB7oic_fTzyhZHTIPan6SJrRjZsYOww$

This tracking update has been sent to you by FedEx on behalf of the Requestor  tmelendez@blankrome.com. FedEx does not validate the authenticity  of the requestor and does not validate, guarantee or warrant the authenticity  of the request, the requestor's message, or the accuracy of this tracking update.

Standard transit is the date and time the package is scheduled to be delivered  by, based on the selected service, destination and ship date. Limitations  and exceptions may apply. Please see the FedEx Service Guide for  terms and conditions of service, including the FedEx Money-Back Guarantee, or contact your FedEx  Customer Support representative.

© 2020 Federal Express Corporation. The content of this message is protected  by copyright and trademark laws under U.S. and international law. You  can access our privacy policy by searching the term on fedex.com. All  rights reserved.

Thank you for your business.

**No, Hannah**

| | |
|---|---|
| **From:** | TrackingUpdates@fedex.com |
| **Sent:** | Tuesday, December 1, 2020 11:16 AM |
| **To:** | Metral, Nicole |
| **Subject:** | FedEx Shipment 399617454121 Delivered |

_____

This tracking update has been requested by:

Company Name:        Blank Rome LLP
Name:                        Nicole Metral
E-mail:                       nbmetral@blankrome.com

Message:                   PSShip eMail Notification
_____

Our records indicate that the following  shipment has been delivered:

Reference:                        136044.01923-04319
Ship date:                        Nov 30,  2020
Signed for by:                    Signature  not required
Delivery location:            SOSO,  MS
Delivered to:                     Residence
Delivery date:                   Tue,  12/1/2020 1:14 pm
Service type:                     FedEx  Priority Overnight®
Packaging type:               FedEx®  Envelope
Number of pieces:            1
Weight:                      0.50  lb.
Special handling/Services             Deliver  Weekday
                                 Residential  Delivery
Standard transit:                  12/1/2020  by 12:00 pm

Tracking number:              399617454121


Shipper Information            Recipient Information
Nicole Metral                  Mark Moffett
Blank Rome LLP                  345 COON JEFCOAT RD
2029 Century Park East            SOSO
6th Floor                 MS
Los Angeles               US
CA                        39480
US
90067

Please do not respond to this message. This email was sent from an unattended  mailbox. This report was generated at approximately 1:15 PM  CST on  12/01/2020.

All weights are estimated.

The shipment is scheduled for delivery on or before the scheduled delivery   displayed above. FedEx does not determine money-back guarantee or  delay  claim requests based on the scheduled delivery. Please see the FedEx  Service Guide for terms  and
conditions of service, including the FedEx Money-Back Guarantee,  or contact  your FedEx customer support representative.

To track the status of this shipment online, please use the following:
https://urldefense.com/v3/__https://www.fedex.com/apps/fedextrack/?action=track&tracknumbers=39 9617454121&language=en&opco=FX&clientype=ivother__;!!BzMsqVLNNjU!YEUukXxdnUR1AEUmE 2yBeCuzV3Dp6j6vv5ib1BPauuEUCJbByx-hCJ3CR3-ICVOV5A$

This tracking update has been sent to you by FedEx on behalf of the Requestor nbmetral@blankrome.com. FedEx does not validate the authenticity of  the requestor and does not validate, guarantee or warrant the authenticity  of the request, the requestor's message, or the accuracy of this tracking update.

Standard transit is the date and time the package is scheduled to be delivered  by, based on the selected service, destination and ship date. Limitations  and exceptions may apply. Please see the FedEx Service Guide for  terms and conditions of service, including the FedEx Money-Back Guarantee, or contact your FedEx  Customer Support representative.

© 2020 Federal Express Corporation. The content of this message is protected  by copyright and trademark laws under U.S. and international law. You  can access our privacy policy by searching the term on fedex.com. All  rights reserved.

Thank you for your business.

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

   I am employed in the county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is **BLANK ROME LLP**, 2029 Century Park East, 6th Floor, Los Angeles, California 90067.

   On **December 29, 2020**, I served the foregoing document(s):

**PLAINTIFF PENNYMAC LOAN SERVICES, LLC'S MOTION TO COMPEL DISCLOSURES AND DISCOVERY RESPONSES FROM DEFENDANT MARK MOFFETT AND REQUEST FOR SANCTIONS**

   on the interested parties in this action addressed and sent as follows:

### SEE ATTACHED SERVICE LIST

☒   **BY ENVELOPE:** by placing ☐ the original ☒ a true copy thereof enclosed in sealed envelope(s) addressed as indicated and delivering such envelope(s):

☒   **BY CERTIFIED MAIL:** I caused such envelope(s) to be deposited in the mail at Los Angeles, California with postage thereon fully prepaid to the office or home of the addressee(s) as indicated.  I am "readily familiar" with this firm's practice of collection and processing documents for mailing.  It is deposited with the U.S. Postal Service on that same day, with postage fully prepaid, in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

☒   **BY FEDEX:** I caused such envelope(s) to be deposited in a box or other facility regularly maintained by FedEx, an express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents in an envelope designated by the said express service carrier, addressed as indicated, with delivery fees paid or provided for, to be transmitted by FedEx.

☒   **FEDERAL:** I declare that I am employed in the office of a member of the bar of this court at whose direction service was made.

   Executed on **December 29, 2020**, at Los Angeles, California.

*Michelle Grams*
_____
Michelle Grams

# SERVICE LIST

*Pennymac Loan Services, LLC v. Sitcomm Arbitration Association, et al.*;
Case No. 2:19-cv-00193-KS-MTP

## BY CERTIFIED MAIL:

| | |
|---|---|
| Ronnie Kahapea<br>P.O. Box 875<br>Volcano, HI 96785 | Defendant |
| Brett "Eeon" Jones<br>c/o California Institution for Men<br>Post Box 3100<br>Chino, CA 91708 | Defendant |

## BY FEDEX:

| | |
|---|---|
| Mark Johnson<br>451 May Lane<br>Louisa, VA 23093 | Defendant |
| Kirk Gibbs<br>4115 Lawrenceville Rd.<br>PMB 8119<br>Lilburn, GA 30047 | Defendant |
| Sandra Goulette<br>3007 Crescent Hill Drive<br>Laurel, MS 39440 | Defendant |
| Mark Moffett<br>345 Coon Jeffcoat Road<br>Soso, MS 39480 | Defendant |
| Rance Magee<br>11294 Rose Road<br>Emmett, MI 48022 | Defendant |
| Innovated Holdings, Inc. dba<br>Sitcomm Arbitration Association<br>C/O Registered Agents, Inc.<br>30 N. Gould Street, Suite R<br>Sheridan, WY 82801 | Defendant |