"Eeon"
304 S. Jones Blvd. #Eeon 1967
Las Vegas, ~~Nevada~~. 89107



"AN Affidavit En Banc"

CASE# 2:19 cv 00193

IN Re "Eeon"

Sitcomm, et..AL..,

v.

PennyMac, et..AL..,

Motion For Expidited Hearing, Reply to Respondent's Request for Modified CMO.

I. There's A pending Motion to Dismiss PennyMac's Suit:

The 'hornbook' of Contract Law holds in-part that:

"that AN offer may be Accepted by Silence Accompanied by an act" that "constitute's A performance of that Requested." In order for the contract to be effective, see: Restatement (SECOND) of Contracts.

PennyMac's Alleged Counsel of Record, has made a claim 'that no contract exist, that they never agreed...'

On Nov. 28, 2020 at 1:57 pm PennyMac through a Nicole Metreal, stated the following After Receiving a Response from Ronnie Kahapea [Cahappi] Respection Disposition of Several outstanding issue's Claimed by PennyMac (P.M. hensoforth). Nicole, wrote the following Misleading And Deliberately Misrepresentative Statement:

"... Therefore, we [collective] will not be submitting any Affidavit, do not Agree to 'ANY' Contract' with you, And will not be paying you anything.'"
(Doc. 116-1 page 142 of 144 para. 7.).

Why would Such a Statement be so Damning to the Respondent's/Defendants (counter)? As Stated, PennyMac Admits

by and through Learned Counsel, Acting as Licensed Attorney's, Stated that there was no Contract, as there was no duty to Respond; Yet when Mister Ronnie Kahapea Responds to the "Offer"-to Attend A Deposition, with A Conditional Acceptance of the offer, Nicole, provides a proper Rejection of counter-offer. This Documents PennyMae and it's Co-Conspirators are knowledgable of their Duty to Respond and to if they elect, opt-out.

[we Note (Please take Judicial Knowledge Notice) that Kahapea's Contract Stated the following:

"... that by Respondents(s) failure and or Refusal to Respond and provide the Requested... it shall be held and noted and Agreed to by all parties..." (see: Arbitration clause Kahapea's original Arbitration Contract with PennyMae).

So the Refusal of PennyMae, (P.M.) to Respond constituted an act under the "Change in term's" Clause (Doctrine). This is a matter Admitted by Counsel (Alleged) for P.M., as they via their Complaint Admit that their was a prior Agreement/Relationship. Through the Deposition questioning they highlight that their was a Pending Debt. The Contract by Both Kahapea & Johnson each Demanded an Accounting, or Proof of indebtedness. Each Contract made a Request to have Debt Verified/Validated by PennyMac & Associated Institution. PennyMac Admits to willfully choosing not to Respond. PennyMac Admits not Responding to Arbitrator's Notices.

The Arbitrator's Notice's was in conformity with Arbitration Clause[s] of the Agreements:

"As the Arbitration process is a private Remedy decided upon Between the Parties [9 USC §5], and with Respects this Agreement, the Defaulting party waives any and all Rights, Notices, services... the Arbitrator may..."].

The Contract documented a prior Relationship between the Parties, the Prior Relationship and Federal/Local/State Laws Required Communication between the two grouped parties. Thus P.M. confirms knowledge and Duty/obligation to Respond; However, since Mortgage evidences a Debt, as such represents a security for a Debt [Loan], And Due to Chain of Custody, and P.M. obligatory Duty to, "Inform Plaintiff's and failed to do so] intentionally created fraud in the factum" and withheld from the Plaintiff['s]..."vital information concerning said debt and the matrix involved in making the loan." - Deutsche Bank. v. Peabody, 866 N.Y.S. 2d 91 (2008); Also Regulation Z of the F.T.L.A. and 15 USC § 1601-1692.

## II. NOW THAT THE RECORD EVIDENCES THE FACTS:

PennyMac admits to Servicing a [Both] Loan[s], And once it received inquiry as 'to the matrix of the loan' and 'the nature of the Debt', it had a Duty to Respond. So by both Contracts stipulating 'that failure to respond constitutes performance', such was an Act(s), Action(s), Inaction(s) or forebearance under which P.M., found itself, amounting to Assent.

The Arbitrator was only to Determine if there was a default, as the Request for Arbitration was for Summary Disposition (See: "Request for Summary Disposition"), so no in-person hearing necessary. When PennyMac was Granted opportunity to Respond, to Challenge, to contest Arbitration under 9 USC § 3, 4, 10, 11 & 12, they Remained idle/moot.

In the E-mail Response they Acknowledge that they were Cognizant that Kahapea's offer was a "Contract," which was worded similar to original notice of change in terms. By Intentional Conduct, P.M., Admits that they have no cause of Action, that there was no Attempt to Defraud, and that they were Knowledgeable of Duty to Respond.

## III. Deposition, Admission's, Interrogatories:

When PennyMac Requested the Court to permit it to Re-file And or Amend Complaint, it Started Matters A-New. Since A Magistrate Presiding over any portion of proceedings Violates the Due Process Clause of the bill of Rights, the order was invalid, void-vacated under Rule 60 of Federal Rules of Civil Procedures.

Please Note as it is well established, "The Caption must Match" on Each of the Definite Pleadings, P.M.'s Caption is incorrect, is not proper, is not in conformity with that of the Caption of Record, [It is to be noted that P.M., Changed the Caption by Amending Complaint, And are Deemed to know better].

Until P.M., Corrects the Caption on Notices, they are not in compliance with Rule of Law and may be subject to non-compliance, And or non response to Request as service is not proper.

Discovery Request involves Legal work product, Conversation And or Confidential Attorney-Client Related Information. As Long And So Long as an Arbitrator [to include Organization], Performs A Judicial Function/Act, they are Protected via 'Judicial Immunity Doctrine'. With Reference to Either Johnson or and Kahapea, there Agreement grants this Agency to Assure the good faith of All parties Respecting Arbitration.

It was Very Misleading for PennyMac to Claim that no one had Responded, or Provided Information, And or Answered, when the Record clearly Rebutts that Position.

We Do hereby Move once Again to Dismiss the Suit filed By P.M., And Challenge any Claim that the "within" Provision of the F.A.A., is Permissive, As the Very Legal Terminology of "Within" is Defined as "Into, The inner, or interior part,... inside the limits of..." It is Not permissive Respecting Venue As Prescribed via §9-12 are specific, In that §9 say's "Shall Specify the Court"... "the Court So Spe-

cified". Than to prove the intent of Congress and that Contrary to 'Cortez Byrd,(529 US 193,195)', Are not permissive Respecting venue, for Note:

    §9..."If no court is specified"
    "United States court in and for the District within..."
    "Resident of the district within which..."
    "in an action in the same court"
    "of any district within which..."

    §10..."United States Court in and for the district wherein",
    §11..."United States Court in and for the District wherein"
    §12..."Notice of Motion to vacate... must be served... within three months... Notice of motion in an action in the same Court... of any District within which..."
    "brought in the same court may make an order."

We note that just as "must grant" is not permissive, the "in and for the District wherein/within'", is directive in nature. The "In 'Any' District,'" is the permissive provision's, However, the very same can not be said for 10(a) or 11.

### III. Rule 60 VOID ORDER:

On the 7 of Jan. 2020 (2:19 mc 00185 KS-MTP) the Court Claimed that their was no Diversity of Citizen Ship, thus no Jurisdiction. Under the Provision "within the District wherein the Award was issued," in this Case Missisippi, the Court had Proper jurisdiction under 9 USC §9. "[T]here is nothing malliable About 'must grant', which unequivocally tells the Courts to grant Confirmation in All Cases..." (552 US 576, 587 (2008)), IE: Conferrance of jurisdiction. The federal Rules of Civil Procedure is Cognizant of 28 USC § 1332 However, §81(b) of F.R.C.P., supersedes 28 USC §1332.

When Properly Applying 9 USC § 1-16, Access to the Court is guaranteed as the intent of Congress was to cause en-

forcement of Private Arbitration Agreements and the Associated Awards. As 'Hall' stated 'must grant' means 'that the Courts must grant,' thus granting jurisdiction to the Court.

The Court Rejected Kahapea's Petition, Although it was in and for the District wherein the Award was made/issued/delivered, and this Constitute ERROR, and must be Corrected.

## IV. Conclusion

My Preemptory Challenge to the Judicial officer (My meaning "Eeon") has yet to be Addressed. I presented timely, upon notification of such a change, object to lack of correction.

PennyMac has failed to Request for Modified order, when it iniated the "Amended filing." By such failure, it waived Right to complain if no one showed at the supposed Deposition.

P.M., Also continues to change the Caption, Although such maybe Acceptable, it is not in conformity with the Rules.

We Demand Evidentiary Hearing on the issue of 'Change in terms' Principle, And if Such Does not constitute Assent when Accompanied by conduct/performance. Also on the issue of PennyMac being Represented by the Counsel, since Contract is the 'Subject matter', we all agree that there Does not appear to be an Agreement between these Attorney's And PennyMac, And we Do have the Right to Demand proof of Authorization, Do we not? As well as on the issue of no Contractual Response and or opt-out has been Presented by PennyMac, permitting them to Sue Respecting the Agreement. Per the Agreement P.M., is estopped and this issue must be Resolved. And Also on the issue of PennyMac's Default Respecting the

Counter-claim, Jurisdictional Challenge filed by us, As to the Present Day no Response, Answer and or Challenge.

As P.M., Has Admitted it Had A duty to Respond to Kahapea & Johnson Due to Mortgage Agreements. That They P.M., Received Contracts, And Intentionally failed to Respond, a term And Condition of the Agreement. PennyMac has Admitted to Receiving A Copy of "Request for Disposition Resolution upon Default, Notice of Arbitration, And An Additional Copy of Agreement, And failed to Respond. That PennyMac by Such Admission is not A victim of fraud, or misrepresentation, or misconduct by Arbitrator, And or of undue Means, thus no case And we must continue to insist on Dismissal of the Disproved Claim's.

We Do hereby Present this Group Affidavit, Done in the Spirit of the UNANIMOUS Declaration of Independence Group Notification. Attest that this is founded on first hand Information, witnessed by each, is presented under penalty of perjury And Divine Retribution if otherwise on this Jan. 14, 2021 so help us God.

By:

S/: [signature]
S/: "Leon"
S/: Brett Jones...
S/: Sandy Goulette
S/: Mark Moffett
S/: Ronnie Kahapea
S/: Kirk Gibbs
S/: Alaric Scott
S/: Sitcomm Arbitration Association
S/: Mark Johnson
S/: Rance McGee