**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

PENNYMAC LOAN SERVICES, LLC,

     Plaintiff,

  -vs-

INNOVATED HOLDINGS, INC. dba
SITCOMM ARBITRATION
ASSOCIATION; MARK MOFFETT;
SANDRA GOULETTE; RONNIE
KAHAPEA; MARK JOHNSON, KIRK
GIBBS; BRETT "EEON" JONES aka
EEON aka BRETT JONES aka BRETT
TORIANO JONES-THEOPHILIOUS aka
BRETT RANDOFF TORIANO KEEFFE
HENRY KANA-SHAPHEL
HITHRAPPES JONES-THEOPHILUS fka
KEEFE BRANCH; and RANCE MAGEE,

    Defendants.

CIVIL ACTION
**Case No: 2:19-cv-00193-TBM-MTP**

**MEMORANDUM IN SUPPORT
OF PLAINTIFF PENNYMAC
LOAN SERVICES, LLC'S
MOTION TO STRIKE EEON'S
PLEADINGS**

---

**MEMORANDUM IN SUPPORT OF PENNYMAC LOAN SERVICES,
LLC'S  MOTION TO STRIKE EEON'S PLEADINGS**

---

1

COMES NOW, the Plaintiff, PennyMac Loan Services, LLC ("PennyMac" or "Plaintiff"), by and through counsel, and files this Memorandum in Support of its Motion to Strike, showing unto the Court the following:

## **INTRODUCTION**

Plaintiff PennyMac Loan Services, LLC ("PennyMac") brought this lawsuit against Defendant Sitcomm Arbitration Association ("Sitcomm") as well as various individual co-conspirators, including defendant Brett "Eeon" Jones ("Eeon"). Eeon is alleged to market himself as the founder of Sitcomm, and to have participated in a scheme to disseminate fabricated arbitration awards and encourage consumers to file them in federal court in an attempt to reduce them to judgment. After being served with PennyMac's First Amended Complaint ("FAC"), Eeon failed to file a timely response. As a result, PennyMac filed an Application to the Clerk for an Entry of Default Regarding Eeon, which the Court has entered. (D.E. 92.) Thereafter, on January 4, 2021, defendant Brett "Eeon" Jones ("Eeon") filed three (3) pleadings that are the subject of this Motion to Strike: (1) his "Address Change Update Change of Venue Demand" ("Motion for Change of Venue") (D.E. 144, 01/04/2021); (2) a duplicate of D.E. 144, "Address Change Update Change of Venue Demand" (D.E. 145, 01/04/2021); and (3) his "Clarification and Documentation of the Record" ("Clarification") (D.E. 146,

2

01/04/2021). However, all of these filings are improper as Eeon is in default. Eeon may not file any documents or appear in this action without first obtaining relief from the default from this Court. Therefore, PennyMac respectfully requests that the Court strike Eeon's Motion for Change of Venue and Clarification in their entirety.

## PROCEDURAL HISTORY RELEVANT TO EEON

1.      On December 11, 2019, PennyMac filed the Complaint initiating this matter. D.E. 1.

2.      On February 19, 2020, Eeon filed a motion to intervene in the case, which the Court denied on March 26, 2020. D.E. 37, 50.

3.      On June 5, 2020, defendants Sitcomm Arbitration Association ("Sitcomm"), Sandra Goulette, Ronnie Kahapea, Mark Johnson, Kirk Gibbs, Alaric Scott, and non-party Eeon filed a handwritten motion to dismiss. D.E. 54. The Court ordered the document stricken on the basis that it was not a properly authorized filing, in part because Eeon is not licensed to practice law in the Court. D.E. 56. The Court also indicated that, should Eeon continue to submit unauthorized filings to the Court, he could be subject to sanctions. *Id.*

4.      On August 10, 2020, PennyMac filed its First Amended Complaint ("FAC"), naming additional defendants, including, among others, Eeon. D.E. 83.

5.    On October 9, 2020, the Court entered default as to Eeon, and others. D.E. 92.

6.    On November 30, 2020, Eeon, purportedly on behalf of himself, and defendants Moffett, Gibbs, and Rance Magee ("Magee") filed a "Challenge to Courts [*sic*] Jurisdiction; Counterclaim . . ; Motion to Dismiss Opposition Complaint" ("Motion").  D.E. 98.

7.    On December 15, 2020, Eeon filed an "Affidavit in the Form of a Petition for Declaratory Judgment" ("Affidavit") and "Untimely Filing, Default Having Been Requested, Failure of Due Process" ("Default Request").  D.E. 103, 106.

8.    On December 21, 2020, PennyMac moved to dismiss the Motion, Affidavit, and Default Request and, in the alternative, moved to strike the Affidavit and deny the Default Request.  D.E. 109.  PennyMac's motion is still pending before the Court.

9.    On January 4, 2021, Eeon filed three (3) pleadings that are the subject of this Motion to Strike: (1) the Motion for Change of Venue (D.E. 144, 01/04/2021); (2) a duplicate of the Motion for Change of Venue (D.E. 145, 01/04/2021); and (3) the "Clarification.  D.E. 144, 145, 146.

136044.01923/125087063v.2

## ARGUMENT

10.     It is clear and beyond dispute that Eeon's filings are untimely, as reflected by the Clerk's Entry of Default.  D.E. 92.

11.     Additionally, the filings are non-sensical and rife with inflammatory, false allegations.  For example, in the Motion for Change of Venue (and duplicate Motion for Change of Venue) [D.E. 144, 145], Eeon references an "Acknowledgement of Judicial Misconduct," and claims that the court has "continued to attempt 'to short-cut the process and decide the arbitrability process themselves.'"  Eeon also notes the change in his address from a California State prison to an address in Las Vegas, Nevada and claims that documents greater than 15 pages will be accepted in electronic media format only.  Contrary to Eeon's assertion, PennyMac will continue to abide by the Federal Rules of Civil Procedure, including Rules 4 and 5, in connection with its filing and service of documents in this action.

12.     Similarly, Eeon's Clarification filing references an "on-going conspiracy," and claims that the "clerk has falsified and tampered with the official record of the court," that the previously-filed affidavit will be sent "for analysis, to test for fingerprints, the video survalience [*sic*] records of the court . . .," that "via a phone call, it has been documented that the court is attempting to shield itself from

5

conspiracy allegations," and states that "he trust[s] Jehovah, so what I will do is keep hitting til it hit the white meat, and go til I reach bone marrow."

13.    The law is equally clear that, after default was entered by the Clerk, Eeon should not have filed his Motion for Change of Venue, Clarification, or any other pleading, until he obtained leave of Court or until he obtained relief from the Clerk's Entry of Default by filing a Motion to Set Aside the Entry of Default against him pursuant to F.R.C.P. 55(c).  Lamarr v. Chase Home Finance, LLC, 2008 WL 4057208, at *1-2 (N.D. Miss. Aug. 26, 2008).  The Clerk's Entry of Default prohibits the defaulting party from entering any appearance or defense in an action without further Court order.  Lamarr v. Chase Home Finance, LLC, at *1 (citing Robbins v. Walker, 2008 WL 341658, at *1 (S.D. Miss. Feb. 5, 2008)).   See also U.S. ex rel Mid State Const. Co., Inc. v. Traveler's Cas. and Surety Co., 2013 WL 4787378 (S.D. Miss. Sept. 6, 2013).

14.    Eeon did not obtain leave of Court to file these pleadings, nor did he obtain an Order setting aside the Entry of Default allowing him to file these pleadings.

15.    Federal Rule of Civil Procedure 55(c) provides that a Court "may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)."  Eeon has not advanced any argument that the default should be

6

set aside for "good cause". <u>Federal Sav. and Loan Ins. Corp. v. Kroenke</u>, 858 F.2d 1067, 1069 (5th Cir. 1988).  Further, Eeon has not offered any proof that he timely filed, or attempted to file, any responsive pleading.

16.     Nor has Eeon advanced any meritorious defense to the claims asserted. As this Court may be aware, Eeon has been involved in other sham arbitration proceedings in various courts, and this case is no different.  See, e.g., <u>Satcomm v. PayPal,</u> No. 5:19-mc-10-MTT, 2020 U.S. Dist. LEXIS 57425, at *9 (M.D. Ga. Apr. 1, 2020).

17.     Finally, PennyMac submits its Motion to Strike should be granted, consistent with the Court's prior ruling in this case dated February 4, 2020, wherein it entered an Order, sua sponte, striking untimely filings by co-defendant Mark Moffett.  D.E. 31, 02/04/2020.

## <u>CONCLUSION</u>

18.     As set forth herein, PennyMac's Motion to Strike is well-taken and should be granted.  The Court recognized that Eeon is in default, and the Clerk properly entered default against him.  Eeon was required to obtain leave of Court prior to filing his pleadings, but did not; nor did Eeon obtain an Order setting aside the default entered against him.  Eeon's repeated filings in this matter are procedurally, legally, and factually insufficient, and offer no basis for the relief

requested.  Lastly, striking Eeon's pleadings will be consistent with the Court's prior orders.

WHEREFORE, PREMISES CONSIDERED, PennyMac Loan Services, LLC respectfully requests this Court to enter an Order striking the Motion for Change of Venue, duplicate Motion for Change of Venue, and Clarification filed by defendant Eeon on January 4, 2021.

Dated:        January 25, 2021

Respectfully submitted,

*/s/ Jessica A. McElroy*
Cheryl S. Chang (admitted *pro hac vice*)
chang@blankrome.com
Nicole Bartz Metral (admitted *pro hac vice*)
nbmetral@blankrome.com
Jessica A. McElroy (admitted *pro hac vice*)
jmcelroy@blankrome.com

BLANK ROME LLP
2029 Century Park East, 6th Floor
Los Angeles, California 90067-2907
Telephone: 424.239.3400
Facsimile:  424.239.3434

Harris F. Powers III
hpowers@upshawwilliams.com
Steven C. Cookston
scookston@upshawwilliams.com

8

136044.01923/125087063v.2

Upshaw, Williams, Biggers & Beckham, LLP
309 Fulton Street
Post Office Drawer 8230
Greenwood, MS 38935-8230
Telephone: 662.455.1613
Facsimile: 662.453.9245

*Counsel for Plaintiff*

9

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is **BLANK ROME LLP**, 2029 Century Park East, 6th Floor, Los Angeles, California 90067.

On **January 15, 2021**, I served the foregoing document(s): **MEMORANDUM IN SUPPORT OF PLAINTIFF PENNYMAC LOAN SERVICES, LLC'S MOTION TO STRIKE EEON'S PLEADINGS**, on the interested parties in this action addressed and sent as follows:

### SEE ATTACHED SERVICE LIST

☒ **BY ENVELOPE:** by placing ☐ the original ☒ a true copy thereof enclosed in sealed envelope(s) addressed as indicated and delivering such envelope(s):

☒ **BY CERTIFIED MAIL:** I caused such envelope(s) to be deposited in the mail at Los Angeles, California with postage thereon fully prepaid to the office or home of the addressee(s) as indicated.  I am "readily familiar" with this firm's practice of collection and processing documents for mailing.  It is deposited with the U.S. Postal Service on that same day, with postage fully prepaid, in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

☐ **BY E-MAIL OR ELECTRONIC TRANSMISSION (EMAIL):** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) listed above to be transmitted to the person(s) at the e-mail address(es) as indicated.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was incomplete or unsuccessful.

☒ **BY FEDEX:** I caused such envelope(s) to be deposited in a box or other facility regularly maintained by FedEx, an express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents in an envelope designated by the said express service carrier, addressed as indicated, with delivery fees paid or provided for, to be transmitted by FedEx.

Executed on **January 25, 2021**, at Los Angeles, California.

_____
Hannah No

10

## **SERVICE LIST**

*Pennymac Loan Services, LLC v. Sitcomm Arbitration Association, et al.*;
Case No. 2:19-cv-00193-KS-MTP

### **BY CERTIFIED MAIL:**

| | |
|---|---|
| Ronnie Kahapea<br>P.O. Box 875<br>Volcano, HI 96785 | Defendant |

### **BY FEDEX:**

| | |
|---|---|
| Mark Johnson<br>451 May Lane<br>Louisa, VA 23093 | Defendant |
| Kirk Gibbs<br>4115 Lawrenceville Rd.<br>PMB 8119<br>Lilburn, GA 30047 | Defendant |
| Sandra Goulette<br>3007 Crescent Hill Drive<br>Laurel, MS 39440 | Defendant |
| Mark Moffett<br>345 Coon Jeffcoat Road<br>Soso, MS 39480 | Defendant |
| Rance Magee<br>11294 Rose Road<br>Emmett, MI 48022 | Defendant |
| Innovated Holdings, Inc. dba<br>Sitcomm Arbitration Assocation<br>C/O Registered Agents, Inc.<br>30 N. Gould Street, Suite R<br>Sheridan, WY 82801 | Defendant |
| Brett "Eeon" Jones<br>304 South Jones Boulevard<br>Unit Eeon-1967<br>Las Vegas, NV 89107 | Defendant |

11

136044.01923/125087063v.2