# EXHIBIT 25

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**RONNIE LOUIS MARVEL KAHAPEA**                                    **PLAINTIFF**

V.                                                                  CASE NO. 2:20-cv-151-KS-MTP

**PENNYMAC LOAN SERVICES, LLC and**
**PLAZA HOME MORTGAGE, INC.**                                      **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This cause comes before the Court on Plaintiff Kahapea's Judicial Notice and Demand [21] filed on July 14, 2020 and Plaza Home Mortgage, Inc.'s ("Plaza") Motion to Dismiss [39]. Plaintiff Kahapea has not filed a response to Plaza's motion. Having reviewed these motions, along with the Defendants' responses to Plaintiff's initial motion to confirm [7], [8], [16], as well as PennyMac Loan Services, LLC's objection to the Judicial Notice and Demand [23], and the relevant legal authority, and otherwise being duly advised in the premises, the Court finds that the Judicial Notice and Demand will be denied and Plaza's Motion to Dismiss will be denied as moot.

**I. BRIEF BACKGROUND**

This case was transferred to this Court from the Central District of California, wherein a Motion to Confirm Arbitration Award had been filed by Plaintiff Kahapea. [3]. Both PennyMac and Plaza filed opposition papers to the motion to confirm. Once transferred, Plaza filed the instant motion seeking to dismiss the action for lack of subject matter jurisdiction.

The disposition of Plaintiff Kahapea's motion to confirm is not clear from the record received from the California court, but, notwithstanding, Plaintiff Kahapea filed a separate document, again seeking confirmation of his award—this time titled Judicial Notice and Demand. [21]. Plaintiff Kahapea seeks confirmation under the Federal Arbitration Act ("FAA"),

9 U.S.C. § 9, of an arbitration award issued by Arbitrator Mark Moffett with Sitcomm Arbitration Association. [1-2] at p. 22. The Final Award provides an award of $1,800,000 "according to the terms of the contractual agreements." [1-2] at p. 25 ¶ 14. The contractual agreement referred to is attached to Plaintiff's initial Motion and titled "Conditional Acceptance for the Value and Counter Offer/Claim for Proof of Claim and Tender of Payment Offering." [1-2] at p. 7. The Defendants have lodged their opposition to confirmation.

There need be no more recitation of the facts of this case, as the Court is quite familiar with the agreement at issue here.[1] The gist of the Defendants' arguments in opposition is that there was never a legally binding agreement to arbitrate any dispute between the parties. The Court agrees.

## II. DISCUSSION

### A. Motion to Dismiss

Federal Rule of Civil Procedure 81(a)(6)(B) states that in proceedings under the Federal Arbitration Act ("FAA"), "these rules apply only to the extent that matters of procedure are not provided for in those statutes." Under the FAA, an application for confirmation of an arbitrator's award, or any application to this Court, "shall be made and heard in the manner provided by law for the making and hearing of *motions*, except as otherwise herein expressly provided." 9 U.S.C. § 6 (emphasis added). Thus, the statute makes clear that matters submitted to this Court pertaining to arbitration are motions, not actions. *See Alstom Power, Inc. v. S&B Eng. & Constructors*, No. 3:04-cv-2730, 2007 WL 1284968, *2 (N.D. Tex. Apr. 30, 2007). Although

---

[1] This is not the first time this Court has dealt with essentially the same contract and similar arbitration awards involving Sitcomm Arbitration Association. *See, e.g., Harvey v. Bank of America, et al.*, No. 5:20-mc-129-KS-MTP (S.D. Miss. May 6, 2020); *Brown v. Ally Financial, Inc.*, 2019 WL 6718672 (S.D. Miss. Dec. 10, 2019); *Teverbaugh v. Lima One Capital, LLC*, No. 2:19-MC-159-KS-MTP (S.D. Miss. Oct. 23, 2019); *Imperial Indus. Supply Co. v. Thomas*, No. 2:19-CV-129-KS-MTP (S.D. Miss. Sept. 13, 2019); *Nichols v. U.S. Bank, Nat'l Assoc.*, No. 2:19-mc-162-KS-MTP (S.D. Miss. Oct. 28, 2019); *Kahapea v. Hawaii State Fed. Credit Union*, No. 2:19-mc-185-KS-MTP (S.D. Miss. Nov. 20, 2019).

Plaintiff Kahapea filed an initial "Lodged Complaint" [1], he did file a Motion to Confirm [3]; thus, the initial application, is not a true Complaint or civil action to which a Motion to Dismiss under Federal Rule of Civil Procedure 12(b) applies. *Cf. id*. (finding that Rule 55 governing default judgments does not apply in arbitration confirmation proceeding).

>As the Second Circuit has explained:
>
>A motion to confirm or vacate an award is generally accompanied by a record, such as an agreement to arbitrate and the arbitration award decision itself, that may resolve many of the merits or at least command judicial deference. When a court has before it such a record . . .the judgment the court enters should be based on the record.

*D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 109-110 (2d Cir. 2006). Thus, a motion to dismiss is not a proper vehicle for disposing of the application for confirmation, and the Court will consider Plaza's motion as opposition to the request for confirmation. Accordingly, the Motion to Dismiss [39] is denied as moot.

**B. Judicial Notice and Demand**

While it is unclear whether Plaintiff Kahapea intends this document to seek relief other than confirmation of the arbitration award originally submitted,[2] it does appear that he again requests confirmation of the award. Because it is unclear the disposition of the initial motion to confirm [3], the Court treats this document as another such motion.

**1. Requirements under the FAA**

Parties are required to submit the agreement, award, and other documents when seeking confirmation. *See* 9 U.S.C. § 13. "This allows the Court to determine whether a valid arbitration agreement and award exist upon which it can base its judgment." *Meekins v.*

---

[2] In so far as Kahapea requests the Court to take judicial notice of his intent in filing the proceeding, such is not a proper request for judicial notice. The purpose in filing the proceeding is obvious from the outset, and there need not be any judicial notice taken. In so far as he requests that the matter proceed without involvement from the Defendants, [21] at p. 2, such request is improper. Parties have due process rights to be heard prior to a judgment being entered. Thus, the Court has considered all responses to Kahapea's request that the award be confirmed.

*Lakeview Loan Servicing, LLC,* No. 3:19-cv-501, 2019 WL 7340300, at *2 (E.D. Va. Dec. 30, 2019). Based on review of the "agreement" in this case, the Court denies confirmation on two grounds. First, there was not a legally binding agreement to arbitrate any dispute. Second, even if the agreement could be construed as a valid agreement to arbitrate, the Court finds, as Plaza has suggested, that it lacks jurisdiction under the FAA to confirm any award as the parties did not agree that any arbitration award would be subject to judicial confirmation.

.           **2. No Legally Binding Agreement**

"[A]rbitration is simply a matter of contract between the parties; it is a way to resolve those disputes—but only those disputes that the parties have agreed to submit to arbitration." *First Options of Chicago, Inc. v. Kaplan,* 514 U.S. 938, 943 (1995); *Keyes v. Dollar General Corp.*, 240 So. 3d 373, 376-377 (Miss. 2018) ("Arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit."). In other words, arbitration is only available in instances where the parties agree in advance to submit disputes to arbitration. *Cf. Smith v. Transport Workers Union of America*, 374 F.3d 372, 374 (5th Cir. 2004). Thus, it is axiomatic that without a valid agreement to arbitrate, any purported award is void because the arbitrator had no power to grant any award. Respondents argue, and this Court agrees, that no valid arbitration agreement ever existed.

The elements of a valid contract in Mississippi are ""(1) two or more contracting parties, (2) consideration, (3) an agreement that is sufficiently definite, (4) parties with legal capacity to make a contract, (5) mutual assent, and (6) no legal prohibition precluding contract formation." *Rotenberry v. Hooker*, 864 So. 2d 266, 270 (Miss. 2003) (quoting *Lanier v. State*, 635 So. 2d 813, 826 (Miss. 1994)). "It is hornbook law that "offer," "acceptance" and "consideration" are elements of an enforceable contract. The existence of an offer and acceptance are mutual

expressions of assent, and consideration is evidence of the intent to be bound to the contract." *McLellan v. Charly*, 758 N.W.2d 94, 105 (Wis. Ct. App. 2008).

Plaintiff Kahapea has not presented any document that appears to be a valid, enforceable arbitration agreement, and nothing in the documents submitted in the record demonstrates a scintilla of mutual assent. Again, the agreement that is purported to contain an arbitration provision in this case is titled "Conditional Acceptance for the Value and Counter Offer/Claim for Proof of Claim and Tender of Payment Offering." This document bears no signature of any of the Defendants in this matter. While the agreement is titled a bit differently than others, the language of the purported arbitration provision is quite similar, if not identical, to that in other cases before this Court in that the language of the agreement suggests that Respondents are bound to an agreement sent to them because they failed to respond, which one judge noted is "a legally bizarre determination contrary to hornbook contract law." *U.S. Bank Nat'l Ass'n v. Nichols,* No. 19-CV-482-JED-FHM, 2019 WL 4276995, at *4 (N.D. Okla. Sept. 10, 2019). On the contrary, "tacit acquiescence" to a "Conditional Acceptance for the Value" does not create a binding contract. *See Kalmowitz v. Fed. Home Mortg. Corp.*, No. CV619MC00010JCBJDL, 2019 WL 6249298, at *3 (E.D. Tex. Oct. 22, 2019) (citing *Nichols*, 2019 WL 4276995 at *4).

Such a finding is not just this Court's view. The Fifth Circuit Court of Appeals recently affirmed this Court's vacation of an arbitration award, holding that a party's mere tacit acquiescence to alleged agreement was insufficient to create a valid contract to arbitrate. *See Imperial Indus. Supply Co. v. Thomas*, No. 20-60121, 2020 WL 5249574, at *2 (5th Cir. Sept. 2, 2020). Therefore, with no valid arbitration agreement, no award can be confirmed, and Plaintiff Kahapea's motion must be denied.

### 3. Lack of Jurisdiction Under the FAA

Even assuming the Conditional Acceptance for the Value and Counter Offer/Claim for Proof of Claim and Tender of Payment Offering was a valid agreement, a confirmation and judgment on that award must also have been contemplated by the parties. *See* 9 U.S.C. § 9. Some courts have viewed the requirements of Section 9 as imposing not a jurisdictional barrier, but a special venue provision. *See, e.g., Stroh Container Co. v. Delphi Indus., Inc.*, 783 F.2d 743, 748 n. 7 (8th Cir. 1986). Others have held that Section 9 is a second level subject matter prerequisite for confirmation of an award under the FAA in federal court. *See, e.g., Oklahoma City Assocs. v. Wal-Mart Stores, Inc.*, 923 F.2d 791, 793 (10th Cir. 1991); *I/S Stavborg v. Nat'l Metal Converters, Inc.*, 500 F.2d 424, 425–26 (2d Cir. 1974).

Finding the requirements of Section 9 not to be without import, this Court continues to hold the view that Section 9 creates another layer of jurisdictional prerequisites. First, the Court must have an independent basis for federal jurisdiction because the FAA alone cannot confer subject matter jurisdiction on the federal courts. *See Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n. 32 (1983). This first requirement is met because Plaintiff Kahapea has asserted diversity jurisdiction under 28 U.S.C. § 1332, which appears to be proper. Second, the Applicant must meet the requirements of Section 9 of the FAA.

The first step in meeting the Section 9 requirements is that the parties "in their agreement [must] have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration." *See* 9 U.S.C. § 9. Accordingly, if the parties have not so agreed, there can be no confirmation. Here, the Court can find no language in the Conditional Acceptance for the Value and Counter Offer/Claim for Proof of Claim and Tender of Payment Offering, and Plaintiff Kahapea has not directed the Court to any, where the parties agreed that a judgment of

6

the court shall be entered upon the award. Therefore, Plaintiff Kahapea's request for confirmation will be denied for lack of jurisdiction under the FAA as well.[3]

## III. CONCLUSION

Based on the foregoing, the Court finds that the Conditional Acceptance for the Value and Counter Offer/Claim for Proof of Claim and Tender of Payment Offering at issue in this case has no legal validity and the Court lacks jurisdiction under the FAA to confirm any award. Therefore, it is hereby ORDERED that the Judicial Notice and Demand [21] is DENIED. Plaza Home Mortgage, Inc.'s ("Plaza") Motion to Dismiss [39] is denied as moot. This case is dismissed with prejudice.

SO ORDERED AND ADJUDGED this 5th day of January 2021.

/s/ Keith Starrett_____
KEITH STARRETT
UNITED STATES DISTRICT JUDGE

---

[3] Defendants make other arguments in favor of denial, including alleged fraud. However, the Court finds addressing such arguments unnecessary because denying confirmation on the fundamental grounds stated herein is sufficient.