IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

Eastern Division

| | |
|---|---|
| PENNYMAC LOAN SERVICES, LLC,<br><br>    Plaintiff,<br><br> -vs-<br><br>INNOVATED HOLDINGS, INC. dba SITCOMM ARBITRATION ASSOCIATION; MARK MOFFETT; SANDRA GOULETTE; RONNIE KAHAPEA; MARK JOHNSON, KIRK GIBBS; BRETT "EEON" JONES aka EEON aka BRETT JONES aka BRETT TORIANO JONES-THEOPHILIOUS aka BRETT RANDOFF TORIANO KEEFFE HENRY KANA-SHAPHEL HITHRAPPES JONES-THEOPHILUS fka KEEFE BRANCH; and RANCE MAGEE,<br><br>    Defendants. | CIVIL ACTION<br>Case No: 2:19-cv-00193-TBM-MTP<br><br>PLAINTIFF PENNYMAC LOAN SERVICES, LLC'S REBUTTAL TO DEFENDANT EEON'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO CONTINUE DISCOVERY AND DISPOSITIVE MOTION DEADLINES |

**PLAINTIFF PENNYMAC LOAN SERVICES, LLC'S REBUTTAL TO DEFENDANT EEON'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO CONTINUE DISCOVERY AND DISPOSITIVE MOTION DEADLINES**

I. **INTRODUCTION**

In order to adequately prepare for trial and to get information from the defendants, Plaintiff PennyMac Loan Services, LLC's ("PennyMac") served written discovery and noticed the depositions of the defendants who had properly appeared in the action. (Dockets 96 and 100.) None of the defendants provided

any written responses or documents to the discovery requests and PennyMac filed Motions to Compel as a result (Dockets 110, 113, 119, 125, and 128.)  Only one of the defendants appeared for their deposition – Sandra Goulette.  The rest failed to appear and PennyMac filed Motions to Compel (Dockets 116, 120, 131, and 134.)

As a result of the defendants' complete disregard for the discovery process, PennyMac filed a Motion to Continue Discovery and Dispositive Motion Deadlines ("Motion"), which was filed prior to the current discovery cutoff (January 11, 2021) and the current dispositive motion deadline (January 25, 2021). (Docket 142.)  Defendant Brett "Eeon" Jones ("Eeon") filed another nonsensical pleading on January 19, 2021 that appears to be an opposition to PennyMac's Motion.  (Docket 154.)  He asks the Court to consider various arguments – but the only issue before the Court on this Motion is whether the discovery cutoff and dispositive motion deadline should be continued.  Due to the defendants' failure to participate in discovery and Eeon's failure to address the Motion in any manner, PennyMac respectfully requests that its Motion be granted and Eeon's opposition be disregarded.

## III.  ARGUMENT

PennyMac filed this lawsuit against various participants in a nationwide conspiracy to defraud creditors and companies through the issuance of fraudulent arbitration awards by defendant Innovated Holdings, Inc. dba Sitcomm Arbitration

Association ("Sitcomm"). The defendants include the mastermind of Sitcomm (Eeon), the Sitcomm Director (Sandra Goulette), Sitcomm arbitrators (Mark Moffett, Kirk Gibbs, and Rance Magee) as well as two consumers who hired Sitcomm to issue arbitration awards against PennyMac (Mark Johnson and Ronnie Kahapea). PennyMac filed this lawsuit asserting claims for declaratory judgment, injunctive relief, libel, tortious interference with contract, civil conspiracy, violation of Federal Civil RICO 18 U.S.C. § 1962(c), conspiracy to violate Federal Civil RICO 18 U.S.C. § 1962(d), and to vacate the Johnson and Kahapea arbitration awards. PennyMac propounded written discovery and served deposition notices to prepare to file summary judgment motions and/or trial. (Dockets 96 and 100.) Since none of the defendants filed written responses, produced documents, or appeared for their deposition (except Goulette who appeared for her deposition), PennyMac filed its Motion requesting that the discovery cutoff date and dispositive motion deadline be continued. Eeon's response in opposition asserts numerous and disjointed arguments that are each addressed below.

First, he argues that since PennyMac's counsel refused to "contract" with Kahapea and pay him $10,000 to appear for his deposition that PennyMac conceded he did not have to respond. After PennyMac properly noticed Kahapea's deposition, Kahapea emailed counsel for PennyMac stating that he would only

agree to appear for a deposition if a contract was entered into and there was an agreement to pay him $10,000. PennyMac responded that there was no such requirement for PennyMac or counsel to do so in order to depose Kahapea. (Docket 118, ¶ 4.) Eeon's argument in this regard has no merit.

Second, Eeon contends that PennyMac had a duty to respond to Kahapea's and Johnson's offer to contract because of the nature of the debt. PennyMac assumes he is referring to the purported contracts Johnson and Kahapea allegedly sent PennyMac prior to having Sitcomm issue fraudulent arbitration awards. However, the courts in which Kahapea and Johnson filed their Sitcomm arbitration awards have already ruled that there is no agreement to arbitrate between PennyMac and Kahapea and PennyMac and Johnson. Memorandum Opinion and Order, dated January 5, 2021 in *Kahapea v. PennyMac Loan Services LLC et al.*, Case No. 2:20-cv-151 (S.D. Miss.) ("Mississippi Order")[1]; Memorandum Opinion, dated September 8, 2020 and Minute Sheet, dated August 31, 2020 in *Johnson v. PennyMac Loan Services LLC*, 3:19cv837 (E.D. Va.) ("Virginia Order").[2] The Court in the Kahapea matter held that "Kahapea has not presented any document that appears to be a valid, enforceable arbitration agreement, and nothing in the documents submitted in the record demonstrates a scintilla of mutual assent."

---

[1] A true and correct copy of the Mississippi Order is attached hereto as **Exhibit A**.
[2] A true and correct copy of the Virginia Order is attached hereto as **Exhibit B**.

(Mississippi Order, p. 5.)  In addition, the court in Virginia also vacated Johnson's arbitration award.  *See* Virginia Order.  He also argues that no in-person arbitration hearings were needed because the arbitrations were requests for summary disposition.  However and as alleged in the First Amended Complaint, these were not requests for summary disposition, but instead involved notices of arbitration hearings for which there was no information as to place and time.  Thus, Eeon's arguments are without merit.

Third, Eeon seems to argue that the defendants did not have to respond to the written discovery because the discovery requests involve legal work product.  This is nonsensical as none of the defendants are represented by counsel so there is no attorney-client privilege or attorney work product.

Fourth, Eeon again argues that the lawsuit be dismissed and refers to some of his prior filings.  However, on December 21, 2020, PennyMac filed a Motion to Dismiss regarding three of Eeon's filings: "Challenge to Courts Jurisdiction; Counterclaim/suit; Claim of Racketeering; Conspiracy; Unjust Enrichment, Challenge to Statute" (Docket 98); "(Affidavit in the form) of a MOTION for Declaratory Judgment" (Docket 103); and "Untimely Filing, Default Having Been Requested, Failure of Due Process by Brett "Eeon" Jones" (Docket 106).  (Docket 108.)  These are pending before the Court.  Eeon also filed an "Affidavit by Brett Eeon Jones re the Court's jurisdiction" (Docket 143) to which PennyMac filed a

Response in Opposition (Docket 152). He also filed a "NOTICE of Change of Address" (Docket 144), "MOTION to Change Venue" (Docket 145), and Documentation of On-Going Conspiracy (Docket 146). PennyMac filed a Motion to Strike Dockets 144-146. (Dockets 155-156.) All of the foregoing filings are pending before the Court and PennyMac incorporates by reference the arguments it asserts in Dockets 108, 152, and 155-156 against Eeon's claims. Therefore, Eeon has no right to claim the lawsuit should be dismissed because PennyMac sought an extension of deadlines.

His fifth argument involves diversity jurisdiction where he cites to a complete different case (*Ronnie Kahapea v. Hawaii State Federal Credit Union, Bank of America, and Dave Smith Motors*, Case No. 2:19-mc-00185-KS-MTP (S.D. Miss.)) and says because that case found there is no diversity jurisdiction that there is also none here.[3] However, this Court already found multiple times that it has proper jurisdiction over this case. (Dockets 30, 52, and 93.)

Sixth, he argues that PennyMac waived the right to complain that no one appeared at the depositions because it failed to request a modified order when it "initiated the 'Amended filing.'" PennyMac filed its Motion for Leave to Amend the Complaint within the time specified by the Case Management Order (Dockets

---

[3] Although no docket entry was cited, the order PennyMac believes Eeon is referring to is attached hereto as **Exhibit C**.

57 76) and Eeon cited no authority whatsoever to support his claim that filing an amended complaint precludes a party from seeking discovery.

Lastly, Eeon's response in opposition is improper because he is in default (Docket 90). He signs this document on behalf of all of the defendants which is also improper because Eeon cannot represent any of the other defendants as he is not an attorney.

## IV. CONCLUSION

Based on the foregoing, PennyMac respectfully requests that this Court not consider Eeon's response in opposition, and that it enter an order granting PennyMac's Motion and continue the discovery cutoff and dispositive motion deadline.

Dated: January 26, 2021

Respectfully submitted,

/s/ Nicole B. Metral
Cheryl S. Chang (admitted *pro hac vice*)
chang@blankrome.com
Nicole Bartz Metral (admitted *pro hac vice*)
nbmetral@blankrome.com
Jessica A. McElroy (admitted *pro hac vice*)
jmcelroy@blankrome.com

BLANK ROME LLP
2029 Century Park East, 6th Floor
Los Angeles, California 90067-2907
Telephone: 424.239.3400
Facsimile: 424.239.3434

Harris F. Powers III
hpowers@upshawwilliams.com
Steven C. Cookston
scookston@upshawwilliams.com

Upshaw, Williams, Biggers & Beckham, LLP
309 Fulton Street
Post Office Drawer 8230
Greenwood, MS 38935-8230
Telephone: 662.455.1613
Facsimile: 662.453.9245

*Counsel for Plaintiff*

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

      I am employed in the county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is **BLANK ROME LLP**, 2029 Century Park East, 6th Floor, Los Angeles, California 90067.

      On **January 26, 2021**, I served the foregoing document(s):

**PLAINTIFF PENNYMAC LOAN SERVICES, LLC'S REBUTTAL TO DEFENDANT EEON'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO CONTINUE DISCOVERY AND DISPOSITIVE MOTION DEADLINES**
on the interested parties in this action addressed and sent as follows:

### SEE ATTACHED SERVICE LIST

- ☒ **BY ENVELOPE:** by placing ☐ the original ☒ a true copy thereof enclosed in sealed envelope(s) addressed as indicated and delivering such envelope(s):

- ☒ **BY CERTIFIED MAIL:** I caused such envelope(s) to be deposited in the mail at Los Angeles, California with postage thereon fully prepaid to the office or home of the addressee(s) as indicated.  I am "readily familiar" with this firm's practice of collection and processing documents for mailing.  It is deposited with the U.S. Postal Service on that same day, with postage fully prepaid, in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

- ☒ **BY FEDEX:** I caused such envelope(s) to be deposited in a box or other facility regularly maintained by FedEx, an express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents in an envelope designated by the said express service carrier, addressed as indicated, with delivery fees paid or provided for, to be transmitted by FedEx.

- ☒ **FEDERAL:** I declare that I am employed in the office of a member of the bar of this court at whose direction service was made.

      Executed on **January 26, 2021**, at Los Angeles, California.

*/s/ Charman S. Bee*
Charman S. Bee

**SERVICE LIST**
*Pennymac Loan Services, LLC v. Sitcomm Arbitration Association, et al.*;
Case No. 2:19-cv-00193-KS-MTP

**BY CERTIFIED MAIL:**

| | |
|---|---|
| Ronnie Kahapea<br>P.O. Box 875<br>Volcano, HI 96785 | Defendant |

**BY FEDEX:**

| | |
|---|---|
| Mark Johnson<br>451 May Lane<br>Louisa, VA 23093 | Defendant |
| Kirk Gibbs<br>4115 Lawrenceville Rd.<br>PMB 8119<br>Lilburn, GA 30047 | Defendant |
| Sandra Goulette<br>3007 Crescent Hill Drive<br>Laurel, MS 39440 | Defendant |
| Mark Moffett<br>345 Coon Jeffcoat Road<br>Soso, MS 39480 | Defendant |
| Rance Magee<br>11294 Rose Road<br>Emmett, MI 48022 | Defendant |
| Innovated Holdings, Inc. dba<br>Sitcomm Arbitration Association<br>C/O Registered Agents, Inc.<br>30 N. Gould Street, Suite R<br>Sheridan, WY 82801 | Defendant |
| Brett "Eeon" Jones<br>304 S. Jones Blvd.<br>Las Vegas, NV 89107 | Defendant |