In the United States District Court
Southern District of Mississippi Eastern Division

In Re: (Name of Defendant)                CA. 2:19-CV-193

                                          Motion to Dismiss, Demurrer
Sitcomm, et. Al.,                         Supported by 9 USC § 6, 9, 10 &
                                          12, Summary Judgment.
       v.

PennyMac, et. Al.,

SOUTHERN DISTRICT OF MISSISSIPPI FILED FEB 05 2021 ARTHUR JOHNSTON BY _____ DEPUTY

## I. Request for Dismissal, An Affidavit:

"Federal Courts have limited jurisdiction, and a claim is properly dismissed for lack of Subject Matter [en rem, personum] Jurisdiction when the Court lacks Statutory or Constitutional power to Adjudicate the Claim". Crawford v. Dept of Homeland, et. Al., 245 Fed. Appx. 369, 374 (5th Cir. 2007); Home Builders Assn of Miss., Inc. v. City of Madison, 143 F. 3d 1006, 1010 (5th Cir. 1998).

Although 9 USC § 9 specifically grants the Court jurisdiction, in that "there is nothing mallable about 'must grant'" (Hall & Assoc.), the Act requires a Court to Confirm an Arbitration Award upon Application of a party when none of the exceptions of § 10 & 11 are applicable.

Confirmation of an Award and or an Application to Vacate are to be treated as a "Special Action" (2:19-mc-000185-KS-MTP, Doc. 5 pg. 1, 1/7/2020), a "Summary proceeding", with Regards a Motion (9 USC § 6) to confirm, such a "Summary Proceeding merely converts

what is already a final Decision into a judgment of a court (See: 'Hall,' and MGM, et..al.., v. Aeroflot Russian Airlines, 2003 WL 21108 367 *2 (S.D.N.Y. 2003); Jiangsu, et..al.. v. Burlington Bio-Med, 399 F. Supp. 2d 165 (2005). That '[T]he party Resisting Confirmation bears the burden of showing that one of the circumstances warranting denial of enforcement... is present.' (9 USC §9-12), See also: Montauk Oil Transportation Corp. v. Steamship Mutual Underwriting Assoc., et al., 1995 WL 361303 *1 (S.D.N.Y. 1995), Aff'd, 79 F. 3d 295 (2d Cir. 1996). [T]hese circumstances are limited and, in view of the strong policy [National/Federal] favoring Arbitration, are to be narrowly construed.'" In Matter, et..al.., 1997 WL 757041 *2 (S.D.N.Y. 1997) & Geotech, 697 F. Supp. at 1252.

PennyMac first Petitions the Court for 'Vacature', via a Civil Complaint and not via 'Motion' (9 USC § 6), which is not permitted by statute or the Constitution in the manner presented. Keeping in mind that the only manner Prescribed by the Act for challenging a final Award are those specified by the Act (9 USC § 6, 9-12), See F.R.C.P. § 81(b).

PennyMac Argue's that it was not Provided oppertunity to be present at Arbitration Hearing. Please take Special Judicial Notice, that 'to Comport with Due Process parties to an arbitration must be given [an oppertunity via] notice reasonably caculated to inform them of Proceedings and an opportunity to be heard.' (See: Anhui, 1996 WL 229872 *3 (S.D.N.Y. 1996; In Matter, 1997 WL 757041 *4 (S.D.N.Y. 1997). The Burden wou-

'Id normally Require' a showing that the Arbitration was conducted in violation of this country's standards of due process of law' see: Parsons, 508 F. 2d 969, 975 (2nd 1974).

PennyMac Must Assert a claim that could reasonably with-stand a Summary Judgment Challenge, for instance "to comport with due process parties to an Arbitration must be given" Notice Reasonably Calculated", to inform them of the Proceedings And "An Opportunity to be heard," (Anhui)

PennyMac Admits to Receiving Notification of hearing, with mailing & E-Mail Addresses, And Copies of Contract, Request for Summary Dispositions, proof of Services, And other Related Documents on electronic media. That If they Did not Respond [PennyMac Admits Refusal to Respond in two instances], that hearing would be had electronically. Since the only matter pending Before Arbitrator, was 'Did [PennyMac] Receive Notifications?' have a duty to Respond [which Required a Prior Agreement, in this Instance a Mortgage[s]]? And were they in Default per the terms of the Agreement?' the Arbitrator Documented no Response from PennyMac After Notice, Proceeded De Novo based on the Record.

The Law holds that 'a party relying on §10, or 11 of the F.A.A., "must establish that it was Denied the opportunity to be heard at a meaningful time or in a meaningful manner." Ukrvneshprom, 1996, WL 107285 *5 (S.D. N.Y. 1996).

There is Absolutely No evidence before the Court or on Any

Record "properly supporting [PennyMac's] claim that it was somehow prohibited from presenting a defense. First the Record is clear ... Instead of seeking any additional adjournment, [PennyMac] cannot now be heard that it was [prevented and or] prohibited from presenting a case. The Company made a clear choice not to Arbitrate. Futhermore, there appears to be no question, but that the mere Refusal to Arbitrate [by participation at a scheduled hearing] does not evidence violation of due Process that would require a denial of enforcement'". [Parsons, at 975, Id].

We have provided many Attested Affidavits, with Conclusions, and Arguments, not of our choosing, but quoting Authorities, that is Supported via "Judicial Knowledge," and Attested via Several Competent witnesses which Stands to the present Day unrebutted.

"There is no Evidence, or question of fact raised, Regarding the fundamental fairness of the Arbitration. The Procedures employed by the Tribunal Satisfies [PennyMac's] due Process Right to Notice and an opportunity to be heard. Under these Circumstance's, Summary Judgment is appropriate..." See; 399 F. Supp. 2d 1165 (2005).

II. Relief in the Affirmative

[P]ennyMac has made several Allegations, which is prim-

issed on the contention that the Award was purcured by Fraud. §10 of the F.A.A., for which they bring forth such a Claim require's Proof to be made to appere on the Record of A Motion to Vacate, Special Action Summary Proceeding under §6, 9, 10 & 12 of the Federal Arbitration Act. [P]ennyMac has, it would appere, violated the Prouision's of the very same Act they base the foundation of their Claim.

§10, require's the party making such an Application, to Prove that they were Never Notified, Never permitted opertun'ity to postpone the hearing. Durring this time [P]ennyMac could have sought judicial intervention (§3 & 4), it however admits that it simply Choose to ignore Notice's, thereby forfeeting any right to Challenge Month's later.

[P]ennyMac's failure to raise objection to any of the Notices [3 sent by Kahapea, 3 sent by Johnson, 2 sent by Arbitrator], amounts to assent, as such was a condition of contract and Arbitration Notice. Principle's hold that PennyMac is foreclosed on any claim and or Complaint, via time Barrment.

[W]e must hereby Request that with Respect PennyMac's Claim of Fraud under §10, that such be dismissed Due to Lack of Subject Matter Jurisdiction - see: Crawford, 245 fedAppx. 369, 374 (5th Cir. 2007). in Addition to failure of Process, As such A failure has caused harm to the Co-Plaintiff's,

IE: Counter Plaintiff's, who were continuously Relying on the F.A.A. & F.R.C.P. §81(b).

Because PennyMac Claim's that the Charging of fee's for service's, which is cognizable under the 14th Amendment §4, is somehow unlawful for A federal Arbitrator, And that it is somehow Representing each and every client of Record for whom "SITCOMM" acted solely as Process Server, And certifier of Arbitrator's signature, is improper. PennyMac, is Aware via Judicial Knowledge, that it can not Represent any 3rd party without their explicit concent. Furthermore, By Failing to Document fraud:

1. That Information was misrepresented to Penny-Mac,
2. That PennyMac Relied on the misrepresented Information, And suffered injury as a Result thereof,
3. That PennyMac, was personally Misled.

by Failing to Document conspiracy:

1. To cause other injury to person or property which Results in injury to person or property.

PennyMac has Admitted to having a prior Contract

over ↻

Sending A Bill [Offer]. That Both Kahapea & Johnson Returned A Notice of "Conditional Acceptance of Offer" And Notice of Change in terms of Agreement, which included An Arbitration Clause, Commerce And An opt-out clause.

PennyMac, Admits to Receipt of Notices, And willfully choosing Not to Respond [See Original Complaint And Amended Complaint], And because the two, Kahapea's, And Johnson's Complaint in the form of A 'Conditional Acceptance Compelled Performance Contract', both included A Demand for "A Proof of Debt", An Accounting, As cognizable by the Laws of the United States And the World. PennyMac, was Duty bound to Respond. Kahapea's Contract Included A Notice of Assignment, IE: Equitable Redemption).

In As few words As possible, PennyMac Claims Injury, the injury is Done by [P]ennyMae, by not following the Law, Kahapea & Johnson Suffered Injury. PennyMae, by Admitting it Received Notices And Contract, And that it simply Choose Not to Respond, Cannot claim injury Due to it's willfull Acts And or inactions.

The Independent Arbitrator Did not Act in Secret, presented PennyMac Notice which included Address, Both physical & virtual [And Admits] it Never Attempted to Communicate with Arbitrator, And Determ-

ined, "that it Did not need to Respond." "<u>Decision's Consequence</u>," [P]ennyMac, was notified that "if [I]t failed to communicate, that hearing would be held in [t]heir absence, and Decision may be, in adverse, to their interest. PennyMac, admits it made a choice, an informed Decision, [P]ennyMac is foreclosed, estopped from claiming injury for something they choose not to concider.

Now the Award's are closed/sealed Records, private legal Documents between the Parties. Yet PennyMac, falsely asserts that they have been "Prejudiced"; that they have been "injured," "Reputation damaged." How can a sealed Record damage one's Public Reputation? How can PennyMac's actions, which lead to an adverse "judgment" [an Arbitration Award by Definition is a judgment], complain when it abandon any defense?

Evidence Forclosing Claim by "PennyMac":

Private Law 114-31 passed December 3, 2016; enacted Feb. 1, 2017 the "General Court," of the District of Columbia under 9 USC §9 Confirmed By a two-thirds majority, the Award issued By Megan Russell (it is to be noted that M. Russell is neither a Retired judge or an Attorney), holding it to be binding, enforceable and valid, attached hereto as Established statutory Evidence.

Congress Noted under the "Findings" section (2), That the "Conditional Acceptance Contract," Received by ~~~~ the Attorney General of the United States, And that Arbitration was the exclusive Remedy - see: Sec. 2 (a) 1-4.

Joey Kemp (Sect. 2(a)(5))), the Attorney that Presented the Bill (S-112) to Rand Paul, who Sponsored the Bill which was presented the Judiciary Committee, Are two Relevant witnesses whom shall be called as expert witnesses Respecting Processes, F.A.A., And Relevent Laws, should this matter Proceed.

With the Above Stated Facts, And Conclusions Supported by Case Authority, the Bill of Rights and the Law, we ask for the Dismissal of PennyMac's Claims as PennyMac waived Right by failing to Respond to either Kahapea, And Johnson, And or the Arbitrator.

We Request for Summary Judgment Against PennyMac, Documenting that PennyMac, had a duty to Respond to Counter-Claim/complaint/suit and Deliberately ignored and forsook Responsibility.

We Do Request a Hearing to Suppress evidence, to Challenge Evidence, Right to a Common Law trial by

jury as is secured by the Bill of Rights.

We introduce the Record of 2:19-mc-00185; 2:19-mc-00159; 3:19-cv-000837, which Document that Motion's to 'Vacate' are Per the F.A.A. (§6) Motion's and not litigation's and the Proper forum/venue is a "Special Action" Summary Proceeding. That the filing fee [paid in excess] by the courts violate the Uniformity of the Federal Court System, as it is on some case by case bases.

We note that the Courts officer's Continue to highlight that "We" are not withstand-in Counsel, yet it has yet to Respond to a "SINGLE" Presentment, it is believed that this Prejudicial treatment violates Due Process as Guaranteed by the Bill of Rights. Is it that to Respond Directly, it would have to formally Acknowledge that we did timely Respond, that now that 180-Day's have Passed Since our Counterclaim/suit was filed, and Default Requested, and no Response is made to appear on the Record by any of the Counter-Defendants, that such facts will be, thereby such Actions Confirmed.

There will be Attempts to seek to have the Counterclaim Dismissed, or Demand it be Amended. However, it would be timebarred by the Nature of

the Request for Default, over 10 to the present Day, or the fact that PennyMac & The Court Recognize Response by Notation's on the Record.

The Court's Claim that "Bench-Trial" has been Set, when "Trial by Jury" by one or more parties has been Demanded, bare[e]'s a Bench-Trial by Statute, Law, And or Rules of the Court, would Rebut[t] such a presumption.

We can not Allow presumption's to go unrebutted, we by Law must Respond. This is how we can conclude that PennyMac had to Respond, And after several notices failed to Respond. Failing to Respond while having a duty to Respond, waives Right of Party to challenge at a later Date, Please check Maxim of Law...

The Aforementioned is Accurate and wholly Attested, Witnessed by each of the Attestents and Jehovah the only true God. Done under Penalty of Divine Retribution if otherwise, on this Jan. 30th, 2021 So help us God."          "   '  '  '  '  "

s/: [signature]
s/: Mark Johnson
s/: Alaric Scott
s/: Kirk Gibbs
s/: Sandy Goulette
s/: Mark Moffett

s/: Ronnie Kahapie
s/: Sitcomm Arbitration Association
s/: Brett Eeon Jones
s/: Rance McGee