IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

| | |
|---|---|
| **PENNYMAC LOAN SERVICES, LLC** | **PLAINTIFF** |
| vs. | CIVIL ACTION NO. 2:19-cv-00193-TBM-MTP |
| **INNOVATIVE HOLDINGS, INC. d/b/a SITCOMM ARBITRATION ASSOCIATION, et al** | **DEFENDANTS** |
| **PLAZA HOME MORTGAGE, INC.** | **INTERVENOR** |

### COMPLAINT IN INTERVENTION

Plaza Home Mortgage, Inc. ("Plaza") files this Complaint in Intervention against each of the current defendants to this action. In support of this Complaint, Plaza states as follows:

### PARTIES

1. Plaza is a California Corporation with its principal place of business located at 9808 Scranton Road, Suite 3000, San Diego, CA 92121.

2. Plaintiff PennyMac Loan Services, LLC is a Delaware limited liability company with its principal place of business in California.

3. Sitcomm is a trade name registered in the State of Wyoming to defendant Innovated Holdings, Inc. ("Innovated"). Innovated is incorporated in the State of Wyoming and its principal address is located in the State of Nevada. Innovated can be served with process through its registered agent, Wyoming Registered Agent, 1621 Central Ave., Cheyenne, WY 82001, USA.

4. Mark Moffett ("Moffett") is an adult resident citizen of the State of Mississippi who is employed as a supposed arbitrator by Sitcomm. Moffett may be served with service of



process at 3007 Crescent Hill Drive, Laurel MS 39440 and/or 346 Coon Jeffcoat Rd., Soso MS 39480.

5. Sandra Goulette ("Goulette") is an adult resident citizen of the State of Mississippi and is the director of Sitcomm. Goulette may be served with service of process at 3007 Crescent Hill Drive, Laurel MS 39440.

6. Ronnie Kahapea ("Kahapea") is an adult resident citizen of the State of Hawaii. Kahapea may be served with service of process at 11-2808 Kaleponi Drive, Volcano HI 96785.

7. Mark Johnson ("Johnson") is an adult resident citizen of the State of Virginia. Johnson may be served with service of process at 451 May Lane, Louisa, VA 23093.

8. Kirk Gibbs ("Gibbs") is an adult resident citizen of the State of Georgia. Gibbs may be served with process at 4155 Lawrenceville Highway, PMB 8119, Lilburn, Georgia 30047.

9. Brett "Eeon" Jones is an adult resident citizen of the State of Nevada. Brett "Eeon" Jones may be served with service of process at 304 South Jones Blvd., Unit Eeon-1967, Las Vegas, Nevada, 89107

10. Rance Magee ("Magee") is an adult resident citizen of the State of Michigan. Magee may be served with service of process at 11294 Rose Rd, Emmett MI 48022.

## JURISDICTION AND VENUE

11. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, in that this is a civil action between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

12. The Court has personal jurisdiction over defendants because they intentionally instituted, facilitated, and/or participated in the alleged arbitrations that purportedly occurred in

Laurel, Mississippi and/or issued arbitration notices or awards from Mississippi as stated in the arbitration awards and therefore purposefully availed themselves to the privilege of conducting activities in this forum, and the claims arise out of or result from forum-related activities in Mississippi consistent with Mississippi's long-arm statute, Mississippi Code § 13-3-57.

13. Venue is proper in this judicial district pursuant to 9 U.S.C. § 12 because one of the alleged arbitration awards at issue was made in Laurel, Mississippi and the other was mailed and issued from Mississippi.

## GENERAL FACTUAL ALLEGATIONS

14. Plaza incorporates by reference the statement of alleged facts as set forth in PennyMac's First Amended Complaint as if fully set forth herein. *See* [Dkt. 83] at ¶¶ 19-47.

15. Moreover, Ronnie Louis Marvel Kahapea has tried to confirm and enforce a $1.8 million sham arbitration award issued out of Laurel, Mississippi by Sitcomm against PennyMac and Plaza in several federal district courts.

16. This supposed award was apparently decided against PennyMac and Plaza in absentia and without proper notice.[1]

17. Plaza has never agreed to arbitrate any purported claims with Kahapea. Indeed, the "Conditional Acceptance" letter purchased from Sitcomm and fraudulently utilized by Kahapea has undisputedly never been signed and/or executed by Plaza.

18. The fraudulent arbitration awards issued by Sitcomm are a scam and the federal judiciary should not allow this scam to continue.

---

[1] The Conditional Acceptance that Kahapea continues to utilize has been directly lifted from the Sitcomm website, with the only changes being those minor changes to the parties' names, dates and the amount of the purported award. Sitcomm has recently removed the contractual form at issue from its website.

## COUNT I-DECLARATORY JUDGMENT

19. Plaza incorporates herein by reference the preceding paragraphs as if set forth fully herein.

20. There is no valid, enforceable contract between the parties named in this suit to submit any dispute(s) among them to arbitration.

21. As such, there is a real, substantial, and justiciable controversy between the parties concerning whether they are bound by a valid agreement to arbitrate. Accordingly, this is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 for the purpose of determining questions of actual controversy between the parties.

22. Based on the foregoing, Plaza respectfully requests that the Court enter an order declaring that no valid and enforceable contract or consent to arbitrate exists between the parties to this action and that the awards issued by Sitcomm against Plaza were issued without authority, consent, or jurisdiction, and are therefore void and unenforceable as a matter of law and that the same be vacated and set aside.

## COUNT II-PRELIMINARY AND PERMANENT INJUNCTION

23. Plaza incorporates herein by reference the preceding paragraphs as if set forth fully herein.

24. Plaza moves the court pursuant to Fed. R. Civ. P. 65(a) for a preliminary injunction enjoining Defendants from attempting to confirm or enforce any award instituted by Sitcomm against it because:

    a. There is a substantial likelihood that Plaza will prevail on the merits of its claims to vacate the awards, as evidenced by jurisdictions all over the country reaching this result;

      b.      Plaza will suffer irreparable injury unless the injunction is issued;

      c.      The threatened injury to Plaza outweighs whatever harm the proposed injunction may cause to Defendants; and

      d.      The injunction, if issued, would not be adverse to the public interest.

25.      Sitcomm's arbitration process is illegitimate and is not based upon any agreement between the parties. Additionally, it is clear that Sitcomm is continuously and repeatedly attempting to employ this scheme against Plaza and is likely to continue to do so in the future unless prospective injunctive relief is granted.

26.      Plaza is entitled to a preliminary injunction against Defendants and their agents, servants, and employees, and all persons in active concert and participation with them, until further order of this Court, restraining them from attempting to confirm or enforce any arbitration award issued by Sitcomm against it.

28.      Plaza therefore requests that the court enter a permanent injunction against Defendants forever enjoining them from conducting any purported arbitration proceeding against Plaza.

## **REQUEST FOR RELIEF**

WHEREFORE, PRMISES CONSIDERED, Plaza respectfully requests that the Court enter an order or orders as follows:

      a.      Declaring that no valid and enforceable contract or consent to arbitrate existed between the parties to this action and that any Sitcomm award was issued without authority, consent, or jurisdiction, and are therefore void and unenforceable, as a matter of law;

    b.      That the Court issue an order, pursuant to 9 U.S.C. § 10, vacating any arbitration award issued by Sitcomm against Plaza and issuing preliminary and permanent injunctions prohibiting Defendants from undertaking any effort to seek to confirm or initiate enforcement of any arbitration award issued by Sitcomm or otherwise taking any action against Plaza in or related to arbitration;

    c.      Awarding reasonable attorneys' fees and costs of investigation and as sanctions for continuously having to defend these meritless claims; and

    d.      Providing Plaza any such further relief as the Court deems appropriate.

Dated: February \_\_\_, 2021.

                                    **PLAZA HOME MORTGAGE, INC**.

                                    By: /*s/ R. Lane Bobo*
                                    One of its Attorneys

**OF COUNSEL:**

Sheldon G. Alston, MSB #9784
R. Lane Bobo, MSB #105263
BRUNINI, GRANTHAM, GROWER & HEWES, PLLC
190 East Capitol Street, Suite 100 (39201)
Post Office Box 119
Jackson, MS 39205-0119
Telephone: (601) 948-3101
Facsimile: (601) 960-6902
salston@brunini.com
lbobo@brunini.com

## **CERTIFICATE OF SERVICE**

I, R. Lane Bobo, hereby certify that I have this day electronically filed the foregoing document with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

Dated: February ___, 2021.

*/s/ R. Lane Bobo*
R. LANE BOBO
