IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**RONNIE LOUIS MARVEL KAHAPEA**                                                    **PLAINTIFF**

**V.**                                       **CIVIL ACTION NO. 2:20-CV-00151-KS-MTP**

**PENNYMAC LOAN SERVICES, LLC, ET AL**                          **DEFENDANT**

**MEMORANDUM IN SUPPORT OF
PLAZA HOME MORTGAGE'S MOTION TO DISMISS**

**I.**     **INTRODUCTION**

After his action to enforce a $1.8 million sham arbitration award against PennyMac Loan Services, LLC ("PennyMac") and Plaza Home Mortgage, Inc. ("Plaza") was dismissed by the United States District Court for the District of New Mexico for lack of subject matter jurisdiction, Ronnie Louis Marvel Kahapea ("Plaintiff") filed the exact same suit in the United States District Court for the Central District of California. That case was then transferred Mississippi. Just as in the New Mexico case[1], Plaintiff does not have a binding arbitration agreement mandating dismissal for lack of subject matter jurisdiction. Additionally, and as shown in more detail below, Plaintiff should also be sanctioned and barred from utilizing Federal District Courts to perpetuate his fraudulent schemes in future filings.

**II.**     **LEGAL PROCEEDINGS**

In this case, Plaintiff originally sought to confirm an arbitration award against PennyMac and Plaza in the United States District Court for the Central District of California. [Dkt. 3]. It

---

[1] Both defendants had previously asked the transferring court to take judicial notice of the identical pleadings that were filed in the United States District Court for the District of New Mexico and those motions are incorporated herein by reference. See [Dkts. 13 and 17].

EXHIBIT B

was then subsequently transferred to this Court. [Dkt. 26]. Prior to this transfer, both PennyMac and Plaza filed their respective objections to Plaintiff's motion to confirm an arbitration award. See [Dkt. 16] and [Dkt. 7].[2] The crux of Plaza's objection was that Plaintiff failed to attach a valid arbitration agreement to his motion to confirm. Despite repeated opportunities in various courts to cure this deficiency, Plaintiff has been unable to do so because Plaza never agreed to arbitrate any alleged disputes against him. For these same reasons Plaintiff will be unable to obtain subject matter jurisdiction in this Court.

**III.    STANDARD**

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." Smith v. St. Jude Med., No. 1:15-CV-263-KS-RHW, 2015 WL 9094383, at *1 (S.D. Miss. Dec. 16, 2015) (citing Hooks v. Landmark Indus., Inc., 797 F. 3d 309, 312 (5th Cir. 2015)). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." Id. (citing Ramming v. United States, 281 F. 3d 158, 161 (5th Cir. 2001)). "A rule 12(b)(1) motion should be granted only if it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject matter jurisdiction." Swofford v. United States, No. 5:16-CV-20-KS-MTP, 2016 WL 7187625, at *1 (S.D. Miss. Dec. 9, 2016) (citing Davis v. United States, 597 F. 3d 646, 649 (5th Cir. 2009)). "A district court may dismiss a suit for lack of subject matter jurisdiction based on: '(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" Id. (quoting Williamson v. Tucker, 645 F. 2d 404, 413 (5th Cir. 1981)).

---

[2] These pleadings are each incorporated herein by reference.

## IV. ARGUMENT

This Court lacks subject matter jurisdiction over this suit because there is no binding arbitration agreement between the parties. Without one, there is no plausible set of facts that Plaintiff can show that would establish jurisdiction to enforce an arbitration award. Additionally, the Court should use its inherent power to sanction Plaintiff for filing this frivolous lawsuit and further hold that Plaintiff should be unable to file any future lawsuits arising out of the so called arbitration award at issue.

### A. This Court lacks jurisdiction because there is no binding arbitration agreement between the parties.

The Federal Arbitration Act requires that any filing to confirm an arbitration award must include a copy of the arbitration agreement between the parties. "The party moving for an order confirming, modifying, or correcting an award shall, at the time such order is filed with the clerk for the entry of judgment thereon, also file the following papers with the clerk: (a) **The agreement**; the selection or appointment, if any, of an additional arbitrator or umpire; and each written extension of the time, if any, within which to make the award." 9 U.S.C.A. § 13 (a) (emphasis added). See e.g. Teverbaugh v. Lima One Capital, LLC, No. CV219MC159KSMTP, 2020 WL 448259, at *2 (S.D. Miss. Jan. 28, 2020) ("Thus, in order to obtain confirmation, Section 13 requires that the moving party file the agreement, the award, and each notice, affidavit, or other paper used to confirm, modify or correct the award.")

In Teverbaugh, a plaintiff attempted to enforce an arbitration award issued by Sitcomm Arbitration Association.[3] The plaintiff failed to produce a written arbitration agreement in

---

[3] This Court noted in the Teverbaugh case that sham arbitration awards, such as the one we have here, were prevalent within the federal judiciary system. See Teverbaugh, 2020 WL 448259, at *2 ("There has been a recent rash of cases involving arbitration awards issued by arbitrators with SAA filed not only in this Court but also in other jurisdictions.") One of the cases cited by the Court as an example of these sham cases involved this Plaintiff, Ronnie Kahapea.

support of her motion to enforce or confirm the so called arbitration award. Id. This Court held that without the agreement, it was "unable to conclude that confirmation is proper." Id. Similarly, here, without supplying a copy of the purported agreement to arbitrate between the parties, Plaintiff has no basis by which to claim that Plaza consented to arbitrate any alleged dispute with him. Just as in Teverbaugh[4], without a basis to arbitrate or for the award, this Court must dismiss Plaintiff's claims as lacking subject matter jurisdiction under the Federal Arbitration Act.

**B.    This Court should sanction plaintiff for seeking to use this Court to perpetuate a fraudulent scheme to enforce sham arbitration awards.**

This Court should utilize its inherent powers to sanction Plaintiff for his willful abuse of the judicial process in continually filing frivolous and fraudulent motions to enforce his sham arbitration award.

> Inherent power sanctions are essentially punitive, designed to penalize bad faith abuses of the litigation process . . . Among the types of inherent power sanctions that the court, in its discretion, may choose to impose are: 1. A fine. 2. An award of reasonable attorneys' fees and expenses. 3. Disqualification of counsel. 4. Preclusion of claims or defenses or evidence. 5. Dismissal of the action. 6. Entry of a default judgment. 7. Suspension of counsel from practice before the court or disbarment. 8. Vacatur of a judgment for fraud. 9. Injunctive relief limiting a person's future access to the courts. 10. A contempt citation. 11. Permitting adverse inference from document destruction.

Michael v. Boutwell, 138 F. Supp. 3d 761, 784 (N.D. Miss. 2015) (quoting Carroll v. Jaques, 926 F. Supp. 1282, 1288 (E.D. Tex. 1996)). Now, in the third Federal District Court, Plaza is yet again having to expend resources and time to combat Plaintiff's frivolous filings. The actions by this Plaintiff of continuously filing motions to enforce sham arbitration awards are the epitome of abusing the judicial process. Therefore, Plaza would request this Court utilize its inherent power to sanction Plaintiff and prevent his future access to Courts so that he cannot continue to file

---

[4] Another similarity between the Teverbaugh case and this case is that the purported award failed to properly notify the parties and the arbitration supposedly took place in Laurel, Mississippi. Id. This Court found that the award in Teverbaugh was suspect for these reasons, and it should similarly do so here.

4

these frivolous actions.

## V.  CONCLUSION

For the foregoing reasons, and those set forth in the incorporated motions to dismiss previously filed in the transferee court, this Court should dismiss this action for lack of subject matter jurisdiction and sanction Plaintiff for his continued abuse of the judicial process against Plaza.

Dated: September 18, 2020.

> Respectfully submitted,
>
> **PLAZA HOME MORTGAGE, INC**.
>
> By:   */s/ R. Lane Bobo*
>        One of Its Attorneys

**OF COUNSEL:**

Sheldon G. Alston, MSB #9784
R. Lane Bobo, MSB #105263
BRUNINI, GRANTHAM, GROWER & HEWES, PLLC
190 East Capitol Street, Suite 100 (39201)
Post Office Box 119
Jackson, MS 39205-0119
Telephone: (601) 948-3101
Facsimile: (601) 960-6902
salston@brunini.com
lbobo@brunini.com

5

6

**CERTIFICATE OF SERVICE**

    I, R. Lane Bobo, hereby certify that I have this day electronically filed the foregoing document with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record. Additionally, I hereby certify that I have this day served via certified mail a true and correct copy of the above on the following pro-se Plaintiff:

Ronnie Louis Marvel Kahapea
P.O. Box 875
Volcano, HI 96785

Dated: September 18, 2020.

                                                                       */s/ R. Lane Bobo*
                                                                       R. LANE BOBO