IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**PENNYMAC LOAN SERVICES, LLC**                                                                    **PLAINTIFF**

v.                                                                    CIVIL ACTION NO. 2:19-cv-193-HSO-MTP

**INNOVATED HOLDINGS, INC., ET AL.**                                                    **DEFENDANTS**

**ORDER**

THIS MATTER is before the Court on Plaintiff's Motion to Strike [104], Motion to Compel [110], Motion to Compel [113], Motion to Compel [116], Motion to Compel [119], Motion to Compel [120], Motion to Compel [125], Motion to Compel [128], Motion to Compel [131], Motion to Compel [134], Motion for Extensions [142], and Motion to Compel [147].

In its Motions to Compel, Plaintiff asserts that multiple Defendants failed to provide their initial disclosures, failed to respond to Plaintiff's discovery requests, and failed to attend or complete their properly noticed depositions. If a party fails to provide its initial disclosures as required by Fed. R. Civ. P. 26(a) and/or fails to respond to discovery requests, any other party may move to compel the disclosures and/or discovery responses. *See* Fed. R. Civ. P. 37(a)(3).

If a motion to compel is granted "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." *See* Fed. R. Civ. P. 37(a)(5)(A). The rules call for this Court to assess sanctions against Defendants unless their failure to cooperate in discovery was substantially justified or any other circumstance exists which would make the award unjust. Additionally, a party's failure to respond to discovery requests may result in a waiver of its objections, unless the Court excuses that failure for good cause. *See In re United States*, 864 F.2d

1

1153, 1156 (5th Cir. 1989) ("[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived.").

Fed. R. Civ. P. 37(d) allows for sanctions when a party fails to appear for a properly noticed deposition or "impedes, delays, or frustrates the fair examination of the deponent." This Court has broad discretion to exercise its various sanctioning powers. *Topalian v. Ehrman*, 3 F.3d 931, 934 (5th Cir. 1993); *Shipes v. Trinity Indus.*, 987 F.2d 311, 323 (5th Cir. 1993) ("The imposition of sanctions is a matter of discretion for the district court."). The sanctions may include directing that facts be taken as established, prohibiting the party from supporting or opposing claims or defenses, striking pleadings, staying the proceedings until the order is obeyed, dismissing the action, or rendering default judgment. *See* Fed. R. Civ. P. 37(d)(3). In lieu of, or in addition to the aforementioned sanctions, "the court must require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." *Id*.

Generally speaking, courts should punish parties no more harshly than is necessary to vindicate the injury inflicted by the particular misbehavior at issue. *Carroll v. Jaques Admiralty Law Firm, P.C.*, 110 F.3d 290, 294 (5th Cir. 1997). "Rule 37 sanctions must be applied diligently both to penalize those whose conduct may be deemed to warrant such a sanction, and to deter those who might be tempted to such conduct in the absence of such a deterrent." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 763-64 (1980).

***Defendant Ronnie Kahapea***

Motion to Compel [110]

On June 18, 2020, the Court entered a Case Management Order [57], which directed the Defendants, including Ronnie Kahapea, to serve their initial disclosures as required by Fed. R.

Civ. P. 26(a) on or before July 1, 2020. On October 8, 2020, Plaintiff served upon Kahapea interrogatories, requests for production, and requests for admissions. *See* Certificate [96]. Kahapea failed to provide any initial disclosures or responses to Plaintiff's discovery requests.

On December 29, 2020, Plaintiff filed a Motion to Compel [110], requesting an order from the Court compelling Kahapea to provide initial disclosures and responses to Plaintiff's interrogatories and requests for production. Plaintiff also requests that the Court order Kahapea to pay the attorneys' fees Plaintiff incurred in bringing its Motion to Compel [110].

Kahapea did not respond to the Motion to Compel [110], and the Court will grant the Motion [110] as unopposed and on its merits. *See* L.U. Civ. R. 7(b)(3)(E) ("If a party fails to respond to any motion, other than a dispositive motion, within the time allotted, the court may grant the motion as unopposed."). As to the merits of the Motion [110], Kahapea is clearly required to serve initial disclosures and to respond to written discovery to which no objections have been raised. *See* Fed. R. Civ. P. 26(a); 37(a).

IT IS, THEREFORE, ORDERED that:

1. Plaintiff's Motion to Compel [110] is GRANTED.

2. On or before February 26, 2021, Defendant Ronnie Kahapea shall serve his initial disclosures.

3. On or before February 26, 2021, Defendant Ronnie Kahapea shall respond fully to Plaintiff's interrogatories and requests for production without objection and produce the requested documents.

4. The Court declines at this time to award fees and expenses or to impose sanctions for Defendant Kahapea's failure to produce initial disclosures and respond to Plaintiff's written discovery requests. However, Defendant Kahapea's failure to comply with this order or other discovery obligations may result in the Court assessing the costs and fees involved or imposing other sanctions.

Motion to Strike [104] and Motion to Compel [116]

On November 11, 2020, Plaintiff served upon Kahapea a Notice of Deposition [116-1], setting Kahapea's remote videoconference deposition for November 30, 2020. Kahapea failed to appear at his deposition. Instead, on December 1, 2020, Kahapea filed a Notice [99] entitled, "Judicial Notice of Conditional Acceptance to the Appearance to the Deposition Preceedings [sic]." In the Notice [99], Kahapea states that he will agree to being deposed if Plaintiff will comply with the following demands:

> Provide the proof that supports PennyMac Loan Services, LLC incurred a loss, physical injury or physical harm by providing the full, whole and complete accounting of Account No.: 1437829748;
>
> Provide the list of witnesses that can either confirm or contest upon first hand knowledge the acts or actions within the dispute where there are claims of fraud, scams etc.;
>
> Provide an acknowledgement to contract with Ronnie Louis Marvel Kahapea, agreeing to the terms listed in the Fee Schedule from the November 3, 2020 Constructive Notice of Conditional Acceptance (Exhibit 1) private contractual agreement for my time used in this deposition invitation;
>
> Provide an acknowledgement to make the initial $10,000.00 according to the Pre-determined rate of $10,000.00/hearing as stipulated before the required three (3) days until November 30; and
>
> Provide an agreement to dissolve any existing or current court fees, attorney fees etc. that may be assumed to being due and owed by the defendant.

*See* Notice [99].

On December 15, 2020, Plaintiff filed a Motion to Strike [104], requesting an order striking Kahapea's Notice [99] as an "improper filing and rogue pleading." Thereafter, on December 29, 2020, Plaintiff filed a Motion to Compel [116], requesting an order from the Court compelling Kahapea to appear for his deposition and ordering Kahapea to pay the attorneys' fees and other costs Plaintiff incurred in relation to the scheduled deposition. Specifically, Plaintiff

4

seeks $4,425.00 in attorneys' fees incurred in preparing for the deposition, attending the deposition, and drafting the Motion to Compel [116]; $640.00 in fees from the court reporter; and $395.00 in fees from the videographer. *See* Invoices [116-2] [116-3].

Kahapea did not respond to the Motion to Compel [116], and the Court may grant the Motion [116] as unopposed. *See* L.U. Civ. R. 7(b)(3)(E). Moreover, the record demonstrates that Kahapea's failure to attend his deposition was unjustified. If Kahapea had objections to the deposition, he could have moved for a protective order pursuant to Fed. R. Civ. P. 26(c). He did not. Instead, he filed a "list of demands"—Notice [99]—after he failed to attend the deposition. Plaintiff need not meet any of Kahapea's demands before deposing him, and to the extent Kahapea seeks any relief in his Notice [99], the same is denied. The Court, however, finds no cause to strike the Notice [99] from the record and, thus, will deny the Motion to Strike [104].

The Court will grant the Motion to Compel [116] and order Kahapea to provide Plaintiff, in writing, three (3) dates prior to March 15, 2021, in which he is available to sit for his deposition. Kahapea shall provide these available dates to Plaintiff, in writing, on or before February 20, 2021 and shall appear for his deposition as re-noticed.

The Court declines to award attorneys' fees at this time. Plaintiff may benefit from the costs associated with preparing for the deposition.[1] Plaintiff, however, should not have to bear the cost of a court reporter and videographer for November 30, 2020. *See Lovison v. Gleason*, 2015 WL 3934933, at *8 (N.D. Tex. Jun. 26, 2015) ("[Plaintiffs'] failure to appear for their properly-noticed depositions had real economic consequences for Defendants, and the Court finds that . . . it would be unjust for Defendants or their counsel to bear the expenses caused by

---

[1] The Court reserves the right to award fees if he fails to comply with this Order or otherwise fails to cooperate in good faith in the discovery process.

Plaintiff's failure to appear . . . as noticed."). Thus, the Court will award Plaintiff $1,035.00 ($640.00 + $395.00).

 IT IS, THEREFORE, ORDERED that:

1. Plaintiff's Motion to Strike [104] is DENIED.

2. Plaintiff's Motion to Compel [116] is GRANTED.

3. On or before February 20, 2021, Defendant Ronnie Kahapea shall provide Plaintiff, in writing, three (3) dates prior to March 15, 2021, in which he is available to sit for his deposition and shall appear at the deposition as re-noticed.

4. Should Defendant Ronnie Kahapea fail to provide the three available deposition dates as ordered, Plaintiff may notice the deposition on a date of its choosing prior to the discovery deadline.

5. On or before March 11, 2021, Defendant Ronnie Kahapea shall pay to Plaintiff, through counsel, the sum of $1,035.00.

***Defendant Mark Johnson***

Motion to Compel [113]

 In its Case Management Order [57], the Court directed Defendant Mark Johnson to serve his initial disclosures on or before July 1, 2020. On October 8, 2020, Plaintiff served upon Johnson interrogatories, requests for production, and requests for admissions. *See* Certificate [96]. On December 15, 2020, Johnson filed a letter, stating as follows: "Johnson, Mark do [sic] not have any documents to submit to PennyMac or their hired group. There is not discovery to be had as there is/are no records that I keep regarding PennyMac or any communication with them." *See* [102].

 On December 29, 2020, Plaintiff filed a Motion to Compel [113], asserting that Johnson failed to provide any responses to its discovery requests. Plaintiff requests that the Court enter

an order compelling Johnson to provide disclosures and discovery responses and awarding Plaintiff the attorneys' fees it incurred in bringing its Motion to Compel [113].

Johnson did not respond to the Motion to Compel [113], and the Court may grant the Motion [113] as unopposed and on its merits. *See* L.U. Civ. R. 7(b)(3)(E). In his letter [102], Johnson asserts that he possesses no responsive documents, but pursuant to Fed. R. Civ. P. 34(b), Johnson is required to provide a separate response for each item or category. Johnson is also required to provide other responsive information. Plaintiff served upon Johnson interrogatories, which must be answered. *See* Fed. R. Civ. Additionally, Fed. R. Civ. P. 26(a)(1)(A) requires parties to produce initial disclosures, including "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment."[2]

IT IS, THEREFORE, ORDERED that:

1. Plaintiff's Motion to Compel [113] is GRANTED.

2. On or before February 26, 2021, Defendant Mark Johnson shall serve his initial disclosures.

3. On or before February 26, 2021, Defendant Mark Johnson shall respond fully to Plaintiff's interrogatories without objection and produce the requested documents.

4. The Court declines at this time to award fees and expenses or to impose sanctions for Defendant Johnson's failure to produce initial disclosures and respond to Plaintiff's written discovery requests. However, Defendant Johnson's failure to comply with this order or other discovery obligations may result in the Court assessing the costs and fees involved or imposing other sanctions.

---

[2] Rule 26(a)(1)(A) also requires a party to produce a copy or description of all documents, information, and tangible things it may use to support its claims of defenses; a computation of each category of damages claimed by the party; and any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action.

7

Motion to Compel [120]

On November 11, 2020, Plaintiff served upon Johnson a Notice of Deposition [120-4], setting Johnson's remote videoconference deposition for November 24, 2020. Johnson failed to appear at his deposition. *See* [120-4] at 3.

On December 29, 2020, Plaintiff filed a Motion to Compel [120], requesting an order from the Court compelling Johnson to appear for his deposition and ordering Johnson to pay the attorneys' fees and other costs Plaintiff incurred in relation to the scheduled deposition. Specifically, Plaintiff seeks $3,861.00 in attorneys' fees, $640.00 in fees from the court reporter, and $395.00 in fees from the videographer. *See* Invoices [120-2] [120-3].

Johnson did not respond to the Motion to Compel [120], and the Court will grant the Motion [120] as unopposed. *See* L.U. Civ. R. 7(b)(3)(E).[3] Moreover, the record demonstrates that Johnson's failure to attend his deposition was unjustified. The Court will order Johnson to provide Plaintiff, in writing, three (3) dates prior to March 15, 2021, in which he is available to sit for his deposition. Johnson shall provide these available dates to Plaintiff, in writing, on or before February 20, 2021 and shall appear for his deposition as re-noticed.

The Court declines to award attorneys' fees at this time. Plaintiff may benefit from the costs associated with preparing for the deposition.[4] Plaintiff, however, should not have to bear

---

[3] On the day of the scheduled deposition, Plaintiff received a letter from Johnson, stating as follows: "I don't choose to participate in any procedure that I don't understand." *See* [120-4]. Johnson, however, did not move for a protective order or otherwise seek relief concerning his deposition prior to November 24, 2020, and remained under an obligation to attend his deposition.

[4] The Court reserves the right to award fees if he fails to comply with this Order or otherwise fails to cooperate in good faith in the discovery process.

the cost of a court reporter and videographer for November 24, 2020. *See Lovison*, 2015 WL 3934933, at *8. Thus, the Court will award Plaintiff $1,035.00 ($640.00 + $395.00).

IT IS, THEREFORE, ORDERED that:

1. Plaintiff's Motion to Compel [120] is GRANTED.

2. On or before February 20, 2021, Defendant Mark Johnson shall provide Plaintiff, in writing, three (3) dates prior to March 15, 2021, in which he is available to sit for his deposition and shall appear at the deposition as re-noticed.

3. Should Defendant Mark Johnson fail to provide the three available deposition dates as ordered, Plaintiff may notice the deposition on a date of its choosing prior to the discovery deadline.

4. On or before March 11, 2021, Defendant Mark Johnson shall pay to Plaintiff, through counsel, the sum of $1,035.00.

***Defendant Mark Moffett***

Motion to Compel [119]

In its Case Management Order [57], the Court directed Defendant Mark Moffett to serve his initial disclosures on or before July 1, 2020. On October 8, 2020, Plaintiff served upon Moffett interrogatories, requests for production, and requests for admissions. *See* Certificate [96]. Moffett failed to provide any initial disclosures or responses to Plaintiff's discovery requests.

On December 29, 2020, Plaintiff filed a Motion to Compel [119], requesting an order from the Court compelling Moffett to provide initial disclosures and responses to Plaintiff's interrogatories and requests for production. Plaintiff also requests that the Court order Moffett to pay the attorneys' fees it incurred in bringing its Motion to Compel [119]. Moffett did not respond to the Motion to Compel [119], and the Court will grant the Motion [119] as unopposed and on its merits. *See* L.U. Civ. R. 7(b)(3)(E). Moffett is required to serve initial disclosures and

to respond to written discovery to which no objections have been raised. *See* Fed. R. Civ. P. 26(a); 37(a).

IT IS, THEREFORE, ORDERED that:

1. Plaintiff's Motion to Compel [119] is GRANTED.

2. On or before February 23, 2021, Defendant Mark Moffett shall serve his initial disclosures.

3. On or before February 23, 2021, Defendant Mark Moffett shall respond fully to Plaintiff's interrogatories and requests for production without objection and produce the requested documents.

4. The Court declines at this time to award fees and expenses or to impose sanctions for Defendant Moffett's failure to produce initial disclosures and respond to Plaintiff's written discovery requests.  However, Defendant Moffett's failure to comply with this order or other discovery obligations may result in the Court assessing the costs and fees involved or imposing other sanctions.

Motion to Compel [131]

On November 11, 2020, Plaintiff served upon Moffett a notice of Deposition [131-1], setting Moffett's remote videoconference deposition for December 9, 2020.  Moffett failed to appear at his deposition. *See* [131-1] at 14.

On December 29, 2020, Plaintiff filed a Motion to Compel [131], requesting an order from the Court compelling Moffett to appear for his deposition and ordering Moffett to pay the attorneys' fees and other costs Plaintiff incurred in relation to the scheduled deposition. Specifically, Plaintiff seeks $4,656.00 in attorneys' fees, $647.80 in fees from the court reporter, and $395.00 in fees from the videographer. *See* Invoices [131-2] [131-3].

Moffett did not respond to the Motion to Compel [131], and the Court will grant the Motion [131] as unopposed. *See* L.U. Civ. R. 7(b)(3)(E).  Moreover, the record demonstrates that Moffett's failure to attend his deposition was unjustified.  The Court will order Moffett to

provide Plaintiff, in writing, three (3) dates prior to March 15, 2021, in which he is available to sit for his deposition.  Moffett shall provide these available dates to Plaintiff, in writing, on or before February 20, 2021 and shall appear for his deposition as re-noticed.

The Court declines to award attorneys' fees at this time.  Plaintiff may benefit from the costs associated with preparing for the deposition.[5]  Plaintiff, however, should not have to bear the cost of a court reporter and videographer for December 9, 2020. *See Lovison*, 2015 WL 3934933, at *8.  Thus, the Court will award Plaintiff $1,042.80 ($647.80 + $395.00).

IT IS, THEREFORE, ORDERED that:

1. Plaintiff's Motion to Compel [131] is GRANTED.

2. On or before February 20, 2021, Defendant Mark Moffett shall provide Plaintiff, in writing, three (3) dates prior to March 1, 2021, in which he is available to sit for his deposition and shall appear at the deposition as re-noticed.

3. Should Defendant Mark Moffett fail to provide the three available deposition dates as ordered, Plaintiff may notice the deposition on a date of its choosing prior to the discovery deadline.

4. On or before March 11, 2021, Defendant Mark Moffett shall pay to Plaintiff, through counsel, the sum of $1,042.80.

***Defendant Kirk Gibbs***

Motion to Compel [125]

In its Case Management Order [57], the Court directed Defendant Kirk Gibbs to serve his initial disclosures on or before July 1, 2020.  On October 8, 2020, Plaintiff served upon Gibbs interrogatories, requests for production, and requests for admissions. *See* Certificate [96].  Gibbs failed to provide any initial disclosures or responses to Plaintiff's discovery requests.

---

[5] The Court reserves the right to award fees if he fails to comply with this Order or otherwise fails to cooperate in good faith in the discovery process.

11

On December 29, 2020, Plaintiff filed a Motion to Compel [125], requesting an order for the Court compelling Gibbs to provide initial disclosures and responses to Plaintiff's interrogatories and requests for production. Plaintiff also requests that the Court order Gibbs to pay the attorneys' fees it incurred in bring its Motion to Compel [125]. Gibbs did not respond to the Motion to Compel [125], and the Court will grant the Motion [125] as unopposed and on its merits. *See* L.U. Civ. R. 7(b)(3)(E). Gibbs is required to serve initial disclosures and to respond to written discovery as no timely objections were raised. *See* Fed. R. Civ. P. 26(a); 37(a).

IT IS, THEREFORE, ORDERED that:

1. Plaintiff's Motion to Compel [125] is GRANTED.

2. On or before February 26, 2021, Defendant Kirk Gibbs shall serve his initial disclosures.

3. On or before February 26, 2021, Defendant Kirk Gibbs shall respond fully to Plaintiff's interrogatories and requests for production without objection and produce the requested documents.

4. The Court declines at this time to award fees and expenses or to impose sanctions for Defendant Gibbs's failure to produce initial disclosures and respond to Plaintiff's written discovery requests. However, Defendant Gibbs's failure to comply with this order or other discovery obligations may result in the Court assessing the costs and fees involved or imposing other sanctions.

Motion to Compel [134]

On November 17, 2020, Plaintiff served upon Gibbs a Notice of Deposition [134-1], setting Gibbs remote videoconference deposition for December 4, 2020. Gibbs failed to appear at his deposition. *See* [134-1] at 2. On December 29, 2020, Plaintiff filed a Motion to Compel [134], requesting an order from the Court compelling Gibbs to appear for his deposition and ordering Gibbs to pay the attorneys' fees and other costs Plaintiff incurred in relation to the

scheduled deposition. Specifically, Plaintiff seeks $3,847.50 in attorneys' fees, $842.50 in fees from the court reporter, and $395.00 if fees for the videographer. *See* Invoices [134-2] [134-3].

Gibbs did not respond to the Motion to Compel [134], and the Court will grant the Motion as unopposed. *See* L.U. Civ. R. 7(b)(3)(E).[6] Moreover, the record demonstrates that Gibb's failure to attend his deposition was unjustified. The Court will order Gibbs to provide Plaintiff, in writing, three (3) dates prior to March 15, 2021, in which he is available to sit for his deposition. Gibbs shall provide these available dates to Plaintiff, in writing, on or before February 20, 2021 and shall appear for his deposition as re-noticed.

The Court declines to award attorneys' fees at this time. Plaintiff may benefit from the costs associated with preparing for the deposition.[7] Plaintiff, however, should not have to bear the cost of using a court reporter and videographer for December 4, 2020. *See Lovison*, 2015 WL 3934933, at *8. Thus, the Court will award Plaintiff $1,237.50 ($842.50 + $395.00).

IT IS, THEREFORE, ORDERED that:

1. Plaintiff's Motion to Compel [134] is GRANTED.

2. On or before February 20, 2021, Defendant Kirk Gibbs shall provide Plaintiff, in writing, three (3) dates prior to March 15, 2021, in which he is available to sit for his deposition and shall appear at the deposition as re-noticed.

---

[6] On the day of the scheduled deposition, Counsel for Plaintiff received an email from Joseph Camden—who apparently represents Gibbs in a criminal matter pending in federal district court in Virginia—stating that he advised Gibbs not to attend his deposition. *See* [134-1] at 9. However, Camden has not entered an appearance on behalf of Gibbs in this action, and Gibbs did not move for a protective order or otherwise seek relief concerning his deposition prior to December 4, 2020. Gibbs remained under an obligation to attend his deposition. During a deposition in a civil action, a party may invoke the Fifth Amendment privilege against self-incrimination. *See Davis-Lynch, Inc. v. Moreno*, 667 F.3d 539, 547 (5th Cir. 2012). However, a negative inference may be drawn against a civil litigant based upon his refusal to testify under the Fifth Amendment. *See Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976).

[7] The Court reserves the right to award fees if he fails to comply with this Order or otherwise fails to cooperate in good faith in the discovery process.

3. Should Defendant Kirk Gibbs fail to provide the three available deposition dates as ordered, Plaintiff may notice the deposition on a date of its choosing prior to the discovery deadline.

4. On or before March 11, 2021, Defendant Kirk Gibbs shall pay to Plaintiff, through counsel, the sum of $1,237.50.

***Defendant Sandra Goulette***

<u>Motion to Compel [128]</u>

In its Case Management Order [57], the Court directed Defendant Sandra Goulette to serve her initial disclosures on or before July 1, 2020. On October 8, 2020, Plaintiff served upon Goulette interrogatories, requests for production, and requests for admissions. *See* Certificate [96]. Goulette failed to provide any initial disclosures or responses to Plaintiff's discovery requests.[8]

On December 29, 2020, Plaintiff filed a Motion to Compel [128], requesting an order from the Court compelling Goulette to provide initial disclosures and responses to Plaintiff's interrogatories and requests for production. Plaintiff also requests that the Court order Goulette to pay the attorneys' fees it incurred in bringing its Motion to Compel [128]. Goulette did not respond to the Motion to Compel [128], and the Court will grant the Motion [128] as unopposed and on its merits. *See* L.U. Civ. R. 7(b)(3)(E). Goulette is required to serve initial disclosures and to respond to written discovery as no timely objections were raised. *See* Fed. R. Civ. P. 26(a); 37(a).

IT IS, THEREFORE, ORDERED that:

1. Plaintiff's Motion to Compel [128] is GRANTED.

---

[8] The Court notes that Goulette served initial disclosures on behalf of Defendant Sitcomm Arbitration Association, but the disclosures were not on behalf of Goulette as an individual defendant. *See* Disclosures [81].

2. On or before February 26, 2021, Defendant Sandra Goulette shall serve her initial disclosures.

3. On or before February 26, 2021, Defendant Sandra Goulette shall respond fully to Plaintiff's interrogatories and requests for production without objection and produce the requested documents.

4. The Court declines at this time to award fees and expenses or to impose sanctions for Defendant Goulette's failure to produce initial disclosures and respond to Plaintiff's written discovery requests. However, Defendant Goulette's failure to comply with this order or other discovery obligations may result in the Court assessing the costs and fees involved or imposing other sanctions.

Motion to Compel [147]

Plaintiff served upon Goulette an Amended Notice of Deposition, setting Goulette's remote videoconference deposition for December 8, 2020. *See* [147-1] at 164. Goulette appeared for her deposition, which began a 10:46 a.m. (PST). *See* [147-1] at 6. At approximately 1:40 p.m., Plaintiff's counsel stated as follows: "All right. Well, you know, I think it's been a little bit more than an hour. Why don't we take a 20-minute break at this point, if that's okay with you, Ms. Goulette, and go back on the record around 2:00 Pacific Time, 4:00 your time in Mississippi." *See* [147-1] at 82. Following the break, Goulette did not reappear at her deposition. Plaintiff's counsel's attempts to contact Goulette via telephone and email were unsuccessful. Plaintiff's counsel, the court reporter, and the videographer waited approximately an hour and then suspended the deposition. *Id*. at 82-85.

At the time the deposition was suspended, Plaintiff's counsel emailed Goulette asking her when she would be available to finish the deposition. *See* [147-4]. Goulette did not respond, and on January 6, 2021, Plaintiff's Counsel again emailed Goulette about finishing the deposition. On Friday, January 8, 2021, Goulette responded, saying as follows: "I was under the impression that the deposition had ended. I do not recall any word about a 'break.' Please go ahead and let

15

me know when we can proceed and I will make myself available." *See* [147-5] at 2.  Early the following Monday, January 11, 2021, Plaintiff's Counsel asked Goulette if she would be available on any one of six different dates. *Id*.  Plaintiff's Counsel also stated that if Goulette did not confirm a date by 6:00 p.m. CT, Plaintiff would file a motion to compel. *Id*.  According to Plaintiff, Goulette failed to respond.

On January 11, 2021, Plaintiff filed a Motion to Compel [147], requesting an order from the Court compelling Goulette to reappear for the remainder of her deposition and ordering Goulette to pay the attorneys' fees and other costs Plaintiff incurred in relation to the deposition.  Specifically, Plaintiff seeks $6,416.00 in attorneys' fees, $1,616.00 in fees from the court reporter, and $1,451.00 in fees from the videographer. *See* Invoices [147-2] [147-3].

Goulette did not respond to the Motion to Compel [147], and the Court will grant the Motion as unopposed. *See* L.U. Civ. R. 7(b)(3)(E).  Moreover, the record demonstrates that Goulette's failure to complete her deposition was unjustified.  The Court will order Goulette to reappear for the remainder of her deposition.  On or before February 20, 2021, Goulette shall provide Plaintiff, in writing, three (3) dates prior to March 15, 2021, in which she is available to sit for the continuation of her deposition.

The Court declines to award attorneys' fees at this time.  Additionally, the Court declines to award Plaintiff the costs associated with the deposition on December 8, 2020 under the circumstances presented.[9]

IT IS, THEREFORE, ORDERED that:

1. Plaintiff's Motion to Compel [147] is GRANTED.

---

[9] The Court reserves the right to award costs and fees if Goulette fails to comply with this Order or otherwise fails to cooperate in good faith in the discovery process.

2. On or before February 20, 2021, Defendant Sandra Goulette shall provide Plaintiff, in writing, three (3) dates prior to March 15, 2021, in which she is available to sit for the continuation of her deposition and shall appear at the deposition as noticed.

3. Should Defendant Sandra Goulette fail to provide the three available deposition dates as ordered, Plaintiff may notice the deposition on a date of its choosing prior to the discovery deadline.

*Motion for Extensions [142]*

Pursuant to the Case Management Order [57], the discovery deadline ran on January 11, 2021, and the motions deadline ran on January 25, 2021. On December 31, 2020, Plaintiff filed a Motion for Extensions [142], seeking extensions of these deadlines based on the Defendants' failures to cooperate in discovery as discussed herein. For good cause shown, the Court finds that the discovery deadline should be extended for the purpose of allowing the discovery ordered herein. Additionally, the Court will extend the motions deadlines

IT IS, THEREFORE, ORDERED that:

1. Plaintiff's Motion for Extensions [142] is GRANTED.

2. The discovery deadline is extended to March 15, 2021 for the limited purpose of allowing the discovery ordered herein and not for any other purpose. All discovery must be completed by March 15, 2021. The parties' full and complete cooperation in discovery is required.

3. The deadline for motions (other than motions *in limine* and discovery motions) is extended to March 29, 2021.

SO ORDERED this the 11th day of February, 2021.

s/Michael T. Parker
UNITED STATES MAGISTRATE JUDGE