IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**PENNYMAC LOAN SERVICES, LLC**                                           **PLAINTIFF**

**v.**                                               **CIVIL ACTION NO. 2:19-cv-193-HSO-MTP**

**INNOVATED HOLDINGS, INC., ET AL.**                              **DEFENDANTS**

**ORDER**

THIS MATTER is before the Court on Defendant Brett Jones's Motion to Change Venue [145] and Plaintiff's Motion to Strike [155]. On August 10, 2020, Plaintiff filed an Amended Complaint [83], which, *inter alia*, added Brett Jones as a Defendant. On October 8, 2020, Plaintiff filed a Motion for Entry of Default [90], requesting that the Clerk of Court enter default against Defendant Jones for his failure to plead or otherwise defend. On October 9, 2020, the Clerk entered Defendant Jones's default. *See* Entry of Default [92].

On January 4, 2021, Defendant Jones filed a Motion to Change Venue [145],[1] arguing that the proper venue for this action is "Georgia."[2] Defendant Jones also filed a document [146] entitled "Documentation of On-going Conspiracy," in which he complains that the Plaintiff, the Clerk of Court, and the Court are conspiring against him.

On January 25, 2021, Plaintiff filed its Motion to Strike [155], requesting that the strike Defendant Jones's Notice of Change of Address [144], Motion to Change Venue [145], and Documentation of On-going Conspiracy [146]. Plaintiff argues that these filings are improper because Defendant Jones is in default.

---

[1] This filing was also docketed as a Notice of Change of Address [144] because Defendant Jones provided an updated address.

[2] Defendant Jones does not identify any particular court which he believes would be a proper venue.

The Clerk's "entry prevents the defaulting party from entering any appearance or defense in an action without further court order." *Lamarr v. Chase Home Finance, LLC*, 2008 WL 4057208, at *1 (N.D. Miss. Aug. 26, 2008) (citing *Robbins v. Walker*, 2008 WL 341658, at *1 (S.D. Miss. Feb. 5, 2008)).  After default was entered by the Clerk, Defendant Jones was not entitled to file any pleadings without leave of court or until the Court granted him relief from the Clerk's entry of default.[3]  Without the Court granting relief from the Clerk's entry of default, Defendant Jones was not entitled to file his Motion to Change Venue [145] or Documentation of On-going Conspiracy [146], and these filings will be stricken.[4]

IT IS, THEREFORE, ORDERED that:

1. Plaintiff's Motion to Strike [155] is GRANTED in part and DENIED is part as set forth herein.

2. Defendant Brett Jones's Motion to Change Venue [145] is DENIED as moot.

SO ORDERED this the 12th day of February, 2021.

s/Michael T. Parker
UNITED STATES MAGISTRATE JUDGE

---

[3] After a default is entered, the defaulting party may file a motion to set aside entry of default pursuant to Fed. R. Civ. P. 55(c).

[4] The Court, however, will not strike Defendant Jones's filings to the extent he sought to inform the Court of his updated address.  Thus, the Notice of Change of Address [144] will not be stricken.