# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

## Eastern Division

| | |
|---|---|
| PENNYMAC LOAN SERVICES, LLC,<br><br>                    Plaintiff,<br><br>    -vs-<br><br>INNOVATED HOLDINGS, INC. dba SITCOMM ARBITRATION ASSOCIATION; MARK MOFFETT; SANDRA GOULETTE; RONNIE KAHAPEA; MARK JOHNSON, KIRK GIBBS; BRETT "EEON" JONES aka EEON aka BRETT JONES aka BRETT TORIANO JONES-THEOPHILIOUS aka BRETT RANDOFF TORIANO KEEFFE HENRY KANA-SHAPHEL HITHRAPPES JONES-THEOPHILUS fka KEEFE BRANCH; and RANCE MAGEE,<br><br>                    Defendants. | CIVIL ACTION<br>**Case No: 2:19-cv-00193-HSO-MTP**<br><br>**PLAINTIFF PENNYMAC LOAN SERVICES, LLC'S RESPONSE IN OPPOSITION TO DEFENDANT BRETT "EEON" JONES' MOTION TO DISMISS (DOCKET 165) AND AFFIDAVIT (DOCKET 166), OR IN THE ALTERNATIVE, MOTION TO STRIKE** |

**PLAINTIFF PENNYMAC LOAN SERVICES, LLC'S RESPONSE IN OPPOSITION TO DEFENDANT BRETT "EEON" JONES' MOTION TO DISMISS (DOCKET 165) AND AFFIDAVIT (DOCKET 166), OR IN THE ALTERNATIVE, MOTION TO STRIKE**

COMES NOW plaintiff, PennyMac Loan Services, LLC ("PennyMac") to file its Response in Opposition, or in the alternative, Motion to Strike, to two filings of defendant Brett "Eeon" Jones' ("Eeon"): (1) Motion to Dismiss titled "Motion to Dismiss, Demurrer Supported by 9 USC § 6, 9, 10, & 12, Summary Judgment" and "Request for Dismissal, an Affidavit" (hereinafter, "Motion to

1

Dismiss") (Docket 165); and (2) "An Affidavit by Brett 'Eeon' Jones and (Class)-Counter Plaintiff's (Dismissal Request, Discovery, and Witness Request)" filed as a "Response" to Dockets 108 and 142 (hereinafter, "Affidavit") (Docket 166), showing unto the Court the following:

1. The Court previously entered a default as to Eeon (Docket 98). Therefore, Eeon is not entitled to submit any pleadings to the Court and his Motion to Dismiss should be denied on that basis alone.  In fact, on February 12, 2021, this Court issued an Order stating "After default was entered by the Clerk, Defendant Jones was not entitled to file any pleadings without leave of court or until the Court granted him relief from the Clerk's entry of default.  Without the Court granting relief from the Clerk's entry of default, Defendant Jones was not entitled to file his Motion to Change Venue [145] or Documentation of On-going Conspiracy [146], and these filings will be stricken."  (Docket 172.)  Therefore, Eeon's Motion to Dismiss and Affidavit (to the extent it seeks any relief) should be denied or alternatively, stricken.

2. The Court has already found (multiple times) that is has jurisdiction to hear this case.  On February 4, 2020, the Court found that it has proper subject matter jurisdiction over this dispute.  (Docket 30.)  In addition, on May 7, 2020, the Court ruled that the Court had subject matter jurisdiction and that PennyMac alleged both a federal question and a diversity of citizenship in the Complaint.  (Docket 52.)  On October 26, 2020, the Court again ruled "there is both diversity and federal question jurisdiction in this case."  (Docket 93.)

3. This Court has already ruled that there is no contract with an arbitration provision between defendant Ronnie Kahapea and PennyMac. (Memorandum Opinion and Order, dated January 5, 2021 in *Kahapea v. PennyMac Loan Services LLC et al.*, Case No. 2:20-cv-151 (S.D. Miss.), a copy of which is attached hereto as **Exhibit A**.) Another court has already vacated defendant Mark Johnson's arbitration award. (Memorandum Opinion, dated September 8, 2020 and Minute Sheet, dated August 31, 2020 in *Johnson v. PennyMac Loan Services LLC*, 3:19cv837 (E.D. Va.), copies of which are attached hereto as **Exhibit B**.)

4. The Motion to Dismiss and Affidavit (to the extent it is intended to be a motion seeking relief) fail to follow the local rules. Motions must be filed with a memorandum brief as a separate docket item from the motion to which it relates. (L.R. 7(a)(2).) Eeon only filed one document for his Motion to Dismiss and one document for his Affidavit – each with nonsensical attachments. There is one line in his Motion to Dismiss that states Eeon requests summary judgment. This is insufficient and does not provide any legal basis for summary judgment.

5. The Motion to Dismiss and Affidavit were filed by Eeon, but display handwritten "signatures" of Eeon and all of the other defendants. Eeon is not licensed as an attorney in any jurisdiction in the United States as far as PennyMac is aware and cannot represent any other defendant. He cites no rule stating that a person without a law license can represent other parties.

3

6. In both filings, Eeon repeatedly refers to the "counterclaim" he filed against PennyMac and states that PennyMac has failed to respond. This is false. While PennyMac contends all the pleadings Eeon has filed are improper and should be denied outright and/or stricken, out of an abundance of caution and on December 21, 2020, PennyMac filed a Motion to Dismiss Eeon's filings (Dockets 98, 103, and 106), which includes his "Challenge to Courts Jurisdiction; Counterclaim/suit." (Dockets 108-109.) PennyMac's Motion to Dismiss has not yet been ruled upon by the Court. To the extent the Affidavit is meant to be Eeon's Opposition to PennyMac's Motion to Dismiss, it is untimely.

7. The Motion to Dismiss contains an attachment seeking information from PennyMac and the Affidavit contains "Discovery Request and Witness List." To the extent these were meant to be written discovery requests they are improper. In addition, discovery has been closed since January 11, 2021 (except for the outstanding discovery that is the subject of PennyMac's Motions to Compel). (*see* Docket 171.)

8. Eeon's challenge to the Magistrate Judge, Michael T. Parker issuing orders is not supported by any fact or law.

9. As set forth in this Response in Opposition, or in the alternative, Motion to Strike, and the Memorandum filed in Support, Eeon's Motion to Dismiss and Affidavit should be denied and/or stricken.

Dated:     February 19, 2021

Respectfully submitted,

*/s/ Nicole Bartz Metral*

136044.01923/125230187v.4

Cheryl S. Chang (admitted *pro hac vice*)
chang@blankrome.com
Nicole Bartz Metral (admitted *pro hac vice*)
nbmetral@blankrome.com
Jessica A. McElroy (admitted *pro hac vice*)
jmcelroy@blankrome.com

BLANK ROME LLP
2029 Century Park East, 6th Floor
Los Angeles, California 90067-2907
Telephone: 424.239.3400
Facsimile:  424.239.3434

Harris F. Powers III
hpowers@upshawwilliams.com
Steven C. Cookston
scookston@upshawwilliams.com

Upshaw, Williams, Biggers & Beckham, LLP
309 Fulton Street
Post Office Drawer 8230
Greenwood, MS 38935-8230
Telephone: 662.455.1613
Facsimile: 662.453.9245

*Counsel for Plaintiff*

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

    I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is **BLANK ROME LLP**, 2029 Century Park East, 6th Floor, Los Angeles, California 90067.

    On **February 19, 2021**, I served the foregoing document(s): **PLAINTIFF PENNYMAC LOAN SERVICES, LLC'S RESPONSE IN OPPOSITION TO DEFENDANT BRETT "EEON" JONES' MOTION TO DISMISS (DOCKET 165) AND AFFIDAVIT (DOCKET 166), OR IN THE ALTERNATIVE, MOTION TO STRIKE,** on the interested parties in this action addressed and sent as follows:

### SEE ATTACHED SERVICE LIST

- ☒ **BY ENVELOPE:** by placing ☐ the original ☒ a true copy thereof enclosed in sealed envelope(s) addressed as indicated and delivering such envelope(s):
- ☒ **BY CERTIFIED MAIL:** I caused such envelope(s) to be deposited in the mail at Los Angeles, California with postage thereon fully prepaid to the office or home of the addressee(s) as indicated. I am "readily familiar" with this firm's practice of collection and processing documents for mailing. It is deposited with the U.S. Postal Service on that same day, with postage fully prepaid, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.
- ☒ **BY FEDEX:** I caused such envelope(s) to be deposited in a box or other facility regularly maintained by FedEx, an express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents in an envelope designated by the said express service carrier, addressed as indicated, with delivery fees paid or provided for, to be transmitted by FedEx.
- ☒ **FEDERAL:** I declare that I am employed in the office of a member of the bar of this court at whose direction service was made.

    Executed on **February 19, 2021**, at Los Angeles, California.

*/s/ Charman S. Bee*
Charman S. Bee

136044.01923/125230187v.4

# SERVICE LIST

*Pennymac Loan Services, LLC v. Sitcomm Arbitration Association, et al.*;
Case No. 2:19-cv-00193-KS-MTP

## BY CERTIFIED MAIL:

| | |
|---|---|
| Ronnie Kahapea<br>P.O. Box 875<br>Volcano, HI 96785 | Defendant |

## BY FEDEX:

| | |
|---|---|
| Mark Johnson<br>451 May Lane<br>Louisa, VA 23093 | Defendant |
| Kirk Gibbs<br>4115 Lawrenceville Rd.<br>PMB 8119<br>Lilburn, GA 30047 | Defendant |
| Sandra Goulette<br>3007 Crescent Hill Drive<br>Laurel, MS 39440 | Defendant |
| Mark Moffett<br>345 Coon Jeffcoat Road<br>Soso, MS 39480 | Defendant |
| Rance Magee<br>11294 Rose Road<br>Emmett, MI 48022 | Defendant |
| Innovated Holdings, Inc. dba<br>Sitcomm Arbitration Association<br>C/O Registered Agents, Inc.<br>30 N. Gould Street, Suite R<br>Sheridan, WY 82801 | Defendant |
| Brett "Eeon" Jones<br>304 South Jones Boulevard<br>Unit Eeon-1967<br>Las Vegas, NV 89107 | Defendant |

136044.01923/125230187v.4