# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

## Eastern Division

PENNYMAC LOAN SERVICES, LLC,

                      Plaintiff,

     -vs-

INNOVATED HOLDINGS, INC. dba
SITCOMM ARBITRATION
ASSOCIATION; MARK MOFFETT;
SANDRA GOULETTE; RONNIE
KAHAPEA; MARK JOHNSON, KIRK
GIBBS; BRETT "EEON" JONES aka EEON
aka BRETT JONES aka BRETT TORIANO
JONES-THEOPHILIOUS aka BRETT
RANDOFF TORIANO KEEFFE HENRY
KANA-SHAPHEL HITHRAPPES JONES-
THEOPHILUS fka KEEFE BRANCH; and
RANCE MAGEE,

               Defendants.

CIVIL ACTION
**Case No: 2:19-cv-00193-HSO-
MTP**

**MEMORANDUM OF LAW IN
SUPPORT OF PLAINTIFF
PENNYMAC LOAN
SERVICES, LLC'S RESPONSE
IN OPPOSITION TO
DEFENDANT BRETT "EEON"
JONES' MOTION TO DISMISS
(DOCKET 165) AND
AFFIDAVIT (DOCKET 166),
OR IN THE ALTERNATIVE,
MOTION TO STRIKE**

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF PENNYMAC
LOAN SERVICES, LLC'S RESPONSE IN OPPOSITION TO DEFENDANT
BRETT "EEON" JONES' MOTION TO DISMISS (DOCKET 165) AND
AFFIDAVIT (DOCKET 166), OR IN THE ALTERNATIVE, MOTION TO
STRIKE**

I.    **<u>INTRODUCTION</u>**

Defendant Brett "Eeon" Jones (hereinafter, "Eeon") is the mastermind

behind Innovated Holdings, Inc. dba Sitcomm Arbitration Association

("Sitcomm") – a company that instituted a nationwide scheme to issue and confirm

fraudulent arbitration awards in federal courts across the country on behalf of

debtors against creditor companies.  Eeon continues to burden this Court's docket

and plaintiff PennyMac Loan Services, LLC ("PennyMac") with numerous

indecipherable pleadings that request dismissal and repeat the same unmeritorious

arguments as his dozens of preceding filings.  These two recent filings are no

different.  The first is a Motion to Dismiss titled "Motion to Dismiss, Demurrer

Supported by 9 USC § 6, 9, 10, & 12, Summary Judgment" and "Request for

Dismissal, an Affidavit" (hereinafter, "Motion to Dismiss").  (Docket 165.)  The

second is "An Affidavit by Brett 'Eeon' Jones and (Class)-Counter Plaintiff's

(Dismissal Request, Discovery, and Witness Request)" that was filed as a

"Response" to Dockets 108 and 142 (hereinafter, "Affidavit") (Docket 166).

PennyMac files this Memorandum of Law in support of its Response in

Opposition, or in the alternative, Motion to Strike Docket 165-166.  To ease the

burden on the Court, PennyMac is filing one Response.

The Motion to Dismiss and Affidavit should be denied and/or stricken for

several reasons.  First, Eeon is in default and the Court has already ruled he is not

1

entitled to file pleadings without leave of Court or until he is granted relief from the default. (Docket 172.) Second, the Court has already ruled multiple times that it has jurisdiction to hear this dispute. (Dockets 30, 52, and 93.) Third, the respective courts in which defendant Ronnie Kahapea ("Kahapea") and Mark Johnson ("Johnson") filed their fabricated Sitcomm arbitration awards have already found there is no contract with Sitcomm arbitration provisions between PennyMac and Johnson and PennyMac and Kahapea. Fourth, the Motion to Dismiss and Affidavit fail to follow the local rules or cite any competent legal authority in support. Fifth, both filings are filed by Eeon, who is not a licensed attorney in any state, but are improperly brought on behalf of all of the defendants. Sixth, Eeon repeatedly claims PennyMac has failed to respond to his "counterclaim" even though PennyMac filed a Motion to Dismiss as to his "counterclaim." (Dockets 108-109.) Seventh, both of these filings contain written requests for information from PennyMac, but all discovery has been closed since January 11, 2021 (except for the outstanding discovery that is the subject of PennyMac's Motions to Compel. (*see* Docket 171.) Lastly, Eeon questions the magistrate judge's authority to issuing orders, but cites no competent authority in support. Thus, these pleadings should be denied and/or stricken.

136044.01923/125234003v.4

## II.   **ARGUMENT**

### A.    **Eeon Is In Default And Not Permitted To File Documents.**

On October 9, 2020, the Court entered default as to Eeon.  (Docket 92.)
Federal Rule of Civil Procedure, rule 55(c) provides that the court may set aside an
entry of default for good cause.  However, Eeon has not obtained relief from
default or sought to obtain relief from default, and is therefore not permitted to file
pleadings in this matter.  *See, e.g.*, *Hilseweck P'ship v. E. Energy Res., Inc.*, Civil
Action No. 3:11-CV-0186-D, 2011 U.S. Dist. LEXIS 88112, at *7 (N.D. Tex. Aug.
9, 2011) (court set aside defendant's default prior to granting defendant's motion
for leave to file an answer and counterclaim).

In fact, this Court recently ruled that Eeon is not currently permitted to file
any pleading.  On February 12, 2021, the Court issued an Order stating "After
default was entered by the Clerk, Defendant Jones was not entitled to file any
pleadings without leave of court or until the Court granted him relief from the
Clerk's entry of default.  Without the Court granting relief from the Clerk's entry
of default, Defendant Jones was not entitled to file his Motion to Change Venue
[145] or Documentation of On-going Conspiracy [146], and these filings will be
stricken." (Docket 172.)  Pursuant to this Court's order, Eeon's Motion to Dismiss
and Affidavit should be denied or alternatively, stricken.

3

**B.     The Court Previously Ruled That It Has Jurisdiction.**

Eeon yet again challenges the Court's jurisdiction in both of these filings.

Other defendants in this case have filed numerous documents with the Court that

purport to challenge the Court's jurisdiction.  All of these filings have been denied.

Kahapea filed an Affidavit/Demand to Dismiss Upon Lack of Subject Matter

Jurisdiction.  (Docket 19.)  The Court denied finding the following:

> [T]o the extent Mr. Kahapea argues there is no subject matter
> jurisdiction, he is incorrect. It appears from a review of the
> Complaint that there is diversity jurisdiction under 28 U.S.C. §
> 1332. The Plaintiff has alleged that it is completely diverse
> from all named defendants with regard to their citizenship. [1]
> at ¶¶ 6-13. Also, the purported arbitration awards exceed the
> $75,000 jurisdictional limit. [1-3] at p. 10 ¶ 14; [1-5] at p. 6 ¶ 8.
> Therefore, the Court finds that there is proper subject matter
> jurisdiction over this lawsuit.

(Docket 30.)

Defendants Kirk Gibbs and Sandra Goulette have each challenged the

Court's jurisdiction at least twice by filing multiple motions to dismiss.  (Dockets

32, 36, 58, and 62.)  All of these have also been denied.  On May 7, 2020, the

Court found as follows:

> In its Complaint, Plaintiff has alleged both. Plaintiff, who is a
> Delaware limited liability company, alleges diversity
> jurisdiction in that Plaintiff's citizenship differs from all
> defendants and the amount in controversy exceeds $75,000.
> Plaintiff also alleges a claim under the civil-RICO statute, 18
> U.S.C. § 1961, which is a federal law, thereby providing federal
> question jurisdiction. Therefore, to the extent Gibbs seeks

4

> dismissal based on a lack of subject matter jurisdiction, the
> motion will be denied.

(Docket 52.)  On October 26, 2020, the Court again ruled "there is both diversity and federal question jurisdiction in this case." (Docket 93.)  Thus, Eeon's challenges to the Court's jurisdiction should be denied.

**C.     This Court Found Jurisdiction Of This Matter Is Not Under the Federal Arbitration Act ("FAA") And Rulings From Other Cases Found There Is No Valid Agreement To Arbitrate Between PennyMac And Johnson And PennyMac And Kahapea.**

Eeon reiterates arguments he has made several times before – one being that proper jurisdiction is pursuant to the FAA and this matter should be decided in arbitration.  However, this Court has already ruled, as follows: "Contrary to Gibb's assertion that the 'sole jurisdiction of this matter is the Federal Arbitration Act,' it is the Plaintiff's Complaint that steers the inquiry of subject matter jurisdiction, and nothing in the Complaint alleges a claim under the FAA." (Docket 52.)

Eeon also argues that PennyMac had agreements to arbitrate with Johnson and Kahapea.  However, the courts in which Kahapea and Johnson filed their fraudulent Sitcomm arbitration awards have already ruled that there is no agreement to arbitration between PennyMac and Kahapea and PennyMac and Johnson.  (Memorandum Opinion and Order, dated January 5, 2021 in *Kahapea v.*

5

*PennyMac Loan Services LLC et al*., Case No. 2:20-cv-151 (S.D. Miss.)

("Mississippi Order") attached as **Exhibit A** to Response in Opposition filed

concurrently; Memorandum Opinion, dated September 8, 2020 and Minute Sheet,

dated August 31, 2020 in *Johnson v. PennyMac Loan Services LLC*, 3:19cv837

(E.D. Va.) ("Virginia Order") attached as **Exhibit B** to Response in Opposition

filed concurrently.)  The Court in the Kahapea matter held that "Kahapea has not

presented any document that appears to be a valid, enforceable arbitration

agreement, and nothing in the documents submitted in the record demonstrates a

scintilla of mutual assent." (Mississippi Order, p. 5.)  In addition, the court in

Virginia also vacated Johnson's arbitration award. *See* Virginia Order.  Thus,

Eeon's arguments in this regard are without merit.

> **D.     Eeon Failed to Follow The Local Rules.**

The Motion to Dismiss and Affidavit (to the extent it is meant to be a motion

seeking relief) fail to follow the local rules.  Motions must be filed with a

memorandum brief as a separate docket item from the motion to which it relates.

(L.R. 7(a)(2).)  Eeon only filed one document for both of these filings.  Eeon also

includes one line in his Motion to Dismiss asking for summary judgment.  This is

insufficient and does not provide any legal basis for summary judgment and should

not be considered.

To the extent the Affidavit is meant to be Eeon's Opposition to PennyMac's Motion to Dismiss (Docket 108), it is untimely by one month. Pursuant to Local Rule 7(b)(4), responses to any motions are due within 14 days. PennyMac's Motion to Dismiss was filed on December 21, 2020 making any response due January 4, 2021.

### E.   Eeon Cannot Represent Other Defendants.

Once again Eeon filed these documents on behalf of all defendants in the case. Eeon is not licensed as an attorney in any jurisdiction in the United States as far as PennyMac is aware and cannot represent any other defendant. He cites no rule stating that a person without a law license can represent other parties. In fact, "in federal court a party can represent himself or be represented by an attorney, but cannot be represented by a nonlawyer." *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (1998).

### F.   Eeon's "Counterclaim" Has No Merit And PennyMac Filed a Motion To Dismiss In Response.

Eeon repeatedly refers to the "counterclaim" he filed against PennyMac and states that PennyMac has failed to respond. This is false. While PennyMac contends all the documents Eeon has filed are improper and should be denied outright and/or stricken, out of an abundance of caution and on December 21, 2020, PennyMac filed a Motion to Dismiss as to some of Eeon's filings.

7

Specifically, PennyMac's Motion to Dismiss was directed at Dockets 98, 103, and 106, which includes his "Challenge to Courts Jurisdiction; Counterclaim/suit." (Dockets 108-109.)  PennyMac's Motion to Dismiss has not yet been ruled upon by the Court and if Eeon wanted to file an opposition, it was due on January 4, 2021 – the Affidavit was not filed until February 5, 2021.

**G.    Discovery Is Closed.**

There are several nonsensical attachments to Eeon's Motion to Dismiss. One of the attachments consists of a "Qualified Written Request" and demands that within 15 days PennyMac provide information, proof of damages, proof of license to conduct business, and information about conspiracy, among other things. Within the Affidavit there are also numbered written requests that ask for information, proof from PennyMac, and other various requests.

To the extent these were meant to be written discovery requests they are improper and do not follow the Federal Rules of Civil Procedure.  In addition, discovery has been closed since January 11, 2021 (except for the outstanding discovery that is the subject of PennyMac's Motions to Compel).  (*see* Docket 171.)  Discovery beyond what the Court ordered in Docket 171 on February 11, 2021 is not allowed "for any other purpose." (Docket 171, p. 17.)  Therefore, Eeon cannot issue any discovery and PennyMac need not respond.  Moreover, PennyMac complied with its obligations under Federal Rules of Civil Procedure

8

rule 26 by serving its initial disclosures and identifying documents and witnesses.

(Docket 66.)

### H.    Eeon's Objection To The Magistrate's Participation Is Baseless.

Eeon references the Magistrate Judge's (Hon. Michael T. Parker)

participation in this case and appears to assert an objection to him issuing orders

and his continued participation.  However, Hon. Michael T. Parker is entitled to

issue orders in this case and Eeon may only object to the magistrate overseeing

trial, which he is not (because defendants objected at the scheduling conference).

Any other objections are without merit. Hi Rach

## III.    <u>CONCLUSION</u>

Based on the foregoing, PennyMac respectfully requests that Eeon's Motion

to Dismiss be denied and/or stricken.

Dated:          February 19, 2021

Respectfully submitted,

<u>/s/ Nicole Bartz Metral</u>
Cheryl S. Chang (admitted *pro hac vice*)
chang@blankrome.com
Nicole Bartz Metral (admitted *pro hac vice*)
nbmetral@blankrome.com
Jessica A. McElroy (admitted *pro hac vice*)
jmcelroy@blankrome.com

BLANK ROME LLP

9

2029 Century Park East, 6th Floor
Los Angeles, California 90067-2907
Telephone: 424.239.3400
Facsimile:  424.239.3434

Harris F. Powers III
hpowers@upshawwilliams.com
Steven C. Cookston
scookston@upshawwilliams.com
Upshaw, Williams, Biggers & Beckham,
LLP
309 Fulton Street
Post Office Drawer 8230
Greenwood, MS 38935-8230
Telephone: 662.455.1613
Facsimile: 662.453.9245

*Counsel for Plaintiff*

136044.01923/125234003v.4

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is **BLANK ROME LLP**, 2029 Century Park East, 6th Floor, Los Angeles, California 90067.

On **February 19, 2021**, I served the foregoing document(s): **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF PENNYMAC LOAN SERVICES, LLC'S RESPONSE IN OPPOSITION TO DEFENDANT BRETT "EEON" JONES' MOTION TO DISMISS (DOCKET 165) AND AFFIDAVIT (DOCKET 166), OR IN THE ALTERNATIVE, MOTION TO STRIKE,** on the interested parties in this action addressed and sent as follows:
**SEE ATTACHED SERVICE LIST**

☒ **BY ENVELOPE:** by placing ☐ the original ☒ a true copy thereof enclosed in sealed envelope(s) addressed as indicated and delivering such envelope(s):

☒ **BY CERTIFIED MAIL:** I caused such envelope(s) to be deposited in the mail at Los Angeles, California with postage thereon fully prepaid to the office or home of the addressee(s) as indicated.  I am "readily familiar" with this firm's practice of collection and processing documents for mailing.  It is deposited with the U.S. Postal Service on that same day, with postage fully prepaid, in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

☒ **BY FEDEX:** I caused such envelope(s) to be deposited in a box or other facility regularly maintained by FedEx, an express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents in an envelope designated by the said express service carrier, addressed as indicated, with delivery fees paid or provided for, to be transmitted by FedEx.

☒ **FEDERAL:** I declare that I am employed in the office of a member of the bar of this court at whose direction service was made.

Executed on **February 19, 2021**, at Los Angeles, California.

_Charman S. Bee_
Charman S. Bee

136044.01923/125234003v.4

## SERVICE LIST

*Pennymac Loan Services, LLC v. Sitcomm Arbitration Association, et al.*;
Case No. 2:19-cv-00193-KS-MTP

### BY CERTIFIED MAIL:

Ronnie Kahapea                          Defendant
P.O. Box 875
Volcano, HI 96785

### BY FEDEX:

Mark Johnson                            Defendant
451 May Lane
Louisa, VA 23093

Kirk Gibbs                              Defendant
4115 Lawrenceville Rd.
PMB 8119
Lilburn, GA 30047

Sandra Goulette                         Defendant
3007 Crescent Hill Drive
Laurel, MS 39440

Mark Moffett                            Defendant
345 Coon Jeffcoat Road
Soso, MS 39480

Rance Magee                             Defendant
11294 Rose Road
Emmett, MI 48022

Innovated Holdings, Inc. dba            Defendant
Sitcomm Arbitration Association
C/O Registered Agents, Inc.
30 N. Gould Street, Suite R
Sheridan, WY 82801

Brett "Eeon" Jones                      Defendant
304 South Jones Boulevard
Unit Eeon-1967
Las Vegas, NV 89107