IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**PENNYMAC LOAN SERVICES, LLC**                                          **PLAINTIFF**

**v.**                                                       **CIVIL ACTION NO. 2:19-cv-193-KS-MTP**

**SITCOMM ARBITRATION ASSOCIATION, ET AL.**                **DEFENDANTS**

## ORDER

THIS MATTER is before the Court on the Motion to Intervene [167] filed by Plaza Home Mortgage, Inc. Having considered the record and the applicable law, the Court finds that the Motion should be denied.

On December 11, 2019, Plaintiff PennyMac Loan Services, LLC filed this action. Plaintiff alleges that Defendant Sitcomm Arbitration Association ("Sitcomm") is an illegitimate arbitration company.[1] Plaintiff specifically alleges that:

> Sitcomm is a sham arbitration organization that uses the guise of legitimacy to market itself as an authorized and legitimate arbitration company to attract paying customers and collect fees. After Sitcomm extracts an arbitration 'fee' from these customers, Sitcomm then issues fake exorbitant final arbitration awards against various entities, despite no arbitration hearing having ever been held, no arbitration provision existing that permits the parties to arbitrate their claims, and without proper notice or an opportunity for any party to be heard.

*See* Amended Complaint [83] at 2-3.

Plaintiff names Sitcomm, Mark Moffett, Sandra Goulette, Ronnie Kahapea, Mark Johnson, Kirk Gibbs, and Brett Jones as Defendants. Plaintiff alleges that Sandra Goulette is a director of Sitcomm, Mark Moffett and Kirk Gibbs are arbitrators with Sitcomm, and Brett Jones promulgated the Sitcomm scheme. Plaintiff also alleges that Ronnie Kahapea and Mark Johnson

---

[1] Plaintiff asserts that Sitcomm is a trade name registered to Innovated Holdings, Inc. ("Innovated").

1

paid Sitcomm to conduct arbitrations and issue multimillion-dollar arbitration awards—the Kahapea Arbitration Award and the Johnson Arbitration Award—against Plaintiff and that these individuals sought to affirm these awards in court.

Plaintiff asserts claims for libel and defamation, tortious interference with prospective economic advantage, civil conspiracy, and violations of the Federal RICO statute.  Plaintiff also seeks a declaratory judgment holding that the Kahapea Arbitration Award and the Johnson Arbitration Award are void and seeks preliminary and permanent injunctions prohibiting Defendants from attempting to enforce these arbitration awards or "taking any action against Plaintiff in or related to arbitration." *Id*. at 32.

On February 8, 2021, Plaza Home Mortgage, Inc. ("Plaza") filed the instant Motion seeking to intervene in this action pursuant to Fed. R. Civ. P. 24.  One of the Defendants in this case, Ronnie Kahapea, attempted to confirm a $1.8 million arbitration award issued by Sitcomm against Plaza.  According to Plaza, Kahapea has attempted to confirm this award in three separate federal district courts.[2]  Plaza wishes to intervene in this action to seek "declaratory and injunctive relief to prevent the defendants from continuing to perpetrate their fraudulent schemes."

Federal Rule of Civil Procedure 24 provides for two types of intervention: intervention of right pursuant to Rule 24(a) and permissive intervention pursuant to Rule 24(b).  Rule 24(a) provides as follows:

On timely motion, the court must permit anyone to intervene who:

…

---

[2] Kahapea attempted to confirm an arbitration award against Plaza in this Court in Civil Action No. 2:20-cv-151-KS-MTP.  On January 5, 2021, the Court dismissed Kahapea's case, finding that there was no legally binding arbitration agreement between the parties.

> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2).  To intervene as of right, a movant must meet four prerequisites:

> (1) the application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair his ability to protect that interest; (4) the applicant's interest must be inadequately represented by the existing parties to the suit.

*Taylor Commc'ns Grp., Inc. v. Southwestern Bell Tel. Co.*, 172 F.3d 385, 387 (5th Cir. 1999). A movant's "[f]ailure to meet any one of these requirements is fatal to a claim of intervention as of right." *Id.*

Starting with the second requirement, the Court finds that Plaza has failed to demonstrate that it has the required interest in the property or transaction which is the subject of this action. To meet the second requirement, Plaza must show that it has a "direct substantial, legally protectable interest in the proceedings." *Diaz v. Southern Drilling Corp.*, 427 F.2d 1118, 1124 (5th Cir. 1970).  The interest asserted by Plaza must be "one which the *substantive* law recognizes as belonging to or being owned by the applicant." *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 470-71 (5th Cir. 1984).  The asserted interest is insufficient to justify intervention if it is "too contingent, speculative, or remote from the subject of the case." *Bear Ranch, LLC v. Heartbrand Beef, Inc.*, 286 F.R.D. 313, 316 (S.D. Tex. 2012).

Plaza asserts that it has an interest in preventing the defendant from issuing and attempting to enforce arbitration awards.  The relief sought in this case, however, is "preliminary and permanent injunctions prohibiting Defendants for undertaking any effort to seek to confirm or initiate enforcement of the Kahapea Arbitration Award and the Johnson Arbitration Award or otherwise taking any action against *Plaintiff* in or related to arbitration." *See* [83] at 32 (emphasis

3

added).  These arbitration awards concern Plaintiff, not Plaza, and the relief requested by Plaintiff, if granted, would affect Plaintiff, not Plaza.  Plaintiff has not demonstrated that it has a "direct, substantial, legally protectable interest in the proceedings." *Diaz*, 427 F.2d at 1124.

Additionally, even if Plaza has an interest in the proceeding, it has failed to demonstrate that the disposition of this action may impair its ability to protect its interests.  For the third requirement, courts consider the "extent of the prejudice the would-be intervenor would suffer if its petition for leave to intervene were denied." *Sierra Club v. Espy*, 18 F.3d 1202, 1206 (5th Cir. 1994).  Plaza would not be prejudiced by the disposal of the Plaintiff's case.  Plaza acknowledges that if it is not allowed to intervene, it "would then file its own lawsuit against these same defendants," and Plaza points to no rulings that the Court could make in this action which would adversely impact Plaza's ability to protect its interest.  As Plaza has failed to meet the second and third requirements for intervention as a right, the Motion to Intervene based on Rule 24(a) is denied.

As for permissive intervention, Rule 24(b) provides that "[o]n timely motion, the court may permit anyone to intervene who: … has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).  "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).  Even if the requirements of Rule (24)(b)(1)(B) are met, permissive intervention is wholly discretionary with the court. *New Orleans Pub. Serv., Inc.*, 732 F.2d at 470-71.

In exercising its discretion, the Court finds that permissive intervention should be denied.  On December 9, 2020, this Court determined that it was not appropriate to consolidate this action

4

with Civil Action No. 2:20-cv-151-KS-MTP, a case involving Plaza and many of the same issues found in this action. *See* Order [101].

Moreover, timing issues make consolidation impractical. This action has been pending for more than fourteen months. The discovery deadline ran in this case on January 11, 2021,[3] and the motions deadline (as extended) is March 29, 2021. *See* Case Management Order [57]; Order [171]. Plaintiff's Motion for Partial Summary Judgment [157][4] and a Motion for Default Judgment [159][5] against certain Defendants are currently pending. The Court finds that intervention at this late stage of the proceedings would unduly delay the adjudication of the parties' rights in this matter.

On a final note, the undersigned observes that the Defendants in this case live in various places around the country and are not represented by attorneys. Adding another layer of pleadings, claims, discovery, and issues to this case would unduly complicate this matter. Permitting Plaza to intervene would not promote judicial economy. Plaza must assert its claims in a separate action.

IT IS, THEREFORE, ORDERED that the Motion to Intervene [167] is DENIED.

SO ORDERED this the 1st day of March, 2021.

s/Michael T. Parker
UNITED STATES MAGISTRATE JUDGE

---

[3] On February 11, 2021, the Court extended the discovery deadline to March 15, 2021, for the limited purpose of allowing specific discovery ordered by the Court. *See* Order [171].

[4] Plaintiff is seeking partial summary judgments against Ronnie Kahapea and Mark Johnson.

[5] Plaintiff is seeking default judgments against Innovated Holdings, Inc., Mark Moffett, Sandra Goulette, Kirk Gibbs, Brett Jones, and Rance Magee.