# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

## Eastern Division

| | |
|---|---|
| PENNYMAC LOAN SERVICES, LLC, | CIVIL ACTION<br>Case No: 2:19-cv-00193-HSO-MTP |
| Plaintiff, | |
| -vs- | |
| INNOVATED HOLDINGS, INC. dba SITCOMM ARBITRATION ASSOCIATION; MARK MOFFETT; SANDRA GOULETTE; RONNIE KAHAPEA; MARK JOHNSON, KIRK GIBBS; BRETT "EEON" JONES aka EEON aka BRETT JONES aka BRETT TORIANO JONES-THEOPHILIOUS aka BRETT RANDOFF TORIANO KEEFFE HENRY KANA-SHAPHEL HITHRAPPES JONES-THEOPHILUS fka KEEFE BRANCH; and RANCE MAGEE, | MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF PENNYMAC LOAN SERVICES, LLC'S RESPONSE IN OPPOSITION/MOTION TO STRIKE THE FOLLOWING FILINGS OF DEFENDANT BRETT "EEON" JONES: DOCKETS 173-175, 180, AND 181 |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF PENNYMAC LOAN SERVICES, LLC'S RESPONSE IN OPPOSITION/MOTION TO STRIKE THE FOLLOWING FILINGS OF DEFENDANT BRETT "EEON" JONES: DOCKETS 173-175, 180, AND 181**

136044.01923/125301954v.3

I. **INTRODUCTION**

Defendant Brett "Eeon" Jones (hereinafter, "Eeon") is the mastermind behind Innovated Holdings, Inc. dba Sitcomm Arbitration Association ("Sitcomm") – a company that instituted a nationwide scheme to issue and confirm fraudulent arbitration awards in federal courts across the country on behalf of debtors against creditor companies.  Eeon continues to burden this Court's docket and plaintiff PennyMac Loan Services, LLC ("PennyMac") with numerous indecipherable pleadings that request dismissal and repeat the same unmeritorious arguments as his dozens of preceding filings.  These five most recent filings are no different.  He has filed the following documents: (1) "Conspiracy Against Rights" (Docket 173); (2) "Judicial Knowledge Notice, Challenge to Jurisdiction Law of Flag" (Docket 174); (3) "Improper Challenges to Verified Affidavits by Eeon" (Docket 175); (4) "Notice Writ of Error" (Docket 180); and (5) "Notice #4-Point of Order") (Docket 181) (collectively, "Eeon Filings").  PennyMac files this Memorandum of Law in support of its Response in Opposition, or in the alternative, Motion to Strike Docket 174-175, 180, and 181.  To ease the burden on the Court, PennyMac is filing one Response.

The Eeon Filings should be denied and/or stricken for several reasons.  First, Eeon is in default and the Court has already ruled he is not entitled to file pleadings without leave of Court or until he is granted relief from the default.  (Docket 172.)

1

Second, the Court has already ruled multiple times that it has jurisdiction to hear this dispute. (Dockets 30, 52, and 93.) Third, the respective courts in which defendant Ronnie Kahapea ("Kahapea") and Mark Johnson ("Johnson") filed their fabricated Sitcomm arbitration awards have already found there is no contract with Sitcomm arbitration provisions between PennyMac and Johnson and PennyMac and Kahapea. Fourth, to the extent any of the Eeon Filings are meant to be motions, they fail to follow the local rules or cite any competent legal authority in support. Fifth, the Eeon Filings once again are filed by Eeon, who is not a licensed attorney in any state, but are improperly brought on behalf of all of the defendants. Sixth, Eeon repeatedly claims PennyMac has failed to respond to his "counterclaim" even though PennyMac filed a timely Motion to Dismiss as to his "counterclaim." (Dockets 108-109.) Seventh, Eeon's contention that PennyMac has not provided discovery is false. Lastly, Eeon questions the magistrate judge's authority to issuing orders, but cites no competent authority in support. He also requests a jury trial, but a bench trial has been ordered. Thus, these pleadings should be denied and/or stricken.

## II. ARGUMENT

### A. Eeon Is In Default And Not Permitted To File Documents.

On October 9, 2020, the Court entered default as to Eeon. (Docket 92.) Federal Rule of Civil Procedure, rule 55(c) provides that the court may set aside an

2

entry of default for good cause.  However, Eeon has not obtained relief from default or sought to obtain relief from default, and is therefore not permitted to file pleadings in this matter.  *See*, *e.g.*, *Hilseweck P'ship v. E. Energy Res., Inc.*, Civil Action No. 3:11-CV-0186-D, 2011 U.S. Dist. LEXIS 88112, at *7 (N.D. Tex. Aug. 9, 2011) (court set aside defendant's default prior to granting defendant's motion for leave to file an answer and counterclaim).

In fact, this Court recently ruled that Eeon is not currently permitted to file any pleading.  On February 12, 2021, the Court issued an Order stating "After default was entered by the Clerk, Defendant Jones was not entitled to file any pleadings without leave of court or until the Court granted him relief from the Clerk's entry of default.  Without the Court granting relief from the Clerk's entry of default, Defendant Jones was not entitled to file his Motion to Change Venue [145] or Documentation of On-going Conspiracy [146], and these filings will be stricken."  (Docket 172.)  Pursuant to this Court's order, the Eeon Filings should be denied or alternatively, stricken.

### B. The Court Previously Ruled That It Has Jurisdiction.

Eeon yet again tries to challenge the Court's jurisdiction in both of these filings.  Other defendants in this case have filed numerous documents with the Court that purport to challenge the Court's jurisdiction.  All of these filings have

been denied. Kahapea filed an Affidavit/Demand to Dismiss Upon Lack of Subject Matter Jurisdiction. (Docket 19.) The Court denied finding the following:

> [T]o the extent Mr. Kahapea argues there is no subject matter jurisdiction, he is incorrect. It appears from a review of the Complaint that there is diversity jurisdiction under 28 U.S.C. § 1332. The Plaintiff has alleged that it is completely diverse from all named defendants with regard to their citizenship. [1] at ¶¶ 6-13. Also, the purported arbitration awards exceed the $75,000 jurisdictional limit. [1-3] at p. 10 ¶ 14; [1-5] at p. 6 ¶ 8. Therefore, the Court finds that there is proper subject matter jurisdiction over this lawsuit.

(Docket 30.)

Defendants Kirk Gibbs and Sandra Goulette have each challenged the Court's jurisdiction at least twice by filing multiple motions to dismiss. (Dockets 32, 36, 58, and 62.) All of these have also been denied. On May 7, 2020, the Court found as follows:

> In its Complaint, Plaintiff has alleged both. Plaintiff, who is a Delaware limited liability company, alleges diversity jurisdiction in that Plaintiff's citizenship differs from all defendants and the amount in controversy exceeds $75,000. Plaintiff also alleges a claim under the civil-RICO statute, 18 U.S.C. § 1961, which is a federal law, thereby providing federal question jurisdiction. Therefore, to the extent Gibbs seeks dismissal based on a lack of subject matter jurisdiction, the motion will be denied.

(Docket 52.) On October 26, 2020, the Court again ruled "there is both diversity and federal question jurisdiction in this case." (Docket 93.) Thus, Eeon's challenges to the Court's jurisdiction should be denied.

4

**C.     This Court Found Jurisdiction Of This Matter Is Not Under the Federal Arbitration Act ("FAA") And Rulings From Other Cases Found There Is No Valid Agreement To Arbitrate Between PennyMac And Johnson And PennyMac And Kahapea.**

Eeon loosely reiterates arguments he has made several times before – one being that proper jurisdiction is pursuant to the FAA. However, this Court has already ruled, as follows: "Contrary to Gibb's assertion that the 'sole jurisdiction of this matter is the Federal Arbitration Act,' it is the Plaintiff's Complaint that steers the inquiry of subject matter jurisdiction, and nothing in the Complaint alleges a claim under the FAA." (Docket 52.)

Eeon also alludes to PennyMac's agreements to arbitrate with Johnson and Kahapea. However, the courts in which Kahapea and Johnson filed their fraudulent Sitcomm arbitration awards have already ruled that there is no agreement to arbitration between PennyMac and Kahapea and PennyMac and Johnson. (Memorandum Opinion and Order, dated January 5, 2021 in *Kahapea v. PennyMac Loan Services LLC et al.*, Case No. 2:20-cv-151 (S.D. Miss.) ("Mississippi Order") attached as **Exhibit A** to Response in Opposition filed concurrently; Memorandum Opinion, dated September 8, 2020 and Minute Sheet, dated August 31, 2020 in *Johnson v. PennyMac Loan Services LLC*, 3:19cv837 (E.D. Va.) ("Virginia Order") attached as **Exhibit B** to Response in Opposition

5

filed concurrently.)  The Court in the Kahapea matter held that "Kahapea has not presented any document that appears to be a valid, enforceable arbitration agreement, and nothing in the documents submitted in the record demonstrates a scintilla of mutual assent." (Mississippi Order, p. 5.)  In addition, the court in Virginia also vacated Johnson's arbitration award.  *See* Virginia Order.  Thus, Eeon's arguments in this regard are without merit.

### D. Eeon Failed to Follow The Local Rules.

To the extent any of the Eeon Filings are meant to be a motion seeking relief, they fail to follow the local rules.  Motions must be filed with a memorandum brief as a separate docket item from the motion to which it relates.  (L.R. 7(a)(2).)  Eeon only filed one main document for each of these filings that are mainly "affidavits" and also include miscellaneous attachments.  None of the Eeon Filings provide any legal basis for any type of motion.

### E. Eeon Cannot Represent Other Defendants.

Once again Eeon filed these documents on behalf of all defendants in the case.  Eeon is not licensed as an attorney in any jurisdiction in the United States as far as PennyMac is aware and cannot represent any other defendant.  He cites no rule stating that a person without a law license can represent other parties.  In fact, "in federal court a party can represent himself or be represented by an attorney, but

cannot be represented by a nonlawyer." *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (1998).

## F. Eeon's "Counterclaim" Is Untimely, Has No Merit, And PennyMac Filed a Motion To Dismiss In Response.

Eeon repeatedly refers to the "counterclaim" he filed against PennyMac and states that PennyMac has failed to respond. This is false. First, Eeon's "counterclaim" was filed late. Eeon was in default as of October 8, 2020 (Docket 90.) Eeon filed his "counterclaim" almost two months *after* he was in default and on November 30, 2020. (Docket 98.) While PennyMac contends all the documents Eeon has filed are improper and should be denied outright and/or stricken, out of an abundance of caution and on December 21, 2020, PennyMac filed a Motion to Dismiss as to some of Eeon's filings. Specifically, PennyMac's Motion to Dismiss was directed at Dockets 98, 103, and 106, which includes his "Challenge to Courts Jurisdiction; Counterclaim/suit." (Dockets 108-109.) This was filed 21 days after his "counterclaim" was filed and is thus timely pursuant to Federal Rules of Civil Procedure Rule 12(a)(1)(B). PennyMac's Motion to Dismiss has not yet been ruled upon by the Court.

## G. Discovery Is Closed.

In one of the filings, Eeon mentions that PennyMac has not provided discovery or proof of its claims. Discovery has been closed since January 11, 2021

7

(except for the outstanding discovery that is the subject of PennyMac's Motions to Compel). (*see* Docket 171.) Discovery beyond what the Court ordered in Docket 171 on February 11, 2021 is not allowed "for any other purpose." (Docket 171, p. 17.) None of the defendants have served any timely discovery on PennyMac. PennyMac also complied with its obligations under Federal Rules of Civil Procedure rule 26 by serving its initial disclosures and identifying documents and witnesses. (Docket 66.)

### H. Eeon's Objection To The Magistrate's Participation And Requests For A Jury Trial Are Baseless.

Eeon references the Magistrate Judge's (Hon. Michael T. Parker) participation in this case and appears to assert an objection to him issuing orders and his continued participation. However, Hon. Michael T. Parker is entitled to issue orders in this case and Eeon may only object to the magistrate overseeing trial, which he is not (because defendants objected at the scheduling conference). Any other objections are without merit.

Lastly, Eeon makes reference to requests a jury. However, the parties agreed to a bench trial, which was ordered by the Court in the Case Management Order. (Docket 57.) In addition, a defaulted party is not entitled to a jury trial. *Clark v. Britt*, No. 1:18CV493, 2021 WL 681239, at *14 (M.D.N.C. Feb. 22, 2021).

## III. CONCLUSION

Based on the foregoing, PennyMac respectfully requests that the Eeon Filings be denied and/or stricken.

Dated:   March 4, 2021

                                        Respectfully submitted,

                                        */s/ Nicole Bartz Metral*
                                        Cheryl S. Chang (admitted *pro hac vice*)
                                        chang@blankrome.com
                                        Nicole Bartz Metral (admitted *pro hac vice*)
                                        nbmetral@blankrome.com
                                        Jessica A. McElroy (admitted *pro hac vice*)
                                        jmcelroy@blankrome.com

                                        BLANK ROME LLP
                                        2029 Century Park East, 6th Floor
                                        Los Angeles, California 90067-2907
                                        Telephone: 424.239.3400
                                        Facsimile:  424.239.3434

                                        Harris F. Powers III
                                        hpowers@upshawwilliams.com
                                        Steven C. Cookston
                                        scookston@upshawwilliams.com
                                        Upshaw, Williams, Biggers & Beckham, LLP
                                        309 Fulton Street
                                        Post Office Drawer 8230
                                        Greenwood, MS 38935-8230
                                        Telephone: 662.455.1613
                                        Facsimile: 662.453.9245

                                        *Counsel for Plaintiff*

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is **BLANK ROME LLP**, 2029 Century Park East, 6th Floor, Los Angeles, California 90067.

On **March 4, 2021**, I served the foregoing document(s): **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF PENNYMAC LOAN SERVICES, LLC'S RESPONSE IN OPPOSITION/MOTION TO STRIKE THE FOLLOWING FILINGS OF DEFENDANT BRETT "EEON" JONES: DOCKETS 173-175, 180, AND 181,** on the interested parties in this action addressed and sent as follows:

### SEE ATTACHED SERVICE LIST

- ☒ **BY ENVELOPE:** by placing ☐ the original ☒ a true copy thereof enclosed in sealed envelope(s) addressed as indicated and delivering such envelope(s):

- ☒ **BY CERTIFIED MAIL:** I caused such envelope(s) to be deposited in the mail at Los Angeles, California with postage thereon fully prepaid to the office or home of the addressee(s) as indicated. I am "readily familiar" with this firm's practice of collection and processing documents for mailing. It is deposited with the U.S. Postal Service on that same day, with postage fully prepaid, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

- ☒ **BY FEDEX:** I caused such envelope(s) to be deposited in a box or other facility regularly maintained by FedEx, an express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents in an envelope designated by the said express service carrier, addressed as indicated, with delivery fees paid or provided for, to be transmitted by FedEx.

- ☒ **FEDERAL:** I declare that I am employed in the office of a member of the bar of this court at whose direction service was made.

Executed on **March 4, 2021**, at Los Angeles, California.

*Charman S. Bee*
Charman S. Bee

10

136044.01923/125301954v.3

# SERVICE LIST

*Pennymac Loan Services, LLC v. Sitcomm Arbitration Association, et al.*;
Case No. 2:19-cv-00193-KS-MTP

## BY CERTIFIED MAIL:

| | |
|---|---|
| Ronnie Kahapea<br>P.O. Box 875<br>Volcano, HI 96785 | Defendant |

## BY FEDEX:

| | |
|---|---|
| Mark Johnson<br>451 May Lane<br>Louisa, VA 23093 | Defendant |
| Kirk Gibbs<br>4115 Lawrenceville Rd.<br>PMB 8119<br>Lilburn, GA 30047 | Defendant |
| Sandra Goulette<br>3007 Crescent Hill Drive<br>Laurel, MS 39440 | Defendant |
| Mark Moffett<br>345 Coon Jeffcoat Road<br>Soso, MS 39480 | Defendant |
| Rance Magee<br>11294 Rose Road<br>Emmett, MI 48022 | Defendant |
| Innovated Holdings, Inc. dba<br>Sitcomm Arbitration Association<br>C/O Registered Agents, Inc.<br>30 N. Gould Street, Suite R<br>Sheridan, WY 82801 | Defendant |
| Brett "Eeon" Jones<br>304 South Jones Boulevard<br>Unit Eeon-1967<br>Las Vegas, NV 89107 | Defendant |

136044.01923/125301954v.3