Petition to set aside Clerk's Default, and to correct the record

Ca. 2:19 cv 0193

SITCOMM, et al

v.

[P]ennyMac, et al



An Affidavit by "Eeon", and co-counter Plaintiff's En banc

A lawsuit has been filed and the Respondent and service has been acknowledged and accepted. However, it has been stated by way of what we believe to be a fraudulent affidavit, that several of our members did not present a response to the court and to the parties.

[P]ennyMac it would appear by the record has received a copy of the response via the certificate of service associated with the response, signed by each one of the **CO-COUNTER PLAINTIFF'S**, and has entered a misrepresentative petition via affidavit to have the Clerk of Court move with the entry of a Default against the **CO-COUNTER PLAINTIFF'S so as to benefit from the falsity**. (The reason for the statement reference the **CO-COUNTER PLAINTIFF'S** is that the counter plaintiff's placed in their answer/response a counterclaim and challenge to the court's jurisdiction, and by doing so kindly as they believe they had, places them in the proper position as, the **CO-COUNTER PLAINTIFF'S**).

Specifically, pursuant to Rule, '[w]hen a party against whom affirmative relief is sought has failed to file **or serve** any document in the action, the party seeking relief may have the clerk enter a default **against the party failing to serve** or file such document.".

A party may also fail to plead or otherwise **defend by failing to respond to counterclaims," cross-claims," third-party claims, or summary judgment motions, failing to attend pretrial conferences** '- and other hearings," failing to obey various court orders, and failing to respond to certain discovery requests under rule 37.2° The effect of an entry of default is that the defaulting party loses his standing to contest the truth of all facts that are "well-pleaded" in the non-defaulting party's complaint. [21]

**A proper motion to vacate or set aside the clerk's default must contain allegations of en-excusable neglect, a meritorious defense and due diligence.** *See Schwartz v. Bus. Cards Tomorrow, Inc.*, 644 So. 2d 611, 611 (Fla. 4th DCA 1994) (stating that for a default to be set aside, the trial court must determine (1) whether the defendant has demonstrated -excusable neglect in failing to respond; (2) whether the defendant has demonstrated a meritorious defense; and (3) whether the defendant, subsequent to learning of the default, has demonstrated due diligence in seeking relief.)

An excusable neglect would include **clerical errors**, reasonable misunderstandings, as well as **circumstances beyond the party's control**.

For example, <u>a [CLERK's] misfiling of the [counter-claim/cross] complaint has been found to constitute an excusable neglect</u>. *Bland v. Viking Fire Protection, Inc.*(internal citations omitted). <u>A clerical or secretarial error has also been found to constitute excusable neglect where there has been no substantial prejudice to the plaintiff</u>. *Broward Cty. v. Perdue.*

In order to establish excusable neglect, a party must file **an affidavit** or a sworn statement that sets forth the facts explaining or justifying the mistake or inadvertence. *See Armando, S.C.L. v. Plazza.* It is important to note that in the absence of sworn statements or affidavits of excusable neglect, the motion to vacate/set aside would be deemed defective. Unsworn statements would likewise not suffice. Which is why we have repeated placed on the record sworn before The True God Jehovah, a record of not accepting the false allegations of the clerk and the Counter Defendants, and demanded an evidentiary hearing of which it would appear has gone ignored by the court.

As to the meritorious defense, the motion should contain allegations of facts, which, if proven at trial, would constitute a complete defense. *Westinghouse Elevator Co., A Div. of Westinghouse Elec. Corp. v. DFS Constr. Co.*, 438 So. 2d 125, 126-27 (Fla. 2d DCA 1983).

Finally, as to the due diligence prong, the Respondent/Defendant must move timely with the motion to vacate/set aside the default. A delay in the filing of the motion may require the Respondent/Defendant to prove an excusable neglect on the actual delay to avert a denial of the relief.

So it is requested that the record be immediately corrected to reflect the many filings by the Counter-Plaintiff's and that they did timely respond to the court. That the Counter-Defendant received a timely service of Answer and Response as evidenced by certificate of service. The Certificate of service documents service upon the Respondents, how is it that they could produce an affidavit stating that the Counter Plaintiff's did not answer? They were to have stated that 'have not filed an answer', not the intentionally misleading "have failed to respond" false statement by the respondents, which documents the validity of not only a proper response but proper service upon the parties. It is for these reasons aforestated, and the accompanying "memorandum of facts", that we present before this body in exercise of our right to demand a fair and impartial trial before a fair and impartial common law generate under the Bill of Rights of the United States Constitution at amendment number seven.

The aforementioned information based on firsthand information, witnessed by and before the true God the original notary, Jehovah as such so help us God. We also document on the record by facts, proves, and evidences bringing to the court's attention as is "judicial knowledge", that the court is to so construed each of the prior filed presentment's by these non-lawyered individuals [as is protected by the Bill of Rights of the Constitution for the United States] contextually, and placed before the court each of the stricken the presentment so as to have each revived and considered as of the date of original filing as is proper, just and required by law and the full interest of justice. This is presented on this March 13, 2021 as such under penalty of divine retribution if substantially otherwise so help us God.
" " " ' " "

        S:/ SITCOMM ARBITRATION ASSOCIATION
        S:/ Mark Moffett

        S:/ Kirk Gibbs

        S:/ Rance Magee

        S:/ Sandra Goulette

        S:/ Ronnie Kahapea

        S:/ Mark Johnson

        S:/ Eeon

        S:/ Brett "Eeon" Jones