

Memorandum of facts in the form of support of a:

Petition to set aside Clerk's Default, and to correct the record

Ca. 2:19 cv 0193

SITCOMM, et al

v.

[P]ennyMac, et al

### An Affidavit by Co-counter Plaintiff's En banc

[P]ennyMac it would appear by the record has received a copy of the response via the certificate of service associated with the response, signed by each one of the **CO-COUNTER PLAINTIFF'S**, and has entered a misrepresentative petition via affidavit to have the Clerk of Court move with the entry of a Default against the **CO-COUNTER PLAINTIFF'S so as to benefit from the falsity**. (The reason for the statement reference the **CO-COUNTER PLAINTIFF'S** is that the counter plaintiff's placed in their answer/response a counterclaim and challenge to the court's jurisdiction, and by doing so, kindly, respecting the sanctity of the institution known as the COURT, as they believe they had, places them in the proper position as, the **CO-COUNTER PLAINTIFF'S**).

**As to the meritorious defense, the Affidavit contains allegations of facts,** which, as proved by the record, would constitute a complete defense. *Westinghouse Elevator Co., A Div. of Westinghouse Elec. Corp. v. DFS Constr. Co.*, 438 So. 2d 125, 126-27 (Fla. 2d DCA 1983).

As to the due diligence prong, the Respondent/Defendant have moved timely with the motion to vacate/set aside the default prior this date. A delay in the filing of the Affidavits, as has been the case at present at

every turn, may require the Respondent/Defendant to prove an excusable neglect on the actual delay to avert a denial of the relief, this should not be the case at present. In the present matter as soon as one was properly notified they informed the court of their objections, challenged the courts failure to note the postage pre-paid label and the signatures associated with the filing of response, answer, counter-claim, and challenges, although proper communication was hampered we notified the court of issues, only to be ignored.

The due diligence element is typically determined by examining the particular facts of each case. *Conidaris v. Credit Alliance Corp.*, 558 So. 2d 523, 524 (Fla. 5th DCA 1990). In considering a petition to set aside a default, courts must evaluate the extent of and the reasons for the delay. *Cinkat Transp., Inc. v. Maryland Cas. Co.*, 596 So. 2d 746, 747 (Fla. 3d DCA 1992). If the **delay is not unreasonable under the circumstances, then the default should be vacated.** *Id.* "**A litigant who timely moves to set aside a default, asserting a credible explanation of human error, is entitled to be heard on the merits**." *Lindell Motors, Inc. v. Morgan*, 727 So. 2d 1112, 1113 (Fla. 2d DCA 1999). We requested a hearing and were denied by way of having our group/En Banc filing stricken, of which we continue our objections.

Consequently, there is a strong presumption to allow the Respondent/Defendant relief from a default. In fact, **there is a "principle of liberality in setting aside defaults so that lawsuits may be decided on their merits**." *Lindell Motors*, 727 So. 2d at 1113. *Bland*, 454 So. 2d at 763 (internal citations omitted).

Thus, the motion to vacate/set aside contains allegations of excusable neglect, meritorious defense and due diligence, the court in the interest of justice must grant the request via affidavit. It would only be in the absence of all three of these elements that the request via affidavit may be ignored. It should be further noted that to not grant is an abuse of discretion as discretion is abused when "the judicial action is arbitrary, fanciful, or unreasonable, which is another way of saying that discretion is abused only where no reasonable man would take the view adopted by the trial court. If reasonable men could differ as to the propriety of the action taken by

the trial court, then it cannot be said that the trial court abused its discretion." *Canakaris v. Canakaris*, 382, So. 2d 1197, 1203 (Fla. 1980) (internal citations omitted).

Because a default judgment has not yet been entered, ["Eeon's" Group filed] request via affidavit should be construed as a request via affidavit to vacate entry of default under Federal Rule of Civil Procedure 55(c).1 Rule 55(c) provides that relief from the entry of a default may be granted for "good cause" shown the court may set aside an entry of default. . ."). Although Rule 55(c) does not define "good cause," the district courts must consider principally "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993).

Construing ["Eeon's" group filed] pro se request via affidavit liberally, as the Court must, [e.g., Weixel v. Board of Education of New York, 287 F.3d 138, 146 (2d Cir. 2002)], acknowledge that the default was not willful because [Eeon} was not properly served due to his incarceration, and therefore entry of default should be set aside.[13]

> I.   Facts and evidence

There was no proper service, upon Eeon formally known as Brett Jones, at either his address of record and/or at the so-called institution. Please, We invite anyone associated with this matter to provide proof of service, however, Eeon waived service in Our response that was received by the court within a the applicable time frame, whereby [W]e documented that service had not been perfected, and as such [W]e must as a matter of course, and as a matter of right under the bill of rights, challenge the alleged service of process.

> II.   Local Mail-Dropbox rule:

## Mailbox Rule an Overview

The mailbox rule (also called the posting rule, such is significant as the US government guarantees the delivery of the mails), which is the default rule under contract law for determining the time at which an offer is accepted, states

that an offer is considered accepted at the time that the acceptance is communicated (whether by mail, e-mail, etc).

- Parties can alter their contract to not use the mailbox rule and determine between themselves at what time an offer will be considered accepted. The rule originated in the British case of *Adams v. Lindsell* (1818) B & Ald 681, when the Court adopted the doctrine and applied it to bilateral contracts.

As with most of contract law, the mailbox rule varies from state to state.

### Restatements Language

Restatement (Second) of Contracts § 63 (1981) echoes the opinion of many states, distinguishing between an option contract and a bilateral contract. The Restatement reads: "Unless the offer provides otherwise, (a) an acceptance made in a manner and by a medium invited by an offer is operative and completes the manifestation of mutual assent as soon as put out of the offeree's possession, without regard to whether it ever reaches the offeror; but (b) an acceptance under an option contract is not operative until received by the offeror."
In other words, under jurisdictions which have adopted the Restatement rule, the mailbox rule doctrine applies to contracts.

### California Rule

California, in the minority of states, applies the mailbox rule to option contracts as well. In *Palo Alto v. BBTC Co.*, 11 Cal.3d 494 (1974), the Court held, "In California . . .the "effective upon posting" rule has received legislative sanction and is the declared policy of this state . . . As previously explained, **when the notice of exercise of the option is viewed as an acceptance of an irrevocable offer, such notice is clearly covered by section 1583**."

### Federal Mailbox Rule

**Most are aware of the common-law "mailbox rule," which provides that proof of proper mailing creates a rebuttable presumption that the document was physically delivered to the addressee**.

MORALES-RIVERA v. U.S

1

COURT: UNITED STATES COURT OF APPEALS, FIRST CIRCUIT. DATE: 25 AUG, 1999 CITED BY: 85 CORAM: 3

.... Per Curiam. We are presented with the issue of whether the prisoner mailbox rule applies to the filing of ..., the motion was timely filed under the prisoner mailbox rule because he placed it **"first-class postage prepaid in the institution's internal mail system before the last day of filing** .... State of New Hampshire, 56 F.3d 334, 340 n. 16 (1st Cir. 1995).

2

COURT: SUPERIOR COURT OF PENNSYLVANIA. DATE: 8 SEP, 1998 CITED BY: 54 CORAM: 1

.... BECK, Judge: In this appeal we hold that "prisoner ...Conviction Relief Act, 42 Pa. C.S.A. § 9541-9546 (PCRA). **The prisoner mailbox rule provides that the date of delivery of the PCRA petition by the defendant to the proper prison authority or to a prison**...Pa. 58, 700 A.2d 423 (1997), which held that **the "prisoner mailbox rule" applied to pro se direct appeals from criminal convictions**. STATE v. GORACKE

3

COURT: COURT OF APPEALS OF ARIZONA. DATE: 24 MAY, 2005 CITED BY: 19

...three days after the deadline. The issue before us is whether the prisoner mailbox rule that applies in other specified post-trial settings applies here. We hold that it does...timely pursuant to the prisoner mailbox rule. The prisoner mailbox rule, as applied to appeals, is **"that a pro se prisoner is deemed to have filed his notice of appeal at the time** ..., 245, 908 P.2d 56, 59 (App. 1995). Kittrell v. Watson

4

COURT: FOURTH COURT OF APPEALS SAN ANTONIO, TEXAS DATE: 12 SEP, 2016 CITED BY: 0 CORAM: 1

...that appellant's notice of appeal was timely filed under the prisoner mailbox rule. On September 7, 2016, appellant's court-appointed counsel filed an amended response. The amended response states that...appellant was unable to provide an affidavit in support of her assertion of the prisoner mailbox rule because appellant was transferred to the Texas Department of Corrections.... Nothing in the record before us supports the application of the prisoner mailbox rule in this case. **The clerk's record does not contain a post-marked envelope showing that the notice of appeal was received...**

Printed

Thursday, November 26, 2020 11:56 AM; this item is placed here to document that the regular course of mail has the mail timely delivered although in this specific instance a holiday [thanksgiving] intervened], the first tracking label is from a month after this item mailed during holiday season and arrived 3 Business Days later. It is believed that the USPS delivered this Item Timely however, due to the Clerk and Court officers being named as Co-Conspirators in the counter-claim/cross-complaint that the Clerk purposely held Item and intentionally filed late the October 26, 2020 communication:

Tracking: 9405511699000120601135  Create Return Label Email Tracking Info

Addresses

Shipped To: Brett Jones CDCR#BJ5840
California Institution for Men, Box 3100 Facility A, Chino, CA 91708, Shipped From: 48022 Return To: S. Goulette, Judge P,  P.O. Box 173, Emmett, MI 48022

Services   $7.55                Amount Paid   $7.55

Carrier:
USPS Service: Priority Mail ® $7.55 Packaging: Flat Rate Envelope Insurance: None Tracking: USPS Tracking Weight: 2 lbs. 5 oz.   Payment Type: Prepaid Quoted Amount $7.55

Reference

Cost Code:

User: Innholdings          Printed On: **Monday, October 26, 2020 4:24 PM, 91708** [the envelope in question, delivered 46-Days or so later???????]
Shipping label, SCAN Form ID: **9475011201080385380276**
**Mailed and proof of delivery, yet over 30-days, and one mailed Nov. 26 arrived 7 days later due to Tks Giv Hollday as noted above.**

Tracking: **9405511699000349554076**
Create Return Label, Email Tracking Info

Addresses

Shipped To: U.S.D.C., 701 N Main Street, Hattiesburg, MS 39401-3446
Shipped From: 91708
Return To: Brett Jones CDCR BJ5840, California Institution for Men, PO Box 3100, Chino, CA 91708
Services $7.55 Amount Paid $7.55    Carrier: USPS Service: Priority Mail ® $7.55
Packaging: Flat Rate Envelope        Insurance: None        Tracking: USPS Tracking     Weight: 2 lbs. 0 oz.  Payment Type: Prepaid   Quoted Amount $7.55

Reference                Cost Code:

User:
Innholdings
Printed On: Shipping label        SCAN Form ID:
9475011201080391144367



III.     **The clerk's 'record does contain a post-marked envelope...'**

The very **fact** that a review of the record shows that **the clerk has filed a copy of the envelope with the postmarked of October 26, 2020**. The **fact** that the postmarked of the envelope is prior to the entry of default by the clerk is enough

to demonstrate error, as **no reasonable person could have concluded** that one had failed to prosecute, participate, and or respond in a timely fashion, as the mail box rule is universal.

We further document that the court has continued to note on the record that the co-counter plaintiffs have **made several filings on the record** [many of which were pertinent, each of which the court **has stricken with reference to Brett Jones solely**, which effected each of the counter-co-plaintiff's. Since we have authorized the filing of those documents, the court under the premise [for which request was made] had no jurisdiction to strike our documents under the guise that we had failed to respond], when the evidence is clear that each of us have responded in a timely fashion. With reference to Brett "Eeon" Jones, his response was proffered under the same conditions as each of us, and since the court has recognized our standing in the matter the court lacks jurisdiction under the equal protection clause of the Bill of Rights to exclude him from participating in the matter that involves his interest, it would appear as a matter of and by the record.

The right to a fair trial extends to pretrial procedures, does it not? So the specific issues as to, the court falsely claiming that we do not have the right to authorize someone to file petitions on our behalf without your approval, a baseless position, it would appear, unless this is contrary to the written and publicized rules of the court in line with the LAW. Process servers file on a routine basis documents and or motions on behalf of clients, so if they and others have such a right to do such, do we not have the same right of practice or has the courts officers created some sort of special unwritten rule in this particular instance?

We place on the record our rebuttals of how officers of the court along with unscrupulous attorneys, the USPS have come together to deny access, none of them empowered by any law of record to do such to our reliance and or injury. The clerk has served a second copy of our counter claim (upon the respondents, mailing via the courts electronic mail system) documenting bias and the attempt at bar. Of how the respondents had a duty as well as a responsibility, to respond and not claim that we did not respond, and to do so on an affidavit amounts to perjury, it would appear.

The aforementioned information based on firsthand information, witnessed by and before the true God the original notary, Jehovah as such so help us God. We

also document on the record by facts, proves, and evidences bringing to the court's attention as is "judicial knowledge", that the court is to so construed each of the prior filed presentment's by these non-lawyered individuals [as is protected by the Bill of Rights of the Constitution for the United States] contextually, and placed before the court each of the stricken the presentment so as to have each revived and considered as of the date of original filing as is proper, just and required by law and the full interest of justice. This is presented on this March 13, 2021 as such under penalty of divine retribution if substantially otherwise so help us God. " " " ' " "

                                               S:/ SITCOMM ARBITRATION ASSOCIATION
                                               S:/ Mark Moffett
                                               S:/ Kirk Gibbs
                                               S:/ Rance Magee
                                               S:/ Sandra Goulette
                                               S:/ Ronnie Kahapea
                                               S:/ Mark Johnson
                                               S:/ Eeon
                                               S:/ Brett "Eeon" Jones

At next is a copy of the certificate of service attached to counter-claim which documents the timely filing as attested!

Attachment... "A"

      The aforementioned is wholly accurate and presented on this the 30th day of September, as witnessed by and before GOD, as attested, so help us GOD.

                                                                    /s/ Brett "Eeon" Jones

                                                                    /s/ Mark Moffett

                                                                    /s/ Kirk Gibbs

                                                                   /s/ Rance Magee

/s/ Sandra Goulette

/s/ Mark Johnson

/s/ Ronnie Kahapea

## CERTIFICATE OF SERVICE

I, certify that the aforementioned was sent to the following recipients via United States Postal Service.

United States District Court
Southern District of Mississippi
Eastern Division
701 Main Street
Hattiesburg, Mississippi 39401

Upshaw, Williams, Biggers & Beckham, LLP
309 Fulton Street, P.O. Drawer 8230
Greenwood, Mississippi 38935-8230

Blank Rome, LLP
2029 Century Park East, 6th Floor
Los Angeles, California 90067

Supportive Case cites:

[13] FED. R. CIV. P. 55(c) ("For good cause shown the court may set aside an entry of default. . ."). The standard for setting aside an entry of default pursuant to Rule 55(c) is "lenient" and less rigorous than the standard for setting aside a default judgment pursuant to Rule 60(b). American Airlines Ins. Co., Ltd. v. Eagle Ins. Co., 92 F.3d 57, 59 (2d Cir. 1996); Meehan v. Snow, 652 F.2d 274, 277 (2d Cir. 1981) (describing the Rule 55(c) standard as "lenient").

[12.] E.g., Orange Theatre Corp. v. Rayherstz Amusement Corp., 130 F.2d 185, 187 (3d Cir. 1942); Boyer v. Wisconsin, 55 F.R.D. 90, 91 (E.D. Wis. 1972); SEC v. Vogel, 49 F.R.D. 297, 298 (S.D.N.Y. 1969); Canup v. Mississippi Valley Barge LineCo., 31 F.R.D. 282, 282 (W.D. Pa. 1962). Rule 12(a) provides in part that "'[a] defendant shall serve his answer within 20 days after the service of the summons and complaint upon him, except when service is made under Rule 4(e) and a different time is prescribed in the order of court under the statute of the United States or in the statute or rule of court of the state." Fed. R. Civ. P. 12(a).