# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

### Eastern Division

| | |
|---|---|
| PENNYMAC LOAN SERVICES, LLC, | CIVIL ACTION |
| | Case No: 2:19-cv-00193- HSO-MTP |
| Plaintiff, | |
| | PLAINTIFF PENNYMAC LOAN SERVICES, LLC'S OPPOSITION/MOTION TO STRIKE THE FOLLOWING: (1) MOTION TO SET ASIDE DEFAULT [Dkt. 190], (2) PETITION TO SET ASIDE CLERK'S DEFAULT, AND TO CORRECT THE RECORD [Dkt. 191], (3) MEMORANDUM OF FACTS IN SUPPORT OF PETITION TO SET ASIDE CLERK'S DEFAULT [Dkt. 192], AND (4) MOTION TO CORRECT THE RECORD RESPECTING DISCOVERY [Dkt. 193] FILED BY BRETT "EEON" JONES |
| -vs- | |
| INNOVATED HOLDINGS, INC. dba SITCOMM ARBITRATION ASSOCIATION; MARK MOFFETT; SANDRA GOULETTE; RONNIE KAHAPEA; MARK JOHNSON, KIRK GIBBS; BRETT "EEON" JONES aka EEON aka BRETT JONES aka BRETT TORIANO JONESTHEOPHILIOUS aka BRETT RANDOFF TORIANO KEEFFE HENRY KANA-SHAPHEL HITHRAPPES JONES-THEOPHILUS fka KEEFE BRANCH; and RANCE MAGEE, | |
| Defendants. | |

**PLAINTIFF PENNYMAC LOAN SERVICES, LLC'S OPPOSITION/MOTION TO STRIKE THE FOLLOWING: (1) MOTION TO SET ASIDE DEFAULT [Dkt. 190], (2) PETITION TO SET ASIDE CLERK'S DEFAULT, AND TO CORRECT THE RECORD [Dkt. 191], (3) MEMORANDUM OF FACTS IN SUPPORT OF PETITION TO SET ASIDE CLERK'S DEFAULT [Dkt. 192], AND (4) MOTION TO CORRECT THE RECORD RESPECTING DISCOVERY [Dkt. 193] FILED BY BRETT "EEON" JONES**

COMES NOW plaintiff, PennyMac Loan Services, LLC ("PennyMac") to file its Opposition or, in the Alternative, Motion to Strike, to four filings of defendant Brett "Eeon" Jones ("Eeon"), including: (1) "Memorandum in Support of Petition to Set Aside Clerk's Default, and to Correct the Record" ("Petition Memo") (Docket 190), (2) "Petition to Set Aside Clerk's Default and Correct the Record" ("Petition") (Docket 191), (3) duplicate "Memorandum in Support of Petition to Set Aside Clerk's Default, and to Correct the Record" ("Duplicate Petition Memo") (Docket 192), and (4) "Petition to Correct the Record Respecting Discovery in the Form of an

1

Affidavit" ("Record Petition") (Docket 193) (collectively, with the Petition Memo, Petition, and Duplicate Petition Memo, the "Eeon Filings"), showing unto the Court the following:

1. The Court previously entered a default as to Eeon (Docket 92).  Eeon now appears to be seeking relief from entry of default on the grounds that "[t]here was no proper service, upon Eeon formally known as Brett Jones." (Docket 190, at p. 3.)  On February 12, 2021, this Court issued an Order stating "After default was entered by the Clerk, Defendant Jones was not entitled to file any pleadings without leave of court or until the Court granted him relief from the Clerk's entry of default.  Without the Court granting relief from the Clerk's entry of default, Defendant Jones was not entitled to file his Motion to Change Venue [145] or Documentation of On-going Conspiracy [146], and these filings will be stricken." (Docket 172.)  Therefore, the Eeon Filings should be denied or, alternatively, stricken to the extent that they seek any relief other than to set aside the default entered as to Eeon.

2. PennyMac served Eeon with the Summons and a copy of the First Amended Complaint ("FAC") on August 20, 2020 via First Class Mail, Return Receipt Requested, as evidenced by the proof of service attached to PennyMac's Application for Entry of Default as to Eeon and filed with the Court on September 15, 2020.  (Docket 86, 86-1.)

3. The Eeon Filings (to the extent they are intended to be a motion seeking relief) fail to follow the local rules.  Motions must be filed with a memorandum brief as a separate docket item from the motion to which it relates.  (L.R. 7(a)(2).)  Eeon, once again, has only filed various Affidavits, which purport to be "en banc", with attachments, which are nonsensical and have no merit.

4. The Eeon Filings were filed by Eeon, but display electronic "signatures" of Eeon and all of the other defendants.  Eeon is not licensed as an attorney in any jurisdiction in the United States as far as PennyMac is aware and cannot represent any other defendant.  He cites no rule stating that a person without a law license can represent other parties.

5. In the Eeon filings, Eeon appears to be claiming that the default against him should be set aside because he "believes" that his "Counterclaim" (Docket 98), which was filed on November 30, 2020, was timely delivered to the Court, but "due to the Clerk and Court officers being named as Co-Conspirators in the counter-claim/cross-complaint that the Clerk purposely held Item and intentionally filed late." (Docket 190, at p. 6.)  PennyMac disputes Eeon's baseless contention and notes that the tracking numbers he references do not appear to be actual United States Postal Service tracking numbers.  Rather, they appear to be tracking numbers associated with Stamps.com and, in any event, PennyMac could not locate the tracking numbers when it entered them into the Stamps.com website.

6. The Court entered Eeon's default on October 9, 2020.  (Docket 92.)  The Counterclaim was not filed until November 30, 2020, well over a month later.  Even if the Counterclaim was postmarked October 26, 2020, as Eeon argues (Docket 190, at p. 7-8), this was well after Eeon's deadline to respond to the FAC and after the Court already entered his default.  Thus, Eeon's Counterclaim was untimely as he was already in default as of October 9, 2020 (Docket 92.)

7. While PennyMac contends all of the pleadings Eeon has filed are improper and should be denied outright and/or stricken, out of an abundance of caution and on December 21, 2020, PennyMac filed a Motion to Dismiss Eeon's "counterclaim" (Docket 98) as well as two of his other filings (Dockets 103 and 106).  (Dockets 108-109.)  PennyMac's Motion to Dismiss was filed 21 days after his "counterclaim" was filed, and was therefore, timely.  PennyMac's Motion to Dismiss has not yet been ruled upon by the Court.

8. Accordingly, Eeon has not established good cause to set aside the default entered against him. *See* Fed. R. Civ. P. 55(c).  Further, setting aside the default would be prejudicial to PennyMac, who has continuously and successfully opposed Eeon's numerous procedurally improper and factually inaccurate filings, which contain numerous allegations of wrongdoing on behalf of PennyMac and the Court.  In short, Eeon has not

presented a meritorious defense by way of any of the Eeon Filings. *See Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000).

9. As to Eeon's Record Petition, the document is largely nonsensical and seems to argue that "there has to be proof on the record prior to discovery, prior to deposing of witnesses of an alleged conspiracy." (Docket 103, at p. 2.) Eeon claims that he does "not find such to be evident" and goes on to make another non-sensical argument as to the application of the attorney-client privilege doctrine. (Docket 103, at pp. 2-3.) However, Eeon is not represented by counsel and there is no claim to the contrary.

10. PennyMac notes that discovery in this matter has been closed since January 11, 2021 (except for the outstanding discovery that is the subject of PennyMac's Motions to Compel). (*See* Docket 171.)   No timely discovery has ever been propounded by any of the defendants. In addition, PennyMac served its initial disclosures timely. (Docket 66.)

11. Eeon also purports to request a jury trial. (Docket 193, at p. 2.) However, all parties who were in the case at the time were ordered to appear at the Case Management Conference on June 18, 2020. The parties who appeared all agreed to a bench trial as reflected in the Case Management Order. (Docket 57.) Further, as a defaulted party, Eeon is not entitled to a jury trial.

12. Accordingly, as set forth in this Opposition, or in the alternative, Motion to Strike, the Eeon Filings should be denied and/or stricken.

13. PennyMac further requests that the Court issue sanctions against Eeon in an amount it deems appropriate, given that Eeon continues to file meritless documents, which PennyMac is required to respond to. PennyMac additionally directs the Court's attention to its Request for Order Regarding Filings of Defendant Brett "Eeon" Jones, Docket 185, pursuant to which it requested various relief as to filings of Eeon, which has not yet been ruled on by the Court.

Dated: April 5, 2021

    Respectfully submitted,

*/s/ Nicole Bartz Metral*
Cheryl S. Chang (admitted *pro hac vice*)
chang@blankrome.com
Nicole Bartz Metral (admitted *pro hac vice*)
nbmetral@blankrome.com
Jessica A. McElroy (admitted *pro hac vice*)
jmcelroy@blankrome.com

BLANK ROME LLP
2029 Century Park East, 6th Floor
Los Angeles, California 90067-2907
Telephone: 424.239.3400
Facsimile:  424.239.3434

Harris F. Powers III
hpowers@upshawwilliams.com
Steven C. Cookston
scookston@upshawwilliams.com

Upshaw, Williams, Biggers & Beckham, LLP
309 Fulton Street
Post Office Drawer 8230
Greenwood, MS 38935-8230
Telephone: 662.455.1613
Facsimile: 662.453.9245

*Counsel for Plaintiff*

136044.01923/125533332v.3

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is **BLANK ROME LLP**, 2029 Century Park East, 6th Floor, Los Angeles, California 90067.

On **April 5, 2021**, I served the foregoing document(s):

**PLAINTIFF PENNYMAC LOAN SERVICES, LLC'S OPPOSITION/MOTION TO STRIKE THE FOLLOWING: (1) MOTION TO SET ASIDE DEFAULT [Dkt. 190], (2) PETITION TO SET ASIDE CLERK'S DEFAULT, AND TO CORRECT THE RECORD [Dkt. 191], (3) MEMORANDUM OF FACTS IN SUPPORT OF PETITION TO SET ASIDE CLERK'S DEFAULT [Dkt. 192], AND (4) MOTION TO CORRECT THE RECORD RESPECTING DISCOVERY [Dkt. 193] FILED BY BRETT "EEON" JONES**

on the interested parties in this action addressed and sent as follows:

## SEE ATTACHED SERVICE LIST

- ☒ **BY ENVELOPE:** by placing ☐ the original ☒ a true copy thereof enclosed in sealed envelope(s) addressed as indicated and delivering such envelope(s):

- ☒ **BY CERTIFIED MAIL:** I caused such envelope(s) to be deposited in the mail at Los Angeles, California with postage thereon fully prepaid to the office or home of the addressee(s) as indicated. I am "readily familiar" with this firm's practice of collection and processing documents for mailing. It is deposited with the U.S. Postal Service on that same day, with postage fully prepaid, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

- ☒ **BY FEDEX:** I caused such envelope(s) to be deposited in a box or other facility regularly maintained by FedEx, an express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents in an envelope designated by the said express service carrier, addressed as indicated, with delivery fees paid or provided for, to be transmitted by FedEx.

- ☒ **FEDERAL:** I declare that I am employed in the office of a member of the bar of this court at whose direction service was made.

Executed on **April 5, 2021**, at Los Angeles, California.

*/s/ Charman S. Bee*
Charman Bee

136044.01923/125533332v.3

**SERVICE LIST**
*Pennymac Loan Services, LLC v. Sitcomm Arbitration Association, et al.*;
Case No. 2:19-cv-00193-KS-MTP

**BY CERTIFIED MAIL:**

Ronnie Kahapea                                          Defendant
P.O. Box 875
Volcano, HI 96785

**BY FEDEX:**

Mark Johnson                                            Defendant
451 May Lane
Louisa, VA 23093

Kirk Gibbs                                              Defendant
4115 Lawrenceville Rd.
PMB 8119
Lilburn, GA 30047

Sandra Goulette                                         Defendant
3007 Crescent Hill Drive
Laurel, MS 39440

Mark Moffett                                            Defendant
345 Coon Jeffcoat Road
Soso, MS 39480

Rance Magee                                             Defendant
11294 Rose Road
Emmett, MI 48022

Innovated Holdings, Inc. dba                            Defendant
Sitcomm Arbitration Association
C/O Registered Agents, Inc.
30 N. Gould Street, Suite R
Sheridan, WY 82801

Brett "Eeon" Jones                                      Defendant
304 South Jones Boulevard
Unit Eeon-1967
Las Vegas, NV 89107