# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

## Eastern Division

| | |
|---|---|
| PENNYMAC LOAN SERVICES, LLC, | CIVIL ACTION<br>Case No: 2:19-cv-00193-HSO-MTP |
| Plaintiff, | |
| -vs- | |
| INNOVATED HOLDINGS, INC. dba SITCOMM ARBITRATION ASSOCIATION; MARK MOFFETT; SANDRA GOULETTE; RONNIE KAHAPEA; MARK JOHNSON, KIRK GIBBS; BRETT "EEON" JONES aka EEON aka BRETT JONES aka BRETT TORIANO JONES-THEOPHILIOUS aka BRETT RANDOFF TORIANO KEEFFE HENRY KANA-SHAPHEL HITHRAPPES JONES-THEOPHILUS fka KEEFE BRANCH; and RANCE MAGEE, | MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF PENNYMAC LOAN SERVICES, LLC'S OPPOSITION/MOTION TO STRIKE THE FOLLOWING: (1) MOTION TO SET ASIDE DEFAULT [Dkt. 190], (2) PETITION TO SET ASIDE CLERK'S DEFAULT, AND TO CORRECT THE RECORD [Dkt. 191], (3) MEMORANDUM OF FACTS IN SUPPORT OF PETITION TO SET ASIDE CLERK'S DEFAULT [Dkt. 192], AND (4) MOTION TO CORRECT THE RECORD RESPECTING DISCOVERY [Dkt. 193] FILED BY BRETT "EEON" JONES |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF PENNYMAC LOAN SERVICES, LLC'S OPPOSITION/MOTION TO STRIKE THE FOLLOWING: (1) MOTION TO SET ASIDE DEFAULT [Dkt. 190], (2) PETITION TO SET ASIDE CLERK'S DEFAULT, AND TO CORRECT THE RECORD [Dkt. 191], (3) MEMORANDUM OF FACTS IN SUPPORT OF PETITION TO SET ASIDE CLERK'S DEFAULT [Dkt. 192], AND (4) MOTION TO CORRECT THE RECORD RESPECTING DISCOVERY [Dkt. 193] FILED BY BRETT "EEON" JONES**

136044.01923/125588411v.2

I.      **INTRODUCTION**

Defendant Brett "Eeon" Jones (hereinafter, "Eeon") is the mastermind behind Innovated Holdings, Inc. dba Sitcomm Arbitration Association ("Sitcomm") – a company that instituted a nationwide scheme to issue and confirm fraudulent arbitration awards in federal courts across the country on behalf of debtors against creditor companies. Eeon continues to burden this Court's docket and plaintiff PennyMac Loan Services, LLC ("PennyMac") with numerous indecipherable pleadings that request dismissal and repeat the same unmeritorious arguments as his dozens of preceding filings. These five most recent filings are no different. He has filed the following documents: (1) "Memorandum in Support of Petition to Set Aside Clerk's Default, and to Correct the Record" ("Petition Memo") (Docket 190), (2) "Petition to Set Aside Clerk's Default and Correct the Record" ("Petition") (Docket 191), (3) duplicate "Memorandum in Support of Petition to Set Aside Clerk's Default, and to Correct the Record" ("Duplicate Petition Memo") (Docket 192), and (4) "Petition to Correct the Record Respecting Discovery in the Form of an Affidavit" ("Record Petition") (Docket 193) (collectively, with the Petition Memo, Petition, and Duplicate Petition Memo, the "Eeon Filings"). PennyMac files this Memorandum of Law in support of its Opposition, or in the alternative, Motion to Strike Docket 190-193. To ease the burden on the Court, PennyMac is filing one Response.

1

The Eeon Filings should be denied and/or stricken for several reasons. First, Eeon is in default and the Court has already ruled he is not entitled to file pleadings without leave of Court or until he is granted relief from the default. (Docket 172.) To the extent the Eeon Filings seek relief from entry of default, Eeon entirely fails to establish the good cause required to do so as his main argument is that the clerk intentionally untimely filed his "counterclaim." Second, to the extent any of the Eeon Filings are meant to be motions, they fail to follow the local rules or cite any relevant legal authority in support. Third, the Eeon Filings once again are improperly filed by Eeon, who is not a licensed attorney in any state, on behalf of all of the defendants. Fourth, the "Record Petition" is entirely nonsensical and does not request any relief to which Eeon is entitled. Lastly, Eeon also requests a jury trial, but a bench trial has been ordered. Thus, these pleadings should be denied and/or stricken.

## II.  ARGUMENT

### A.  Eeon Is In Default And Not Permitted To File Documents, and Has Not Established Good Cause to Set Aside the Default Entered Against Him.

On October 9, 2020, the Court entered default as to Eeon. (Docket 92.) Federal Rule of Civil Procedure, rule 55(c) provides that the court may set aside an entry of default for good cause. However, Eeon has not obtained relief from

default or sought to obtain relief from default and is therefore not permitted to file pleadings in this matter. *See, e.g.*, *Hilseweck P'ship v. E. Energy Res., Inc.*, Civil Action No. 3:11-CV-0186-D, 2011 U.S. Dist. LEXIS 88112, at *7 (N.D. Tex. Aug. 9, 2011) (court set aside defendant's default prior to granting defendant's motion for leave to file an answer and counterclaim).

In fact, this Court recently ruled that Eeon is not currently permitted to file any pleading. On February 12, 2021, the Court issued an Order stating "After default was entered by the Clerk, Defendant Jones was not entitled to file any pleadings without leave of court or until the Court granted him relief from the Clerk's entry of default. Without the Court granting relief from the Clerk's entry of default, Defendant Jones was not entitled to file his Motion to Change Venue [145] or Documentation of On-going Conspiracy [146], and these filings will be stricken." (Docket 172.) Pursuant to this Court's order, the Eeon Filings, to the extent they seek any relief other than to set aside the default, should be denied or, alternatively, stricken.

To the extent the Eeon Filings seek to set aside the default, they should still be denied or stricken. In the Eeon filings, Eeon appears to be claiming that the default against him should be set aside because he "believes" that his "Counterclaim" (Docket 98), which was filed on November 30, 2020, was timely delivered to the Court, but "due to the Clerk and Court officers being named as Co-

3


Conspirators in the counter-claim/cross-complaint that the Clerk purposely held Item and intentionally filed late." (Docket 190, at p. 6.) PennyMac disputes Eeon's baseless contention and notes that the tracking numbers he references do not appear to be actual United States Postal Service tracking numbers. Rather, they appear to be tracking numbers associated with Stamps.com and, in any event, PennyMac could not locate the tracking numbers when it entered them into the Stamps.com website.

The Court entered Eeon's default on October 9, 2020. (Docket 92.) The Counterclaim was not filed until November 30, 2020, well over a month later. Even if the Counterclaim was postmarked October 26, 2020, as Eeon argues (Docket 190, at p. 7-8), this was well after Eeon's deadline to respond to the FAC and after the Court already entered his default. Thus, Eeon's Counterclaim was untimely as he was already in default as of October 9, 2020 (Docket 92.)

While PennyMac contends all of the pleadings Eeon has filed are improper and should be denied outright and/or stricken, out of an abundance of caution and on December 21, 2020, PennyMac filed a Motion to Dismiss Eeon's "counterclaim" (Docket 98) as well as two of his other filings (Dockets 103 and 106). (Dockets 108-109.) PennyMac's Motion to Dismiss was filed 21 days after his "counterclaim" was filed, and was therefore, timely. PennyMac's Motion to Dismiss has not yet been ruled upon by the Court.

Accordingly, Eeon has not established good cause to set aside the default entered against him. *See* Fed. R. Civ. P. 55(c). Further, setting aside the default would be prejudicial to PennyMac, who has continuously litigated this case and successfully opposed Eeon's numerous procedurally improper and factually inaccurate filings, which contain numerous allegations of wrongdoing on behalf of PennyMac and the Court. In short, Eeon has not presented a meritorious defense by way of any of the Eeon Filings. *See Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000).

  **B.** **Eeon Failed to Follow The Local Rules.**

To the extent any of the Eeon Filings are meant to be a motion seeking relief, they fail to follow the local rules. Motions must be filed with a memorandum brief as a separate docket item from the motion to which it relates. (L.R. 7(a)(2).) Eeon only filed one main document for each of these filings that consist entirely of "affidavits." None of the Eeon Filings provide any legal basis for any type of motion, including a motion for relief from entry of default.

  **C.** **Eeon Cannot Represent Other Defendants.**

Once again Eeon filed these documents on behalf of all defendants in the case. Eeon is not licensed as an attorney in any jurisdiction in the United States as far as PennyMac is aware and cannot represent any other defendant. He cites no rule stating that a person without a law license can represent other parties. In fact,

5

"in federal court a party can represent himself or be represented by an attorney, but cannot be represented by a nonlawyer." *Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (1998).

### D. Eeon's Record Petition is Largely Nonsensical and Does not Seek Any Relief to Which Eeon is Entitled.

As to Eeon's Record Petition, the document is largely nonsensical and seems to argue that "there has to be proof on the record prior to discovery, prior to deposing of witnesses of an alleged conspiracy." (Docket 103, at p. 2.) Eeon claims that he does "not find such to be evident" and goes on to make another non-sensical argument as to the application of the attorney-client privilege doctrine. (Docket 103, at pp. 2-3.) However, Eeon is not represented by counsel and there is no claim to the contrary.

PennyMac notes that discovery in this matter has been closed since January 11, 2021 (except for the outstanding discovery that is the subject of PennyMac's Motions to Compel). (*See* Docket 171.) No timely discovery has ever been propounded by any of the defendants. In addition, PennyMac served its initial disclosures timely. (Docket 66.)

Thus, there is nothing in the record for Eeon to "correct."

6

### E.     Eeon's Request For A Jury Trial Is Baseless.

Eeon once again claims that he has requested a jury trial in this matter. (Docket 193, at p. 2.)  However, the parties agreed to a bench trial, which was ordered by the Court in the Case Management Order following a case management conference that Eeon did not attend, as he was incarcerated and not yet a named defendant.  (Docket 57.)  In addition, a defaulted party is not entitled to a jury trial. *Clark v. Britt*, No. 1:18CV493, 2021 WL 681239, at *14 (M.D.N.C. Feb. 22, 2021).

## III.     CONCLUSION

Based on the foregoing, PennyMac respectfully requests that the Eeon Filings be denied and/or stricken, in their entirety.  PennyMac further requests that the Court issue sanctions against Eeon in an amount it deems appropriate, given that Eeon continues to file meritless documents, which PennyMac is required to respond to.[1]  *See Moench v. Marquette Transportation Co. Gulf-Inland, L.L.C.*, 838 F.3d 586, 595 (5th Cir. 2016).

Dated:     April 5, 2021

---

[1] PennyMac additionally directs the Court's attention to its Request for Order Regarding Filings of Defendant Brett "Eeon" Jones, Docket 185, pursuant to which it requested various relief as to filings of Eeon, which has not yet been ruled on by the Court.

7

April 5, 2021                                Respectfully submitted,

/s/ *Nicole Bartz Metral*
Cheryl S. Chang (admitted *pro hac vice*)
chang@blankrome.com
Nicole Bartz Metral (admitted *pro hac vice*)
nbmetral@blankrome.com
Jessica A. McElroy (admitted *pro hac vice*)
jmcelroy@blankrome.com

BLANK ROME LLP
2029 Century Park East, 6th Floor
Los Angeles, California 90067-2907
Telephone: 424.239.3400
Facsimile:  424.239.3434

Harris F. Powers III
hpowers@upshawwilliams.com
Steven C. Cookston
scookston@upshawwilliams.com
Upshaw, Williams, Biggers & Beckham, LLP
309 Fulton Street
Post Office Drawer 8230
Greenwood, MS 38935-8230
Telephone: 662.455.1613
Facsimile: 662.453.9245

*Counsel for Plaintiff*

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is **BLANK ROME LLP**, 2029 Century Park East, 6th Floor, Los Angeles, California 90067.

On **March 4, 2021**, I served the foregoing document(s): **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF PENNYMAC LOAN SERVICES, LLC'S OPPOSITION/MOTION TO STRIKE THE FOLLOWING: (1) MOTION TO SET ASIDE DEFAULT [Dkt. 190], (2) PETITION TO SET ASIDE CLERK'S DEFAULT, AND TO CORRECT THE RECORD [Dkt. 191], (3) MEMORANDUM OF FACTS IN SUPPORT OF PETITION TO SET ASIDE CLERK'S DEFAULT [Dkt. 192], AND (4) MOTION TO CORRECT THE RECORD RESPECTING DISCOVERY [Dkt. 193] FILED BY BRETT "EEON" JONES,** on the interested parties in this action addressed and sent as follows:

### SEE ATTACHED SERVICE LIST

- ☒ **BY ENVELOPE:** by placing ☐ the original ☒ a true copy thereof enclosed in sealed envelope(s) addressed as indicated and delivering such envelope(s):

- ☒ **BY CERTIFIED MAIL:** I caused such envelope(s) to be deposited in the mail at Los Angeles, California with postage thereon fully prepaid to the office or home of the addressee(s) as indicated. I am "readily familiar" with this firm's practice of collection and processing documents for mailing. It is deposited with the U.S. Postal Service on that same day, with postage fully prepaid, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

- ☒ **BY FEDEX:** I caused such envelope(s) to be deposited in a box or other facility regularly maintained by FedEx, an express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents in an envelope designated by the said express service carrier, addressed as indicated, with delivery fees paid or provided for, to be transmitted by FedEx.

- ☒ **FEDERAL:** I declare that I am employed in the office of a member of the bar of this court at whose direction service was made.

Executed on **April 5, 2021**, at Los Angeles, California.

_Charman S. Bee_
Charman S. Bee

9

136044.01923/125588411v.2

## SERVICE LIST

*Pennymac Loan Services, LLC v. Sitcomm Arbitration Association, et al.*;
Case No. 2:19-cv-00193-KS-MTP

**BY CERTIFIED MAIL:**

| | |
|---|---|
| Ronnie Kahapea<br>P.O. Box 875<br>Volcano, HI 96785 | Defendant |

**BY FEDEX:**

| | |
|---|---|
| Mark Johnson<br>451 May Lane<br>Louisa, VA 23093 | Defendant |
| Kirk Gibbs<br>4115 Lawrenceville Rd.<br>PMB 8119<br>Lilburn, GA 30047 | Defendant |
| Sandra Goulette<br>3007 Crescent Hill Drive<br>Laurel, MS 39440 | Defendant |
| Mark Moffett<br>345 Coon Jeffcoat Road<br>Soso, MS 39480 | Defendant |
| Rance Magee<br>11294 Rose Road<br>Emmett, MI 48022 | Defendant |
| Innovated Holdings, Inc. dba<br>Sitcomm Arbitration Association<br>C/O Registered Agents, Inc.<br>30 N. Gould Street, Suite R<br>Sheridan, WY 82801 | Defendant |
| Brett "Eeon" Jones<br>304 South Jones Boulevard<br>Unit Eeon-1967<br>Las Vegas, NV 89107 | Defendant |

136044.01923/125588411v.2