# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# Eastern Division

| | |
|---|---|
| PENNYMAC LOAN SERVICES, LLC,<br><br>             Plaintiff,<br><br>     -vs-<br><br>INNOVATED HOLDINGS, INC. dba SITCOMM ARBITRATION ASSOCIATION; MARK MOFFETT; SANDRA GOULETTE; RONNIE KAHAPEA; MARK JOHNSON, KIRK GIBBS; BRETT "EEON" JONES aka EEON aka BRETT JONES aka BRETT TORIANO JONESTHEOPHILIOUS aka BRETT RANDOFF TORIANO KEEFFE HENRY KANA-SHAPHEL HITHRAPPES JONES-THEOPHILUS fka KEEFE BRANCH; and RANCE MAGEE,<br><br>             Defendants. | CIVIL ACTION<br>Case No: 2:19-cv-00193- HSO-MTP<br><br>MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF PENNYMAC LOAN SERVICES, LLC'S RESPONSE IN OPPOSITION TO KIRK GIBBS' MOTION TO APPOINT COUNSEL (DOCKET 189) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF PENNYMAC LOAN SERVICES, LLC'S RESPONSE IN OPPOSITION TO KIRK GIBBS' MOTION TO APPOINT COUNSEL (DOCKET 189)**

I. **INTRODUCTION**

Defendant Kirk Gibbs ("Gibbs") is one of the purported arbitrators with defendant Innovated Holdings, Inc. dba Sitcomm Arbitration Association ("Sitcomm") – a company that instituted a nationwide scheme to issue and confirm fraudulent arbitration awards in federal courts across the country on behalf of debtors against creditor companies. Gibbs also issued the arbitration award (the "Johnson Arbitration Award") against Plaintiff PennyMac Loan Services, LLC ("Plaintiff") in the illegitimate arbitration proceeding commenced by co-defendant Mark Johnson ("Johnson'). Even though Gibbs has been litigating against PennyMac for fourteen months, he now files a motion (the "Motion") requesting that this Court appoint an attorney to protect his Fifth Amendment right against self-incrimination. Gibbs claims that his Fifth Amendment rights have been triggered by the criminal contempt hearing (the "Contempt Hearing") pending in the United States District Court for the Eastern District of Virginia (the "Virginia Court").

Gibbs claims that the Criminal Justice Act requires that this Court appoint counsel. However, the Criminal Justice Act does not apply to this proceeding because this proceeding does not impact the criminal proceeding against Gibbs. Indeed, the Contempt Hearing pertains to Gibbs' violation of the Virginia Court's orders and not to whether he participated in the Sitcomm scheme, as alleged in this

1

action. And, Gibbs' testimony or participation in this matter could not lead to any self-incriminating testimony in the Contempt Hearing.

And, although the Court may consider the appointment of counsel for Gibbs as a matter of discretion pursuant to 28 U.S.C. § 1915, Gibbs has not shown any exceptional circumstance warranting such an appointment. Rather, over the past fourteen months, Gibbs has answered PennyMac's original complaint, filed motions to dismiss, a "challenge" to the Court's jurisdiction and other filings, and appeared before this Court without requesting the appointment of counsel. Moreover, the Virginia Court directed a contempt hearing against Gibbs in September 2020, more than six months ago but Gibbs did not immediately file this Motion. Instead, this Motion is the latest attempt by Gibbs and the other defendants to delay this matter. The Court should deny the Motion in its entirety.

## II.     RELEVANT PROCEDURAL BACKGROUND

**This Action**

On December 11, 2019, PennyMac filed its original Complaint against Defendants. (Dkt No. 1.) Gibbs filed an answer to the original Complaint on or about February 3, 2020 (the "Gibbs Answer"). (Dkt No. 24.)

The original Complaint named the trade name Sitcomm as a defendant rather than Innovated. (Dkt No. 1.) Accordingly, on July 17, 2020, PennyMac moved to amend the complaint to add "Innovated Holdings, Inc. dba Sitcomm Arbitration

2

Association" as a defendant, among other defendants. (Dkt No. 77.) The Court granted PennyMac's motion and PennyMac filed the First Amended Complaint (the "FAC") on August 10, 2020 and served Gibbs with a copy of the FAC by first-class mail. (Dkt No. 83.) Gibbs did not timely respond to the FAC. (Dkt No. 162 ¶ 5.) However, Gibbs, along with certain other defendants, filed a "challenge to courts [sic] jurisdiction," Dkt No. 98, Affidavit in the Form of a Petition for Declaratory Judgment, Dkt No. 103, and Untimely Filing, Default Having Been Requested, Dkt No. 106. PennyMac has moved to dismiss these filings. (Dkt Nos. 108-109.)

Gibbs participated in the June 18, 2020 telephonic case management conference and advised the Court of his current address. (Dkt No. 57.) In the Case Management Order, the Court directed Gibbs to serve his initial disclosures on or before July 1, 2020. (*Id.*)

On October 8, 2020, PennyMac served Requests for Admission on Gibbs. (Dkt No. 96.) And, on November 17, 2020, Plaintiff served a notice of deposition on Gibbs. (Dkt No. 134-1.) Gibbs did not respond to the Requests for Admission and, although he originally indicated that he would appear, did not attend his December 4, 2020 deposition. (Dkt No. 125, Dkt No. 134.) By order, dated February 11, 2021, the Court granted PennyMac's motions to compel Gibbs to respond to PennyMac's discovery requests and appear at a deposition and ordered Gibbs to, on or before February 26, 2021: (1) respond fully to PennyMac's Interrogatories and Requests

3

for Production of Documents without objection; and (2) provide PennyMac with three possible deposition dates prior to March 15, 2021. (Dkt No. 171.) Gibbs has not responded to PennyMac's Interrogatories and Requests for Production of Documents. (Metral Decl.[1] ¶ 4.) Gibbs also has not provided any dates that he is available to sit for a deposition. (*Id.*)

**Virginia Action**

On November 12, 2019, Johnson initiated an action against PennyMac in the United States District Court, Eastern District of Virginia by filing a "Petition" to confirm the Johnson Arbitration Award. (Johnson v. PennyMac Loan Services, LLC, Case No. 3:19-cv-00837-DJN (the "Virginia Action").) The Virginia Court scheduled a hearing in the Virginia Action and Gibbs, the arbitrator that issued the Johnson Arbitration Award, was provided with notice of the hearing and ordered by the court to appear and to provide certain documents related to the purported arbitration. (Dkt No. 189-1.) Gibbs, however, did not appear at the August 31, 2020 hearing. (*Id.*) As a result, on September 8, 2020, the Virginia Court issued an opinion dismissing the Virginia Action, granting PennyMac sanctions, and opening a criminal contempt matter against Gibbs (the "Virginia Order"). (Dkt No. 189-1.)

---

[1] Metral Decl. refers to the Declaration of Nicole Metral filed concurrently and in response to the Motion.

### III. <u>ARGUMENT</u>

It is well accepted that "[a] civil plaintiff … has no right to the appointment of counsel in the absence of exceptional circumstances." *McFadden v. Abston*, No. 3:06-CV-324-HTW-LRA, 2013 WL 12412431, at *11 (S.D. Miss. Sept. 30, 2013) (citing *Williams v. Ballard*, 466 F.3d 330, 335 (5th Cir. 2006)).

As discussed below, Gibbs has not set forth any exceptional circumstances in which to justify the Court's appointment of an attorney. Instead, Gibbs refers to the Criminal Justice Act, 18 U.S.C. § 3006A (the "CJA") and the CJA's Guidelines (the "Guidelines") as requiring the appointment of an attorney in this matter. However, the CJA has no application whatsoever to this matter.

### A. *Gibbs Does Not Have a Right to Appointed Counsel under the Criminal Justice Act*

The CJA "authorizes certain federal district courts to create public defender organizations for the purpose of providing attorneys to indigent individuals who are unable to obtain adequate representation *in criminal* cases." *Froudi v. United States*, 23 Cl. Ct. 328, 329 (Ct. Claims 1991) (emphasis original). Indeed, the CJA is part of the Code of Criminal Procedure. *See* 18 U.S.C. § 3001, et seq. It provides, in relevant part, that a court may require representation "for any financially eligible person who-- (A) is charged with a Class B or C misdemeanor, or an infraction for which a sentence to confinement is authorized; or (B) is seeking relief under section 2241, 2254, or 2255 of title 28." 18 U.S.C. § 3006A(2).

Although Gibbs claims that the CJA authorizes the appointment of counsel for "ancillary" matters, such as this action, he inappropriately broadens the reach of the CJA. Rather, the CJA states that "A person for whom counsel is appointed shall be represented at every stage of the proceedings from his initial appearance before the United States magistrate judge or the court through appeal, including ancillary matters appropriate to the proceedings." *Id.* § 3006A(c). The Fifth Circuit has held that "ancillary matters refers to those involved in defending the principal criminal charge." *United States v. Brewer*, 699 F. App'x 318, 319 (5th Cir. 2017) (affirming denial of motion to appoint counsel for post-conviction proceedings because such proceedings were not "ancillary" within the meaning of the CJA).

Furthermore, the Guidelines for administering the CJA provide that in determining whether a matter is ancillary, the court must examine whether "the issues of law or fact in the matter, arose from, or are the same as or closely related to, the facts and circumstances surrounding the principal criminal charge." Guidelines for Administering the CJA and Related Statutes prepared by the Judicial Conference of the United States, Guide to Judiciary Policy, Vol. 7, Pt. A § 210.20.30(b). This matter involves Gibbs' participation in the Sitcomm fraud. And, even though the Virginia Action pertained to Johnson's attempts at confirming the Johnson Arbitration Award, which was part of the Sitcomm scheme, the Contempt Hearing does not relate to the Sitcomm fraud at all. Instead, it involves Gibbs'

6

failure to appear in the Virginia Action despite court order. Thus, the Contempt Hearing arises from an entirely separate issue of law and fact than the allegations against Gibbs in this matter. *See United States v. Garcia,* 689 F.3d 362, 364 (5th Cir. 2012) (affirming denial of appointment of attorney and concluding that prior state proceeding was not "ancillary" within the meaning of the CJA because it was irrelevant to principal charge against defendant in federal court).[2]

Finally, even if appointment of counsel were authorized under the CJA – which it is not – Gibbs has not shown that he is "financially eligible" for such assistance. 18 U.S.C. § 3006A. Gibbs has submitted a financial affidavit showing that he earns $30,000 a year. (Dkt No. 189-2.) But, this affidavit is conclusory and does not establish by a preponderance that he is unable to afford counsel. *See United States v. Sandoval,* No. CR 09-3456 JB, 2010 WL 4338061, at *9 (D.N.M. Oct. 4, 2010) (ordering adversarial hearing, in which defendant bore burden of proof regarding his financial inability to retain counsel).

---

[2]  Although the Virginia Court referred the Virginia Action to the United States Attorneys' office for possible criminal violations, Gibbs does not claim that there are pending criminal charges related to that referral. (Dkt No. 189-1.) In any event, as the Court noted in its February 11, 2021 order, Dkt No. 171, a defendant may invoke his Fifth Amendment privilege against self-incrimination in a civil matter. However, Gibbs has not explained how invoking his Fifth Amendment rights requires the Court to appoint an attorney on his behalf.

### B. Gibbs Has Not Shown Extraordinary Circumstances Warranting the Discretionary Appointment of Counsel

Further, Gibbs does not set forth any extraordinary circumstance that serves as the basis for this Court to appoint his counsel in this civil matter pursuant to 28 U.S.C. § 1915(e)(1). *See Naranjo v. Thompson,* 809 F.3d 793, 795 (5th Cir. 2015) (appointment of counsel for litigant proceeding in forma pauperis requires showing of exceptional circumstance); *Baughman v. Hickman*, 935 F.3d 302 (5th Cir. 2019) (same). Indeed, the circumstances tilt strongly against such an appointment. Gibbs is in default and has not responded to the FAC. (Dkt No. 162 ¶ 5.) He also has had knowledge of the pending criminal contempt proceedings against him for over six months, but did not bring this Motion until after PennyMac filed its motion for summary judgment and after the close of discovery (which consisted of PennyMac serving Requests for Admission, Interrogatories, Requests for Production of Documents and noticing Gibbs for deposition, but Gibbs failing to respond to discovery, refusing to appear for his deposition, and ignoring a subsequent court order requiring him to produce documents and provide dates that he is available for a deposition). (Dkt No. 171.) Further, Gibbs has been able to represent himself for the duration of this matter by filing an answer to the Complaint, motions to dismiss, challenges to this Court's jurisdiction, and other filings. (Dkt No. 24, 52, 98, 103, 108-109.)

136044.01923/125544109v.5

In addition, to the extent that Gibbs argues that the Court should appoint an attorney pursuant to 28 U.S.C. § 1915(e)(1), as discussed above, Gibbs has not met his burden to prove his inability to afford counsel. Further, he has not shown that he attempted to obtain pro bono representation, which weighs against this Court's appointment of counsel for him. *See Johnson v. City of Slidell,* No. CV 18-6123, 2018 WL 11238271, at *1 (E.D. La. Dec. 4, 2018), report and recommendation adopted, No. CV 18-6123, 2018 WL 11238270 (E.D. La. Dec. 19, 2018) (citing *Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir. 1992) (evidence adduced to show necessity of appointment of counsel in civil matter must include "efforts made to secure counsel").

Accordingly, PennyMac respectfully requests that the Motion be denied. *See e.g., Maxwell v. Hininger,* No. 5:10CV00130-DCB-JMR, 2012 WL 3115833, at *1 (S.D. Miss. July 24, 2012), report and recommendation adopted, No. 5:10CV130-KS-MTP, 2013 WL 357791 (S.D. Miss. Jan. 29, 2013) (denying motion to appoint counsel where pro se party "provided no evidence that he was unable to obtain private counsel or pro bono counsel, or demonstrated how appointed counsel would benefit him, the defendants, or the court"); *see also Hudson v. Univ. of Tex. Med. Branch,* 441 F. App'x 291, 293 (5th Cir. 2011) (affirming denial of appointment of counsel where examination of "pleadings and the appellate record shows that

Hudson is capable of understanding the relevant evidence and presenting his own arguments").

## IV. CONCLUSION

For the foregoing reasons, the Motion should be denied in its entirety.[3]

Dated:      April 5, 2021

                                     Respectfully submitted,

                                     /s/ Nicole Bartz Metral
                                     Cheryl S. Chang (admitted *pro hac vice*)
                                     chang@blankrome.com
                                     Nicole Bartz Metral (admitted *pro hac vice*)
                                     nbmetral@blankrome.com
                                     Jessica A. McElroy (admitted *pro hac vice*)
                                     jmcelroy@blankrome.com

                                     BLANK ROME LLP
                                     2029 Century Park East, 6th Floor
                                     Los Angeles, California 90067-2907
                                     Telephone: 424.239.3400
                                     Facsimile:  424.239.3434

                                     Harris F. Powers III
                                     hpowers@upshawwilliams.com
                                     Steven C. Cookston
                                     scookston@upshawwilliams.com

                                     Upshaw, Williams, Biggers & Beckham, LLP
                                     309 Fulton Street
                                     Post Office Drawer 8230
                                     Greenwood, MS 38935-8230

---

[3] Gibbs provides no authority for his request, in the alternative, that the Court "request representation for me from any counsel willing to provide it." (Motion p. 3.) And, Gibbs does not explain what, if any, efforts he has undertaken to obtain pro bono counsel for himself.

           Telephone: 662.455.1613
           Facsimile: 662.453.9245

          *Counsel for Plaintiff*

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is **BLANK ROME LLP**, 2029 Century Park East, 6th Floor, Los Angeles, California 90067.

On **April 5, 2021**, I served the foregoing document(s):

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF PENNYMAC LOAN SERVICES, LLC'S RESPONSE IN OPPOSITION TO KIRK GIBBS' MOTION TO APPOINT COUNSEL (DOCKET 189)**

on the interested parties in this action addressed and sent as follows:

**SEE ATTACHED SERVICE LIST**

- ☒ **BY ENVELOPE:** by placing ☐ the original ☒ a true copy thereof enclosed in sealed envelope(s) addressed as indicated and delivering such envelope(s):

- ☒ **BY CERTIFIED MAIL:** I caused such envelope(s) to be deposited in the mail at Los Angeles, California with postage thereon fully prepaid to the office or home of the addressee(s) as indicated. I am "readily familiar" with this firm's practice of collection and processing documents for mailing. It is deposited with the U.S. Postal Service on that same day, with postage fully prepaid, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

- ☒ **BY FEDEX:** I caused such envelope(s) to be deposited in a box or other facility regularly maintained by FedEx, an express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents in an envelope designated by the said express service carrier, addressed as indicated, with delivery fees paid or provided for, to be transmitted by FedEx.

- ☒ **FEDERAL:** I declare that I am employed in the office of a member of the bar of this court at whose direction service was made.

Executed on **April 5, 2021**, at Los Angeles, California.

_Charman S. Bee_
Charman Bee

136044.01923/125544109v.5

## SERVICE LIST

*Pennymac Loan Services, LLC v. Sitcomm Arbitration Association, et al.*;
Case No. 2:19-cv-00193-KS-MTP

**BY CERTIFIED MAIL:**

| | |
|---|---|
| Ronnie Kahapea<br>P.O. Box 875<br>Volcano, HI 96785 | Defendant |

**BY FEDEX:**

| | |
|---|---|
| Mark Johnson<br>451 May Lane<br>Louisa, VA 23093 | Defendant |
| Kirk Gibbs<br>4115 Lawrenceville Rd.<br>PMB 8119<br>Lilburn, GA 30047 | Defendant |
| Sandra Goulette<br>3007 Crescent Hill Drive<br>Laurel, MS 39440 | Defendant |
| Mark Moffett<br>345 Coon Jeffcoat Road<br>Soso, MS 39480 | Defendant |
| Rance Magee<br>11294 Rose Road<br>Emmett, MI 48022 | Defendant |
| Innovated Holdings, Inc. dba<br>Sitcomm Arbitration Association<br>C/O Registered Agents, Inc.<br>30 N. Gould Street, Suite R<br>Sheridan, WY 82801 | Defendant |
| Brett "Eeon" Jones<br>304 South Jones Boulevard<br>Unit Eeon-1967<br>Las Vegas, NV 89107 | Defendant |