# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

| | | |
|---|---|---|
| **PENNYMAC LOAN SERVICES, LLC** § § § | | **PLAINTIFF** |
| **v.** § § § | **Civil No. 2:19cv193-HSO-MTP** | |
| **INNOVATED HOLDINGS, INC.,** *doing business as* **Sitcomm Arbitration Association, et al.** § § § § | | **DEFENDANTS** |

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION [108] TO DISMISS CERTAIN FILINGS; GRANTING PLAINTIFF'S MOTION [185] FOR ORDER REGARDING FILINGS OF DEFENDANT BRETT "EEON" JONES; STRIKING MOTIONS [98], [103], [165], [193]; AND DENYING WITHOUT PREJUDICE MOTION [191] TO SET ASIDE DEFAULT AND TO CORRECT THE RECORD**

BEFORE THE COURT are a Motion [108] to Dismiss and a Motion [185] for Order Regarding Filings of Defendant Brett "Eeon" Jones filed by Plaintiff PennyMac Loan Services, LLC, and a Motion [98] to Challenge Court's Jurisdiction, a Motion [103] for Declaratory Judgment, a Motion [165] to Dismiss, a Motion [191] to Set Aside Default and to Correct the Record, and a Motion [193] to Correct the Record Respecting Discovery filed by Defendant Brett "Eeon" Jones ("Jones").

After due consideration of the Motions, the record, and relevant legal authority, the Court finds that Plaintiff's Motions [108], [185] should be granted, that Jones's Motions [98], [103], [165], [193] and his "Untimely Filing" [106] should be stricken from the record, and that Jones's Motion [191] to Set Aside Default and to Correct the Record should be denied without prejudice to his right to reassert.

I.  BACKGROUND

On December 11, 2019, Plaintiff PennyMac Loan Services, LLC ("Plaintiff" or "PennyMac") filed a Complaint [1] in this Court, followed by an Amended Complaint [83] on August 10, 2020.  The Amended Complaint [83] names as Defendants Innovated Holdings, Inc. dba Sitcomm Arbitration Association ("Sitcomm"); Mark Moffett ("Moffett"); Sandra Goulette ("Goulette"); Ronnie Kahapea ("Kahapea"); Mark Johnson ("Johnson"); Kirk Gibbs ("Gibbs"); Jones; and Rance Magee ("Magee").  *See* Am. Compl. [83] at 1, 4-7.

Plaintiff is a mortgage lender and servicer, and alleges in its Amended Complaint that Sitcomm "is an illegitimate arbitration company that markets itself as an arbitration association for the 'economically challenged,'" but that Sitcomm is in fact a "sham arbitration organization that uses the guise of legitimacy to market itself as an authorized and legitimate arbitration company to attract paying customers and collect fees."  *Id.* at 2.  Sitcomm allegedly

> issues fake exorbitant final arbitration awards against various entities, despite no arbitration hearing having ever been held, no arbitration provision existing that permits the parties to arbitrate their claims, and without proper notice or an opportunity for any party to be heard.

*Id.* at 2-3.  After its final arbitration awards are issued, Sitcomm purportedly instructs its customers to attempt to enforce the awards by filing petitions to confirm them in various federal district courts, even where the parties lack a nexus to the selected venue.  *See id.* at 3.

According to the Amended Complaint [83], Jones is believed to have promulgated the scheme.  *See id.* at 3-4.  Plaintiff charges that "Sitcomm's

2

arbitrations are a sham that are actually part of a scheme designed to obtain compensation from borrowers and solicit payments from Plaintiff and other entities under the false promise of an enforceable 'final arbitration award.'" *Id.* at 8-9.  In this particular case, the Amended Complaint refers to what Plaintiff claims were illegitimate arbitration proceedings instituted by Defendants Kahapea and Johnson, two individuals whose loans Plaintiff serviced, which both resulted in large arbitration awards.  *See id.* at 12-20 (referring to the "Kahapea Arbitration Award" and the "Johnson Arbitration Award").  Both Kahapea and Johnson initiated actions in federal court in an effort to confirm their respective arbitration awards.  *See id.* at 16-17, 20.

The Amended Complaint advances a claim for declaratory judgment against all Defendants pursuant to 28 U.S.C. § 2201, and asks the Court to enter

> an order declaring that no valid and enforceable contract or consent to arbitrate exists between the parties to this action and that the Kahapea Arbitration Award and the Johnson Arbitration Award were issued without authority, consent, or jurisdiction, and are therefore void and unenforceable as a matter of law and that the same be vacated and set aside.

*Id.* at 20-21.  Plaintiff also seeks preliminary and permanent injunctions enjoining Defendants from attempting to confirm or enforce the Kahapea Arbitration Award and the Johnson Arbitration Award.  *See id.* at 21-22.  Plaintiff advances claims against Defendants Sitcomm, Moffett, Goulette, Gibbs, Jones, and Magee for libel/defamation, tortious interference with prospective economic advantage, civil conspiracy, and for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), specifically a violation of 18 U.S.C. § 1962(c) and

3

conspiracy to violate RICO under § 1962(d).  *See id.* at 23-31.  Alternatively, Plaintiff asks the Court to vacate the Kahapea and the Johnson Arbitration Awards under 9 U.S.C. § 10.  *See id.* at 31-32.

On October 9, 2020, the Clerk of Court entered default pursuant to Federal Rule of Civil Procedure 55(a) as to Sitcomm, Jones, and Magee for their failure to plead or otherwise defend against the Amended Complaint [83].  *See* Entry [92] at 1.  Since the entry of default, however, Jones has filed a variety of pro se pleadings, including a Motion [98] to Challenge Court's Jurisdiction, a Motion [103] for Declaratory Judgment, an "Untimely Filing" [106],[1] a Motion [165] to Dismiss, a Motion [191] to Set Aside Default and to Correct the Record, and a Motion [193] to Correct the Record.  Plaintiff has responded with a Motion [108] to Dismiss certain documents [98], [103], [106][2] and a Motion [185] for Order regarding Jones's filings.  Plaintiff asks the Court to order that it need not respond to any further filings by Jones on grounds that he is in default, and to sua sponte strike any further filings by Jones until he obtains proper relief from his default.  *See* Mot. [185] at 1-2.

## II.  DISCUSSION

A.   Subject-matter jurisdiction

At least one of Jones's filings appears to question whether the Court possesses jurisdiction in this case.  *See* Mot. [191] at 1.  While the Court ultimately finds that Jones's filings should be either stricken or denied without prejudice, the

---

[1] Jones entitled his filing an "Untimely Filing, Default Having Been Requested, Failure of Due Process."  Filing [106] at 1.
[2] Although Plaintiff titles the Motion [108] as one to "dismiss," it actually seeks to strike certain filings, not to dismiss any claims.

4

Court has an independent obligation to ensure that it possesses subject-matter jurisdiction over a dispute. *See, e.g., The Lamar Co., L.L.C. v. Mississippi Transportation Comm'n*, 976 F.3d 524, 528 (5th Cir. 2020), *as revised* (Sept. 24, 2020) ("Every federal court should, on its own, ensure that subject-matter jurisdiction is present."). A previously assigned judge has already concluded that the Court possesses subject-matter jurisdiction over this civil action, *see* Order [30] at 2 & n.2, and based upon the undersigned's review of the record, every indication is that this finding was correct. The Court has jurisdiction.

B.  Jones's Motion [191] to Set Aside Default and to Correct the Record

Despite the fact that he is in default, *see* Entry [92] at 1, Jones continues to file various Motions, including a Motion [191] to Set Aside Default and to Correct the Record. Because a defendant who is in default cannot file any document other than a motion to set aside the entry of default, *see New York Life Ins. Co. v. Brown*, 84 F.3d 137, 143 (5th Cir. 1996), the Court first considers Jones's pro se Motion [191] to set aside the default.

Although the Clerk docketed the Motion [191] as one filed by Jones alone, it contains the typewritten or "s/" signatures of Defendants Sitcomm, Moffett, Magee, Goulette, Kahapea, Johnson, and Jones. *See* Mot. [191] at 3. No signatures of any party appear on the document, and these Defendants have either not appeared or are proceeding pro se. The envelope in which the Motion [191] was mailed appears to have been sent by Jones, which is likely why it was docketed by the Clerk as filed

5

by him. In docketing the Motion, the Clerk's office brought to all parties' attention that it was "unsigned." *See* Docket Text.

A pro se individual generally cannot use a typewritten or "s/" signature when filing a written motion. *See* Fed. R. Civ. P. 11(a). According to Rule 11(a),

> [e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name--or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number. Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit. *The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.*

*Id.* (emphasis added). With respect to electronic filing, Rule 5(d)(3) provides that "[a] filing made through a person's electronic-filing account and authorized by that person, together with that person's name on a signature block, constitutes the person's signature." Fed. R. Civ. P. 5(d)(3); *see also* Administrative Procedures for Electronic Case Filings §§ 2(C) & 3(D).

In this case, there is no record of Jones having an electronic-filing account, and he is not represented by counsel. Therefore, he must personally sign every pleading, written motion, or other paper filed in this Court. *See* Fed. R. Civ. P. 11(a). The fact that the Motion [191] was not signed was brought to Jones's attention by way of the Clerk's docket entry, and to date, Jones has done nothing to promptly correct this deficiency. *See id.* Nor does this document contain the other information required by the Court's Local Rules. *See* L.U. Civ. R. 11 ("All documents filed and signed by a party not represented by an attorney must contain

6

the party's name, address, telephone number, fax number, and e-mail address.").
For these reasons, this Motion [191] should be denied without prejudice.

Jones is also cautioned that he cannot file pleadings on behalf of other parties. There is no evidence that Jones is an attorney licensed to practice in the State of Mississippi, and it is "unlawful for any person to engage in the practice of law in this state who has not been licensed according to law." Miss. Code. Ann. § 73-3-55. Jones cannot sign pleadings on behalf of others.

Even if Jones's Motion [191] to Set Aside Default and to Correct the Record were properly signed under Rule 11(a), it nevertheless should be denied. Under Rule 55(c), "[t]he court may set aside an entry of default for good cause . . . ." Fed. R. Civ. P. 55(c). To determine whether good cause exists, courts consider three non-exclusive factors: "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000) (quotation omitted). "Other factors may also be considered, including whether the defendant acted expeditiously to correct the default." *Id.* (quotation omitted).

Jones's Motion [191] is difficult to understand, and he seems to refer to himself as the "Counter-Plaintiff." *See* Mot. [191] at 2. Even construing the filing in Jones's favor, he has not shown good cause to set aside the entry of default at this time. Jones's request to set aside the entry of default should be denied.

7

C.  <u>Plaintiff's Motion [108] to Dismiss Jones's filings and Motion [185] for Order regarding Jones's filings</u>

Plaintiff contends that because Jones is in default he is not permitted to submit any filings in this case, unless and until the entry of default is set aside. *See* Mot. [108] at 1-3; Mot. [185] at 1-2. As such, Plaintiff asks the Court to dismiss or strike certain documents Jones has filed, including documents [98], [103], and [106]. *See* Mot. [108] at 1-3; Mot. [185] at 1-2.

Jones is in default and cannot file any pleadings unless and until a motion to set aside the entry of default is granted. *See, e.g., New York Life Ins. Co.*, 84 F.3d at 143. For this reason, Plaintiff's Motions [108], [185] regarding Jones's filings should be granted, and the Court will strike Jones's filings made while he was in default, including documents [98], [103], [106], and [165].

It is also noteworthy that the Magistrate Judge has previously cautioned Jones that he is not permitted to file any pleadings without leave of Court or until the entry of default is set aside. *See* Order [172] at 2 ("After default was entered by the Clerk, Defendant Jones was not entitled to file any pleadings without leave of court or until the Court granted him relief from the Clerk's entry of default."). In direct disregard of the Magistrate Judge's instructions, Jones continues to file documents, many of which are simply incomprehensible. Because Jones's unauthorized filings are littering the record, the Court will also direct the Clerk of Court not to accept any further filings from Jones, unless the filing (1) is a notice of change of address; (2) could be construed as a proper motion to set aside the default;

8

or (3) is a notice of appeal to the United States Court of Appeals for the Fifth Circuit.[3]

### III. CONCLUSION

To the extent the Court has not addressed any of the parties' arguments, it has considered them and determined that they would not alter the result.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Brett "Eeon" Jones's Motion [191] to Set Aside Default and to Correct the Record is **DENIED WITHOUT PREJUDICE**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Motion [108] to Dismiss and the Motion [185] for Order Regarding Filings of Defendant Brett "Eeon" Jones filed by Plaintiff PennyMac Loan Services, LLC, are **GRANTED**, and Defendant Brett "Eeon" Jones's filings, specifically his Motion [98] to Challenge Court's Jurisdiction, Motion [103] for Declaratory Judgment, "Untimely Filing" [106], Motion [165] to Dismiss, and Motion [193] to Correct the Record Respecting Discovery, are **STRICKEN** from the record.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Clerk of Court shall not accept any filings from Defendant Brett "Eeon" Jones unless the filing (1) is a notice of change of address; (2) could be construed as a proper motion to set aside the default; or (3) is a notice of appeal to the United States Court of Appeals for the Fifth Circuit. If Jones forwards any other correspondence or filings for

---

[3] The Court makes no comment on the appealability of any ruling or of the Clerk's entry of default. *But see, e.g.,* 10 Moore's Federal Practice - Civil § 55.13 (2021) ("The entry of default is an interlocutory action; it is not itself a judgment nor an appealable order.").

docketing in this civil number, the Clerk of Court shall return them to Jones unfiled along with a copy of this Order.

**SO ORDERED AND ADJUDGED**, this the 6th day of April, 2021.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE