# EXHIBIT 27

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RONNIE LOUIS MARVEL KAHAPEA,

      Applicant,

v.                                                                         No. 1:19-mc-00028-MV

PENNYMAC LOAN SERVICES, LLC, and
PLAZA HOME MORTGAGE, INC.,

      Respondents.

## MEMORANDUM OPINION AND ORDER
## AWARDING ATTORNEYS' FEES AND COSTS

**THIS MATTER** comes before the Court on Respondent PennyMac Loan Services, LLC's ("PennyMac") Application for an award of Attorneys' Fees and Costs Pursuant to the Court's March 30, 2020 Order Granting Respondent's Motion for Rule 11 Sanctions, Doc. 37, filed April 14, 2020.

### Procedural Background

Applicant, proceeding *pro se*, initiated this case by filing an application asking the Court to confirm an arbitration award pursuant to the Federal Arbitration Act. *See* Doc. 1, filed November 18, 2019. The Court explained to Applicant that it was dismissing the case for lack of jurisdiction because Applicant did not file a copy of the arbitration agreement showing that the Parties have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, as required by the Federal Arbitration Act. *See* Doc. 21, filed January 10, 2020.

Despite the Court notifying Applicant that he needed to file a copy of the arbitration agreement for the Court to have jurisdiction, Applicant then filed two "affidavits" requesting summary judgment in favor of Applicant. *See* Doc. 22, filed January 21, 2020; Doc. 23, filed January 27, 2020. The Court denied Applicant's requests for summary judgment and reminded

Applicant that filing any additional requests without first establishing jurisdiction would be futile and would cause the Court to needlessly expend valuable resources. *See* Doc. 24, filed January 29, 2020.

Applicant then filed yet another "affidavit" "demand[ing]" the Court to "order the Respondents [to] fulfil their financial burdens," but without producing an arbitration agreement as necessary to give the Court jurisdiction over this matter. *See* Doc. 29, filed February 18, 2020.

The Court granted Respondent PennyMac's motion for sanctions because Applicant has disregarded the Court's instruction that Applicant first must establish jurisdiction before the Court can confirm an arbitration award, stating: "By continuing to request that the Court confirm the award without first establishing jurisdiction, Applicant has caused the Court and Respondents to needlessly expend resources addressing those requests." Doc. 36, filed March 30, 2020. The Court also imposed filing restrictions on Applicant so that the Court does not expend valuable resources addressing future abusive filings by Applicant. *See* Doc. 38, filed April 23, 2020.

PennyMac then filed its Application for an award of attorneys' fees, which is now before the Court. PennyMac set forth in its Application the factors courts consider in determining an attorney fee award: (1) reasonableness of billing rate and hours expended; (2) minimum amount required to deter undesirable behavior; (3) ability to pay; and (4) other factors.

The Court extended the April 28, 2020, deadline for filing a response to PennyMac's Application to May 7, 2020. Applicant did not file a response. Instead, Applicant submitted a "Motion to Show Cause to Confirm Arbitration Award" without establishing the Court's jurisdiction. The Clerk of Court returned the Motion to Show Cause to Confirm Arbitration Award to Applicant without filing it as required by the Court's Order Imposing Filing Restrictions.

2

**Sanctions**

When it sanctions a party for abuse of process by an award of fees and costs, the Court is governed by the following standard:

> First, the amount of fees and costs awarded must be reasonable. Second, the award must be the minimum amount reasonably necessary to deter the undesirable behavior. And third, because the principal purpose of punitive sanctions is deterrence, the offender's ability to pay must be considered. Depending on the circumstances, the court may consider other factors as well, including the extent to which bad faith, if any, contributed to the abusive conduct.

*Farmer v. Banco Popular of N. Am.*, 791 F.3d 1246, 1259 (10th Cir. 2015). The lodestar method to determine the reasonableness of fee requests described in *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1988), is an acceptable approach under such circumstances. *Farmer*, 791 F.3d at 1259. "The lodestar calculation is the product of the number of attorney hours 'reasonably expended' and a 'reasonable hourly rate.'" *Robinson*, 160 F.3d at 1281 ("a claimant is entitled to the presumption that this lodestar amount reflects a 'reasonable' fee").

**Reasonable Fees and Costs**

The Court has reviewed the claimed attorneys' fees, the hours expended, and the hourly rates charged. PennyMac was represented by its "longtime" counsel Blank Rome LLP ("Blank Rome") and local counsel Rose L. Brand & Associates, P.C. ("Brand").

PennyMac incurred at least $48,055.08[1] in attorneys' fees and costs for work performed by Blank Rome in connection with this case. Blank Rome's billing rates are: (i) $530 per hour for

---

[1] The Court calculated $48,055.08 based on the Blank Rome invoices and other information submitted by PennyMac. PennyMac asserts that it incurred at least $48,108.08 in attorneys' fees and costs for Blank Rome's work in connection with this case. The difference between the Court's calculation and PennyMac's assertion is $53.00, which is the equivalent of 0.1 hour at Blank Rome's lead partner's billing rate.

the lead partner of record who billed 24.7 hours on this case; (ii) $390 for the attorney who billed 84.3 hours on this case; and (iii) $200 per hour for the paralegal who billed 11.1 hours on this case.

PennyMac incurred at least $2,578.75 in attorney fees and costs for work performed by Brand in connection with this case. Brand's billing rates are: (i) $275 per hour for the lead attorney who billed 5.2 hours on this case; and (ii) $85 for the paralegal who billed 11.3 hours on this case.

PennyMac filed the declarations of the lead attorneys of both Blank Rome and Brand, which describe their education and experience and state that their billing rates are at or below market for their relevant level of experience for this type of case. PennyMac also filed copies of the invoices that they received from Blank Rome and Brand, which describe the firms' work on this case.

Applicant does not dispute the billing rates or hours expended by PennyMac's counsel. The Court has reviewed the descriptions of the work that PennyMac's counsel performed and finds that the number of attorney hours were reasonably expended. The Court also finds that the billing rates are reasonable.

### Minimum Amount Reasonably Necessary to Deter Undesirable Behavior

The Court finds that a sanction in the form of an award of attorneys' fees is necessary to deter Applicant's abusive filing behavior. Plaintiff ignored the Court's repeated direction that he first must establish jurisdiction before the Court can act on his motion to confirm an arbitration award. Further, instead of filing a response opposing PennyMac's Application for an award of attorneys' fees, Applicant submitted a "Motion to Show Cause to Confirm Arbitration Award" without establishing the Court's jurisdiction.

**Ability to Pay**

The Court cannot find that Plaintiff is unable to pay the reasonable attorneys' fees and costs claimed by PennyMac because Applicant, who was notified by PennyMac's Application that ability to pay is one of the factors that the Court considers, did not file a response to PennyMac's Application.

**Conclusion**

For the foregoing reasons, the Court finds that PennyMac should be awarded the reasonable fees and costs that it has incurred in defending against this action.

**IT IS ORDERED** that Respondent PennyMac Loan Services, LLC's ("PennyMac") Application for an award of Attorneys' Fees and Costs Pursuant to the Court's March 30, 2020 Order Granting Respondent's Motion for Rule 11 Sanctions, Doc. 37, filed April 14, 2020, is **GRANTED,** as follows: the Court **AWARDS** PennyMac Loan Services, LLC, attorneys' fees and costs in the amount of $50,633.83.

_____<br>
**MARTHA VÁZQUEZ**<br>
**UNITED STATES DISTRICT JUDGE**