IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**PENNYMAC LOAN SERVICES, LLC**  **PLAINTIFF**

v. CIVIL ACTION NO. 2:19-cv-193-HSO-MTP

**SITCOMM ARBITRATION ASSOCIATION, ET AL.**  **DEFENDANTS**

## ORDER

THIS MATTER is before the Court on Defendant Kirk Gibbs's Motion to Appoint Counsel [189]. Having considered the record and the applicable law, the Court finds that the Motion [189] should be DENIED.

### BACKGROUND

*This Civil Action*

On December 11, 2019, Plaintiff PennyMac Loan Services, LLC ("PennyMac") filed this action, alleging that Defendant Sitcomm Arbitration Association ("Sitcomm") is an illegitimate arbitration company.[1] Plaintiff specifically alleges that:

> Sitcomm is a sham arbitration organization that uses the guise of legitimacy to market itself as an authorized and legitimate arbitration company to attract paying customers and collect fees. After Sitcomm extracts an arbitration 'fee' from these customers, Sitcomm then issues fake exorbitant final arbitration awards against various entities, despite no arbitration hearing having ever been held, no arbitration provision existing that permits the parties to arbitrate their claims, and without proper notice or an opportunity for any party to be heard.

*See* Amended Complaint [83] at 2-3.

Plaintiff names Sitcomm, Mark Moffett, Sandra Goulette, Ronnie Kahapea, Mark Johnson, Kirk Gibbs, and Brett Jones as Defendants. Plaintiff alleges that Sandra Goulette is a

---

[1] Plaintiff asserts that Sitcomm is a trade name registered to Innovated Holdings, Inc.

1

director of Sitcomm, Mark Moffett and Kirk Gibbs are arbitrators with Sitcomm, and Brett Jones promulgated the Sitcomm scheme.  Plaintiff also alleges that Ronnie Kahapea and Mark Johnson paid Sitcomm to conduct arbitrations and issue multimillion-dollar arbitration awards against Plaintiff and that these individuals sought to affirm these awards in court.

### *The Criminal Matter Pending in Virginia*

On November 12, 2019, in the United States District Court for the Eastern Division of Virginia, Mark Johnson filed a petition seeking to confirm an arbitration award against PennyMac.  Kirk Gibbs, as an arbitrator for Sitcomm, issued the arbitration award.  The district court scheduled an evidentiary hearing in the case and ordered Gibbs to appear in person at the hearing and produce certain documents.  Gibbs failed to appear or produce any documents.  The court then ordered Gibbs to appear and "show cause as to whether his failure to comply with the Court's Order constitutes criminal contempt in violation of 18 U.S.C. § 401." *See* Virginia Federal Court Order [189-1].  According to Gibbs, his criminal contempt matter remains pending.

### ANALYSIS

On February 3, 2020, Defendant Gibbs, proceeding *pro se*, filed an Answer [24] in this action.  Since then, Gibbs has proceeded *pro se*, but on March 22, 2021, Gibbs filed the instant Motion [189], requesting that the Court appoint him counsel in this action pursuant to either the Criminal Justice Act ("CJA") or 28 U.S.C. § 1915(e)(1).  Gibbs argues that he needs counsel to protect his Fifth Amendment right against self-incrimination.

According to Gibbs, the CJA allows for the appointment of counsel for individuals charged with a crime and also "allows for representation outside the originating case."  The CJA provides authority for courts to appoint counsel to financially eligible criminal defendants.  The

CJA states, in relevant part: any "person for whom counsel is appointed shall be represented at every stage of the proceeding . . . including ancillary matters appropriate to the proceedings." 18 U.S.C. § 3006(A)(c).

Gibbs argues that this action is ancillary to his pending criminal matter. The CJA does not define "ancillary matters," but "legislative history from the CJA's passage 'suggests that ancillary matters are limited to proceedings comprehended within the action for which the appointment was made' . . . such as mental competency hearings, or efforts to secure the presence of witnesses." *United States v. Garcia*, 689 F.3d 362, 364 (5th Cir. 2012) (quoting *In re Lindsey*, 875 F.2d 1502, 1508 (11th Cir. 1989)). Ancillary is defined as "'subordinate, subsidiary.'" *Id.* (quoting *Websters Third New International Dictionary* 80 (1993)). The Guide to Judiciary Policy provides: "In determining whether a matter is ancillary to the proceedings, the court should consider whether the matter, or the issues of law or fact in the matter, arose from, or are the same as or closely related to, the facts and circumstances surrounding the principal criminal charge." Vol. 7, Ch.2. § 210.20.30.

Gibbs notes that in his criminal matter he is accused of failing to obey a court order entered in a Virginia federal court case involving PennyMac and Mark Johnson, who are also parties in the case *sub judice*. Plaintiff, in its Response [197] opposing Gibbs's Motion [189], argues that the criminal matter centers around Gibbs's failure to appear in court and does not pertain to the arbitration award at issue in the civil action. The Court agrees.

Gibbs essentially asks this Court to consider any litigation about the alleged arbitration scheme as an ancillary matter under the CJA. The Court declines to do so. Gibbs's criminal contempt matter does not arise from, nor is it closely related to, this matter. Gibbs has failed to

demonstrate that this action will have any impact on the criminal matter. Thus, the Court will deny Gibbs's request for appointed counsel pursuant to the CJA.[2]

Gibbs also requests that the Court appoint him counsel pursuant to 28 U.S.C. § 1915(e)(1). Under § 1915(e)(1), the Court may request an attorney to represent any person who is unable to afford counsel. In civil cases, however, there is no automatic right to counsel. *Baranowski v. Hart,* 486 F.3d 112, 126 (5th Cir. 2007). The Court is only required to appoint counsel in civil cases involving exceptional circumstances. *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982); *Santana v. Chandler*, 961 F.2d 514, 515 (5th Cir. 1992).

Although no comprehensive definition of "exceptional circumstances" is practical, the existence of such circumstances will necessarily turn on two basic considerations: (1) the type and complexity of the case and (2) the abilities of the individual bringing it. *See Freeze v. Griffith*, 849 F.2d 172,175 (5th Cir. 1988); *Good v. Allain*, 823 F.2d 64, 66 (5th Cir. 1987); *Feist v. Jefferson County Comm'rs Court*, 778 F.2d 250, 253 (5th Cir. 1985); *see also Ulmer*, 691 F.2d at 212. The United States Court of Appeals for the Fifth Circuit has directed trial courts to consider whether the appointment of counsel would be of service not only to the plaintiff, but also possibly to the court and the defendant, through sharpening of issues, the shaping of the examination and cross-examination of witnesses, and, thus the shortening of trial and assisting in a just determination. *See Cooper v. Sheriff, Lubbock County, Texas*, 929 F.2d 1078, 1084 (5th Cir. 1991); *Jackson v. Dallas Police Dep't*, 811 F.2d 260, 262 (5th Cir. 1986); *Feist,* 778 F.2d at 253; *see also Ulmer*, 691 F.2d at 213.

---

[2] Gibbs also notes that the district court in Virginia referred the matter before it to the United States Attorney for review of possible violations of mail fraud, wire fraud, and racketeering. Gibbs, however, does not claim that there are pending criminal charges other than contempt of court, that he is the target of a grand jury investigation, or that he has been appointed counsel for any charges other than contempt of court.

The Court finds that this case contains no novel points of law or any exceptional circumstances. Gibbs has demonstrated his ability to present his defenses and communicate with the Court. He filed an Answer [24] and multiple motions, *e.g.* [26] [32] [62] [108], and participated in the case management conference. Accordingly, appointed counsel is not warranted.

As a final matter, the Court notes that Gibbs states that he was "told" that the Court could "put this civil action on hold" until his criminal matter is concluded.[3] To the extent Gibbs is requesting a stay of this case, the Court finds that the request should be denied. In a civil case, there is a strong presumption in favor of discovery, and the party seeking a stay must overcome that presumption. *See United States v. Gieger Transfer Service, Inc.*, 174 F.R.D. 382, 385 (S.D. Miss. 1997). A district court should stay the civil case only upon a showing of "special circumstances," so as to prevent the defendant from suffering substantial and irreparable prejudice. *S.E.C. v. First Financial Grp. of Texas, Inc.*, 659 F.2d 660, 668 (5th Cir. 1981).[4] Gibbs has not met his burden of showing that special circumstances warrant a stay of this case.

IT IS, THEREFORE, ORDERED that Defendant Kirk Gibbs's Motion to Appoint Counsel [189] is DENIED.

---

[3] Gibbs cites *Wehling v. Columbia Broadcasting System*, 608 F.2d 1084 (5th Cir. 1979). In *Wehling*, the Fifth Circuit held that it was error for the district court to dismiss a suit as a sanction for the plaintiff invoking his Fifth Amendment privilege against self-incrimination. The Fifth Circuit reversed and remanded with instructions for the district court to stay the case.

[4] "When determining whether to stay a civil case because of a parallel criminal case, courts in the Fifth Circuit consider six factors: (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendant has been indicted; (3) the private interest of the plaintiff in proceeding expeditiously, weighed against the prejudice to the plaintiff caused by a delay; (4) the private interests of and burden on the defendant; (5) the interests of the courts; and (6) the public interest." *Wilemon Foundation, Inc. v. Wilemon*, 2020 WL 6220808, at *2 (N.D. Miss. Oct. 22, 2020). Plaintiff has not shown that any of these interests weigh in favor of a stay.

SO ORDERED this the 21st day of April, 2021.

                                          s/Michael T. Parker
                                          UNITED STATES MAGISTRATE JUDGE