# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

## Eastern Division

| | |
|---|---|
| PENNYMAC LOAN SERVICES, LLC, | CIVIL ACTION<br>Case No: 2:19-cv-00193- HSO-MTP |
| Plaintiff, | |
| -vs- | **PLAINTIFF PENNYMAC LOAN SERVICES, LLC'S REPLY IN FURTHER SUPPORT OF ITS MOTIONS FOR DEFAULT JUDGMENT AND SUMMARY JUDGMENT** |
| INNOVATED HOLDINGS, INC. dba SITCOMM ARBITRATION ASSOCIATION; MARK MOFFETT; SANDRA GOULETTE; RONNIE KAHAPEA; MARK JOHNSON, KIRK GIBBS; BRETT "EEON" JONES aka EEON aka BRETT JONES aka BRETT TORIANO JONESTHEOPHILIOUS aka BRETT RANDOFF TORIANO KEEFFE HENRY KANA-SHAPHEL HITHRAPPES JONES-THEOPHILUS fka KEEFE BRANCH; and RANCE MAGEE, | |
| Defendants. | |

**PLAINTIFF PENNYMAC LOAN SERVICES, LLC'S REPLY IN FURTHER SUPPORT OF ITS MOTIONS FOR DEFAULT JUDGMENT AND SUMMARY JUDGMENT**

136044.01923/125832745v.4

**I.   INTRODUCTION**

Plaintiff PennyMac Loan Services, LLC ("PennyMac") submits this reply memorandum of law in further support of its Motion for Partial Summary Judgment against defendants Ronnie Kahapea and Mark Johnson (the "Kahapea/Johnson Motion"), Dkt Nos. 157-158, 161-162, and in further support of its Motion for default judgment and, in the alternative, summary judgment (the "Sitcomm Motion"), Dkt Nos. 203-206, against defendants Innovated Holdings, Inc. dba Sitcomm Arbitration Association ("Sitcomm"), Mark Moffett ("Moffett"), Sandra Goulette ("Goulette"), Kirk Gibbs ("Gibbs"), Bret "Eeon" Jones aka EEON aka Brett Jones aka Brett Toriano Jonestheophilious aka Brett Randoff Toriano Keeffe Henry Kana-Shaphel Hithrappes Jones-Theophilus fka Keefe Branch ("EeoN"), and Rance Magee ("Magee") (collectively, the "Sitcomm Defendants" and with Kahapea and Johnson, "Defendants") and in response to Defendants' oppositions filed on May 4, 2021 (the "Oppositions"), Dkt Nos. 209-215.[1]

The Oppositions are untimely and do not submit any admissible evidence let alone raise an issue of material fact sufficient to defeat PennyMac's motions.  Furthermore, as discussed below, to the extent that the Oppositions can be understood at all, the arguments contained therein are meritless.  Accordingly, the Court should grant PennyMac's motions in their entirety.

**II.   ARGUMENT**

   **A. THE COURT SHOULD NOT CONSIDER DEFENDANTS' UNTIMELY OPPOSITIONS**

Sitcomm has not opposed the Sitcomm Motion and the Oppositions filed by the other defendants were untimely.  Thus, as discussed below, the Court should grant the Kahapea/Johnson Motion and Sitcomm Motion (collective, the "Motions") as unopposed.

---

[1]   The Oppositions are identical except for the purported signatures on their respective last pages.  (Dkt Nos. 209-215.)

PennyMac filed the Kahapea/Johnson Motion on January 25, 2021. (Dkt Nos. 157-158, 161-162.) Per Local Rule 7(b)(4), Kahapea's and Johnson's deadline to file their oppositions to the Kahapea/Johnson Motion was fourteen days after January 25, 2021. Even adding three additional days because PennyMac served the Kahapea/Johnson Motion by mail, Kahapea's and Johnson's deadline to file their oppositions was February 11, 2021. Local Rule 7(b)(4) (respondent "must, within fourteen days after service of movant's motion and memorandum brief, file a response and memorandum brief in support of the response"); Fed. R. Civ. P. 6(d). Their Oppositions, however, were not filed with the Court until May 4, 2021. (Dkt Nos. 210, 214.) Further, Kahapea and Johnson do not provide any excuse, let alone a basis to find excusable neglect, as to why they did not timely file their oppositions. (*Id.*) Because Kahapea and Johnson filed their oppositions nearly two months after the deadline and they did not provide any justification to excuse the lateness, the Court should not consider their oppositions and grant this motion as unopposed. *See Adams v. Travelers Indem. Co. of Conn.,* 465 F.3d 156, 161 (5th Cir. 2006) (no abuse of discretion where the district court refused to consider an untimely response to summary judgment); *Vasudevan v. Administrators of Tulane Educ. Fund*, 706 F. App'x 147, 151 (5th Cir. 2017) (motion to strike late opposition to summary judgment motion properly granted where movant did not demonstrate any excusable neglect for late filing).

Similarly, PennyMac filed the Sitcomm Motion on January 25, 2021. (Dkt Nos. 159-160, 161-162.) Although the Sitcomm Defendants' deadline to respond to the Sitcomm Motion was February 11, 2021, they did not oppose. Local Rule 7(b)(4); Fed. R. Civ. P. 6(d). On March 5, 2021, PennyMac moved to correct its previously filed memorandum of law (Dkt No. 160) with

updated citations to the certified[2] deposition transcript of defendant Sandra Goulette and the excerpts of Ms. Goulette's deposition transcript (Dkt No. 159-19). (Dkt No. 186.)  On April 6, 2021, the Court granted PennyMac leave to re-file this Motion. (Dkt No. 202.)  On April 7, 2021, PennyMac filed the corrected Sitcomm Motion.  (Dkt Nos. 203-206.)  Accordingly, the deadline for the Sitcomm Defendants to file their oppositions to the Sitcomm Motion, including the three additional days because the Sitcomm motion was served by mail, was April 26, 2021.  Local Rule 7(b)(4); Fed. R. Civ. P. 6(d).  The Sitcomm Defendants, however, did not file their oppositions until May 4, 2021 and did not provide any excuse as to why their oppositions were late.[3]  (Dkt Nos. 209, 211-213, 215.)  Accordingly, the Sitcomm Defendants' oppositions are untimely and this Court should decline to consider them in deciding the Sitcomm Motion.  *See Adams,* 465 F.3d at 161; *Vasudevan,* 706 F. App'x at 151 (5th Cir. 2017).

**B. DEFENDANTS DO NOT ADDRESS ANY OF THE ARGUMENTS IN THE KAHAPEA/JOHNSON MOTION OR SITCOMM MOTION AND IN ANY EVENT DO NOT SUBMIT ANY ADMISSIBLE EVIDENCE TO OPPOSE THE MOTIONS**

Even if the Court considered the Oppositions, the Oppositions do not address, let alone contest, any of the arguments raised in PennyMac's moving papers.  (Dkt Nos. 209-215.)  Rather, as discussed below in Section II.C, the arguments contained in the Oppositions, to the extent that they can be understood, are meritless.

---

[2]  The originally filed Sitcomm motion cited to the rough deposition transcript pages to Ms. Goulette's deposition.

[3]  In the time that they had to respond to the Sitcomm Motion, the Sitcomm Defendants made numerous filings signed by EeoN, which PennyMac had to respond to until the Court directed the Clerk to stop accepting EeoN's filings, with the exception of a motion to vacate his default and notice of appeal.  (Dkt No. 202.)

Specifically, as to the Kahapea/Johnson Motion, the Oppositions do not discuss or otherwise address PennyMac's evidentiary showing that it should be granted judgment on its First Cause of Action seeking an order vacating the Kahapea Arbitration Award and the Johnson Arbitration Award and on its Second Cause of Action seeking a permanent injunction against Kahapea and Johnson from enforcing the Kahapea Arbitration Award and Johnson Arbitration Award. (Dkt Nos. 210, 214.)  Specifically, Kahapea and Johnson do not contest that they did not answer the FAC and did not respond to PennyMac's Requests for Admissions. (*Id*.)  They also do not contest any of the undisputed facts that underpin PennyMac's motion. (*Id*.)

Similarly, for the Sitcomm Motion, EeoN, Moffett, and Magee do not address PennyMac's arguments that the motion, which seeks default judgment against them, should be granted because the Clerk has entered defaults against them that have not been vacated. (*Id*.)  They and Goulette also do not address that that they did not respond to PennyMac's Requests for Admissions and that, as a result, have admitted facts relating to their liability. (*Id*.)  And, the Sitcomm Defendants do not contest any of the material facts. (*Id*.)

By failing to address PennyMac's claims, Defendants have conceded them and, thus, the Court may grant the Motions on this basis. *See James v. Fiesta Food Mart, Inc.,* 393 F. App'x 220, 224 (5th Cir. 2010) (motion for summary judgment properly granted where movant's evidence went unrebutted); *see also Dean v. One Life Am., Inc.,* No. 4:11-CV-203-CWR-LRA, 2013 WL 870352, at *2 (S.D. Miss. Mar. 7, 2013) (party "implicitly conceded … [and] abandoned … claim by failing to address it in her response to this motion"); *Sanders v. Sailormen, Inc.*, No. 3:10-CV-00606-CWR, 2012 WL 663021, at *3 (S.D. Miss. Feb. 28, 2012) (failure to address claim in opposition to summary judgment motion results in abandonment) (collecting cases).

5

Further, the Oppositions do not include evidence in admissible form that could raise a triable issue of fact sufficient to defeat the Motions. Each of the Oppositions is identical except for the purported signatures beside each of the Defendants names.[4] (Dkt Nos. 209-215.) They do not contain averments of personal knowledge, any exhibits, or any statement of evidentiary value. Thus, the Court should grant the Motions. *See Sullivan v. Worley Catastrophe Servs., L.L.C.,* 591 F. App'x 243, 245 (5th Cir. 2014) (summary judgment properly granted as "[o]nly admissible evidence can be used in opposition to a motion for summary judgment"); *Bias v. Standard Guar. Ins. Co.*, 385 F. App'x 398, 400 (5th Cir. 2010) (district court properly struck affidavit "ruling that it rested heavily on hearsay and lacked the necessary technical expertise. A party seeking to oppose summary judgment 'must adduce admissible evidence which creates a fact issue concerning the existence of every essential component of that party's case. Unsubstantiated assertions of an actual dispute will not suffice.'") (citing *Thomas v. Price*, 975 F.2d 231, 235 (5th Cir.1992)).

### C. TO THE EXTENT THAT DEFENDANTS' OPPOSITIONS CAN BE UNDERSTOOD, THE OPPOSITIONS ARE MERITLESS

The Oppositions are largely incoherent. To the extent that PennyMac can understand the Oppositions, Defendants appear to argue that an evidentiary hearing should be ordered: (1) because this Court is biased and a party to Defendants' counterclaim, Opp. at 3-4; (2) because of Mr. Gibbs's criminal proceeding, *id.* at 4-5; (3) to protect their Constitutional rights, Opp. at 5-6; and (4) because the Court violated the "mailbox" rule, Opp. at 7-8.

First, as to the Court's purported bias, to the extent that this argument seeks the affirmative relief of recusal, it is inappropriate to raise in opposition to the Motions. Local Rule 7(b)(3)(C)

---

[4] Although each Defendant purportedly signed his or her own name on the Oppositions, each copy of the Opposition was sent from Las Vegas, the city where EeoN resides. (Dkt Nos. 209-215.) EeoN, however, has been cautioned by this Court that he cannot sign pleadings on behalf of others. (Dkt No. 201 at p. 7.)

6

("A response to a motion may not include a counter-motion in the same document. Any motion must be an item docketed separately from a response"). Further, Defendants do not offer any competent evidence that this Court is biased and, "[a]dverse rulings, without more, are not sufficient to support a recusal motion." *Richardson v. Scholz*, 194 F.3d 1309 (5th Cir. 1999); *see also Manley v. Invesco*, 555 F. App'x 344, 349 (5th Cir. 2014) (motion to recuse properly denied where movant "failed to present any evidence that the district court held any personal bias against him. Instead, [movant's] assertion that the district court should have recused himself is based solely on judicial rulings in the case"). In addition, to the extent that Defendants are arguing that they have asserted counterclaims that make the Court a party to this action, they never made such claims, Dkt Nos. 10, 11, 75, 98, and, in any event, those counterclaims have previously been stricken or denied by the Court, Dkt Nos. 15, 93, 202.

Second, as to the effect of the pending criminal action against Mr. Gibbs, this Court has already denied Gibbs's motion to appoint counsel. (Dkt No. 208.) And, in denying Gibb's motion, this Court declined to stay this matter pending the disposition of the criminal matter because "In a civil case, there is a strong presumption in favor of discovery, and the party seeking a stay must overcome that presumption … Gibbs has not met his burden of showing that special circumstances warrant a stay of this case ." (*Id.*) Thus, Defendants' arguments that Gibbs's criminal proceedings somehow impact this matter have already been raised by and rejected by the Court.

Third, Defendants argue vaguely that an evidentiary hearing is necessary to protect their Constitutional rights. (Opp. at 6-7.) Defendants, however, do not explain exactly what Constitutional rights have been violated by PennyMac or the Court or how the violation of those rights impacts their failure to timely respond to the Motions. Accordingly, these arguments should be disregarded as they do not raise an issue of material fact sufficient to defeat the Motions. *See*

7

*e.g., Salsgiver v. Kingdom Guard, LLC,* No. 2:18-CV-324, 2018 WL 6804601, at *1 (S.D. Tex. Dec. 27, 2018) (disregarding opposition that merely "complain[s] that Plaintiffs are seeking to deny Defendants due process and, as a consequence, the entire case should be dismissed").

Fourth, Defendants' arguments regarding the "mailbox" rule are nonsensical. Defendants argue that the Court needs to provide proof that the "mailbox" rule does not apply. (Opp. at 7.) The "mailbox" rule, however, "provides that the proper and timely mailing of a document raises a rebuttable presumption that the document has been received by the addressee in the usual time." *Custer v. Murphy Oil USA, Inc*., 503 F.3d 415, 419 (5th Cir. 2007). Therefore, the "mailbox" rule supports that the Court's mailing of orders to Defendants' addresses of record creates a presumption that the documents were received by Defendants. *Id.* Moreover, to the extent that orders or documents were corrected and mailed to Defendants again, Defendants do not explain how these actions would require that the Court grant an evidentiary hearing.

Accordingly, the Oppositions, to the extent that they can be understood, do not raise any triable issue of fact sufficient to defeat the Motions.

### III. CONCLUSION

For these reasons and those set forth in PennyMac's opening papers, the Sitcomm Motion and Kahapea/Johnson Motion should be granted in their entirety. PennyMac also respectfully requests that the Court set a schedule for PennyMac to submit updated evidence regarding the amounts owed on the Kahapea and Johnson Loans and to submit a fee application to recover the attorneys' fees and costs expended in this action.

Dated: May 11, 2021

        Respectfully submitted,

        /s/ Nicole Bartz Metral
        Cheryl S. Chang (admitted *pro hac vice*)
        chang@blankrome.com
        Nicole Bartz Metral (admitted *pro hac vice*)
        nbmetral@blankrome.com
        Jessica A. McElroy (admitted *pro hac vice*)
        jmcelroy@blankrome.com

        BLANK ROME LLP
        2029 Century Park East, 6th Floor
        Los Angeles, California 90067-2907
        Telephone: 424.239.3400
        Facsimile: 424.239.3434

        Harris F. Powers III
        hpowers@upshawwilliams.com
        Steven C. Cookston
        scookston@upshawwilliams.com

        Upshaw, Williams, Biggers & Beckham, LLP
        309 Fulton Street
        Post Office Drawer 8230
        Greenwood, MS 38935-8230
        Telephone: 662.455.1613
        Facsimile: 662.453.9245

        *Counsel for Plaintiff*

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

  I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is **BLANK ROME LLP**, 2029 Century Park East, 6th Floor, Los Angeles, California 90067.

  On **May 11, 2021**, I served the foregoing document(s):

**PLAINTIFF PENNYMAC LOAN SERVICES, LLC'S REPLY IN FURTHER SUPPORT OF ITS MOTIONS FOR DEFAULT JUDGMENT AND SUMMARY JUDGMENT**

  on the interested parties in this action addressed and sent as follows:

### SEE ATTACHED SERVICE LIST

☒ **BY ENVELOPE:** by placing ☐ the original ☒ a true copy thereof enclosed in sealed envelope(s) addressed as indicated and delivering such envelope(s):

☒ **BY CERTIFIED MAIL:** I caused such envelope(s) to be deposited in the mail at Los Angeles, California with postage thereon fully prepaid to the office or home of the addressee(s) as indicated. I am "readily familiar" with this firm's practice of collection and processing documents for mailing. It is deposited with the U.S. Postal Service on that same day, with postage fully prepaid, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

☒ **BY FEDEX:** I caused such envelope(s) to be deposited in a box or other facility regularly maintained by FedEx, an express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents in an envelope designated by the said express service carrier, addressed as indicated, with delivery fees paid or provided for, to be transmitted by FedEx.

☒ **FEDERAL:** I declare that I am employed in the office of a member of the bar of this court at whose direction service was made.

  Executed on **May 11, 2021**, at Los Angeles, California.

_____<br>
Charman S. Bee

136044.01923/125832745v.4

**SERVICE LIST**

*Pennymac Loan Services, LLC v. Sitcomm Arbitration Association, et al.*;
Case No. 2:19-cv-00193- HSO-MTP

**BY CERTIFIED MAIL:**

| | |
|---|---|
| Ronnie Kahapea<br>P.O. Box 875<br>Volcano, HI 96785 | Defendant |

**BY FEDEX:**

| | |
|---|---|
| Mark Johnson<br>451 May Lane<br>Louisa, VA 23093 | Defendant |
| Kirk Gibbs<br>4155 Lawrenceville Rd.<br>PMB 8119<br>Lilburn, GA 30047 | Defendant |
| Sandra Goulette<br>3007 Crescent Hill Drive<br>Laurel, MS 39440 | Defendant |
| Mark Moffett<br>345 Coon Jeffcoat Road<br>Soso, MS 39480 | Defendant |
| Rance Magee<br>11294 Rose Road<br>Emmett, MI 48022 | Defendant |
| Innovated Holdings, Inc. dba<br>Sitcomm Arbitration Association<br>C/O Registered Agents, Inc.<br>30 N. Gould Street, Suite R<br>Sheridan, WY 82801 | Defendant |
| Brett "Eeon" Jones<br>304 South Jones Boulevard<br>Ste. Eeon 1967<br>Las Vegas, NV 89107 | Defendant |