IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

| | | |
|---|---|---|
| **PENNYMAC LOAN SERVICES, LLC** § § § | | **PLAINTIFF** |
| v. § § § | | **Civil No. 2:19cv193-HSO-MTP** |
| **INNOVATED HOLDINGS, INC.,** § *doing business as* Sitcomm § Arbitration Association, et al. § | | **DEFENDANTS** |

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S
MOTION [157] FOR PARTIAL SUMMARY JUDGMENT**

BEFORE THE COURT is a Motion [157] for Partial Summary Judgment filed by Plaintiff PennyMac Loan Services, LLC, seeking summary judgment on its first and second causes of action against Defendants Ronnie Kahapea and Mark Johnson.  No response to the Motion [157] has been filed, and the time for filing any response has passed.  After due consideration of the Motion, the record, and relevant legal authority, the Court finds that Plaintiff's [157] for Partial Summary Judgment should be denied.

I. BACKGROUND

On December 11, 2019, Plaintiff PennyMac Loan Services, LLC ("Plaintiff" or "PennyMac") filed a Complaint [1] in this Court, followed by an Amended Complaint [83] on August 10, 2020.  The Amended Complaint [83] names as Defendants Innovated Holdings, Inc. doing business as Sitcomm Arbitration Association ("Sitcomm"); Mark Moffett ("Moffett"); Sandra Goulette ("Goulette"); Ronnie

Kahapea ("Kahapea"); Mark Johnson ("Johnson"); Kirk Gibbs ("Gibbs"); Brett "Eeon" Jones aka Eeon aka Brett Jones aka Brett Toriano Jonestheophilious aka Brett Randoff Toriano Keeffe Henry Kana-Shaphel Hithrappes Jones-Theophilus fka Keefe Branch ("Jones"); and Rance Magee ("Magee").  *See* Am. Compl. [83] at 1, 4-7.

Plaintiff is a mortgage lender and servicer, and alleges in its Amended Complaint that Sitcomm "is an illegitimate arbitration company that markets itself as an arbitration association for the 'economically challenged,'" but that Sitcomm is in fact a "sham arbitration organization that uses the guise of legitimacy to market itself as an authorized and legitimate arbitration company to attract paying customers and collect fees." *Id.* at 2.  Sitcomm allegedly

> issues fake exorbitant final arbitration awards against various entities, despite no arbitration hearing having ever been held, no arbitration provision existing that permits the parties to arbitrate their claims, and without proper notice or an opportunity for any party to be heard.

*Id.* at 2-3.  After its final arbitration awards are issued, Sitcomm purportedly instructs its customers to attempt to enforce the awards by filing petitions to confirm them in various federal district courts, even where the parties lack a nexus to the selected venue.  *See id.* at 3.

The Amended Complaint refers to what Plaintiff claims were illegitimate arbitration proceedings instituted by Defendants Kahapea and Johnson, two individuals whose loans Plaintiff serviced, which both resulted in large arbitration awards.  *See id.* at 12-20 (referring to the "Kahapea Arbitration Award" and the "Johnson Arbitration Award").  Both Kahapea and Johnson initiated actions in

federal court in an effort to confirm their respective arbitration awards. *See id.* at 16-17, 20.

The first cause of action, which the Amended Complaint refers to as the "First Claim," advances a claim for declaratory relief against all Defendants pursuant to 28 U.S.C. § 2201. *Id.* at 20-21. In the second cause of action, or "Second Claim," Plaintiff seeks preliminary and permanent injunctions enjoining Defendants from attempting to confirm or enforce the Kahapea and Johnson Arbitration Awards and further enjoining Defendants from conducting any future arbitration proceeding against Plaintiff. *See id.* at 21-22. The Amended Complaint also advances claims against Defendants Sitcomm, Moffett, Goulette, Gibbs, Jones, and Magee for libel/defamation, tortious interference with prospective economic advantage, civil conspiracy, and for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), specifically a violation of 18 U.S.C. § 1962(c), and conspiracy to violate RICO under § 1962(d). *See id.* at 23-31. Alternatively, Plaintiff asks the Court to vacate the Kahapea and Johnson Arbitration Awards under 9 U.S.C. § 10. *See id.* at 31-32.

On January 25, 2021, Plaintiff filed the present Motion [157] for Partial Summary Judgment, asking the Court to enter judgment against Kahapea and Johnson on its First and Second Claims. *See* Mot. [157] at 4. Neither Kahapea nor Johnson has responded to the Motion [157], and the time for doing so has passed. *See* L.U. Civ. R. 7(b)(4). The Court will proceed to consider the Motion [157] on its merits, without the benefit of a response.

II.  DISCUSSION

A.   Relevant legal standard

Under Federal Rule of Civil Procedure 56(a), a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A fact is "material" if it is one that might affect the outcome of the suit under governing law, and a dispute is "genuine" if a jury could return a verdict for the non-movant based upon the evidence in the record.  *Renwick v. PNK Lake Charles, L.L.C.*, 901 F.3d 605, 611 (5th Cir. 2018).

In this case, Plaintiff has filed an "offensive" summary judgment motion, seeking judgment on its own claims.  Plaintiff therefore "must establish beyond peradventure *all* of the essential elements of the claim . . . to warrant judgment in [its] favor."  *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).

B.   Plaintiff's claims on which it seeks summary judgment

1.   First Claim

The First Claim asks the Court to enter against all Defendants

> an order declaring that no valid and enforceable contract or consent to arbitrate exists between the parties to this action and that the Kahapea Arbitration Award and the Johnson Arbitration Award were issued without authority, consent, or jurisdiction, and are therefore void and unenforceable as a matter of law and that the same be vacated and set aside.

Am. Compl. [83] at 20-21.

In this case, the Notices of Arbitration Hearing state that the Kahapea arbitration was purportedly held on June 10, 2019, Ex. [157-5] at 1, and that the

4

Johnson arbitration was conducted on October 21, 2019, Ex. [157-11] at 1.  The Kahapea and Johnson Arbitration Awards were allegedly entered on those same dates in Laurel, Mississippi, and Lilburn, Georgia, respectively.  *See* Ex. [157-6] at 23; Ex. [157-12] at 8.  According to Plaintiff, courts in Mississippi and New Mexico have refused to enforce the Kahapea Arbitration Award, while a Virginia court has refused to confirm the Johnson Arbitration Award.  *See* Mem. [158] at 17-18.  Plaintiff states that "those courts considered the very same facts as this action and conclusively established that the Kahapea Arbitration Award and Johnson Arbitration Award should be declared void and unenforceable as a matter of law and vacated and set aside."  *Id.* at 18.[1]

If, as Plaintiff represents, other courts have already determined that there was no valid and enforceable contract or consent to arbitrate between the parties in this case and that the Kahapea and Johnson Arbitration Awards were issued without authority, consent, or jurisdiction, and if those courts have already vacated and set aside those awards, this Court questions whether Plaintiff has Article III standing to pursue the First Claim for declaratory judgment in this case.  *See* Am.

---

[1] *See also* Ex. [157-16] (this Court's Order finding no arbitration agreement between Kahapea and Plaintiff); Ex. [157-17] (order from the United States District Court for the District of New Mexico granting Plaintiff's motion for sanctions against Kahapea because he "has disregarded the Court's instruction that [he] must first establish jurisdiction before the Court can confirm an arbitration award"); Ex. [157-18] (order from the District of New Mexico granting Rule 11 sanctions against Kahapea after he ignored the court's statements that he needed to file a copy of the arbitration agreement for the court to have jurisdiction and proceeded to file three separate "affidavits" demanding judgment without producing the arbitration agreement); Ex. [157-19] (order from the United States District Court for the Eastern District of Virginia denying Johnson's motion to confirm arbitration award and granting PennyMac's motion to vacate and for sanctions).

Compl. [83] at 20-21. Article III limits the exercise of the judicial power to "Cases" and "Controversies." *Town of Chester, N.Y. v. Laroe Ests., Inc.*, 137 S. Ct. 1645, 1650 (2017) (quoting Art. III, § 2, cl. 1). "'Cases' and 'Controversies' that are of the justiciable sort referred to in Article III—serving to identify those disputes which are appropriately resolved through the judicial process—is the doctrine of standing." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (quotation omitted).

The doctrine of standing requires that a plaintiff show that it (1) suffered an injury in fact, meaning an invasion of a legally protected interest that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) that is fairly traceable to the challenged conduct of the defendant; and (3) that is likely, not merely speculative, that the injury will be redressed by a favorable judicial decision. *Id.* at 560-61; *see also Town of Chester, N.Y.*, 137 S. Ct. at 1650. "[S]tanding is not dispensed in gross," such that "a plaintiff must demonstrate standing for each claim he seeks to press and for each form of relief that is sought." *Town of Chester, N.Y.*, 137 S. Ct. at 1650 (quotations omitted).

The Declaratory Judgment Act creates a remedy for "a case of actual controversy." 28 U.S.C. § 2201(a). A controversy "must be one that is appropriate for judicial determination" and is distinguished "from one that is academic or moot." *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 240 (1937). A plaintiff can satisfy the standing requirements when suit is brought under the Declaratory Judgment Act "by establishing actual present harm or a significant possibility of future harm." *City of Austin v. Paxton*, 943 F.3d 993, 1002 (5th Cir.

6

2019), *cert. denied*, 141 S. Ct. 1047 (2021) (emphasis removed). "It is not enough that there may have been a controversy when the action was commenced if subsequent events have put an end to the controversy . . . ." 10B Fed. Prac. & Proc. Civ. § 2757 (4th ed.).

In this case, if other courts have already resolved the question of the voidness and unenforceability of the Kahapea and Johnson Arbitration Awards in Plaintiff's favor, as it states in its Memorandum, *see* Mem. [158] at 18, then it would appear that the controversy alleged in the First Claim may well be moot, *see, e.g., Johnson v. PennyMac Loan Servs., LLC*, No. 3:19CV837 (DJN), 2020 WL 5371347, at *3, *7 (E.D. Va. Sept. 8, 2020) (finding no valid agreement to arbitrate and granting PennyMac's motion to vacate arbitration award). If courts have already determined that the Kahapea and Johnson Arbitration Awards are void and unenforceable, and should be vacated and set aside, *see* Mem. [158] at 18, what is left for this Court to declare or to vacate?

The Court questions how the declaratory judgment sought in the First Claim could redress Plaintiff's alleged injury if it has already received the relief it is requesting in another federal district court. *See generally Lujan*, 504 U.S. at 560. The burden of demonstrating Article III standing rests with Plaintiff, but it has not adequately addressed this threshold issue. *See id.* Because Plaintiff has not yet demonstrated the existence of Article III standing with respect to the relief sought in the First Claim, its Motion for Partial Summary Judgment as to that claim should be denied without prejudice.

7

In asserting that a justiciable controversy exists, Plaintiff does focus upon the threat of future litigation by Johnson and Kahapea seeking to enforce their arbitration awards. *See* Mem. [158] at 15. However, Plaintiff does not seek a declaration in the First Claim regarding future attempts to enforce the awards. *See* Am. Compl. [83] at 20-21. Instead, the relief sought poses the questions whether there is a valid and enforceable contract to arbitrate and whether the awards should be set aside. *See id.* Plaintiff's Memorandum [158] acknowledges that other courts have already answered the questions on which it seeks a declaration in its First Claim. *See* Mem. [158] at 17-18. Plaintiff has not shown how it has Article III standing to seek this same relief yet again in this Court, and its request for summary judgment as to the First Claim should be denied without prejudice.

2.   <u>Second Claim</u>

The Second Claim seeks preliminary and permanent injunctive relief barring Defendants from attempting to confirm or enforce the Kahapea and Johnson Arbitration Awards. *See* Am. Compl. [83] at 21-22. Plaintiff further requests that the Court "enter a permanent injunction against Defendants forever enjoining them from conducting any purported arbitration proceeding against Plaintiff." *Id.* at 22.

According to the United States Supreme Court, "[t]he standard for a preliminary injunction is essentially the same as for a permanent injunction with the exception that the plaintiff must show a likelihood of success on the merits rather than actual success." *Amoco Prod. Co. v. Vill. of Gambell, AK*, 480 U.S. 531, 546 n.12 (1987). A plaintiff seeking a permanent injunction must show: "(1) that it

has succeeded on the merits; (2) that a failure to grant the injunction will result in irreparable injury; (3) that said injury outweighs any damage that the injunction will cause the opposing party; and (4) that the injunction will not disserve the public interest." *Valentine v. Collier*, 993 F.3d 270, 280 (5th Cir. 2021). In addition, the Fifth Circuit has instructed that "a permanent injunction is appropriate only if a defendant's past conduct gives rise to an inference that, in light of present circumstances, there is a reasonable likelihood of future transgressions." *Id.* (quotation omitted).

To prevail on its Second Claim, Plaintiff relies upon success on its First Claim seeking vacation of the Kahapea and Johnson Arbitration Awards. *See* Mem. [158] at 19. Because the Court has determined that Plaintiff's Motion for Partial Summary Judgment should be denied as to the First Claim, its argument pertaining to actual success on that claim is unavailing.

As for any irreparable injury, Plaintiff relies upon Kahapea's two prior attempts and Johnson's one prior attempt to confirm their arbitration awards and asserts that it has incurred substantial attorneys' fees in defending against this "pattern of behavior." *Id.* at 20. However, the Fifth Circuit has stated that "an injury is irreparable only if it cannot be undone through monetary remedies." *Dennis Melancon, Inc. v. City of New Orleans*, 703 F.3d 262, 279 (5th Cir. 2012) (quotation omitted).

> Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of an injunction, are not enough. The possibility that adequate compensatory or other corrective relief

will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm.

*Id.* (quotation omitted).

Plaintiff's claims of irreparable injury in this case focus upon the attorneys' fees it has incurred and the time it has spent defending the three actions Kahapea and Johnson brought to confirm the two arbitration awards. *See* Mem. [158] at 20. This argument focuses upon money, time, and energy, which the Fifth Circuit has found insufficient to establish irreparable injury. *See Dennis Melancon, Inc.*, 703 F.3d at 279. Nor has Plaintiff shown that its alleged injuries cannot be remedied through monetary damages. *See id.* It is worth noting that Plaintiff has acknowledged that Kahapea and Johnson have already been sanctioned by other courts for their conduct during the course of at least two of their bids to confirm the arbitration awards. *See* Mem. [158] at 20; *see also* Ex. [157-18] (order from District of New Mexico awarding PennyMac attorneys' fees and costs in the amount of $50,633.83 against Kahapea); Ex. [157-19] (order from Eastern District of Virginia requiring Johnson to pay PennyMac $19,000.00 "as part of the fees and expense[s] incurred as a result of [Johnson's] violation of Rule 11"). Plaintiff has not shown at this time the danger of an irreparable injury sufficient to obtain the extraordinary relief of a permanent injunction.

In addition, Plaintiff's request for a permanent injunction is arguably overly broad. An order granting an injunction must:

(A)  state the reasons why it issued;
(B)  state its terms specifically; and

10

> (C) describe in reasonable detail--and not by referring to the complaint or other document--the act or acts restrained or required.

Fed. R. Civ. P. 65(d)(1). According to the Fifth Circuit, a district court "must narrowly tailor an injunction to remedy the specific action which gives rise to the order," and "[t]he scope of injunctive relief is dictated by the extent of the violation established." *John Doe #1 v. Veneman*, 380 F.3d 807, 818 (5th Cir. 2004) (quotation omitted). An injunction fails be narrowly tailored when it is overbroad, meaning it exceeds the extent of the violation established. *See id.* at 818-19.

In this case, Plaintiff does not ask the Court merely to enjoin Kahapea and Johnson from attempting to enforce the two arbitration awards they have previously sought to confirm. Plaintiff instead seeks a permanent injunction against Kahapea and Johnson enjoining them "forever from conducting any purported arbitration proceeding against PennyMac." Mem. [158] at 19; *see also* Am. Compl. [83] at 22. The evidence Plaintiff has presented in support of its Motion, however, centers around Kahapea's and Johnson's three attempts to collect on two invalid or vacated arbitration awards. The matter of any future potential agreement to arbitrate between Plaintiff and Kahapea or Johnson, or any future attempt to enforce a different arbitration award, is not before the Court. Nor has Plaintiff established that either Kahapea or Johnson has attempted to the enforce any arbitration award beyond the two they have previously sought to confirm. *But see Veneman*, 380 F.3d at 818-19. In short, Plaintiff has not yet shown an entitlement to the broad injunctive relief it seeks.

11

### III.  CONCLUSION

To the extent the Court has not addressed any of the parties' remaining arguments, it has considered them and determined that they would not alter the result.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff PennyMac Loan Services, LLC's Motion [157] for Partial Summary Judgment is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 11th day of May, 2021.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE