IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

| | | |
|---|---|---|
| **PENNYMAC LOAN SERVICES, LLC** § | | **PLAINTIFF** |
| § | | |
| § | | |
| v. § | Civil No. 2:19cv193-HSO-MTP | |
| § | | |
| § | | |
| **INNOVATED HOLDINGS, INC.,** § | | |
| *doing business as* Sitcomm § | | |
| **Arbitration Association, et al.** § | | **DEFENDANTS** |

**MEMORANDUM OPINION AND ORDER DENYING WITHOUT
PREJUDICE PLAINTIFF'S MOTION [203] FOR DEFAULT JUDGMENT,
OR IN THE ALTERNATIVE, SUMMARY JUDGMENT ON ITS THIRD,
FOURTH, FIFTH, SIXTH, AND SEVENTH CAUSES OF ACTION**

BEFORE THE COURT is a Motion [203] for Default Judgment, or in the Alternative, Summary Judgment on Its Third, Fourth, Fifth, Sixth, and Seventh Causes of Action filed by Plaintiff PennyMac Loan Services, LLC. After due consideration of the Motion, the record, and relevant legal authority, the Court finds that Plaintiff's Motion [203] should be denied without prejudice.

I. BACKGROUND

On December 11, 2019, Plaintiff PennyMac Loan Services, LLC ("Plaintiff" or "PennyMac") filed a Complaint [1] in this Court against Defendants Sitcomm Arbitration Association; Mark Moffett ("Moffett"); Sandra Goulette ("Goulette"); Ronnie Kahapea ("Kahapea"); Mark Johnson ("Johnson"); Kirk Gibbs ("Gibbs"); and Alaric Scott ("Scott"). *See* Compl. [1] at 1. Plaintiff filed proofs of service indicating

that it had served each Defendant, other than Gibbs and Scott,[1] with a summons and the Complaint in accordance with Federal Rule of Civil Procedure 4. *See* Fed. R. Civ. P. 4; *see also* Proof [18] at 2 (stating Sitcomm Arbitration Association was served through Wyoming Registered Agent); Proof [17] at 2 (indicating Kahapea was personally served); Proof [16] at 2 (representing Johnson was personally served); Proof [14] at 2 (averring Moffett was personally served); Proof [13] at 2 (stating Goulette was personally served).

The Clerk of Court subsequently made an Entry of Default [23] as to Sitcomm Arbitration Association, Moffett, and Goulette for failure to appear pursuant to Federal Rule of Civil Procedure 55(a). *See* Entry [23] at 1. Acting sua sponte, the Court later set aside the Entry of Default as to Goulette and found that her Answer [35], which was filed on February 10, 2020, after the Entry of Default [23], would be deemed her responsive pleading. *See* Order [52] at 7.

Plaintiff then filed an Amended Complaint [83] on August 10, 2020, naming as Defendants Innovated Holdings, Inc. doing business as Sitcomm Arbitration Association ("Sitcomm"); Moffett; Goulette; Kahapea; Johnson; Gibbs; Brett "Eeon" Jones ("Jones"); and Rance Magee ("Magee"). *See* Am. Compl. [83] at 1, 4-7. In what Plaintiff refers to as its First Claim, the Amended Complaint requests a declaratory judgment against all Defendants pursuant to 28 U.S.C. § 2201, and in its Second Claim, Plaintiff seeks preliminary and permanent injunctive relief against all Defendants. *See id.* at 20-22.

---

[1] Gibbs filed an Answer [24] on February 3, 2020, and Scott was dismissed without prejudice upon Plaintiff's voluntary Motion. *See* Order [74] at 1.

Plaintiff also advances specific claims against Defendants Sitcomm, Moffett, Goulette, Gibbs, Jones, and Magee for libel/defamation (Third Claim), tortious interference with prospective economic advantage (Fourth Claim), civil conspiracy (Fifth Claim), and for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), namely a violation of 18 U.S.C. § 1962(c) (Sixth Claim), and conspiracy to violate RICO under § 1962(d) (Seventh Claim). *See id.* at 23-31. In the alternative, Plaintiff asks in its Eighth Claim that the Court vacate the Kahapea and the Johnson Arbitration Awards under 9 U.S.C. § 10. *See id.* at 31-32.

Plaintiff has returned proofs of service indicating that it served summonses and the Amended Complaint upon Defendants Sitcomm, Jones, and Magee under Rule 4. *See* Proof [88] at 3; Proof [87] at 3; Proof [86] at 3. On October 9, 2020, the Clerk of Court entered default against Sitcomm, Jones, and Magee as to the Amended Complaint pursuant to Rule 55(a). *See* Entry [92] at 1. Plaintiff has now filed the present Motion [203] for Default Judgment, or in the Alternative, Summary Judgment against Defendants Sitcomm, Moffett, Goulette, Gibbs, Jones, and Magee. *See* Mot. [203] at 2-4. No counsel has appeared on behalf of any of these Defendants.

## II. DISCUSSION

A.   Plaintiff's request for default judgment

1.   Relevant legal standard

The United States Court of Appeals for the Fifth Circuit has cautioned that a default judgment is a drastic remedy that is disfavored, and that there is a strong

3

policy favoring decisions on the merits. *See Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). "The Fifth Circuit has held that a 'party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default.'" *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996)).

Although Plaintiff seeks default judgments against Defendants Sitcomm, Moffett, Goulette, Gibbs, Jones, and Magee, it has not demonstrated that all of these Defendants are actually in default. While the Clerk of Court has properly entered default as to some of these Defendants, as detailed above, other Defendants against whom the Clerk has not entered a default arguably are not in default. Indeed, Goulette and Gibbs, who are proceeding pro se, responded to the original Complaint, *see* Order [52] at 7; Ans. [35]; Ans. [24], and the Court questions whether Goulette and Gibbs have been properly served with the Amended Complaint.

2.   <u>Whether the Amended Complaint was properly served on Goulette and Gibbs</u>

Plaintiff served the Amended Complaint upon Defendants Sitcomm, Jones, and Magee in accordance with Rule 4, as that was the first pleading in this case in which those parties were named. *See* Proof [88] at 3; Proof [87] at 3; Proof [86] at 3. Arguably, Plaintiff was not required to serve the Amended Complaint upon Moffett because he was already in default at the time the Amended Complaint was filed. *See* Fed. R. Civ. P. 5(a)(2) ("No service is required on a party who is in default for failing to appear. But a pleading that asserts a new claim for relief against such a

party must be served on that party under Rule 4."). As for those Defendants who had been served with the original Complaint and were not in default, here Goulette and Gibbs,[2] Plaintiff was required to serve them under Rule 5(a). *See, e.g., Fluor Engineers & Constructors, Inc. v. S. Pac. Transp. Co.*, 753 F.2d 444, 449 n.7 (5th Cir. 1985) (finding that service under Rule 5(a) is proper after a party has appeared).

A pleading filed after an original complaint, such as the Amended Complaint in this case, must be served on every party in accordance with Rule 5 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 5(a)(1)(B). Rule 5(b)(2) provides that such pleadings may be served by:

> (A) handing it to the person;
> (B) leaving it:
>   (i) at the person's office with a clerk or other person in charge or, if no one is in charge, in a conspicuous place in the office; or
>   (ii) if the person has no office or the office is closed, at the person's dwelling or usual place of abode with someone of suitable age and discretion who resides there;
> (C) mailing it to the person's last known address--in which event service is complete upon mailing;
> (D) leaving it with the court clerk if the person has no known address;
> (E) sending it to a registered user by filing it with the court's electronic-filing system or sending it by other electronic means that the person consented to in writing--in either of which events service is complete upon filing or sending, but is not effective if the filer or sender learns that it did not reach the person to be served; or
> (F) delivering it by any other means that the person consented to in writing--in which event service is complete when the person making service delivers it to the agency designated to make delivery.

---

[2] Kahapea and Johnson also fell within this category, but they are not the subjects of the present Motion [203].

Fed. R. Civ. P. 5(b)(2).

In this case, Plaintiff's counsel avers that the Amended Complaint [83] and the present Motion [203] were each served upon Goulette and Gibbs "by Federal Express," Am. Compl. [83] at 34, and "BY FEDEX," Mot. [203] at 8 (emphasis removed).  However, neither Federal Express nor any other similar private delivery service is listed as one of the acceptable forms of service under Rule 5(b)(2).  *See* Fed. R. Civ. P. 5(b)(2).  Nor is there any indication in the record that either Goulette or Gibbs consented in writing to accept this form of service, *but see* Fed. R. Civ. P. 5(b)(2)(F), and Plaintiff has not shown that either Goulette or Gibbs actually received the Amended Complaint [83].

To the extent Plaintiff argues that utilizing Federal Express to serve Goulette and Gibbs constituted "mailing" under Rule 5(b)(2)(C), some courts have concluded that this method is insufficient.  *See, e.g., Magnuson v. Video Yesteryear*, 85 F.3d 1424, 1431 (9th Cir. 1996) (holding that "Federal Express does not satisfy the requirements of Rule 5(b)"); *United States v. Elisea*, No. 17 CR 730, 2019 WL 6716631, at *3 (N.D. Ill. Dec. 10, 2019) (noting that, under Rule 5(b), "[m]any courts . . . have found that FedEx does not constitute 'mail' when the recipient does not actually receive the package") (collecting cases); *Stepp v. Rexnord Indus., Inc.*, No. 1:13-CV-00683-TWP, 2014 WL 3866135, at *4 (S.D. Ind. Aug. 5, 2014) (holding that the use of Federal Express did not constitute "mailing it to the person's last known address" under Rule 5(b)(2)(C) (quoting Fed. R. Civ. P. 5(b)(2)(C)); *Munoz-Munoz v. Locke*, No. C10-1475-JCC, 2013 WL 12177036, at *1 (W.D. Wash. Mar. 19, 2013)

6

(holding that the defendants' service of a dispositive motion upon the plaintiff by Federal Express was not proper under Rule 5(b)).  In addition, in interpreting Federal Rule of Appellate Procedure 25(a), the Fifth Circuit has observed that the use of Federal Express is not a form of "mail."  *See Prince v. Poulos*, 876 F.2d 30, 32 n.1 (5th Cir. 1989) ("Since Federal Express is not a public authority, they are not a form of 'mail' and need not be utilized under Rule 25(a)."); *see also Transco Leasing Corp. v. United States*, 992 F.2d 552, 554 (5th Cir. 1993) (noting that a Rule 59(e) motion had been served by Federal Express and cautioning that "[t]he bar should be aware of the danger that service by Federal Express may not be service by mail").

The Court finds the foregoing authorities persuasive, and it therefore questions whether Goulette and Gibbs were properly served with the Amended Complaint [83] or the Motion [203].  Plaintiff has not sufficiently addressed this issue in support of its request for default judgment.  In light of this concern and the fact that default judgments are generally disfavored, Plaintiff's request for default judgment as to Goulette and Gibbs is not well taken and should be denied without prejudice.

3.      Plaintiff's request for default judgment as to other Defendants

Turning to some of the other Defendants against whom Plaintiff seeks a default judgment, although they may be in default, a default judgment against them would not be appropriate at this time.  Even if one or more of the other Defendants were properly served with the Amended Complaint [83] and the current Motion [203], Plaintiff has not adequately briefed whether the Court can enter

default judgment on the Third, Fourth, Fifth, Sixth, and Seventh Claims as to only some of the Defendants against whom those claims are asserted. This is because, "[a]s a general rule . . . , when one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against that defendant until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted." 10A Fed. Prac. & Proc. Civ. § 2690 (4th ed. 2016) (citing *Frow v. De La Vega*, 82 U.S. 552 (1872)). Plaintiff has not adequately briefed this issue. Plaintiff's Motion [203] should therefore be denied without prejudice to the extent it seeks default judgment as to any of these Defendants.

B.   <u>Plaintiff's request for summary judgment</u>

In the alternative, Plaintiff seeks summary judgment on its Third through Seventh Claims. *See* Mot. [203] at 2; Mem. [204] at 19-31. In light of the concerns noted by the Court that some Defendants may not have been properly served with the Motion [203] according to Rule 5(b), the Court will also deny Plaintiff's alternative request for summary judgment without prejudice at this time.[3]

### III.  <u>CONCLUSION</u>

To the extent the Court has not addressed any of the parties' remaining arguments, it has considered them and determined that they would not alter the result.

---

[3] The Court could also deny Plaintiff's Motion [203] because it violates the Local Rules. Local Rule 7(b)(2)(B) provides that "[o]ther than discovery motions under Rule 37, a motion may not exceed four pages, excluding exhibits . . . ." L.U. Civ. R. 7(b)(2)(B). Plaintiff's Motion [203], which is eight pages including the two-page certificate of service, exceeds this page limitation. Plaintiff is cautioned to observe this Rule in all future filings.

8

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff PennyMac Loan Services, LLC's Motion [203] for Default Judgment, or in the Alternative, Summary Judgment on Its Third, Fourth, Fifth, Sixth, and Seventh Causes of Action is **DENIED WITHOUT PREJUDICE**.

**SO ORDERED AND ADJUDGED**, this the 11th day of May, 2021.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE