IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

PENNYMAC LOAN SERVICES, LLC                                            PLAINTIFF

v.                                                                     Civil No. 2:19cv193-HSO-MTP

INNOVATED HOLDINGS, INC.,
*doing business as* Sitcomm
Arbitration Association, et al.                                        DEFENDANTS

**ORDER SETTING PRETRIAL CONFERENCE**

The following case in the Eastern Division of this District is set for a **NON-JURY TRIAL** and will be heard during a three week civil calendar **BEGINNING MONDAY, AUGUST 2, 2021 THROUGH FRIDAY, AUGUST 20, 2021,** at the United States Courthouse, Courtroom 806, 2012 15th Street, Gulfport, Mississippi, United States District Judge Halil S. Ozerden, presiding.   THERE WILL BE NO CALL OF THE CALENDAR ON THE FIRST DAY OF TRIAL.

Only those scheduling conflicts listed in the Case Management Order will be honored during this trial calendar.

**A PRETRIAL CONFERENCE** is ordered in this case on **Tuesday, July 20, 2021, at 9:00 a.m.,** before United States District Judge Halil S. Ozerden, Courtroom 806, United States Courthouse, 2012 15th Street, Gulfport, Mississippi.

**All counsel who will participate in the trial and all pro se parties must attend the Pretrial Conference, unless excused by the Court**

I.     PRETRIAL CONFERENCE

If settlement is to be discussed in jury cases, counsel are instructed to confer with their clients in advance of the Pretrial Conference and to have their clients, corporate representatives and/or adjusters present or available by telephone at the appointed time.   In cases where settlement discussions are contemplated, a confidential memorandum (3 page maximum) setting forth a brief explanation of the case and a candid appraisal of the respective positions, including possible settlement figures, should be forwarded to the Court either via e-mail or by mail at 2012 15th Street, Suite 814, Gulfport, MS 39501, to be received no later than three (3) business days prior to the Pretrial Conference.   This document is not to be

exchanged and will be viewed only by the Court. The memorandum will not become a part of the Court file and will be destroyed upon the exhaustion of settlement negotiations.

**Do not submit settlement memoranda in non-jury cases.**

In preparing for the Pretrial Conference, please refer to Local Rule 16(j) governing Pretrial Orders and the official form for all pretrial orders. **EXCEPTIONS** to this rule are (1) the requirement of the Magistrate Judge's signature appearing on the Pretrial Order is waived and (2) **the completed Pretrial Order (original) shall be submitted to Judge Ozerden at the Pretrial Conference.**

## II.     JURY INSTRUCTIONS

Requests for instructions shall be submitted not later than fourteen (14) calendar days prior to the date for which trial is set. Proposed substantive jury instructions are to be submitted to the Court via e-mail (ozerden_chambers@mssd.uscourts.gov) in Word format. **Counsel must confer regarding substantive jury instructions prior to the Pretrial Conference and should submit as many jointly agreed upon proposed substantive instructions as possible.**

## III.    NON-JURY CASES

Proposed Findings of Fact and Conclusions of Law must be submitted to the Court via e-mail at ozerden_chambers@mssd.uscourts.gov in Word format fourteen (14) calendar days prior to the trial and copies exchanged between counsel.

## IV.     DEPOSITIONS

In all cases, depositions to be introduced at trial, other than for rebuttal or impeachment purposes, shall be abridged and submitted to Judge Ozerden at the Pretrial Conference in the Pretrial Order, in accordance with Local Rule 16(j)(5)(A), (B) and (C). In the Pretrial Order, the offering party must designate by line and page the portions of each deposition it plans to offer or indicate that it is offering the entire deposition. The opposing party or parties must designate by line and page in the Pretrial Order any additional portions of the deposition to be offered and must identify distinctly any portions of the deposition previously designated by any other party to which objection is made. Finally, the offering party must thereafter identify distinctly in the Pretrial Order any portions of the deposition previously

designated by any other party to which objection is made.  **Objections not noted in the Pretrial Order are waived.**

The offering party must supply the Court with one color-coded, hard copy of the deposition transcript at least 14 calendar days prior to the date for which trial is set.  The color-coding must clearly indicate each party's designations and objections.  In the event that the deposition will be offered via video, written transcripts of those portions to which there are objections will be considered by the Court.  Video depositions shall be edited prior to trial as stated in Local Rule 16(j)(5)(D).

## V.    IN LIMINE MOTIONS

Please note Local Rule 7(b)(2)(E) stating all *in limine* motions shall be filed <u>fourteen (14) calendar days prior to the Pretrial Conference</u>.  Responses shall be filed <u>seven (7) calendar days prior to the Pretrial Conference</u>. **Absent good cause, untimely motions *in limine* will be summarily denied.**

## VI.   EXHIBITS AND WITNESS LISTS

### A.    WITNESS LISTS

An original of the list of proposed witnesses should be e-mailed to the courtroom deputy clerk at ozerden_chambers@mssd.uscourts.gov no later than two (2) business days before trial, with a copy to opposing counsel.

### B.    EXHIBIT LISTS

**COPIES OF EXHIBIT LISTS** – Provide the courtroom deputy clerk with an e-mailed copy of the exhibit list (Word format) at ozerden_chambers@mssd.uscourts.gov no later than two (2) business days before trial, with a copy to opposing counsel.  The courtroom deputy clerk will use the original of your exhibit list AFTER the trial to make a record of the documents.

**EXHIBITS AND COPIES OF EXHIBITS** – Parties preparing the exhibits for a regular civil trial must make an appointment with the courtroom deputy clerk to meet no later than two (2) business days before trial is scheduled to begin, to jointly go over the exhibits and lists, prior to any copies being made.  If any corrections are necessary, parties will be responsible for making the appropriate corrections before resubmitting exhibits.  When approved, the courtroom deputy clerk will be provided the originals and two copies of the exhibits.

Parties preparing the exhibits for a prisoner complaint trial will bring the exhibit list and the exhibits to the pretrial conference and leave them with the courtroom deputy clerk at that time.

**At the Pretrial Conference, the parties must coordinate with the courtroom deputy clerk to schedule an exhibit conference to review the exhibits prior to trial.   The exhibit conference shall occur no later than two (2) business days before trial.**

<u>FORMAT</u> – Attorneys **must** have the exhibit list in the format of the one attached (Word format).   This is an example of how it should look when e-mailed to the courtroom deputy clerk prior to trial.

<u>MARKING EXHIBITS</u> – Pre-mark the front of the exhibits with a <u>colored</u> exhibit sticker **in the bottom center** of the exhibit.   If doing so would cover important information on the exhibit, place the sticker in another location.   This helps to identify the exhibits quickly during trial.

<u>NUMBERING EXHIBITS</u> – Label stickers P-1, P-2, etc. for plaintiff and D-1, D-2, etc. for defendant, or use additional distinguishing letters if there are multiple plaintiffs or defendants.   For example, in a case of multiple plaintiffs Moran, Watkins, Bates and Baldwin <u>who have separate exhibits</u>, the distinguishing letters would be PM-1 for Moran, PW-1 for Watkins, PBt-1 for Bates and PBl-1 for Baldwin.   If these same people were defendants, their numbers would be DM-1, DW-1, DBt-1, and DBl-1, respectively.   <u>If they do NOT have separate exhibits, simply use P-1 and D-1</u>.

Joint exhibits will be numbered J-1, J-2, etc., and a SEPARATE <u>Joint Exhibit List</u> must be provided to the courtroom deputy clerk, along with the standard copies.

If you have a composite exhibit, for example P-1a through P-1c, <u>list each one on a separate line</u> on your exhibit list, so that the courtroom deputy clerk can mark each as it is admitted as evidence or for identification.   To list only P-1 for a composite (P-1a through P-1c) means that some of the exhibits are being left out.   Remember that during trial, <u>each exhibit must be accounted for</u>.   For the courtroom deputy clerk to have to write in P-1a, P-1b, etc. under your listing of P-1, is wasting valuable court time and risking accuracy.

The Court prefers that copies of exhibits submitted to the Court be placed in a notebook.   If exhibits are not in a notebook, staple or otherwise permanently affix each exhibit which has multiple pages.   Whether in or out of a notebook, <u>number each page in the bottom right corner</u> for ease in referencing the page during trial.

**ACCOUNTING FOR EXHIBITS** – The courtroom deputy clerk must account for all numbers, whether used or not.  If the plaintiff's list shows P-1, P-2, P-3, but the plaintiff decides not to use P-3 after all, the exhibit list must show P-3 as WITHDRAWN or NOT OFFERED.  If, using the same example of numbers, the plaintiff discovers the defendant has the same document as P-1 listed on his exhibit list as D-5, then the courtroom deputy clerk must put one <u>or</u> the other as admitted under the other number.  An example of this is P-1 shows as admitted into evidence, but D-5 (same as P-1) would have the entry ADMITTED AS P-1.  <u>Please do not duplicate exhibits, and it will not be an issue.</u>

**<u>Please read this carefully and comply, so that valuable court time will not be lost.</u>**

<u>If you have any questions, please call the Courtroom Deputy Clerk at (228) 679-1070.</u>

## VII.  <u>CONFLICTS</u>

Again, counsel are reminded that only scheduling conflicts listed in the Case Management Order will be honored during this trial calendar.  Any subsequent conflicts not so listed will be considered when scheduling the exact dates of trial, but not necessarily honored.

Should a party or the attorney for said party fail to appear or to follow the directions set out herein, an *ex parte* hearing may be held and a judgment of dismissal or default or other appropriate judgment entered or sanctions imposed.

## VIII.  <u>ADVISORY FOR LIMITING PERSONAL INFORMATION IN TRANSCRIPTS</u>

The judiciary's privacy policy restricts the publication of certain personal data in documents filed with the court.  The policy requires limiting Social Security and financial account numbers to the last four digits, using only initials for the names of minor children, and limiting dates of birth to the year.  [For criminal cases, also limit home addresses to city and state.]  However, if such information is elicited during testimony or other court proceedings, it will become available to the public when the official transcript is filed at the courthouse unless, and until, it is redacted.  The better practice is for trial lawyers to avoid introducing this information into the record in trial.  Please take this restriction into account when questioning witnesses or making other statements in court.  If a restricted item is mentioned in court, the attorney may ask to have it stricken from the record or

partially redacted to conform to the privacy policy, or the court may elect to do so on its own motion.

**As part of the Fifth Circuit's Implementation of the Electronic Record on appeal, the Court will now scan and docket exhibits admitted into evidence at trial and during other evidentiary hearings in civil and criminal cases in which a notice of appeal has been filed. The said exhibits will be available to the public and it is the responsibility of the parties to redact according to the E-Government Act of 2002 when presenting exhibits.**

**SO ORDERED**, this the 22nd day of June, 2021.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

PLAINTIFF(S)

VERSUS                                                    CIVIL ACTION NO. *

DEFENDANT(S)

PLAINTIFF'S EXHIBIT LIST
(or DEFENDANT'S EXHIBIT LIST)

| Number | Description | Sponsor | Identification | Evidence |
|---|---|---|---|---|
| P-1 or D-1 | Briefly describe each exhibit | Leave Sponsor, Identification and Evidence Columns blank, to be completed by court when exhibits entered | | |
| P-2 or D-2 | | | | |
| | | | | |

THIS INSTRUMENT IS AN EXAMPLE ONLY.
DO NOT USE FOR YOUR EXHIBIT LIST.