# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

| | | |
|---|---|---|
| **PENNYMAC LOAN SERVICES, LLC** § § § | | **PLAINTIFF** |
| **v.** § § § | **Civil No. 2:19cv193-HSO-MTP** | |
| **INNOVATED HOLDINGS, INC.,** *doing business as* **Sitcomm Arbitration Association, et al.** § § § | | **DEFENDANTS** |

## ORDER SUA SPONTE STRIKING DOCUMENTS [228], [229], [235], [236], [237], [238], [239], [240], [241], [242], [243], [244], [245], [246], [247], AND [248]

This matter is before the Court sua sponte on various documents [228], [229], [235], [236], [237], [238], [239], [240], [241], [242], [243], [244], [245], [246], [247], [248], filed by Defendants in this matter, all of whom are currently in default. After due consideration of the record and relevant legal authority, the Court finds that these filings should all be stricken from the record.

On December 11, 2019, Plaintiff PennyMac Loan Services, LLC ("Plaintiff" or "PennyMac") filed a Complaint [1] in this Court, followed by an Amended Complaint [83] on August 10, 2020. The Amended Complaint [83] names as Defendants Innovated Holdings, Inc. dba Sitcomm Arbitration Association ("Sitcomm"); Mark Moffett ("Moffett"); Sandra Goulette ("Goulette"); Ronnie Kahapea ("Kahapea"); Mark Johnson ("Johnson"); Kirk Gibbs ("Gibbs"); Defendant Brett "Eeon" Jones ("Jones"); and Rance Magee ("Magee"). *See* Am. Compl. [83] at 1, 4-7. No counsel

has entered an appearance for any Defendant, and the Clerk of Court has entered defaults as to each Defendant. *See* Entries of Default [23], [92], [227]. Despite the fact that they are in default, Defendants continue to file various nonsensical and irrelevant documents including what have been called Affidavits [228], [229], [235], [236], [237], [238], [239], [240]; Clarifications [241], [242], [243], [244], [245], [246], [247]; and an Objection [248].

As the Court has previously explained, a defendant who is in default may not file any document other than a motion to set aside the entry of default. *See* Order [202] at 5 (citing *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 143 (5th Cir. 1996)). Even under the liberal standard afforded pro se filings, none of these documents could be classified as such a motion.[1] Therefore, Defendants' most recent filings [228], [229], [235], [236], [237], [238], [239], [240], [241], [242], [243], [244], [245], [246], [247], [248], which were made while they were in default, violate the Court's previous Order and should otherwise be stricken.[2]

Moreover, the Court has previously ordered that the Clerk of Court shall not accept any filings from Jones unless the filing (1) is a notice of change of address; (2)

---

[1] Even if any of these documents could be construed as a motion to set aside an entry of default, no Defendant has filed a properly supported motion seeking such relief. Those documents only contain incredible, conclusory statements. Nor has any Defendant shown good cause to set aside an entry of default under Federal Rule of Civil Procedure 55(c), and based upon the current record, any such request would be denied. *See* Fed. R. Civ. P. 55(c); *see also Koerner v. CMR Constr. & Roofing, L.L.C.*, 910 F.3d 221, 225 (5th Cir. 2018) (delineating factors to consider in determining whether good cause exists).

[2] While not an independent basis for striking these documents, the Court also notes that these filings also do not technically comply with Federal Rule of Civil Procedure 11(a) or the Court's Local Uniform Civil Rule 11(a), which require a party filing a paper with the Court to state, among other things, the party's address, e-mail address, and telephone number. Fed. R. Civ. P. 11(a); L.U. Civ. R. 11(a). Defendants' filings do not provide this information.

could be construed as a proper motion to set aside the default; or (3) is a notice of appeal to the United States Court of Appeals for the Fifth Circuit. *See id.* at 9. None of the documents [229], [236], [241] filed by Jones since the entry of that Order [202] fall within any of these categories. *See id.*; *see also* the Order [172] at 2 (warning by the Magistrate Judge that, "[a]fter default was entered by the Clerk, Defendant Jones was not entitled to file any pleadings without leave of court or until the Court granted him relief from the Clerk's entry of default."). In blatant disregard of the Court's instructions, Jones continues to file documents, many of which are simply incomprehensible. As for Sitcomm's filings [228], [238], [248], it is well established that a company can only appear in a court of record through an attorney. *See, e.g., Sw. Exp. Co. v. I.C.C.,* 667 F.2d 456, 457 (5th Cir. 1982). Jones's and Sitcomm's filings should be stricken for these reasons as well.

      The Court further notes that the individual Defendants' filings are virtually identical, other than for their signatures or initials by their typewritten names at the end, and the parties speak in unison in many of the documents as "we." Some of the documents were allegedly signed by individual pro se Defendants located all over the country, but all were mailed in a single envelope by Sitcomm from Jones's address of record. *See* Docs. [241], [242], [243], [244], [245], [246], [247]. The Court has previously cautioned Jones that he cannot file pleadings on behalf of other parties, and the same is true for Sitcomm. If Sitcomm cannot represent itself pro se, it certainly cannot act as legal counsel for others. The Court strongly cautions

all parties that is "unlawful for any person to engage in the practice of law in this state who has not been licensed according to law." Miss. Code. Ann. § 73-3-55.

Defendants' unauthorized filings continue to litter the record. Thus, in addition to striking their most recent filings, the Court will also direct the Clerk of Court not to accept any further filings from any Defendant, unless the filing (1) is a notice of change of address; (2) could be construed as a proper motion to set aside the default; or (3) is a notice of appeal to the United States Court of Appeals for the Fifth Circuit.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, documents [228], [229], [235], [236], [237], [238], [239], [240], [241], [242], [243], [244], [245], [246], [247], [248], are **STRICKEN** from the record.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Clerk of Court shall not accept any filings from any Defendant in this case, unless the filing (1) is a notice of change of address; (2) could be construed as a proper motion to set aside the default; or (3) is a notice of appeal to the United States Court of Appeals for the Fifth Circuit. If any Defendant forwards any other correspondence or filings for docketing in this civil number that do not fall within one of the foregoing categories, the Clerk of Court shall return them to that Defendant unfiled, along with a copy of this Order.

**SO ORDERED AND ADJUDGED**, this the 20th day of July, 2021.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE